## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

FILED CLERK
U.S. DISTRICT COURT

2007 NOV -2  PM 12: 35

TEXAS EASTERN

BY_____

| | | |
|---|---|---|
| Soverain Software LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  6:07cv511 |
| | ) | |
| CDW Corporation, | ) | |
| Newegg Inc., | ) | JURY TRIAL DEMANDED |
| Redcats USA, Inc., | ) | |
| Systemax Inc., and | ) | |
| Zappos.com, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT FOR PATENT INFRINGEMENT

1.      Plaintiff Soverain Software LLC, for its Complaint against Defendants CDW

Corporation, Newegg Inc., Redcats USA, Inc., Systemax Inc., and Zappos.com, Inc. (collectively

"Defendants"), alleges as follows.

### INTRODUCTION

2.      This is an action arising under 35 U.S.C. § 271 for Defendants' infringement of

one or more of Soverain Software LLC's United States Patent Nos. 5,715,314, 5,909,492, and

7,272,639 (collectively, "the Patents-in-Suit").

### THE PARTIES

3.      Plaintiff Soverain Software LLC ("Soverain") is a Delaware limited liability

company with its principal place of business at 233 South Wacker Drive, Suite 3970, Chicago,

IL 60606.

4.     On information and belief, defendant CDW Corporation ("CDW") is an Illinois corporation with its principal place of business at 200 North Milwaukee Ave., Vernon Hills, IL 60061. CDW does business principally through the ecommerce website www.cdw.com. Defendant CDW may be served by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve CDW at its principal place of business at 200 North Milwaukee Ave., Vernon Hills, IL 60061 via Certified Mail–Return Receipt Requested.

5.     On information and belief, defendant Newegg Inc. ("Newegg") is a Delaware corporation with its principal place of business at 16839 East Gale Ave., City of Industry, CA 91745. Newegg does business principally through the ecommerce website www.newegg.com. Defendant Newegg may be served by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Newegg at its principal place of business at 16839 East Gale Ave., City of Industry, CA 91745 via Certified Mail – Return Receipt Requested.

6.     On information and belief, defendant Redcats USA, Inc. ("Redcats") is a Delaware corporation with its principal place of business at 463 7th Avenue, New York, NY 10018. Redcats does business through, among others, ecommerce websites www.lanebryant.com, www.sportsmansguide.com, www.onestopplus.com, www.tgw.com, and www.bargainoutfitters.com. Defendant Redcats may be served by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Redcats at its principal place of business at 463 7th Avenue, New York, NY 10018 via Certified Mail – Return Receipt Requested.

- 2 -

7.      On information and belief, defendant Systemax Inc. ("Systemax") is a Delaware corporation with its principal place of business at 11 Harbor Park Dr., Port Washington, NY 11050.  Systemax does business through, among others, ecommerce websites www.tigerdirect.com and www.systemaxpc.com.  Defendant Systemax may be served by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Systemax at its principal place of business at 11 Harbor Park Dr., Port Washington, NY 11050 via Certified Mail – Return Receipt Requested.

8.      On information and belief, defendant Zappos.com, Inc. ("Zappos") is a Delaware corporation with its principal place of business at 2280 Corporate Circle Dr., Suite 100, Henderson, NV 89074.  Zappos does business principally through the ecommerce website www.zappos.com.  Defendant Zappos may be served by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Zappos at its principal place of business at 2280 Corporate Circle Dr., Suite 100, Henderson, NV 89074 via Certified Mail – Return Receipt Requested.

JURISDICTION AND VENUE

9.      This action arises under the patent laws of the United States, Title 35, United States Code.  The jurisdiction of this Court over the subject matter of this action is proper under 28 U.S.C. § 1338.

10.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

- 3 -

11.     Personal jurisdiction exists over Defendants because they do business in Texas and infringing acts have occurred here.

12.     On information and belief, Defendants are nonresidents of the State of Texas; the Secretary of State of the State of Texas is the agent for service in the State of Texas for Defendants; Defendants engaged and continue to engage in business in the State of Texas; Defendants do not maintain regular places of business in the State of Texas; Defendants do not have designated agents for service of process in the State of Texas; and this action arises out of Defendants' business in the State of Texas.

PATENTS-IN-SUIT

13.     Plaintiff Soverain is the owner of all right, title, and interest in United States Patent No. 5,715,314 entitled "Network Sales System" ("the '314 patent"). The '314 patent was duly and properly issued by the United States Patent and Trademark Office ("PTO") on February 3, 1998. The '314 patent was assigned to Plaintiff Soverain. The United States Patent and Trademark Office has reexamined the '314 patent and has issued Ex Parte Reexamination Certificate No. 5,715,314 C1 on October 9, 2007. A copy of the '314 patent is attached hereto as Exhibit A. A copy of the Ex Parte Reexamination Certificate No. 5,715,314 C1 is attached as Exhibit B.

14.     Plaintiff Soverain is the owner of all right, title, and interest in United States Patent No. 5,909,492 entitled "Network Sales System" ("the '492 patent"). The '492 patent was duly and properly issued by the PTO on June 1, 1999. The '492 patent was assigned to Plaintiff Soverain. The PTO has reexamined the '492 patent and has issued Ex Parte Reexamination Certificate No. 5,909,492 C1 on August 7, 2007. A copy of the '492 patent is attached hereto as

- 4 -

Exhibit C. A copy of the Ex Parte Reexamination Certificate No. 5,909,492 C1 is attached as Exhibit D.

15.     Plaintiff Soverain is the owner of all right, title, and interest in United States Patent No. 7,272,639 entitled "Internet Server Access Control And Monitoring Systems" ("the '639 patent"). The '639 patent was duly and properly issued by the PTO on September 18, 2007. The '639 patent was assigned to Plaintiff Soverain. A copy of the '639 patent is attached hereto as Exhibit E.

16.     Plaintiff Soverain has marked its product with the numbers of one or more of the patents-in-suit.

INFRINGEMENT OF THE PATENTS-IN-SUIT BY CDW

17.     In violation of 35 U.S.C. § 271, Defendant CDW through its ecommerce website(s) has infringed and continues to infringe the '314, '492, and '639 patents by: (a) making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

18.     On information and belief, Defendant CDW has had notice of its infringement of the '314, '492, and '639 patents at least as early as the filing of this Complaint.

19.     Plaintiff Soverain has been damaged by the infringement of its patents by Defendant CDW and will continue to be damaged by such infringement.

NYI-4020147v6

20.     Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Defendant CDW is enjoined therefrom by this Court.

## INFRINGEMENT OF THE PATENTS-IN-SUIT BY NEWEGG

21.     In violation of 35 U.S.C. § 271, Defendant Newegg through its ecommerce website(s) has infringed and continues to infringe the '314, '492, and '639 patents by: (a) making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

22.     On information and belief, Defendant Newegg has had notice of its infringement of the '314, '492, and '639 patents at least as early as the filing of this Complaint.

23.     Plaintiff Soverain has been damaged by the infringement of its patents by Defendant Newegg and will continue to be damaged by such infringement.

24.     Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Defendant Newegg is enjoined therefrom by this Court.

## INFRINGEMENT OF THE PATENTS-IN-SUIT BY REDCATS

25.     In violation of 35 U.S.C. § 271, Defendant Redcats through its ecommerce website(s) has infringed and continues to infringe the '314, '492, and '639 patents by: (a) making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or

- 6 -

sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

26.     On information and belief, Defendant Redcats has had notice of its infringement of the '314, '492, and '639 patents at least as early as the filing of this Complaint.

27.     Plaintiff Soverain has been damaged by the infringement of its patents by Defendant Redcats and will continue to be damaged by such infringement.

28.     Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Defendant Redcats is enjoined therefrom by this Court.

## INFRINGEMENT OF THE PATENTS-IN-SUIT BY SYSTEMAX

29.     In violation of 35 U.S.C. § 271, Defendant Systemax through its ecommerce website(s) has infringed and continues to infringe the '314, '492, and '639 patents by: (a) making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

30.     On information and belief, Defendant Systemax has had notice of its infringement of the '314, '492, and '639 patents at least as early as the filing of this Complaint.

31.     Plaintiff Soverain has been damaged by the infringement of its patents by Defendant Systemax and will continue to be damaged by such infringement.

NYI-4020147v6

32.    Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Defendant Systemax is enjoined therefrom by this Court.

## INFRINGEMENT OF THE PATENTS-IN-SUIT BY ZAPPOS

33.    In violation of 35 U.S.C. § 271, Defendant Zappos through its ecommerce website(s) has infringed and continues to infringe the '314, '492, and '639 patents by: (a) making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

34.    On information and belief, Defendant Zappos has had notice of its infringement of the '314, '492, and '639 patents at least as early as the filing of this Complaint.

35.    Plaintiff Soverain has been damaged by the infringement of its patents by Defendant Zappos and will continue to be damaged by such infringement.

36.    Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Defendant Zappos is enjoined therefrom by this Court.

## RELIEF REQUEST

Wherefore, Plaintiff Soverain respectfully requests that this Court enter judgment against Defendants CDW, Newegg, Redcats, Systemax, and Zappos as follows:

A.  That each of the Patents-in-Suit is valid and enforceable;

B.  That each of the '314, '492, and '639 patents has been infringed by Defendant CDW;

- 8 -

C. That each of the '314, '492, and '639 patents has been infringed by Defendant Newegg;

D. That each of the '314, '492, and '639 patents has been infringed by Defendant Redcats;

E. That each of the '314, '492, and '639 patents has been infringed by Defendant Systemax;

F. That each of the '314, '492, and '639 patents has been infringed by Defendant Zappos;

G. An injunction against further infringement of the Patents-in-Suit by Defendants;

H. An award of damages adequate to compensate Plaintiff Soverain for the patent infringement that has occurred, together with pre-judgment interest and costs;

I. An award of all other damages permitted by 35 U.S.C. § 284, including increased damages up to three times the amount of compensatory damages found;

J. That this is an exceptional case and an award to Plaintiff Soverain of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

K. Such other relief as this Court deems just and proper.

NYI-4020147v6

November 2, 2007

Respectfully submitted,

Kenneth R. Adamo, State Bar No. 00846960
Lead Attorney
Email: kradamo@jonesday.com
Mark C. Howland, State Bar No. 24027240
Email: mchowland@jonesday.com

JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100

ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

Thomas L. Giannetti
Email: tlgiannetti@jonesday.com
Ognian V. Shentov
Email: ovshentov@jonesday.com

JONES DAY
222 East 41st Street
New York, New York  10017-6702
Telephone: 212-326-3939
Facsimile: 212-755-7306

NYI-4020147v6