**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| Soverain Software LLC, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 6:07-cv-511 (LED) |
| | § |
| CDW Corporation, Newegg Inc., | § Jury Trial Demanded |
| Redcats USA, Inc., Systemax Inc., | § |
| Zappos.com, Inc., Redcats USA, L.P., | § |
| The Sportsman's Guide, Inc,. and | § |
| TigerDirect, Inc. | § |
| | § |
| Defendants. | § |
| | § |

**DEFENDANT TIGERDIRECT INC.'S**
**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO**
**PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant and Counterclaim-Plaintiff TigerDirect, Inc. ("TigerDirect") hereby sets forth its Answer, Affirmative Defenses and Counterclaims to the  Amended Complaint for Patent Infringement of Plaintiff and Counterclaim-Defendant Soverain Software, LLC ("Soverain").  Unless specifically admitted, all allegations in the Complaint are denied.

Responding to the individually enumerated paragraphs of the Complaint, TigerDirect states as follows:

1.      To the extent TigerDirect is required to respond to any allegations contained in Paragraph 1 of the Complaint, TigerDirect denies any such allegations of Paragraph 1.

1

## INTRODUCTION

2.      To the extent TigerDirect is required to respond to any allegations contained in Paragraph 2 of the Complaint, TigerDirect denies any such allegations of Paragraph 2.

## PARTIES

3.      TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the same.

4.      TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies the same.

5.      TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same.

6.      TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the same.

7.      TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same.

8.      TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the same.

9.      TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

10.      TigerDirect admits the allegations of Paragraph 10.

11.      TigerDirect admits the allegations of Paragraph 11.

12.      TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same.

## JURISDICTION AND VENUE

13.     TigerDirect admits that Soverain's Complaint alleges a claim for patent infringement under the patent laws of the United States, but denies that the claim has any merit.  TigerDirect admits that this Court has subject matter jurisdiction solely by reason of the allegation that this action arises under an Act of Congress relating to patents. TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies the same.

14.     TigerDirect denies the allegations of Paragraph 14.

15.     TigerDirect denies the allegations of Paragraph 15.

16.     TigerDirect admits that it is a non-resident of the State of Texas and that it engages in business in the State of Texas.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and therefore denies the same.

17.     TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same.

## PATENTS-IN-SUIT

18.     TigerDirect admits that on its face, the '314 patent bears an issue date of February 3, 1998 and that on its face the '314 patent's reexamination certificate bears a issue date of October 9, 2007.  TigerDirect denies that the '314 patent was "duly and properly issued by the United States Patent and Trademark Office".  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and therefore denies the same.

19.     TigerDirect admits that on its face, the '492 patent bears an issue date of June 1, 1999 and that on its face the '492 patent's reexamination certificate bears a issue date of August 7, 2007.  TigerDirect denies that the '492 patent was "duly and properly issued by the PTO".  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore denies the same.

20.     TigerDirect admits that on its face, the '639 patent bears an issue date of September 18, 2007.  TigerDirect denies that the '639 patent was "duly and properly issued by the PTO".  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore denies the same.

21.     TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the  allegations in Paragraph 21 and therefore denies the same.

## INFRINGEMENT OF THE PATENTS-IN-SUIT BY CDW

22.     TigerDirect denies the allegations of Paragraph 22 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore denies the same.

23.     TigerDirect denies the allegations of Paragraph 23 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore denies the same.

24.     TigerDirect denies the allegations of Paragraph 24 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and therefore denies the same.

25.     TigerDirect denies the allegations of Paragraph 25 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore denies the same.

## INFRINGEMENT OF THE PATENTS-IN-SUIT BY NEWEGG

26.     TigerDirect denies the allegations of Paragraph 26 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and therefore denies the same.

27.     TigerDirect denies the allegations of Paragraph 27 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and therefore denies the same.

28.     TigerDirect denies the allegations of Paragraph 28 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and therefore denies the same.

29.     TigerDirect denies the allegations of Paragraph 29 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore denies the same.

## INFRINGEMENT OF THE PATENTS-IN-SUIT BY REDCATS INC., REDCATS L.P. AND THE SPORTSMAN'S GUIDE

30.     TigerDirect denies the allegations of Paragraph 30 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore denies the same.

31.     TigerDirect denies the allegations of Paragraph 31 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and therefore denies the same.

32.    TigerDirect denies the allegations of Paragraph 32 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and therefore denies the same.

33.    TigerDirect denies the allegations of Paragraph 33 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and therefore denies the same.

34.    TigerDirect denies the allegations of Paragraph 34 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and therefore denies the same.

### INFRINGEMENT OF THE PATENTS-IN-SUIT BY SYSTEMAX

35.    TigerDirect denies the allegations of Paragraph 35 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 and therefore denies the same.

36.    TigerDirect denies the allegations of Paragraph 36 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and therefore denies the same.

37.    TigerDirect denies the allegations of Paragraph 37 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and therefore denies the same.

38.    TigerDirect denies the allegations of Paragraph 38 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and therefore denies the same.

**INFRINGEMENT OF THE PATENTS-IN-SUIT BY TIGERDIRECT**

39.     TigerDirect denies the allegations of Paragraph 39.

40.     TigerDirect denies the allegations of Paragraph 40.

41.     TigerDirect denies the allegations of Paragraph 41.

42.     TigerDirect denies the allegations of Paragraph 42.

**INFRINGEMENT OF THE PATENTS-IN-SUIT BY ZAPPOS**

43.     TigerDirect denies the allegations of Paragraph 43 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and therefore denies the same.

44.     TigerDirect denies the allegations of Paragraph 44 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and therefore denies the same.

45.     TigerDirect denies the allegations of Paragraph 45 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and therefore denies the same.

46.     TigerDirect denies the allegations of Paragraph 46 as they relate to TigerDirect.  TigerDirect lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and therefore denies the same.

**RELIEF REQUEST**

TigerDirect denies that Soverain is entitled to any of the relief set forth in the Relief Request.

## AFFIRMATIVE DEFENSES

TigerDirect asserts the following defenses to the causes of action asserted in Soverain's Amended Complaint for Patent Infringement, undertaking to prove only those defenses on which it bears the burden of proof under the applicable law.

1.      TigerDirect has not and does not directly or indirectly infringe any valid and enforceable claim of the '314 patent, the '492 patent or the '639 patent, either literally, or under the doctrine of equivalents.

2.      The claims of the '314 patent, the '492 patent or the '639 patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 100, *et. seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

3.      Soverain's Amended Complaint fails to state a claim upon which relief can be granted.

4.      Soverain is estopped, by virtue of the prior art and/or the prosecution history of the '314 patent, the '492 patent or the '639 patent from asserting any construction and/or scope of the claims of the '314 patent, the '492 patent or the '639 patent that would cover any products or methods used by TigerDirect.

## COUNTERCLAIMS

1.      Defendant and Counterclaim-Plaintiff TigerDirect, Inc. ("TigerDirect") is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Miami, Florida.

2.      Upon information and belief, Plaintiff and Counterclaim-Defendant Soverain, LLC ("Soverain") is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Chicago, Illinois.

8

## JURISDICTION AND VENUE

3.      These counterclaims arise under federal law, and this Court has subject matter jurisdiction over these counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the Patent Laws of the United States, 35 U.S.C. § 100 *et. seq*. and 28 U.S.C. §§ 1331 and 1338.

4.      This Court has personal jurisdiction over Plaintiff and Counterclaim-Defendant Soverain because Soverain brought its claims against TigerDirect in this Court.

5.      Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I

### Non-Infringement of the '314 Patent

6.      TigerDirect incorporates and realleges Counterclaim Paragraphs 1 through 5, as though fully set forth herein.

7.      TigerDirect has not infringed and does not directly or indirectly infringe any valid, enforceable claim of the '314 patent, either literally or under the doctrine of equivalents.

8.      TigerDirect seeks a declaratory judgment that it has not infringed and does not directly or indirectly infringe any valid, enforceable claim of the '314 patent, either literally or under the doctrine of equivalents.

## COUNT II

### Invalidity of the '314 Patent

9.      TigerDirect incorporates and realleges Counterclaim Paragraphs 1 through 8, as though fully set forth herein.

9

10.     The '314 patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 100, *et seq*., including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

11.     TigerDirect therefore seeks a declaratory judgment that each claim of the '314 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 100, *et. seq.*

### COUNT III

### Non-Infringement of the '492 Patent

12.     TigerDirect incorporates and realleges Counterclaim Paragraphs 1 through 11, as though fully set forth herein.

13.     TigerDirect has not infringed and does not directly or indirectly infringe any valid, enforceable claim of the '492 patent, either literally or under the doctrine of equivalents.

14.     TigerDirect seeks a declaratory judgment that it has not infringed and does not directly or indirectly infringe any valid, enforceable claim of the '492 patent, either literally or under the doctrine of equivalents.

### COUNT IV

### Invalidity of the '492 Patent

15.     TigerDirect incorporates and realleges Counterclaim Paragraphs 1 through 14, as though fully set forth herein.

16.     The '492 patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 100, *et seq*., including, but not

limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

17.     TigerDirect therefore seeks a declaratory judgment that each claim of the '492 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 100, *et. seq.*

## COUNT V

### Non-Infringement of the '639 Patent

18.     TigerDirect incorporates and realleges Counterclaim Paragraphs 1 through 17, as though fully set forth herein.

19.     TigerDirect has not infringed and does not directly or indirectly infringe any valid, enforceable claim of the '639 patent, either literally or under the doctrine of equivalents.

20.     TigerDirect seeks a declaratory judgment that it has not infringed and does not directly or indirectly infringe any valid, enforceable claim of the '639 patent, either literally or under the doctrine of equivalents.

## COUNT VI

### Invalidity of the '639 Patent

21.     TigerDirect incorporates and realleges Counterclaim Paragraphs 1 through 20, as though fully set forth herein.

22.     The '639 patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 100, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

23.     TigerDirect therefore seeks a declaratory judgment that each claim of the '639 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 100, *et. seq.*

## PRAYER FOR RELIEF

TigerDirect respectfully requests that this Court enter judgment in its favor and grant the following relief:

a.      An order and judgment declaring that TigerDirect does not infringe any claim of the '314, '492 or '639 patents, either literally, or under the doctrine of equivalents;

b.      An order and judgment declaring that the claims of the '314, '492 or '639 patents are invalid and/or unenforceable;

c.      Dismissal of the Complaint with prejudice; and

d.      Any other relief that the Court may deem appropriate and just under the circumstances.

Dated:  December 28, 2007.

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

Mary-Olga Lovett
Attorney in Charge
Texas Bar No. 00789289
lovettm@gtlaw.com
1000 Louisiana Street, Suite 1800
Houston, Texas  77002
Telephone:  (713) 374-3500
Telecopier:  (713) 374-3505

Michael A. Nicodema (*pro hoc vice*)
Barry J. Schindler (*pro hoc vice*)
Gaston Kroub (*pro hoc vice*)
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Telephone:  (212) 801-9200
Facsimile:  (212) 801-6400

**ATTORNEYS FOR DEFENDANT
TIGERDIRECT INC.**

13

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5.  As Such, this motion was served on all counsel who have consented to electronic service on this 28th day of December, 2007.  Local Rule CV-5(a)(3)(A).

_____
Mary-Olga Lovett