**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SOVERAIN SOFTWARE LLC,        ) <br>        ) <br>       Plaintiff,     ) <br>        ) <br> vs.              ) <br>        ) <br> CDW CORPORATION, NEWEGG   ) <br> INC., REDCATS USA, INC.,     ) <br> SYSTEMAX INC., ZAPPOS.COM,  ) <br> INC., REDCATS USA, L.P., THE   ) <br> SPORTSMAN'S GUIDE, INC., and  ) <br> TIGERDIRECT, INC.,      ) <br>        ) <br>       Defendants.    ) <br>        ) | Civil Action No. 6:07-CV-00511-LED <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS CDW CORPORATION'S, NEWEGG INC.'S,
AND ZAPPOS.COM, INC.'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants CDW Corporation ("CDW"), Newegg Inc. ("Newegg"), and Zappos.com, Inc. ("Zappos") (CDW, Newegg, and Zappos are collectively referred to herein as the "Answering Defendants"), by and through their undersigned counsel, hereby answer the Amended Complaint of Plaintiff Soverain Software LLC ("Plaintiff" or "Soverain") and assert their affirmative defenses and counterclaims as follows:

**ANSWER**

1.      Answering Defendants admit that Soverain filed an Amended Complaint against the named defendants.  Except as so expressly admitted, Answering Defendants deny the remaining allegations set forth in Paragraph 1 of the Amended Complaint.

INTRODUCTION

2.     The Answering Defendants admit that the Amended Complaint alleges claims of infringement of one or more of Soverain's United States Patents and that, as such, the action arises under 35 U.S.C. § 271.  The Answering Defendants deny the remaining allegations set forth in Paragraph 2 of the Amended Complaint.

THE PARTIES

3.     Upon information and belief, the Answering Defendants admit the allegations set forth in Paragraph 3 of the Amended Complaint.

4.     CDW admits that it is an Illinois corporation with a principal place of business at 200 N. Milwaukee Ave., Vernon Hills, IL  60061 and admits that it does business through a website located at www.cdw.com.  Except as so expressly admitted, CDW denies the remaining allegations set forth in Paragraph 4 of the Amended Complaint.  Newegg and Zappos lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Amended Complaint and, therefore, deny the same.

5.     Newegg admits that it is a Delaware corporation with a principal place of business at 16839 E. Gale Ave., City of Industry, CA  91745 and admits that it does business through a website located at www.newegg.com.  Except as so expressly admitted, Newegg denies the remaining allegations set forth in Paragraph 5 of the Amended Complaint.  CDW and Zappos lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Amended Complaint and, therefore, deny the same.

6.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 and, therefore, deny the same.

2

7.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Amended Complaint and, therefore, deny the same.

8.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Amended Complaint and, therefore, deny the same.

9.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Amended Complaint and, therefore, deny the same.

10.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Amended Complaint and, therefore, deny the same.

11.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Amended Complaint and, therefore, deny the same.

12.     Zappos admits that it is a Delaware corporation with a principal place of business at 2280 Corporate Circle Dr., Suite 100, Henderson, NV  89074.  Except as so expressly admitted, Zappos denies the remaining allegations set forth in Paragraph 12 of the Amended Complaint.  CDW and Newegg lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Amended Complaint and, therefore, deny the same.

<u>JURISDICTION AND VENUE</u>

13.     The Answering Defendants admit that Plaintiff purports to bring an action arising under the patent laws of the United States and that this Court has subject matter jurisdiction over such actions.  Answering Defendants deny the remaining allegations set forth in Paragraph 13 of the Amended Complaint.

14.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 to the extent that they relate to other defendants.  CDW and Newegg admit the remaining allegations set forth in Paragraph 14 of the Amended Complaint.  Zappos denies the remaining allegations set forth in Paragraph 14 of the Amended Complaint.

15.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 to the extent that they relate to other defendants.  CDW and Newegg admit that this Court has personal jurisdiction over them. Zappos denies that this Court has personal jurisdiction over it.  The Answering Defendants deny that they have committed infringing acts in Texas or any where else, as well as all remaining allegations set forth in Paragraph 15.

16.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 to the extent they relate to other defendants.  The Answering Defendants admit that they are nonresidents of, do not maintain regular places of business in, and do not have designated agents for service of process in the State of Texas.  CDW further admits that it does business in the State of Texas, but denies that this action arises out of such activity.  Newegg further admits that it does business

4

through certain websites that are accessible by residents of Texas, but denies that this action arises out of such activity.  Zappos denies that it does business in the State of Texas.  Except as so expressly admitted, Answering Defendants deny the remaining allegations set forth in Paragraph 16 of the Amended Complaint.

17.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Amended Complaint and, therefore, deny the same.

18.    The Answering Defendants admit that United States Patent No. 5,715,314 ("the '314 patent") entitled "Network Sales System" issued on February 3, 1998, and that an alleged copy of the '314 patent was attached as Exhibit "A" to the Amended Complaint.  The Answering Defendants deny that the '314 patent was duly and properly issued.  The Answering Defendants admit that an Ex Parte Reexamination Certificate issued on October 9, 2007 and that an alleged copy of that certificate was attached as Exhibit "B" to the Amended Complaint.  As to the remaining allegations set forth in Paragraph 18, Answering Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, therefore, deny the same.

19.    The Answering Defendants admit that United States Patent No. 5,909,492 ("the '492 patent") entitled "Network Sales Systems" issued on June 1, 1999, and that an alleged copy of the '492 patent was attached as Exhibit "C" to the Amended Complaint.  Answering Defendants deny that the '492 patent was duly and properly issued.  The Answering Defendants admit that an Ex Parte Reexamination Certificate issued on August 7,

2007 and that an alleged copy of that certificate was attached as Exhibit "D" to the Amended

Complaint.  As to the remaining allegations set forth in Paragraph 19, Answering Defendants

lack knowledge and information sufficient to form a belief as to the truth of those allegations

and, therefore, deny the same.

20.     The Answering Defendants admit that United States Patent No. 7,272,639

("the '639 patent") entitled "Internet Server Access Control and Monitoring Systems" issued

on September 18, 2007, and that an alleged copy of the '639 patent was attached as Exhibit

"E" to the Amended Complaint.  The Answering Defendants deny that the '639 patent was

duly and properly issued.  The Answering Defendants admit that Plaintiff Soverain is stated

to be the assignee on the face of Exhibit E.  As to the remaining allegations set forth in

Paragraph 20, Answering Defendants lack knowledge and information sufficient to form a

belief as to the truth of those allegations and, therefore, deny the same.

21.     The Answering Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in Paragraph 21 of the Amended Complaint

and, therefore, deny the same.

<u>ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT BY CDW</u>

22.     CDW denies the allegations set forth in Paragraph 22 of the Amended

Complaint.  Newegg and Zappos lack knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in Paragraph 22 of the Amended Complaint and,

therefore, deny the same.

23.     CDW denies the allegations set forth in Paragraph 23 of the Amended Complaint.  Newegg and Zappos lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Amended Complaint and, therefore, deny the same.

24.     CDW denies the allegations set forth in Paragraph 24 of the Amended Complaint.  Newegg and Zappos lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Amended Complaint and, therefore, deny the same.

25.     CDW denies the allegations set forth in Paragraph 25 of the Amended Complaint.  Newegg and Zappos lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Amended Complaint and, therefore, deny the same.

<u>ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT BY NEWEGG</u>

26.     Newegg denies the allegations set forth in Paragraph 26 of the Amended Complaint.  CDW and Zappos lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Amended Complaint and, therefore, deny the same.

27.     Newegg denies the allegations set forth in Paragraph 27 of the Amended Complaint.  CDW and Zappos lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Amended Complaint and, therefore, deny the same.

28.     Newegg denies the allegations set forth in Paragraph 28 of the Amended Complaint.  CDW and Zappos lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Amended Complaint and, therefore, deny the same.

29.     Newegg denies the allegations set forth in Paragraph 29 of the Amended Complaint.  CDW and Zappos lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Amended Complaint and, therefore, deny the same.

## ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT
## BY REDCATS, INC., REDCATS L.P. AND THE SPORTSMAN'S GUIDE

30.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Amended Complaint and, therefore, deny the same.

31.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Amended Complaint and, therefore, deny the same.

32.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Amended Complaint and, therefore, deny the same.

33.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Amended Complaint and, therefore, deny the same.

34.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Amended Complaint and, therefore, deny the same.

ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT BY SYSTEMAX

35.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Amended Complaint and, therefore, deny the same.

36.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Amended Complaint and, therefore, deny the same.

37.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Amended Complaint and, therefore, deny the same.

38.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Amended Complaint and, therefore, deny the same.

ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT BY TIGERDIRECT

39.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Amended Complaint and, therefore, deny the same.

40.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Amended Complaint and, therefore, deny the same.

41.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Amended Complaint and, therefore, deny the same.

42.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Amended Complaint and, therefore, deny the same.

## ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT BY ZAPPOS

43.     Zappos denies the allegations set forth in Paragraph 43 of the Amended Complaint.  CDW and Newegg lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Amended Complaint and, therefore, deny the same.

44.     Zappos denies the allegations set forth in Paragraph 44 of the Amended Complaint.  CDW and Newegg lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Amended Complaint and, therefore, deny the same.

45.     Zappos denies the allegations set forth in Paragraph 45 of the Amended Complaint.  CDW and Newegg lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Amended Complaint and, therefore, deny the same.

46.     Zappos denies the allegations set forth in Paragraph 46 of the Amended Complaint.  CDW and Newegg lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Amended Complaint and, therefore, deny the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Amended Complaint, and each and every purported claim for relief therein, fails to allege facts sufficient to state a claim against the Answering Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Noninfringement)

The Answering Defendants have not infringed and are not infringing any of U.S. Patent Nos. 5,715,314; 5,715,314 C1; 5,909,492; 5,909,492 C1; 7,272,639 (the "patents-in-suit") under any theory, including direct infringement, infringement by inducement, or contributory infringement.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

The patents-in-suit and all of the claims thereof are invalid for failure to comply with one or more of the requirements for patentability, including those set forth in the Patent Act, 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 305.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff is estopped from claiming that the patents-in-suit cover any method, system, apparatus, or product of the Answering Defendants by virtue of the prior art and/or the prosecution history of the patents-in-suit.

## FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

To the extent that Plaintiff seeks damages for any alleged infringement more than six years before the filing of this action, the claims are barred by the statutory limitation on damages pursuant to 35 U.S.C. § 286.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver, Laches, and Acquiescence)

Plaintiff's claims for damages and other relief are barred in whole or in part by the equitable doctrines of waiver, laches, and/or acquiescence, including but not limited due to Plaintiff's unreasonable delay in asserting the patents-in-suit.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Provide Notice)

To the extent that Plaintiff seeks damages for any alleged infringement prior to its giving actual notice of the patents-in-suit to the Answering Defendants, its claims are barred pursuant to 35 U.S.C. § 287(a).

## EIGHTH AFFIRMATIVE DEFENSE
### (Intervening Rights)

Plaintiff's claims for damages and other relief are barred in whole or in part pursuant to 35 U.S.C. §§ 252 and 307(b).

## NINTH AFFIRMATIVE DEFENSE
### (Unenforceability)

The patents-in-suit are unenforceable due to inequitable conduct because, during the prosecution of the applications leading to the '314 and '492 patents and the parent application to the '639 patent, one or more of the named inventors failed to disclose to the United States Patent and Trademark Office ("USPTO"), with an intent to deceive, information known to them that was material to the patentability of the claimed invention. For example, upon information and belief, the named inventor Andrew Payne, as early as June 15, 1994, was aware of a method and apparatus for conducting secure commercial transactions over the Internet that was publicly available from a company called NetMarket ("the NetMarket System") and is prior art to the patents-in-suit.  Upon information and belief, Mr. Payne was aware that the NetMarket System was a material reference to the patents-in-suit because it utilized shopping carts and session identifiers, and Mr. Payne considered the NetMarket System to be the closest competition to his alleged invention.  Mr. Payne, however, in violation of his duties of candor, good faith, and disclosure, failed to disclose the existence of the NetMarket System to the USPTO for consideration in the applications of the '314 and '492 patents or the parent application to the '639 patent, which issued as U.S. Pat. No. 5,708,780 and contains claims directly related to those in the '639 patent.

## ANSWERING DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, the Answering Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff Soverain Software LLC as follows:

A.     Soverain take nothing by the Amended Complaint and the same be dismissed with prejudice;

B.     Judgment be entered that Answering Defendants do not infringe and have not infringed any claim of the patents-in-suit under any theory;

C.     Judgment be entered that each asserted claim of the patents-in-suit is invalid and/or unenforceable;

D.     No injunctive relief issues to Soverain;

E.     No damages be awarded to Soverain;

F.     No costs, expenses, or attorneys' fees be awarded to Soverain;

G.     No other relief be awarded to Soverain;

H.     This case be declared exceptional pursuant to 35 U.S.C. § 285 and attorneys' fees be awarded to Answering Defendants;

I.     Costs and expenses be awarded to Answering Defendants as may be deemed just and appropriate; and

J.     Such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS OF
## CDW CORPORATION, NEWEGG INC., AND ZAPPOS.COM, INC.

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, CDW Corporation ("CDW"), Newegg Inc. ("Newegg"), and Zappos.com, Inc. ("Zappos") (CDW, Newegg, and Zappos are collectively referred to herein as "Counterclaim Plaintiffs") assert the following counterclaim against Soverain Software LLC ("Soverain") and allege as follows:

1.      This is a complaint for a declaratory judgment of patent invalidity, unenforceability, and non-infringement.  This action arises under the provisions of the Declaratory Relief Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

2.      CDW is a corporation organized under the laws of the State of Illinois with a principal place of business located at 200 N. Milwaukee Ave., Vernon Hills, IL  60061.

3.      Newegg is a corporation organized under the laws of the State of Delaware with a principal place of business located at 16839 E. Gale Ave., City of Industry, CA 91745.

4.      Zappos is a corporation organized under the laws of the State of Delaware with a principal place of business located at 2280 Corporate Circle Dr., Suite 100, Henderson, NV  89074.

5.      Upon information and belief, Soverain is a limited liability company organized under the laws of the State of Delaware, having a principal place of business at 233 South Wacker Drive, Suite 3970, Chicago, IL 60606.

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. §§ 2201 and 2202, in that it arises under an Act of Congress relating to patents and in that there is an actual and justiciable case or controversy between the Counterclaim Plaintiffs and Soverain as to the non-infringement and/or invalidity of the patents-in-suit.

7.     This Court has personal jurisdiction over Soverain by virtue of the fact that Soverain has submitted to the jurisdiction of this Court by bringing the instant action.

8.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400(b).

9.     As a result of the actions and statements of Soverain, an actual controversy now exists between the parties regarding the non-infringement, invalidity, and unenforceablility of the patents-in-suit.

10.     The Counterclaim Plaintiffs have not and do not infringe directly, by inducement or by contribution, any valid and/or enforceable claim of the patents-in-suit.

**COUNT ONE**
**(Declaratory Judgment of Non-infringement)**

11.     Counterclaim Plaintiffs repeat and reallege Paragraphs 1 through 10 of the Counterclaim set out above.

12.     There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, *et seq.* concerning Counterclaim Plaintiffs' non-infringement of the claims of the patents-in-suit.

13.     Counterclaim Plaintiffs have not and do not infringe directly, by inducement or by contribution, any valid and/or enforceable claim of the patents-in-suit.

14.     Counterclaim Plaintiffs are entitled to a declaration by the Court that they have not and do not infringe any valid and/or enforceable claims of the patents-in-suit.

## COUNT TWO
### (Declaratory Judgment of Invalidity)

15.     Counterclaim Plaintiffs repeat and reallege Paragraphs 1 through 14 of the Counterclaim set out above.

16.     There is an actual and justiciable controversy between the parties concerning the validity of the patents-in-suit.

17.     The patents-in-suit and all of the claims thereof are invalid for failure to comply with one or more of the requirements for patentability, including those set forth in the Patent Act, 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 305.

18.     Counterclaim Plaintiffs are entitled to a declaration by the Court that the patents-in-suit are invalid.

## COUNT THREE
### (Declaratory Judgment of Unenforceability)

19.     Counterclaim Plaintiffs repeat and reallege Paragraphs 1 through 18 of the Counterclaim set out above.

20.     There is an actual and justiciable controversy between the parties concerning the enforceability of the patents-in-suit.

21.     During the prosecution of the applications for the '314 and '492 patents and the parent application to the '639 patent, one or more of the inventors failed to disclose to the USPTO, with an intent to deceive, information known to them that was material to the patentability of the claimed invention.

22.     Upon information and belief, a named inventor on the patents-in-suit, Andrew Payne, as early as June 15, 1994, was aware of a method and apparatus for conducting secure commercial transactions over the Internet that was publicly available from a company called NetMarket ("the NetMarket System") and is prior art to the patents-in-suit.

23.     Upon information and belief, Mr. Payne was aware that the NetMarket System was a material reference to the patents-in-suit because it utilized shopping carts and session identifiers, and Mr. Payne considered the NetMarket System to be the closest competition to his alleged invention.

24.     Upon information and belief, Mr. Payne committed inequitable conduct by violating his duties of candor, good faith, and disclosure through his failure to disclose the existence of the NetMarket System to the USPTO for consideration in the applications leading to the '314 and '492 patents and the parent application to the '639 patent -- which issued as U.S. Pat. No. 5,708,780 and contains claims directly related to those in the '639 patent.

25.     Counterclaim Plaintiffs are entitled to a declaration by the Court that the patents-in-suit are unenforceable because of inequitable conduct.

18

## COUNTERCLAIM PLAINTIFFS' PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiffs, CDW Corporation, Newegg Inc. and Zappos.com, Inc., respectfully pray that judgment be entered in their favor and against Soverain Software LLC as follows:

A.      That the Court declare and adjudicate, pursuant to 28 U.S.C. §§ 2201 and 2202, the respective rights and relations of the parties with respect to the matters in issue, including a declaration that the patents-in-suit and the claims thereof are invalid and unenforceable and that CDW Corporation, Newegg Inc. and Zappos.com, Inc.  have not committed any act of infringement of the patents-in-suit;

B.      That Soverain be enjoined from asserting the patents-in-suit against CDW Corporation, Newegg Inc. and Zappos.com, Inc. and their representatives, agents, customers and/or contractors, present or prospective;

C.      That the Court adjudge this case to be an exceptional case under 35 U.S.C. § 285 and order Soverain to pay CDW Corporation's, Newegg Inc.'s and Zappos.com, Inc.'s attorneys' fees;

D.      That CDW Corporation, Newegg Inc. and Zappos.com, Inc. recover of Soverain all costs incurred in this action;

E.      That CDW Corporation, Newegg Inc. and Zappos.com, Inc. have and receive a trial by jury on all issues so triable; and

F.      That the Court grant to CDW Corporation, Newegg Inc. and Zappos.com, Inc. such other and further relief as it deems just and proper.

Respectfully submitted, this 31st day of December, 2007.

By:  /s/ Eric H. Findlay
        Eric H. Findlay, Lead Counsel
        RAMEY & FLOCK, P.C.
        100 E. Ferguson, Suite 500
        Tyler, TX  75702
        T:  903.597.3301
        F:  903.597.2413
        E:  efindlay@rameyflock.com

        OF COUNSEL (Pro Hac Vice to be filed)
        Thomas L. Duston
        Charles E. Juister
        Scott A. Sanderson
        Marshall, Gerstein & Borun LLP
        233 S. Wacker Dr., Suite 6300
        Chicago, IL  60606
        T:  312.474.6300
        F:  312.474.0448
        *Attorneys for Defendants CDW*
        *Corporation, Newegg Inc. and*
        *Zappos.com, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 31, 2007, I electronically filed the foregoing

**DEFENDANTS CDW CORPORATION'S, NEWEGG INC.'S, AND ZAPPOS.COM,**

**INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO**

**PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF

system which will send notification of such filing via electronic mail to all counsel of record.

/s/ Eric H. Findlay
ERIC H. FINDLAY