IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Civil Action No. 6:07-CV-00511-LED |
| CDW CORPORATION, NEWEGG | ) | |
| INC., REDCATS USA, INC., | ) | **JURY TRIAL DEMANDED** |
| SYSTEMAX INC., ZAPPOS.COM, | ) | |
| INC., REDCATS USA, L.P., THE | ) | |
| SPORTSMAN'S GUIDE, INC., and | ) | |
| TIGERDIRECT, INC., | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANTS REDCATS USA, L.P. AND THE SPORTSMAN'S GUIDE, INC.'S
ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Redcats USA, L.P. ("Redcats USA") and The Sportsman's Guide, Inc. ("The

Sportsman's Guide") (Redcats USA and The Sportsman's Guide are collectively referred to herein

as the "Answering Defendants"), by and through their undersigned counsel, hereby answer the

Amended Complaint of Plaintiff Soverain Software LLC ("Plaintiff" or "Soverain") and assert

their affirmative defenses and counterclaims as follows:

**ANSWER**

1.      Answering Defendants admit that Soverain filed an Amended Complaint against

the named defendants.  Except as so expressly admitted, Answering Defendants deny the

remaining allegations set forth in Paragraph 1 of the Amended Complaint.

INTRODUCTION

2.      The Answering Defendants admit that the Amended Complaint alleges claims of infringement of one or more of Soverain's United States Patents and that, as such, the action arises under 35 U.S.C. § 271.  The Answering Defendants deny the remaining allegations set forth in Paragraph 2 of the Amended Complaint.

THE PARTIES

3.      Upon information and belief, the Answering Defendants admit the allegations set forth in Paragraph 3 of the Amended Complaint.

4.      The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 and, therefore, deny the same.

5.      The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 and, therefore, deny the same.

6.      The Answering Defendants admit that Redcats USA, Inc. is a Delaware corporation with a principal place of business at 463 7th Avenue, New York, NY 10018.  The Answering Defendants deny the remaining allegations set forth in Paragraph 6 of the Amended Complaint.

7.      The Answering Defendants admit that Redcats USA, L.P. is a Delaware limited partnership with a principal place of business at 463 7th Avenue, New York, NY 10018 and admit that Redcats USA, L.P. may be served by serving its registered agent in the State of Texas, C T Corporation.  The Answering Defendants deny the remaining allegations set forth in Paragraph 6 of the Amended Complaint.

8.      The Answering Defendants admit that Defendant The Sportsman's Guide is a

Minnesota corporation with a principal place of business location at 411 Farwell Avenue, South

St. Paul, MN 55075.  Except as so expressly admitted, Answering Defendants deny the

remaining allegations set forth in Paragraph 8 of the Amended Complaint.

9.      The Answering Defendants admit that Defendant Redcats USA does business

through a website located at www.onestopplus.com. and that Defendant The Sportsman's Guide

does business through websites located at www.sportsmansguide.com and

www.bargainoutfitters.com.  Except as so expressly admitted, Answering Defendants deny the

remaining allegations set forth in Paragraph 9 of the Amended Complaint.

10.      The Answering Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in Paragraph 10 of the Amended Complaint and,

therefore, deny the same.

11.      The Answering Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in Paragraph 11 of the Amended Complaint and,

therefore, deny the same.

12.      The Answering Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in Paragraph 12 of the Amended Complaint and,

therefore, deny the same.

JURISDICTION AND VENUE

13.      The Answering Defendants admit that Plaintiff purports to bring an action arising

under the patent laws of the United States and that this Court has subject matter jurisdiction over

such actions.  Answering Defendants deny the remaining allegations set forth in Paragraph 13 of

the Amended Complaint.

14.      The Answering Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations of Paragraph 14 to the extent that they relate to other defendants.  The Answering Defendants admit the remaining allegations set forth in Paragraph 14 of the Amended Complaint.

15.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 to the extent that they relate to other defendants.  Answering Defendants admit that this Court has personal jurisdiction over them. The Answering Defendants deny that they have committed infringing acts in Texas or any where else, as well as all remaining allegations set forth in Paragraph 15.

16.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 to the extent they relate to other defendants.  The Answering Defendants admit that Defendant The Sportsman's Guide is a nonresident of, does not maintain a regular place of business in, and does not have a designated agent for service of process in the State of Texas.  The Answering Defendants further admit that The Sportsman's Guide does business through certain websites that are accessible by residents of Texas, but deny that this action arises out of such activity.  Except as so expressly admitted, Answering Defendants deny the remaining allegations set forth in Paragraph 16 of the Amended Complaint.

17.    The Answering Defendants admit that Defendant Redcats USA is registered with the Secretary of State to do business in the State of Texas and has designated an agent for service of process in the State of Texas.  The Answering Defendants deny the remaining allegations set forth in Paragraph 17.

18.    The Answering Defendants admit that United States Patent No. 5,715,314 ("the '314 patent") entitled "Network Sales System" issued on February 3, 1998, and that an alleged

4

copy of the '314 patent was attached as Exhibit "A" to the Amended Complaint.  The Answering

Defendants deny that the '314 patent was duly and properly issued.  The Answering Defendants

admit that an Ex Parte Reexamination Certificate issued on October 9, 2007 and that an alleged

copy of that certificate was attached as Exhibit "B" to the Amended Complaint.  As to the

remaining allegations set forth in Paragraph 18, Answering Defendants lack knowledge and

information sufficient to form a belief as to the truth of those allegations and, therefore, deny the

same.

19.     The Answering Defendants admit that United States Patent No. 5,909,492 ("the

'492 patent") entitled "Network Sales Systems" issued on June 1, 1999, and that an alleged copy

of the '492 patent was attached as Exhibit "C" to the Amended Complaint.  Answering

Defendants deny that the '492 patent was duly and properly issued.  The Answering Defendants

admit that an Ex Parte Reexamination Certificate issued on August 7, 2007 and that an alleged

copy of that certificate was attached as Exhibit "D" to the Amended Complaint.  As to the

remaining allegations set forth in Paragraph 19, Answering Defendants lack knowledge and

information sufficient to form a belief as to the truth of those allegations and, therefore, deny the

same.

20.     The Answering Defendants admit that United States Patent No. 7272,639 ("the

'639 patent") entitled "Internet Server Access Control and Monitoring Systems" issued on

September 18, 2007, and that an alleged copy of the '639 patent was attached as Exhibit "E" to

the Amended Complaint.  The Answering Defendants deny that the '639 patent was duly and

properly issued.  The Answering Defendants admit that Plaintiff Soverain is stated to be the

assignee on the face of Exhibit E.  As to the remaining allegations set forth in Paragraph 20,

Answering Defendants lack knowledge and information sufficient to form a belief as to the truth

of those allegations and, therefore, deny the same.

21.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Amended Complaint and, therefore, deny the same.

### ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT BY CDW

22.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Amended Complaint and, therefore, deny the same.

23.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Amended Complaint and, therefore, deny the same.

24.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Amended Complaint and, therefore, deny the same.

25.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Amended Complaint and, therefore, deny the same.

### ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT BY NEWEGG

26.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Amended Complaint and, therefore, deny the same.

27.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Amended Complaint and,

therefore, deny the same.

28.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Amended Complaint and, therefore, deny the same.

29.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Amended Complaint and, therefore, deny the same.

## ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT BY REDCATS, INC., REDCATS L.P. AND THE SPORTSMAN'S GUIDE

30.     The Answering Defendants deny the allegations set forth in Paragraph 30 of the Amended Complaint.

31.     The Answering Defendants deny the allegations set forth in Paragraph 31 of the Amended Complaint.

32.     The Answering Defendants deny the allegations set forth in Paragraph 32 of the Amended Complaint.

33.     The Answering Defendants deny the allegations set forth in Paragraph 33 of the Amended Complaint.

34.     Answering Defendants deny the allegations set forth in Paragraph 34 of the Amended Complaint.

## ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT BY SYSTEMAX

35.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Amended Complaint and, therefore, deny the same.

36.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Amended Complaint and, therefore, deny the same.

37.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Amended Complaint and, therefore, deny the same.

38.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Amended Complaint and, therefore, deny the same.

ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT BY TIGERDIRECT

39.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Amended Complaint and, therefore, deny the same.

40.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Amended Complaint and, therefore, deny the same.

41.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Amended Complaint and, therefore, deny the same.

42.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Amended Complaint and, therefore, deny the same.

ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT BY ZAPPOS

43.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Amended Complaint and, therefore, deny the same.

44.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Amended Complaint and, therefore, deny the same.

45.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Amended Complaint and, therefore, deny the same.

46.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Amended Complaint and, therefore, deny the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Amended Complaint, and each and every purported claim for relief therein, fails to allege facts sufficient to state a claim against the Answering Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Noninfringement)

The Answering Defendants have not infringed and are not infringing any of U.S. Patent Nos. 5,715,314; 5,715,314 C1; 5,909,492; 5,909,492 C1; 7,272,639 (the "patents-in-suit") under any theory, including direct infringement, infringement by inducement, or contributory infringement.

9

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

The patents-in-suit and all of the claims thereof are invalid for failure to comply with one

or more of the requirements for patentability, including those set forth in the Patent Act, 35

U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 305.

### FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

Plaintiff is estopped from claiming that the patents-in-suit cover any method, system,

apparatus, or product of the Answering Defendants by virtue of the prior art and/or the

prosecution history of the patents-in-suit.

### FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

To the extent that Plaintiff seeks damages for any alleged infringement more than six

years before the filing of this action, the claims are barred by the statutory limitation on damages

pursuant to 35 U.S.C. § 286.

### SIXTH AFFIRMATIVE DEFENSE
### (Waiver, Laches, and Acquiescence)

Plaintiff's claims for damages and other relief are barred in whole or in part by the

equitable doctrines of waiver, laches, and/or acquiescence, including but not limited due to

Plaintiff's unreasonable delay in asserting the patents-in-suit.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Provide Notice)

To the extent that Plaintiff seeks damages for any alleged infringement prior to its giving

actual notice of the patents-in-suit to Defendants, its claims are barred pursuant to 35 U.S.C. §

287(a).

## EIGHTH AFFIRMATIVE DEFENSE
### (Intervening Rights)

Plaintiff's claims for damages and other relief are barred in whole or in part pursuant to 35 U.S.C. §§ 252 and 307(b).

## NINTH AFFIRMATIVE DEFENSE
### (Unenforceability)

The patents-in-suit are unenforceable due to inequitable conduct because, during the prosecution of the applications leading to the '314 and '492 patents and the parent application to the '639 patent, one or more of the named inventors failed to disclose to the United States Patent and Trademark Office ("USPTO"), with an intent to deceive, information known to them that was material to the patentability of the claimed invention.  For example, upon information and belief, the named inventor Andrew Payne, as early as June 15, 1994, was aware of a method and apparatus for conducting secure commercial transactions over the Internet that was publicly available from a company called NetMarket ("the NetMarket System") and is prior art to the patents-in-suit.  Upon information and belief, Mr. Payne was aware that the NetMarket System was a material reference to the patents-in-suit because it utilized shopping carts and session identifiers, and Mr. Payne considered the NetMarket System to be the closest competition to his alleged invention.  Mr. Payne, however, in violation of his duties of  of candor, good faith, and disclosure, failed to disclose the existence of the NetMarket System to the USPTO for consideration in the applications of the '314 and '492 patents or the parent application to the '639 patent, which issued as U.S. Pat. No. 5,708,780 and contains claims directly related to those in the '639 patent.

## ANSWERING DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, the Answering Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff Soverain Software LLC as follows:

A.     Soverain take nothing by the Amended Complaint and the same be dismissed with prejudice;

B.     Judgment be entered that Answering Defendants do not infringe and have not infringed any claim of the patents-in-suit under any theory;

C.     Judgment be entered that each asserted claim of the patents-in-suit is invalid and/or unenforceable;

D.     No injunctive relief issues to Soverain;

E.     No damages be awarded to Soverain;

F.     No costs, expenses, or attorneys' fees be awarded to Soverain;

G.     No other relief be awarded to Soverain;

H.     This case be declared exceptional pursuant to 35 U.S.C. § 285  and attorneys' fees be awarded to Answering Defendants.;

I.     Costs and expenses be awarded to Answering Defendants as may be deemed just and appropriate; and

J.     Such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS OF REDCATS USA, L.P.
## AND THE SPORTSMAN'S GUIDE

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Redcats USA, L.P. ("Redcats USA") and The Sportsman's Guide, Inc. ("The Sportsman's Guide") (Redcats USA and The Sportsman's Guide are collectively referred to as  "Counterclaim Plaintiffs") assert the

following counterclaims against Soverain Software LLC ("Soverain") and allege as follows:

1.      This is a complaint for a declaratory judgment of patent invalidity, unenforceability and non-infringement.  This action arises under the provisions of the Declaratory Relief Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

2.      Redcats USA is a limited partnership organized under the laws of the State of Delaware with a principal place of business located at 463 7th Avenue, New York, NY 10018.

3.      The Sportsman's Guide is a corporation organized under the laws of the State of Minnesota with a principal place of business located at 411 Farwell Ave., South St. Paul, MN 55075.

4.      Upon information and belief, Soverain is a limited liability company organized under the laws of the State of Delaware, having a principal place of business at 233 South Wacker Drive, Suite 3970, Chicago, IL 60606.

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. §§ 2201 and 2202, in that it arises under an Act of Congress relating to patents and in that there is an actual and justiciable case or controversy between Redcats USA and The Sportsman's Guide and Soverain as to the non-infringement and/or invalidity of the patents-in-suit.

6.      This Court has personal jurisdiction over Soverain by virtue of the fact that Soverain has submitted to the jurisdiction of this Court by bringing the instant action.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400(b).

8.      As a result of the actions and statements of Soverain, an actual controversy now

exists between the parties regarding the non-infringement, invalidity, and unenforceability of the patents-in-suit.

9.      Redcats USA and The Sportsman's Guide have not and do not infringe directly, by inducement or by contribution, any valid and/or enforceable claim of the patents-in-suit.

## COUNT ONE
### (Declaratory Judgment of Non-infringement)

10.      Counterclaim Plaintiffs repeat and reallege Paragraphs 1 through 9 of the Counterclaim set out above.

11.      There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, *et seq.* concerning Counterclaim Plaintiffs' non-infringement of the claims of the patents-in-suit.

12.      Counterclaim Plaintiffs have not and do not infringe directly, by inducement or by contribution, any valid and/or enforceable claim of the patents-in-suit.

13.      Counterclaim Plaintiffs are entitled to a declaration by the Court that they have not and do not infringe any valid and/or enforceable claims of the patents-in-suit.

## COUNT TWO
### (Declaratory Judgment of Invalidity)

14.      Counterclaim Plaintiffs repeat and reallege Paragraphs 1 through 13 of the Counterclaim set out above.

15.      There is an actual and justiciable controversy between the parties concerning the validity of the patents-in-suit.

16.      The patents-in-suit and all of the claims thereof are invalid for failure to comply with one or more of the requirements for patentability, including those set forth in the Patent Act, 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 305.

14

17.     Counterclaim Plaintiffs are entitled to a declaration by the Court that the patents-in-suit are invalid.

## COUNT THREE
## (Declaratory Judgment of Unenforceability)

18.     Counterclaim Plaintiffs repeat and reallege Paragraphs 1 through 17 of the Counterclaim set out above.

19.     There is an actual and justiciable controversy between the parties concerning the enforceability of the patents-in-suit.

20.     During the prosecution of the applications for the '314 and '492 patents and the parent application to the '639 patent, one or more of the inventors failed to disclose to the USPTO, with an intent to deceive, information known to them that was material to the patentability of the claimed invention.

21.     Upon information and belief, a named inventor on the patents-in-suit, Andrew Payne, as early as June 15, 1994, was aware of a method and apparatus for conducting secure commercial transactions over the Internet that was publicly available from a company called NetMarket ("the NetMarket System") and is prior art to the patents-in-suit.

22.     Upon information and belief, Mr. Payne was aware that the NetMarket System was a material reference to the patents-in-suit because it utilized shopping carts and session identifiers, and Mr. Payne considered the NetMarket System to be the closest competition to his alleged invention.

23.     Upon information and belief, Mr. Payne committed inequitable conduct by violating his duties of candor, good faith, and disclosure through his failure to disclose the existence of the NetMarket System to the United States Patent and Trademark Office for

consideration in the applications leading to the '314 and '492 patents and the parent application

to the '639 patent -- which issued as U.S. Pat. No. 5,708,780 and contains claims directly related

to those in the '639 patent.

24.     Counterclaim Plaintiffs are entitled to a declaration by the Court that the patents-

in-suit are unenforceable because of inequitable conduct.

### COUNTERCLAIM PLAINTIFFS' PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiffs, Redcats USA, L.P. and The Sportman's Guide,

Inc., respectfully pray that judgment be entered in their favor and against Soverain Software LLC

as follows:

A.     That the Court declare and adjudicate, pursuant to 28 U.S.C. §§ 2201 and 2202,

the respective rights and relations of the parties with respect to the matters in issue, including a

declaration that the patents-in-suit and the claims thereof are invalid and unenforceable and that

Redcats USA, L.P. and The Sportsman's Guide, Inc. have not committed any act of infringement

of the patents-in-suit;

B.     That Soverain be enjoined from asserting the patents-in-suit against Redcats USA,

L.P. and The Sportsman's Guide, Inc. and their representatives, agents, customers and/or

contractors, present or prospective;

C.     That the Court adjudge this case to be an exceptional case under 35 U.S.C. § 285

and order Soverain to pay Redcats USA, L.P. and The Sportsman's Guide, Inc.'s attorneys' fees;

D.     That Redcats USA, L.P. and The Sportsman's Guide, Inc. recover of Soverain all

costs incurred in this action;

E.     That Redcats USA, L.P. and The Sportsman's Guide, Inc. have and receive a trial

by jury on all issues so triable; and

F.      That the Court grant to Redcats USA, L.P. and The Sportsman's Guide, Inc. such other and further relief as it deems just and proper.

Respectfully submitted, this 31st day of December 2007.

By:*/s/ Michael E. Jones*
  Michael E. Jones
  State Bar No. 10929400
  POTTER MINTON
  A Professional Corporation
  110 College, Suite 500 (75702)
  P.O. Box 359
  Tyler, Texas 75710
  Telephone: 903-597-8311
  Facsimile: 903-593-0846
  mikejones@potterminton.com

J. Steven Gardner (N.C. Bar No. 20984)
(admitted *pro hac vice*)
SGardner@kilpatrickstockton.com
Tonya R. Deem (N.C. Bar No. 23075)
(admitted *pro hac vice*)
TDeem@kilpatrickstockton.com
Frank W. Leak, Jr. (N.C. Bar No. 27937)
(admitted *pro hac vice*)
FLeak@kilpatrickstockton.com

KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
(336) 607 7300 (telephone)
(336) 734 2674 (facsimile)

  *Attorneys for Defendants Redcats USA, L.P. and The Sportsman's Guide, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 31st day of December 2007.  Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Michael E. Jones*
Michael E. Jones