IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | **CASE NO. 6:07 CV 511** |
| | § | **PATENT CASE** |
| CDW CORPORATION, NEWEGG INC., | § | |
| REDCATS USA, INC., SYSTEMAX, INC., | § | |
| ZAPPOS.COM, INC., TIGER DIRECT, | § | |
| INC., THE SPORTSMAN'S GUIDE, INC., | § | |
| and REDCATS USA LP | § | |
| | § | |
| **Defendant** | § | |

**ORDER**

This case is set for a status conference on February 4, 2008 at 1:30 p.m. before the Honorable

Leonard E. Davis and the Honorable John D. Love in Judge Davis's Courtroom in Tyler, Texas.  The

purpose of the conference will be to assign a claim construction hearing date and trial setting.  **The**

**parties shall be prepared to inform the Court whether they will consent to trial before the**

**Honorable Judge Love.**

The Court has attached its recently revised standard docket control and discovery orders to

this Order.[1]  These will not be discussed at the status conference, but the parties will be expected to

meet, confer, and agree on the interim dates and discovery terms.  If they cannot agree on a particular

issue, they shall submit the orders, with disagreements noted.  The Court will decide disputed issues

---

[1]  The discovery and docket control orders have been revised to reflect changes in the Local Rules and
Patent Rules, clarify ambiguity relating to testifying experts and depositions (paragraphs 3 and 4 in the discovery
order), mandate further conferences once a discovery motion is filed (paragraph 13 in the discovery order), and
provide for briefing dates for motions for summary judgment on indefiniteness, among others.  WordPerfect versions
of the orders are available on the Court's website.

and enter the orders.  If a hearing is needed, the parties should contact the Court.

The agreed docket control and discovery orders are due 14 days after the status conference. The 14th day will serve as the effective Rule 16 Scheduling Conference date, and thus Plaintiff's P.R. 3-1 and 3-2 disclosures will be due 4 days after this status conference (10 days prior to the Rule 16 date) in accordance with recent changes to the Local Rules.

**So ORDERED and SIGNED this 10th day of January, 2008.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

**APPENDIX A**

**PROPOSED DISCOVERY ORDER**

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1.      **Disclosures.**  Within thirty (30) days after the Scheduling Conference, and without awaiting a discovery request, each party shall disclose to every other party the following information:

      A.      the correct names of the parties to the lawsuit;

      B       the name, address, and telephone number of any potential parties;

      C.      the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

      D.      the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a  brief, fair summary of the substance of the information known by such person;

      E.      any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

      F.      any settlement agreements relevant to the subject matter of this action;

      G.      any statement of any party to the litigation;

2.      **Additional Disclosures.**  Each party shall provide to every other party the following information:

      A.      the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;

      B.      to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules[2], within forty-five (45) days after the Scheduling Conference and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action.  By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies.  For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

      C.      within forty-five (45) days after the Scheduling Conference a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3.      **Testifying Experts.**  Each side is limited to two testifying expert witnesses.  By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

      A.      The expert's name, address, and telephone number;

      B.      The subject matter on which the expert will testify;

---

[2]  The Patent Rules are Appendix M to the Local Rules which are available on the Court's website at www.txed.uscourts.gov.

C.      The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting such information;

D.      If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;

      (1)      all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

      (2)      the expert's current resume and bibliography.

4.      **Discovery Limitations.** Discovery is limited in this cause to the disclosures described in Paragraphs 1 - 3 together with 60 interrogatories, 60 requests for admissions, the depositions of the parties, depositions on written questions of custodians of business records for third parties, depositions of each side's expert witnesses or the parties may agree on a number of hours of depositions. "Side" means a party or a group of parties with a common interest.

5.      **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, with enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order.

6.      **Pre-trial Disclosures.** By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

A.      The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

B.      The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

C.      An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any

objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above.  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7.     **Signature.**  The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8.     **Exchange of Disclosures.**  If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

9.     **Notification of the Court.**  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

10.     **Duty to Supplement.**  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11.     **Requests for Production.**  Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary.  However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter.  The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

12.     **Discovery Disputes.**  Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

13.     **Discovery Conferences.**  Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention.  Counsel shall promptly notify the Court of the results of the meeting.  Attendance by proxy is not permitted.  Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.

14.     **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.  Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

15.     **Protective Orders.**  A copy of the Court's standard protective order is available on the Court's website at www.txed.uscourts.gov entitled "Judge Davis Standard Protective Order."  A party may request that the Court issue the Protective Order.  However, a party may propose to modify the terms of the Protective Order for good cause.  The Court authorizes the parties to file any document that

is subject to a protective order under seal.

16.  **Courtesy Paper Copies.**  Paper copies will not be accepted by this Court unless specifically requested.

17.  **Hearing Notebooks.**  With the exception of *Markman* notebooks required in the Docket Control Order, hearing notebooks are no longer required or requested.  However, the Court may request hearing notebooks in specific instances.

## APPENDIX B

## DOCKET CONTROL ORDER

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| **Trial Date**<br>**To be assigned by the Court**<br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. JURY TRIAL as reached at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |
| *Day of Trial* | EXHIBITS & EXHIBIT LISTS:  Each party shall provide the Court with one set of exhibits and three copies of the exhibit list. The Court's preferred format for Exhibit Lists is available on the Court's website at www.txed.uscourts.gov under "Orders & Forms."<br>    The parties are further requested to have all exhibits labeled with the following information on each label: Designation of Plaintiff's or Defendant's Exhibit Number and Case Number.<br>    At the conclusion of the evidentiary phase of trial, each party shall be responsible for pulling those exhibits admitted at trial to be submitted to the jury.  In addition, each party shall submit to the Court a Final Exhibit List of all of their exhibits admitted during trial.<br>    At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom.<br>    Within two business days of the conclusion of trial, each party shall submit to the Court the following:<br>        (1) A disk or disks containing all admitted trial exhibits in PDF format.  If tangible exhibits were admitted, such exhibits shall be substituted with a photograph to be converted to a PDF file and  shall be included in the Court's disk of admitted exhibits.<br>        If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be copied on a separate disk.<br>        (2) A disk or disks containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition.<br>    After verification of exhibit lists by the Clerk, the lists shall be filed by the Clerk, and the disk or disks containing the exhibits in PDF format shall be stored in the Clerk's Office, Tyler Division. |
| **To be assigned by the Court**<br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. JURY SELECTION at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |

| To be assigned by the Court<br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. PRETRIAL CONFERENCE at the United States District Court, 211 W. Ferguson, 3ʳᵈ Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.**<br>All pending motions will be heard. |
|---|---|
| *2 days before pretrial* | Parties to file estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. |
| *3 days before pretrial* | Motions in Limine due.  The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. |
| *5 days before pretrial* | Pretrial Objections due. |
| *20 days before pretrial* | Objections to Rebuttal Deposition Testimony due. |
| *25 days before pretrial* | Rebuttal Designations and Objections to Deposition Testimony due.  Cross examination line and page numbers to be included.  In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| *35 days before pretrial* | Pretrial Disclosures due.<br><br>Video and Stenographic Deposition Designation due.  Each party who proposes to offer deposition testimony shall file a disclosure identifying the line and page numbers to be offered. |
| *55 days before pretrial* | Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials due.  Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench.<br><br>Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due.  If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Shea Sloan, at shea_sloan@txed.uscourts.gov. |
| *At least 15 days after dispositive motion date below* | **Response to Dispositive Motions (including *Daubert* motions) due.** Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* motions, shall be due in accordance with Local Rule CV-56 and Local Rule CV-7.  Motions to extend page limits will only be granted in exceptional circumstances. |
| **Approx 4 months from Markman Hearing**<br>Court designated date – not flexible without good cause – Motion Required | **Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions) due.**  Motions shall comply with Local Rule CV-56 and Local Rule CV-7.  Motions to extend page limits will only be granted in exceptional circumstances. |

| | |
|---|---|
| *3 days before Dispositive Motions* | Parties to Identify Rebuttal Trial Witnesses. |
| *14 days before Dispositive Motions* | Parties to Identify Trial Witnesses; Amend Pleadings (after *Markman* Hearing). It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings.  It is necessary to file a Motion for Leave to Amend after the deadline.  However, except as provided in Patent Rule 3-6, if the amendment would effect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6 irrespective of whether the amendment is made prior to this deadline. |
| *28 days before Dispositive Motions* | **Discovery Deadline.** |
| *58 days before Dispositive Motions* | Parties designate rebuttal expert witnesses (non-construction issues), Rebuttal expert witness reports due.  Refer to Local Rules for required information. |
| *68 days before Dispositive Motions* | Parties with burden of proof designate expert witnesses (non-construction issues).  Expert witness reports due.  Refer to Local Rules for required information. |
| *98 days before Dispositive Motions* | Comply with P.R.3-7 - Furnishing documents and privilege logs pertaining to willful infringement. |
| **To be assigned by the Court** Court designated date – not flexible without good cause – Motion Required | ***Markman* hearing and hearing on any Motion for Summary Judgment of Indefiniteness at 9:30 a.m. at the United States District Court, 211 West Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |
| *7 days before Markman Hearing* | P.R. 4-5(d) Chart due.  Parties shall jointly submit a claim construction chart on computer disk in WordPerfect format or in such other format as the Court may direct in accordance with P.R. 4-5(d).<br><br>**Reply to Motion for Summary Judgment of Indefiniteness due.**  The filing party is to provide the Court with 2 binders containing their brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |

| | |
|---|---|
| *12 days before Markman Hearing* | Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing.  The Court will notify the parties if it is unable to accommodate this request.<br><br>**Comply with P.R. 4-5(c)** - Reply brief and supporting evidence due re response to claim construction.  The filing party is to provide the Court with 2 binders containing their reply brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Response to Motion for Summary Judgment of Indefiniteness due.**  The filing party is to provide the Court with 2 binders containing their brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Motions to extend page limits will only be granted in exceptional circumstances. |
| *25 days before Markman Hearing* | **Comply with P.R. 4-5(b)** - Responsive brief and supporting evidence due to party claiming patent infringement.  The filing party is to provide the Court with 2 binders containing their *Markman* brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Motion for Summary Judgment of Indefiniteness due.**  The moving party is to provide the Court with 2 binders containing their brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Motions to extend page limits will only be granted in exceptional circumstances. |
| *40 days before Markman Hearing* | **Comply with P.R. 4-5(a)** - The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction. The filing party is to provide the Court with 2 binders containing their *Markman* brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Motions to extend page limits will only be granted in exceptional circumstances. |
| *42 days before Markman Hearing* | Tutorials due.  Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patent.  If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor. |

| | |
|---|---|
| *49 days before Markman Hearing* | **Discovery Deadline - Claim Construction Issues.** |
| *63 days before Markman Hearing* | Respond to Amended Pleadings. |
| *70 days before Markman Hearing* | Proposed Technical Advisors due.  Parties to provide name, address, phone number, and curriculum vitae for up to three agreed technical advisors and information regarding the nominees' availability for *Markman* hearing or a statement that they could not reach an agreement as to any potential technical advisor.  If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court. |
| *77 days before Markman Hearing* | Amended Pleadings (pre-claim construction) due from all parties.  It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings.  It is necessary to file a Motion for Leave to Amend after the deadline.  However, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-7 irrespective of whether the amendment is made prior to this deadline. |
| *80 days before Markman Hearing* | Comply with P.R. 4-3 - Filing of Joint Claim Construction and Prehearing Statement. |
| *110 days before Markman Hearing* | Comply with P.R. 4-2 - Exchange of Preliminary Claim Constructions and Extrinsic Evidence.  Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| *65 days from when Docket Control Order and Discovery Order due* | Comply with P.R. 4-1 - Exchange Proposed Terms and Claim Elements for Construction. |
| *55 days from when Docket Control Order and Discovery Order due* | **Comply with P.R. 3-3** - Invalidity Contentions due.  Thereafter, it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6.<br><br>Add any inequitable conduct allegations to pleadings.  It is not necessary to file a motion for leave to add inequitable conduct allegations to pleadings prior to this date.  Thereafter, it is necessary to obtain leave of Court to add inequitable conduct allegations to pleadings. |
| *4 days after Status Conference/10 days before Docket Control Order and Discovery Order due* | **Comply with P.R. 3-1 and P.R. 3-2** - Disclosure of Asserted Claims and Infringement Contentions due.  Thereafter, it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6.<br><br>Join Additional Parties.  It is not necessary to file a motion to join additional parties prior to this date.  Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>Add new patents and/or claims for patents-in-suit.  It is not necessary to file a motion to add additional patents or claims prior to this date.  Thereafter, it is necessary to obtain leave of Court to add patents or claims. |

| *Deadline Date* | Mediation to be completed.  (Name), (address), and (phone number) is appointed as mediator in this cause.  Mediation shall be conducted in accordance with the Court-Annexed Mediation Plan.  *See* Appendix H to Local Rules, available on the Court's website at www.txed.uscourts.gov. |
|---|---|
| *No. of trial days* | **EXPECTED LENGTH OF TRIAL** |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition."  Local Rule CV-7(e) provides that a party opposing a motion has 15 days in which to serve and file supporting documents and briefs after which the Court will consider the submitted motion for decision.

## OTHER LIMITATIONS

(a)     All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(b)     The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

    (i)      The fact that there are motions for summary judgment or motions to dismiss pending;

    (ii)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

    (iii)    The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

12