IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:07-CV-511 |
| | § | |
| CDW CORPORATION, NEWEGG INC., | § | Hon. Leonard E. Davis |
| REDCATS USA, INC., SYSTEMAX, INC., | § | |
| ZAPPOS.COM, INC., TIGER DIRECT, | § | |
| INC., THE SPORTSMAN'S GUIDE, INC., | § | |
| and REDCATS USA LP, | § | |
| | | |
| Defendants. | | |

**DISCOVERY ORDER**

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, the Court enters the following Discovery Order:

1.  **Disclosures**. Within thirty (30) days after the Scheduling Conference, and without awaiting a discovery request, each party shall disclose to every other party the following information:

    A.  the correct names of the parties to the lawsuit;

    B.  the name, address, and telephone number of any potential parties;

    C.  the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    D.  the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the

          case, and a brief, fair summary of the substance of the information known by any such person;

    E.    any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    F.    any settlement agreements relevant to the subject matter of this action; and

    G.    any statement of any party to the litigation.

2.    **Additional Disclosures**.  Each party shall provide to every other party the following information:

    A.    the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;

    B.    to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules, on or before May 6, 2008, and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action.  By written agreement of all parties, alternative forms of disclosure of documents may be provided in lieu of paper copies.  For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

    C.    on or before May 6, 2008, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3.    **Testifying Experts**.  In the absence of further order, each side is limited to

| **PROPOSAL of Plaintiff** Soverain | **PROPOSAL OF Defendants** CDW Corporation, NewEgg, Inc, Redcats USA, Inc., Systemax, Inc., Zappos.com, Inc., The Sportsman's Guide, Inc. and TigerDirect, Inc. |
|---|---|
| Five (5) | Eight (8) |

:

testifying expert witnesses.  By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

    A.    The expert's name, address, and telephone number;

    B.    The subject matter on which the expert will testify;

    C.    The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting such information;

      D.    If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;

          (1)    all documents, tangible things, reports, models or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

          (2)    the expert's current resume and bibliography.

4.    **Discovery Limitations**.  Discovery is limited in this cause to the disclosures described in Paragraphs 1-3 together with 75 interrogatories per side; 100 requests for admissions per side (exempting requests relating to authentication); and 140 hours of non-expert depositions per side.  Expert depositions are limited to seven hours per expert, unless a single expert is presented with regard to more than one legal topic or addresses a single topic (e.g. infringement or damages) with respect to multiple, unrelated parties, in which event, the parties will confer in good faith to agree upon the appropriate duration for the deposition.   The parties do not otherwise alter the time limits set forth in Rule 30(d)(1) of the Federal Rules of Civil Procedure.  "Side" means a party or a group of parties with a common interest.

5.    **Privileged Information**.  There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference.  By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Except as necessary to comply with P.R.

      3-7, however, the parties are not required to include on their privilege logs any protected documents that came into existence after the date of the filing of the complaint. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion and file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order.

6. **Pre-trial disclosures**. By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party may present at trial:

    A. The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

    B. The designation of those witnesses whose testimony is expected to be presented by means of a deposition. If not taken stenographically, a transcript of the pertinent portions of the deposition testimony shall be provided.

    C. An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

      D.    Witness testimony summaries for any witness a party plans to present at trial but who was not deposed.

By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "(B)" above, and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "(C)" above.  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature**.  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it was made.

8. **Exchange of Disclosures**.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

9. **Notification of the Court**.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

10. **Duty to Supplement**.  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11. **Requests for Production**.  Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary.  However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter.  The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

12. **Discovery Disputes**.  Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

13. **Discovery Conferences**.  Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention.  Counsel shall promptly notify the Court of the results of the meeting.  Attendance by proxy is not permitted.  Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.

14. **No Excuses**.  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent Court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.