IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX INC., ZAPPOS.COM, INC., REDCATS USA, L.P., THE SPORTSMAN'S GUIDE, INC., and TIGERDIRECT, INC.,<br><br>    Defendants. | Civil Action No. 6:07-CV-00511-LED<br><br>JURY TRIAL DEMANDED |

### DEFENDANT ZAPPOS.COM, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Zappos.com, Inc., a California corporation, ("Zappos" or "Zappos-CA"), by and through its undersigned counsel, hereby answers the Amended Complaint of Plaintiff Soverain Software LLC ("Plaintiff" or "Soverain") and asserts its affirmative defenses and counterclaims as follows. Plaintiff recently directed service of process to Zappos-CA (Docket No. 116). Plaintiff previously served Zappos.com, Inc. ("Zappos-DE"), a Delaware corporation, who filed its answer on December 31, 2007. (Docket No. 60).

### ANSWER

1.    Zappos admits that Soverain filed an Amended Complaint against the named defendants. Except as so expressly admitted, Zappos denies the remaining allegations set forth in Paragraph 1 of the Amended Complaint.

## INTRODUCTION

2. Zappos admits that the Amended Complaint alleges claims of infringement of one or more of Soverain's United States Patents and that, as such, the action arises under 35 U.S.C. § 271. Zappos denies the remaining allegations set forth in Paragraph 2 of the Amended Complaint.

## THE PARTIES

3. Upon information and belief, Zappos admits the allegations set forth in Paragraph 3 of the Amended Complaint.

4. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Amended Complaint and, therefore, denies the same.

5. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Amended Complaint and, therefore, denies the same.

6. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 and, therefore, denies the same.

7. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Amended Complaint and, therefore, denies the same.

8. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Amended Complaint and, therefore, denies the same.

9. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Amended Complaint and, therefore, denies the same.

10. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Amended Complaint and, therefore, denies the same.

11. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Amended Complaint and, therefore, denies the same.

12. Zappos denies that it is a Delaware corporation. Zappos admits that it has a principal place of business at 2280 Corporate Circle Dr., Suite 100, Henderson, NV 89074 and that it does business through a website located at www.zappos.com. Except as so expressly admitted, Zappos denies the remaining allegations set forth in Paragraph 12 of the Amended Complaint.

## JURISDICTION AND VENUE

13. Zappos admits that Plaintiff purports to bring an action arising under the patent laws of the United States and that this Court has subject matter jurisdiction over such actions. Zappos denies the remaining allegations set forth in Paragraph 13 of the Amended Complaint.

14. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 to the extent that they relate to other defendants. Zappos admits the remaining allegations set forth in Paragraph 14 of the Amended Complaint.

15. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 to the extent that they relate to other defendants. Zappos admits that this Court has personal jurisdiction over it.

16. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 to the extent they relate to other defendants. Zappos admits that it is a nonresident of the State of Texas and that it does not maintain a regular place of business in Texas. Zappos admits that it does business through certain websites that are accessible by residents of Texas, but denies that this action arises out of such activity. Except as so expressly admitted, Zappos denies the remaining allegations set forth in Paragraph 16 of the Amended Complaint.

17. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Amended Complaint and, therefore, denies the same.

18. Zappos admits that United States Patent No. 5,715,314 ("the '314 patent") entitled "Network Sales System" issued on February 3, 1998, and that an alleged copy of the '314 patent was attached as Exhibit "A" to the Amended Complaint. Zappos denies that the '314 patent was duly and properly issued. Zappos admits that an Ex Parte Reexamination Certificate issued on October 9, 2007 and that an alleged copy of that certificate was attached as Exhibit "B" to the Amended Complaint. As to the remaining allegations set forth in Paragraph 18, Zappos lacks knowledge and information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.

19. Zappos admits that United States Patent No. 5,909,492 ("the '492 patent") entitled "Network Sales Systems" issued on June 1, 1999, and that an alleged copy of the '492 patent

was attached as Exhibit "C" to the Amended Complaint.  Zappos denies that the '492 patent was duly and properly issued.  Zappos admits that an Ex Parte Reexamination Certificate issued on August 7, 2007 and that an alleged copy of that certificate was attached as Exhibit "D" to the Amended Complaint.  As to the remaining allegations set forth in Paragraph 19, Zappos lacks knowledge and information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.

20. Zappos admits that United States Patent No. 7,272,639 ("the '639 patent") entitled "Internet Server Access Control and Monitoring Systems" issued on September 18, 2007, and that an alleged copy of the '639 patent was attached as Exhibit "E" to the Amended Complaint.  Zappos denies that the '639 patent was duly and properly issued.  Zappos admits that Plaintiff Soverain is stated to be the assignee on the face of Exhibit E.  As to the remaining allegations set forth in Paragraph 20, Zappos lacks knowledge and information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.

21. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Amended Complaint and, therefore, denies the same.

## ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT BY CDW

22. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Amended Complaint and, therefore, denies the same.

23. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Amended Complaint and, therefore, denies the same.

24. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Amended Complaint and, therefore, denies the same.

25. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Amended Complaint and, therefore, denies the same.

ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT BY NEWEGG

26. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Amended Complaint and, therefore, denies the same.

27. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Amended Complaint and, therefore, denies the same.

28. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Amended Complaint and, therefore, denies the same.

29. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Amended Complaint and, therefore, denies the same.

ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT
BY REDCATS, INC., REDCATS L.P. AND THE SPORTSMAN'S GUIDE

30. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Amended Complaint and, therefore, denies the

same.

31. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Amended Complaint and, therefore, denies the same.

32. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Amended Complaint and, therefore, denies the same.

33. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Amended Complaint and, therefore, denies the same.

34. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Amended Complaint and, therefore, denies the same.

### ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT BY SYSTEMAX

35. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Amended Complaint and, therefore, denies the same.

36. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Amended Complaint and, therefore, denies the same.

37. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Amended Complaint and, therefore, denies the same.

38. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Amended Complaint and, therefore, denies the same.

### ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT BY TIGERDIRECT

39. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Amended Complaint and, therefore, denies the same.

40. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Amended Complaint and, therefore, denies the same.

41. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Amended Complaint and, therefore, denies the same.

42. Zappos lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Amended Complaint and, therefore, denies the same.

### ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT BY ZAPPOS

43. Zappos denies the allegations set forth in Paragraph 43 of the Amended Complaint.

44. Zappos denies the allegations set forth in Paragraph 44 of the Amended Complaint.

45. Zappos denies the allegations set forth in Paragraph 45 of the Amended Complaint.

46.     Zappos denies the allegations set forth in Paragraph 46 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Amended Complaint, and each and every purported claim for relief therein, fails to allege facts sufficient to state a claim against Zappos.

### SECOND AFFIRMATIVE DEFENSE
### (Noninfringement)

Zappos has not infringed and is not infringing any of U.S. Patent Nos. 5,715,314; 5,715,314 C1; 5,909,492; 5,909,492 C1; 7,272,639 (the "patents-in-suit") under any theory, including direct infringement, infringement by inducement, or contributory infringement.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

The patents-in-suit and all of the claims thereof are invalid for failure to comply with one or more of the requirements for patentability, including those set forth in the Patent Act, 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 305.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff is estopped from claiming that the patents-in-suit cover any method, system, apparatus, or product of Zappos by virtue of the prior art and/or the prosecution history of the patents-in-suit.

### FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

To the extent that Plaintiff seeks damages for any alleged infringement more than six

years before the filing of this action, the claims are barred by the statutory limitation on damages pursuant to 35 U.S.C. § 286.

### SIXTH AFFIRMATIVE DEFENSE
### (Waiver, Laches, and Acquiescence)

Plaintiff's claims for damages and other relief are barred in whole or in part by the equitable doctrines of waiver, laches, and/or acquiescence, including but not limited to Plaintiff's unreasonable delay in asserting the patents-in-suit.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Provide Notice)

To the extent that Plaintiff seeks damages for any alleged infringement prior to its giving actual notice of the patents-in-suit to Zappos, its claims are barred pursuant to 35 U.S.C. § 287(a).

### EIGHTH AFFIRMATIVE DEFENSE
### (Intervening Rights)

Plaintiff's claims for damages and other relief are barred in whole or in part pursuant to 35 U.S.C. §§ 252 and 307(b).

### NINTH AFFIRMATIVE DEFENSE
### (Unenforceability)

The patents-in-suit are unenforceable due to inequitable conduct because, during the prosecution of the applications leading to the '314 and '492 patents and the parent application to the '639 patent, one or more of the named inventors failed to disclose to the United States Patent and Trademark Office ("USPTO"), with an intent to deceive, information known to them that was material to the patentability of the claimed invention.  For example, upon information and belief, the named inventor Andrew Payne, as early as June 15, 1994, was aware of a method and apparatus for conducting secure commercial transactions over the Internet that was publicly

available from a company called NetMarket ("the NetMarket System") and is prior art to the patents-in-suit.  Upon information and belief, Mr. Payne was aware that the NetMarket System was a material reference to the patents-in-suit because it utilized shopping carts and session identifiers, and Mr. Payne considered the NetMarket System to be the closest competition to his alleged invention.  Mr. Payne, however, in violation of his duties of candor, good faith, and disclosure, failed to disclose the existence of the NetMarket System to the USPTO for consideration in the applications of the '314 and '492 patents or the parent application to the '639 patent, which issued as U.S. Pat. No. 5,708,780 and contains claims directly related to those in the '639 patent.

## ZAPPOS' PRAYER FOR RELIEF

WHEREFORE, Zappos respectfully requests that the Court enter judgment in its favor and against Plaintiff Soverain Software LLC as follows:

A. Soverain take nothing by the Amended Complaint and the same be dismissed with prejudice;

B. Judgment be entered that Zappos does not infringe and has not infringed any claim of the patents-in-suit under any theory;

C. Judgment be entered that each asserted claim of the patents-in-suit is invalid and/or unenforceable;

D. No injunctive relief issues to Soverain;

E. No damages be awarded to Soverain;

F. No costs, expenses, or attorneys' fees be awarded to Soverain;

G. No other relief be awarded to Soverain;

H. This case be declared exceptional pursuant to 35 U.S.C. § 285 and attorneys' fees be awarded to Zappos;

I. Costs and expenses be awarded to Zappos as may be deemed just and appropriate; and

J. Such other and further relief as the Court deems just and proper.

## COUNTERCLAIM OF ZAPPOS.COM, INC.

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Zappos.com, Inc. ("Zappos") asserts the following counterclaim against Soverain Software LLC ("Soverain") and alleges as follows:

1. This is a complaint for a declaratory judgment of patent invalidity, unenforceability, and non-infringement. This action arises under the provisions of the Declaratory Relief Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

2. Zappos is a corporation organized under the laws of the State of California with a principal place of business located at 2280 Corporate Circle Dr., Suite 100, Henderson, NV 89074.

3. Upon information and belief, Soverain is a limited liability company organized under the laws of the State of Delaware, having a principal place of business at 233 South Wacker Drive, Suite 3970, Chicago, IL 60606.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. §§ 2201 and 2202, in that it arises under an Act of Congress relating to patents and in that there is an actual and justiciable case or controversy between Zappos and Soverain as to the non-infringement and/or invalidity of the patents-in-suit.

5. This Court has personal jurisdiction over Soverain by virtue of the fact that Soverain has submitted to the jurisdiction of this Court by bringing the instant action.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400(b).

7. As a result of the actions and statements of Soverain, an actual controversy now exists between the parties regarding the non-infringement, invalidity, and unenforceablility of the patents-in-suit.

8. Zappos has not and does not infringe directly, by inducement or by contribution, any valid and/or enforceable claim of the patents-in-suit.

## COUNT ONE
### (Declaratory Judgment of Non-infringement)

9. Zappos repeats and realleges Paragraphs 1 through 8 of the Counterclaim set out above.

10. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, *et seq.* concerning Zappos' non-infringement of the claims of the patents-in-suit.

11. Zappos has not and does not infringe directly, by inducement or by contribution, any valid and/or enforceable claim of the patents-in-suit.

12. Zappos is entitled to a declaration by the Court that is has not and does not infringe any valid and/or enforceable claims of the patents-in-suit.

## COUNT TWO
### (Declaratory Judgment of Invalidity)

13. Zappos repeats and realleges Paragraphs 1 through 12 of the Counterclaim set out above.

14. There is an actual and justiciable controversy between the parties concerning the validity of the patents-in-suit.

15. The patents-in-suit and all of the claims thereof are invalid for failure to comply with one or more of the requirements for patentability, including those set forth in the Patent Act, 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 305.

16. Zappos is entitled to a declaration by the Court that the patents-in-suit are invalid.

## COUNT THREE
### (Declaratory Judgment of Unenforceability)

17. Zappos repeats and realleges Paragraphs 1 through 16 of the Counterclaim set out above.

18. There is an actual and justiciable controversy between the parties concerning the enforceability of the patents-in-suit.

19. During the prosecution of the applications for the '314 and '492 patents and the parent application to the '639 patent, one or more of the inventors failed to disclose to the USPTO, with an intent to deceive, information known to them that was material to the patentability of the claimed invention.

20. Upon information and belief, a named inventor on the patents-in-suit, Andrew Payne, as early as June 15, 1994, was aware of a method and apparatus for conducting secure commercial transactions over the Internet that was publicly available from a company called NetMarket ("the NetMarket System") and is prior art to the patents-in-suit.

21. Upon information and belief, Mr. Payne was aware that the NetMarket System was a material reference to the patents-in-suit because it utilized shopping carts and session

identifiers, and Mr. Payne considered the NetMarket System to be the closest competition to his alleged invention.

22.     Upon information and belief, Mr. Payne committed inequitable conduct by violating his duties of candor, good faith, and disclosure through his failure to disclose the existence of the NetMarket System to the USPTO for consideration in the applications leading to the '314 and '492 patents and the parent application to the '639 patent -- which issued as U.S. Pat. No. 5,708,780 and contains claims directly related to those in the '639 patent.

23.     Zappos is entitled to a declaration by the Court that the patents-in-suit are unenforceable because of inequitable conduct.

## ZAPPOS' PRAYER FOR RELIEF

WHEREFORE, Zappos, respectfully prays that judgment be entered in its favor and against Soverain Software LLC as follows:

A.     That the Court declare and adjudicate, pursuant to 28 U.S.C. §§ 2201 and 2202, the respective rights and relations of the parties with respect to the matters in issue, including a declaration that the patents-in-suit and the claims thereof are invalid and unenforceable and that Zappos.com, Inc. has not committed any act of infringement of the patents-in-suit;

B.     That Soverain be enjoined from asserting the patents-in-suit against Zappos.com, Inc. and its representatives, agents, customers and/or contractors, present or prospective;

C.     That the Court adjudge this case to be an exceptional case under 35 U.S.C. § 285 and order Soverain to pay Zappos.com, Inc.'s attorneys' fees;

D.     That Zappos.com, Inc. recover of Soverain all costs incurred in this action;

E.     That Zappos.com, Inc. have and receive a trial by jury on all issues so triable; and

15

      F.       That the Court grant to Zappos.com, Inc. such other and further relief as it deems just and proper.

Respectfully submitted, this 3rd day of July, 2008.

> By: /s/ Eric H. Findlay
> Eric H. Findlay
> RAMEY & FLOCK, P.C.
> 100 E. Ferguson, Suite 500
> Tyler, TX  75702
> T:  903.597.3301
> F:  903.597.2413
> E:  efindlay@rameyflock.com
>
> Thomas L. Duston
> Matthew C. Nielsen
> Julianne M. Hartzell
> Scott A. Sanderson
> Marshall, Gerstein & Borun LLP
> 233 S. Wacker Dr., Suite 6300
> Chicago, IL  60606
> T:  312.474.6300
> F:  312.474.0448
> E:  tduston@marshallip.com
>
> *Attorneys for Defendants CDW Corporation, Newegg Inc. and Zappos.com, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2008, I electronically filed the foregoing **DEFENDANT ZAPPOS.COM, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

/s/  Eric H. Findlay
ERIC H. FINDLAY