AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Eastern    District of    Texas

Soverain Software LLC

**SUMMONS IN A CIVIL ACTION**

V.

CDW Corporation,
Newegg Inc.,
Redcats USA, Inc.,
Systemax Inc.,
Zappos.com, Inc.,
Redcats USA, L.P.,
The Sportsman's Guide, Inc., and
TigerDirect, Inc.

CASE NUMBER:   6:07-cv-00511-LED

FILED JUL 8 - 2008
DAVID J. MALAND, CLERK
BY DEPUTY
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

TO: (Name and address of Defendant)

Zappos.com, Inc., 2280 Corporate Circle Dr., Suite 100, Henderson, NV 89074, by and through its registered agent for service:

CT Corporation System
818 West Seventh St.
Los Angeles, CA 90017

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kenneth Adamo
Jones Day
2727 North Harwood St.
Dallas, Texas 75201-1515

an answer to the complaint which is served on you with this summons, within ___twenty (20)___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.



David Maland
CLERK OF COURT

6/9/08
DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* Artin Halici | TITLE Process Server |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served:
    818 W. 7th Street, Suite 200B,
    Los Angeles, CA 90017

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    6/16/08
               *Date*            *Signature of Server*

                             *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

| Attorney or Party without Attorney:<br>DICKMAN DAVENPORT MULTIMEDIA COURT REPOR<br>3131 TURTLE CREEK BLVD., SUITE 320<br>DALLAS, TX 75219<br>Telephone No: 214 855-5100   FAX No: 214 855-5181<br>Attorney for: Plaintiff | For Court Use Only |
|---|---|
| Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>United States District Court - Eastern District Of Texas | |
| Plaintiff: SOVERAIN SOFTWARE LLC<br>Defendant: CDW CORPORATION, ET AL. | |
| **AFFIDAVIT OF SERVICE SUMMONS IN A CIVIL ACTI** / Hearing Date: / Time: / Dept/Div: / Case Number: 6:07-CV-00511-LED | |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS IN A CIVIL ACTION; AMENDED COMPLAINT FOR PATENT INFRINGEMENT

3. a. Party served: ZAPPOS.COM, INC.
   b. Person served: JUAN DE PABLO, AUTHORIZED PERSON TO ACCEPT SERVICE OF PROCESS

4. Address where the party was served: 818 WEST 7TH STREET, SUITE 200B
   LOS ANGELES, CA 90017

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Jun. 13, 2008 (2) at: 2:37PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: ZAPPOS.COM, INC.
   Under CCP 416.10 (corporation)

7. Person Who Served Papers:
   a. ARTIN HALICI

   
   www.kernlegal.com
   **KERN LEGAL SERVICES**
   1614 W. Temple Street, Los Angeles CA 90026
   (213) 483-4900 • Fax: (213) 483-7777
   *Professional Legal Services and Photocopying at an affordable price!*

   Fee for Service: $69.50

8. I declare under penalty of perjury under the laws of the State of Texas and under the laws of the United States Of America that the foregoing is true and correct.

AFFIDAVIT OF SERVICE
SUMMONS IN A CIVIL ACTIO                    (ARTIN HALICI)          1553.81642

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Soverain Software LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 6:07-CV-00511-LED |
| ) | |
| CDW Corporation, ) | |
| Newegg Inc., ) | JURY TRIAL DEMANDED |
| Redcats USA, Inc., ) | |
| Systemax Inc., ) | |
| Zappos.com, Inc., ) | |
| Redcats USA, L.P., ) | |
| The Sportsman's Guide, Inc., and ) | |
| TigerDirect, Inc., ) | |
| ) | |
| Defendants. ) | |

**AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiff Soverain Software LLC, for its Amended Complaint against defendants CDW Corporation, Newegg Inc., Redcats USA, Inc., Systemax Inc., Zappos.com, Inc., Redcats USA, L.P., The Sportsman's Guide, Inc., and TigerDirect, Inc. (collectively, "Defendants"), alleges as follows:

INTRODUCTION

2. This is an action arising under 35 U.S.C. § 271 for Defendants' infringement of one or more of Soverain Software LLC's United States Patent Nos. 5,715,314, 5,909,492, and 7,272,639 (collectively, "the Patents-in-Suit").

## THE PARTIES

3. Plaintiff Soverain Software LLC ("Soverain") is a Delaware limited liability company with its principal place of business at 233 South Wacker Drive, Suite 3970, Chicago, IL 60606.

4. On information and belief, defendant CDW Corporation ("CDW") is an Illinois corporation with its principal place of business at 200 North Milwaukee Ave., Vernon Hills, IL 60061. CDW does business principally through, among others, the ecommerce website www.cdw.com. Defendant CDW may be served by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve CDW at its principal place of business at 200 North Milwaukee Ave., Vernon Hills, IL 60061 via Certified Mail – Return Receipt Requested.

5. On information and belief, defendant Newegg Inc. ("Newegg") is a Delaware corporation with its principal place of business at 16839 East Gale Ave., City of Industry, CA 91745. Newegg does business principally through the ecommerce website www.newegg.com. Defendant Newegg may be served by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Newegg at its principal place of business at 16839 East Gale Ave., City of Industry, CA 91745 via Certified Mail – Return Receipt Requested.

6. On information and belief, defendant Redcats USA, Inc. ("Redcats Inc.") is a Delaware corporation with its principal place of business at 463 7th Avenue, New York, NY 10018. On information and belief, defendant Redcats Inc. may be served by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil

Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Redcats Inc. at its principal place of business at 463 7th Avenue, New York, NY 10018 via Certified Mail – Return Receipt Requested.

7. On information and belief, defendant Redcats USA, L.P. ("Redcats L.P.") is a Delaware limited partnership with its principal place of business at 463 7th Avenue, New York, NY 10018. Defendant Redcats L.P. may be served by serving its registered agent in the State of Texas, C T Corporation System at 1021 Main Street, Suite 1150, Houston, TX 77002.

8. On information and belief, defendant The Sportsman's Guide, Inc. ("The Sportsman's Guide") is a Minnesota corporation with its principal place of business at 411 Farwell Ave., South St. Paul, MN 55075. Defendant The Sportsman's Guide may be served by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve The Sportsman's Guide at its principal place of business at 411 Farwell Ave., South St. Paul, MN 55075 via Certified Mail – Return Receipt Requested.

9. Defendants Redcats Inc., Redcats L.P., and The Sportsman's Guide do business jointly or severally through, among others, ecommerce websites www.sportsmansguide.com, www.onestopplus.com, www.tgw.com, and www.bargainoutfitters.com.

10. On information and belief, defendant Systemax Inc. ("Systemax") is a Delaware corporation with its principal place of business at 11 Harbor Park Dr., Port Washington, NY 11050. Systemax does business through, among others, the ecommerce website www.systemaxpc.com. Defendant Systemax may be served by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies

Code § 17.044 and asking the Secretary of State to serve Systemax at its principal place of business at 11 Harbor Park Dr., Port Washington, NY 11050 via Certified Mail – Return Receipt Requested.

11. On information and belief, defendant TigerDirect, Inc. ("TigerDirect") is a Florida corporation with its principal place of business at 7795 West Flagler, Suite 35, Miami, FL 33144. TigerDirect does business through, among others, the ecommerce website www.tigerdirect.com. Defendant TigerDirect may be served by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve TigerDirect at its principal place of business at 7795 West Flagler, Suite 35, Miami, FL 33144 via Certified Mail – Return Receipt Requested.

12. On information and belief, defendant Zappos.com, Inc. ("Zappos") is a Delaware corporation with its principal place of business at 2280 Corporate Circle Dr., Suite 100, Henderson, NV 89074. Zappos does business principally through, among others, the ecommerce website www.zappos.com. Defendant Zappos may be served by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Zappos at its principal place of business at 2280 Corporate Circle Dr., Suite 100, Henderson, NV 89074 via Certified Mail – Return Receipt Requested.

## JURISDICTION AND VENUE

13. This action arises under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court over the subject matter of this action is proper under 28 U.S.C. § 1338.

14. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

15. Personal jurisdiction exists over Defendants because they do business in Texas and infringing acts have occurred here.

16. On information and belief, defendants CDW, Newegg, Redcats Inc., The Sportsman's Guide, Systemax, TigerDirect, and Zappos are nonresidents of the State of Texas; the Secretary of State of the State of Texas is the agent for service in the State of Texas for said defendants; said defendants engaged and continue to engage in business in the State of Texas; said defendants do not maintain regular places of business in the State of Texas; said defendants do not have designated agents for service of process in the State of Texas; and this action arises out of said defendants' respective businesses in the State of Texas.

17. On information and belief, defendant Redcats LP is registered with the Secretary of State to do business in the State of Texas and has designated an agent for service of process in the State of Texas. This action arises out of said defendant's business in the State of Texas.

## PATENTS-IN-SUIT

18. Plaintiff Soverain is the owner of all right, title, and interest in United States Patent No. 5,715,314 entitled "Network Sales System" ("the '314 patent"). The '314 patent was

duly and properly issued by the United States Patent and Trademark Office ("PTO") on February 3, 1998. The '314 patent was assigned to plaintiff Soverain. The United States Patent and Trademark Office has reexamined the '314 patent and has issued Ex Parte Reexamination Certificate No. 5,715,314 C1 on October 9, 2007. A copy of the '314 patent is attached hereto as Exhibit A. A copy of the Ex Parte Reexamination Certificate No. 5,715,314 C1 is attached as Exhibit B.

19.   Plaintiff Soverain is the owner of all right, title, and interest in United States Patent No. 5,909,492 entitled "Network Sales System" ("the '492 patent"). The '492 patent was duly and properly issued by the PTO on June 1, 1999. The '492 patent was assigned to plaintiff Soverain. The PTO has reexamined the '492 patent and has issued Ex Parte Reexamination Certificate No. 5,909,492 C1 on August 7, 2007. A copy of the '492 patent is attached hereto as Exhibit C. A copy of the Ex Parte Reexamination Certificate No. 5,909,492 C1 is attached as Exhibit D.

20.   Plaintiff Soverain is the owner of all right, title, and interest in United States Patent No. 7,272,639 entitled "Internet Server Access Control And Monitoring Systems" ("the '639 patent"). The '639 patent was duly and properly issued by the PTO on September 18, 2007. The '639 patent was assigned to plaintiff Soverain. A copy of the '639 patent is attached hereto as Exhibit E.

21.   Plaintiff Soverain has marked its product with the numbers of one or more of the patents-in-suit.

## INFRINGEMENT OF THE PATENTS-IN-SUIT BY CDW

22. In violation of 35 U.S.C. § 271, defendant CDW through its ecommerce website(s) has infringed and continues to infringe the '314, '492, and '639 patents by: (a) making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

23. On information and belief, defendant CDW has had notice of its infringement of the '314, '492, and '639 patents at least as early as the filing of the original Complaint in this action.

24. Plaintiff Soverain has been damaged by the infringement of its patents by defendant CDW and will continue to be damaged by such infringement.

25. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless defendant CDW is enjoined therefrom by this Court.

## INFRINGEMENT OF THE PATENTS-IN-SUIT BY NEWEGG

26. In violation of 35 U.S.C. § 271, defendant Newegg through its ecommerce website(s) has infringed and continues to infringe the '314, '492, and '639 patents by: (a) making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those

patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

27. On information and belief, defendant Newegg has had notice of its infringement of the '314, '492, and '639 patents at least as early as the filing of the original Complaint in this action.

28. Plaintiff Soverain has been damaged by the infringement of its patents by defendant Newegg and will continue to be damaged by such infringement.

29. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless defendant Newegg is enjoined therefrom by this Court.

### INFRINGEMENT OF THE PATENTS-IN-SUIT BY REDCATS INC., REDCATS L.P. AND THE SPORTSMAN'S GUIDE

30. In violation of 35 U.S.C. § 271, defendants Redcats Inc., Redcats L.P., and The Sportsman's Guide through their ecommerce website(s) have infringed and continues to infringe the '314, '492, and '639 patents by: (a) making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

31. On information and belief, defendant Redcats Inc. has had notice of its infringement of the '314, '492, and '639 patents at least as early as the filing of the original Complaint in this action.

- 8 -

32. On information and belief, defendants Redcats L.P. and The Sportsman's Guide have had notice of their infringement of the '314, '492, and '639 patents at least as early as the filing of this Amended Complaint.

33. Plaintiff Soverain has been damaged by the infringement of its patents by defendants Redcats Inc., Redcats L.P., and The Sportsman's Guide and will continue to be damaged by such infringement.

34. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless defendants Redcats Inc., Redcats L.P., and The Sportsman's Guide are enjoined therefrom by this Court.

## INFRINGEMENT OF THE PATENTS-IN-SUIT BY SYSTEMAX

35. In violation of 35 U.S.C. § 271, defendant Systemax through its ecommerce website(s) has infringed and continues to infringe the '314, '492, and '639 patents by: (a) making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

36. On information and belief, defendant Systemax has had notice of its infringement of the '314, '492, and '639 patents at least as early as the filing of the original Complaint in this action.

37. Plaintiff Soverain has been damaged by the infringement of its patents by defendant Systemax and will continue to be damaged by such infringement.

38. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless defendant Systemax is enjoined therefrom by this Court.

### INFRINGEMENT OF THE PATENTS-IN-SUIT BY TIGERDIRECT

39. In violation of 35 U.S.C. § 271, defendant TigerDirect through its ecommerce website(s) has infringed and continues to infringe the '314, '492, and '639 patents by: (a) making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

40. On information and belief, defendant TigerDirect has had notice of its infringement of the '314, '492, and '639 patents at least as early as the filing of this Amended Complaint.

41. Plaintiff Soverain has been damaged by the infringement of its patents by defendant TigerDirect and will continue to be damaged by such infringement.

42. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless defendant TigerDirect is enjoined therefrom by this Court.

## INFRINGEMENT OF THE PATENTS-IN-SUIT BY ZAPPOS

43. In violation of 35 U.S.C. § 271, defendant Zappos through its ecommerce website(s) has infringed and continues to infringe the '314, '492, and '639 patents by: (a) making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

44. On information and belief, defendant Zappos has had notice of its infringement of the '314, '492, and '639 patents at least as early as the filing of the original Complaint in this action.

45. Plaintiff Soverain has been damaged by the infringement of its patents by defendant Zappos and will continue to be damaged by such infringement.

46. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless defendant Zappos is enjoined therefrom by this Court.

## RELIEF REQUEST

Wherefore, plaintiff Soverain respectfully requests that this Court enter judgment against Defendants CDW, Newegg, Redcats Inc., Systemax, Zappos, Redcats L.P., The Sportsman's Guide, and TigerDirect, as follows:

A. That each of the Patents-in-Suit is valid and enforceable;

B. That each of the '314, '492, and '639 patents has been infringed by defendant CDW;

C. That each of the '314, '492, and '639 patents has been infringed by defendant Newegg;

D. That each of the '314, '492, and '639 patents has been infringed by defendant Redcats Inc.;

E. That each of the '314, '492, and '639 patents has been infringed by defendant Systemax;

F. That each of the '314, '492, and '639 patents has been infringed by defendant Zappos;

G. That each of the '314, '492, and '639 patents has been infringed by defendant Redcats L.P.;

H. That each of the '314, '492, and '639 patents has been infringed by defendant The Sportsman's Guide;

I. That each of the '314, '492, and '639 patents has been infringed by defendant TigerDirect;

J. An injunction against further infringement of the Patents-in-Suit by Defendants;

K. An award of damages adequate to compensate plaintiff Soverain for the patent infringement that has occurred, together with pre-judgment interest and costs;

L. An award of all other damages permitted by 35 U.S.C. § 284, including increased damages up to three times the amount of compensatory damages found;

M. That this is an exceptional case and an award to plaintiff Soverain of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

N. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Soverain hereby incorporates by reference and restates its demand for trial by jury on all issues triable of right by a jury.

November 23, 2007

Respectfully submitted,

/s/ Kenneth R. Adamo
Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email: kradamo@jonesday.com

Mark C. Howland
State Bar No. 24027240
Email: mchowland@jonesday.com

JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100


Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email: tlgiannetti@jonesday.com

Ognian V. Shentov
NY Attorney Reg. No. 2867737
Email: ovshentov@jonesday.com


JONES DAY
222 East 41st Street
New York, New York  10017-6702
Telephone: 212-326-3939
Facsimile: 212-755-7306

ATTORNEYS FOR PLAINTIFF

# JONES DAY

2727 NORTH HARWOOD STREET • DALLAS, TEXAS 75201-1515
TELEPHONE: 214-220-3939 • FACSIMILE: 214-969-5100

Direct Number: (214) 969-4864
mmcmullen@jonesday.com

JP060161
432383-600041

July 7, 2008

VIA FEDERAL EXPRESS

Mr. David Maland
Clerk of the United States District Court
Eastern District of Texas
211 West Ferguson Street, Room 106
Tyler, Texas 75702

Re:   *Soverain Software LLC. v. CDW Corporation, et al.*, Cause No. 6:07cv511

Dear Mr. Maland:

Enclosed please find the Return of Service of Zappos.com, Inc. to be filed in the above-referenced matter.

Please do not hesitate to contact me should you have any questions or concerns in regard to the filing. Thank you in advance for your assistance.

Very truly yours,

*Michelle McMullen*

Michelle McMullen
Paralegal

Enclosure

DLI-6196079v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON