**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| _____ §<br>Soverain Software LLC, §<br> §<br>    Plaintiff, §<br> §<br>v. § Civil Action No. 6:07-cv-5 11 (LED)<br> §<br>CDW Corporation, Newegg Inc., § Jury Trial Demanded<br>Redcats USA, Inc., Systemax Inc., §<br>Zappos.com, Inc., Redcats USA, L.P., §<br>The Sportsman's Guide, Inc,. and §<br>TigerDirect, Inc. §<br> §<br>    Defendants. §<br>_____ § | |

**DEFENDANT SYSTEMAX INC.'S  ANSWER, AFFIRMATIVE**
**DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED**
**COMPLAINT FOR PATENT INFRINGEMENT**

Defendant and Counterclaim-Plaintiff Systemax, Inc. ("Systemax") hereby sets forth its Answer, Affirmative Defenses and Counterclaims to the Amended Complaint for Patent Infringement of Plaintiff and Counterclaim-Defendant Soverain Software, LLC ("Soverain"). Unless specifically admitted, all allegations in the Complaint are denied.

Responding to the individually enumerated paragraphs of the Complaint, Systemax states as follows:

1. To the extent Systemax is required to respond to any allegations contained in Paragraph 1 of the Complaint, Systemax denies any such allegations of Paragraph 1.

1

## INTRODUCTION

2.        To the extent Systemax is required to respond to any allegations contained in Paragraph 2 of the Complaint, Systemax denies any such allegations of Paragraph 2.

## PARTIES

3.        Systemax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the same.

4.        Systemax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies the same.

5.        Systemax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same.

6.        Systemax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the same.

7.        Systemax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same.

8.        Systemax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the same.

9.        Systemax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

10.        Systemax admits the allegations of Paragraph 10.

11.        Systemax admits the allegations of Paragraph 11.

12.        Systemax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same.

2

## JURISDICTION AND VENUE

13.     Systemax admits that Soverain's Complaint alleges a claim for patent infringement under the patent laws of the United States, but denies that the claim has any merit. Systemax admits that this Court has subject matter jurisdiction solely by reason of the allegation that this action arises under an Act of Congress relating to patents. Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies the same.

14.     Systemax denies the allegations of Paragraph 14.

15.     Systemax denies the allegations of Paragraph 15.

16.     Systemax admits that it is a non-resident of the State of Texas and that it engages in business in the State of Texas. Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and therefore denies the same.

17.     Systemax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same.

## PATENTS-IN-SUIT

18.     Systemax admits that, on its face, the '314 patent bears an issue date of February 3, 1998 and that, on its face, the '314 patent's reexamination certificate bears a issue date of October 9, 2007. Systemax denies that the '314 patent was "duly and properly issued by the United States Patent and Trademark Office". Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and therefore denies the same.

19.     Systemax admits that, on its face, the '492 patent bears an issue date of June 1, 1999 and that, on its face, the '492 patent's reexamination certificate bears a issue date of August 7, 2007. Systemax denies that the '492 patent was "duly and properly issued by the PTO". Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore denies the same.

20.     Systemax admits that, on its face, the '639 patent bears an issue date of September 18, 2007. Systemax denies that the '639 patent was "duly and properly issued by the PTO". Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore denies the same.

21.     Systemax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the same.

**INFRINGEMENT OF THE PATENTS-IN-SUIT BY CDW**

22.     Systemax denies the allegations of Paragraph 22 as they relate to Systemax.  Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore denies the same.

23.     Systemax denies the allegations of Paragraph 23 as they relate to Systemax.  Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore denies the same.

24.     Systemax denies the allegations of Paragraph 24 as they relate to Systemax.  Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and therefore denies the same.

4

25.     Systemax denies the allegations of Paragraph 25 as they relate to Systemax.  Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore denies the same.

## INFRINGEMENT OF THE PATENTS-IN-SUIT BY NEWEGG

26.     Systemax denies the allegations of Paragraph 26 as they relate to Systemax.  Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and therefore denies the same.

27.     Systemax denies the allegations of Paragraph 27 as they relate to Systemax.  Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and therefore denies the same.

28.     Systemax denies the allegations of Paragraph 28 as they relate to Systemax.  Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and therefore denies the same.

29.     Systemax denies the allegations of Paragraph 29 as they relate to Systemax.  Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore denies the same.

## INFRINGEMENT OF THE PATENTS-IN-SUIT BY REDCATS INC., REDCATS L.P. AND THE SPORTSMAN'S GUIDE

30.     Systemax denies the allegations of Paragraph 30 as they relate to Systemax.  Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore denies the same.

31.     Systemax denies the allegations of Paragraph 31 as they relate to Systemax.  Systemax lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in Paragraph 31 and therefore denies the same

32.     Systemax denies the allegations of Paragraph 32 as they relate to Systemax. Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and therefore denies the same.

33.     Systemax denies the allegations of Paragraph 33 as they relate to Systemax.  Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and therefore denies the same.

34.     Systemax denies the allegations of Paragraph 34 as they relate to Systemax.  Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and therefore denies the same.

### INFRINGEMENT OF THE PATENTS-IN-SUIT BY SYSTEMAX

35.     Systemax denies the allegations of Paragraph 35 as they relate to Systemax.  Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 and therefore denies the same.

36.     Systemax denies the allegations of Paragraph 36 as they relate to Systemax.  Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and therefore denies the same.

37.     Systemax denies the allegations of Paragraph 37 as they relate to Systemax.  Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and therefore denies the same.

38. Systemax denies the allegations of Paragraph 38 as they relate to Systemax. Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and therefore denies the same.

## INFRINGEMENT OF THE PATENTS-IN-SUIT BY SYSTEMAX

39.     Systemax denies the allegations of Paragraph 39.

40.     Systemax denies the allegations of Paragraph 40.

41.     Systemax denies the allegations of Paragraph 41.

42.     Systemax denies the allegations of Paragraph 42.

## INFRINGEMENT OF THE PATENTS-IN-SUIT BY ZAPPOS

43.     Systemax denies the allegations of Paragraph 43 as they relate to Systemax.  Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and therefore denies the same.

44.     Systemax denies the allegations of Paragraph 44 as they relate to Systemax.  Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and therefore denies the same.

45.     Systemax denies the allegations of Paragraph 45 as they relate to Systemax.  Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and therefore denies the same.

46.     Systemax denies the allegations of Paragraph 46 as they relate to Systemax.  Systemax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and therefore denies the same.

## RELIEF REQUEST

Systemax denies that Soverain is entitled to any of the relief set forth in the Relief Request.

**AFFIRMATIVE DEFENSES**

Systemax asserts the following defenses to the causes of action asserted in Soverain's Amended Complaint for Patent Infringement, undertaking to prove only those defenses on which it bears the burden of proof under the applicable law.

1.      Systemax has not and does not directly or indirectly infringe any valid and enforceable claim of the '314 patent, the '492 patent or the '639 patent, either literally, or under the doctrine of equivalents.

2.      The claims of the '314 patent, the '492 patent or the '639 patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 100, *et. seq.,* including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

3.      Soverain's Amended Complaint fails to state a claim upon which relief can be granted.

4.      Soverain is estopped, by virtue of the prior art and/or the prosecution history of the '314 patent, the '492 patent or the '639 patent from asserting any construction and/or scope of the claims of the '314 patent, the '492 patent or the '639 patent that would cover any products or methods used by Systemax.

5.      The claims of the '314 patent, the '492 patent or the '639 patent are unenforceable due to the applicants and or the patent owner's inequitable conduct for failure to disclose relevant, material and or non-duplicative prior art to the United State Patent And Trademark Office ("PTO") during the prosecution of patents-at-issue, with intent to deceive the PTO into allowing the claims of the '314 patent, the '492 patent or the '639 patent to issue.


**COUNTERCLAIMS**

1.      Defendant   and   Counterclaim-Plaintiff   Systemax,   Inc.   ("Systemax")   is   a

corporation organized and existing under the laws of the State of Florida with its principal place of business in Miami, Florida.

2.     Upon information and belief, Plaintiff and Counterclaim-Defendant Soverain, LLC ("Soverain") is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

3.     These counterclaims arise under federal law, and this Court has subject matter jurisdiction over these counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the Patent Laws of the United States, 35 U.S.C. § 100 *et. seq.* and 28 U.S.C. §§ 1331 and 1338.

4.     This Court has personal jurisdiction over Plaintiff and Counterclaim-Defendant Soverain because Soverain brought its claims against Systemax in this Court.

5.     Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I

### Non-Infringement of the '314 Patent

6.     Systemax incorporates and realleges Counterclaim Paragraphs 1 through 5, as though fully set forth herein.

7.     Systemax has not infringed and does not directly or indirectly infringe any valid, enforceable claim of the '314 patent, either literally or under the doctrine of equivalents.

8.     Systemax seeks a declaratory judgment that it has not infringed and does not directly or indirectly infringe any valid, enforceable claim of the '314 patent, either literally or under the doctrine of equivalents.

9

## COUNT II

### Invalidity of the '314 Patent

9.     Systemax incorporates and realleges Counterclaim Paragraphs 1 through

8, as though fully set forth herein.

10.    The '314 patent, and each claim thereof, is invalid for failing to satisfy one or more

of the requirements of the Patent Act, 35 U.S.C. § 100, *et seq.,* including, but not limited to, the

conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

11.    Systemax therefore seeks a declaratory judgment that each claim of the '314 patent is

invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 100, *et. seq.*

## COUNT III

### Unenforceability of the '314 Patent

12.    Systemax incorporates and realleges Counterclaim Paragraphs 1 through 11, as

though fully set forth herein.

13.    Upon information and belief, each of the named inventors of patents-at-issue

worked at Digital Equipment Corporation ("DEC") prior to joining Open Market.

14.    Upon information and belief, as of December of 1993, at least one of the named

inventors was involved in adapting DEC's Electronic Store-The Internet Electronic Connection

("IE-Connection Store"), which had on-line sales at the time of about 500 million dollars, allow

for sales over the World Wide Web.

15.    Upon information and belief, as detailed in Systemax/TigerDirect's Preliminary

Invalidity Contentions, DEC's IE-Connection Store is relevant, material and non-duplicative

prior art to the '314 patent.

16.    Upon information and belief, as detailed in Systemax/TigerDirect's Preliminary

10

Invalidity Contentions, at least one of the named inventors of the patents-at-issue was aware and had sufficient knowledge of  the existence and functionality of DEC's IE-Connection Store prior art.

17.     Upon information and belief, the applicants and or the patent owner did not disclose DEC's IE-Connection Store prior art to the PTO during prosecution of the '314 patent.

18.     Under 37 C.F.R. § 1.56 (a), the applicants and or the patent owner had an uncompromising duty of candor and good faith in dealing with the PTO, which included the duty to disclose all information known to them to be material to patentability.  The applicants and or the patent owner's failure to disclose the existence of DEC's IE-Connection Store violated applicants and or patent owner's uncompromising duty of candor and good faith; and was material to the patentability of each and every claim of the '314 patent.

19.     The applicants and or the patent owner's omission of the DEC's IE-Connection Store prior art was material because there was a substantial likelihood that a reasonable Examiner would have considered such information important in deciding whether to allow the '314 patent to issue.  The applicants and or the patent owner's omission was made with an intent to deceive the Examiner into allowing the '314 patent to issue.  The applicants and or the patent owner knew or should have known, that their omission of the IE-Connection Store prior art would have been material to the PTO's consideration of the patent application.

20.     Systemax therefore seeks a declaratory judgment that each claim of the '314 patent is unenforceable due to inequitable conduct during its prosecution.


## COUNT IV
### Non-Infringement of the '492 Patent

21.     Systemax incorporates and realleges Counterclaim Paragraphs 1 through 20, as

11

though fully set forth herein.

22.     Systemax has not infringed and does not directly or indirectly infringe any valid, enforceable claim of the '492 patent, either literally or under the doctrine of equivalents.

23.     Systemax seeks a declaratory judgment that it has not infringed and does not directly or indirectly infringe any valid, enforceable claim of the '492 patent, either literally or under the doctrine of equivalents.

## COUNT V

### Invalidity of the '492 Patent

24.     Systemax incorporates and realleges Counterclaim Paragraphs 1 through 23, as though fully set forth herein.

25.      The '492 patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 100, *et seq.,* including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

26.     Systemax therefore seeks a declaratory judgment that each claim of the '492 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 100, *et. seq.*

## COUNT VI

### Unenforceability of the '492 Patent

27.     Systemax incorporates and realleges Counterclaim Paragraphs 1 through 26, as though fully set forth herein.

28.     Upon information and belief, as detailed in Systemax/TigerDirect's Preliminary Invalidity Contentions, DEC's IE-Connection Store is relevant, material and non-duplicative prior art to the '492 patent.

29.     Upon information and belief, as detailed in Systemax/TigerDirect's Preliminary Invalidity Contentions, at least one of the named inventors of the patents-at-issue was aware and

had sufficient knowledge of  the existence and functionality of DEC's IE-Connection Store prior art.

30.     Upon information and belief, the applicants and or the patent owner did not disclose DEC's IE-Connection Store prior art to the PTO during prosecution of the '492 patent.

31.     Under 37 C.F.R. § 1.56 (a), the applicants and or the patent owner had an uncompromising duty of candor and good faith in dealing with the PTO, which included the duty to disclose all information known to them to be material to patentability.  The applicants and or the patent owner's failure to disclose the existence of DEC's IE-Connection Store violated applicants and or patent owner's uncompromising duty of candor and good faith; and was material to the patentability of each and every claim of the '492 patent.

32.     The applicants and or the patent owner's omission of the DEC's IE-Connection Store prior art was material because there was a substantial likelihood that a reasonable Examiner would have considered such information important in deciding whether to allow the '492 patent to issue.  The applicants and or the patent owner's omission was made with an intent to deceive the Examiner into allowing the '492 patent to issue.  The Applicants and or the patent owner knew or should have known, that their omission of the IE-Connection Store prior art would have been material to the PTO's consideration of the patent application.

33.     Systemax therefore seeks a declaratory judgment that each claim of the '492 patent is unenforceable due to inequitable conduct during its prosecution.

## COUNT VII

### Non-Infringement of the '639 Patent

34.      Systemax incorporates and realleges Counterclaim Paragraphs 1 through 33, as though fully set forth herein.

13

35.     Systemax has not infringed and does not directly or indirectly infringe any valid,

enforceable claim of the '639 patent, either literally or under the doctrine of equivalents.

36.     Systemax seeks a declaratory judgment that it has not infringed and does not directly

or indirectly infringe any valid, enforceable claim of the '639 patent, either literally or under the

doctrine of equivalents.

**COUNT VIII**

**Invalidity of the '639 Patent**

37.     Systemax incorporates and realleges Counterclaim Paragraphs 1 through 36, as

though fully set forth herein.

38.     The '639 patent, and each claim thereof, is invalid for failing to satisfy one or more

of the requirements of the Patent Act, 35 U.S.C. § 100, *et seq.,* including, but not limited to, the

conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

39.     Systemax therefore seeks a declaratory judgment that each claim of the '639

patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 100, *et.*

*seq.*

**COUNT IX**

**Unenforceability of the '639 Patent**

40.     Systemax incorporates and realleges Counterclaim Paragraphs 1 through 39, as

though fully set forth herein.

41.     Upon information and belief, as detailed in Systemax/TigerDirect's Preliminary

Invalidity Contentions, DEC's IE-Connection Store is relevant, material and non-duplicative

prior art to the '639 patent.

42.     Upon information and belief, as detailed in Systemax/TigerDirect's Preliminary

Invalidity Contentions, at least one of the named inventors of the patents-at-issue was aware and

14

had sufficient knowledge of  the existence and functionality of DEC's IE-Connection Store prior art.

43.     Upon information and belief, the applicants and or the patent owner did not disclose DEC's IE-Connection Store prior art to the PTO during prosecution of the '639 patent.

44.      Upon information and belief, as detailed in Systemax/TigerDirect's Preliminary Invalidity Contentions, at least one of the named inventors of the patents-at-issue was aware and had sufficient knowledge of the following additional pieces of prior art to appreciate that each of these additional pieces of prior art was relevant, material and or non-duplicative prior art to the '639 patent:

    **a.** The X Window System;

    **b.** AudioFile, A Network-Transparent System for Distributed Audio Applications;

    **c.** "Visa Protocols for Controlling Inter-Organizational Datagram Flow: Extended Description," Estrin et al., WRL Research Report 88/5, Digital Equipment Corp., December 1988;

    **d.** "X Through the Firewall, and Other Application Relays," Winfield Treese et al., Technical Report Series, Cambridge Research Laboratory, Digital Equipment Corp., May 3, 1993.

45.     Upon information and belief, applicants and or patent owner did not disclose these additional above-listed prior art to the PTO during prosecution of the '639 patent.

46.     Under 37 C.F.R. § 1.56 (a), the applicants and or the patent owner had an uncompromising duty of candor and good faith in dealing with the PTO, which included the duty to disclose all information known to them to be material to patentability.  The applicants and or the patent owner's failure to disclose the existence of DEC's IE-Connection Store and the

15

additional above-listed prior art violated applicants and or patent owner's uncompromising duty of candor and good faith; and was material to the patentability of each and every claim of the '639 patent.

47.     The applicants and or the patent owner's omission of the DEC's IE-Connection Store prior art and the additional above-listed prior art was material because there was a substantial likelihood that a reasonable Examiner would have considered such information important in deciding whether to allow the '639 patent to issue.  The applicants and or the patent owner's omission was made with an intent to deceive the Examiner into allowing the '639 patent to issue.  The applicants and or the patent owner knew or should have known, that their omission of the DEC's IE-Connection Store prior art and the additional above-listed prior art would have been material to the PTO's consideration of the patent application.

48.     Systemax therefore seeks a declaratory judgment that each claim of the '639 patent is unenforceable due to inequitable conduct during its prosecution.

<u>**PRAYER FOR RELIEF**</u>

Systemax respectfully requests that this Court enter judgment in its favor and grant the following relief:

a.     An order and judgment declaring that Systemax does not infringe any claim of the '314, '492 or '639 patents, either literally, or under the doctrine of equivalents;

b.     An order and judgment declaring that the claims of the '314, '492 or '639 patents are invalid and/or unenforceable;

c.     Dismissal of the Complaint with prejudice; and

d.     Any other relief that the Court may deem appropriate and just under the circumstances.

16

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*Mary-Olga Lovett*

_____
Mary-Olga Lovett
Attorney in Charge
Texas Bar No. 00789289
lovettm@gtlaw.com
1000 Louisiana Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 374-3500
Telecopier: (713) 374-3505
Michael A. Nicodema (pro hac vice)
Barry J. Schindler (pro hac vice)
Gaston Kroub (pro hac vice)
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

**ATTORNEYS FOR DEFENDANTS**
**SYSTEMAX INC., AND TIGERDIRECT, INC.**

17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 21, 2008.  Any other counsel of record will be served by facsimile transmission and first class mail.

_____

Mary-Olga Lovett

18

**Counsel List for:**

**Soverain v. Systemax**

| Counsel | Company | Contact Information |
|---|---|---|
| Kenneth Robert Adamo (lead) *kradamo@jonesday.com* Mark Christopher Howland *mchowland@jonesday.com* Ognian V. Shentov ovshentov@jonesday.com (not noticed) | **Soverain Software LLC** | **Jones Day - Dallas** 2727 North Harwood St. Dallas, Tx 75201 Tel: 214-969-4856 Fax: 214-969-5100 |
| Jennifer Seraphine *jseraphine@jonesday.com* | **Soverain Software LLC** | **Jones Day - San Francisco** 555 California Street 26th Floor San Francisco, CA 94l04 Tel: (415) 875-5892 Fax: (415) 875-5700 |
| Thomas L. Gianetti *tlgiannetti@jonesday.com* Mark Christopher Howland *mchowland@jonesday.com* Barry R Satine *barryrsatine@jonesday.com* | **Soverain Software LLC** | **Jones Day - New York** 222 E 41 Street New York, NY 10017 Tel: (212) 326-3939 Fax: (212) 755-7306 |
| Herbert A. Yarbrough, III (Trey) *trey@yarbroughlawfirm.com* | **Newegg Inc.** | **Yarbrough Law Firm** 100 E Ferguson Suite 1015 Tyler, TX 75702 Tel: (903) 595-3111 Fax: (903) 595-0191 |
| Nathan J. Prepelka (?) (not noticed, but served Amend Complaint) | **Newegg Inc** | **Webb Law Firm** 700 Koppers Building 436 Seventh Avenue Pittsburgh, Penn 15219 Tel: 412-471-8815 Fax: 412-471-4094 |

| | | |
|---|---|---|
| Steven O. Gasser<br>General Counsel | **Zappos.com** | **Zappos.com**<br>2280 Corporate Circle<br>Suite 100<br>Henderson, NV 89074 |
| Theodore Herhold<br>ttherhold@townsend.com | **Zappos.com** | **Townsend & Townsend &**<br>**Crew - Palo Alto**<br>379 Lytton Ave<br>Palo Alto, CA 94301<br>650/326-2400<br>Fax: 650/326-2422 |
| Christine A. Leahy<br>VP, General Counsel &<br>Corporate Secretary | **CDW Corporation** | **CDW Corporation**<br>200 North Milwaukee Ave.<br>Vernon Hills, Il 60061 |
| Eric Hugh Findlay<br>*efindlay@rameyflock.com* | **CDW Corporation** | **Ramey & Flock**<br>100 East Ferguson<br>Ste 500<br>Tyler, TX 75702<br>Tel: (903) 597-3301<br>Fax: (903) 5972413 |