# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC,      )<br>                              )<br>    Plaintiff,                 )<br>                              )<br>    v.                        )<br>                              )<br> CDW CORPORATION,             )<br> NEWEGG INC.,                 )<br> REDCATS USA, INC.            )<br> SYSTEMAX INC.,               )<br> ZAPPOS.COM, INC.,            )<br> REDCATS USA, L.P.,           )<br> THE SPORTSMAN'S GUIDE, INC., AND )<br> TIGERDIRECT, INC.,           )<br>                              )<br>    Defendants.               )<br>                              ) | Case No. 6:07-CV-00511-LED<br><br>JURY TRIAL DEMANDED |

## SOVERAIN'S REPLY TO COUNTERCLAIM OF ZAPPOS.COM, INC.

Plaintiff Soverain Software LLC ("Soverain") replies to the corresponding numbered paragraphs of the counterclaim of Zappos.com, Inc. ("Counterclaim Plaintiff") as follows:

## COUNTERCLAIM

1.      Soverain admits that Counterclaim Plaintiff purports to assert a counterclaim under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that Counterclaim Plaintiff has stated a cause of action or any grounds for such relief.

2.      Upon information and belief, Soverain states that there are two related entities both of whom are named Zappos.com, Inc.; that both of the entities named Zappos.com, Inc. maintain their principal place of business at 2280 Corporate Circle Dr., Suite 100, Henderson, NV 89074; that one of these entities is incorporated in California and does business principally through the ecommerce website www.zappos.com and other e-commerce websites; and that the California entity was properly served with and adequately identified in the Amended Complaint.

3.      Soverain admits the allegations of Paragraph 3.

4.	Soverain admits that this Court has subject matter jurisdiction over this action but denies the remaining allegations of Paragraph 4.

5.	Soverain admits the allegations of Paragraph 5.

6.	Soverain admits the allegations of Paragraph 6.

7.	Soverain denies the allegations of Paragraph 7.

8.	Soverain denies the allegations of Paragraph 8.

## COUNT ONE

### Declaratory Judgment of Non-Infringement

9.	Soverain repeats its responses to Paragraphs 1-8 above.

10.	Soverain denies the allegations of Paragraph 10.

11.	Soverain denies the allegations of Paragraph 11.

12.	Soverain denies the allegations of Paragraph 12.

## COUNT TWO

### Declaratory Judgment of Invalidity

13.	Soverain repeats its responses to Paragraphs 1-12 above.

14.	Soverain denies the allegations of Paragraph 14.

15.	Soverain denies the allegations of Paragraph 15.

16.	Soverain denies the allegations of Paragraph 16.

## COUNT THREE

### Declaratory Judgment of Unenforceability

17.	Soverain repeats its responses to Paragraphs 1-16 above.

18.	Soverain denies the allegations of Paragraph 18.

- 3 -

19. Soverain denies the allegations of Paragraph 19.

20. Soverain admits that Andrew Payne is named as an inventor in the Patents-in-Suit (as defined in the Amended Complaint) and was aware of a company called NetMarket as early as June 15, 1994; Soverain denies the remaining allegations of Paragraph 20.

21. Soverain denies the allegations of Paragraph 21.

22. Soverain denies the allegations of Paragraph 22.

23. Soverain denies the allegations of Paragraph 23.

24. Soverain denies any allegations in Counterclaim Plaintiff's counterclaim that are not specifically admitted herein.

## PRAYER FOR RELIEF

Soverain denies that Counterclaim Plaintiff is entitled to the relief requested in its Prayer for Relief, Paragraphs A-F inclusive.

**WHEREFORE,** Soverain prays for an Order:

A. Granting judgment in Soverain's favor on all claims in Counterclaim Plaintiff's counterclaim;

B. Dismissing Counterclaim Plaintiff's counterclaim with prejudice;

C. Awarding Soverain its attorneys' fees, expenses and costs in defending against Counterclaim Plaintiff's counterclaim;

D. Awarding Soverain the relief sought in its Amended Complaint; and

NYI-4054492v2

E	Awarding Soverain such other relief as the Court deems just and proper.

Dated: July 23, 2008				Respectfully submitted,


						/s/ Thomas L. Giannetti (w/permission)
						Kenneth R. Adamo
						State Bar No. 00846960
						Lead Attorney
						Email:  kradamo@jonesday.com

						Mark C. Howland
						State Bar No. 24027240
						Email:  mchowland@jonesday.com

						JONES DAY
						2727 North Harwood Street
						Dallas, Texas 75201-1515
						Telephone:  214-220-3939
						Facsimile:  214-969-5100

						Thomas L. Giannetti
						NY Attorney Reg. No. 1632819
						Email:  tlgiannetti@jonesday.com

						Ognian V. Shentov
						NY Attorney Reg.  No. 2867737
						Email:  ovshentov@jonesday.com

						JONES DAY
						222 East 41st Street
						New York, New York 10017-6702
						Telephone:  212-326-3939
						Facsimile:  212-755-7306

						ATTORNEYS FOR PLAINTIFF

- 4 -

- 5 -

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on July 23, 2008, pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

/s/ Thomas L. Giannetti
Thomas L. Giannetti

- 5 -

NYI-4054492v2