# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CDW CORPORATION,<br>NEWEGG INC.,<br>REDCATS USA, INC.<br>SYSTEMAX INC.,<br>ZAPPOS.COM, INC.,<br>REDCATS USA, L.P.,<br>THE SPORTSMAN'S GUIDE, INC., AND<br>TIGERDIRECT, INC.,<br><br>    Defendants. | Case No. 6:07-CV-00511-LED<br><br>JURY TRIAL DEMANDED |

## SOVERAIN'S REPLY TO COUNTERCLAIMS OF TIGERDIRECT

Plaintiff Soverain Software LLC ("Soverain") replies to the corresponding numbered paragraphs of the counterclaims of Defendant TigerDirect, Inc. ("TigerDirect") as follows:

### COUNTERCLAIMS

1. Upon information and belief, Soverain admits the allegations of Paragraph 1.

2. Soverain admits the allegations of Paragraph 2.

### JURISDICTION AND VENUE

3. Soverain admits that TigerDirect purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that TigerDirect has stated a cause of action or any grounds for such relief.

4. Soverain admits the allegations of Paragraph 4.

5. Soverain admits the allegations of Paragraph 5.

## COUNT I

### Non-Infringement of the '314 Patent

6.  Soverain repeats its responses to Paragraphs 1-5 above.

7.  Soverain denies the allegations of Paragraph 7.

8.  Soverain admits that TigerDirect purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that TigerDirect has stated a cause of action or any grounds for such relief.

## COUNT II

### Invalidity of the '314 Patent

9.  Soverain repeats its responses to Paragraphs 1-8 above.

10. Soverain denies the allegations of Paragraph 10.

11. Soverain admits that TigerDirect purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that TigerDirect has stated a cause of action or any grounds for such relief.

## COUNT III

### Unenforceability of the '314 Patent

12. Soverain repeats its responses to Paragraphs 1-11 above.

13. Soverain admits the allegations of Paragraph 13.

14. Soverain denies the allegations of Paragraph 14.

15. Soverain denies the allegations of Paragraph 15.

16. Soverain admits that at least one of the named inventors of the '314, '492 and '639 patents was aware of DEC's IE-Connection Store; states that it is without knowledge or information sufficient to form a belief as to whether such awareness constitutes "sufficient

- 3 -

knowledge" as alleged and therefore denies that allegation; and denies the remaining allegations of Paragraph 16.

17.     Soverain admits that DEC's IE-Connection Store was not cited during prosecution of the '314 patent.  Soverain denies the remaining allegations of Paragraph 17.

18.     Soverain denies the allegations of Paragraph 18.

19.     Soverain denies the allegations of Paragraph 19.

20.     Soverain admits that TigerDirect purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that TigerDirect has stated a cause of action or any grounds for such relief.

## COUNT IV

### Non-Infringement of the '492 Patent

21.     Soverain repeats its responses to Paragraphs 1-20 above.

22.     Soverain denies the allegations of Paragraph 22.

23.     Soverain admits that TigerDirect purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that Tiger Direct has started a cause of action or any grounds for such relief.

## COUNT V

### Invalidity of the '492 Patent

24.     Soverain repeats its responses to Paragraphs 1-23 above.

25.     Soverain denies the allegations of Paragraph 25.

26.     Soverain admits that TigerDirect purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that TigerDirect has stated a cause of action or any grounds for such relief.

- 3 -

## COUNT VI

### Unenforceability of the '492 Patent

27.     Soverain repeats its responses to Paragraphs 1-26 above.

28.     Soverain denies the allegations of Paragraph 28.

29.     Soverain admits that at least one of the named inventors of the '314, '492 and '639 patents was aware of DEC's IE-Connection Store; states that it is without knowledge or information sufficient to form a belief as to whether such awareness constitutes "sufficient knowledge" as alleged and therefore denies that allegation; and denies the remaining allegations of Paragraph 29.

30.     Soverain admits that DEC's IE-Connection Store was not cited during prosecution of the '492 patent.  Soverain denies the remaining allegations of Paragraph 30.

31.     Soverain denies the allegations of Paragraph 31.

32.     Soverain denies the allegations of Paragraph 32.

33.     Soverain admits that TigerDirect purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that TigerDirect has started a cause of action or any grounds for such relief.

## COUNT VII

### Non-Infringement of the '639 Patent

34.     Soverain repeats its responses to Paragraphs 1-33 above.

35.     Soverain denies the allegations of Paragraph 35.

36.     Soverain admits that TigerDirect purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that TigerDirect has stated a cause of action or any grounds for such relief.

## COUNT VIII

### Invalidity of the '639 Patent

37.     Soverain repeats its responses to Paragraphs 1-36 above.

38.     Soverain denies the allegations of Paragraph 38.

39.     Soverain admits that TigerDirect purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that TigerDirect has stated a cause of action or any grounds for such relief.

## COUNT IX

### Unenforceability of the '639 Patent

40.     Soverain repeats its responses to Paragraphs 1-39 above.

41.     Soverain denies the allegations of Paragraph 41.

42.     Soverain admits that at least one of the named inventors of the '314, '492 and '639 patents was aware of DEC's IE-Connection Store; states that it is without knowledge or information sufficient to form a belief as to whether such awareness constitutes "sufficient knowledge" as alleged and therefore denies that allegation; and denies the remaining allegations of Paragraph 42.

43.     Soverain admits that DEC's IE-Connection Store was not cited during prosecution of the '639 patent.  Soverain denies the remaining allegations of Paragraph 43.

44.     Soverain admits that each of the listed items was known to at least one of the named inventors of the '314, '492 and '639 patents.  Soverain states that it is without knowledge or information sufficient to form a belief as to what constitutes "sufficient knowledge" and therefore denies that allegation.  Soverain denies the remaining allegations of Paragraph 44.

45.     Soverain admits that the listed items were not cited during prosecution of the '639 patent.  Soverain denies the remaining allegations of Paragraph 45.

46.     Soverain denies the allegations of Paragraph 46.

NYI-4112888v1

47. Soverain denies the allegations of Paragraph 47.

48. Soverain admits that TigerDirect purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that TigerDirect has started a cause of action or any grounds for such relief.

49. Soverain denies any allegations in TigerDirect's counterclaims that are not specifically admitted herein.

## PRAYER FOR RELIEF

Soverain denies that TigerDirect is entitled to the relief requested in its Prayer for Relief, Paragraphs a-d inclusive.

**WHEREFORE,** Soverain prays for an Order:

A. Granting judgment in Soverain's favor on all claims in TigerDirect's counterclaims;

B. Dismissing TigerDirect's counterclaims with prejudice;

C. Awarding Soverain its attorneys' fees, expenses and costs in defending against TigerDirect's counterclaims;

D. Awarding Soverain the relief sought in its Amended Complaint; and

E. Awarding Soverain such other relief as the Court deems just and proper.

Dated: August 11, 2008 Respectfully submitted,

/s/ Thomas L. Giannetti (w/permission)
Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email:  kradamo@jonesday.com

Mark C. Howland
State Bar No. 24027240
Email:  mchowland@jonesday.com

JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone:  214-220-3939
Facsimile:  214-969-5100

Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email:  tlgiannetti@jonesday.com

Ognian V. Shentov
NY Attorney Reg.  No. 2867737
Email:  ovshentov@jonesday.com

JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone:  212-326-3939
Facsimile:  212-755-7306

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on August 11, 2008 pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

                                                         /s/  Thomas L. Giannetti
                                                         Thomas L. Giannetti