# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

SOVERAIN SOFTWARE LLC,     )
                                  )

     Plaintiff,             )
                                  )

     v.                       )     Case No. 6:07-CV-00511-LED
                                  )

CDW CORPORATION,          )     JURY TRIAL DEMANDED
NEWEGG INC.,                 )
REDCATS USA, INC.            )
SYSTEMAX INC.,                )
ZAPPOS.COM, INC.,           )
REDCATS USA, L.P.,          )
THE SPORTSMAN'S GUIDE, INC., AND  )
SYSTEMAX, INC.,              )

     Defendants.           )
                                  )

## SOVERAIN'S REPLY TO COUNTERCLAIMS OF SYSTEMAX

Plaintiff Soverain Software LLC ("Soverain") replies to the corresponding numbered paragraphs of the counterclaims of Defendant Systemax Inc. ("Systemax") as follows:

## COUNTERCLAIMS

1.     Upon information and belief, Soverain denies the allegations of Paragraph 1.

2.     Soverain admits the allegations of Paragraph 2.

## JURISDICTION AND VENUE

3.     Soverain admits that Systemax purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that Systemax has stated a cause of action or any grounds for such relief.

4.     Soverain admits the allegations of Paragraph 4.

5.     Soverain admits the allegations of Paragraph 5.

NYI-4112885v1

## COUNT I

### Non-Infringement of the '314 Patent

6.      Soverain repeats its responses to Paragraphs 1-5 above.

7.      Soverain denies the allegations of Paragraph 7.

8.      Soverain admits that Systemax purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that Systemax has stated a cause of action or any grounds for such relief.

## COUNT II

### Invalidity of the '314 Patent

9.      Soverain repeats its responses to Paragraphs 1-8 above.

10.      Soverain denies the allegations of Paragraph 10.

11.      Soverain admits that Systemax purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that Systemax has stated a cause of action or any grounds for such relief.

## COUNT III

### Unenforceability of the '314 Patent

12.      Soverain repeats its responses to Paragraphs 1-11 above.

13.      Soverain admits the allegations of Paragraph 13.

14.      Soverain denies the allegations of Paragraph 14.

15.      Soverain denies the allegations of Paragraph 15.

16.      Soverain admits that at least one of the named inventors of the '314, '492 and '639 patents was aware of DEC's IE-Connection Store; states that it is without knowledge or information sufficient to form a belief as to whether such awareness constitutes "sufficient

NYI-4112885v1

knowledge" as alleged and therefore denies that allegation; and denies the remaining allegations of Paragraph 16.

17.     Soverain admits that DEC's IE-Connection Store was not cited during prosecution of the '314 patent.  Soverain denies the remaining allegations of Paragraph 17.

18.     Soverain denies the allegations of Paragraph 18.

19.     Soverain denies the allegations of Paragraph 19.

20.     Soverain admits that Systemax purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that Systemax has stated a cause of action or any grounds for such relief.

## COUNT IV

### Non-Infringement of the '492 Patent

21.     Soverain repeats its responses to Paragraphs 1-20 above.

22.     Soverain denies the allegations of Paragraph 22.

23.     Soverain admits that Systemax purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that Tiger Direct has started a cause of action or any grounds for such relief.

## COUNT V

### Invalidity of the '492 Patent

24.     Soverain repeats its responses to Paragraphs 1-23 above.

25.     Soverain denies the allegations of Paragraph 25.

26.     Soverain admits that Systemax purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that Systemax has stated a cause of action or any grounds for such relief.

NYI-4112885v1

## COUNT VI

### Unenforceability of the '492 Patent

27.      Soverain repeats its responses to Paragraphs 1-26 above.

28.      Soverain denies the allegations of Paragraph 28.

29.      Soverain admits that at least one of the named inventors of the '314, '492 and '639 patents was aware of DEC's IE-Connection Store; states that it is without knowledge or information sufficient to form a belief as to whether such awareness constitutes "sufficient knowledge" as alleged and therefore denies that allegation; and denies the remaining allegations of Paragraph 29.

30.      Soverain admits that DEC's IE-Connection Store was not cited during prosecution of the '492 patent.  Soverain denies the remaining allegations of Paragraph 30.

31.      Soverain denies the allegations of Paragraph 31.

32.      Soverain denies the allegations of Paragraph 32.

33.      Soverain admits that Systemax purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that Systemax has started a cause of action or any grounds for such relief.

## COUNT VII

### Non-Infringement of the '639 Patent

34.      Soverain repeats its responses to Paragraphs 1-33 above.

35.      Soverain denies the allegations of Paragraph 35.

36.      Soverain admits that Systemax purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that Systemax has stated a cause of action or any grounds for such relief.

NYI-4112885v1

## COUNT VIII

### Invalidity of the '639 Patent

37.     Soverain repeats its responses to Paragraphs 1-36 above.

38.     Soverain denies the allegations of Paragraph 38.

39.     Soverain admits that Systemax purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that Systemax has stated a cause of action or any grounds for such relief.

## COUNT IX

### Unenforceability of the '639 Patent

40.     Soverain repeats its responses to Paragraphs 1-39 above.

41.     Soverain denies the allegations of Paragraph 41.

42.     Soverain admits that at least one of the named inventors of the '314, '492 and '639 patents was aware of DEC's IE-Connection Store; states that it is without knowledge or information sufficient to form a belief as to whether such awareness constitutes "sufficient knowledge" as alleged and therefore denies that allegation; and denies the remaining allegations of Paragraph 42.

43.     Soverain admits that DEC's IE-Connection Store was not cited during prosecution of the '639 patent.  Soverain denies the remaining allegations of Paragraph 43.

44.     Soverain admits that each of the listed items was known to at least one of the named inventors of the '314, '492 and '639 patents.  Soverain states that it is without knowledge or information sufficient to form a belief as to what constitutes "sufficient knowledge" and therefore denies that allegation.  Soverain denies the remaining allegations of Paragraph 44.

45.     Soverain admits that the listed items were not cited during prosecution of the '639 patent.  Soverain denies the remaining allegations of Paragraph 45.

46.     Soverain denies the allegations of Paragraph 46.

- 5 -

47.     Soverain denies the allegations of Paragraph 47.

48.     Soverain admits that Systemax purports to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that Systemax has started a cause of action or any grounds for such relief.

49.     Soverain denies any allegations in Systemax's counterclaims that are not specifically admitted herein.

## **PRAYER FOR RELIEF**

Soverain denies that Systemax is entitled to the relief requested in its Prayer for Relief, Paragraphs a-d inclusive.

**WHEREFORE,** Soverain prays for an Order:

A.     Granting judgment in Soverain's favor on all claims in Systemax's counterclaims;

B.     Dismissing Systemax's counterclaims with prejudice;

C.     Awarding Soverain its attorneys' fees, expenses and costs in defending against Systemax's counterclaims;

D.     Awarding Soverain the relief sought in its Amended Complaint; and

E.     Awarding Soverain such other relief as the Court deems just and proper.

Dated: August 11, 2008                    Respectfully submitted,


                                          /s/ Thomas L. Giannetti (w/permission)
                                          Kenneth R. Adamo
                                          State Bar No. 00846960
                                          Lead Attorney
                                          Email:  kradamo@jonesday.com

                                          Mark C. Howland
                                          State Bar No. 24027240
                                          Email:  mchowland@jonesday.com

                                          JONES DAY
                                          2727 North Harwood Street
                                          Dallas, Texas 75201-1515
                                          Telephone:  214-220-3939
                                          Facsimile:  214-969-5100

                                          Thomas L. Giannetti
                                          NY Attorney Reg. No. 1632819
                                          Email:  tlgiannetti@jonesday.com

                                          Ognian V. Shentov
                                          NY Attorney Reg.  No. 2867737
                                          Email:  ovshentov@jonesday.com

                                          JONES DAY
                                          222 East 41st Street
                                          New York, New York 10017-6702
                                          Telephone:  212-326-3939
                                          Facsimile:  212-755-7306

                                          ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically on

August 11, 2008 pursuant to Local Rule CV-5(a) and has been served on all counsel who have

consented to electronic service.


<u>/s/  Thomas L. Giannetti</u>
Thomas L. Giannetti

NYI-4112885v1