**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SOVERAIN SOFTWARE LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>CDW CORPORATION,<br>NEWEGG INC.,<br>REDCATS USA, INC.<br>SYSTEMAX INC.,<br>ZAPPOS.COM, INC.,<br>REDCATS USA, L.P.,<br>THE SPORTSMAN'S GUIDE, INC., AND<br>TIGERDIRECT, INC.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 6:07-CV-00511-LED |

**PLAINTIFF SOVERAIN SOFTWARE LLC'S
MOTION FOR ENTRY OF PROTECTIVE ORDER**

Plaintiff Soverain Software LLC ("Soverain") hereby requests entry of the submitted

Protective Order (Exhibit A[1]), and states as follows:

**<u>Introduction</u>**

Over nine months ago, Soverain sued CDW Corporation, Newegg, Inc., Systemax, Inc.,

Zappos.com, Inc. and TigerDirect, Inc. (collectively "Defendants") for infringement of U.S.

Patent Nos. 5,715,314, 5,909,492 and 7,272,639, which relate to the field of electronic commerce.

For much of that period the parties have been engaged in negotiations regarding the appropriate

form of a Protective Order to be entered in this case.  These negotiations have been largely

productive, and plaintiff Soverain and defendants CDW Corporation ("CDW"), Newegg, Inc.

("Newegg") and Zappos.com, Inc. ("Zappos") have reached agreement on nearly all of the major

---

[1] Exhibits cited herein are attached to the Declaration of Jennifer Seraphine ("Seraphine Dec."), filed contemporaneously herewith.

provisions of the Protective Order.  Defendants Systemax, Inc. ("Systemax") and TigerDirect, Inc. ("TigerDirect"), however, have requested restrictions not sought by the other defendants on the handling of source code by Soverain's counsel and its experts that are not acceptable to Soverain.  Plaintiff Soverain seeks this Court's assistance in resolving this issue and the final language of the prosecution bar and expert disclosure provisions, and finally putting the Protective Order in this case to bed.

## Procedural History

Soverain has engaged in extensive negotiations with Defendants regarding the appropriate form of Protective Order to be entered in this case.  Over a period of months many telephone conferences were held and many drafts were exchanged.  Seraphine Dec. ¶ 5.

Previously, Soverain and defendants CDW, Newegg, and Zappos had reached agreement on the provisions governing the handling of confidential source code, and Soverain thought that Systemax and TigerDirect were also in agreement with the proposed language.  Seraphine Dec. ¶ 6.  However, Systemax and TigerDirect recently informed Soverain that they had additional source code demands in a letter dated July 31, 2008.  *See* Exhibit D.  In the July letter, Systemax and TigerDirect demanded that their source code be reviewed only at certain times, and in a "clean room" at their companies' headquarters located in Port Washington, New York, for Systemax and in Miami, Florida, for TigerDirect.  *Id.*; *see also* Exhibit E (letter dated August 6, 2008).  Soverain believes Defendants' proposal is unreasonable and unworkable for the reasons stated below.

The other two open issues – the language governing the prosecution bar, and the appropriate expert disclosures – have been the subject of considerable back and forth among the parties.  Soverain believes that the parties have reached agreement in principle on these issues, but seeks the Court's assistance in finalizing these portions of the Protective Order.  On August

21, 2008, Defendants' counsel sent Soverain proposed changes to the prosecution bar and expert disclosure provisions in the then current draft.  On September 3, 2008, Soverain accepted Defendants' changes and made some minor revisions.  To date, however, Defendants have not responded to Soverain's proposals despite repeated reminders.  Seraphine Dec. ¶ 13. Consequently Soverain cannot move forward with finalizing the protective order for submission to the Court and therefore seeks the Court's assistance.

<u>**Argument**</u>

**I.     Defendants Systemax and TigerDirect's Proposal For Additional Restrictions For The Handling Of Confidential Source Code Should Be Rejected**

As stated, as to the handling of Confidential Source Code, Soverain and defendants CDW, Newegg, and Zappos have already agreed to a Protective Order provision essentially adopted from the prior case *Soverain Software LLC v. Amazon.com, Inc. et al.*, Civil Action No. 6-04-CV-14 (E.D. Tex. Aug. 8, 2005) (hereinafter referred to as "*Soverain I*").  Those parties have already produced their source code pursuant to an agreement to treat that code in accordance with the proposed Order.  However, defendants Systemax and TigerDirect have refused to produce copies of their source code, and instead demanded that Soverain first agree to additional restrictions that are unacceptable to Soverain.  The restrictions requested are severe and unnecessarily burdensome, and, if adopted, would substantially prejudice Soverain during its review of the source code and preparation of its case.  Defendants Systemax and TigerDirect have set forth no legitimate reason why their source code requires such onerous protections. Accordingly, Soverain respectfully requests that this Court reject the additional restrictions on the handling of source code sought by Systemax and TigerDirect.

**A.    The Source Code Provision Proposed by Soverain And Agreed
to By Three of the Defendants Is Sufficient To Protect The
Confidentiality of the Parties' Source Code**

The proposed Protective Order provides more than sufficient protection for the parties'

source code.  Specifically, the proposed Protective Order provides that source code shall be

maintained in the sole custody of outside counsel for the receiving party at no more than two

locations in the United States.  *See* Exhibit A ¶ 5.4 (b).  Source code may also be taken to sites

where depositions related to the source code are being taken (for the dates associated with the

deposition), to Court, and to intermediate locations reasonably necessary to transport the source

code, so long as the source code is maintained in a secure, locked area and for non-electronic

copies, a log is maintained detailing the location of the copy.  *Id.* ¶ 5.4(d).  The proposed

Protective Order further provides that electronic source code files shall be viewed and analyzed

on a stand-alone computer, and that no electronic copies of the source code shall be made except

to have at the two authorized locations and to maintain back up copies of the information.  *Id.* ¶

5.4(c).  The Order also limits the number of hard copies of the code that may be made and/or

maintained by the receiving party to three, except as additional copies are needed for depositions,

hearings or trial.  *Id.* ¶ 5.4(h).  Finally, a log must be maintained identifying, for each time the

source code is viewed, the name of the person who accessed the code, the date and time of access,

the length of time of access, and whether and what portions of the code were printed.  *Id.* ¶

5.4(f).[2]  These provisions are, at the same time, sufficient to protect the confidentiality of the

parties' source code, but reasonable enough to allow the attorneys and experts to view and

analyze the code.

---

[2] The proposed Order also restricts access to Confidential-Source Code information to counsel, witnesses, court officials, court reporting personnel and outside consultants or experts.  *See* Exhibit A ¶¶ 5.4 (a), 2(c), 2(e), 2(f), 2(g) and 2(h), respectively.

## B.   Defendants Systemax and TigerDirect's Proposal for Handling Source Code Would Prejudice Soverain's Review Of The Code And Its Preparation of the Case

While three of the five Defendants agree that the provisions in the attached proposed Protective Order, allowing the source code to be kept at two locations of plaintiff's counsel, are sufficient to protect their source code, defendants Systemax and TigerDirect have proposed additional restrictions.  Specifically, these defendants demand that their source code must be reviewed only at certain times, and in a "clean room" at their companies' headquarters located in Port Washington, New York, for Systemax, and in Miami, Florida, for TigerDirect.  *See* Exhibits D and E (letters dated July 31, 2008 and August 6, 2008).  This would require that Soverain's counsel and experts travel to Port Washington or Miami each time they need to review or consult the code.  *See* Exhibit A ¶¶ 5.4(b) and (c).  These arrangements are extremely burdensome and inconvenient, and, as a result, would hinder Soverain's preparation of the case, especially because Soverain's experts who will be working with the code most frequently are based on the West Coast.  It is unreasonable to expect Soverain's lawyers and experts to travel to New York or Florida each time they need to review a piece of the source code.

## C.   Defendants Systemax and TigerDirect Have Not Shown A Legitimate Need For More Stringent Restrictions

Defendants Systemax and TigerDirect have not shown why their source code requires more stringent restrictions than the other three Defendants in this case or Amazon.com in the *Soverain I* litigation.[3]  In support of their proposed source code restrictions Systemax and TigerDirect provided declarations from employees Solomon Niyazov and Todd Lee, respectively, asserting the alleged need for "clean room" inspections in Port Washington and Miami.  *See*

---

[3] Amazon.com, whose ecommerce revenues are many times those of the Defendants, was highly protective of its source code, and yet agreed to permit inspection of copies of the code at two locations of Soverain's counsel.

Exhibits G and H.  In rebuttal Soverain is submitting herewith a declaration of one of its technical experts, Jack D. Grimes, Ph.D.  *See* Exhibit I.

Systemax and TigerDirect assert that they need more stringent requirements on their source code to protect it from unscrupulous individuals.  *See* Exhibits G ¶ 5 and H ¶ 5. Soverain's counsel are bound by the rules of ethics and code of professional responsibility. Similarly, Soverain's expert Jack Grimes, Ph.D. and its other experts, would be bound by the Protective Order.  Dr. Grimes, for example, has served as an expert in over 40 patent litigations and has on numerous occasions reviewed confidential information subject to a protective order, including confidential source code.  *See* Exhibit I ¶ 5.  In every instance, he has fully complied with the protective order.  *Id.*  Moreover, Dr. Grimes was an expert in the *Soverain I* litigation and reviewed the highly confidential source code of Amazon.com subject to the strict restrictions of the protective order in that case.  *Id.* at ¶ 6.  Dr. Grimes and Soverain's other experts can be expected to fully comply with the Protective Order in this case.  *See Id.* ¶ 7.

As further explained in the Grimes declaration, nothing in TigerDirect's Lee declaration supports TigerDirect's claim that its source code is appreciably more vulnerable to attack than the source code of other ecommerce companies.  *See* Exhibit I ¶¶ 9-14.  Furthermore, nothing in that declaration justifies the extraordinary security measures TigerDirect says are necessary to protect its source code.  *Id.* ¶ 15.  The same can be said of Systemax's Niyazov declaration, which is substantively word-for-word identical to the TigerDirect declaration.[4]

The Systemax and TigerDirect source code proposals are unnecessary and unworkable. Soverain's trial counsel and experts are experienced in the handling of source code, and operated

---

[4] The only differences are in the declarants' names and titles.  Counsel for Systemax has designated the Niyazov declaration "confidential restricted" and consequently it could not be shown to Dr. Grimes for his comments.  As the two declarations are substantively the same, however, Soverain submits that Dr. Grimes' rebuttal remarks are equally applicable to Systemax and TigerDirect.

under the Protective Order from the *Soverain I* litigation without any problems arising.  The provisions of Soverain's proposed Protective Order are fully sufficient to protect all Defendants' source code, and Soverain respectfully requests that they be approved by the Court.

**II.    The Parties Agree As To The Appropriate Scope Of The Patent Prosecution Bar And Expert Disclosures But Have Been Unable To Reach Closure on the Details**

While the parties agree to the inclusion of a patent prosecution bar and have extensively negotiated the scope of that bar, Defendants have not responded to Soverain's last proposal. Seraphine Dec. ¶ 13.  Soverain is, therefore, unaware if there are any remaining issues concerning the bar.  Second, the parties disagree as to the appropriate expert disclosures required to the disclosing party at the time the expert is designated to receive confidential information. Although Soverain submits that adopting the same disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(2) is more than enough protection, it has nonetheless agreed to give Defendants some of the additional information they have requested.  Defendants have likewise not responded to Soverain's last expert disclosure proposal.  Once again, Soverain is unaware if there are any outstanding issues concerning this issue.

**A.    The Proposed Prosecution Bar Provides Defendants With More Than Adequate Protection**

Soverain does not dispute that it is appropriate that the Protective Order contain a patent prosecution bar, limiting activities related to patent prosecution by persons who have access to confidential information from the opposing party.  In Soverain's two prior cases in this Court against Amazon.com, the same Protective Order including a prosecution bar provision was entered.  Soverain therefore initially proposed that the Protective Order from *Soverain I* be entered here.  Seraphine Dec. ¶ 4.  Defendants would not accept the prior Order, despite being unable to identify any concerns that would distinguish this case or the confidential information that will be produced from that produced by Amazon.com.

Soverain has attempted to address Defendants' concerns by adding a covenant not to sue to the Protective Order.  *See* Exhibit A ¶ 5.3 (b).  The parties have extensively negotiated the covenant, which further protects Defendants by excepting one in-house counsel from each party from the prosecution bar only on the express condition that information disclosed in this case may not later be asserted in any patent claim against the disclosing party.  Specifically, the provision states that if an individual participates in both patent prosecution and this patent litigation, and has had access to information designated as "Confidential-Restricted," that person and the party to this litigation would be restricted from asserting against the disclosing party any patent claims stemming from the disclosed "Confidential-Restricted" information.  *Id.*

Soverain's proposed prosecution bar is consistent with the intent of the parties and is more than sufficient to protect each party's confidential information from being used by individuals involved in patent prosecution.  The added covenant provides Defendants with more than adequate protection.  Soverain therefore asks the Court to enter the Protective Order of Exhibit A to the Seraphine Declaration, thereby approving this proposed prosecution bar provision.

**B.    The Protective Order Exceeds The Expert Disclosure
Requirements of Federal Rule 26(a)(2) But The Parties
Still Have Not Been Able To Reach Closure_____**

The expert disclosure provision in the proposed Protective Order is consistent with Federal Rule 26(a)(2), which provides for the following information to be disclosed: (i) the expert's qualifications, including a list of all publications authored in the previous 10 years, and (ii) a list of all other cases in which, during the previous four years, the expert testified as an expert at trial or by deposition.  Soverain submits that adopting the Rule 26(a)(2) requirements here is more than adequate.  Soverain has nonetheless agreed to give Defendants some of the additional information they have requested. Soverain's proposed Protective Order provides that

the expert disclosure include: (i) the current Curriculum Vitae of the proposed consultant or expert, (ii) a list of all publications authored in the prior ten years, (iii) a list of all other cases in which, during the previous four years, the proposed consultant or expert has testified as an expert at trial or deposition, and (iv) an identification of all parties who have employed the expert or consultant for the past four years. *See* Exhibit A ¶ 2(h).  Additionally, if there is a contractual confidentiality obligation with respect to (iv) above, the disclosure would include a statement as to whether the party employing the expert or consultant competes or competed in any way with the party from whom consent to the disclosure is sought and be a statement of the nature of the employment including the dates thereof.  *Id.*

The proposed expert disclosure provision provides more than ample information to the disclosing party to be able to make an informed decision as to whether its confidential information or documents should be disclosed to the outside consultant or expert.  However, Defendants have not responded to Soverain's proposal.  Accordingly, Soverain asks the Court to approve the proposed expert disclosure provision in the Protective Order of Exhibit A.

<u>**Conclusion**</u>

For the reasons presented above, Soverain respectfully requests that the Court enter Soverain's proposed Protective Order of Exhibit A.

Respectfully submitted this 19th day of September 2008.


/s/ Thomas L. Giannetti (with permission)
Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email:  kradamo@jonesday.com
Mark C. Howland
State Bar No. 24027240
Email:  mchowland@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone:  214-220-3939
Facsimile:  214-969-5100

Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email:  tlgiannetti@jonesday.com
Ognian V. Shentov
NY Attorney Reg.  No. 2867737
Email:  ovshentov@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone:  212-326-3939
Facsimile:  212-755-7306

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of Plaintiff Soverain Software LLC's Motion for Entry of Protective Order filed in the above-captioned matter was served on September 19, 2008, via the Court's ECM/ECF service, to all counsel of record who have consented to such electronic service under Local Rule CV-5(a).


/s/   Carrie L. Ortner


NYI-4121499v5