# EXHIBIT B



**Thomas L Giannetti/JonesDay**
Extension 7-3917
01/30/2008 03:05 PM

To tduston@marshallip.com, efindlay@rameyflock.com, sgardner@kilpatrickstockton.com, mikejones@potterminton.com, lovettm@gtlaw.com

cc

bcc Elaine L. Goodman/JonesDay

Subject Soverain Software v. CDW et al.

History:     This message has been replied to.

Counsel:

For your consideration a proposed form of protective order follows. It is based on the protective order entered in the Amazon litigation. We made a few minor changes correcting typos and for clarification, but substantively it is the same as the order signed by Judge Davis in that case. Please let us know if you agree to our proposed order.

Sincerely,

Thomas L. Giannetti
Jones Day
Tel: 212-326-3917
Fax: 212-755-7306
email: tlgiannetti@jonesday.com


DOC137.PDF

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § § | Civil Action No. 6:07-CV-511 |
| CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX, INC., ZAPPOS.COM, INC., TIGER DIRECT, INC., THE SPORTSMAN'S GUIDE, INC., and REDCATS USA LP, | | Hon. Leonard E. Davis |
| Defendants. | | |

## PROTECTIVE ORDER

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

For the purpose of this Order:

a. "Documents" includes all tangible written, recorded (electronically or otherwise), or graphic material, whether produced or created by a party or another person, and whether produced pursuant to the discovery rules, by agreement, or otherwise, and includes, without limitation, documents, interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, affirmations, and briefs, or any portion of any of the foregoing.

b. "Confidential Document" means any Document that a party to this action or the producing person believes in good faith contains trade secret or other confidential research,

development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), and which bears the legend, or is otherwise designated, "Confidential."

    c.    "Confidential Information" means information contained in Confidential Documents and/or in testimony designated as "Confidential," as set forth below. All testimony that refers or relates to Confidential Documents or Information, and all deposition exhibits that consist of or contain Confidential Documents or Information, shall automatically be deemed to carry those designations. Confidential Information further includes information disclosed orally that the disclosing party believes in good faith contains trade secret or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), provided that, within ten (10) days after such disclosure, the disclosing party delivers to the receiving party a written document describing the information disclosed and referencing the place and date of such disclosure. Confidential Documents and Information do not include any document or information that is: (i) generally known to those in the industry prior to any disclosure hereunder, or (ii) generally known to those in the industry without breach of this Order; or (iii) approved for release by written authorization of the party who owns the information; or (iv) disclosed to the receiving party by a third party lawfully possessing such document or information and under no obligation of confidentiality; or (v) developed independently by the receiving party or any employees or designated agents thereof independently and without any use whatsoever of information received by the receiving party under this Order; or (vi) (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for or statutory entitlement to confidential treatment.

In support of this Order, the Court finds that:

1. Confidential Documents or Information that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Documents or Information could severely injure or damage the party disclosing or producing the Confidential Documents or Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Documents or Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Documents or Information as to the confidential and/or trade secret nature of such Confidential Documents or Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. Confidential Documents and Information shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

2. Confidential Documents and Information may be disclosed only to the following persons ("Qualified Persons"):

 a. One in-house counsel of each party, provided that each such counsel is involved in the prosecution or defense of this action and has the need to know such information

in the prosecution or defense of this action. Each party shall identify the designated in-house counsel to the other parties before granting such access;

    b.  Outside counsel of record for the parties to this action, including their paralegal assistants and secretaries, and employees or agents of counsel, including jury and graphics consultants retained by counsel, to the extent reasonably necessary to render professional services in this action and provided that such persons are actively engaged in the prosecution or defense of this action;

    c.  Persons identified in a document designated as "Confidential" as an author of the document in part or in whole, or as persons to whom a copy of such document was sent prior to its production in this action;

    d.  Witnesses where at least one of the following conditions applies:

      i.  the witness is a current employee of the designating party;

      ii.  the witness is an inventor of a patent owned by the designating party but such disclosure is limited only to technical documents the witness authored or received during the time when such person was an employee of the designating party;

      iii.  the witness's name appears on the Confidential Document as a person who has previously seen or had access to the Confidential Document or Information;

      iv.  the designating party has consented on the record of the deposition to the disclosure of the Confidential Document or Information to the witness; or

      v.  the party wishing to disclose the Confidential Document or Information to the witness notifies the designating party of that desire, with a specific listing of the Confidential Documents or Information to be so disclosed, and the designating party consents in writing to such disclosure, which consent will not be unreasonably withheld. If, however,

such consent in writing is not received, such Confidential Documents or Information may not be disclosed to the witness until and unless the party wishing to disclosed the Confidential Documents or Information to the witness moves for and obtains appropriate relief from the Court upon good cause shown.

Witnesses to whom Confidential Documents or Information is disclosed under subparagraphs (d) (ii), (iii), (iv) or (v) shall not be allowed to retain copies of the Confidential Documents. However, a witness who was shown Confidential Documents during a deposition may review the Confidential Documents while reviewing his or her transcript, provided that any Confidential Documents are not retained by the witness after he or she has completed his or her review of the transcript for accuracy;

      e.      Court officials involved in this action;

      f.      Court reporting personnel involved in taking, videotaping or transcribing testimony in this action, provided that any such court reporting personnel agrees that all Confidential Documents and Information designated as such under this Order shall remain "Confidential" and shall not be disclosed, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the court reporting personnel or delivered to counsel of record;

      g.      Outside consultants or experts retained for the purpose of assisting counsel in this action, subject to the condition that such consultant or expert, prior to any disclosure of Confidential Documents or Information thereto, be identified to the disclosing party no less than ten (10) days prior to a proposed disclosure, with full identification of the proposed consultant or expert to whom the Confidential Documents or Information are to be disclosed, including the Curriculum Vitae of the proposed consultant or expert, a list of all publications by the proposed

consultant or expert for the past ten (10) years, and a list identifying all lawsuits in which the proposed consultant or expert was involved in any capacity for the past ten (10) years, with the proviso that, if within that ten (10) day period, an objection is stated to such disclosure, no such disclosure will be made without prior Court approval.

3. Confidential Documents and Information shall be used solely for the prosecution or defense of this action.

4. Notwithstanding the provisions of paragraphs 2 and 3 hereto, a party or producing person is free to disclose or use his, her or its own Confidential Documents or Information without restriction.

5. Any persons in the categories of paragraphs 2(a), 2(b), or 2(g) who have access to another party's Confidential Documents or Information shall not engage in the following activities for at least two years following the completion of this litigation:

   a. preparing and/or prosecuting any application for a party for a patent (or portion thereof), either in the United States or abroad (and including applications filed under the Patent Cooperation Treaty), relating to the field of electronic commerce, or assisting, supervising, or advising in the preparation or prosecution thereof; and/or

   b. preparing and/or prosecuting patent claims for a party relating to the field of electronic commerce, or assisting, supervising, or advising in the preparation or prosecution thereof.

   c. Katharine Wolanyk is excluded from the limitations on "assisting, supervising, or advising" in paragraphs 5(a) and (b) above, provided that she not receive any of the following Confidential Information of the Defendants: source code specifications or technical specifications for future product development.

- 6 -

6.      Before any person described in paragraph 2(a), 2(d)(v), or 2(g) is given access to Confidential Documents or Information, the individual to whom disclosure is to be made shall sign and date an undertaking substantially in the form of the attached Exhibit A. A copy of such undertaking shall be held by counsel of record for the party so disclosing the Confidential Documents or Information. The parties agree not to use the undertakings for any purpose other than monitoring and enforcing compliance with this Order.

7.      Counsel for the parties to whom Confidential Documents or Information have been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order.

8.      Confidential Documents and Information shall not be filed with the Court except when required by Court rule or in connection with motions or applications submitted to the Court. Confidential Documents, and any documents containing or referring to Confidential Information (including, without limitation, deposition transcripts, exhibits, briefs, affidavits, and affirmations), if filed, shall be filed under seal.

9.      At a deposition or within ten (10) days after receiving a deposition transcript, counsel for any of the parties or the deponent may designate specific testimony or transcript pages as Confidential by notice on the record at the deposition or in writing to counsel for all parties and for the deponent. Until the expiration of the ten (10) day period, all of the testimony contained in the transcript volume shall be treated as Confidential. To the extent that Confidential Documents or Information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Confidential Documents or Information, without the need for further designation.

10. At any time after the delivery of Confidential Documents or Information, counsel for the party or parties receiving the Confidential Documents or Information may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the disclosing party. If the parties are unable to agree as to whether the Confidential designation of the documents or information is appropriate, the receiving party or parties shall certify to the Court that the parties cannot reach an agreement as to the Confidential nature of all or a portion of the Confidential Documents or Information. Thereafter, the disclosing party shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Confidential Documents or Information in dispute. The disclosing party shall have the burden of establishing that the disputed Confidential Documents or Information are entitled to Confidential treatment. If the disclosing party does not timely file a motion for protective order, then the Confidential Documents or Information in dispute shall no longer be subject to Confidential treatment as provided in this Order. All Confidential Documents and Information are entitled to Confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Confidential Document or Information is entitled to Confidential treatment.

11. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

12. A designating party that inadvertently fails to mark an item as "Confidential" at the time of the production, or fails to provide a written description of orally disclosed Confidential Information, shall not be deemed to have waived, in whole or in part, any claim of

confidentiality, either as to the specific information disclosed or as to any other information thereto on the same or related subject matter. In the case of documents, any such misdesignated materials shall be designated as "Confidential" as soon as reasonably possible after the producing party becomes aware of the inadvertent failure to mark. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked as Confidential material. Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked items and all copies thereof. In the case of orally disclosed information, a written description of the information must be provided, as set forth above.

13. The party or parties receiving Confidential Documents or Information shall not under any circumstances sell, offer for sale, advertise, or publicize them.

14. Documents or other things that are designated Confidential and contain a party's source code may be designated "CONFIDENTIAL --SOURCE CODE" and shall be provided the following further protections.

14.1 Any and all such source code documents, regardless of form, shall be maintained in the sole custody and control of outside counsel of record in the United States ("Source Code Custodian").

14.2 Any hard (non-electronic) copies of such source code shall be stored and viewed only within the United States at: (a) at most two designated United States offices of the Source Code Custodian; (b) the sites where any depositions relating to the source code is taken for the dates associated with the taking of the deposition; (c) the Court; or (d) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to a deposition). Any and all such copies shall be maintained in a secured, locked area. For each and every non-electronic

copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy.

14.3 Any source code produced in electronic form shall be stored and viewed only at most two designated United States offices of the Source Code Custodian and shall be maintained in a secured, locked area. Any such source code shall only be viewed or analyzed on a stand-alone computer (a computer that is not connected to any internal or external computer or computer network) located within the designated United States offices of the Source Code Custodian. No electronic copies of such source code shall be made, except as necessary to provide an electronic copy of such source code at each such location and to maintain back-up copies of the information on each such computer. The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time the source code is viewed, accessed, or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard copies of any portion of the code were printed and the portion of the code printed.

14.4 Access to information designated CONFIDENTIAL-SOURCE CODE shall be limited to those persons set forth in paragraphs 2(b), 2(d)(i), 2(d)(iii), 2(d)(iv), 2(e), 2(f), and 2(g).

15. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those Confidential Documents and Information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Confidential Documents and Information for enforcement of the provisions of this Order following termination of this litigation.

16.     This Order shall apply to any non-party to this action who shall be called upon to make discovery or provide deposition or other testimony in connection with this action. Such non-party shall be deemed to avail itself of the provisions and protections of this Order by making production or providing testimony consistent with it.

17.     The provisions of this Order shall not terminate at the conclusion of this action. Within thirty (30) days after the final conclusion of all aspects of this action by judgment not subject to appeal or by settlement, Confidential Documents and all copies of same, and all documents containing or referring to Confidential Information, other than trial and deposition transcripts, trial and deposition exhibits, and briefs, counsel work papers, memoranda or other documents or papers filed with the Court, and undertakings executed pursuant to paragraph 6 hereto, shall either be returned to the producing party or person or destroyed, with the exception of source code documents, which shall be returned to the producing party. All parties or persons that received Confidential Documents or Information shall make certification of compliance with this section and shall deliver same to counsel for the person that produced the documents or disclosed the information not more than sixty (60) days after the final conclusion of this action. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

18.     The inadvertent production of documents subject to the protection of the attorney-client privilege, work product doctrine, or other privilege shall not constitute a waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications. The producing party shall notify the receiving party in writing of any such inadvertently produced documents as soon as reasonably possible after the producing party becomes aware of their inadvertent production. Upon receipt of such

notice, the receiving party shall, within three (3) days, or sooner if that is possible, return all such documents to the producing party, along with any copies made thereof.

19.     This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

So **ORDERED** and **SIGNED** this _____ day of _____, 2008.

_____
**UNITED STATES DISTRICT JUDGE**

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 6:07-CV-511 |
| CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX, INC., ZAPPOS.COM, INC., TIGER DIRECT, INC., THE SPORTSMAN'S GUIDE, INC., and REDCATS USA LP, | § § § § § § | Hon. Leonard E. Davis |
| Defendants. | | |

## UNDERTAKING CONCERNING CONFIDENTIALITY

I,_____, hereby certify that:

1. I have read the Protective Order entered in the above-captioned action and understand its terms.

2. I agree to be bound by the terms of the Protective Order. I agree to use Confidential Documents and Information provided to me pursuant to the Protective Order in this case only for purposes of this litigation.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action may subject me, without limitation, to penalties for contempt of Court.

4.   I submit to the jurisdiction of the Court in the above-captioned action for the purpose of enforcing the terms of the Protective Order and freely and knowingly waive any right that I may otherwise have to object to the jurisdiction of said Court.

Date: _____

Signature: _____

Print Name: _____