# EXHIBIT C



**Thomas L Giannetti/JonesDay**
Extension 7-3917

01/30/2008 03:05 PM

To  tduston@marshallip.com, efindlay@rameyflock.com,
      sgardner@kilpatrickstockton.com,
      mikejones@potterminton.com, lovettm@gtlaw.com

cc

bcc  Elaine L. Goodman/JonesDay

Subject  Soverain Software v. CDW et al.

History:        This message has been replied to.

Counsel:

For your consideration a proposed form of protective order follows.  It is based on the protective order
entered in the Amazon litigation.  We made a few minor  changes correcting typos and for clarification,
but substantively it is the same as the order signed by Judge Davis in that case.  Please let us know if you
agree to our proposed order.

Sincerely,

Thomas L. Giannetti
Jones Day
Tel: 212-326-3917
Fax: 212-755-7306
email: tlgiannetti@jonesday.com


DOC137.PDF

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by
attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

SOVERAIN SOFTWARE LLC,                    §
                                          §
    Plaintiff,                        §
                                          §
v.                                        §       Civil Action No.  6:07-CV-511
                                          §
CDW CORPORATION, NEWEGG INC.,             §       Hon. Leonard E. Davis
REDCATS USA, INC., SYSTEMAX, INC.,        §
ZAPPOS.COM, INC., TIGER DIRECT,           §
INC., THE SPORTSMAN'S GUIDE, INC.,        §
and REDCATS USA LP,                       §
                                          §
    Defendants.                       §


**PROTECTIVE ORDER**

    This Protective Order is issued to facilitate document disclosure and production under the

Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless modified pursuant to

the terms contained in this Order, this Order shall remain in effect through the conclusion of this

litigation.

    For the purpose of this Order:

    a.    "Documents" includes all tangible written, recorded (electronically or otherwise),

or graphic material, whether produced or created by a party or another person, and whether

produced pursuant to the discovery rules, by agreement, or otherwise, and includes, without

limitation, documents, interrogatory answers, responses to requests for admissions, deposition

transcripts and exhibits, pleadings, motions, affidavits, affirmations, and briefs, or any portion of

any of the foregoing.

    b.    "Confidential Document" means any Document that a party to this action or the

producing person believes in good faith contains trade secret or other confidential research,

development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), and which bears the legend, or is otherwise designated, "Confidential."

      c.    "Confidential Information" means information contained in Confidential Documents and/or in testimony designated as "Confidential," as set forth below.  All testimony that refers or relates to Confidential Documents or Information, and all deposition exhibits that consist of or contain Confidential Documents or Information, shall automatically be deemed to carry those designations.  Confidential Information further includes information disclosed orally that the disclosing party believes in good faith contains trade secret or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), provided that, within ten (10) days after such disclosure, the disclosing party delivers to the receiving party a written document describing the information disclosed and referencing the place and date of such disclosure.  Confidential Documents and Information do not include any document or information that is: (i) generally known to those in the industry prior to any disclosure hereunder, or (ii) generally known to those in the industry without breach of this Order; or (iii) approved for release by written authorization of the party who owns the information; or (iv) disclosed to the receiving party by a third party lawfully possessing such document or information and under no obligation of confidentiality; or (v) developed independently by the receiving party or any employees or designated agents thereof independently and without any use whatsoever of information received by the receiving party under this Order; or (vi) (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for or statutory entitlement to confidential treatment.

In support of this Order, the Court finds that:

1.      Confidential Documents or Information that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2.      The parties to this litigation may assert that public dissemination and disclosure of Confidential Documents or Information could severely injure or damage the party disclosing or producing the Confidential Documents or Information and could place that party at a competitive disadvantage;

3.      Counsel for the party or parties receiving Confidential Documents or Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Documents or Information as to the confidential and/or trade secret nature of such Confidential Documents or Information; and

4.      To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1.      Confidential Documents and Information shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

2.      Confidential Documents and Information may be disclosed only to the following persons ("Qualified Persons"):

a.      One in-house counsel of each party, provided that each such counsel is involved in the prosecution or defense of this action and has the need to know such information

- 3 -

in the prosecution or defense of this action.  Each party shall identify the designated in-house counsel to the other parties before granting such access;

        b.     Outside counsel of record for the parties to this action, including their paralegal assistants and secretaries, and employees or agents of counsel, including jury and graphics consultants retained by counsel, to the extent reasonably necessary to render professional services in this action and provided that such persons are actively engaged in the prosecution or defense of this action;

        c.     Persons identified in a document designated as "Confidential" as an author of the document in part or in whole, or as persons to whom a copy of such document was sent prior to its production in this action;

        d.     Witnesses where at least one of the following conditions applies:

            i.     the witness is a current employee of the designating party;

            ii.     the witness is an inventor of a patent owned by the designating party but such disclosure is limited only to technical documents the witness authored or received during the time when such person was an employee of the designating party;

            iii.     the witness's name appears on the Confidential Document as a person who has previously seen or had access to the Confidential Document or Information;

            iv.     the designating party has consented on the record of the deposition to the disclosure of the Confidential Document or Information to the witness; or

            v.     the party wishing to disclose the Confidential Document or Information to the witness notifies the designating party of that desire, with a specific listing of the Confidential Documents or Information to be so disclosed, and the designating party consents in writing to such disclosure, which consent will not be unreasonably withheld.  If, however,

- 4 -

such consent in writing is not received, such Confidential Documents or Information may not be disclosed to the witness until and unless the party wishing to disclosed the Confidential Documents or Information to the witness moves for and obtains appropriate relief from the Court upon good cause shown.

Witnesses to whom Confidential Documents or Information is disclosed under subparagraphs (d) (ii), (iii), (iv) or (v) shall not be allowed to retain copies of the Confidential Documents.  However, a witness who was shown Confidential Documents during a deposition may review the Confidential Documents while reviewing his or her transcript, provided that any Confidential Documents are not retained by the witness after he or she has completed his or her review of the transcript for accuracy;

   e.  Court officials involved in this action;

   f.  Court reporting personnel involved in taking, videotaping or transcribing testimony in this action, provided that any such court reporting personnel agrees that all Confidential Documents and Information designated as such under this Order shall remain "Confidential" and shall not be disclosed, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the court reporting personnel or delivered to counsel of record;

   g.  Outside consultants or experts retained for the purpose of assisting counsel in this action, subject to the condition that such consultant or expert, prior to any disclosure of Confidential Documents or Information thereto, be identified to the disclosing party no less than ten (10) days prior to a proposed disclosure, with full identification of the proposed consultant or expert to whom the Confidential Documents or Information are to be disclosed, including the Curriculum Vitae of the proposed consultant or expert, a list of all publications by the proposed

consultant or expert for the past ten (10) years, and a list identifying all lawsuits in which the proposed consultant or expert was involved in any capacity for the past ten (10) years, with the proviso that, if within that ten (10) day period, an objection is stated to such disclosure, no such disclosure will be made without prior Court approval.

3.  Confidential Documents and Information shall be used solely for the prosecution or defense of this action.

4.  Notwithstanding the provisions of paragraphs 2 and 3 hereto, a party or producing person is free to disclose or use his, her or its own Confidential Documents or Information without restriction.

5.  Any persons in the categories of paragraphs 2(a), 2(b), or 2(g) who have access to another party's Confidential Documents or Information shall not engage in the following activities for at least two years following the completion of this litigation:

a.  preparing and/or prosecuting any application for a party for a patent (or portion thereof), either in the United States or abroad (and including applications filed under the Patent Cooperation Treaty), relating to the field of electronic commerce, or assisting, supervising, or advising in the preparation or prosecution thereof; and/or

b.  preparing and/or prosecuting patent claims for a party relating to the field of electronic commerce, or assisting, supervising, or advising in the preparation or prosecution thereof.

c.  Katharine Wolanyk is excluded from the limitations on "assisting, supervising, or advising" in paragraphs 5(a) and (b) above, provided that she not receive any of the following Confidential Information of the Defendants:  source code specifications or technical specifications for future product development.

- 6 -

6.      Before any person described in paragraph 2(a), 2(d)(v), or 2(g) is given access to Confidential Documents or Information, the individual to whom disclosure is to be made shall sign and date an undertaking substantially in the form of the attached Exhibit A.  A copy of such undertaking shall be held by counsel of record for the party so disclosing the Confidential Documents or Information.  The parties agree not to use the undertakings for any purpose other than monitoring and enforcing compliance with this Order.

7.      Counsel for the parties to whom Confidential Documents or Information have been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order.

8.      Confidential Documents and Information shall not be filed with the Court except when required by Court rule or in connection with motions or applications submitted to the Court.  Confidential Documents, and any documents containing or referring to Confidential Information (including, without limitation, deposition transcripts, exhibits, briefs, affidavits, and affirmations), if filed, shall be filed under seal.

9.      At a deposition or within ten (10) days after receiving a deposition transcript, counsel for any of the parties or the deponent may designate specific testimony or transcript pages as Confidential by notice on the record at the deposition or in writing to counsel for all parties and for the deponent.  Until the expiration of the ten (10) day period, all of the testimony contained in the transcript volume shall be treated as Confidential.  To the extent that Confidential Documents or Information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Confidential Documents or Information, without the need for further designation.

- 7 -

10.     At any time after the delivery of Confidential Documents or Information, counsel for the party or parties receiving the Confidential Documents or Information may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the disclosing party.  If the parties are unable to agree as to whether the Confidential designation of the documents or information is appropriate, the receiving party or parties shall certify to the Court that the parties cannot reach an agreement as to the Confidential nature of all or a portion of the Confidential Documents or Information.  Thereafter, the disclosing party shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Confidential Documents or Information in dispute.  The disclosing party shall have the burden of establishing that the disputed Confidential Documents or Information are entitled to Confidential treatment.  If the disclosing party does not timely file a motion for protective order, then the Confidential Documents or Information in dispute shall no longer be subject to Confidential treatment as provided in this Order.  All Confidential Documents and Information are entitled to Confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Confidential Document or Information is entitled to Confidential treatment.

11.     The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

12.     A designating party that inadvertently fails to mark an item as "Confidential" at the time of the production, or fails to provide a written description of orally disclosed Confidential Information, shall not be deemed to have waived, in whole or in part, any claim of

- 8 -

confidentiality, either as to the specific information disclosed or as to any other information thereto on the same or related subject matter.  In the case of documents, any such misdesignated materials shall be designated as "Confidential" as soon as reasonably possible after the producing party becomes aware of the inadvertent failure to mark.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked as Confidential material.  Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked items and all copies thereof.  In the case of orally disclosed information, a written description of the information must be provided, as set forth above.

13.     The party or parties receiving Confidential Documents or Information shall not under any circumstances sell, offer for sale, advertise, or publicize them.

14.     Documents or other things that are designated Confidential and contain a party's source code may be designated "CONFIDENTIAL --SOURCE CODE" and shall be provided the following further protections.

14.1    Any and all such source code documents, regardless of form, shall be maintained in the sole custody and control of outside counsel of record in the United States ("Source Code Custodian").

14.2    Any hard (non-electronic) copies of such source code shall be stored and viewed only within the United States at: (a) at most two designated United States offices of the Source Code Custodian; (b) the sites where any depositions relating to the source code is taken for the dates associated with the taking of the deposition; (c) the Court; or (d) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to a deposition).  Any and all such copies shall be maintained in a secured, locked area.  For each and every non-electronic

- 9 -

copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy.

14.3    Any source code produced in electronic form shall be stored and viewed only at most two designated United States offices of the Source Code Custodian and shall be maintained in a secured, locked area.  Any such source code shall only be viewed or analyzed on a stand-alone computer (a computer that is not connected to any internal or external computer or computer network) located within the designated United States offices of the Source Code Custodian.  No electronic copies of such source code shall be made, except as necessary to provide an electronic copy of such source code at each such location and to maintain back-up copies of the information on each such computer.  The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time the source code is viewed, accessed, or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard copies of any portion of the code were printed and the portion of the code printed.

14.4    Access to information designated CONFIDENTIAL-SOURCE CODE shall be limited to those persons set forth in paragraphs 2(b), 2(d)(i), 2(d)(iii), 2(d)(iv), 2(e), 2(f), and 2(g).

15.    After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those Confidential Documents and Information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Confidential Documents and Information for enforcement of the provisions of this Order following termination of this litigation.

16.     This Order shall apply to any non-party to this action who shall be called upon to make discovery or provide deposition or other testimony in connection with this action.  Such non-party shall be deemed to avail itself of the provisions and protections of this Order by making production or providing testimony consistent with it.

17.     The provisions of this Order shall not terminate at the conclusion of this action. Within thirty (30) days after the final conclusion of all aspects of this action by judgment not subject to appeal or by settlement, Confidential Documents and all copies of same, and all documents containing or referring to Confidential Information, other than trial and deposition transcripts, trial and deposition exhibits, and briefs, counsel work papers, memoranda or other documents or papers filed with the Court, and undertakings executed pursuant to paragraph 6 hereto, shall either be returned to the producing party or person or destroyed, with the exception of source code documents, which shall be returned to the producing party.  All parties or persons that received Confidential Documents or Information shall make certification of compliance with this section and shall deliver same to counsel for the person that produced the documents or disclosed the information not more than sixty (60) days after the final conclusion of this action. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

18.     The inadvertent production of documents subject to the protection of the attorney-client privilege, work product doctrine, or other privilege shall not constitute a waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications.  The producing party shall notify the receiving party in writing of any such inadvertently produced documents as soon as reasonably possible after the producing party becomes aware of their inadvertent production.  Upon receipt of such

- 11 -

notice, the receiving party shall, within three (3) days, or sooner if that is possible, return all such documents to the producing party, along with any copies made thereof.

19.     This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

So **ORDERED** and **SIGNED** this _____ day of _____, 2008.

_____
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  6:07-CV-511 |
| | § | |
| CDW CORPORATION, NEWEGG INC., | § | Hon. Leonard E. Davis |
| REDCATS USA, INC., SYSTEMAX, INC., | § | |
| ZAPPOS.COM, INC., TIGER DIRECT, | § | |
| INC., THE SPORTSMAN'S GUIDE, INC., | § | |
| and REDCATS USA LP, | § | |
| | § | |
| Defendants. | | |

## UNDERTAKING CONCERNING CONFIDENTIALITY

I,_____, hereby certify that:

1.      I have read the Protective Order entered in the above-captioned action and understand its terms.

2.      I agree to be bound by the terms of the Protective Order.  I agree to use Confidential Documents and Information provided to me pursuant to the Protective Order in this case only for purposes of this litigation.

3.      I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action may subject me, without limitation, to penalties for contempt of Court.

- 13 -

NYI-4055744v1

4.     I submit to the jurisdiction of the Court in the above-captioned action for the purpose of enforcing the terms of the Protective Order and freely and knowingly waive any right that I may otherwise have to object to the jurisdiction of said Court.

Date: _____

Signature: _____

Print Name: _____

- 14 -



**Barry R. Satine/JonesDay**
Extension 73904

02/20/2008 02:51 PM

To  tduston@marshallip.com, lovettm@gtlaw.com,
    tdeem@kilpatrickstockton.com
cc  Marla S Bergman/JonesDay@JonesDay
bcc Elaine L. Goodman/JonesDay
Subject  Re: Soverain/E-Discovery Issues

History:        🔄 This message has been forwarded.

Tom, Mary-Olga and Tonya:

Since Marla and I never had our conference call with you today regarding electronic discovery and the protective order, and since I will be out of town for the rest of the week, please let us know if there is a good time for us to participate in such a call with you either on Monday or Tuesday of next week.

Barry R. Satine
Jones Day
222 East 41st Street
New York, New York 10017-6702
(212) 326-3904
BarryRSatine@JonesDay.com
Marla S Bergman/JonesDay



**Marla S Bergman/JonesDay**
Extension 7-3457

02/19/2008 10:36 AM

To  <tduston@marshallip.com>, lovettm@gtlaw.com>,
    <tdeem@kilpatrickstockton.com>
cc  Barry R. Satine/JonesDay@JonesDay

Subject  Soverain/E-Discovery Issues

Counsel, Barry Satine asked me to reach out to you regarding our thoughts on e-discovery issues. Soverain collected a very large number of documents from the inventors pursuant to the discovery in the Amazon case.  In that case, targeted keyword searching identified 400,000 responsive documents. We believe the same keywords are relevant in this case, and would be willing to provide counsel with the list of words searched.  Additionally, the format of many of those documents was arcane and difficult to review in any known supportable format.  Soverain was able to provide the 400,000 documents to opposing counsel in native format on CDs.  Because of privilege concerns, we entered into an agreement whereby any document that Amazon selected for printing would be Bates numbered with a specific prefix and Soverain was provided a copy. Soverain would then conduct a review for privilege and confidentiality, and certain documents were redesignated or requested back.  This was actually a cumbersome and time consuming process.  In this case, we would like to explore the possibility of all parties producing native format documents onto a shared web based platform hosted by a vendor.  This would allow the requesting party to mark documents for production, and the producing party to review them for privilege and confidentiality on the same system.  If this approach is acceptable, we could then explore the options for the format of the productions.  We believe that this approach would result in e-discovery cost savings for all parties involved.  Please let us know whether you would like to discuss these issues tomorrow. Thanks very much,
Marla

Marla S.K. Bergman
Jones Day
222 East 41st Street
New York, New York  10017
212-326-3457 (phone)

212-755-7306 (fax)
msbergman@jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========



**Barry R. Satine/JonesDay**
Extension 73904

03/14/2008 05:28 PM

To   tdeem@kilpatrickstockton.com, tduston@marshallip.com,
     lovettm@gtlaw.com
cc   Marla S Bergman/JonesDay@JonesDay, Stela C
     Tipi/JonesDay@JonesDay
bcc  Elaine L. Goodman/JonesDay
Subject   Soverain v. CDW

During our discussion on March 3 (with Tonya and Tom), we were told of a number of items which all the defendants wished to revise in our draft of the protective order.  We also were told that we could expect to receive a revised version of  the protective order by March 7.  We have waited one additional week, and now must ask - When will we see it?

Barry R. Satine
Jones Day
222 East 41st Street
New York, New York 10017-6702
(212) 326-3904
BarryRSatine@JonesDay.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========



**Barry R. Satine/JonesDay**
Extension 73904
03/14/2008 05:56 PM

To   tlgiannetti@jonesday.com

cc   Elaine L. Goodman/JonesDay@JonesDay

bcc

Subject   Fw: Soverain v. CDW

Barry R. Satine
Jones Day
222 East 41st Street
New York, New York 10017-6702
(212) 326-3904
BarryRSatine@JonesDay.com

----- Forwarded by Barry R. Satine/JonesDay on 03/14/2008 05:56 PM -----



**"Thomas Duston"**
**<tduston@marshallip.com>**

03/14/2008 05:55 PM

To   "Barry R. Satine" <barryrsatine@JonesDay.com>,
     <tdeem@kilpatrickstockton.com>, <lovettm@gtlaw.com>

cc   "Marla S Bergman" <msbergman@JonesDay.com>, "Stela C
     Tipi" <stipi@JonesDay.com>

Subject   RE: Soverain v. CDW

Barry-

I am out of the office today, but I will be in touch with you on Monday.
As always, thanks for your patience.

Tom.


The material in this transmission contains confidential information intended
only for the addressee. If you are not the addressee, any disclosure or use of
this information by you is strictly prohibited. If you have received this
transmission in error, please delete it, destroy all copies, and notify
Marshall, Gerstein & Borun by telephone (312) 474-6300. Thank you.
*****************************************************************
-----Original Message-----

From: Barry R. Satine [mailto:barryrsatine@JonesDay.com]
Sent: Friday, March 14, 2008 4:29 PM
To: tdeem@kilpatrickstockton.com; Thomas Duston; lovettm@gtlaw.com
Cc: Marla S Bergman; Stela C Tipi
Subject: Soverain v. CDW


During our discussion on March 3 (with Tonya and Tom), we were told of a
number of items which all the defendants wished to revise in our draft
of
the protective order.  We also were told that we could expect to receive
a
revised version of  the protective order by March 7.  We have waited one
additional week, and now must ask - When will we see it?

Barry R. Satine
Jones Day
222 East 41st Street
New York, New York 10017-6702
(212) 326-3904
BarryRSatine@JonesDay.com

==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our
records
can be corrected.
==========



Barry R. Satine/JonesDay
Extension 73904

03/18/2008 11:07 AM

To    "Thomas Duston" <tduston@marshallip.com>,
      lovettm@gtlaw.com, tdeem@kilpatrickstockton.com
cc    "Marla S Bergman" <msbergman@JonesDay.com>, "Stela C
      Tipi" <stipi@JonesDay.com>
bcc   Elaine L. Goodman/JonesDay

Subject   RE: Soverain v. CDW

Tom, Mary-Olga, and Tonya:

I agree with Tom's statement that Jones Day has been patient.

With respect to the protective order:
- we sent you a draft on January 30;
- after a series of emails from us, you finally discussed the draft protective order with us on March 3, and it
was agreed that you would provide us with a proposed redraft on March 7;
- although March 7 passed with neither a redraft nor any other form of communication from you, we
waited until March 14 before inquiring as to when we would see that redraft;
- we received the attached response to our inquiry, informing us that Tom would be in touch with us on
Monday, March 17;
- March 17 now has come and gone with no further communication from any of you.

We need to start moving this process forward, and we need to do so without the need for a stream of
reminder notices from Jones Day.  Please tell us when we shall see your proposed redraft of the
protective order.  Also, please tell us whom we should be dealing with on behalf of each of the defendants
if you are not the ones with the time to address this matter.

Barry R. Satine
Jones Day
222 East 41st Street
New York, New York 10017-6702
(212) 326-3904
BarryRSatine@JonesDay.com
"Thomas Duston" <tduston@marshallip.com>



"Thomas Duston"
<tduston@marshallip.com>

03/14/2008 05:55 PM

To    "Barry R. Satine" <barryrsatine@JonesDay.com>,
      <tdeem@kilpatrickstockton.com>, <lovettm@gtlaw.com>
cc    "Marla S Bergman" <msbergman@JonesDay.com>, "Stela C
      Tipi" <stipi@JonesDay.com>

Subject   RE: Soverain v. CDW

Barry-

I am out of the office today, but I will be in touch with you on Monday.
As always, thanks for your patience.

Tom.

The material in this transmission contains confidential information intended

only for the addressee. If you are not the addressee, any disclosure or use of
this information by you is strictly prohibited. If you have received this
transmission in error, please delete it, destroy all copies, and notify
Marshall, Gerstein & Borun by telephone (312) 474-6300. Thank you.
*************************************************************
-----Original Message-----

From: Barry R. Satine [mailto:barryrsatine@JonesDay.com]
Sent: Friday, March 14, 2008 4:29 PM
To: tdeem@kilpatrickstockton.com; Thomas Duston; lovettm@gtlaw.com
Cc: Marla S Bergman; Stela C Tipi
Subject: Soverain v. CDW


During our discussion on March 3 (with Tonya and Tom), we were told of a
number of items which all the defendants wished to revise in our draft
of
the protective order.  We also were told that we could expect to receive
a
revised version of  the protective order by March 7.  We have waited one
additional week, and now must ask - When will we see it?

Barry R. Satine
Jones Day
222 East 41st Street
New York, New York 10017-6702
(212) 326-3904
BarryRSatine@JonesDay.com

==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our
records
can be corrected.
==========




==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected
by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========



**Barry R. Satine/JonesDay**
Extension 73904
03/19/2008 11:30 AM

To  tduston@marshallip.com, lovettm@gtlaw.com, tdeem@kilpatrickstockton.com
cc  Marla S Bergman/JonesDay@JonesDay, Stela C Tipi/JonesDay@JonesDay
bcc  Elaine L. Goodman/JonesDay
Subject  Fw: Soverain v. CDW

In the unlikely event that the reason for the silence following my email of yesterday is that none of you received that email, I am transmitting it you once again.  We would appreciate receiving responses to the questions posed.

Barry R. Satine
Jones Day
222 East 41st Street
New York, New York 10017-6702
(212) 326-3904
BarryRSatine@JonesDay.com

----- Forwarded by Barry R. Satine/JonesDay on 03/19/2008 11:21 AM -----



**Barry R. Satine/JonesDay**
Extension 73904
03/18/2008 11:07 AM

To  "Thomas Duston" <tduston@marshallip.com>, lovettm@gtlaw.com, tdeem@kilpatrickstockton.com
cc  "Marla S Bergman" <msbergman@JonesDay.com>, "Stela C Tipi" <stipi@JonesDay.com>
Subject  RE: Soverain v. CDW

Tom, Mary-Olga, and Tonya:

I agree with Tom's statement that Jones Day has been patient.

With respect to the protective order:
- we sent you a draft on January 30;
- after a series of emails from us, you finally discussed the draft protective order with us on March 3, and it was agreed that you would provide us with a proposed redraft on March 7;
- although March 7 passed with neither a redraft nor any other form of communication from you, we waited until March 14 before inquiring as to when we would see that redraft;
- we received the attached response to our inquiry, informing us that Tom would be in touch with us on Monday, March 17;
- March 17 now has come and gone with no further communication from any of you.

We need to start moving this process forward, and we need to do so without the need for a stream of reminder notices from Jones Day.  Please tell us when we shall see your proposed redraft of the protective order.  Also, please tell us whom we should be dealing with on behalf of each of the defendants if you are not the ones with the time to address this matter.

Barry R. Satine
Jones Day
222 East 41st Street
New York, New York 10017-6702
(212) 326-3904
BarryRSatine@JonesDay.com
"Thomas Duston" <tduston@marshallip.com>



"Thomas Duston"
<tduston@marshallip.com>

03/14/2008 05:55 PM

To  "Barry R. Satine" <barryrsatine@JonesDay.com>,
     <tdeem@kilpatrickstockton.com>, <lovettm@gtlaw.com>
cc  "Marla S Bergman" <msbergman@JonesDay.com>, "Stela C
     Tipi" <stipi@JonesDay.com>
Subject  RE: Soverain v. CDW

Barry-

I am out of the office today, but I will be in touch with you on Monday.
As always, thanks for your patience.

Tom.


The material in this transmission contains confidential information intended
only for the addressee. If you are not the addressee, any disclosure or use of
this information by you is strictly prohibited. If you have received this
transmission in error, please delete it, destroy all copies, and notify
Marshall, Gerstein & Borun by telephone (312) 474-6300. Thank you.
*************************************************************************
-----Original Message-----

From: Barry R. Satine [mailto:barryrsatine@JonesDay.com]
Sent: Friday, March 14, 2008 4:29 PM
To: tdeem@kilpatrickstockton.com; Thomas Duston; lovettm@gtlaw.com
Cc: Marla S Bergman; Stela C Tipi
Subject: Soverain v. CDW


During our discussion on March 3 (with Tonya and Tom), we were told of a
number of items which all the defendants wished to revise in our draft
of
the protective order.  We also were told that we could expect to receive
a
revised version of  the protective order by March 7.  We have waited one
additional week, and now must ask - When will we see it?

Barry R. Satine
Jones Day
222 East 41st Street
New York, New York 10017-6702
(212) 326-3904
BarryRSatine@JonesDay.com

==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our
records
can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========



**Barry R. Satine/JonesDay**
Extension 73904
03/10/2008 12:18 PM

To  tdeem@kilpatrickstockton.com

cc  tduston@marshallip.com, lovettm@gtlaw.com, Marla S Bergman/JonesDay@JonesDay, Stela C Tipi/JonesDay@JonesDay

bcc  Elaine L. Goodman/JonesDay

Subject  Soverain v CDW

Tonya:

Please let us know when we can expect to see defendants' proposed revisions to the draft protective order.  Thanks.

Barry R. Satine
Jones Day
222 East 41st Street
New York, New York 10017-6702
(212) 326-3904
BarryRSatine@JonesDay.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========



**Barry R. Satine/JonesDay**
Extension 73904
03/20/2008 11:31 AM

To  tduston@marshallip.com, lovettm@gtlaw.com,
     tdeem@kilpatrickstockton.com
cc  Marla S Bergman/JonesDay@JonesDay, Stela C
     Tipi/JonesDay@JonesDay
bcc  Elaine L. Goodman/JonesDay
Subject  Fw: Soverain v. CDW

Just to let you know that I still am waiting for responses.

Barry R. Satine
Jones Day
222 East 41st Street
New York, New York 10017-6702
(212) 326-3904
BarryRSatine@JonesDay.com

----- Forwarded by Barry R. Satine/JonesDay on 03/20/2008 11:26 AM -----



**Barry R. Satine/JonesDay**
Extension 73904
03/19/2008 11:30 AM

To  tduston@marshallip.com, lovettm@gtlaw.com,
     tdeem@kilpatrickstockton.com
cc  Marla S Bergman/JonesDay@JonesDay, Stela C
     Tipi/JonesDay@JonesDay
Subject  Fw: Soverain v. CDW

In the unlikely event that the reason for the silence following my email of yesterday is that none of you received that email, I am transmitting it you once again.  We would appreciate receiving responses to the questions posed.

Barry R. Satine
Jones Day
222 East 41st Street
New York, New York 10017-6702
(212) 326-3904
BarryRSatine@JonesDay.com

----- Forwarded by Barry R. Satine/JonesDay on 03/19/2008 11:21 AM -----



**Barry R. Satine/JonesDay**
Extension 73904
03/18/2008 11:07 AM

To  "Thomas Duston" <tduston@marshallip.com>,
     lovettm@gtlaw.com, tdeem@kilpatrickstockton.com
cc  "Marla S Bergman" <msbergman@JonesDay.com>, "Stela C
     Tipi" <stipi@JonesDay.com>
Subject  RE: Soverain v. CDW

Tom, Mary-Olga, and Tonya:

I agree with Tom's statement that Jones Day has been patient.

With respect to the protective order:
- we sent you a draft on January 30;
- after a series of emails from us, you finally discussed the draft protective order with us on March 3, and it was agreed that you would provide us with a proposed redraft on March 7;
- although March 7 passed with neither a redraft nor any other form of communication from you, we

waited until March 14 before inquiring as to when we would see that redraft;
- we received the attached response to our inquiry, informing us that Tom would be in touch with us on Monday, March 17;
- March 17 now has come and gone with no further communication from any of you.

We need to start moving this process forward, and we need to do so without the need for a stream of reminder notices from Jones Day.  Please tell us when we shall see your proposed redraft of the protective order.  Also, please tell us whom we should be dealing with on behalf of each of the defendants if you are not the ones with the time to address this matter.

Barry R. Satine
Jones Day
222 East 41st Street
New York, New York 10017-6702
(212) 326-3904
BarryRSatine@JonesDay.com
"Thomas Duston" <tduston@marshallip.com>



| | | |
|---|---|---|
| **"Thomas Duston"** <tduston@marshallip.com> | To | "Barry R. Satine" <barryrsatine@JonesDay.com>, <tdeem@kilpatrickstockton.com>, <lovettm@gtlaw.com> |
| 03/14/2008 05:55 PM | cc | "Marla S Bergman" <msbergman@JonesDay.com>, "Stela C Tipi" <stipi@JonesDay.com> |
| | Subject | RE: Soverain v. CDW |

Barry-

I am out of the office today, but I will be in touch with you on Monday. As always, thanks for your patience.

Tom.

The material in this transmission contains confidential information intended only for the addressee. If you are not the addressee, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies, and notify Marshall, Gerstein & Borun by telephone (312) 474-6300. Thank you.
*****************************************************************
-----Original Message-----

From: Barry R. Satine [mailto:barryrsatine@JonesDay.com]
Sent: Friday, March 14, 2008 4:29 PM
To: tdeem@kilpatrickstockton.com; Thomas Duston; lovettm@gtlaw.com
Cc: Marla S Bergman; Stela C Tipi
Subject: Soverain v. CDW

During our discussion on March 3 (with Tonya and Tom), we were told of a number of items which all the defendants wished to revise in our draft of
the protective order.  We also were told that we could expect to receive

a
revised version of  the protective order by March 7.  We have waited one
additional week, and now must ask - When will we see it?

Barry R. Satine
Jones Day
222 East 41st Street
New York, New York 10017-6702
(212) 326-3904
BarryRSatine@JonesDay.com

==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our
records
can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected
by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected
by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected
by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

.



Barry R. Satine/JonesDay
Extension 73904

03/21/2008 03:34 PM

To      Jennifer Seraphine/JonesDay@JonesDay, Stela C
        Tipi/JonesDay@JonesDay

cc      wolanyk@soverain.com, Elaine L.
        Goodman/JonesDay@JonesDay

bcc

Subject  Fw: CDW/SOVERAIN DVComparison_Protective
         Order_v1.DOC

Barry R. Satine
Jones Day
222 East 41st Street
New York, New York 10017-6702
(212) 326-3904
BarryRSatine@JonesDay.com
----- Forwarded by Barry R. Satine/JonesDay on 03/21/2008 03:33 PM -----



"Thomas Duston"
<tduston@marshallip.com>

03/21/2008 03:30 PM

To      "Barry R. Satine" <barryrsatine@JonesDay.com>

cc      <tdeem@kilpatrickstockton.com>, <lovettm@gtlaw.com>

Subject  CDW/SOVERAIN DVComparison_Protective Order_v1.DOC

<<DVComparison_Protective Order_v1.DOC>>

The material in this transmission contains confidential information intended only for the addressee. If you are not the addressee, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies, and notify Marshall, Gerstein & Borun by telephone (312) 474-6300. Thank you.

<br>

****************************************|************************************************* DVComparison_Protective Order_v1.DOC

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========



**Barry R. Satine/JonesDay**
Extension 73904

03/21/2008 03:34 PM

To Jennifer Seraphine/JonesDay@JonesDay, Stela C Tipi/JonesDay@JonesDay

cc wolanyk@soverain.com, Elaine L. Goodman/JonesDay@JonesDay

bcc

Subject Fw: CDW/SOVERAIN DVComparison_Protective Order_v1.DOC

Barry R. Satine
Jones Day
222 East 41st Street
New York, New York 10017-6702
(212) 326-3904
BarryRSatine@JonesDay.com
----- Forwarded by Barry R. Satine/JonesDay on 03/21/2008 03:33 PM -----



**"Thomas Duston"**
<tduston@marshallip.com>

03/21/2008 03:30 PM

To "Barry R. Satine" <barryrsatine@JonesDay.com>

cc <tdeem@kilpatrickstockton.com>, <lovettm@gtlaw.com>

Subject CDW/SOVERAIN DVComparison_Protective Order_v1.DOC

<<DVComparison_Protective Order_v1.DOC>>

The material in this transmission contains confidential information intended only for the addressee. If you are not the addressee, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies, and notify Marshall, Gerstein & Borun by telephone (312) 474-6300. Thank you.

*********************************************************** DVComparison_Protective Order_v1.DOC

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  6:07-CV-511 |
| | § | |
| CDW CORPORATION, NEWEGG INC., | § | Hon. Leonard E. Davis |
| REDCATS USA, INC., SYSTEMAX, INC., | § | |
| ZAPPOS.COM, INC., TIGER DIRECT, | § | |
| INC., THE SPORTSMAN'S GUIDE, INC., | § | |
| and REDCATS USA LP, | § | |
| | § | |
| Defendants. | | |

## PROTECTIVE ORDER

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

For the purpose of this Order:

a.    "Documents" includes all tangible written, recorded (electronically or otherwise), or graphic material, whether produced or created by a party or another person, and whether produced pursuant to the discovery rules, by agreement, or otherwise, and includes, without limitation, documents, interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, affirmations, and briefs, or any portion of any of the foregoing.

b.    "Confidential Document" means any Document that a party to this action or the producing person believes in good faith contains trade secret or other confidential research,

development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), and which bears the legend, or is otherwise designated, "Confidential," "Confidential-Restricted," or "Confidential-Source Code."

c.     "Confidential Information" means information contained in Confidential Documents and/or in testimony designated as "Confidential" "Confidential-Restricted," or "Confidential-Source Code," as set forth below.  All testimony that refers or relates to Confidential Documents or Information, and all deposition exhibits that consist of or contain Confidential Documents or Information, shall automatically be deemed to carry those designations.  Confidential Information further includes information disclosed orally that the disclosing party believes in good faith contains trade secret or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), provided that, within ten (10) days after such disclosure, the disclosing party delivers to the receiving party a written document describing the information disclosed and referencing the place and date of such disclosure.  Confidential Documents and Information do not include any document or information that is: (i) generally known to those in the industry prior to any disclosure hereunder, or (ii) generally known to those in the industry without breach of this Order; or (iii) approved for release by written authorization of the party who owns the information; or (iv) disclosed to the receiving party by a third party lawfully possessing such document or information and under no obligation of confidentiality; or (v) developed independently by the receiving party or any employees or designated agents thereof independently and without any use whatsoever of information received by the receiving party under this Order; or (vi) (a) advertising materials, (b) materials that on their face show that they

- 2 -

have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for or statutory entitlement to confidential treatment.

In support of this Order, the Court finds that:

1.      Confidential Documents or Information that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2.      The parties to this litigation may assert that public dissemination and disclosure of Confidential Documents or Information could severely injure or damage the party disclosing or producing the Confidential Documents or Information and could place that party at a competitive disadvantage;

3.      Counsel for the party or parties receiving Confidential Documents or Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Documents or Information as to the confidential and/or trade secret nature of such Confidential Documents or Information; and

4.      To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1.      Confidential Documents and Information shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

2.      Confidential Documents and Information may be disclosed only to the following persons ("Qualified Persons"):

- 3 -

  a. ~~One~~No more than four (4) in-house counsel of each party, together with their paralegal assistants and staff, provided that each such ~~counsel~~person is involved in the prosecution or defense of this action and has ~~the need to know such information in the prosecution or defense of this action. Each party shall identify the designated in-house counsel to the other parties before granting such access~~the need to know such information;

  b. No more than _____ (____) directors, officers and/or employees, provided that each such person has ~~the need to know such information in the navigation or deletion of this action~~, who will be identified to the designating party at least ten (10) days in advance of any disclosure, together with their administrative staff.   There shall be a presumption that these authorized persons may include a party's CEO, CFO, and CIO;

  c. ~~b.~~ Outside counsel of record for the parties to this action, including their paralegal assistants and secretaries, and employees, or agents of counsel, including jury and graphics consultants retained by counsel, to the extent reasonably necessary to render professional services in this action and provided that such persons are actively engaged in the prosecution or defense of this action;

  d. ~~c.~~ Persons identified in a document designated ~~as "Confidential"~~under this Order as an author of the document in part or in whole, or as persons to whom a copy of such document was sent prior to its production in this action;

  e. ~~d.~~ Witnesses where at least one of the following conditions applies:

    i. the witness is a current employee of the designating party;

    ~~ii. the witness is an inventor of a patent owned by the designating party but such disclosure is limited only to technical documents the witness authored or received during the time when such person was an employee of the designating party;~~

- 4 -

~~iii.     the witness's name appears on the Confidential Document as a~~
~~person who has previously seen or had access to the Confidential Document or Information;~~
~~iv.     the designating party has consented on the record of the deposition~~
~~to the disclosure of the Confidential Document or Information to the witness; or~~

ii.     ~~v.~~ the party wishing to disclose the Confidential Document or

Information to the witness notifies the designating party of that desire, with a specific listing of

the Confidential Documents or Information to be so disclosed, and the designating party consents

in writing to such disclosure, which consent will not be unreasonably withheld.  If, however,

such consent in writing is not received, such Confidential Documents or Information may not be

disclosed to the witness until and unless the party wishing to disclosed the Confidential

Documents or Information to the witness moves for and obtains appropriate relief from the Court

upon good cause shown.

Witnesses to whom Confidential Documents or Information is disclosed under

subparagraphs (d) and (e) ~~(ii), (iii), (iv ) or (v)~~ shall not be allowed to retain copies of the

Confidential Documents.  However, a witness who was shown Confidential Documents during a

deposition may review the Confidential Documents while reviewing his or her transcript,

provided that any Confidential Documents are not retained by the witness after he or she has

completed his or her review of the transcript for accuracy;

f.     ~~e.~~ Court officials involved in this action;

g.     ~~f.~~ Court reporting personnel involved in taking, videotaping or

transcribing testimony in this action, provided that any such court reporting personnel agrees that

all Confidential Documents and Information designated as such under this Order shall remain

"Confidential" and shall not be disclosed, except pursuant to the terms of this Order, and that any

notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the court reporting personnel or delivered to counsel of record;

h.   g. Outside consultants or experts retained for the purpose of assisting counsel in this action, subject to the condition that such consultant or expert, prior to any disclosure of Confidential Documents or Information thereto, be identified to the disclosing party no less than ten (10) days prior to a proposed disclosure, with full identification of the proposed consultant or expert to whom the Confidential Documents or Information are to be disclosed, including the current Curriculum Vitae of the proposed consultant or expert, a list of all publications by the proposed consultant or expert for the past ten (10) years, and a list identifying all lawsuits in which and a list of all parties who have retained the proposed consultant or expert was involved in any capacity forduring the past tenfour (104) years, with the proviso that, if within that ten (10) day period, an objection is stated to such disclosure, no such disclosure will be made without prior Court approval.

3.    Confidential Documents and Information shall be used solely for the prosecution or defense of this action.

4.    Notwithstanding the provisions of paragraphs 2 and 3 hereto, a party or producing person is free to disclose or use his, her or its own Confidential Documents or Information without restriction.

5.1    Any party may designate the following information as CONFIDENTIAL-RESTRICTED:

a.    the architecture, configuration, operation, or design of a designating party's existing, future or proposed internet websites and associated computer applications,

source code, source code comments, flow charts, specifications and other technical and development information relating to such sites; and,

b.       the design, source code, source code comments, flow charts, specifications and other technical and development information relating to a designating party's existing, future or proposed software products for use in connection with commercial transactions on the internet.

5.2       Documents or other things that are designated Confidential that contain a party's source code may be designated "CONFIDENTIAL --SOURCE CODE" and shall be deemed "CONFIDENTIAL-RESTRICTED" for purposes of this Order.

5.5.3       Any persons in the categories of paragraphs 2(a), 2(b), 2(c), 2(e)(ii) or 2(gh) who have access to another party's Confidential CONFIDENTIAL-RESTRICTED Documents or Information shall not engage in the following activities for at least two years following the completion of this litigation: prosecute, supervise or assist the party who that person represents in this action in the prosecution of

a.       preparing and/or prosecuting any application for a party for a patent (or portion thereof), either in the United States or abroad (and including applications filed under the Patent Cooperation Treaty), relating to the field of electronic commerce, or assisting, supervising, or advising in the preparation or prosecution thereof; and/or

b.       preparing and/or prosecuting patent claims for a party relating to the field of electronic commerce, or assisting, supervising, or advising in the preparation or prosecution thereof.

c.       Katharine Wolanyk is excluded from the limitations on "assisting, supervising, or advising" in paragraphs 5(a) and (b) above, provided that she not receive any of

the following Confidential Information of the Defendants: source code specifications or technical specifications for future product development.

(i) any patent application filed after the date hereof which claims the benefit of a filing date of any patent or application, foreign or domestic, earlier than the date hereof, together with any continuations, continuations-in-part, divisionals, renewals, substitutes or convention applications with respect to said new patent applications; or

(ii) any continuation, continuation-in-part, divisional, renewal, substitute or convention application pending as of the date hereof;

(iii) provided the applications described in (i) and (ii) relate, in whole or in part, to information disclosed in documents, testimony, information and other things designated "CONFIDENTIAL-RESTRICTED" which said person has reviewed.

For purposes of this Protective Order "prosecute, supervise or assist in the prosecution of" shall mean (i) participating in the selection or identification of subject matter for patent claims to submit to the U.S. Patent and Trademark Office, (ii) commenting upon, suggesting, or influencing the content of any such claims, or (iii) directing the preparation, drafting or prosecution of any such applications.

5.4     "CONFIDENTIAL—SOURCE CODE" documents and information shall be protected by the following further protections:

a.     Documents that reference source code documents or archives of code shall be maintained under the restrictions as contained in subsection 5.1 and in the Exhibit A thereto under paragraph 3.

b.     Permitted copies of such source code (whether hard or electronic) shall be stored and maintained by a party at the United States at no more than two designated United States

offices of the Source Code Custodian and any and all such copies shall be maintained in a single, secured, locked area in such designated offices.

c._____ The source code, source code documents, and/or the source software of on a single, stand-alone computer (a computer that is not connected to any internal or external network of computers, networks, and/or from the designated United States offices of the source code custodian.  No electronic copies of such source code shall be made.  The source code custodian shall maintain a Source Code Access Log indicating (1) the name of each person who accessed the code, and (2) the date of access. Where necessary, the Source Code Custodian may print a single hard copy of the code at each of its two designated offices.  Any such hard copy shall be printed such that each page thereof is clearly identified with the necessary designations hereunder.  Any such hard copy may not be further photocopied and must be maintained within the single, secured, locked area which also houses the stand alone computer..

6.      Before any person described in paragraph 2 (ab), 2(de)(vii), or 2(gh) is given access to Confidential Documents or Information, the individual to whom disclosure is to be made shall sign and date an undertaking substantially in the form of the attached Exhibit A.  A copy of such undertaking shall be held by counsel of record for the party so disclosing the Confidential Documents or Information.  The parties agree not to use the undertakings for any purpose other than monitoring and enforcing compliance with this Order.

7.      Counsel for the parties to whom Confidential Documents or Information have been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order.

8.     Confidential Documents and Information shall not be filed with the Court except when required by Court rule or in connection with motions or applications submitted to the Court.  Confidential Documents, and any documents containing or referring to Confidential Information (including, without limitation, deposition transcripts, exhibits, briefs, affidavits, and affirmations), if filed, shall be filed under seal.

9.     At a deposition or within ten (10) days after receiving a deposition transcript, counsel for any of the parties or the deponent may designate specific testimony or transcript pages as Confidential by notice on the record at the deposition or in writing to counsel for all parties and for the deponent.  Until the expiration of the ten (10) day period, all of the testimony contained in the transcript volume shall be treated as Confidential.  To the extent that Confidential Documents or Information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Confidential Documents or Information, without the need for further designation.

10.     At any time after the delivery of Confidential Documents or Information, counsel for the party or parties receiving the Confidential Documents or Information may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the disclosing party.  If the parties are unable to agree as to whether the Confidential designation of the documents or information is appropriate, the receiving party or parties shall certify to the Court that the parties cannot reach an agreement as to the Confidential nature of all or a portion of the Confidential Documents or Information.  Thereafter, the disclosing party shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Confidential Documents or Information in dispute.  The disclosing party shall have the

burden of establishing that the disputed Confidential Documents or Information are entitled to Confidential treatment.  If the disclosing party does not timely file a motion for protective order, then the Confidential Documents or Information in dispute shall no longer be subject to Confidential treatment as provided in this Order.  All Confidential Documents and Information are entitled to Confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Confidential Document or Information is entitled to Confidential treatment.

11.      The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

12.      A designating party that inadvertently fails to mark an item as "Confidential" as required under this Order at the time of the production, or fails to provide a written description of orally disclosed Confidential Information, shall not be deemed to have waived, in whole or in part, any claim of confidentiality, either as to the specific information disclosed or as to any other information thereto on the same or related subject matter.  In the case of documents, any such misdesignated materials shall be properly designated as "Confidential" as soon as reasonably possible after the producing party becomes aware of the inadvertent failure to mark.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked as Confidential material.  Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked items and all copies thereof.  In the case of orally disclosed information, a written description of the information must be provided, as set forth above.

- 11 -

13.     The party or parties receiving Confidential Documents or Information shall not under any circumstances sell, offer for sale, advertise, or publicize them.

14.     ~~Documents or other items that a producing party as confidential and contend such is subject to more to be designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" and shall be accorded the following further protections:~~

14.1     ~~Any and all such source code disclosure regardless of form, shall be maintained at the sole custody and control of an obligated at the Legal Source Storage system complaint:~~

14.2     ~~Any hard (non-electronic) copies of such source code shall be used and accessed only within the United States a (a) at most two designated United States offices of the Source Code Custodian; (b) the sites where any depositions relating to the source code is taken for the dates associated with the taking of the deposition; (c) the Court; or (d) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to a deposition). Any and all such copies shall be maintained in a secured, locked area. For each and every non-electronic copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy:~~

14.3     ~~Any source code produced in electronic form shall be stored and accessed only at most two designated United States offices of the Source Code Custodian and shall be maintained in a secured, locked area. Any such source code shall only be viewed or analyzed on a stand-alone computer computer that is independent from a network connection, contained to provide reasonable to otherwise the transfer of source code over the networks Source code produced in electronic form shall not be loaded except as necessary to provide an electronic copy of such source code at each such location and to maintain back-up~~

~~copies of the information on each such computer.  The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time the source code is viewed, accessed, or analyzed:  (1) the identity of each person that accessed the code, (2) the date and time of access; (3) the length of time of access; and (4) whether any hard copies of any portion of the code were printed and the portion of the code printed.~~

~~14.4    Access to information designated CONFIDENTIAL–SOURCE CODE shall be limited to those persons set forth in paragraphs 2(b), 2(d)(i), 2(d)(iii), 2(d)(iv), 2(e), 2(f), and 2(g).~~

14.    ~~15.~~ After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those Confidential Documents and Information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Confidential Documents and Information for enforcement of the provisions of this Order following termination of this litigation.

15.    ~~16.~~ This Order shall apply to any non-party to this action who shall be called upon to make discovery or provide deposition or other testimony in connection with this action.  Such non-party shall be deemed to avail itself of the provisions and protections of this Order by making production or providing testimony consistent with it.

16.    ~~17.~~ The provisions of this Order shall not terminate at the conclusion of this action.  Within thirty (30) days after the final conclusion of all aspects of this action by judgment not subject to appeal or by settlement, Confidential Documents and all copies of same, and all documents containing or referring to Confidential Information, other than trial and deposition transcripts, trial and deposition exhibits, and briefs, counsel work papers, memoranda or other documents or papers filed with the Court, and undertakings executed pursuant to paragraph 6

- 13 -

hereto, shall either be returned to the producing party or person or destroyed, with the exception of source code documents, which shall be returned to the producing party.  All parties or persons that received Confidential Documents or Information shall make certification of compliance with this section and shall deliver same to counsel for the person that produced the documents or disclosed the information not more than sixty (60) days after the final conclusion of this action. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

17.    ~~18.~~ The inadvertent production of documents subject to the protection of the attorney-client privilege, work product doctrine, or other privilege shall not constitute a waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications.  The producing party shall notify the receiving party in writing of any such inadvertently produced documents as soon as reasonably possible after the producing party becomes aware of their inadvertent production.  Upon receipt of such notice, the receiving party shall, within three (3) days, or sooner if that is possible, return all such documents to the producing party, along with any copies made thereof.

18.    ~~19.~~ This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

- 14 -

So **ORDERED** and **SIGNED** this _____ day of _____, 2008.


_____
**UNITED STATES DISTRICT JUDGE**

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  6:07-CV-511 |
| | § | |
| CDW CORPORATION, NEWEGG INC., | § | Hon. Leonard E. Davis |
| REDCATS USA, INC., SYSTEMAX, INC., | § | |
| ZAPPOS.COM, INC., TIGER DIRECT, | § | |
| INC., THE SPORTSMAN'S GUIDE, INC., | § | |
| and REDCATS USA LP, | § | |
| | | |
| Defendants. | | |

**UNDERTAKING CONCERNING CONFIDENTIALITY**

I,_____, hereby certify that:

1.      I have read the Protective Order entered in the above-captioned action and

understand its terms.

2.      I agree to be bound by the terms of the Protective Order.  I agree to use

Confidential Documents and Information provided to me pursuant to the Protective Order in this

case only for purposes of this litigation.

3.      I understand that my failure to abide by the terms of the Protective Order entered

in the above-captioned action may subject me, without limitation, to penalties for contempt of

Court.

- 16 -

4.      I submit to the jurisdiction of the Court in the above-captioned action for the purpose of enforcing the terms of the Protective Order and freely and knowingly waive any right that I may otherwise have to object to the jurisdiction of said Court.

Date: _____

Signature: _____

Print Name: _____

- 17 -

Document comparison done by DeltaView on Friday, March 21, 2008 2:19:09 PM

| Input: | |
|---|---|
| Document 1 | file://C:/Documents and Settings/lsolski/Desktop/Old.doc |
| Document 2 | file://C:/Documents and Settings/lsolski/Desktop/New.doc |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 46 |
| Deletions | 50 |
| Moved from | 10 |
| Moved to | 10 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 116 |

# JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104-1500
TELEPHONE: 415-626-3939 • FACSIMILE: 415-875-5700

Direct Number:  (415) 875-5892
jseraphine@jonesday.com

JP002109:lw                              April 7, 2008

VIA EMAIL

Thomas L. Duston, Esq.
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606-6357
tduston@marshallip.com

Mary Olga-Lovett, Esq.
Greenberg Traurig, LLP
1000 Louisiana Street, Suite 1800
Houston, TX 77002
lovettm@gtlaw.com

Tonya R. Deem, Esq.
Kilpatrick Stockton LLP
1001 West Fourth Street
Winston-Salem, North Carolina  27101-2400
tDeem@KilpatrickStockton.com

Re:     Soverain Software LLC v. CDW, Corporation., et al.

Dear Counsel:

Thank you all for your time on Friday discussing the Protective Order in the above-referenced case.

As we discussed, one primary issue is the patent prosecution bar (para. 5.3), and specifically the application of that bar to Soverain's President and Chief Legal Counsel, Katharine Wolanyk.  This is an important issue because Ms. Wolanyk, herself an attorney, is the person responsible for managing both Soverain's patent portfolio and this patent litigation. Although it is not clear that the same justification exists, Soverain is amenable to extending whatever provisions are agreed upon with respect to Ms. Wolanyk's access to confidential information to one in-house counsel from each defendant in this case.

SFI-581392v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

April 7, 2008
Page 2

        Defendants have expressed their concern that Ms. Wolanyk should not be permitted
access to what you have defined as CONFIDENTIAL RESTRICTED information unless she is
subject to the same prosecution bar as any other individual, specifically that she would be barred
from participating in the prosecution of any pending patent applications or newly filed
applications that would claim priority to earlier applications.

        This same issue was addressed in the prior litigation between Soverain and Amazon, Inc.
and Gap, Inc., wherein it was successfully resolved by Ms. Wolanyk being permitted to
participate in prosecution activities provided that she did not receive "source code specifications
or technical specifications for future product development" of the defendants in that case.  It is
our position that the same restriction is appropriate and sufficient in this case.  Ms. Wolanyk is
bound by the Protective Order's limitation that confidential information "provided ... pursuant to
the Protective Order in this case be used only for purposes of this litigation," and therefore not
for other purposes, including patent prosecution.  She is also a member of the bar and therefore
bound by the accompanying ethical rules.  The Court approved the prior Protective Order, and
the provisions of that order were followed by the parties without any problems arising.  Entry of
a similar order here would have the additional benefit of avoiding the unnecessarily complicated
structure of an additional level of confidentiality, defendants' proposed CONFIDENTIAL
RESTRICTED category of documents.

        However, in an effort to come to an agreement here without court intervention, we
discussed on Friday the possibility of including a separate provision in the defendants' proposed
form of Protective Order that would apply to one designated in-house counsel from each party
(for plaintiff Ms. Wolanyk).  That provision would more specifically define the type of highly
sensitive CONFIDENTIAL RESTRICTED information that would trigger the prosecution bar
for those designated persons.  You agreed to provide a proposed definition for that category of
highly sensitive information today.

        We also discussed that a less restrictive prosecution bar apply to the persons designated
under this new provision, and I agreed to propose more specific language.  Accordingly, we
propose that the additional provision would read something like:

                5.4     The provisions of paragraph 5.3 will not apply to one (1) in-house counsel
        from each party, who shall be designated in writing, provided that that person does not
        receive **[insert from defendants]**, in which case that person shall be restricted from
        intentionally drafting patent claims to read on the technology learned of from the
        information disclosed pursuant to this provision of the Protective Order and asserting
        those patent claims against the party which disclosed the information.

JONES DAY

April 7, 2008
Page 3

As I mentioned during our call on Friday, it is in all parties' best interests to resolve the Protective Order issues as expeditiously as possible.  I look forward to speaking with you in this regard soon.

Very truly yours,

Jennifer Seraphine

cc:     Thomas L. Giannetti
        Barry R. Satine

SFI-581392v1

Jennifer Seraphine/JonesDay

04/10/2008 04:35 PM

To  "Thomas Duston" <tduston@marshallip.com>

cc  "Deem, Tonya" <TDeem@KilpatrickStockton.com>, "LovettM" <LovettM@gtlaw.com>, "Barry Satine" <barryrsatine@jonesday.com>

bcc  Elaine L. Goodman/JonesDay

Subject  Re: CDW/SOVERAIN Protective Order

Tom,

Thank you for the below.  Upon first glance, it did not appear as though this proposal was any different than your last in its definition of Confidential Restricted information.

Upon further review, it became clear that the only change has been to specify that "Confidential Restricted" information would not include publicly available information.  We hope that you had not previously intended to include publicly available information within this category of information protected by the Order.

This proposal does not address the issues that we discussed at length on Friday and that I outlined again in my letter to you on Monday afternoon, specifically Ms. Wolanyk's dual-hat position in terms of managing this litigation and also Soverain's patents.

This proposal is also not what you promised last Friday, which was to be a more limited definition of "Confidential Restricted" information that would invoke the patent prosecution bar, at least for one in-house counsel of each party.

A further discussion at this point, before you have narrowed the definition of Confidential Restricted information as you had agreed to do, does not make sense.  Please let me know if you will be able to narrow the definition once you have conferred with your client.

If you will be able to do so today, I am available for a telephone conference tomorrow between 10 am-12 pm, pst.  Please let me know if we should plan to speak at that time.

Thank you,

Jennifer

-------------------
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
-------------------


----- Original Message -----
From: "Thomas Duston" [tduston@marshallip.com]
Sent: 04/10/2008 12:27 PM EST
To: Jennifer Seraphine
Cc: Deem, Tonya" <TDeem@KilpatrickStockton.com>; <LovettM@gtlaw.com>

**Subject:** CDW/SOVERAIN Protective Order

Jennifer--

I have not yet had word from my clients on the following, but I wanted to provide you with additional suggestions.  I understand that Tonya is addressing the source code storage question and has some proposals to address your questions concerning transport.  I believe that at least Tonya and I would be available late in the day eastern to continue our discussions, say after 3-4pm.  Thanks, Tom

5.1    Any party may designate the following information as CONFIDENTIAL-RESTRICTED:
    a.    non-public aspects of the architecture, configuration, operation, or design of a designating party's existing, future or proposed internet websites and associated computer applications, source code, source code comments, flow charts, specifications and other technical and development information that detail the non-public content, structure, configuration or operation of such sites; and,

    b.    the design, source code, source code comments, flow charts, specifications and other technical and development information that detail the non-public content, structure, configuration or operation of a designating party's existing, future or proposed software products used for commercial transactions on the internet.

                    *            *            *

5.4    The provisions of paragraph 5.3 will not apply to no more than _____ in-house counsel(s) from each party, who shall be designated in writing, provided, however, that person(s) shall be restricted from commenting upon, suggesting, or influencing the content of any claims that read on the technology described in the information disclosed pursuant to this provision of the Protective Order and asserting those patent claims against the party which disclosed the information.

Thomas L. Duston
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
Chicago, IL 60606
(312) 474-6300 (main)
(312) 423-3446 (direct)
(312) 474-0448 (fax)
tduston@marshallip.com

The material in this transmission contains confidential information intended only for the addressee. If you are not the addressee, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies, and notify Marshall, Gerstein & Borun by telephone (312) 474-6300. Thank you.

**********************************************************************

Jennifer Seraphine/JonesDay

04/10/2008 05:20 PM

To   "Thomas Duston" <tduston@marshallip.com>

cc   "Deem, Tonya" <TDeem@KilpatrickStockton.com>,
     "LovettM" <LovettM@gtlaw.com>, Barry R.
     Satine/JonesDay@JonesDay

bcc  Elaine L. Goodman/JonesDay

Subject   Re: CDW/SOVERAIN Protective Order


We left Friday's discussion with a reciprocal agreement:

(a) you would propose a more limited definition for the Confidential
Restricted information that would trigger the patent prosecutuon bar for at
least one in-house counsel from each party

(b) I would propose new language reflecting a less restrictive prosecution bar
applicable to those sam individuals.

We agreed to exchange this information on Monday, and I sent you our proposal
on Monday, as we had agreed.

Both steps were an attempt to resolve the issues surrounding Ms. Wolanyk's
accees to confidential information.

While I understood and respected that you were unable to make your proposal on
Monday, that does not negate your end of our agreement.

When started our discussion on Friday, I voiced our position that the
Protective Order entered in the earlier case against Amazon.com and Gap, Inc.,
the same Order we proposed to you in this case, sets forth appropriate
provisions for the protection of confidential information in this case.
Defendants however wish to deviate from that order, and in the interests of
reaching agreement without the court's involvement, I agreed on Friday to
consider your revised proposal.  If you are no longer willing to make such a
proposal, please let me know.


Jennifer




-------------------
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other privilege.  If
you received this e-mail in error, please delete it from your system without
copying it and notify sender by reply e-mail, so that our records can be
corrected.
-------------------


----- Original Message -----
**From:** "Thomas Duston" [tduston@marshallip.com]
**Sent:** 04/10/2008 03:41 PM EST
**To:** Jennifer Seraphine
**Cc:** Deem, Tonya" <TDeem@KilpatrickStockton.com>; LovettM"

<LovettM@gtlaw.com>; Barry Satine
  **Subject:** RE: CDW/SOVERAIN Protective Order

My thinking was that your proposal seemed to address Katharine's issue.  Perhaps I misunderstood.  Is it Soverain's intent to permit Ms. Wolanyk to re-draft claims in pending applications so that they read on systems and methods of which she only becomes aware as a result of confidential disclosures made by the Defendants?

Thanks, Tom.

Thomas L. Duston
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
Chicago, IL 60606
(312) 474-6300 (main)
(312) 423-3446 (direct)
(312) 474-0448 (fax)
tduston@marshallip.com

The material in this transmission contains confidential information intended only for the addressee. If you are not the addressee, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies, and notify Marshall, Gerstein & Borun by telephone (312) 474-6300. Thank you.

*********************************************************************

-----Original Message-----
**From:** Jennifer Seraphine [mailto:jseraphine@JonesDay.com]
**Sent:** Thursday, April 10, 2008 3:35 PM
**To:** Thomas Duston
**Cc:** Deem, Tonya; LovettM; Barry Satine
**Subject:** Re: CDW/SOVERAIN Protective Order

Tom,

Thank you for the below.  Upon first glance, it did not appear as though this proposal was any different than your last in its definition of Confidential Restricted information.

Upon further review, it became clear that the only change has been to specify that "Confidential Restricted" information would not include publicly available information.  We hope that you had not previously intended to include publicly available information within this category of information protected by the Order.

This proposal does not address the issues that we discussed at length on Friday and that I outlined again in my letter to you on Monday afternoon, specifically Ms. Wolanyk's dual-hat position in terms of managing this litigation and also Soverain's patents.

This proposal is also not what you promised last Friday, which was to be a more limited definition of "Confidential Restricted" information that

would invoke the patent prosecution bar, at least for one in-house
counsel of each party.

A further discussion at this point, before you have narrowed the
definition of Confidential Restricted information as you had agreed to
do, does not make sense.  Please let me know if you will be able to
narrow the definition once you have conferred with your client.

If you will be able to do so today, I am available for a telephone
conference tomorrow between 10 am-12 pm, pst.  Please let me know if we
should plan to speak at that time.

Thank you,

Jennifer

------------------
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.  If you received this e-mail in error, please delete it from
your system without copying it and notify sender by reply e-mail, so
that our records can be corrected.
------------------


    ----- Original Message -----
    **From:** "Thomas Duston" [tduston@marshallip.com]
    **Sent:** 04/10/2008 12:27 PM EST
    **To:** Jennifer Seraphine
    **Cc:** Deem, Tonya" <TDeem@KilpatrickStockton.com>; <LovettM@gtlaw.com>
    **Subject:** CDW/SOVERAIN Protective Order


Jennifer--

I have not yet had word from my clients on the following, but I wanted to provide you with
additional suggestions.  I understand that Tonya is addressing the source code storage question
and has some proposals to address your questions concerning transport.  I believe that at least
Tonya and I would be available late in the day eastern to continue our discussions, say after
3-4pm.  Thanks, Tom


5.1    Any party may designate the following information as
CONFIDENTIAL-RESTRICTED:
    a.    non-public aspects of the architecture, configuration, operation, or design of a
designating party's existing, future or proposed internet websites and associated
computer applications, source code, source code comments, flow charts, specifications
and other technical and development information that detail the non-public content,
structure, configuration or operation of such sites; and,

    b.    the design, source code, source code comments, flow charts, specifications and
other technical and development information that detail the non-public content, structure,

configuration or operation of a designating party's existing, future or proposed software products used for commercial transactions on the internet.

     *      *      *

5.4  The provisions of paragraph 5.3 will not apply to no more than _____ in-house counsel(s) from each party, who shall be designated in writing, provided, however, that person(s) shall be restricted from commenting upon, suggesting, or influencing the content of any claims that read on the technology described in the information disclosed pursuant to this provision of the Protective Order and asserting those patent claims against the party which disclosed the information.


Thomas L. Duston
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
Chicago, IL 60606
(312) 474-6300 (main)
(312) 423-3446 (direct)
(312) 474-0448 (fax)
tduston@marshallip.com

The material in this transmission contains confidential information intended only for the addressee. If you are not the addressee, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies, and notify Marshall, Gerstein & Borun by telephone (312) 474-6300. Thank you.

**************************************************************



**"Thomas Duston"**
**<tduston@marshallip.com>**

04/10/2008 02:40 PM

To   "Jennifer Seraphine" <jseraphine@JonesDay.com>

cc   "Deem, Tonya" <TDeem@KilpatrickStockton.com>,
      "LovettM" <LovettM@gtlaw.com>, "Barry R. Satine"
      <barryrsatine@JonesDay.com>

bcc

Subject   RE: CDW/SOVERAIN Protective Order

Frankly, your proposal was unexpected, based upon our conversation, and appeared to present a third approach to the issue.  As I said, however, I have not received word back from my client on your language, and I will review with them as you suggest.  Tom.

Thomas L. Duston
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
Chicago, IL 60606
(312) 474-6300 (main)
(312) 423-3446 (direct)
(312) 474-0448 (fax)
tduston@marshallip.com

The material in this transmission contains confidential information intended only for the addressee. If you are not the addressee, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies, and notify Marshall, Gerstein & Borun by telephone (312) 474-6300. Thank you.

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

-----Original Message-----
**From:** Jennifer Seraphine [mailto:jseraphine@JonesDay.com]
**Sent:** Thursday, April 10, 2008 4:21 PM
**To:** Thomas Duston
**Cc:** Deem, Tonya; LovettM; Barry R. Satine
**Subject:** Re: CDW/SOVERAIN Protective Order

We left Friday's discussion with a reciprocal agreement:

(a) you would propose a more limited definition for the Confidential Restricted Information that would trigger the patent prosecution bar for at least one in-house counsel from each party

(b) I would propose new language reflecting a less restrictive prosecution bar applicable to those sam individuals.

We agreed to exchange this information on Monday, and I sent you our proposal on Monday, as we had agreed.

Both steps were an attempt to resolve the issues surrounding Ms. Wolanyk's access to confidential information.

While I understood and respected that you were unable to make your proposal on Monday, that does not negate your end of our agreement.

When started our discussion on Friday, I voiced our position that the Protective Order entered in the earlier case against Amazon.com and Gap, Inc., the same Order we proposed to you in this case, sets forth appropriate provisions for the protection of confidential information in this case.  Defendants however wish to deviate from that order, and in the interests of reaching agreement without the court's involvement, I agreed on Friday to consider your revised proposal.  If you are no longer willing to make such a proposal, please let me know.

Jennifer

--------------------
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
--------------------

----- Original Message -----
**From:** "Thomas Duston" [tduston@marshallip.com]
**Sent:** 04/10/2008 03:41 PM EST
**To:** Jennifer Seraphine
**Cc:** Deem, Tonya" <TDeem@KilpatrickStockton.com>; LovettM" <LovettM@gtlaw.com>; Barry Satine
**Subject:** RE: CDW/SOVERAIN Protective Order

My thinking was that your proposal seemed to address Katharine's issue.  Perhaps I misunderstood.  Is it Soverain's intent to permit Ms. Wolanyk to re-draft claims in pending applications so that they read on systems and methods of which she only becomes aware as a result of confidential disclosures made by the Defendants?

Thanks, Tom.

Thomas L. Duston
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
Chicago, IL 60606
(312) 474-6300 (main)
(312) 423-3446 (direct)
(312) 474-0448 (fax)
tduston@marshallip.com

The material in this transmission contains confidential information intended only for the addressee. If you are not the addressee, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies, and notify Marshall, Gerstein & Borun by telephone (312) 474-6300. Thank you

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

-----Original Message-----
**From:** Jennifer Seraphine [mailto:jseraphine@JonesDay.com]
**Sent:** Thursday, April 10, 2008 3:35 PM
**To:** Thomas Duston
**Cc:** Deem, Tonya; LovettM; Barry Satine
**Subject:** Re: CDW/SOVERAIN Protective Order

Tom,

Thank you for the below.  Upon first glance, it did not appear as
though this proposal was any different than your last in its
definition of Confidential Restricted information.

Upon further review, it became clear that the only change has been
to specify that "Confidential Restricted" information would not
include publicly available information.  We hope that you had not
previously intended to include publicly available information
within this category of information protected by the Order.

This proposal does not address the issues that we discussed at
length on Friday and that I outlined again in my letter to you on
Monday afternoon, specifically Ms. Wolanyk's dual-hat position in
terms of managing this litigation and also Soverain's patents.

This proposal is also not what you promised last Friday, which was
to be a more limited definition of "Confidential Restricted"
information that would invoke the patent prosecution bar, at least
for one in-house counsel of each party.

A further discussion at this point, before you have narrowed the
definition of Confidential Restricted information as you had
agreed to do, does not make sense.  Please let me know if you will
be able to narrow the definition once you have conferred with your
client.

If you will be able to do so today, I am available for a telephone
conference tomorrow between 10 am-12 pm, pst.  Please let me know
if we should plan to speak at that time.

Thank you,

Jennifer

--------------------
This e-mail (including any attachments) may contain information
that is private, confidential, or protected by attorney-client or
other privilege.  If you received this e-mail in error, please
delete it from your system without copying it and notify sender by
reply e-mail, so that our records can be corrected.
--------------------


----- Original Message -----
**From:** "Thomas Duston" [tduston@marshallip.com]
**Sent:** 04/10/2008 12:20 PM EST

To: Jennifer Seraphine
Cc: Deem, Tonya" <TDeem@KilpatrickStockton.com>;
<LovettM@gtlaw.com>
Subject: CDW/SOVERAIN Protective Order


Jennifer--

I have not yet had word from my clients on the following, but I wanted to provide you with
additional suggestions. I understand that Tonya is addressing the source code storage
question and has some proposals to address your questions concerning transport. I
believe that at least Tonya and I would be available late in the day eastern to continue our
discussions, say after 3-4pm. Thanks, Tom


5.1    Any party may designate the following information as
CONFIDENTIAL-RESTRICTED:
    a.     non-public aspects of the architecture, configuration, operation, or
design of a designating party's existing, future or proposed internet websites and
associated computer applications, source code, source code comments, flow
charts, specifications and other technical and development information that detail
the non-public content, structure, configuration or operation of such sites; and,

    b.     the design, source code, source code comments, flow charts,
specifications and other technical and development information that detail the
non-public content, structure, configuration or operation of a designating party's
existing, future or proposed software products used for commercial transactions
on the internet.

            *              *              *

5.4    The provisions of paragraph 5.3 will not apply to no more than _____
in-house counsel(s) from each party, who shall be designated in writing, provided,
however, that person(s) shall be restricted from commenting upon, suggesting, or
influencing the content of any claims that read on the technology described in the
information disclosed pursuant to this provision of the Protective Order and
asserting those patent claims against the party which disclosed the information.


Thomas L. Duston
MARSHALL. GERSTEIN & BORUN LLP
6300 Sears Tower
Chicago, IL 60606
(312) 474-6300 (main)
(312) 423-3446 (direct)
(312) 474-0448 (fax)

tduston@marshallip.com

The material in this transmission contains confidential information intended only for the addressee. If you are not the addressee, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies, and notify Marshall, Gerstein & Borun by telephone (312) 474-6300. Thank you.

*********************************************************

| Jennifer Seraphine/JonesDay | To | "Thomas Duston" <tduston@marshallip.com> |
|---|---|---|
| Extension 3-5892 | cc | "Barry R. Satine" <barryrsatine@JonesDay.com>, "LovettM" <LovettM@gtlaw.com>, "Deem, Tonya" <TDeem@KilpatrickStockton.com> |
| Phone    (415) 875-5892 | bcc | Elaine L. Goodman/JonesDay |
| 04/29/2008 05:25 PM | Subject | RE: CDW/SOVERAIN Protective Order |

Counsel,

It has been three weeks since the below, and we are now approaching another discovery deadline. We have been patiently awaiting Defendants' counterproposal, as discussed below. However, we still do not understand why it is necessary to deviate from the Order entered in the earlier litigation with Amazon.com, Inc. and Gap, Inc.

Following our last discussion and later exchange of emails, Soverain confirms its agreement to extend the provisions of paragraph 5(c) to one in-house counsel from each party. Soverain also suggests that where the parties disagree on expert disclosures, the Protective Order simply reflect the current Federal Rule 26.

Please let me know if you will agree to the Protective Order proposed by Soverain with these two changes.

Thank you,

Jennifer


Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700
"Thomas Duston" <tduston@marshallip.com>



| "Thomas Duston" <tduston@marshallip.com> | To | "Jennifer Seraphine" <jseraphine@JonesDay.com> |
|---|---|---|
| 04/10/2008 02:40 PM | cc | "Deem, Tonya" <TDeem@KilpatrickStockton.com>, "LovettM" <LovettM@gtlaw.com>, "Barry R. Satine" <barryrsatine@JonesDay.com> |
| | Subject | RE: CDW/SOVERAIN Protective Order |

Frankly, your proposal was unexpected, based upon our conversation, and appeared to present a third approach to the issue. As I said, however, I have not received word back from my client on your language, and I will review with them as you suggest. Tom.

Thomas L. Duston
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
Chicago, IL 60606
(312) 474-6300 (main)
(312) 423-3446 (direct)
(312) 474-0448 (fax)
tduston@marshallip.com

The material in this transmission contains confidential information intended only for the addressee. If you are not the addressee, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies, and notify Marshall, Gerstein & Borun by telephone (312) 474-6300. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

-----Original Message-----
**From:** Jennifer Seraphine [mailto:jseraphine@JonesDay.com]
**Sent:** Thursday, April 10, 2008 4:21 PM
**To:** Thomas Duston
**Cc:** Deem, Tonya; LovettM; Barry R. Satine
**Subject:** Re: CDW/SOVERAIN Protective Order

We left Friday's discussion with a reciprocal agreement:

(a) you would propose a more limited definition for the Confidential
Restricted information that would trigger the patent prosecutuon bar for
at least one in-house counsel from each party

(b) I would propose new language reflecting a less restrictive
prosecution bar applicable to those sam individuals.

We agreed to exchange this information on Monday, and I sent you our
proposal on Monday, as we had agreed.

Both steps were an attempt to resolve the issues surrounding Ms.
Wolanyk's accees to confidential information.

While I understood and respected that you were unable to make your
proposal on Monday, that does not negate your end of our agreement.

When started our discussion on Friday, I voiced our position that the
Protective Order entered in the earlier case against Amazon.com and Gap,
Inc., the same Order we proposed to you in this case, sets forth
appropriate provisions for the protection of confidential information in
this case.  Defendants however wish to deviate from that order, and in
the interests of reaching agreement without the court's involvement, I
agreed on Friday to consider your revised proposal.  If you are no
longer willing to make such a proposal, please let me know.

Jennifer

------------------
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.  If you received this e-mail in error, please delete it from
your system without copying it and notify sender by reply e-mail, so
that our records can be corrected.
------------------

```
----- Original Message -----
From: "Thomas Duston" [tduston@marshallip.com]
Sent: 04/10/2008 03:41 PM EST
To: Jennifer Seraphine
Cc: Deem, Tonya" <TDeem@Kilpatrick Stockton.com>; LovettM"
<LovettM@gtlaw.com>; Barry Satine
Subject: RE: CDW/SOVERAIN Protective Order
```

My thinking was that your proposal seemed to address Katharine's issue.  Perhaps I
misunderstood.  Is it Soverain's intent to permit Ms. Wolanyk to re-draft claims in pending
applications so that they read on systems and methods of which she only becomes aware as a
result of confidential disclosures made by the Defendants?

Thanks, Tom.

Thomas L. Duston
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
Chicago, IL 60606
(312) 474-6300 (main)
(312) 423-3446 (direct)
(312) 474-0448 (fax)
tduston@marshallip.com

The material in this transmission contains confidential information intended only for the addressee. If you are not the addressee, any
disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it,
destroy all copies, and notify Marshall, Gerstein & Borun by telephone (312) 474-6300. Thank you.

*****************************************************************

```
-----Original Message-----
From: Jennifer Seraphine [mailto:jseraphine@JonesDay.com]
Sent: Thursday, April 10, 2008 3:35 PM
To: Thomas Duston
Cc: Deem, Tonya; LovettM; Barry Satine
Subject: Re: CDW/SOVERAIN Protective Order
```

Tom,

Thank you for the below.  Upon first glance, it did not appear as

though this proposal was any different than your last in its
definition of Confidential Restricted information.

Upon further review, it became clear that the only change has been
to specify that "Confidential Restricted" information would not
include publicly available information.  We hope that you had not
previously intended to include publicly available information
within this category of information protected by the Order.

This proposal does not address the issues that we discussed at
length on Friday and that I outlined again in my letter to you on
Monday afternoon, specifically Ms. Wolanyk's dual-hat position in
terms of managing this litigation and also Soverain's patents.

This proposal is also not what you promised last Friday, which was
to be a more limited definition of "Confidential Restricted"
information that would invoke the patent prosecution bar, at least
for one in-house counsel of each party.

A further discussion at this point, before you have narrowed the
definition of Confidential Restricted information as you had
agreed to do, does not make sense.  Please let me know if you will
be able to narrow the definition once you have conferred with your
client.

If you will be able to do so today, I am available for a telephone
conference tomorrow between 10 am-12 pm, pst.  Please let me know
if we should plan to speak at that time.

Thank you,

Jennifer

-------------------
This e-mail (including any attachments) may contain information
that is private, confidential, or protected by attorney-client or
other privilege.  If you received this e-mail in error, please
delete it from your system without copying it and notify sender by
reply e-mail, so that our records can be corrected.
-------------------

----- Original Message -----
**From:** "Thomas Duston" [tduston@marshallip.com]
**Sent:** 04/10/2008 12:27 PM EST
**To:** Jennifer Seraphine
**Cc:** Deem, Tonya" <TDeem@KilpatrickStockton.com>;
<LovettM@gtlaw.com>
**Subject:** CDW/SOVERAIN Protective Order


Jennifer--

I have not yet had word from my clients on the following, but I wanted to provide you with
additional suggestions.  I understand that Tonya is addressing the source code storage
question and has some proposals to address your questions concerning transport.  I
believe that at least Tonya and I would be available late in the day eastern to continue

our discussions, say after 3-4pm.  Thanks, Tom

5.1    Any party may designate the following information as
CONFIDENTIAL-RESTRICTED:
    a.    non-public aspects of the architecture, configuration, operation, or
design of a designating party's existing, future or proposed internet websites and
associated computer applications, source code, source code comments, flow
charts, specifications and other technical and development information that detail
the non-public content, structure, configuration or operation of such sites; and,

    b.    the design, source code, source code comments, flow charts,
specifications and other technical and development information that detail the
non-public content, structure, configuration or operation of a designating party's
existing, future or proposed software products used for commercial transactions
on the internet.

                *              *            *

5.4    The provisions of paragraph 5.3 will not apply to no more than _____
in-house counsel(s) from each party, who shall be designated in writing, provided,
however, that person(s) shall be restricted from commenting upon, suggesting, or
influencing the content of any claims that read on the technology described in the
information disclosed pursuant to this provision of the Protective Order and
asserting those patent claims against the party which disclosed the information.

Thomas L. Duston
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
Chicago, IL 60606
(312) 474-6300 (main)
(312) 423-3446 (direct)
(312) 474-0448 (fax)
tduston@marshallip.com

The material in this transmission contains confidential information intended only for the addressee. If you are not the
addressee, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in
error, please delete it, destroy all copies, and notify Marshall, Gerstein & Borun by telephone (312) 474-6300. Thank you.

****************************************************************

==========
This e-mail (including any attachments) may contain information that is private,
confidential, or protected by attorney-client or other privilege.  If you received this e-mail

in error, please delete it from your system without copying it and notify sender by reply
e-mail, so that our records can be corrected.
==========



**"Deem, Tonya"**
**<TDeem@KilpatrickStockton.com>**

05/09/2008 09:49 AM

To  "Jennifer Seraphine" <jseraphine@JonesDay.com>

cc  "LovettM" <LovettM@gtlaw.com>, "millerc" <millerc@gtlaw.com>, "tduston" <tduston@marshallip.com>

Subject  RE: CDW/SOVERAIN Protective Order

Jennifer,

Attached is an updated draft of the protective order.  It incorporates the language proposed by Tom earlier this week for section 5.4, updated language for section 5.1 and proposed language regarding source code protection.  I understand that you and Tom discussed source code some during your call earlier this week, so there may be additional items or tweaks that may need to be included in that provision.  However, this is where the Redcats USA defendants are in their thinking.

I look forward to speaking with you shortly.

Thanks,
Tonya

-----Original Message-----
From: Jennifer Seraphine [mailto:jseraphine@JonesDay.com]
Sent: Friday, May 09, 2008 12:28 PM
To: Deem, Tonya
Cc: LovettM; millerc; tduston
Subject: RE: CDW/SOVERAIN Protective Order

Tonya, Were you going to send us a proposal regarding the handling of source code so that we could review it before we speak?  Thank you, Jennifer

Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700

"Deem, Tonya"

|  | <TDeem@Kilpatrick Stockton.com> |
|---|---|
| To | "Jennifer Seraphine" <jseraphine@JonesDay.com>, |
| 05/09/2008 08:41 AM | "LovettM" <LovettM@gtlaw.com> |
| cc | "tduston" |
| <tduston@marshallip.com>, | "millerc" <millerc@gtlaw.com> |
| Subject | RE: CDW/SOVERAIN Protective Order |

Unless Tom has a conflict, I would like for us to get together at 1:30 est.

-----Original Message-----
From: Jennifer Seraphine [mailto:jseraphine@JonesDay.com]
Sent: Friday, May 09, 2008 11:38 AM
To: LovettM; Deem, Tonya
Cc: tduston; millerc
Subject: Re: CDW/SOVERAIN Protective Order

Here is call in information.  I'm uncertain as to what time we are now speaking.  I'm available at 4 est if that works best for everyone, or earlier.  Thanks.

Dial in number:          (866)  448.1308

Participant code:          57004404

------------------
This e-mail (including any attachments) may contain information that is

private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
-------------------

----- Original Message -----
From: [LovettM@gtlaw.com]
Sent: 05/09/2008 09:39 AM
To: <jseraphine@JonesDay.com>;<TDeem@KilpatrickStockton.com>
Cc: <tduston@marshallip.com>;<millerc@gtlaw.com>
Subject: RE: CDW/SOVERAIN Protective Order

I have just learned that a hearing in which I am participating this morning is likely to last several hours longer than expected.  I could likely be available by 4 eastern, but otherwise, please feel free to proceed and my associate, Chris Miller, will join on my behalf.  I have added him to this email so that he can be included when you send the dial-in information.

Regards,
Mary-Olga


---------------------------------------------------------------------
--
    Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

    The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to mailto:postmaster@gtlaw.com.

---------------------------------------------------------------------
--


From: Jennifer Seraphine [mailto:jseraphine@JonesDay.com]
Sent: Thursday, May 08, 2008 6:00 PM
To: Deem, Tonya
Cc: Lovett, Mary-Olga (Shld-Hou-LT); Thomas Duston
Subject: RE: CDW/SOVERAIN Protective Order

This is fine for me.  1:30 pm est, or later, would be okay.

Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104

Direct Phone: (415) 875-5892
Fax: (415) 875-5700

| | | |
|---|---|---|
| | "Deem, Tonya" | |
| | <TDeem@Kilpatrick | |
| | Stockton.com> | |
| To | | "Jennifer Seraphine" |
| | | <jseraphine@JonesDay.com>, |
| "Thomas | 05/08/2008 10:51 | Duston" <tduston@marshallip.com> |
| | AM | |
| cc | | "LovettM" <LovettM@gtlaw.com> |
| Subject | | RE: CDW/SOVERAIN Protective Order |

Do you mind if we move tomorrow's call to a little later in the
afternoon?
I just had a telephone hearing scheduled for tomorrow at 11:30
(Eastern).
While I don't think it will take a very long time, I expect that it may
take an hour or so.  With the exception of the hearing, I am free all
afternoon.

Sorry for the inconvenience.

Tonya

From: Deem, Tonya
Sent: Wednesday, May 07, 2008 2:40 PM
To: 'Jennifer Seraphine'
Cc: LovettM; Thomas Duston
Subject: RE: CDW/SOVERAIN Protective Order

Jennifer,

I am available to participate on Friday's call.  I will try to forward to you a revised draft of the protective order prior to the

call so that we can all be looking at the same language.  Based on my

understanding of Soverain's concerns as to the transportation of source code, I believe that we are getting close to finalizing the language into something that will work for everyone.

Will you circulate a dial in number for the call?

Thanks for your patience,
Tonya

> From: Jennifer Seraphine [mailto:jseraphine@JonesDay.com]
> Sent: Wednesday, May 07, 2008 2:30 PM
> To: Thomas Duston
> Cc: Deem, Tonya; LovettM
> Subject: Re: CDW/SOVERAIN Protective Order


> Tonya,

> Tom reminded me today that I should be in contact with you regarding the handling of source code.  I apologize, I was waiting for a proposal from defendants, and missed the below.

> Tom and I plan to speak on Friday at 9:30 am pst, would you be

> available to also participate then?  If not, I am also available tomorrow and later in the day on  Friday.

> Thank you in advance,

> Jennifer

> -------------------
> This e-mail (including any attachments) may contain information
> that is private, confidential, or protected by attorney-client
> or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify
> sender by reply e-mail, so that our records can be corrected.
> -------------------


> ----- Original Message -----
> From: "Thomas Duston" [tduston@marshallip.com]
> Sent: 04/10/2008 12:27 PM EST
> To: Jennifer Seraphine
> Cc: Deem, Tonya" <TDeem@KilpatrickStockton.com>;

<LovettM@gtlaw.com>
  Subject: CDW/SOVERAIN Protective Order


Jennifer--

I have not yet had word from my clients on the following,
but I
wanted to provide you with additional suggestions.  I
understand that Tonya is addressing the source code storage
question and has some proposals to address your questions
concerning transport.  I believe that at least Tonya and I
would be available late in the day eastern to continue our
discussions, say after 3-4pm.  Thanks, Tom


5.1     Any party may designate the following information as
CONFIDENTIAL-RESTRICTED:
         a.     non-public aspects of the architecture,
configuration, operation, or design of a designating party's
existing, future or proposed internet websites and
associated
computer applications, source code, source code comments,
flow
charts, specifications and other technical and development
information that detail the non-public content, structure,
configuration or operation of such sites; and,


         b.     the design, source code, source code
comments,
flow charts, specifications and other technical and
development
information that detail the non-public content, structure,
configuration or operation of a designating party's
existing,
future or proposed software products used for commercial
transactions on the internet.·


                        *                        *
         *


5.4     The provisions of paragraph 5.3 will not apply to no
more than _____ in-house counsel(s) from each party, who
shall
be designated in writing, provided, however, that person(s)
shall be restricted from commenting upon, suggesting, or
influencing the content of any claims that read on the
technology described in the information disclosed pursuant
to
this provision of the Protective Order and asserting those
patent claims against the party which disclosed the

information.


Thomas L. Duston
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
Chicago, IL 60606
(312) 474-6300 (main)
(312) 423-3446 (direct)
(312) 474-0448 (fax)
tduston@marshallip.com

The material in this transmission contains confidential
information intended only for the addressee. If you are not
the
addressee, any disclosure or use of this information by you
is
strictly prohibited. If you have received this transmission
in
error, please delete it, destroy all copies, and notify
Marshall, Gerstein & Borun by telephone (312) 474-6300.
Thank
you.


*********************************************************************

***DISCLAIMER*** Treasury Department Circular 230 Disclosure: To ensure
compliance with requirements imposed by the Treasury Department, we inform
you that any U.S. federal tax advice contained in this communication
(including any attachments) is not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein...

==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our
records
can be corrected.
==========

-----Original Message-----

==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our
records
can be corrected.
==========



Pleadings_ Protective Order (DRAFT).DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  6:07-CV-511 |
| | § | |
| CDW CORPORATION, NEWEGG INC., | § | Hon. Leonard E. Davis |
| REDCATS USA, INC., SYSTEMAX, | § | |
| INC., ZAPPOS.COM, INC., TIGER | § | |
| DIRECT, INC., THE SPORTSMAN'S | § | |
| GUIDE, INC., and REDCATS USA LP, | § | |
| | § | |
| Defendants. | § | |

## PROTECTIVE ORDER

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

For the purpose of this Order:

a.     "Documents" includes all tangible written, recorded (electronically or otherwise), or graphic material, whether produced or created by a party or another person, and whether produced pursuant to the discovery rules, by agreement, or otherwise, and includes, without limitation, documents, interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, affirmations, and briefs, or any portion of any of the foregoing.

b.     "Confidential Document" means any Document that a party to this action or the producing person believes in good faith contains trade secret or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), and which bears the legend, or is otherwise designated, "Confidential,"  "Confidential-Restricted," or "Confidential-Source Code."

c.     "Confidential Information" means information contained in Confidential Documents and/or in testimony designated as "Confidential" "Confidential-Restricted," or "Confidential-Source Code," as set forth below.  All testimony that refers or relates to Confidential Documents or Information, and all deposition exhibits that consist of or contain Confidential Documents or Information, shall automatically be deemed to carry those designations.  Confidential Information further includes information disclosed orally that the disclosing party believes in good faith contains trade secret or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), provided that, within ten (10) days after such disclosure, the disclosing party delivers to the receiving party a written document describing the information disclosed and referencing the place and date of such disclosure.  Confidential Documents and Information do not include any document or information that is: (i) generally known to those in the industry prior to any disclosure hereunder, or (ii) generally known to those in the industry without breach of this Order; or (iii) approved for release by written authorization of the party who owns the information; or (iv) disclosed to the receiving party by a third party lawfully possessing such document or information and under no obligation of confidentiality; or (v) developed independently by the receiving party or any employees or designated agents thereof independently and without any use whatsoever of information received by the

- 2 -

receiving party under this Order; or (vi) (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for or statutory entitlement to confidential treatment.

In support of this Order, the Court finds that:

1.     Confidential Documents or Information that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2.     The parties to this litigation may assert that public dissemination and disclosure of Confidential Documents or Information could severely injure or damage the party disclosing or producing the Confidential Documents or Information and could place that party at a competitive disadvantage;

3.     Counsel for the party or parties receiving Confidential Documents or Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Documents or Information as to the confidential and/or trade secret nature of such Confidential Documents or Information; and

4.     To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1.     Confidential Documents and Information shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

2.      Confidential Documents and Information may be disclosed only to the following persons ("Qualified Persons"):

a.      No more than four (4) in-house counsel of each party, together with their paralegal assistants and staff, provided that each such person is involved in the prosecution or defense of this action and has the need to know such information;

b.      No more than _____ (__) directors, officers and/or employees, provided that each such person has the need to know such information in the prosecution or defense of this action, who will be identified to the designating party at least ten (10) days in advance of any disclosure, together with their administrative staff.   There shall be a presumption that these authorized persons may include a party's CEO, CFO, and CIO;

c.      Outside counsel of record for the parties to this action, including their paralegal assistants and secretaries, and employees, or agents of counsel, including jury and graphics consultants retained by counsel, to the extent reasonably necessary to render professional services in this action and provided that such persons are actively engaged in the prosecution or defense of this action;

d.      Persons identified in a document designated under this Order as an author of the document in part or in whole, or as persons to whom a copy of such document was sent prior to its production in this action;

e.      Witnesses where at least one of the following conditions applies:

i.      the witness is a current employee of the designating party;

ii.     the party wishing to disclose the Confidential Document or Information to the witness notifies the designating party of that desire, with a specific listing of the Confidential Documents or Information to be so disclosed, and the designating party

- 4 -

consents in writing to such disclosure, which consent will not be unreasonably withheld.  If, however, such consent in writing is not received, such Confidential Documents or Information may not be disclosed to the witness until and unless the party wishing to disclosed the Confidential Documents or Information to the witness moves for and obtains appropriate relief from the Court upon good cause shown.

Witnesses to whom Confidential Documents or Information is disclosed under subparagraphs (d) and (e) (ii) shall not be allowed to retain copies of the Confidential Documents.  However, a witness who was shown Confidential Documents during a deposition may review the Confidential Documents while reviewing his or her transcript, provided that any Confidential Documents are not retained by the witness after he or she has completed his or her review of the transcript for accuracy;

f.      Court officials involved in this action;

g.      Court reporting personnel involved in taking, videotaping or transcribing testimony in this action, provided that any such court reporting personnel agrees that all Confidential Documents and Information designated as such under this Order shall remain "Confidential" and shall not be disclosed, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the court reporting personnel or delivered to counsel of record;

h.      Outside consultants or experts retained for the purpose of assisting counsel in this action, subject to the condition that such consultant or expert, prior to any disclosure of Confidential Documents or Information thereto, be identified to the disclosing party no less than ten (10) days prior to a proposed disclosure, with full identification of the proposed consultant or expert to whom the Confidential Documents or Information are to be

- 5 -

disclosed, including the current Curriculum Vitae of the proposed consultant or expert, and a list of all parties who have retained the proposed consultant or expert in any capacity during the past four (4) years, with the proviso that, if within that ten (10) day period, an objection is stated to such disclosure, no such disclosure will be made without prior Court approval.

3.    Confidential Documents and Information shall be used solely for the prosecution or defense of this action.

4.    Notwithstanding the provisions of paragraphs 2 and 3 hereto, a party or producing person is free to disclose or use his, her or its own Confidential Documents or Information without restriction.

5.1    Any party may designate the following information as CONFIDENTIAL-RESTRICTED:

a.    non-public aspects of the architecture, configuration, operation, or design of a designating party's existing, future or proposed internet websites and associated computer applications, source code, source code comments, flow charts, specifications and other technical and development information that detail the non-public content, structure, configuration or operation of such sites; and,

b.    the design, source code, source code comments, flow charts, specifications and other technical and development information that detail the non-public content, structure, configuration or operation of a designating party's existing, future or proposed software products used for commercial transactions on the internet.

5.2    Documents or other things that are designated Confidential that contain a party's source code may be designated "CONFIDENTIAL-SOURCE CODE" and shall be deemed "CONFIDENTIAL-RESTRICTED" for purposes of this Order.

- 6 -

5.3     Any persons in the categories of paragraphs 2(a), 2(b), 2(c), 2(e)(ii) or 2(h) who have access to another party's CONFIDENTIAL-RESTRICTED Documents or Information shall not prosecute, supervise or assist the party who that person represents in this action in the prosecution of:

      a.     any patent application filed after the date hereof which claims the benefit of a filing date of any patent or application, foreign or domestic, earlier than the date hereof, together with any continuations, continuations-in-part, divisionals, renewals, substitutes or convention applications with respect to said new patent applications; or

      b.     any continuation, continuation-in-part, divisional, renewal, substitute or convention application pending as of the date hereof;

      c.     provided the applications described in 5.3.a and 5.3.b relate, in whole or in part, to information disclosed in documents, testimony, information and other things designated "CONFIDENTIAL-RESTRICTED" which said person has reviewed.

For purposes of this Protective Order "prosecute, supervise or assist . . . in the prosecution of" shall mean (i) participating in the selection or identification of subject matter for patent claims to submit to the U.S. Patent and Trademark Office, (ii) commenting upon, suggesting, or influencing the content of any such claims, or (iii) directing the preparation, drafting or prosecution of any such applications.

5.4     **[Plaintiff's proposed language]**  The provisions of paragraph 5.3 will not apply to one (1) in-house counsel from each party, who shall be designated in writing, provided that that person does not receive _____, in which case that person shall be restricted from intentionally drafting patent claims to read on the technology learned of from

the information disclosed pursuant to this provision of the Protective Order and asserting those patent claims against the party which disclosed the information.

**[Defendants' proposed language]**  The provisions of paragraph 5.3 will not apply to one (1) in-house counsel from each party, who shall be designated in writing, provided that that person does not receive the source code relating to a designating party's existing, future or proposed internet websites and associated computer applications, or documents that describe the operation or content of that source code or detail the design, architecture, or configuration of those websites/applications, in which case that person shall be restricted from commenting upon, suggesting, or influencing the content of any claims that read on the technology described in the information disclosed pursuant to this provision of the Protective Order and asserting those patent claims against the party which disclosed the information.

    5.5    "CONFIDENTIAL-SOURCE CODE" documents and information shall be provided the following further protections.

        a.    CONFIDENTIAL-SOURCE CODE may be disclosed only to the Qualified Persons identified in paragraphs 2(c), 2(f), 2(g) or 2(h).

        b.    Any and all source code shall be produced to outside counsel of record. Any and all such source code documents, regardless of form, shall be maintained in the sole custody and control of outside counsel of record in the United States ("Source Code Custodian") and at no more than two offices of outside counsel.

        c.    The source code shall be produced in a fully machine-readable and electronically-searchable form.  All source code produced shall be stored and maintained on a password protected hard drive at the office of the Source Code Custodian.  Source code shall be utilized on a single, stand-alone computer that is not connected to any internal or

external computer or computer network and has no Internet connection.  No electronic copies of source code shall be made.

d.      When not in use, any and all source code, including any paper copy, shall be locked in a secure location at the office of the Source Code Custodian which can be accessed only by individuals approved under this Protective Order.  If the source code is being transported outside of the dedicated office, (e.g., for a deposition, hearing, trial, court filing), the source code shall be transported either by approved delivery service (such as FedEx, UPS or DHL) or by an individual approved under this Protective Order until such time as it is locked in a secure temporary location or placed in the custody of an officer of the Court (e.g., court reporter, clerk).  Outside counsel may transmit via the Court's ECF system (provided filing is made using procedures to place the document and information under seal with restricted access) .pdf copies of sections of printed source code for the limited purpose of submitting them for filing as exhibits to a court filing in this case.  Source code shall not transported or transmitted other than as specifically provided herein.

e.      Except for purposes of proceedings in this case (e.g., depositions, hearings, trial, court filings), no source code containing hard drive may be removed from its dedicated office until its source code contents have been destroyed or deleted.  The receiving party shall certify that all source code (including paper copies) have been destroyed and/or deleted within ten (10) days after final termination of this action (except to the extent such copies are exhibits to deposition testimony, trial testimony or briefs).

f.      The stand-alone computer may have one attached printer and portions of the source code may be printed provided that they are promptly bates labeled, stamped "CONFIDENTIAL-SOURCE CODE", and produced via overnight delivery to the party that

produced that source code.  Any such hard copy must be maintained within the single, secured, locked area which also houses the stand-alone computer.

   g. The Source Code Custodian shall maintain a Source Code Access Log identifying: (i) the name of each person who accessed the code; (ii) the date of access; and (iii) whether any portions of the source code were printed and, if so, the bates label references of the printed pages.

   h. The receiving party may print or otherwise create up to three (3) total copies on paper of the source code designated "CONFIDENTIAL-SOURCE CODE" materials, solely for use by Outside Counsel and the outside consultants who are permitted access to source code designated "CONFIDENTIAL-SOURCE CODE" under the terms of the Protective Order.  Any such hard copy must be maintained within the single, secured, locked area which also houses the stand-alone computer.  Such paper copies that become unavailable to the receiving party by being marked as a deposition exhibit, an exhibit to a submission to the Court, or as a hearing or trial exhibit may be replaced.

   i. In the event that any source code is used as exhibits to filings, pleadings or discovery, the source code exhibits must be maintained within the single, secured, locked area which also houses the stand-alone computer.

   j. Counsel and consultants (cleared under the protective order) for the receiving party may use their own preferred software search and analysis tools on the stand-alone computers.  Within twenty four (24) hours prior to loading said preferred software tools on the computer, outside counsel shall provide a list of such preferred software tools to the producing party.

6.      Before any person described in paragraph 2 (b), 2(e)(ii), or 2(h) is given access to Confidential Documents or Information, the individual to whom disclosure is to be made shall sign and date an undertaking substantially in the form of the attached Exhibit A.  A copy of such undertaking shall be held by counsel of record for the party so disclosing the Confidential Documents or Information.  The parties agree not to use the undertakings for any purpose other than monitoring and enforcing compliance with this Order.

7.      Counsel for the parties to whom Confidential Documents or Information have been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order.

8.      Confidential Documents and Information shall not be filed with the Court except when required by Court rule or in connection with motions or applications submitted to the Court.  Confidential Documents, and any documents containing or referring to Confidential Information (including, without limitation, deposition transcripts, exhibits, briefs, affidavits, and affirmations), if filed, shall be filed under seal.

9.      At a deposition or within ten (10) days after receiving a deposition transcript, counsel for any of the parties or the deponent may designate specific testimony or transcript pages as Confidential by notice on the record at the deposition or in writing to counsel for all parties and for the deponent.  Until the expiration of the ten (10) day period, all of the testimony contained in the transcript volume shall be treated as Confidential.  To the extent that Confidential Documents or Information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony

- 11 -

referring to the Confidential Documents or Information, without the need for further designation.

10.     At any time after the delivery of Confidential Documents or Information, counsel for the party or parties receiving the Confidential Documents or Information may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the disclosing party.  If the parties are unable to agree as to whether the Confidential designation of the documents or information is appropriate, the receiving party or parties shall certify to the Court that the parties cannot reach an agreement as to the Confidential nature of all or a portion of the Confidential Documents or Information.  Thereafter, the disclosing party shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Confidential Documents or Information in dispute.  The disclosing party shall have the burden of establishing that the disputed Confidential Documents or Information are entitled to Confidential treatment.  If the disclosing party does not timely file a motion for protective order, then the Confidential Documents or Information in dispute shall no longer be subject to Confidential treatment as provided in this Order.  All Confidential Documents and Information are entitled to Confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Confidential Document or Information is entitled to Confidential treatment.

11.     The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

- 12 -

12.    A designating party that inadvertently fails to mark an item as as required under this Order at the time of the production, or fails to provide a written description of orally disclosed Confidential Information, shall not be deemed to have waived, in whole or in part, any claim of confidentiality, either as to the specific information disclosed or as to any other information thereto on the same or related subject matter.  In the case of documents, any such misdesignated materials shall be properly designated as soon as reasonably possible after the producing party becomes aware of the inadvertent failure to mark.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked as Confidential material.  Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked items and all copies thereof.  In the case of orally disclosed information, a written description of the information must be provided, as set forth above.

13.    The party or parties receiving Confidential Documents or Information shall not under any circumstances sell, offer for sale, advertise, or publicize them.

14.    After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those Confidential Documents and Information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Confidential Documents and Information for enforcement of the provisions of this Order following termination of this litigation.

15.    This Order shall apply to any non-party to this action who shall be called upon to make discovery or provide deposition or other testimony in connection with this action. Such non-party shall be deemed to avail itself of the provisions and protections of this Order by making production or providing testimony consistent with it.

- 13 -

16.     The provisions of this Order shall not terminate at the conclusion of this action.  Within thirty (30) days after the final conclusion of all aspects of this action by judgment not subject to appeal or by settlement, Confidential Documents and all copies of same, and all documents containing or referring to Confidential Information, other than trial and deposition transcripts, trial and deposition exhibits, and briefs, counsel work papers, memoranda or other documents or papers filed with the Court, and undertakings executed pursuant to paragraph 6 hereto, shall either be returned to the producing party or person or destroyed, with the exception of source code documents, which shall be returned to the producing party.  All parties or persons that received Confidential Documents or Information shall make certification of compliance with this section and shall deliver same to counsel for the person that produced the documents or disclosed the information not more than sixty (60) days after the final conclusion of this action.  The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

17.     The inadvertent production of documents subject to the protection of the attorney-client privilege, work product doctrine, or other privilege shall not constitute a waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications.  The producing party shall notify the receiving party in writing of any such inadvertently produced documents as soon as reasonably possible after the producing party becomes aware of their inadvertent production.  Upon receipt of such notice, the receiving party shall, within three (3) days, or sooner if that is possible, return all such documents to the producing party, along with any copies made thereof.

- 14 -

18.     This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

So **ORDERED** and **SIGNED** this _____ day of _____, 2008.

_____
**UNITED STATES DISTRICT JUDGE**

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  6:07-CV-511 |
| | § | |
| CDW CORPORATION, NEWEGG INC., | § | Hon. Leonard E. Davis |
| REDCATS USA, INC., SYSTEMAX, | § | |
| INC., ZAPPOS.COM, INC., TIGER | § | |
| DIRECT, INC., THE SPORTSMAN'S | § | |
| GUIDE, INC., and REDCATS USA LP, | § | |
| | § | |
| Defendants. | § | |

**UNDERTAKING CONCERNING CONFIDENTIALITY**

I,_____, hereby certify that:

1.      I have read the Protective Order entered in the above-captioned action and understand its terms.

2.      I agree to be bound by the terms of the Protective Order.  I agree to use Confidential Documents and Information provided to me pursuant to the Protective Order in this case only for purposes of this litigation.

3.      I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action may subject me, without limitation, to penalties for contempt of Court.

- 16 -

4.      I submit to the jurisdiction of the Court in the above-captioned action for the purpose of enforcing the terms of the Protective Order and freely and knowingly waive any right that I may otherwise have to object to the jurisdiction of said Court.

Date: _____

Signature: _____

Print Name: _____

| Jennifer Seraphine/JonesDay | To | "Thomas Duston" <tduston@marshallip.com> |
|---|---|---|
| Extension 3-5892 | cc | |
| Phone    (415) 875-5892 | bcc | Elaine L. Goodman/JonesDay |
| 05/21/2008 05:38 PM | Subject | Re: CDW/SOVERAIN  Protective Order |

Tom,

I am prepared to address the issues that we discussed when we last spoke.  Let me know when you are ready to discuss the prosecution bar, as well as the other issues you were going to follow up on on behalf of the defendants.

Thanks,

Jennifer


Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700
"Thomas Duston" <tduston@marshallip.com>



| "Thomas Duston" <tduston@marshallip.com> | To | "Jennifer Seraphine" <jseraphine@JonesDay.com> |
|---|---|---|
| | cc | |
| 05/20/2008 11:04 AM | Subject | CDW/SOVERAIN  Protective Order |

Jen--

Did you have an opportunity to follow up on those areas for which we are awaiting a response from the Plaintiff?  I am awaiting a response from SystemMax on the prosecution bar proposal.

Thanks, Tom.

Thomas L. Duston
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
Chicago, IL 60606
(312) 474-6300 (main)
(312) 423-3446 (direct)
(312) 474-0448 (fax)
tduston@marshallip.com

The material in this transmission may contain confidential information.   If you are not the intended recipient any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies, and notify Marshall.

Gerstein & Borun, LLP by Telephone (312) 474-6300. Thank you.

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected
by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

Jennifer Seraphine/JonesDay
Extension  3-5892
Phone       (415) 875-5892

06/05/2008 07:26 PM

To    "Thomas Duston" <tduston@marshallip.com>

cc    "LovettM" <LovettM@gtlaw.com>, "Deem, Tonya"
      <TDeem@Kilpatrick Stockton.com>

bcc   Elaine L. Goodman/JonesDay

Subject  Re: CDW/SOVERAIN  PLE-Insert for Protective Order re
         Sec. 5.3_v1.DOC

Tom,

We cannot agree to this language.  We will agree to extending paragraph 5.3(a)(iv) to one in house counsel from each party.  We will also agree that those persons will not later assert newly added or amended claims that read on the confidential restricted information disclosed to them, against the disclosing party.  Thus, 5.3(b) would read:

(b) Katharine Wolanyk, _____, _____, _____, _____, and _____ (*i.e.* a single in-house attorney per party), are excluded from the limitations of paragraph 5.3(a); however, to the extent that these individuals have access to information designated as CONFIDENTIAL RESTRICTED, that person, and the party to this litigation represented by or affiliated with that person, as well as its successors and assigns, shall be restricted from asserting against the disclosing party any patent claims: (a) contained in the applications described in (i), (ii) and (iii) above; (b) added or amended after the date of his or her access to the CONFIDENTIAL RESTRICTED information; and (c) that read on the technology described in the CONFIDENTIAL RESTRICTED information disclosed to that person pursuant to this Protective Order.

Also, by separating these into two paragraphs, 5.3(a) and (b), the two year time limitation will not apply to the above restrictions.  We maintain our position that two years is a sufficient length of time in paragraph 5.3(a).  (The language needs to read two years, not "at least" two years.)  Again, this is an additional protection, as anyone receiving information under the Protective Order is prohibited from using that information for any purpose other than the litigation, including patent prosecution.

Please let me know if defendants will agree to this, and also the language for other provisions that I sent to you last week.  I will then circulate a revised draft that incorporates this and the other provisions that we have agreed upon.

Thank you,
Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700
"Thomas Duston" <tduston@marshallip.com>



"Thomas Duston"
<tduston@marshallip.com>

06/04/2008 08:48 AM

To    "Jennifer Seraphine" <jseraphine@JonesDay.com>

cc    "LovettM" <LovettM@gtlaw.com>, "Deem, Tonya"
      <TDeem@KilpatrickStockton.com>

Subject  CDW/SOVERAIN  PLE-Insert for Protective Order re Sec.
         5.3_v1.DOC

See attached.

The material in this transmission may contain confidential information.   If you are not the intended recipient any disclosure or use of this
information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies, and notify Marshall,
Gerstein & Borun LLP by telephone (312) 474-6300. Thank you.



PLE-Insert for Protective Order re Sec. 5.3_v1.DOC

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected
by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

5.3     (a)     Any persons in the categories of paragraphs 2(a), 2(b), 2(c), 2(e)(ii) or 2(h) who have access to another party's CONFIDENTIAL-RESTRICTED Documents or Information shall not, for at least two years following the completion of this litigation, prosecute for, supervise on behalf of, or assist the party who that person represents in this action in the prosecution of:

(i) any patent application filed after the date hereof which claims the benefit of a filing date of any patent or application, foreign or domestic, earlier than the date hereof, together with any continuations, continuations-in-part, divisionals, renewals, substitutes or convention applications with respect to said new patent applications; or

(ii) any continuation, continuation-in-part, divisional, renewal, substitute or convention application pending as of the date hereof;

(iii) provided the applications described in (i) and (ii) relate, in whole or in part, to information disclosed in documents, testimony, information and other things designated "CONFIDENTIAL-RESTRICTED" which said person has reviewed;

(iv) Subject to the restrictions in paragraph 5.3(b), below, Katharine Wolanyk, _____, _____, _____, _____, and _____ (*i.e.* a single in-house attorney per party), shall be exempted from the provisions of Paragraph 5.3(a).

(b)     In the event that any person who has engaged in the activities described in Section 5.3 has had access to information designated as CONFIDENTIAL RESTRICTED, that person and the party to this litigation represented by or affiliated with that person, as well as its successors and its assigns, shall be restricted from asserting against the disclosing party any patent claims: (a) contained in the applications described in (i), (ii) and (iii) above; (b) added or amended after the date of that person's access to the CONFIDENTIAL RESTRICTED information; and (c) that read on the technology described in the information disclosed to that person pursuant to this the Protective Order.

|  | |
|---|---|
| **Jennifer Seraphine/JonesDay**<br>Extension 3-5892<br>Phone     (415) 875-5892<br><br>08/07/2008 01:52 PM | **To** tduston@marshallip.com, efindlay@rameyflock.com,<br>lovettm@gtlaw.com, mnielsen@marshallip.com<br>**cc** cr@rothfirm.com, Thomas L Giannetti/JonesDay@JonesDay<br>**bcc** Elaine L. Goodman/JonesDay<br>**Subject** Soverain v. CDW, et al. -- Protective Order |

Counsel,

It is now over six months since Soverain first sent out a draft protective order to the defendants for their consideration.  After all those months we still do not have a protective order in the case or even an agreement as to what are the open issues for resolution by the court.

The lack of a protective order in this case is now prejudicing Soverain's preparation.

Soverain had thought there was a temporary working agreement to treat documents in accordance with the pending draft of the protective order while the final version was being prepared for submission.  But even that temporary agreement is now ineffective as we have now received notice from Ms. Lovett that her clients have reservations regarding the source code provisions in the current draft and proposing a new procedure that has not previously been discussed.

Soverain believes that either there must be agreement on a form of order or the open issues must be placed before the court without further delay.   Accordingly,  Soverain requests a meet and confer involving all parties and their respective local counsel this week, so that we can understand the parties' respective positions and, if agreement can't be reached, we can submit a motion to the court.

Please let us know your availability.  Thank you.

Tom and Jennifer


Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

**Jennifer Seraphine/JonesDay**
Extension 3-5892
Phone      (415) 875-5892

08/12/2008 10:04 AM

To   "Thomas Duston" <tduston@marshallip.com>
cc   cr@rothfirm.com, efindlay@rameyflock.com,
      lovettm@gtlaw.com, "Matthew Nielsen"
      <mnielsen@marshallip.com>, tlgiannetti@jonesday.com
bcc  Elaine L. Goodman/JonesDay
Subject  Re: Soverain v. CDW, et al.  -- Protective Order

We will also participate by phone.  I have set up the below call in number for 9:00 am CT:

Dial in:  (866) 448-1308
Participant Code:   57002109

Thank you.

Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700
"Thomas Duston" <tduston@marshallip.com>



**"Thomas Duston"**
<tduston@marshallip.com>

08/11/2008 11:49 AM

To   <lovettm@gtlaw.com>, <jseraphine@JonesDay.com>
cc   <cr@rothfirm.com>, <efindlay@rameyflock.com>, "Matthew
      Nielsen" <mnielsen@marshallip.com>,
      <tlgiannetti@jonesday.com>
Subject  Re: Soverain v. CDW, et al.  -- Protective Order

I will need to participate by phone.

-------------------------
Thomas L. Duston
Marshall, Gerstein & Borun LLP
6300 Sears Tower
Chicago, IL 60606
(312) 423-3446 (direct)
(312) 474-0448 (fax)
www.marshallip.com


The material in this transmission may contain confidential information. If you
are not the intended recipient any disclosure or use of this information by
you is strictly prohibited. If you have received this transmission in error,
please delete it, destroy all copies, and notify Marshall, Gerstein & Borun
LLP by telephone (312) 474-6300. Thank you.

-----Original Message-----

From: LovettM@gtlaw.com <LovettM@gtlaw.com>
To: jseraphine@JonesDay.com <jseraphine@JonesDay.com>; Thomas Duston

CC: cr@rothfirm.com <cr@rothfirm.com>; efindlay@rameyflock.com
<efindlay@rameyflock.com>; Matthew Nielsen; tlgiannetti@JonesDay.com
<tlgiannetti@JonesDay.com>
Sent: Mon Aug 11 13:13:13 2008
Subject: RE: Soverain v. CDW, et al.  -- Protective Order

Doug Mc Swane, our local counsel, can be available Friday morning.  Do
we plan to meet in Dallas or telephonically?


--------------------------------------------------------------------
    Tax Advice Disclosure: To ensure compliance with requirements imposed by
the IRS under Circular 230, we inform you that any U.S. federal tax advice
contained in this communication (including any attachments), unless otherwise
specifically stated, was not intended or written to be used, and cannot be
used, for the purpose of (1) avoiding penalties under the Internal Revenue
Code or (2) promoting, marketing or recommending to another party any matters
addressed herein.

    The information contained in this transmission may contain privileged and
confidential information. It is intended only for the use of the person(s)
named above. If you are not the intended recipient, you are hereby notified
that any review, dissemination, distribution or duplication of this
communication is strictly prohibited. If you are not the intended recipient,
please contact the sender by reply email and destroy all copies of the
original message. To reply to our email administrator directly, please send an
email to mailto:postmaster@gtlaw.com.

--------------------------------------------------------------------


From: Lovett, Mary-Olga (Shld-Hou-LT)
Sent: Friday, August 08, 2008 12:40 PM
To: 'jseraphine@JonesDay.com'; 'tduston@marshallip.com'
Cc: 'cr@rothfirm.com'; 'efindlay@rameyflock.com';
'mnielsen@marshallip.com'; 'tlgiannetti@JonesDay.com'
Subject: Re: Soverain v. CDW, et al. -- Protective Order

I am in depositions out of state Tuesday through Thursday.  I can be
available Friday the 15th or Tuesday the 19th.

----- Original Message -----
From: Jennifer Seraphine <jseraphine@JonesDay.com>
To: Thomas Duston <tduston@marshallip.com>
Cc: cr@rothfirm.com <cr@rothfirm.com>; efindlay@rameyflock.com
<efindlay@rameyflock.com>; Lovett, Mary-Olga (Shld-Hou-LT); Matthew
Nielsen <mnielsen@marshallip.com>; Thomas L Giannetti
<tlgiannetti@JonesDay.com>
Sent: Fri Aug 08 11:53:49 2008
Subject: RE: Soverain v. CDW, et al.  -- Protective Order


Mary-Olga,

Are you also available on Wednesday?

Thank you,

Jennifer

Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700

|  | "Thomas Duston" |
|---|---|
|  | <tduston@marshall |
|  | ip.com> |
| To | "Jennifer Seraphine" |
|  | <jseraphine@JonesDay.com>, |
|  | <efindlay@rameyflock.com>, |
| 08/08/2008 09:31 | <lovettm@gtlaw.com>, "Matthew |
| AM | Nielsen" |
| <mnielsen@marshallip.com> | |
| cc | <cr@rothfirm.com>, "Thomas L |
|  | Giannetti" |
|  | <tlgiannetti@JonesDay.com> |
| Subject | RE: Soverain v. CDW, et al.  -- |
|  | Protective Order |

Jennifer--

Our local counsel, Eric Findlay, is apparently out of the office today
and unavailable.  I am having surgery performed early next week, but

believe that I could be available on Wednesday for the requested meet and confer on the outstanding protective order issues.  Please let me know if Mr. Adamo and your local counsel would be available on that date.

I would also ask in future correspondence that Soverain refrain the type of posturing reflected in the first paragraph of your email.  We have made similar requests previosuly.  As you know, the parties have engaged in numerous discussions concerning the terms of your proposed order. Those discussions have been very productive, leading to substantial modifications to the proposal initially made by Soverain.  I am not aware of any misunderstandings concerning the issues that remain outstanding.  Hopefully we can resolve those in our upcoming conference.


Thank you, Tom.



The material in this transmission may contain confidential information. If
you are not the intended recipient any disclosure or use of this
information by you is strictly prohibited. If you have received this
transmission in error, please delete it, destroy all copies, and notify
Marshall, Gerstein & Borun LLP by telephone (312) 474-6300. Thank you.

-----Original Message-----

From: Jennifer Seraphine [mailto:jseraphine@JonesDay.com]
Sent: Thursday, August 07, 2008 12:52 PM
To: Thomas Duston; efindlay@rameyflock.com; lovettm@gtlaw.com; Matthew Nielsen
Cc: cr@rothfirm.com; Thomas L Giannetti
Subject: Soverain v. CDW, et al. -- Protective Order



Counsel,

It is now over six months since Soverain first sent out a draft protective order to the defendants for their consideration.  After all those months we still do not have a protective order in the case or even an agreement as to what are the open issues for resolution by the court.

The lack of a protective order in this case is now prejudicing Soverain's preparation.

Soverain had thought there was a temporary working agreement to treat documents in accordance with the pending draft of the protective order while the final version was being prepared for submission.  But even that temporary agreement is now ineffective as we have now received notice from Ms. Lovett that her clients have reservations regarding the source code provisions in the current draft and proposing a new procedure that has not previously been discussed.

Soverain believes that either there must be agreement on a form of order or the open issues must be placed before the court without further delay. Accordingly,  Soverain requests a meet and confer involving all parties and their respective local counsel this week, so that we can

understand the parties' respective positions and, if agreement can't be reached, we can submit a motion to the court.

Please let us know your availability.  Thank you.

Tom and Jennifer


Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected. ==========


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records
can be corrected.
==========


-----Original Message-----



==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========



"Thomas Duston"
<tduston@marshallip.com>

08/21/2008 03:57 PM

To   "Jennifer Seraphine" <jseraphine@JonesDay.com>

cc   <lovettm@gtlaw.com>

Subject   SOVERAIN  #1093647 v1 - PLE-Suggestions for Prot Ord

Please review and contact me to discuss.  Thanks.

<<NFV301!.DOC>>

The material in this transmission may contain confidential information. If you are not the intended recipient any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies, and notify Marshall, Gerstein & Borun LLP by telephone (312) 474-6300. Thank you.



NFV301!.DOC

5.3   (a)   Any persons in the categories of paragraphs 2(a), 2(b), 2(c), 2(e) or 2(h) who have access to another party's CONFIDENTIAL-RESTRICTED Documents or Information shall not during, and for two years following the completion of, this litigation, prosecute for, supervise on behalf of, or assist the party who that person represents in this action in the prosecution of:

(i) any patent application filed after the effective date hereof which claims the benefit of a filing date of any patent or application, foreign or domestic, earlier than the effective date hereof, together with any continuations, continuations-in-part, divisionals, renewals, substitutes or convention applications with respect to said new patent applications; or

(ii) any application, continuation, continuation-in-part, divisional, renewal, substitute or convention application pending as of the date hereof;

(iii) provided the applications described in (i) and (ii) relate, in whole or in part, to information disclosed in documents, testimony, information and other things designated "CONFIDENTIAL-RESTRICTED" which said person has reviewed;

_____(b)   Katharine Wolanyk, _____, _____, _____, _____, and _____ (i.e. a single in-house attorney per party), are excluded from the limitations of paragraph 5.3(a), but are otherwise subject to the restrictions set forth in paragraph 5.3(c), below;

(c)   Any person however, to the extent that these individuals have having had access to information designated as CONFIDENTIAL RESTRICTED, who prosecutes, supervises, or assists in the prosecution of patent applications described in paragraph 5.3(a), above, that person. and the party to this litigation represented by or affiliated with that person, as well as their its successors and assigns, shall be restricted from asserting against the disclosing party any patent

claims: (a) contained in the applications described in (i), (ii) and (iii) of paragraph 5.3(a), above;

(b) added or amended after the date of his or her access to the CONFIDENTIAL RESTRICTED

information; and (c) that read on the technology described in the CONFIDENTIAL

RESTRICTED information disclosed to that person pursuant to this Protective Order.

*    *    *

  h. Outside consultants or experts retained for the purpose of assisting counsel in this

action, subject to the condition that such consultant or expert, prior to any disclosure of

Confidential Documents or Information thereto, be identified to the disclosing party no less than

ten (10) days prior to a proposed disclosure, with full identification of the proposed consultant or

expert to whom the Confidential Documents or Information are to be disclosed, including (i) the

current Curriculum Vitae of the proposed consultant or expert, (ii) a list of all publications

authored in the prior ten years, (iii) a list of all other cases in which, during the previous four

years the proposed consultant or expert has testified as an expert at trial or deposition, and (iv) a

description of the employment of the expert or consultant in the last previous four years,

including, an identification of all parties who have employed the expert or consultant,  the dates

of such employment and the nature of such employment.  In the event that the expert or

consultant is under a contractual confidentiality obligation with respect to the information sought

in (iv), above, then the disclosure shall include any and all information that can be disclosed

without breach of any such agreement, and shall, at minimum include, (a) a statement as to

whether the party employing the expert or consultant competes or competed in any way with the

party from whom consent to the disclosure is sought, (b) a statement as to whether the party

employing the expert or consultant conducts business via an eCommerce website, and (c) a

statement of the nature of the employment including the dates thereof.  ~~with the proviso that, i~~If

within that ten (10) day period, an objection is stated to such disclosure, no such disclosure will

be made without prior Court approval or written agreement by the objecting party.  Consent to

the requested disclosure shall not unreasonably be withheld.

Jennifer Seraphine/JonesDay

Extension   3-5892
Phone       (415) 875-5892

09/03/2008 06:06 PM

To   "Thomas Duston" <tduston@marshallip.com>

cc   lovettm@gtlaw.com

bcc   Elaine L. Goodman/JonesDay

Subject   Re: SOVERAIN  #1093647 v1 - PLE-Suggestions for Prot Ord 

Tom,

Thank you for the below.  Subject to final review in the context of the entire document, I've accepted your changes to these sections and made some revisions that I believe are consistent with the intent, and intended only to clarify.

Please review and let me have your comments, or if you have questions feel free to give me a call to discuss.

Thank you,

Jennifer



SFI_590895_1_Defendants' Protective Order Proposal w_Redline.DOC

Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700
"Thomas Duston" <tduston@marshallip.com>

"Thomas Duston"
<tduston@marshallip.com>

08/21/2008 03:57 PM

To   "Jennifer Seraphine" <jseraphine@JonesDay.com>

cc   <lovettm@gtlaw.com>

Subject   SOVERAIN  #1093647 v1 - PLE-Suggestions for Prot Ord

Please review and contact me to discuss.  Thanks.

<<NFV301!.DOC>>

The material in this transmission may contain confidential information. If you are not the intended recipient any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies, and notify Marshall, Gerstein & Borun LLP by telephone (312) 474-6300. Thank you.

[attachment "NFV301!.DOC" deleted by Jennifer Seraphine/JonesDay]

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected
by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

5.3      (a)      Any persons in the categories of paragraphs 2(a), 2(b), 2(c), or 2(h) who have access to another party's CONFIDENTIAL-RESTRICTED Documents or Information shall not during, and for two years following the completion of, this litigation, prosecute for, supervise on behalf of, or assist the party who that person represents in this action in the prosecution of:

(i) any patent application filed after the effective date hereof which claims the benefit of a filing date of any patent or application, foreign or domestic, earlier than the effective date hereof, together with any continuations, continuations-in-part, divisionals, renewals, substitutes or convention applications with respect to said new patent applications; or

(ii) any application, continuation, continuation-in-part, divisional, renewal, substitute or convention application pending as of the date hereof;

(iii) provided the applications described in (i) and (ii) relate, in whole or in part, to information disclosed in documents, testimony, information and other things designated "CONFIDENTIAL-RESTRICTED" which said person has reviewed;

(b)      Katharine Wolanyk, _____, _____, _____, _____, and _____ (*i.e.* a single in-house attorney per party), are excluded from the limitations of paragraph 5.3(a); however, to the extent that these persons, or the persons who prosecute, supervise or assist in the prosecution of patent applications described in paragraph 5.3(a) on behalf of the party that these persons represent in this action, have access to information designated as CONFIDENTIAL RESTRICTED, , , that person and the party to this litigation represented by or affiliated with that person, as well as their successors and assigns, shall be restricted from asserting against the disclosing party any patent claims: (a) contained in the applications described in (i), (ii) and (iii) of paragraph 5.3(a), above;

(b) added or amended after the date of his or her access to the CONFIDENTIAL RESTRICTED information; and (c) that read on the technology described in the CONFIDENTIAL RESTRICTED information disclosed to that person pursuant to this Protective Order.

*                      *                      *

       h.     Outside consultants or experts retained for the purpose of assisting counsel in this action, subject to the condition that such consultant or expert, prior to any disclosure of Confidential Documents or Information thereto, be identified to the disclosing party no less than ten (10) days prior to a proposed disclosure, with full identification of the proposed consultant or expert to whom the Confidential Documents or Information are to be disclosed, including (i) the current Curriculum Vitae of the proposed consultant or expert, (ii) a list of all publications authored in the prior ten years, (iii) a list of all other cases in which, during the previous four years the proposed consultant or expert has testified as an expert at trial or deposition, and (iv) an identification of all parties who have employed the expert or consultant for the past four (4) years.  In the event that the expert or consultant is under a contractual confidentiality obligation with respect to the information sought in (iv), above, then the disclosure shall include (a) a statement as to whether the party employing the expert or consultant competes or competed in any way with the party from whom consent to the disclosure is sought, and (b) a statement of the nature of the employment including the dates thereof.  If within that ten (10) day period, an objection is stated to such disclosure, no such disclosure will be made without prior Court approval or written agreement by the objecting party.  Consent to the requested disclosure shall not unreasonably be withheld.

**Jennifer Seraphine/JonesDay**
Extension  3-5892
Phone       (415) 875-5892

09/11/2008 11:47 AM

To    "Thomas Duston" <tduston@marshallip.com>

cc    lovettm@gtlaw.com

Subject   Re: SOVERAIN  #1093647 v1 - PLE-Suggestions for Prot Ord

Tom,

Can you let me know when we can expect your comments?

Thank you,

Jennifer

Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700
Jennifer Seraphine/JonesDay

**Jennifer Seraphine/JonesDay**
Extension  3-5892
Phone       (415) 875-5892

09/03/2008 03:06 PM

To    "Thomas Duston" <tduston@marshallip.com>

cc    lovettm@gtlaw.com

Subject   Re: SOVERAIN  #1093647 v1 - PLE-Suggestions for Prot Ord

Tom,

Thank you for the below.  Subject to final review in the context of the entire document, I've accepted your changes to these sections and made some revisions that I believe are consistent with the intent, and intended only to clarify.

Please review and let me have your comments, or if you have questions feel free to give me a call to discuss.

Thank you,

Jennifer



SFI_590895_1_Defendants' Protective Order Proposal w_Redline.DOC

Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700
"Thomas Duston" <tduston@marshallip.com>



**"Thomas Duston"**
**<tduston@marshallip.com>**

08/21/2008 03:57 PM

To   "Jennifer Seraphine" <jseraphine@JonesDay.com>
cc   <lovettm@gtlaw.com>
Subject   SOVERAIN  #1093647 v1 - PLE-Suggestions for Prot Ord

Please review and contact me to discuss.  Thanks.

<<NFV301!.DOC>>

The material in this transmission may contain confidential information. If you are not the intended recipient any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies, and notify Marshall, Gerstein & Borun LLP by telephone (312) 474-6300. Thank you.

[attachment "NFV301!.DOC" deleted by Jennifer Seraphine/JonesDay]

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========