# EXHIBIT E

# Greenberg Traurig

Mary-Olga Lovett
(713) 374-3541
lovettm@gtlaw.com

August 6, 2008

VIA E-MAIL TLGIANNETTI@JONESDAY.COM AND
BY FIRST CLASS MAIL

Thomas L. Giannetti
Jones Day
222 East 41st Street
New York, New York 10017-6706

RE:   Soverain v. Systemax and TigerDirect

Dear Tom:

I write to address your correspondence of July 31.

1. You will receive replacement documents for the exhibits which we have agreed to re-classify as non-confidential.

2. Our initial discussions with Jennifer Seraphine of your office envisioned the hosting of a "clean room;" when this concept included the source code for Zappos, Newegg, and Redcats, in addition to that of my clients, I believe we had discussed our Silicon Valley office as a potential site. However, our source code, unlike that of some of the other defendants, is original to our company and not created by a third party.

Upon review of the code in preparation for its production, my clients determined that the code itself contains too many backdoors and password-protected elements to allow them to be comfortable with production outside a carefully controlled, company-based environment. (I had mentioned this concern to Tom Duston, as he can confirm, several weeks ago.) We therefore must insist that the source code be produced in the clean-room formats in Miami and New York. For your convenience, my clients will agree to (a) provide the source code for TigerDirect in Miami; (b) reimburse your client for one-half of the travel and lodging costs for two attorneys to travel to Miami for the review for three nights and four days; and (c) provide the source code for Systemax in New York at the Systemax Headquarters, 11 Harbor

Park Drive, Port Washington, New York. The contact person on-site is Gary Bornkamp. (We will also reimburse you for round-trip mileage to Port Washington). The clean rooms can be available to you at any time upon twenty-four hours notice, and will remain available until your designees have completed their review.

As a threshold matter, while we certainly will produce the source code as required, we would point out that it does not appear from your infringement contentions and analysis that the actual source code is particularly germane to Soverain's claims against my clients. In Soverain's Infringement Contentions, the only reference to Soverain's need for nonpublic data to substantiate its claims is found at page 33, footnote 2, which refers to claims of the '639 patent which recite a "session identifier," a "user identifier," and other similar identifiers. Soverain avers that "[a]scertaining whether an information string is a 'session identifier,' a 'user identifier,' or another similar identifier generally requires access to nonpublic information." However, we may be able to dispose of this concern. My clients are prepared to stipulate that, pursuant to the Court's definitions and construction rendered in the *Amazon* case with respect to the term "Session Identifier," the variable described as "Session ID" in Exhibits C4 and D4 appended to Soverain's Infringement Analysis does, in fact, refer to the "Session Identifier" as defined. Please advise as to whether your client has any interest in such a stipulation.

3. There are a number of other documents (other than source code) which will accompany our production pursuant to Rule 3-4(a) and augment our production under Local Rule 26(d) and Fed. R. Civ. P. 26(a)(1). We anticipate that these documents will be hand-delivered to your offices by Monday. We do, of course, reserve the right to supplement these productions in accordance with the applicable rules as discovery progresses.

I look forward to hearing from you.

Very truly yours,

*Mary-Olga Lovett*

Mary-Olga Lovett

NY239,078,364v1 8-6-08