# EXHIBIT J



"Thomas Duston"
<tduston@marshallip.com>

08/21/2008 03:57 PM

To "Jennifer Seraphine" <jseraphine@JonesDay.com>
cc <lovettm@gtlaw.com>
Subject SOVERAIN #1093647 v1 - PLE-Suggestions for Prot Ord

Please review and contact me to discuss. Thanks.

<<NFV301!.DOC>>

The material in this transmission may contain confidential information. If you are not the intended recipient any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies, and notify Marshall, Gerstein & Borun LLP by telephone (312) 474-6300. Thank you.



NFV301!.DOC

5.3 (a) Any persons in the categories of paragraphs 2(a), 2(b), 2(c), 2(e) or 2(h) who have access to another party's CONFIDENTIAL-RESTRICTED Documents or Information shall not during, and for two years following the completion of, this litigation, prosecute for, supervise on behalf of, or assist the party who that person represents in this action in the prosecution of:

(i) any patent application filed after the effective date hereof which claims the benefit of a filing date of any patent or application, foreign or domestic, earlier than the effective date hereof, together with any continuations, continuations-in-part, divisionals, renewals, substitutes or convention applications with respect to said new patent applications; or

(ii) any application, continuation, continuation-in-part, divisional, renewal, substitute or convention application pending as of the date hereof;

(iii) provided the applications described in (i) and (ii) relate, in whole or in part, to information disclosed in documents, testimony, information and other things designated "CONFIDENTIAL-RESTRICTED" which said person has reviewed;

(b) Katharine Wolanyk, _____, _____, _____, _____, and _____ (*i.e.* a single in-house attorney per party), are excluded from the limitations of paragraph 5.3(a), but are otherwise subject to the restrictions set forth in paragraph 5.3(c), below;

(c) Any person however, to the extent that these individuals havehaving had access to information designated as CONFIDENTIAL RESTRICTED, who prosecutes, supervises, or assists in the prosecution of patent applications described in paragraph 5.3(a), above, that person, and the party to this litigation represented by or affiliated with that person, as well as theirits successors and assigns, shall be restricted from asserting against the disclosing party any patent

claims: (a) contained in the applications described in (i), (ii) and (iii) of paragraph 5.3(a), above; (b) added or amended after the date of his or her access to the CONFIDENTIAL RESTRICTED information; and (c) that read on the technology described in the CONFIDENTIAL RESTRICTED information disclosed to that person pursuant to this Protective Order.

       \*       \*       \*

  h.  Outside consultants or experts retained for the purpose of assisting counsel in this action, subject to the condition that such consultant or expert, prior to any disclosure of Confidential Documents or Information thereto, be identified to the disclosing party no less than ten (10) days prior to a proposed disclosure, with full identification of the proposed consultant or expert to whom the Confidential Documents or Information are to be disclosed, including (i) the current Curriculum Vitae of the proposed consultant or expert, (ii) a list of all publications authored in the prior ten years, (iii) a list of all other cases in which, during the previous four years the proposed consultant or expert has testified as an expert at trial or deposition, and (iv) a description of the employment of the expert or consultant in the last previous four years, including, an identification of all parties who have employed the expert or consultant, the dates of such employment and the nature of such employment. In the event that the expert or consultant is under a contractual confidentiality obligation with respect to the information sought in (iv), above, then the disclosure shall include any and all information that can be disclosed without breach of any such agreement, and shall, at minimum include, (a) a statement as to whether the party employing the expert or consultant competes or competed in any way with the party from whom consent to the disclosure is sought, (b) a statement as to whether the party employing the expert or consultant conducts business via an eCommerce website, and (c) a

<u>statement of the nature of the employment including the dates thereof.</u> ~~with the proviso that, i~~<u>If</u> within that ten (10) day period, an objection is stated to such disclosure, no such disclosure will be made without prior Court approval or written agreement by the objecting party. <u>Consent to the requested disclosure shall not unreasonably be withheld.</u>