**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CDW CORPORATION, )<br>NEWEGG INC., )<br>REDCATS USA, INC. )<br>SYSTEMAX INC., )<br>ZAPPOS.COM, INC., )<br>REDCATS USA, L.P., )<br>THE SPORTSMAN'S GUIDE, INC., AND )<br>TIGERDIRECT, INC., )<br>)<br>Defendants. ) | Civil Action No. 6:07-CV-00511-LED |

**DECLARATION OF JENNIFER SERAPHINE IN SUPPORT OF
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

I, Jennifer Seraphine, declare as follows:

1. I am a partner of the law firm of Jones Day, counsel for the plaintiff Soverain Software LLC ("Soverain") in this action. I have been authorized by this Court to appear as one of the attorneys for Soverain in this case.

2. I submit this declaration on behalf of Soverain, and in support of Soverain's Motion for Entry of Protective Order.

3. Attached hereto as Exhibit A is a true and correct copy of Soverain's proposed Protective Order.

4. Soverain sent its initial proposed protective order to Defendants on January 30, 2008. That Order was substantially the same as the Protective Order entered into in *Soverain*

*Software LLC v. Amazon.com, Inc. et al.,* Civil Action No. 6-04-CV-14 (E.D. Tex. Aug. 8, 2005). See Exhibit B.

     5.     Over the next eight months, the parties engaged in continuing negotiations regarding the appropriate form of a Protective Order to be entered in this case. The parties have participated in numerous telephone conferences and have exchanged many drafts of proposed Protective Order language, and the negotiations have resulted in most of the initial areas of disagreement being resolved. See, e.g., Composite Exhibit C.

     6.     One of the remaining Protective Order issues involves the handling of source code. As of July 2008 Soverain and Defendants CDW Corp., Newegg Inc., and Zappos.com, Inc. had reached agreement on the provisions governing the handling of confidential source code, and Soverain thought that defendants Systemax, Inc. and TigerDirect, Inc. were also in agreement with the proposed language. However, Systemax, Inc. and TigerDirect, Inc.'s counsel, Mary-Olga Lovett, sent a letter dated July 31, 2008 to counsel for Soverain, Thomas L. Giannetti, stating that TigerDirect's source code must be reviewed between 9 a.m. – 4:30 p.m. Eastern, Monday through Friday in the Managed Information Systems (MIS) White Room at TigerDirect's corporate headquarters, 7795 West Flagler Street, Suite 35, Miami, Florida. See Exhibit D. These restrictions were not contemplated in the proposed Protective Order under discussion.

     7.  On August 6, 2008, Ms. Lovett sent a second letter to Mr. Giannetti, providing more detail about the "clean room" review and stating that Soverain may have access to Systemax, Inc.'s source code under the same limitations (only during certain hours, and in a "clean room"), at the Systemax Headquarters, 11 Harbor Park Drive, Port Washington, New York. See Exhibit E.

8. Attached hereto as Exhibit F is a true and correct copy of a letter dated August 8, 2008 from Mr. Giannetti, to Ms. Lovett, responding to Ms. Lovett's July 31 and August 6 correspondence.

9. Attached hereto as Exhibit G is a true and correct copy of the Declaration of Solomon Niyazov.

10. Attached hereto as Exhibit H is a true and correct copy of the Declaration of Todd Lee.

11. Attached hereto as Exhibit I is a true and correct copy of the Declaration of Jack D. Grimes, Ph.D.

12. Two additional Protective Order issues remain under discussion between the parties: the appropriate language to be included in the prosecution bar, and the scope of expert disclosures under the Protective Order. These issues have been discussed extensively during the parties' negotiations. See, e.g., Composite Exhibit C. Most recently, on August 21, 2008, Defendants' counsel, Thomas Duston, sent an email to me with his proposed changes to the prosecution bar and expert disclosure provisions in the then-current draft protective order. See Exhibit J. These changes followed a telephone conference held on August 15, 2008.

13. Soverain accepted Defendants' changes and made some minor revisions to the prosecution bar and expert disclosure provisions in the then-current draft. I sent Thomas Duston an email with an attached Word document containing Soverain's proposed revised prosecution bar and expert disclosure provisions on September 3, 2008. See Exhibit K. Mr. Duston did not respond to that proposal, or a second request for response on September 11, 2008. See Exhibit L. While we believed that there is an agreement in principle on these issues, we are unsure as to what if any remaining objections Defendants may have on these two issues.

I declare under penalty of perjury that the foregoing is true and correct.

Signed on September 19, 2008
San Francisco, California

/s/ Jennifer Seraphine