IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CDW CORPORATION, ) <br> NEWEGG INC., ) <br> REDCATS USA, INC. ) <br> SYSTEMAX INC., ) <br> ZAPPOS.COM, INC., ) <br> REDCATS USA, L.P., ) <br> THE SPORTSMAN'S GUIDE, INC., AND ) <br> TIGERDIRECT, INC., ) <br> ) <br> Defendants. ) <br> ) | Case No. 6:07-CV-00511-LED |

**DEFENDANT CDW CORPORATION'S RESPONSE
TO MOTION FOR PROTECTIVE ORDER**

Defendant, CDW Corporation ("CDW") respectfully submits the following response to the motion of Plaintiff Soverain Software LLC ("Soverain") seeking entry of a protective order.

**Introduction**

Plaintiff Soverain is a patent holding company consisting of two full time employees, who seeks tens of millions of dollars from the defendants in this case based upon three patents it purchased from a now bankrupt entity for less than $590,000.  Plaintiff is represented in this action by the firm of Jones, Day, who is, at the same time, prosecuting numerous continuing patent applications on behalf of Soverain.

Defendants have resisted the demands of Soverain and its counsel that those involved in the prosecution of these applications be permitted both to analyze confidential, non-public

information concerning Defendants' systems, and to draft, alter or amend patent claims to read on those systems, so as to permit Soverain to assert any eventual patents against the Defendants. Only recently, have Soverain and its counsel abandoned these demands.

Despite the fact that Soverain failed to advise Defendants in advance of its intent to file the present motion, the proposed order generally reflects the protections demanded by CDW for its confidential information. CDW, however, submits the following response to clarify several issues.

      **A.**      **Prosecution Bar / Covenant Not to Sue and *Effective* Date.**

Soverain and Defendant CDW have agreed upon terms intended to protect a party disclosing confidential, non-public information, from having that information—even inadvertently—used by recipients to shape or direct language of patent claims that might later be asserted against that party. The proposed order restricts participation in the prosecution of patent claims by recipients of such information. Where a recipient of such information has participated in the prosecution of patent claims, Soverain and CDW have agreed that those resulting claims may not be asserted against CDW. *See Proposed Protective Order* at Section 5.

Several of these restrictions are defined in relation to the ***"effective"*** date of the order. As Soverain notes, CDW has already made production of confidential information concerning its systems, including source code. Soverain and CDW agreed that its production would be governed by the terms of this protective order. The reference to the "effective" date of the order was understood by CDW to refer to the date immediately proceeding defendants' first production of confidential, restricted information (*i.e.* May 5, 2008). CDW has no objections to the provisions of Section 5 of the Proposed Protective Order, with the understanding that the effective date of the order is deemed to be May 5, 2008.

B.  **<u>Disclosure of Consultants.</u>**

Until very recently, Soverain had declined to provide information necessary for CDW and the other defendants to properly assess the risks associated with exposing third-party consultants to confidential technical and financial information.  Soverain insisted that it need not provide any information beyond the disclosures called for in Rule 26(a) relating to testifying experts.  Rule 26(a) disclosures, however, are designed to permit more effective cross-examination, not to allow a disclosing party to assess adequately the risks that a consultant's non-testifying engagements may present to its confidential information.

Ultimately, during the parties' meet and confer on August 15, 2008, Soverain agreed to provide information on its consultants' other engagements during the previous four (4) years.  At Soverain's request, CDW reduced that obligation to writing.  Soverain's Ms. Saraphine responded, stating that she had "accepted your changes . . . and made some revisions that I believe are <u>consistent with the intent, and intended only to clarify</u>."  *See Exh. K* to *Soverain's Motion*.

When counsel represents that that only "clarifying" edits have been made, one does not expect wholesale, substantive changes.  Unfortunately, despite Ms. Seraphine's characterization, her revisions in fact served to delete any requirement that Soverain describe the nature of the consultant's other engagements and whether those engagements were ongoing or concluded.[1]

---

[1]  Soverain's purported "clarifying" revisions are shown in strikethrough and underline:

> h. Outside consultants . . . be identified to the disclosing party . . . (iv) ~~a description of the employment of the expert or consultant in the last previous four years, including,~~ an identification of all parties who have employed the expert or consultant <u>for the past four (4) years,</u> ~~the dates of such employment and the nature of such employment.~~ In the event that the expert or consultant is under a contractual confidentiality obligation with respect to the information sought in (iv), above, then the disclosure shall include ~~any and all information that can be disclosed without breach of any such agreement, and shall, at minimum include,~~ (a) a statement as to whether the party employing the expert or consultant competes or competed in any way with the party from whom

Merely identifying who has engaged the consultant—as Soverain seeks to do--does not sufficiently alert CDW and the other defendants to what those other engagements present to their technical and other confidential information.

Despite counsel's request that Ms. Seraphine discuss with him his proposals, Soverain elected instead to file the instant motion.  *See Exh. J*.  In its *Motion*, Soverain persists in characterizing its changes as "minor," and claims to be "unaware" of any differences between the parties concerning disclosures regarding consultant.

CDW requests that its originally proposal for Section 2(h) be adopted:

> h. Outside consultants or experts retained for the purpose of assisting counsel in this action, subject to the condition that such consultant or expert, prior to any disclosure of Confidential Documents or Information thereto, be identified to the disclosing party no less than ten (10) days prior to a proposed disclosure, with full identification of the proposed consultant or expert to whom the Confidential Documents or Information are to be disclosed, including (i) the current Curriculum Vitae of the proposed consultant or expert, (ii) a list of all publications authored in the prior ten years, (iii) a list of all other cases in which, during the previous four years the proposed consultant or expert has testified as an expert at trial or deposition, and (iv) a description of the employment of the expert or consultant in the last previous four years, including, an identification of all parties who have employed the expert or consultant, the dates of such employment and the nature of such employment.  In the event that the expert or consultant is under a contractual confidentiality obligation with respect to the information sought in (iv), above, then the disclosure shall include any and all information that can be disclosed without breach of any such agreement, and shall, at minimum include, (a) a statement as to whether the party employing the expert or consultant competes or competed in any way with the party from whom consent to the disclosure is sought, (b) a statement as to

---

(continued…)

> consent to the disclosure is sought, ~~(b) a statement as to whether the party employing the expert or consultant conducts business via an eCommerce website,~~ and (b~~c~~) a statement of the nature of the employment including the dates thereof. . . ..

4

>whether the party employing the expert or consultant conducts business via an eCommerce website, and (c) a statement of the nature of the employment including the dates thereof. If within that ten (10) day period, an objection is stated to such disclosure, no such disclosure will be made without prior Court approval or written agreement by the objecting party. Consent to the requested disclosure shall not unreasonably be withheld.

C. **Access by Selected Employees.**

Section 2(b) of the proposed order is intended to permit access by certain in-house personnel who must participate with counsel in connection with the defense of Soverain's action. CDW long ago indicated that allowance was needed for three (3) such individuals. *See* June 3 2008 email to J. Seraphine, *Exhibit A,* hereto. To counsel's recollection, Soverain has never previously identified the number of persons for purposes of Section 2(b) as an area of dispute.

Inexplicably, however, Soverain presents an order that allows for only two such persons. Admittedly, the difference between two and three would appear minor. However, defendants proposed three based upon a careful assessment of the particular individuals whose involvement would actually be needed. Unlike Soverain—a business composed of only two employees--CDW and the other defendants have divided the relevant responsibilities among a slightly larger group.

WHEREFORE, for the foregoing reasons, CDW respectfully requests that this Court modify Soverain's proposed order in Sections 2(b) and 2(h) to reflect the changes suggested above, and that the effective date of the order be deemed May 5, 2008.

Respectfully submitted, this 6th day of October, 2008.

      By: /s/ Thomas L. Duston
           Eric H. Findlay
           RAMEY & FLOCK, P.C.
           100 E. Ferguson, Suite 500
           Tyler, TX  75702
           T:  903.597.3301
           F:  903.597.2413
           E:  efindlay@rameyflock.com

           Thomas L. Duston
           Matthew C. Nielsen
           Julianne M. Hartzell
           Scott A. Sanderson
           MARSHALL, GERSTEIN & BORUN LLP
           233 S. Wacker Dr., Suite 6300
           Chicago, IL  60606
           T:  312.474.6300
           F:  312.474.0448
           E: tduston@marshallip.com

           *Attorneys for Defendant CDW Corporation*

*EXHIBIT A*

# Thomas Duston

**From:** Thomas Duston
**Sent:** Tuesday, June 03, 2008 12:57 PM
**To:** 'Jennifer Seraphine'
**Subject:** RE: CDW/SOVERAIN Prot Ord

Jen--

I have received word back from the defendants, and the consensus is to propose 3 in-house personnel for the current blank in Paragraph 2(b).

I should have the language on Paragraph 5 to you this afternoon.

Tom.


Thomas L. Duston
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
Chicago, IL 60606
(312) 474-6300 (main)
(312) 423-3446 (direct)
(312) 474-0448 (fax)
tduston@marshallip.com


-----Original Message-----
From: Jennifer Seraphine [mailto:jseraphine@JonesDay.com]
Sent: Tuesday, June 03, 2008 12:36 PM
To: Thomas Duston
Subject: Fw: CDW/SOVERAIN Prot Ord



Tom,

Anything to report on the Protective Order?

Thank you,

Jennifer

Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700
----- Forwarded by Jennifer Seraphine/JonesDay on 06/03/2008 10:35 AM -----

| | | |
|---|---|---|
| Jennifer Seraphine/JonesDay | | To |
| Extension 3-5892 Phone (415) 875-5892 | "Thomas Duston" <tduston@marshallip.com> | |
| | | cc |
| 05/29/2008 03:13 PM | Thomas L Giannetti/JonesDay@JonesDay, barryrsatine@jonesday.com | |
| | | Subject |
| | Re: CDW/SOVERAIN Prot Ord(Document link: Jennifer Seraphine) | |

1

## **CERTIFICATE OF SERVICE**

I hereby certify that on the above date, I electronically filed the foregoing **DEFENDANT CDW CORPORATION'S RESPONSE TO MOTION FOR PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

/s/ Thomas L. Duston