**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

SOVERAIN SOFTWARE LLC,  )
           )
  Plaintiff,     )
           )
  v.        )  Case No. 6:07-CV-00511-LED
           )
CDW CORPORATION,   )  JURY TRIAL DEMANDED
NEWEGG INC.,     )
REDCATS USA, INC.,   )
SYSTEMAX INC.,    )
ZAPPOS.COM, INC.,   )
REDCATS USA, L.P.,   )
THE SPORTSMAN'S GUIDE, INC., AND )
TIGERDIRECT, INC.    )
           )
  Defendants.    )

## SOVERAIN'S REPLY TO COUNTERCLAIMS OF CDW, NEWEGG, AND ZAPPOS.COM

Plaintiff Soverain Software LLC ("Soverain") replies to the corresponding numbered paragraphs of the counterclaims of CDW Corporation ("CDW"), Newegg Inc. ("Newegg"), Zappos.com, Inc., a California corporation ("Zappos-CA"), and Zappos.com, Inc., a Delaware Corporation ("Zappos-DE") (Zappos-CA and Zappos-DE are collectively referred to as "Zappos") (CDW, Newegg, and Zappos are collectively referred to as "Defendants") as follows:

## COUNTERCLAIMS

1. Soverain admits that Defendants purport to assert a counterclaim under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that Defendants have stated a cause of action or any grounds for such relief or are entitled to any such relief.

2. Upon information and belief, Soverain admits the allegations in Paragraph 2.

3. Upon information and belief, Soverain admits the allegations in Paragraph 3.

4.      Upon information and belief, Soverain admits the allegations in Paragraph 4.

5.      Soverain admits that Soverain is a limited liability company organized under the laws of the State of Delaware, having a principal place of business at 233 South Wacker Drive, Suite 9425, Chicago, IL 60606.  Soverain denies that its principal place of business is at 233 South Wacker Drive, Suite 3970, Chicago, IL 60606 as alleged in Paragraph 5.

6.      Soverain admits that this Court has subject matter jurisdiction over this action. Soverain admits that Defendants purport to assert that there is an actual and justiciable case or controversy under 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. §§ 2201 and 2201, but denies that Defendants have stated a cause of action or any grounds for such relief or are entitled to any such relief.

7.      Soverain admits the allegations in Paragraph 7.

8.      Soverain admits the allegations in Paragraph 8.

9.      Soverain denies the allegations in Paragraph 9.

10.     Soverain denies the allegations in Paragraph 10.

## COUNT I

### Declaratory Judgment of Non-infringement

11.     Soverain repeats its replies to Paragraphs 1-10 above.

12.     Soverain admits that Defendants purport to assert an affirmative defense of non-infringement.  Soverain denies all remaining allegations in Paragraph 12.

13.     Soverain denies the allegations in Paragraph 13.

14.     Soverain denies the allegations in Paragraph 14.

## COUNT II

### Declaratory Judgment of Invalidity

15.     Soverain repeats its replies to Paragraphs 1-14 above.

NYI-4124663v1

16.     Soverain admits that Defendants purport to assert an affirmative defense of invalidity.  Soverain denies all remaining allegations in Paragraph 16.

17.     Soverain denies the allegations in Paragraph 17.

18.     Soverain denies the allegations in Paragraph 18.

## COUNT III

### Declaratory Judgment of Unenforceability

19.     Soverain repeats its replies to Paragraphs 1-18 above.

20.     Soverain admits that Defendants purport to assert an affirmative defense of unenforceability.  Soverain denies all remaining allegations in Paragraph 20.

21.     Soverain denies the allegations in Paragraph 21.

**a.      To the extent that this lettered heading constitutes an allegation, Soverain denies the allegations in heading a.**

22.     Soverain admits that attorney James M. Smith, on January 12, 1998, filed U.S. Patent Application No. 09/005,479 ("the '479 application"), claiming priority to U.S. Patent Application No. 08/474,096 ("the '096 application"), which had been earlier filed on June 7, 1995.  Soverain admits that the '479 application named Thomas Mark Levergood, Lawrence C. Stewart, Stephen Jeffrey Morris, Andrew C. Payne, and George Winfield Treese as applicants. Soverain denies that the application was filed "on behalf of" the persons named in Paragraph 22, as that term is understood by Soverain.  Soverain denies all remaining allegations in Paragraph 22.

23.     Soverain admits the allegations in Paragraph 23.

24.     Soverain admits that the '479 application was filed as a continuation of the '096 application, denies that this constitutes a "representation" as that term is understood by Soverain, and denies all remaining allegations in Paragraph 24.

25.     Soverain admits that Paragraph 25 sets forth changes to the Abstract in the '479 application as filed.  Soverain denies all remaining allegations in Paragraph 25, including the characterization of Soverain's filing of the '479 application as a "representation."

26.     Soverain admits that Paragraph 26 sets forth changes to the "Summary of Invention" in the '479 application as filed.  Soverain denies all remaining allegations in Paragraph 26.

27.     Soverain admits that Paragraph 27 sets forth changes to the "Detailed Description of the Invention" in the '479 application as filed.  Soverain denies all remaining allegations in Paragraph 27.

28.     Soverain denies the allegations in Paragraph 28.

29.     Soverain denies the allegations in Paragraph 29.

30.     Soverain denies the allegations in Paragraph 30.

31.     Soverain denies the allegations in Paragraph 31.

**b.      To the extent that this lettered heading constitutes an allegation, Soverain denies the allegations in heading b.**

32.     Soverain repeats its replies to the prior paragraphs and specifically to Paragraphs 25-31 above, which are referenced in Paragraph 32.  Soverain incorporates its responses to Paragraphs 33-34 below.  Soverain denies all remaining allegations in Paragraph 32.

33.     Soverain denies the allegations in Paragraph 33.

34.     Soverain admits that the quoted text appears in the '780 patent at column 4, lines 25-31.  Soverain denies all remaining allegations in Paragraph 34.

35.     Soverain admits that the quoted text appears in the '639 patent at column 4, lines 23-30.  Soverain denies all remaining allegations in Paragraph 35.

36.     Soverain denies the allegations in Paragraph 36.

37.     Soverain denies the allegations in Paragraph 37.

38.     Soverain admits that it has asserted claims of the '639 patent against CDW, Newegg, and Zappos, and that those claims recite at least one element recited by at least one claim of the '780 patent.  Soverain denies all remaining allegations in Paragraph 38.

39.     Soverain denies the allegations in Paragraph 39.

**c.      To the extent that this lettered heading constitutes an allegation, Soverain denies the allegations in heading c.**

40.     Soverain admits the allegations in Paragraph 40.

41.     Soverain admits the allegations in Paragraph 41.

42.     Soverain admits that David B. Cochran, an attorney, came into possession of and obtained knowledge of certain information as an indirect result of the litigation captioned *Soverain Software LLC v. Amazon.com, Inc.*, Case No. 6:04-CV-14 (E.D. Tex.) (Davis, J.).  Soverain admits that David B. Cochran disclosed all information to the USPTO that he came into possession of and obtained knowledge of that was material to the patentability of the claims in the '314 and '492 patents that were being reexamined and the claims being prosecuted in the application that led to the issuance of the '639 patent.  Soverain denies all remaining allegations in Paragraph 42.

43.     Soverain denies the allegations in Paragraph 43.

44.     Soverain admits that on June 1, 2005, Amazon.com, Inc. ("Amazon") served Soverain with its Final Invalidity Contentions.  Soverain further admits that these Final Invalidity Contentions concerned claims of the '314 and '492 patents and the '780 patent, the parent of the '639 patent.  Soverain denies all remaining allegations in Paragraph 44.

45.     Soverain admits that Amazon's Final Invalidity Contentions purportedly contained Amazon's positions concerning the validity of certain claims of the '314, '492, and '780 patents and purported to comply with the Patent Rules of this Court in effect at the time Amazon submitted its Final Invalidity Contentions.  Soverain denies all remaining allegations in Paragraph 45.

- 5 -

46.     Soverain denies the allegations in Paragraph 46.

47.     Soverain admits that expert witnesses including Alexander Trevor, Michael Shamos, Richard Taylor, Justin Erenkrantz, Peter Martin, Larry Nixon, and James Gambrell were retained by the parties in *Soverain Software LLC v. Amazon.com, Inc.*, and that those experts prepared reports pursuant to the Federal Rules of Civil Procedure.  Soverain denies that Paragraph 47 accurately characterizes those reports.  Soverain denies all remaining allegations in Paragraph 47.

48.     Soverain denies the allegations in Paragraph 48.

49.     Soverain denies the allegations in Paragraph 49.

50.     Soverain denies the allegations in Paragraph 50.

51.     Soverain denies the allegations in Paragraph 51.

   **d.      To the extent that this lettered heading constitutes an allegation, Soverain denies the allegations in heading d.**

52.     Soverain denies the allegations in Paragraph 52.

53.     Soverain denies the allegations in Paragraph 53.

54.     Soverain admits that certain claims of the '639 patent recite "method[s] of processing" "service requests" and further recite a "session identifier."  Soverain denies all remaining allegations in Paragraph 54.

55.     Soverain admits that G. Winfield Treese served as Chief Systems Engineer at the Massachusetts Institute of Technology's Project Athena.  On information and belief, Soverain further admits that Project Athena is the organization that developed Kerberos.  Soverain further admits that G. Winfield Treese had knowledge of Kerberos, and that he had such knowledge when the applications for the '314 patent and the '639 patent were filed.  Soverain denies all remaining allegations in Paragraph 55.

NYI-4124663v1

56.     Soverain admits that a document that bears the notation "MAN" discusses the Kerberos system.  Soverain further admits that this document bears the copyright notice "1985, 1986 Massachusetts Institute of Technology" among others and that it states that Win Treese is one of the "people [who] helped out on various aspects of the system" and one of the people who "contributed code and/or useful ideas."  Soverain admits that "treese.root@athena.mit.edu" was included as one of the "examples of valid Kerberos names."  Soverain denies that the document is accurately characterized or has been quoted in proper context.  Soverain denies all remaining allegations in Paragraph 56.

57.     Soverain admits that there is a document "*Kerberos*:  An Authentication Service for Open Network Systems"; that Jennifer G. Steiner, Clifford Neuman, and Jeffrey I. Schiller are identified as authors of the document; and that this document discusses the Kerberos system. Soverain admits that the document lists Win Treese as one of the "numerous other people who have been involved with the project."  Soverain further admits that the document states that Win Treese is one of the persons "whose suggestions much improved earlier drafts of this paper" and to whom "[w]e are grateful."  Soverain denies that the document is accurately characterized or has been quoted in proper context.  Soverain denies all remaining allegations in Paragraph 57.

58.     Soverain denies the allegations in Paragraph 58.

59.     Soverain denies that inequitable conduct was committed in the prosecution of the '780 patent.  Soverain denies all remaining allegations in Paragraph 59.

60.     Soverain admits that it has asserted claims of the '639 patent against CDW, Newegg, and Zappos, and that those claims recite at least one element recited by at least one claim of the '780 patent.  Soverain denies all remaining allegations in Paragraph 60.

61.     Soverain denies the allegations in Paragraph 61.

e.     **To the extent that this lettered heading constitutes an allegation, Soverain denies the allegations in heading e.**

62.     Soverain admits the allegations in Paragraph 62.

63.     Soverain admits that the text of the claims of the PCT application was the same as the text of the claims originally filed in the '133 application.  Due to differences between foreign and United States law, Soverain denies that they are the "same . . . claims" as alleged in Paragraph 63.  Soverain denies all remaining allegations in Paragraph 63.

64.     Soverain admits that the USPTO issued an International Preliminary Examination Report for claims 1-60.  Soverain admits that this International Preliminary Examination Report identifies "Gail O. Hayes" as the "Authorized officer."  Soverain further admits that this International Preliminary Examination Report identifies the "Commissioner of Patents and Trademarks[,] Box PCT[,] Washington, D.C. 20231" as the "Name and mailing address of the IPEA/US."  Soverain denies all remaining allegations in Paragraph 64.

65.     Soverain admits that the International Preliminary Examination Report stated that each of claims 1-60 was unpatentable for lack of inventive step.  Soverain denies all remaining allegations in Paragraph 65.

66.     Soverain admits that the International Preliminary Examination Report stated that claims 54-58 were unpatentable for lack of an inventive step over Shavit et al. U.S. Patent No. 4,799,156 in view of Rescorla et al., "The Secure Hypertext Transfer Protocol" (Enterprise Integration Technologies, June 1994).  Soverain admits that the words quoted in Paragraph 66 appear in the International Preliminary Examination Report (with slightly different punctuation).  Soverain denies that the International Preliminary Examination Report has been accurately characterized or quoted in proper context.  Soverain denies all remaining allegations in Paragraph 66.

67.     Soverain admits that the International Preliminary Examination Report stated that claims 34-39 were unpatentable for lack of an inventive step over Shavit et al. in view of Yourick U.S. Patent 4,775,935.  Soverain admits that the text quoted in Paragraph 67 appears in the International Preliminary Examination Report.  Soverain denies that the International Preliminary Examination Report has been accurately characterized or quoted in proper context.  Soverain denies all remaining allegations in Paragraph 67.

68.     Soverain admits that on December 5, 1996, the text of claims 1-60 pending in the '133 application was the same as the text of claims 1-60 in the PCT application.  Soverain denies that they are the "same claims" as alleged in Paragraph 68.  Soverain denies all remaining allegations in Paragraph 68.

69.     Soverain denies the allegations in Paragraph 69.

70.     Soverain admits that the '314 patent issued on February 3, 1998.  Soverain states that it is without knowledge or information sufficient to form a belief as to what constitutes "substantially similar," and therefore denies that claims 34-39 as issued in the '314 patent were "substantially similar" to those that were filed in the '133 application.  Soverain admits that the International Preliminary Examination Report was not listed as of record in the prosecution of the '133 application.  Soverain denies that the International Preliminary Examination Report has been accurately characterized or that it related to claims "substantially similar" to the claims in the '133 application.  Soverain denies all remaining allegations in Paragraph 70.

71.     Soverain admits that on June 18, 1997, attorney James M. Mrose filed U.S. Patent Application No. 08/878,396 ("the '396 application"), which led to the issuance of the '492 patent.  Soverain admits that Andrew Payne, Lawrence C. Stewart, and David Mackie were named as inventors on the '396 application at the time of filing.  Soverain denies that the application was filed "on behalf of" the persons named in Paragraph 71, as that term is understood by Soverain.  Soverain denies all remaining allegations in Paragraph 71.

72.     Soverain admits that claims numbered 15-16 were added during prosecution of the '396 application in an amendment dated June 1998.  Soverain admits that Andrew Payne, Lawrence C. Stewart, and David Mackie were named as inventors on the '396 application at the time of the amendment.  Soverain denies that the claims were added "on behalf of" the persons named in Paragraph 72, as that term is understood by Soverain.  Soverain denies that the claims were "substantially similar" to the PCT application claims.  Soverain admits that the International Preliminary Examination Report stated that claims 54-58 of the PCT application were unpatentable for lack of an inventive step over Shavit et al. in view of Rescorla et al. Soverain denies that the International Preliminary Examination Report has been accurately

characterized or discussed in proper context.  Soverain denies all remaining allegations in Paragraph 72.

73.     Soverain admits that the '492 patent has claims numbered 15-16.  Soverain denies that the claims numbered 15-16 in the June 1998 amendment are the same as the claims numbered 15-16 in the issued '492 patent or the claims of the PCT application.  Soverain denies all remaining allegations in Paragraph 73.

74.     Soverain admits that claims numbered 17-18 and 35-36 were added during prosecution of the '396 application in an amendment dated June 1998.  Soverain admits that Andrew Payne, Lawrence C. Stewart, and David Mackie were named as inventors on the '396 application at the time of the amendment.  Soverain denies that the claims were added "on behalf of" the persons named in Paragraph 74, as that term is understood by Soverain.  Soverain denies that the claims were "substantially similar" to the PCT application claims.  Soverain admits the International Preliminary Examination Report stated that claims 34-39 of the PCT application were unpatentable for lack of an inventive step over Shavit et al. in view of Yourick.  Soverain denies that the International Preliminary Examination Report has been accurately characterized or referenced in proper context.  Soverain denies all remaining allegations in Paragraph 74.

75.     Soverain admits that the '492 patent has claims numbered 17-18 and 35-36. Soverain denies that the claims numbered 17-18 and 35-36 in the June 1998 amendment are the same as the claims numbered 17-18 and 35-36 in the issued '492 patent.  Soverain denies all remaining allegations in Paragraph 75.

76.     Soverain admits that the International Preliminary Examination Report was not listed as of record in the prosecution of the '396 application.  Soverain denies that the International Preliminary Examination Report has been accurately characterized or that it related to "substantially similar" claims to the claims in the '396 application.  Soverain denies all remaining allegations in Paragraph 76.

77.     Soverain denies the allegations in Paragraph 77.

78.     Soverain denies the allegations in Paragraph 78.

- 10 -

79.     Soverain denies the allegations in Paragraph 79.

80.     Soverain denies the allegations in Paragraph 80.

**f.      To the extent that this lettered heading constitutes an allegation, Soverain denies the allegations in heading f.**

81.     Paragraph 81 does not present allegations that require a reply by Soverain.  To the extent that a reply is required, Soverain denies the allegations in Paragraph 81.

82.     Soverain admits the allegations in Paragraph 82.

83.     Soverain denies the allegations in Paragraph 83.

84.     Soverain denies the allegations in Paragraph 84.

85.     Soverain admits that Open Market was aware of certain activities of other ecommerce companies and that certain of those companies were mentioned in documents not listed as of record in the USPTO in the prosecution of the patents in suit.  Soverain denies all remaining allegations in Paragraph 85.

86.     Soverain admits that each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the USPTO.  Soverain denies all remaining allegations in Paragraph 86.

87.     Soverain denies the allegations in Paragraph 87.

88.     Paragraph 88 does not present allegations that require a reply by Soverain.  To the extent that a reply is required, Soverain denies the allegations in Paragraph 88.

89.     Soverain denies that items listed in Paragraph 89 constitute "references" as Soverain understands that term.  Soverain is, therefore, without knowledge sufficient to admit or deny the allegations in Paragraph 89, and therefore denies same.

90.     Soverain denies the allegations in Paragraph 90.

91.     Soverain denies the allegations in Paragraph 91.

NYI-4124663v1

92.    Soverain is without knowledge sufficient to admit or deny whether Open Market stored source code from NetMarket in Open Market's database, and is without knowledge sufficient to admit or deny whether Open Market stored the Shen system in a special file directory labeled with one of the patent in suit's last three numbers, and therefore denies same. Soverain denies that the items named in Paragraph 92 constitute "references" as Soverain understands that term.  Soverain denies all remaining allegations in Paragraph 92.

93.    Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 93, and therefore denies same.

94.    Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 94, and therefore denies same.

95.    Soverain denies the allegations in Paragraph 95.

96.    Soverain admits that NetMarket Company was the subject of an August 12, 1994, *New York Times* article by Peter H. Lewis.  Soverain also admits that August 12, 1994, is at least two months before the filing date of the application for the '314 patent.  Soverain further admits that such *New York Times* article stated that, "At noon Thursday, Phil Brandenberger of Philadelphia went shopping for a compact audio disk, paid for it with his credit card, and made history."  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain denies all remaining allegations in Paragraph 96.

97.    Soverain denies the allegations in Paragraph 97.

98.    Soverain admits that there is a document dated August 12, 1994.  Soverain admits that the text of the document discusses a *New York Times* article.  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain denies all remaining allegations in Paragraph 98.

99.    Soverain admits that there is a document dated July 21, 1994, that discusses Noteworthy Music.  Soverain admits that Daniel Kohn is identified as the sender of the document.  Soverain denies that the document has been accurately characterized or quoted in

NYI-4124663v1

proper context.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 99, and therefore denies same.

100.     Soverain denies the allegations in Paragraph 100 .

101.     Soverain admits that an October 21, 2004, Order Granting/Denying Request For Ex Parte Reexamination of the '780 patent lists a NetMarket PGP Help file amongst several items and states that the consideration of each listed item raises a substantial new question of patentability.  Soverain denies all remaining allegations in Paragraph 101.

102.     Soverain admits that it has asserted claims of the '639 patent against CDW, Newegg, and Zappos, and that those claims recite at least one element recited by at least one claim of the '780 patent.  Soverain denies all remaining allegations in Paragraph 102.

103.     Soverain repeats its reply to Paragraph 59.

104.     Soverain admits that during the prosecution of the patents in suit and the '780 patent, Open Market and/or one or more of the inventors associated with the filing and prosecution of the application for these patents were generally aware of the NetMarket Company and NetMarket website.  Soverain denies all remaining allegations in Paragraph 104.

105.     Soverain admits that there is a document that is dated July 16, 1994, that Andrew Payne is identified as the sender of the document, and that the text of the document discusses the appearance of the NetMarket website.  Soverain denies all remaining allegations in Paragraph 105.

106.     Soverain admits that in a draft proposal to Digital Equipment Corporation ("DEC") in or around December 1994, NetMarket was identified in a list of competitors of Open Market.  Soverain denies all remaining allegations in Paragraph 106.

107.     Soverain denies the allegations in Paragraph 107.

108.     Soverain admits that there is a document that is dated July 18, 1994, and that document includes the text "Andy's 'punch list'" and "TODO-rev1.1."  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain is without

knowledge sufficient to admit or deny the remaining allegations in Paragraph 108, and therefore denies same.

109.    Soverain denies the allegations in Paragraph 109.

110.    Soverain admits that some employees of Open Market were aware of the NetMarket website prior to the filing of the applications for the patents in suit.  Soverain denies all remaining allegations in Paragraph 110.

111.    Soverain admits that there is a document dated July 15, 1994, that discusses the NetMarket website; that Andrew Payne is identified as the sender of the document; and that stewart@relay.openmarket.com is identified as the addressee.  Soverain admits that the document contains the text quoted in Paragraph 111, but denies that the document has been accurately characterized or quoted in its proper context.  Soverain denies all remaining allegations in Paragraph 111.

112.    Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 112, and therefore denies same.

113.    Soverain admits that there is a document that is dated July 16, 1994, that Andrew Payne is identified as the sender of the document, that the addressees include tech@OpenMarket.com, and the document contains the text quoted in Paragraph 113.  Soverain denies that the document has been accurately characterized or quoted in its proper context.  Soverain denies all remaining allegations in Paragraph 113.

114.    Soverain admits that there is a document dated July 18, 1994, and that the document is identified as "Andy's 'punch list' from the July 15th demo."  Soverain admits that the document contains the text quoted in Paragraph 114, but denies that Paragraph 114 has accurately characterized the document or quoted it in proper context.  Soverain denies all remaining allegations in Paragraph 114.

115.    Soverain admits that there is a document dated July 18, 1994, and that the document is identified as "Andy's 'punch list' from the July 15th demo."  Soverain admits that the document contains the text "TODO rev1.1," "inlined image buttons" and "PostScript," but

- 14 -

denies that Paragraph 115 has accurately characterized the document or quoted it in proper context.  Soverain denies all remaining allegations in Paragraph 115.

116.     Soverain admits that one or more of the named inventors visited the NetMarket website at http://www.netmarket.com.  Soverain denies all remaining allegations in Paragraph 116.

117.     Soverain admits that there is a document that is dated July 20, 1994, that Andrew Payne is identified as the sender of the document, that the addressees include grant@pa.dec.com, and that the text of the document generally discusses the functionality of the NetMarket website.  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain denies all remaining allegations in Paragraph 117.

118.     Soverain admits that there is a document that is dated July 20, 1994, that Andrew Payne is identified as the sender of the document, that the addressees include treese@OpenMarket.com, stewart@OpenMarket.com, and grant@pa.dec.com, and that the text of the document generally discusses the functionality of the NetMarket website.  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain denies all remaining allegations in Paragraph 118.

119.     Soverain admits that there is a document that is dated July 20, 1994, that Lawrence C. Stewart is identified as the sender of the document, that the addressees include omi.intelligence@OpenMarket.com, that the subject line of the document reads "NetMarket progress," and that the text of the document appears to forward the content of a message dated July 20, 1994.  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain denies all remaining allegations in Paragraph 119.

120.     Soverain admits that in August 1994 one or more of the named inventors reviewed generally NetMarket's online capabilities.  Soverain denies all remaining allegations in Paragraph 120.

121.     Soverain admits that there is a document dated August 15, 1994, that the document is titled "Cryptography Notes Win Treese// Open Market, Inc.," that the document was authored by G. Winfield Treese, and that the document includes the statement that "NetMarket is

using PGP for web-based transactions."  Soverain denies all remaining allegations in Paragraph 121.

122.    Soverain admits that "PGP" stands for "Pretty Good Privacy."  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 122, and therefore denies same.

123.    Soverain admits that there is a document dated September 2, 1994, that Andrew Payne is identified as the sender of the document, and that the text of the document includes the statement "Have you gotten much business from folks with PGP capable Mosaic browsers?"  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain denies all remaining allegations in Paragraph 123.

124.    Soverain admits that there is a document dated September 2, 1994, that Andrew Payne is identified as the sender of the document, that the addressees include hhh@mit.edu, and that the document includes the following text: "http://www.netmarket.com/netmarket/bin/press/:st=hjvwulincg/2."  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain denies all remaining allegations in Paragraph 124.

125.    Soverain admits that there is a document dated September 2, 1994, that Andrew Payne is identified as the sender of the document, that the addressees include omi.intelligence@OpenMarket.com, that the subject line of the document reads "Internet Credit Card," and that the text of the document discusses NetMarket.  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain denies all remaining allegations in Paragraph 125.

126.    Soverain admits that there is a document dated September 3, 1994, that Andrew Payne is identified as the sender of the document, that the addressees include all@OpenMarket.com, that the subject is identified as "Converstaion [sic] with NetMarket," and that the document includes the text "I had a 40 minute conversation with Dan (or Dave, I'll have to check my notes at work.)."  Soverain denies that the document has been accurately

- 16 -

characterized or quoted in proper context.  Soverain denies all remaining allegations in Paragraph 126.

127.     Soverain admits that there is a document dated March 17, 1995, that status@OpenMarket.com is identified as the sender of the document, that the addressee is all@OpenMarket.com, and that the text of the document discusses NetMarket.  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain denies all remaining allegations in Paragraph 127.

128.     Upon information and belief, Soverain admits that  "[perry]" in the document referred to in Paragraph 127 refers to Jeff Perry, an Open Market employee, and that emails addressed to all@openmarket.com were intended for all employees at Open Market including all the named inventors.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 128, and therefore denies same.

129.     Soverain admits, upon information and belief, that in late 1994, NetMarket's headquarters were relocated to Cambridge, Massachusetts, within several blocks of Open Market's headquarters.  Soverain denies all remaining allegations in Paragraph 129.

130.     Soverain admits, upon information and belief, that, on occasion, from 1994 through 1996, certain employees of Open Market discussed NetMarket.  Soverain further admits that on at least one occasion, at least one employee of Open Market communicated with representatives of NetMarket.  Soverain denies all remaining allegations in Paragraph 130.

131.     Soverain admits that NetMarket was identified on the Commercial Sites Index maintained by Open Market during the prosecution of the '314, '492, and '780 patents.  Soverain denies all remaining allegations in Paragraph 131.

132.     Soverain admits that there is a document dated May 30, 1998, from David K. Gifford to James M. Mrose.  Soverain admits that the application that led to the issuance of the '492 patent was pending before the USPTO on May 30, 1998.  Soverain further admits that this document mentions an Internet Shopping Network press release and an August 14, 1994, *New York Times* article about NetMarket.  Soverain denies that the document has been accurately characterized.  Soverain denies all remaining allegations in Paragraph 132.

133.     Soverain admits that neither the Internet Shopping Network press release nor the August 14, 1994, *New York Times* article about NetMarket referenced above in Paragraph 132 is listed as of record in the original prosecutions of the '314 or '492 patents.  Soverain denies all remaining allegations in Paragraph 133.

134.     Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 134, and therefore denies same.

135.     Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 135, and therefore denies same.

136.     Soverain admits that Andrew Payne, David Mackie, Lawrence C. Stewart, and David K. Gifford had some involvement in filing the applications for the '314 and '492 patents.  Soverain states that it is without knowledge sufficient to form a belief as to the intended meaning of "substantively involved" and therefore denies that allegation.  Soverain denies all remaining allegations in Paragraph 136.

137.     Soverain denies the allegations in Paragraph 137.

138.     Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 138, and therefore denies same.

139.     Soverain denies the allegations in Paragraph 139.

140.     Soverain denies the allegations in Paragraph 140.

**g.     To the extent that this lettered heading constitutes an allegation, Soverain denies the allegations in heading g.**

141.     Soverain admits that Dr. Glenn Trewitt states that he is the author of "Using Tcl to Process HTML Forms" (the "Trewitt Paper").  Soverain denies that the Trewitt Paper was published on or about March 2-3, 1994.  Soverain denies all remaining allegations in Paragraph 141.

142.    On information and belief, Soverain admits that the Trewitt Paper is sometimes referred to as "TN-14." Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 142, and therefore denies same.

143.    Soverain admits that Dr. Trewitt states he was a DEC employee when he authored and allegedly presented and distributed the Trewitt Paper. Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 143, and therefore denies same.

144.    Soverain admits that during March 1994, Andrew Payne, Lawrence C. Stewart and G. Winfield Treese were employees of DEC's Cambridge Research Laboratory. Soverain denies that the Trewitt paper was "published" in March 1994. Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 144, and therefore denies same.

145.    Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 145, and therefore denies same.

146.    Soverain admits, upon information and belief, that G. Winfield Treese kept a copy of the Trewitt Paper when he left DEC. Soverain denies all remaining allegations in Paragraph 146.

147.    Soverain admits that there is a document dated March 21, 1995, that G. Winfield Treese is identified as the sender of the document, and that the addressee is Glenn Trewitt. Soverain admits that the document contains the text quoted in Paragraph 147, but denies that the document is properly characterized or quoted in its proper context. Soverain denies all remaining allegations in Paragraph 147.

148.    Soverain denies the allegations in Paragraph 148.

149.    Soverain is without knowledge sufficient to admit or deny whether the Trewitt Paper describes the technology used to create the "Future Fantasy Bookstore Website," and therefore denies same. Soverain denies all remaining allegations in Paragraph 149.

150.     Soverain is without knowledge sufficient to admit or deny whether the Future Fantasy Bookstore was implemented by DEC, and therefore denies same.  Soverain admits, upon information and belief, that the Future Fantasy Bookstore Website existed at least as early as February 1, 1994, in cooperation with the Future Fantasy Bookstore that already had a physical location in Palo Alto, California.  Soverain denies all remaining allegations in Paragraph 150.

151.     Soverain admits, upon information and belief, that Lawrence C. Stewart, Andrew Payne, and G. Winfield Treese were aware of the Future Fantasy Bookstore Website before the applications for the patents in suit were filed.  Soverain denies all remaining allegations in Paragraph 151.

152.     Soverain admits that there is a document dated March 24, 1994; that Glenn Trewitt is identified as the sender of the document; that the addressees include nsl@pa.dec.com, Lucille Glassman, and WWW Experts; and that the subject is stated as "New Future Fantasy home page."  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 152, and therefore denies same.

153.     Soverain admits that the document referenced above in Paragraph 153 includes the following text: "http://www.commerce.digital.com/palo-alto/FutureFantasy/home.html." Soverain denies that the document has been accurately characterized or quoted in proper context. Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 153, and therefore denies same.

154.     Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 154, and therefore denies same.

155.     Soverain admits that there is a document dated May 8, 1994; that Lawrence C. Stewart is identified as the sender of the document; that the addressees include payne@n8kei.tiac.net, gifford@brokaw.lcs.mit.edu, and stewart@k4e0.tiac; that the subject of the document is listed as "minutes of Friday 5/6/94 meeting"; and that the document mentions the Future Fantasy Bookstore.  Soverain denies the document is properly characterized or

NYI-4124663v1

discussed in proper context.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 155, and therefore denies same.

156.    Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 156, and therefore denies same.

157.    Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 157, and therefore denies same.

158.    Soverain denies the allegations in Paragraph 158.

159.    Soverain admits that an October 21, 2004, Order Granting/Denying Request For Ex Parte Reexamination of the '780 patent lists the Trewitt Paper amongst several items and states that the consideration of each listed item raises a substantial new question of patentability. Soverain further admits that a December 14, 2004, Order Granting/Denying For Ex Parte Reexamination of the '492 patent lists the Trewitt Paper amongst several items and states that reexamination of certain claims is warranted by the substantial new questions of patentability raised by the listed items.  Soverain further admits that a January 26, 2005, Order Granting/Denying For Ex Parte Reexamination of the '314 patent lists the Trewitt Paper amongst several items and states the Trewitt Paper raises a substantial new question of patentability as to certain claims.  Soverain denies all remaining allegations in Paragraph 159.

160.    Soverain admits that it has asserted claims of the '639 patent against CDW, Newegg, and Zappos, and that those claims recite at least one element recited by at least one claim of the '780 patent.  Soverain denies all remaining allegations in Paragraph 160.

161.    Soverain denies that inequitable conduct was committed in the prosecution of the '314, '492, and '780 patents.  Soverain denies all remaining allegations in Paragraph 161.

162.    Soverain denies the allegations in Paragraph 162.

163.    Soverain denies the allegations in Paragraph 163.

164.    Soverain denies the allegations in Paragraph 164.

165.     Soverain denies the allegations in Paragraph 165.

166.     Soverain admits that, in a May 17, 2005, paper appearing in the file history of the reexamination of the '780 patent, attorney David Cochran stated that a March 17, 2005, office action failed to make a sufficient showing that the Trewitt Paper is a printed publication. Soverain denies all remaining allegations in Paragraph 166.

167.     Soverain denies the allegations in Paragraph 167.

**h**.     **To the extent that this lettered heading constitutes an allegation, Soverain denies the allegations in heading h.**

168.     Soverain admits that as of September 1994, a website called HotHotHot claimed to offer hot sauces via the Internet.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 168, and therefore denies same.

169.     Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 169, and therefore denies same.

170.     Soverain admits that there is a document dated September 29, 1994, that Andrew Payne is identified as the sender of the document, and that the addressee is tech@openmarket.com.  Soverain admits that the document contains the text quoted in Paragraph 170, but denies that the text is properly characterized or quoted in its proper context. Soverain denies all remaining allegations in Paragraph 170.

171.     Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 171, and therefore denies same.

172.     Soverain denies the allegations in Paragraph 172.

173.     Soverain denies the allegations in Paragraph 173.

174.     Soverain denies the allegations in Paragraph 174.

175.     Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 175, and therefore denies same.

176.    Soverain denies the allegations in Paragraph 176.

177.    Soverain admits that it has asserted claims of the '639 patent against CDW, Newegg, and Zappos, and that those claims recite at least one element recited by at least one claim of the '780 patent.  Soverain denies all remaining allegations in Paragraph 177.

    **i.**      **To the extent that this lettered heading constitutes an allegation, Soverain denies the allegations in heading i.**

178.    Soverain admits that the announcement of Internet Shopkeeper ("ISK") was made by Internet Presence and Publishing in 1994.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 178, and therefore denies same.

179.    Upon information and belief, Soverain admits the allegations in Paragraph 179.

180.    Soverain denies the allegations in Paragraph 180.

181.    Soverain denies that ISK was "particularly material to claims involving a 'creation computer'" and denies that Andrew Payne or G. Winfield Treese knew that ISK was "particularly material to claims involving a 'creation computer.'"  Soverain admits that StoreBuilder was the name of an Open Market product.  Soverain admits that there is a document dated July 12, 1994; that Andrew Payne is identified as the sender of the document; that the addressees are identified as tech@OpenMarket.com, alley@OpenMarket.com, ghoshtech@OpenMarket.com, and gifford@lcs.mit.edu; and that the text of the document includes the statement "Can you say StoreBuilder?"  Soverain further admits that the text of the document appears to forward other information and that the other information appears to be a message from keith@tcp.ip.net.  Soverain denies that the document has been accurately characterized or quoted in proper context, and denies all remaining allegations in Paragraph 181.

182.    Soverain admits that there is a document that is dated July 28, 1994, that G. Winfield Treese is identified as the sender of the document, that the addressees include all@OpenMarket.com and omi.intelligence@OpenMarket.com, and that the subject of the document is "A competitor for Store Builder?"  Soverain further admits that the text of the document appears to forward other information and that the other information appears to be a

message from keith@tcp.ip.net.  Soverain denies that the document has been accurately characterized or quoted in proper context, and denies all remaining allegations in Paragraph 182.

183.    Soverain admits that there is a document that is dated August 2, 1994, that Lawrence C. Stewart is identified as the sender of the document, that the addressee is all@OpenMarket.com, that the subject of the document is "Internet Shopkeeper," and that the text of the document states: "Is essentially Store Builder. See http://www.ip.net/."  Soverain denies that the document has been accurately characterized or quoted in proper context, and denies all remaining allegations in Paragraph 183.

184.    Soverain admits that there is a document that is dated August 11, 1994, that grant@pa.dec.com is identified as the sender of the document, that the addressee is all@OpenMarket.com, that the subject of the document is "http://www.ip.net/shops.html.," and that the text of the document states, among other things: "Hmm. Looks A LOT like storebuilder. And their rates are VERY low."  Soverain denies that the document has been accurately characterized or quoted in proper context, and denies all remaining allegations in Paragraph 184.

185.    Soverain admits that there is a document that is dated August 11, 1994; that Andrew Payne is identified as the sender of the document; that the addressee is grant@pa.dec.com; that the subject of the document is "http://www.ip.net/shops.html."; that the text of the document discusses Shopkeeper, among other things; and that the text quoted in Paragraph 185 appears in the document.  Soverain denies that the document has been accurately characterized or quoted in proper context, and denies all remaining allegations in Paragraph 185.

186.    Soverain admits that there is a document dated August 11, 1994; that grant@pa.dec.com is identified as the sender of the document; that the addressees include stewart@openmarket.com; that the document appears to be quoting a prior message; and that prior message appears to have the text quoted in Paragraph 186.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 186, and therefore denies same.

187.    Soverain admits that Internet Shopkeeper was identified on the Commercial Sites Index maintained by Open Market during the prosecution of the '314, '492, and '780 patents. Soverain denies all remaining allegations in Paragraph 187.

188.    Soverain denies the allegations in Paragraph 188.

189.    Soverain denies the allegations in Paragraph 189.

190.    Soverain admits that it has asserted claims of the '639 patent against CDW, Newegg, and Zappos, and that those claims recite at least one element recited by at least one claim of the '780 patent.  Soverain denies all remaining allegations in Paragraph 190.

**j.      To the extent that this lettered heading constitutes an allegation, Soverain denies the allegations in heading j.**

191.    Soverain admits that in 1994, a website at the URL http://ag.com/condom/country claimed to offer products on the World Wide Web.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 191, and therefore denies same.

192.    Soverain admits, upon information and belief, that Condom Country began offering products for sale on its website in September of 1994.  Soverain further admits that certain individuals at Open Market were aware of the existence of the Condom Country website in September 1994.  Soverain further admits that the Condom Country website is not listed as of record in the original prosecutions of the '314 or '492 patents.  Soverain denies all remaining allegations in Paragraph 192.

193.    Soverain admits that there is a document that is dated September 26, 1994, that Christian Hamer is identified as the sender of the document, and that the subject of the document is "ANNOUNCE: Condom Country On-Line."  Soverain is without information sufficient to admit or deny the remaining allegations in Paragraph 193, and therefore denies same.

194.    Soverain admits that there is a document dated September 30, 1994, that Andrew Payne is identified as the sender of the document, that the addressee is Kim Alley, and that the words quoted in Paragraph 194 appear in the document (with slightly differing punctuation). Soverain denies that the document has been accurately characterized or quoted in proper context.

- 25 -

Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 194, and therefore denies same.

195.    Soverain admits that there is a document dated October 2, 1994, that hhh@dill.lcs.mit.edu is identified as the sender of the document, that the addressee is payne@OpenMarket.com, and that the text quoted in Paragraph 195 appears in the document. Soverain denies that the document has been accurately characterized or quoted in proper context. Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 195, and therefore denies same.

196.    Soverain denies the allegations in Paragraph 196.

197.    Soverain denies the allegations in Paragraph 197.

198.    Soverain denies the allegations in Paragraph 198.

199.    Soverain denies the allegations in Paragraph 199.

**k.    To the extent that this lettered heading constitutes an allegation, Soverain denies the allegations in heading k.**

200.    Soverain admits, upon information and belief, that the Shen System was a system for cryptographic authentication of communications that used the HyperText Transfer Protocol, and that it was developed by Phillip Hallam-Baker while he was employed at CERN.  Soverain is without knowledge sufficient to admit or deny whether the Shen System was publicly disclosed by Phillip Hallam-Baker, and therefore denies same.  Soverain is without knowledge whether Mr. Hallam-Baker is now the Chief Scientist at Verisign, or whether he was employed at CERN with Tim Berners-Lee, and therefore denies same.  Soverain denies all remaining allegations in Paragraph 200.

201.    On information and belief, Soverain admits that certain information was available on July 28, 1994, at http://info.cern.ch/hypertext/www/shen/ref/shen.html.  On information and belief, Soverain further admits that certain information was available "to developers only" on August 2, 1994, at ftp://info.cern.ch/pub/www/shen.  Soverain is without knowledge sufficient to

admit or deny whether the Shen code was available at these locations, and therefore denies same. Soverain denies all remaining allegations in Paragraph 201.

202.    Soverain admits that there is a document dated August 10, 1994, that Andrew Payne is identified as the sender of the document, that the addressees are identified as Rob Raisch and The Internet Company, and that the text quoted in Paragraph 202 appears in the document.  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 202, and therefore denies same.

203.    Soverain admits that there is a document dated August 17,1994, that hallam@dxal18.cern.ch is identified as the sender of the document, that the addressee is www-security@ns1.rutgers, and that the words quoted in Paragraph 203 appear in the document (with slightly differing punctuation).  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain denies that the document describes "the incorporation of . . . session identifiers into the Shen System" as the term "session identifier[]" pertains to the present action.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 203, and therefore denies same.

204.    Soverain admits that the document referred to in Paragraph 203 appeared in a subdirectory having a path including "patents\780\Others\."  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 204, and therefore denies same.

205.    Soverain admits that the document referred to in Paragraph 203 states in the header, "Newsgroups: omi.mail.www-security."  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 205, and therefore denies same.

206.    Soverain admits that there is a document dated August 19, 1994, that Lawrence C. Stewart is identified as the sender of the document, that the addressee is stewart@OpenMarket.com, that the document appears to include text from a message having an addressee of www-security@ns1.rutgers.edu, and that the text quoted in Paragraph 206 appears

in the document.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 206, and therefore denies same.

207.    Soverain admits that there is a document dated August 15, 1994, that the document is titled "Cryptography Notes Win Treese// Open Market, Inc.," that the document was authored by G. Winfield Treese, and that the document identified "Another secure HTTP (CERN)" among "three competing models for secure world-wide web services."  Soverain denies that the document has been accurately characterized or quoted in proper context. Soverain denies all remaining allegations in Paragraph 207.

208.    Soverain admits that the document bearing Soverain's production number SOV0001831 bears a handwritten notation "Shen."  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 208, and therefore denies same.

209.    Soverain admits that there is a document dated November 9, 1994 (not November 1, 1994, as alleged in Paragraph 209); that G. Winfield Treese is identified as the sender of the document; that the addressees included as payne@OpenMarket.com and omi.intelligence@OpenMarket.com; that the text "Notes from Secure HTTP Review meeting at MIT" appears in the document; and that the text "Tim Berners-Lee (MIT LCS)," "Adam Cain (NCSA)," "Phill Hallam-Baker (CERN)," "Jeff Hostetler (Spyglass)," and "Allan Schiffman (EIT)" appears in the document under the word "Present:."  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 209, and therefore denies same.

210.    Soverain admits that the text quoted in Paragraph 210 appears in the document referenced in Paragraph 209.  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 210, and therefore denies same.

211.    Soverain denies the allegations in Paragraph 211, as the term "session identifier" pertains to the present action.

212.    Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 212, and therefore denies same.

213.    Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 213, and therefore denies same.

214.    Soverain denies the allegations in Paragraph 214.

215.    Soverain denies the allegations in Paragraph 215.

216.    Soverain admits that it has asserted claims of the '639 patent against CDW, Newegg, and Zappos, and that those claims recite at least one element recited by at least one claim of the '780 patent.  Soverain denies all remaining allegations in Paragraph 216.

**l.      To the extent that this lettered heading constitutes an allegation, Soverain denies the allegations in heading l.**

217.    Soverain admits that Internet Shopping Network ("ISN") announced, on April 12, 1994, an on-line interactive catalog of hardware and software products.  Soverain is without knowledge as to whether ISN was selling computer equipment over the Internet on or about April 12, 1994, and therefore denies same.  Soverain is without knowledge sufficient to admit or deny whether one or more of the named inventors knew about ISN "well before" the filing of the '314, '492 and '639 patents, and therefore denies same.  Soverain denies all remaining allegations in Paragraph 217.

218.    Soverain admits that Lawrence C. Stewart was aware of the Internet Shopping Network, Netmarket, and Commercenet at least as early as September 22, 1994.  On information and belief, Soverain denies all remaining allegations in Paragraph 218.

219.    Soverain admits that there is a document dated October 27, 1994, that Andrew Payne is identified as the sender of the document, that the addressee is identified as Jonathan A. Bachman, and that the text "The best I can do is point you to the sites I know about that have been doing it for a while," "Internet Shopping Network," and "NetMarket" appears in the document.  Soverain further admits that the document appears to be a response to a prior message, that the document appears to quote the prior message, and that the text "a list of the 100

- 29 -

or even 25 most progressive and successful []retail sites" appears in the document and appears to be part of a quotation of the prior message.  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 219, and therefore denies same.

220.    Soverain admits that Andrew Payne was a member of ISN.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 220, and therefore denies same.

221.    Upon information and belief, Soverain admits that ISN was founded by Randy Adams.  Soverain admits that Eric Rescorla stated that he developed nonce code for ISN. Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 221, and therefore denies same.

222.    Soverain denies the allegations in Paragraph 222.

223.    Soverain admits that Eric Rescorla stated that he developed nonce code for ISN. Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 223, and therefore denies same.

224.    Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 224, and therefore denies same.

225.    Soverain admits that there is a document dated May 30, 1998, from David K. Gifford to James M. Mrose.  Soverain admits that the application that led to the issuance of the '492 patent was pending before the USPTO on May 30, 1998.  Soverain further admits that this document discusses an Internet Shopping Network press release.  Soverain denies that the document has been accurately characterized.  Soverain denies all remaining allegations in Paragraph 225.

226.    Soverain admits that the Internet Shopping Network press release referenced above in Paragraph 225 is not listed as of record in the original prosecution of the '492 patent. Soverain denies all remaining allegations in Paragraph 226.

227.     Soverain admits that there is a document dated June 2, 1994; that David K. Gifford is identified as the sender of the document; that the addressees are identified as payne@tiac.net and stewart@tiac.net; that the text quoted in Paragraph 227 appears in the document; that the text of the document appears to forward other information; and that the other information includes the text "THE COMPUTISTS' COMMUNIQUE," "June 2, 1994," and "Vol. 4, No. 22."  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 227, and therefore denies same.

228.     Soverain admits the allegations in Paragraph 228.

229.     Soverain admits that there is a document dated June 4, 1994, that owner-net-happenings@is.internic.net is identified as the sender of the document, that the addressee is identified as net-happenings, that the text of the document discusses the Internet Mall; and that the following text appears in the document:

> + Billing itself as the first Internet SuperStore, the Internet Shopping Network
> + is now on-line, offering over 10,000 software and hardware products for Mac,
> + Windows, DOS and Unix machines. Check out the wares through the 'Web by
> + connecting to http://shop.internet.net or send email to info@internet.net.

Soverain denies that the document has been accurately characterized or quoted in proper context. Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 229, and therefore denies same.

230.     Soverain admits that there is a document dated July 15, 1994, that Andrew Payne is identified as the sender of the document, that the addressees identified include ghosh@OpenMarket.com and alley@OpenMarket.com, and that the text quoted in Paragraph 230 appears in the document.  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 230, and therefore denies same.

231.     Soverain admits that there is a document dated August 31, 1994, that Andrew Payne is identified as the sender of the document, that the addressees include treese@OpenMarket.com, and that text quoted in Paragraph 231 appears in the document. Soverain denies that the document has been accurately characterized or quoted in proper context. Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 231, and therefore denies same.

232.     Soverain admits, upon information and belief, that on or about September 6, 1994, Open Market obtained a membership to Internet Shopping Network.  Soverain admits that Open Market made a purchase from Internet Shopping Network.  Soverain admits that there is a document dated September 8, 1994, that Linda Darata is identified as the sender of the document, that the addressee is all@OpenMarket.com, and that the following text appears in the document:

> Dear Win,
>
> Your order was shipped on 9/7/94 and your credit card was charged for the amount shown below.
>
> Thank you for shopping with Internet Shopping Network.

and that the following text also appears in the document:

> 433232 DECBRIDGE 90 ENET BR 1840.71 1 $ 1840.71.

Soverain denies that the document has been accurately characterized or quoted in proper context. Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 232, and therefore denies same.

233.     Soverain admits that Open Market made a purchase from Internet Shopping Network on or about September 7, 1994.  Soverain admits that Internet Shopping Network is not listed as of record in the USPTO in the original prosecution of the '314, '492, or '780 patents. Upon information and belief, Soverain denies all remaining allegations in Paragraph 233.

234.     Upon information and belief, Soverain admits the allegations in Paragraph 234.

235.    Soverain admits that, in December 1994, Open Market listed ISN as a competitor. Soverain denies all remaining allegations in Paragraph 235.

236.    Soverain admits that there is a document dated August 29, 1996, that Victoria Glickman is identified as the sender of the document, that the addressees include payne@OpenMarket.com, and that the text quoted in Paragraph 236 appears in the document. Soverain admits that Victoria Glickman used the email address glickman@OpenMarket.com. Soverain denies that the document has been accurately characterized or quoted in proper context. Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 236, and therefore denies same.

237.    Soverain admits that there is a document dated March 7, 1998, that Phillip M. Hallam-Baker is identified as the sender of the document, that the subject of the document includes "[E-CARM]" and "Open Market's Internet Commerce Patents," and that the text quoted in Paragraph 237 appears in the document. Soverain denies that the document has been accurately characterized or quoted in proper context. Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 237, and therefore denies same.

238.    Soverain admits that there is a document dated March 7, 1998, that Andrew Payne is identified as the sender, that the addressees include Phillip M. Hallam-Baker, that the subject line appears to show a reply to a document with a subject line that includes "[E-CARM]" and "Open Market's Internet Commerce Patents," and that text quoted in Paragraph 238 appears in the document. Soverain denies that the document has been accurately characterized or quoted in proper context. Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 238, and therefore denies same.

239.    Soverain admits that there is a document dated March 8, 1998, that Phillip M. Hallam-Baker is identified as the sender of the document, that the addressees includes Andrew Payne, and that the text of the document states: "Internet Shopping Network has the distinction of being the first online retailer in the world.  Launched in April 1994, Internet Shopping Network's Computer Superstore . . . ."  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 239, and therefore denies same.

- 33 -

240.    Soverain admits that G. Winfield Treese made a purchase from ISN before Open Market filed the patent applications leading to the '314 and '492 patents.  Soverain denies all remaining allegations in Paragraph 240.

241.    Soverain denies the allegations in Paragraph 241.

242.    Soverain denies the allegations in Paragraph 242.

243.    Soverain admits that it has asserted claims of the '639 patent against CDW, Newegg, and Zappos, and that those claims recite at least one element recited by at least one claim of the '780 patent.  Soverain denies all remaining allegations in Paragraph 243.

m.      **To the extent that this lettered heading constitutes an allegation, Soverain denies the allegations in heading m.**

244.    Soverain admits that First Virtual System purported to be an internet payment system as early as October 1994, but is without knowledge sufficient to admit or deny any earlier date of such event.  Soverain denies that the First Virtual System was material to the applications for the '314, '492, and '780 patents, and denies that the First Virtual System is prior art that should have been disclosed to the USPTO in connection with the applications for the '314, '492, and '780 patents.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 244, and therefore denies same.

245.    Soverain states that it is without knowledge sufficient to form a belief as to the intended meaning of "similar" or as to which claims the claims of the application that led to the 6,449,599 patent are allegedly "similar" to, and therefore denies that the USPTO determined that the First Virtual System combined with the "1993 Gifford Application" invalidated "similar" claims.  Soverain admits that named inventors Andrew Payne and Lawrence Stewart were aware of First Virtual prior to the issuance of the '314 and '492 patents.  Soverain denies all remaining allegations in Paragraph 245.

246.    Soverain admits that Andrew Payne and Lawrence C. Stewart were aware of First Virtual prior to the issuance of the '314 and '492 patents.  Soverain denies all remaining allegations in Paragraph 246.

- 34 -

247.     Soverain admits that there is a document that is dated October 15, 1994, that G. Winfield Treese is identified as the sender of the document, that the addressee is notices@openmarket.com, and that the text of the document appears to forward the contents of a message from Nathaniel Borenstein that discusses the First Virtual System.  Soverain denies that the document has been accurately characterized or summarized in proper context.  Soverain denies all remaining allegations in Paragraph 247.

248.     Soverain denies the allegations in Paragraph 248.

**n.     To the extent that this lettered heading constitutes an allegation, Soverain denies the allegations in heading n.**

249.     Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 249, and therefore denies same.

250.     Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 250, and therefore denies same.

251.     Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 251, and therefore denies same.

252.     Soverain admits that there is a document dated July 9, 1994, that Andrew Payne is identified as the sender of the document, that the addressees includes tech@OpenMarket.com and gifford@lcs.mit, and that the text of the document discusses the TinyMUSH interface.  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 252, and therefore denies same.

253.     Soverain admits that there is a document dated July 8, 1994; that glenn@hobbes.sti.com (Glenn Crocker) is identified as the sender; that header includes the text "Newsgroups:  comp.infosystems.www.providers"; and that the document includes the text "I've written a Web<-->TinyMUSH interface," "It is located at: http://stratus.owru.edu," "It's not ready for the NCSA What's New Page yet," and "Please don't announce it elsewhere or create widely-visible links to it.  It's beta-quality at present."  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 253, and therefore denies same.

- 35 -

254.     Soverain admits that there is a document dated July 9, 1994, that Andrew Payne is identified as the sender of the document, that the addressees include tech@OpenMarket.com and gifford@lcs.mit, and that words quoted in Paragraph 254 appear in the document (with slightly differing punctuation).  Soverain denies that the document has been accurately characterized or quoted in proper context.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 254, and therefore denies same.

255.     Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 255, and therefore denies same.

256.     Soverain denies the allegations in Paragraph 256.

257.     Soverain denies the allegations in Paragraph 257.

258.     Soverain admits that it has asserted claims of the '639 patent against CDW, Newegg, and Zappos, and that those claims recite at least one element recited by at least one claim of the '780 patent.  Soverain denies all remaining allegations in Paragraph 258.

      **o.**      **To the extent that this lettered heading constitutes an allegation, Soverain denies the allegations in heading o.**

259.     Soverain admits that WWW-Talk was an electronic-mail discussion and that one or more of the named inventors was included on the mailing list at certain times.  Soverain denies that it was "published."  Soverain denies all remaining allegations in Paragraph 259.

260.     Soverain admits that the following posts to WWW-Talk were made:  Allen, Wayne, "Insecure WWW Access Authorization Protocol?," March 8, 1994; Behlendorf, Brian, "Session tracking," April 17, 1995; Kristol, Dave, "Session tracking," April 18, 1995; Montulli, Lou, "Session tracking," April 18, 2005; McCool, Rob, "using PGP/PEM?  using Kerberos?," February 25, 1994; and Hinkley, Kee, "Session tracking," April 29, 1995. Soverain admits that the April 17, 1995 post by Brian Behlendorf discusses "PathFinder."  Soverain admits that there is a thread having the subject "access and session control" with a post by Dan Aronson dated September 14, 1994 and a post by Rick Troth dated September 15, 1994.  Soverain denies that these messages have been accurately characterized, and denies all remaining allegations in Paragraph 260.

261.    Soverain admits that an October 21, 2004, Order Granting/Denying Request For Ex Parte Reexamination of the '780 patent lists the "Session Control Thread," described therein as an electronic mail discussion from www-talk@info.cern.ch on September 15, 1994, by Dan Aronson and Rick Troth with the subject "access and session control," amongst several items and states that the consideration of each listed item raises a substantial new question of patentability.  Soverain denies all remaining allegations in Paragraph 261.

262.    Soverain admits that it has asserted claims of the '639 patent against CDW, Newegg, and Zappos, and that those claims recite at least one element recited by at least one claim of the '780 patent.  Soverain denies all remaining allegations in Paragraph 262.

263.    Soverain repeats its reply to Paragraph 59.

264.    Soverain admits that Andrew Payne was included on the WWW-Talk mailing list at some point during 1994 and at some point during the prosecution of the applications that led to the '314, '492, and '780 patents. Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 264, and therefore denies same.

265.    Soverain admits that there is a document identifying www-talk@www0.cern.ch as the sender and that the document appeared in a subdirectory having a path including "patents\780\brighton-msgs."  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 265, and therefore denies same.

266.    Soverain denies the allegations in Paragraph 266.

267.    Soverain denies the allegations in Paragraph 267.

268.    Soverain denies the allegations in Paragraph 268.

269.    Soverain admits that it is the successor to Open Market's Transact software business and related patents, and that it sells (as its principal business) the Transact product. Soverain further admits that the quoted text "Soverain today stands exactly where Open Market did from 1993 to 2000" appears in Soverain Software LLC's Opposition to Amazon.com, Inc.'s Motion To Compel the Production of Privileged Documents (D.E. 241).  Soverain denies all remaining allegations in Paragraph 269.

270.   Soverain denies the allegations in Paragraph 270.

**p.   To the extent that this lettered heading constitutes an allegation, Soverain denies the allegations in heading p.**

271.   Soverain admits that in 1994, a website at the URL http://www.stuff.com/ purported to have a system with the capability to offer products on the World Wide Web. Soverain denies that the stuff.com website was a functional "shopping cart" website using "session identifiers" in its URLs, as those terms pertain to the present action.  Soverain is without information sufficient to admit or deny the remaining allegations in Paragraph 271, and therefore denies same.

272.   Soverain admits the allegations in Paragraph 272.

273.   Soverain admits that Andrew Payne was aware of the stuff.com website on June 15, 1994.  Soverain is without information sufficient to admit or deny the remaining allegations in Paragraph 273, and therefore denies same.

274.   Soverain is without knowledge sufficient to admit or deny the allegations in Paragraph 274, and therefore denies same.

275.   Soverain admits that there is a document dated June 15, 1994; that Andrew Payne is identified as the sender of the document; that included in the document are addressees treese@relay.openmarket.com, stewart@relay.openmarket.com, and djm@relay.openmarket.com; that the text of the document discusses a forwarded message that discusses stuff.com; and that a copy of the document bears production numbers SOV0007642-43.  Soverain denies that a copy of this document was marked as Exhibits 4 and 22 to the Kuniavsky and Boake depositions, respectively.  Soverain denies that the document has been accurately characterized or discussed in proper context.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 275, and therefore denies same.

276.   Soverain admits that that the document referenced in Paragraph 275 forwards a message with text that discusses a website referenced as stuff.com.  Soverain denies that such document references selling clothing to the public.  Soverain further denies that the document

- 38 -

has been accurately characterized.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 276, and therefore denies same.

277.    Soverain denies the allegations in Paragraph 277, as the term "session identifier" pertains to the present action.

278.    Soverain denies the allegations in Paragraph 278, as the term "session identifier" pertains to the present action.

279.    Soverain denies the allegations in Paragraph 279, as the term "session identifiers" pertains to the present action.

280.    Soverain denies the allegations in Paragraph 280.

281.    Soverain denies the allegations in Paragraph 281.

282.    Soverain admits that that the document referenced in Paragraph 275 contains text that discusses the option to take credit card numbers over the net, and that it forwards a message that discusses a website referenced as stuff.com.  Soverain admits that Andrew Payne believed that there was an option to take credit card numbers over the net when he wrote the statement to that effect on June 15, 1994.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 282, and therefore denies same.

283.    Soverain admits that that the document referenced in Paragraph 275 includes the addressees treese@relay.openmarket.com, stewart@relay.openmarket.com, and djm@relay.openmarket.com; that the document contains the phrase "They have an option to take the credit card numbers over the net"; and that the document forwards a message with text that discusses a website referenced as stuff.com.  Soverain is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 283, and therefore denies same.

284.    Soverain denies the allegations in Paragraph 284.

285.    Soverain denies the allegations in Paragraph 285.

NYI-4124663v1

286.    Soverain admits that it has asserted claims of the '639 patent against CDW, Newegg, and Zappos, and that those claims recite at least one element recited by at least one claim of the '780 patent.  Soverain denies all remaining allegations in Paragraph 286.

287.    Soverain denies the allegations of Paragraph 287.

**q.    To the extent that this lettered heading constitutes an allegation, Soverain denies the allegations in heading q.**

288.    Paragraph 288 does not present allegations that require a reply by Soverain.  To the extent that a reply is required, Soverain denies the allegations in Paragraph 288 and incorporates by reference its replies to any incorporated allegations of any other party in this action.

### 1.    '314 patent

289.    Soverain admits the allegations in Paragraph 289.

290.    Soverain denies the allegations in Paragraph 290.

291.    Soverain admits that at least one of the named inventors of the '314, '492 and '639 patents was aware of DEC's IE-Connection Store; states that it is without knowledge sufficient to form a belief as to whether such awareness constitutes "sufficient knowledge" as alleged and therefore denies that allegation; and denies all remaining allegations in Paragraph 291.

292.    Soverain admits that DEC's IE-Connection Store is not listed as of record in the prosecution of the '314 patent.  Soverain denies all remaining allegations in Paragraph 292.

293.    Soverain admits that 37 C.F.R. 1.56 provides as follows:  "Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section."  Soverain denies all remaining allegations in Paragraph 293.

294.    Soverain denies the allegations in Paragraph 294.

295.    Soverain admits that Defendants purport to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that Defendants have stated a cause of action or any grounds for such relief or are entitled to any such relief.

### 2.    '492 patent

296.    Soverain denies the allegations in Paragraph 296.

297.    Soverain admits that at least one of the named inventors of the '314, '492 and '639 patents was aware of DEC's IE-Connection Store; states that it is without knowledge sufficient to form a belief as to whether such awareness constitutes "sufficient knowledge" as alleged and therefore denies that allegation; and denies all remaining allegations in Paragraph 297.

298.    Soverain admits that DEC's IE-Connection Store was not listed as of record in the prosecution of the '492 patent.  Soverain denies all remaining allegations in Paragraph 298.

299.    Soverain repeats its reply to Paragraph 293.  Soverain denies all remaining allegations in Paragraph 299.

300.    Soverain denies the allegations in Paragraph 300.

301.    Soverain admits that Defendants purport to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that Defendants have stated a cause of action or any grounds for such relief or are entitled to any such relief.

### 3.    '639 patent

302.    Soverain denies the allegations in Paragraph 302.

303.    Soverain admits that at least one of the named inventors of the '314, '492 and '639 patents was aware of DEC's IE-Connection Store; states that it is without knowledge sufficient to form a belief as to whether such awareness constitutes "sufficient knowledge" as alleged and therefore denies that allegation; and denies all remaining allegations in Paragraph 303.

- 41 -

304.     Soverain admits that DEC's IE-Connection Store was not listed as of record in the prosecution of the '639 patent.  Soverain denies all remaining allegations in Paragraph 304.

305.     Soverain admits that each of the listed items was known to at least one of the named inventors of the '314, '492 and '639 patents.  Soverain states that it is without knowledge sufficient to form a belief as to what constitutes "sufficient knowledge" and therefore denies that allegation.  Soverain denies all remaining allegations in Paragraph 305.

306.     Soverain admits that the listed items were not listed as of record in the prosecution of the '639 patent.  Soverain denies all remaining allegations in Paragraph 306.

307.     Soverain repeats its reply to Paragraph 293.  Soverain denies all remaining allegations in Paragraph 307.

308.     Soverain denies the allegations in Paragraph 308.

309.     Soverain admits that Defendants purport to assert counterclaims under the Federal Declaratory Judgment Act and the patent laws of the United States, but denies that Defendants have stated a cause of action or any grounds for such relief or are entitled to any such relief.

310.     Soverain denies any allegations in Defendants' counterclaims that are not specifically admitted herein.

## PRAYER FOR RELIEF

Soverain denies that Defendants are entitled to the relief requested in their Prayer for Relief, Paragraphs A-F inclusive.

**WHEREFORE,** Soverain prays for an Order:

A     Granting judgment in Soverain's favor on all claims in Defendants' counterclaims;

B.     Dismissing Defendants' counterclaims with prejudice;

C.     Awarding Soverain its attorneys' fees, expenses and costs in defending against Defendants' counterclaims;

D.      Awarding Soverain the relief sought in its Amended Complaint; and

E.      Awarding Soverain such other relief as the Court deems just and proper.

NYI-4124663v1

Dated: October 10, 2008                                 Respectfully submitted,

/s/ Thomas L. Giannetti (with permission)
Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email:  kradamo@jonesday.com

Mark C. Howland
State Bar No. 24027240
Email:  mchowland@jonesday.com

JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone:  214-220-3939
Facsimile:  214-969-5100

Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email:  tlgiannetti@jonesday.com

Ognian V. Shentov
NY Attorney Reg.  No. 2867737
Email:  ovshentov@jonesday.com

Barry R. Satine (pro hac vice)
NY Attorney Reg. No. 1450220
Email:  barryrsatine@jonesday.com

JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone:  212-326-3939
Facsimile:  212-755-7306

Jennifer Seraphine (pro hac vice)
CA Attorney Reg. No. 245463
Email:  jseraphine@jonesday.com

JONES DAY
555 California Street
San Francisco, CA 94104-1500
Telephone:  415-629-3939
Facsimile:  415-875-5700

ATTORNEYS FOR PLAINTIFF

- 44 -

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically on

October 10, 2008, pursuant to Local Rule CV-5(a) and has been served on all counsel who have

consented to electronic service.

/s/Thomas L. Giannetti
Thomas L. Giannetti

NYI-4124663v1