**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| SOVERAIN SOFTWARE LLC,<br><br>Plaintiff,<br><br>v.<br><br>CDW CORPORATION,<br>NEWEGG INC.,<br>REDCATS USA, INC.,<br>SYSTEMAX INC.,<br>ZAPPOS.COM, INC.,<br>REDCATS USA, L.P.,<br>THE SPORTSMAN'S GUIDE, INC., AND<br>TIGERDIRECT, INC.,<br><br>Defendants. | Civil Action No. 6:07-CV-00511-LED |

**PLAINTIFF SOVERAIN'S REPLY TO CDW'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

Soverain and CDW[1] have now reached agreement on language governing the prosecution bar and the number of in-house personnel that may be allowed access to confidential documents and information.

The only outstanding issues between these parties are the sufficiency of the expert disclosure requirements and the effective date of the protective order.

## I. CDW Has Failed To Show Why It Needs More Expert Disclosures Than Afforded In Federal Rule 26(a)(2)

Federal Rule of Civil Procedure 26(a) is the gold standard expert disclosure provision, and provides more than sufficient information for a party to make an informed decision as to whether its confidential documents or information should not be disclosed to an expert. The

[1] The response to Soverain's motion was only signed on behalf of CDW. Systemax and TigerDirect have filed a separate response. (D. I. 157.) It is assumed, therefore, that Newegg and Zappos.com do not oppose the motion.

outstanding issue here concerns CDW's demands for *additional* information beyond that required by Rule 26. Specifically, while Rule 26 requires the disclosure of cases in which an expert has testified at deposition or trial during the past four (4) years, CDW now requests disclosure of all parties by whom an expert has been retained during that same time period. Soverain submits that the disclosure requirements of Rule 26 are sufficient, and that CDW's proposal is an unnecessarily complicated procedure that opens the door to future disqualification disputes.

The problem arises because, under CDW's proposal, experts will be called upon to disclose information about prior engagements that may be confidential. There are many possible scenarios. For example, an expert may be retained to consult on a case that has not yet been filed and which is confidential and cannot be revealed. An expert may be retained for a case that has been settled before the expert was disclosed to the opponent. Sometimes the expert's engagement agreement explicitly specifies that the expert cannot reveal his or her work on the case to others. Other times that obligation of confidentiality is stated orally, or implied by the circumstances of the engagement.

CDW's proposed language fails to accommodate these very likely scenarios. It excuses the potential expert from disclosing his or her prior cases or employment, but *only* if there is a "contractual confidentiality obligation." Soverain's proposed language ("contractual *or other*…") overcomes this. Moreover, even if there were such a contractual obligation, CDW would require the expert to reveal such irrelevant information as whether the party employing the expert conducts business via an e-commerce website. Most businesses today have e-commerce websites. This bit of information tells nothing about whether the expert is likely to adhere to the non-disclosure provisions of the protective order. As noted *supra*, the nondisclosure provisions

of the protective order, backed up by an undertaking that the expert must sign, are the first line of protection for confidential information. The additional information ("any and all information that can be disclosed") sought by CDW's proposed order is worse than surplusage – it implies that such information may be the basis for disqualification, and thereby invites hypercritical objections to the other side's experts and unnecessary motion practice. *See* D. I. 154 at 4.

Soverain submits that the disclosures of Rule 26 are sufficient here. Moreover, in addition to Rule 26 disclosures, the undertaking that an expert is required to sign before gaining access to confidential documents and information under a protective order is sufficient, eliminating the need for disclosure of the expert's identity. The undertaking explicitly states that the expert agrees to be bound by the terms of the Protective Order, and is subject to penalties for contempt of Court should the expert not abide by the Protective Order. The Protective Order proposed for this case requires the experts to sign such an undertaking before receiving confidential information.

And although Soverain submits that adopting the disclosure requirements set forth in Federal Rule 26(a)(2) is more than enough protection, it has nonetheless agreed to give CDW some (but not all) of the additional information they have requested regarding our expert's prior employment. *See* D. I. 149 at 8-9. But Soverain does not agree with CDW's additional demands, for instance, the aforementioned disclosure of the employer's ecommerce website, and the overreaching requirement that the expert disclose "any and all information that can be disclosed without breach of any such agreement." Accordingly, Soverain requests that the Court approve Soverain's proposed expert disclosure provision in Soverain's proposed Protective Order provided herewith as Exhibit M.

## II. The Protective Order Should Be Prospective, Not Retrospective

Soverain and CDW (and presumably also Zappos.com and Newegg) are in agreement as to the scope of the patent prosecution bar pursuant to Section 5 of the proposed Protective Order. CDW, however, now asks for that prosecution bar, and all the other provisions of the Protective Order, to apply retroactively by requesting a past effective date. Again, CDW's request is unnecessarily complicated and, indeed, unworkable due to the various forms of Protective Order that have been discussed during the course of the parties' negotiations and the different protections demanded by the various defendants. For example, Systemax and TigerDirect, in their response to Soverain's motion, have just proposed a further change to the prosecution bar never before discussed.[2]

Normally the law speaks prospectively, not retrospectively. *See Griffin et al.* v. *Illinois*, 351 U.S. 12, 26 (U.S. 1956) (Frankfurter, J., concurring) ("For sound reasons, law generally speaks prospectively"). Protective orders are no exception. The narrow circumstances for entry of an order *nunc pro tunc*, namely, correction of an error in a previously entered order, are not present here. *Romero-Rodriguez* v. *Gonzales*, 488 F.3d 672, 677-678 (5th Cir. 2007). CDW has shown no reason why this Court should not follow its normal practice by entering a prospective protective order.

CDW's proposal is confusing, and also unnecessary. For example, in addition to the prosecution bar issue, discussed *supra*, a retroactive date would result in confusion with respect to Soverain's prior handling of source code. While CDW produced its source code to Soverain under an agreement to treat that source code in accordance with the draft Protective Order under discussion at that time, defendants Systemax and TigerDirect did not produce their code, and

[2] *See* D. I. 157, Section II.

now demand more stringent rules govern the handling of source code by the parties. Thus, if the Court were to accept both Systemax and TigerDirect's proposal for handing the code, and CDW's request that the Protective Order be entered with a past effective date, Soverain would in effect have already violated the Protective Order in its handling of CDW's code, despite its strict and careful adherence to the parties' agreements. While it might be possible to draft around this issue, it is not necessary to do so.

CDW's confidential information has been more than adequately protected over the last few months by this Court's rules, and specifically the provisions of P. R. 2-2, and the agreement of the parties referred to in CDW's brief. *See* D. I. 154. The question of the proposed effective date, an afterthought which never before was raised by CDW during its long negotiations with Soverain, should be resolved in Soverain's favor and a prospective Protective Order entered here.

## III. Soverain Agrees to CDW's Proposal Regarding In-House Counsel's Access To Confidential Information

Contrary to the statements in CDW's motion, CDW's proposal of allowing 3 in-house personnel access to confidential documents and information pursuant to Section 2(b) of the proposed Protective Order was not resolved between the parties. Rather, this was an issue under discussion, and the exhibit attached to CDW's motion reflects only its proposal. However, in the spirit of compromise, Soverain accepts CDW's proposal as reflected in the revised form of Protective Order provided herewith as Exhibit M.

## Conclusion

For the reasons presented above, Soverain respectfully requests that the Court enter Soverain's proposed Protective Order submitted herewith.

Respectfully submitted this 23rd day of October 2008.

/s/ Thomas L. Giannetti (with permission)
Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email: kradamo@jonesday.com
Mark C. Howland
State Bar No. 24027240
Email: mchowland@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100

Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email: tlgiannetti@jonesday.com
Ognian V. Shentov
NY Attorney Reg. No. 2867737
Email: ovshentov@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone: 212-326-3939
Facsimile: 212-755-7306

Jennifer Seraphine
State Bar No. 245463
Email: jseraphine@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a copy of Plaintiff Soverain's Reply to CDW's Response to Plaintiff's Motion For Entry of Protective Order filed in the above-captioned matter was served on October 23, 2008, via the Court's ECM/ECF service, to all counsel of record who have consented to such electronic service under Local Rule CV-5(a).

/s/ Carrie L. Ortner______

NYI-4132062v1