# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 6:07-CV-00511-LED |
| CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX INC., ZAPPOS.COM, INC., REDCATS USA, L.P., THE SPORTSMAN'S GUIDE, INC., AND TIGERDIRECT, INC., | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

For the purpose of this Order:

a.       "Documents" includes all tangible written, recorded (electronically or otherwise), or graphic material, whether produced or created by a party or another person, and whether produced pursuant to the discovery rules, by agreement, or otherwise, and includes, without limitation, documents, interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, affirmations, and briefs, or any portion of any of the foregoing.

b.     "Confidential Document" means any Document that a party to this action or the producing person believes in good faith contains trade secret or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), and which bears the legend, or is otherwise designated, "Confidential," "Confidential-Restricted," or "Confidential-Source Code."

c.     "Confidential Information" means information contained in Confidential Documents and/or in testimony designated as "Confidential," "Confidential-Restricted," or "Confidential-Source Code," as set forth below.  All testimony that refers or relates to Confidential Documents or Information, and all deposition exhibits that consist of or contain Confidential Documents or Information, shall automatically be deemed to carry those designations.  Confidential Information further includes information disclosed orally that the disclosing party believes in good faith contains trade secret or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), provided that, within ten (10) days after such disclosure, the disclosing party delivers to the receiving party a written document describing the information disclosed and referencing the place and date of such disclosure.  Confidential Documents and Information do not include any document or information that is: (i) generally known to those in the industry prior to any disclosure hereunder, or (ii) generally known to those in the industry without breach of this Order; or (iii) approved for release by written authorization of the party who owns the information; or (iv) disclosed to the receiving party by a third party lawfully possessing such document or information and under no obligation of confidentiality; or (v) developed independently by the receiving party or any employees or designated agents thereof independently and without any use whatsoever of information received by the receiving party

under this Order; or (vi) (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for or statutory entitlement to confidential treatment.

In support of this Order, the Court finds that:

1.      Confidential Documents or Information that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2.      The parties to this litigation may assert that public dissemination and disclosure of Confidential Documents or Information could severely injure or damage the party disclosing or producing the Confidential Documents or Information and could place that party at a competitive disadvantage;

3.      Counsel for the party or parties receiving Confidential Documents or Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Documents or Information as to the confidential and/or trade secret nature of such Confidential Documents or Information; and

4.      To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1.      Confidential Documents and Information shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

2.      Confidential Documents and Information may be disclosed only to the following persons ("Qualified Persons"):

a.      No more than four (4) in-house counsel of each party, together with their paralegal assistants and staff, provided that each such person is involved in the prosecution or defense of this action and has the need to know such information in the prosecution or defense of this action;

b.      No more than three (3) directors, officers and/or employees, together with their administrative staff, provided that each such person has the need to know such information in the prosecution or defense of this action and has the need to know such information in the prosecution or defense of this action, who will be identified to the designating party at least ten (10) days in advance of any disclosure, and with the proviso that, if within that ten (10) day period, an objection is stated to such disclosure, no such disclosure will be made without prior Court approval or written agreement by the objecting party.  There shall be a presumption that these authorized persons may include a party's CEO, CFO, and CIO;

c.      Outside counsel of record for the parties to this action, including their paralegal assistants and secretaries, and employees, or agents of counsel, including jury and graphics consultants retained by counsel, to the extent reasonably necessary to render professional services in this action and provided that such persons are actively engaged in the prosecution or defense of this action;

d.      Persons identified in a document designated under this Order as an author of the document in part or in whole, or as persons to whom a copy of such document was sent prior to its production in this action;

e.      Witnesses where at least one of the following conditions applies:

i.      the witness is a current employee of the designating party;

- 4 -

ii.     the party wishing to disclose the Confidential Document or Information to the witness notifies the designating party of that desire, with a specific listing of the Confidential Documents or Information to be so disclosed, and the designating party consents in writing to all counsel of record to such disclosure by all parties, which consent will not be unreasonably withheld.  If, however, such consent in writing is not received, such Confidential Documents or Information may not be disclosed to the witness until and unless the party wishing to disclose the Confidential Documents or Information to the witness moves for and obtains appropriate relief from the Court upon good cause shown.

Witnesses to whom Confidential Documents or Information is disclosed under subparagraphs (d) and (e)(ii) shall not be allowed to retain copies of the Confidential Documents. However, a witness who was shown Confidential Documents during a deposition may review the Confidential Documents while reviewing his or her transcript, provided that any Confidential Documents are not retained by the witness after he or she has completed his or her review of the transcript for accuracy;

f.     Court officials involved in this action;

g.     Court reporting personnel involved in taking, videotaping or transcribing testimony in this action, provided that any such court reporting personnel agrees that all Confidential Documents and Information designated as such under this Order shall remain "Confidential" and shall not be disclosed, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the court reporting personnel or delivered to counsel of record;

h.     Outside consultants or experts retained for the purpose of assisting counsel in this action, subject to the condition that such consultant or expert, prior to any disclosure of

Confidential Documents or Information thereto, be identified to the disclosing party no less than ten (10) days prior to a proposed disclosure, with full identification of the proposed consultant or expert to whom the Confidential Documents or Information are to be disclosed, including (i) the current Curriculum Vitae of the proposed consultant or expert, (ii) a list of all publications authored in the prior ten years, (iii) a list of all other cases in which, during the previous four years the proposed consultant or expert has testified as an expert at trial or deposition, and (iv) an identification of all parties who have employed the expert or consultant for the past four (4) years.  In the event that the expert or consultant is under a contractual or other confidentiality obligation with respect to the information sought in (iv), above, then the disclosure shall include (a) a statement as to whether the party employing the expert or consultant competes or competed in any way with the party from whom consent to the disclosure is sought, and (b) a statement of the nature of the employment including the dates thereof.  If within that ten (10) day period, an objection is stated to such disclosure, no such disclosure will be made without prior Court approval or written agreement by the objecting party.  Consent to the requested disclosure shall not unreasonably be withheld.

      3.      Confidential Documents and Information shall be used solely for the prosecution or defense of this action.

      4.      Notwithstanding the provisions of paragraphs 2 and 3 hereto, a party or producing person is free to disclose or use his, her or its own Confidential Documents or Information without restriction.

      5.1      Any party may designate the following information as CONFIDENTIAL-RESTRICTED:

- 6 -

a.      the architecture, configuration, operation, or design of a designating party's existing, future or proposed internet websites and associated computer applications, source code, source code comments, flow charts, specifications and other technical and development information relating to such sites; and,

b.      the design, source code, source code comments, flow charts, specifications and other technical and development information relating to a designating party's existing, future or proposed software products for use in connection with commercial transactions on the internet.

5.2      Documents or other things that are designated Confidential that contain a party's source code may be designated "CONFIDENTIAL-SOURCE CODE" and shall be deemed "CONFIDENTIAL-RESTRICTED" for purposes of this Order.

5.3      a.      Any persons in the categories of paragraphs 2(a), 2(b), 2(c), or 2(h) who have access to another party's CONFIDENTIAL-RESTRICTED Documents or Information shall not during, and for two years following the completion of, this litigation, prosecute for, supervise on behalf of, or assist the party who that person represents in this action in the prosecution of:

i.      any patent application filed after the effective date hereof which claims the benefit of a filing date of any patent or application, foreign or domestic, earlier than the effective date hereof, together with any continuations, continuations-in-part, divisionals, renewals, substitutes or convention applications with respect to said new patent applications; or

ii.      any application, continuation, continuation-in-part, divisional, renewal, substitute or convention application pending as of the date hereof;

iii.     provided the applications described in (i) and (ii) relate, in whole or in part, to information disclosed in documents, testimony, information and other things designated "CONFIDENTIAL-RESTRICTED" which said person has reviewed;

b.     Katharine Wolanyk, _____, _____, _____, _____, and _____ (*i.e.* a single in-house attorney per party), are excluded from the limitations of paragraph 5.3(a); however, to the extent that these persons, or the persons who prosecute, supervise or assist in the prosecution of patent applications described in paragraph 5.3(a) on behalf of the party that these persons represent in this action, have access to information designated as CONFIDENTIAL RESTRICTED, that person and the party to this litigation represented by or affiliated with that person, as well as their successors and assigns, shall be restricted from asserting against the disclosing party any patent claims: (a) contained in the applications described in (i), (ii) and (iii) of paragraph 5.3(a), above; (b) added or amended after the date of his or her access to the CONFIDENTIAL RESTRICTED information; and (c) that read on the technology described in the CONFIDENTIAL RESTRICTED information disclosed to that person pursuant to this Protective Order.

5.4     "CONFIDENTIAL-SOURCE CODE" documents and information shall be provided the following further protections.

a.     CONFIDENTIAL-SOURCE CODE may be disclosed only to the Qualified Persons identified in paragraphs 2(c), 2(e), 2(f), 2(g) or 2(h).

b.     Any and all source code shall be produced to outside counsel of record. Any and all such source code documents, regardless of form, shall be maintained in the sole custody and control of outside counsel of record of the receiving party in the United States ("Source Code Custodian") and at no more than two offices of outside counsel.

c.      The source code shall be produced in an electronically-searchable form. All source code produced shall be stored and maintained on a password protected hard drive at the office of the Source Code Custodian.  Source code shall be utilized on a single, stand-alone computer that is not connected to any internal or external computer or computer network and has no Internet connection.  No electronic copies of source code shall be made.

d.      When not in use, any and all source code, including any paper copy, shall be locked in a secure location at the office of the Source Code Custodian which can be accessed only by individuals approved under this Protective Order.  If the source code is being transported outside of the dedicated office, (e.g., for a deposition, hearing, trial, court filing), the source code shall be transported either by approved delivery service (such as FedEx, UPS or DHL) or by an individual approved under this Protective Order until such time as it is locked in a secure temporary location or placed in the custody of an officer of the Court (e.g., court reporter, clerk). The source code may be stored at an intermediate location reasonably necessary to transport the information (e.g., a hotel prior to a deposition) with any and all copies being maintained in a secured, locked area.  Outside counsel may transmit via the Court's ECF system (provided filing is made using procedures to place the document and information under seal with restricted access) .pdf copies of sections of printed source code for the limited purpose of submitting them for filing as exhibits to a court filing in this case.  Source code shall not transported or transmitted other than as specifically provided herein.

e.      Except for purposes of proceedings in this case (e.g., depositions, hearings, trial, court filings), no source code containing hard drive may be removed from its dedicated office until its source code contents have been destroyed or deleted.  The receiving party shall certify that all source code (including paper copies) have been destroyed and/or

- 9 -

deleted within ten (10) days after final termination of this action (except to the extent such copies are exhibits to deposition testimony, trial testimony or briefs).

       f.    The stand-alone computer may have one attached printer and portions of the source code may be printed provided that they are promptly bates labeled, stamped "CONFIDENTIAL-SOURCE CODE", and produced via overnight delivery to the party that produced that source code.  Any subsequent printed copy of the same code shall be marked with the same bates numbers and need not be reproduced to the party that produced that source code. Any such hard copy must be maintained within the single, secured, locked area which also houses the stand-alone computer.

       g.    The Source Code Custodian shall maintain a Source Code Access Log identifying: (i) the name of each person who accessed the code; (ii) the date of access; and (iii) whether any portions of the source code were printed and, if so, the bates label references of the printed pages.

       h.    The receiving party may print or otherwise create up to three (3) total copies on paper of the source code designated "CONFIDENTIAL-SOURCE CODE" materials, solely for use by Outside Counsel and the outside consultants who are permitted access to source code designated "CONFIDENTIAL-SOURCE CODE" under the terms of the Protective Order. Except for purposes of proceedings in this case (e.g., depositions, hearings, trial, court filings), any such hard copy must be maintained within the single, secured, locked area which also houses the stand-alone computer.  The receiving party may print additional copies as needed for use at depositions, hearings, trial or court filings. Such paper copies that become unavailable to the receiving party by being marked as a deposition exhibit, an exhibit to a submission to the Court, as a hearing or trial exhibit, or having been destroyed by the receiving party, may be replaced.

Upon written request, the producing party will make an electronically searchable copy of all source code produced available to the receiving party for review and printing at depositions, hearings and/or trial.

i.      In the event that any source code is used as exhibits to filings, pleadings or discovery, the source code exhibits must be maintained within the single, secured, locked area which also houses the stand-alone computer.

j.      Counsel and consultants (cleared under the protective order) for the receiving party may use their own preferred software search and analysis tools on the stand-alone computers.  Within twenty four (24) hours prior to loading said preferred software tools on the computer, outside counsel shall provide a list of such preferred software tools to the producing party.

6.      Before any person described in paragraph 2 (a), (b), 2(e) or 2(h) is given access to Confidential Documents or Information, the individual to whom disclosure is to be made shall sign and date an undertaking substantially in the form of the attached Exhibit A.  A copy of such undertaking shall be held by counsel of record for the party so disclosing the Confidential Documents or Information.  The parties agree not to use the undertakings for any purpose other than monitoring and enforcing compliance with this Order.

7.      Counsel for the parties to whom Confidential Documents or Information have been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order.

8.      Confidential Documents and Information shall not be filed with the Court except when required by Court rule or in connection with motions or applications submitted to the Court.  Confidential Documents, and any documents containing or referring to Confidential

Information (including, without limitation, deposition transcripts, exhibits, briefs, affidavits, and affirmations), if filed, shall be filed under seal.

9.      At a deposition or within ten (10) days after receiving a deposition transcript, counsel for any of the parties or the deponent may designate specific testimony or transcript pages as Confidential by notice on the record at the deposition or in writing to counsel for all parties and for the deponent.  Until the expiration of the ten (10) day period, all of the testimony contained in the transcript volume shall be treated as Confidential.  To the extent that Confidential Documents or Information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Confidential Documents or Information, without the need for further designation.

10.     At any time after the delivery of Confidential Documents or Information, counsel for the party or parties receiving the Confidential Documents or Information may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the disclosing party.  If the parties are unable to agree as to whether the Confidential designation of the documents or information is appropriate, the receiving party or parties shall certify to the Court that the parties cannot reach an agreement as to the Confidential nature of all or a portion of the Confidential Documents or Information.  Thereafter, the disclosing party shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Confidential Documents or Information in dispute.  The disclosing party shall have the burden of establishing that the disputed Confidential Documents or Information are entitled to Confidential treatment.  If the disclosing party does not timely file a motion for protective order, then the Confidential Documents or Information in dispute shall no longer be subject to

Confidential treatment as provided in this Order.  All Confidential Documents and Information are entitled to Confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Confidential Document or Information is entitled to Confidential treatment.

11.     The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

12.     A designating party that inadvertently fails to mark an item as required under this Order at the time of the production, or fails to provide a written description of orally disclosed Confidential Information, shall not be deemed to have waived, in whole or in part, any claim of confidentiality, either as to the specific information disclosed or as to any other information thereto on the same or related subject matter.  In the case of documents, any such misdesignated materials shall be properly designated as soon as reasonably possible after the producing party becomes aware of the inadvertent failure to mark.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked as Confidential material.  Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked items and all copies thereof.  In the case of orally disclosed information, a written description of the information must be provided, as set forth above.

13.     The party or parties receiving Confidential Documents or Information shall not under any circumstances sell, offer for sale, advertise, or publicize them.

14.     After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those Confidential Documents and Information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Confidential Documents and Information for enforcement of the provisions of this Order following termination of this litigation.

15.     This Order shall apply to any non-party to this action who shall be called upon to make discovery or provide deposition or other testimony in connection with this action.  Such non-party shall be deemed to avail itself of the provisions and protections of this Order by making production or providing testimony consistent with it.

16.     The provisions of this Order shall not terminate at the conclusion of this action. Within thirty (30) days after the final conclusion of all aspects of this action by judgment not subject to appeal or by settlement, Confidential Documents and all copies of same, and all documents containing or referring to Confidential Information, other than trial and deposition transcripts, trial and deposition exhibits, and briefs, counsel work papers, memoranda or other documents or papers filed with the Court, and undertakings executed pursuant to paragraph 6 hereto, shall either be returned to the producing party or person or destroyed, with the exception of source code documents, which shall be returned to the producing party.  All parties or persons that received Confidential Documents or Information shall make certification of compliance with this section and shall deliver same to counsel for the person that produced the documents or disclosed the information not more than sixty (60) days after the final conclusion of this action. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

17.     The inadvertent production of documents subject to the protection of the attorney-client privilege, work product doctrine, or other privilege shall not constitute a waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications.  The producing party shall notify the receiving party in writing of any such inadvertently produced documents as soon as reasonably possible after the producing party becomes aware of their inadvertent production.  Upon receipt of such notice, the receiving party shall, within three (3) days, or sooner if that is possible, return all such documents to the producing party, along with any copies made thereof.

18.     This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**So ORDERED and SIGNED this 13th day of January, 2009.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  6:07-CV-511 |
| | § | |
| CDW CORPORATION, NEWEGG INC., | § | Hon. Leonard E. Davis |
| REDCATS USA, INC., SYSTEMAX, INC., | § | |
| ZAPPOS.COM, INC., TIGER DIRECT, | § | |
| INC., THE SPORTSMAN'S GUIDE, INC., | § | |
| and REDCATS USA LP, | § | |
| | | |
| Defendants. | | |

**UNDERTAKING CONCERNING CONFIDENTIALITY**

I,_____, hereby certify that:

1.      I have read the Protective Order entered in the above-captioned action and understand its terms.

2.      I agree to be bound by the terms of the Protective Order.  I agree to use Confidential Documents and Information provided to me pursuant to the Protective Order in this case only for purposes of this litigation.

3.      I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action may subject me, without limitation, to penalties for contempt of Court.

4.      I submit to the jurisdiction of the Court in the above-captioned action for the

purpose of enforcing the terms of the Protective Order and freely and knowingly waive any right

that I may otherwise have to object to the jurisdiction of said Court.

Date: _____

Signature: _____

Print Name: _____

NYI-4129542v1