IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>CDW CORPORATION, )<br>NEWEGG INC., )<br>REDCATS USA, INC. )<br>SYSTEMAX INC., )<br>ZAPPOS.COM, INC., )<br>REDCATS USA, L.P., )<br>THE SPORTSMAN'S GUIDE, INC., )<br>AND )<br>TIGERDIRECT, INC., )<br>)<br>    Defendants. ) | Case No. 6:07-CV-00511-LED<br><br>JURY TRIAL DEMANDED |

## P.R. 4-3 JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Pursuant to P.R. 4-3, and the Court's Docket Control Order, as amended, the parties hereby submit this Joint Claim Construction and Prehearing Statement. As reflected in the Certificate of Conference below, all parties have agreed to this Joint Claim Construction and Prehearing Statement, which plaintiff Soverain Software LLC ("Soverain") is filing on behalf of itself and all remaining defendants.

- 1 -

**I.     AGREED CONSTRUCTIONS**

The parties have agreed upon the construction of the following claim terms, phrases, and clauses appearing in U.S. Pat. No. 5,715,314 ("'314 patent"), U.S. Pat. No. 5,909,492 ("'492 patent"), and U.S. Patent No. 7,272,639 ("'639 patent"):

| Claim Term, Phrase or Clause | Patent Claim | Agreed Construction |
| --- | --- | --- |
| Message | '314 patent, Claims 34, 35, 39, 49, 74, 84, 109, 134, 144<br><br>'492 patent, Claim 17, 18, 35, 36 | a unit of information sent electronically |
| Durable product | '639 patent, Claim 68 | physical product |
| Forwarding . . . from the client to the server system | '639 patent, Claim 1 | sending . . . from the client to the server system |
| Returning | '639 patent, Claims 1, 47, 79 | sending back |

**II.    DISPUTED CONSTRUCTIONS**

At this time, the parties do not agree upon the construction of any other claim terms, phrases, and clauses that were identified by the parties as requiring construction.

Exhibit A is a side-by-side comparison of the parties' proposed constructions of the disputed terms, phrases, and clauses.

Exhibit B sets forth Soverain's proposed constructions of disputed claim terms, phrases, or clauses, together with an identification of references from the specifications or prosecution histories supporting those constructions, and an identification of any extrinsic evidence known to Soverain on which it intends to rely either to support its proposed constructions or to oppose the constructions proposed by the defendants.

Exhibit C sets forth the defendants' proposed constructions of disputed claim terms, phrases, or clauses, together with an identification of references from the specifications or prosecution histories supporting those constructions, and an identification of any extrinsic evidence known to the defendants on which they intend to rely either to support their proposed constructions or to oppose the constructions proposed by Soverain.

Exhibit D sets forth Systemax and TigerDirect's proposed construction of the term "shopping cart computer," together with an identification of references from the specifications or prosecution histories supporting that construction, and an identification of any extrinsic evidence known to Systemax and TigerDirect on which they intend to rely either to support their proposed construction or to oppose the construction for "shopping cart computer" proposed by Soverain.[1]

Exhibit E sets forth the defendants' adopted Amazon constructions of disputed claim terms, phrases, or clauses, together with an identification of references from the specifications or prosecution histories supporting those constructions, and an identification of any extrinsic evidence known to the defendants on which they intend to rely either to support the adopted Amazon constructions or to oppose the constructions proposed by Soverain.

## III.    LENGTH OF TIME NEEDED FOR CLAIM-CONSTRUCTION HEARING

The parties suggest that a full day be set aside for the claim-construction hearing.

## IV.    WITNESSES

No party will call any witnesses at the claim-construction hearing.

---

[1] Newegg's proposed construction and support for the term "shopping cart computer" are set forth in Exhibits C and E.

NYI-4167278v1

## V. NO ISSUES FOR A PREHEARING CONFERENCE

At this time, the parties do not believe there are any issues to be taken up at a Prehearing Conference.

Dated: March 16, 2009                                     Respectfully submitted,

/s/ Ognian V. Shentov (with permission)
Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email:  kradamo@jonesday.com

Mark C. Howland
State Bar No. 24027240
Email:  mchowland@jonesday.com

JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone:  214-220-3939
Facsimile:  214-969-5100

Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email:  tlgiannetti@jonesday.com

Ognian V. Shentov
NY Attorney Reg.  No. 2867737
Email:  ovshentov@jonesday.com

JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone:  212-326-3939
Facsimile:  212-755-7306

ATTORNEYS FOR PLAINTIFF

- 5 -

**CERTIFICATE OF CONFERENCE**

      This is to certify that counsel for plaintiff Soverain has conferred with counsel for the defendants concerning this P.R. 4-3 Joint Claim Construction and Prehearing Statement and all defendants have agreed to it.

                      /s/ Ognian V. Shentov
                      Ognian V. Shentov


**CERTIFICATE OF SERVICE**

      This is to certify that on March 16, 2009 a true and correct copy of the foregoing document has been served on all counsel of record via the Court's ECF system.

                      /s/ Ognian V. Shentov
                      Ognian V. Shentov

NYI-4167278v1