## 201.07 Continuation Application [R–1]

A continuation is a second application for the same invention claimed in a prior >nonprovisional< application and filed before the original becomes abandoned or patented. The continuation application may be filed under 37 CFR 1.53>(b)(1)<, 37 CFR 1.60, or 37 CFR 1.62. The applicant in the *>continuation< application must include at least one inventor named in the prior >nonprovisional< application. The disclosure presented in the continuation must be the same as that of the original application; i.e., the continuation should not include anything which would constitute new matter if inserted in the original application.

>An application claiming the benefits of a provisional application under 35 U.S.C. 119(e) should not be called a "continuation" of the provisional application since the application will have its patent term calculated from its filing date, whereas an application filed under 35 U.S.C. 120, 121, or 365(c) will have its patent term calculated from the date on which the earliest application was filed, provided a specific reference is made to the earlier filed application(s), 35 U.S.C. 154(a)(2) and (a)(3).<

At any time before the patenting or abandonment of or termination of proceedings on his or her earlier >nonprovisional< application, an applicant may have recourse to filing a continuation in order to introduce into the case a new set of claims and to establish a right to further examination by the primary examiner. An application under 37 CFR 1.62, however, must be filed prior to payment of the issue fee.

For notation to be put on the file wrapper by the examiner in the case of a continuation application, see MPEP § 202.02.

Use Form Paragraph 2.05 to remind applicant of possible continuation status.

¶ 2.05   Possible Status as Continuation

This application discloses and claims only subject matter disclosed in prior ** >application no.< [1], filed [2], and names an inventor or inventors named in the prior application. Accordingly, this application may constitute a continuation or division. Should applicant desire to obtain the benefit of the filing date of the prior application, attention is directed to 35 U.S.C. 120 and 37 CFR 1.78.

**Examiner Note:**
>1.<   This paragraph should only be used if it appears that the application may be a continuation but priority has not been claimed.
>2. An application claiming the benefits of a provisional application under 35 U.S.C. 119(e) should not be called a "continuation" of the

provisional application since the application will have its patent term calculated from its filing date, whereas an application filed under 35 U.S.C. 120, 121, or 365(c) will have its patent term calculated from the date on which the earliest application was filed, provided a specific reference is made to the earlier filed application(s), 35 U.S.C. 154(a)(2) and (a)(3).<

**

## 201.08 Continuation–in–Part Application [R–1]

A continuation–in–part is an application filed during the lifetime of an earlier >nonprovisional< application by the same applicant, repeating some substantial portion or all of the earlier >nonprovisional< application and *adding matter not disclosed* in the said earlier *>nonprovisional application<. (*In re Klein*, 1930 C.D. 2; 393 O.G. 519 (Comm'r Pat. 1930)). The continuation–in–part application may be filed under 37 CFR 1.53>(b)(1)< or 37 CFR 1.62. An application under 37 CFR 1.62, however, must be filed prior to payment of the issue fee >or after payment of the issue fee if a petition under 37 CFR 1.313(b)(5) is granted in the prior nonprovisional application.<

>An application claiming the benefits of a provisional application under 35 U.S.C. 119(e) should not be called a "continuation–in–part" of the provisional application since the application will have its patent term calculated from its filing date, whereas an application filed under 35 U.S.C. 120, 121, or 365(c) will have its patent term calculated from the date on which the earliest application was filed, provided a specific reference is made to the earlier filed application(s), 35 U.S.C. 154(a)(2) and (a)(3).<

The mere filing of a continuation–in–part does not itself create a presumption that the applicant acquiesces in any rejections which may be outstanding in the copending national >nonprovisional< application or applications upon which the continuation–in–part application relies for benefit.

A continuation–in–part filed by a sole applicant may also derive from an earlier joint application showing a portion only of the subject matter of the later application, subject to the conditions set forth in 35 U.S.C. 120 and 37 CFR 1.78. Subject to the same conditions, a joint continuation–in–part application may derive from an earlier sole application.

Unless the filing date of the earlier >nonprovisional< application is actually needed, for example, in the