**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

| | |
|---|---|
| SOVERAIN SOFTWARE LLC<br><br>        Plaintiff,<br><br>   vs.<br><br>CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX INC., ZAPPOS.COM, INC., TIGER DIRECT, INC., THE SPORTSMAN'S GUIDE, INC., and REDCATS USA LP<br><br>        Defendants. | CIVIL ACTION NO. 6:07-CV-511<br><br>Hon. Leonard E. Davis |

**PLAINTIFF SOVERAIN'S STATEMENT OF GENUINE ISSUES**

Pursuant to Local Rule CV-56, the Plaintiff hereby provides its response to the corresponding numbered paragraphs of Defendant Newegg's Statement of Undisputed Material Facts.

1. Not disputed.

2. Not disputed.

3. Disputed that the '639 patent was filed as a "purported" continuation of the '780 patent. The '639 patent was filed as a "continuation" of the '780 patent. (Exh. 4, '639 patent, col. 1:6-9.)

4. Not disputed.

5. Not disputed.

6. Not disputed.

7. Disputed that all claims of the '639 patent require "that client append the stored session identifier to each subsequent request."

8. Disputed that in the specification accompanying the '780 parent application, "storing" is described in a single paragraph, at Newegg Exh. B at col. 4, lines 25-31.  Disputed that the '780 patent does not explain how a "special browser" would identify and accept the SID or tag, how and where the SID or tag would be stored by the browser, or how the browser would retrieve the SID or tag in each URL call.

9. Not disputed that the paragraph was amended to contain the quoted words. Disputed that the italics correspond to any emphasis as the words appear in the '639 patent.

10. Not disputed, except that the quotation further states:  "While still covering the cookie embodiment . . . ."  (Newegg Exh. C, at p. 6.)

11. Not disputed that the quoted words appear in a response to an office action and the response references language in the specification referring to a "special browser."  Disputed that the applicants "argued that 'modified' and 'special' actually meant 'cookie compatible.'"  Applicants further stated that "'modern' browsers which support cookies are such 'modified' browsers," but did not limit "modified" or "special" browsers to "cookie compatible" browser. (Newegg Exh. D, at p. 7.)

12. Disputed that the version of Netscape that was publicly available in October 1994 is adequately described as being "the first version of Netscape."  Newegg Exh. K provides that "[t]he initial version of Netscape available today on the net is *a public beta version*" and that Netscape "will also place *the final version* of the navigator, due out in November, on the Internet for free downloading."  (Emphasis added.)  Thus, the version of Netscape that was publicly available in October 1994 is more accurately described as being "a public beta version."

13. Not disputed.

14. Not disputed that cookies were described on the Netscape WWW site in December 1994 or January 1995 in a document entitled "Persistent Client State HTTP Cookies.

15. Not disputed that inventor Lawrence C. Stewart emailed Bill Dally on May 19,

1995, regarding "[t]he netscape navigator browser ha[ving] a cookie storage mechanism." Disputed that Lawrence Stewart stated "1) The netscape navigator browser has a cookie storage mechanism, in which *the* server can tell the browser . . . ." (Newegg Exh. F (emphasis added).) Stewart stated "1) The netscape navigator browser has a cookie storage mechanism, in which *one* server can tell the browser . . . ." (*Id.* (emphasis added).) Disputed that Bill Dally is appropriately characterized as "the individual preparing the ['780] patent application" to the extent this implies he no assistance from others.

16. Disputed that Bill Dally is appropriately characterized as "the individual preparing the ['780] patent application" to the extent this implies he no assistance from others. Otherwise not disputed.

17. Disputed that the cited exhibits (Newegg Exh. E, p. 157; Newegg Exh. N, at p. 10) establish that Lou Montulli is the "widely acknowledged" inventor of cookies.

18. Disputed that at the time the application for the '780 patent was filed, the only method Open Market Inc. had for using session IDs was to have the server write relative URLs into the content supplied to the browsers. (Newegg Exh. B, '780 patent, col. 4:24-30; Stewart Decl. ¶¶ 10-11, 13-15.) Not disputed that the URL method was considered universal because it would work with all browsers.

19. Disputed.

20. Not disputed.

21. Not disputed, except that Transact was first used in connection with the Open Marketplace service.

22. Disputed that claims 3 and 47 are asserted. Otherwise not disputed.

23. Not disputed.

24. Not disputed that the quoted text applies to some versions of Transact and OM-Axcess. Disputed that early versions of Transact and OM-Axcess implemented cookies.

25. Not disputed that the quoted text applies to some versions of Transact and OM-Axcess.  Disputed that early versions of Transact and OM-Axcess implemented cookies.

26. Not disputed that the quoted text applies to some versions of Transact and OM-Axcess.  Disputed that early versions of Transact and OM-Axcess implemented cookies.

27. Not disputed.

28. Disputed.  The '639 patent is entitled to the benefit of the filing date of its parent. 35 U.S.C. § 120.  (Exh. 2, the '780 patent, at p. 1.)

29. Disputed.  The effective filing date of the '639 patent is June 7, 1995.  Netscape introduced a cookie-enabled browser and published a preliminary specification explaining cookies and their use approximately six months prior to the filing of the application for '780 patent, but not three years prior to the effective filing date of the '639 patent application (Defendant's Statement of Undisputed Material Facts, ¶ 13; Newegg Exh. L, at p. 2.), which is entitled to the benefit of the filing date of its parent, 35 U.S.C. § 120.

30. Not disputed.

31. Disputed that claim 1 of the '639 patent is accurately reproduced in the table of section III.B in Defendant's Motion for Summary Judgment.  (*Compare* Exh. 4, '639 patent, col. 10:26-37 *with* Defendant's Motion for Summary Judgment, § III.B.)  Otherwise not disputed.

32. Not disputed.

33. Not disputed

34. Not disputed.

35. Disputed that "state information" in the Montulli patent "encompasses session information."  Not disputed that the cited portion of the Montulli patent states that "state information can later be sent back to the server at appropriate times."

36. Not disputed.

37. Not disputed

38. Not disputed.

39. Not disputed.

40. Not disputed.

41. Disputed.

42. Not disputed.

43. Not disputed.

44. Disputed.

45. Not disputed.

46. Not disputed.

47. Not disputed.

48. Not disputed.

49. Not disputed that Montulli discloses a method wherein "[i]f any of the cookies in the cookie list matches the requested URL then information containing the name/value pairs of the matching cookies will be sent along with the HTTP request." (Newegg Exh. I, at col. 9: 47-58.)

Dated: September 11, 2009                    Respectfully submitted,

/s/ Thomas L. Giannetti (with permission)
Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email:  kradamo@jonesday.com
Mark C. Howland
State Bar No. 24027240
Email:  mchowland@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone:  214-220-3939
Facsimile:  214-969-5100

Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email:  tlgiannetti@jonesday.com
Ognian V. Shentov
NY Attorney Reg.  No. 2867737
Email:  ovshentov@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone:  212-326-3939
Facsimile:  212-755-7306

Jennifer Seraphine
CA Attorney Reg. No. 245463
Email:  jseraphine@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104

ATTORNEYS FOR PLAINTIFF