IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC<br><br>Plaintiff,<br><br>vs.<br><br>CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX INC., ZAPPOS.COM, INC., TIGER DIRECT, INC., THE SPORTSMAN'S GUIDE, INC., and REDCATS USA LP<br><br>Defendants. | CIVIL ACTION NO. 6:07-CV-511<br><br>Hon. Leonard E. Davis |

**PLAINTIFF SOVERAIN'S MOTION TO PRECLUDE EXPERT TRIAL TESTIMONY BY ALEXANDER TREVOR, PRECLUDE EDWARD TITTEL FROM OFFERING TESTIMONY BASED ON THE TREVOR REPORT, AND EXCLUDE THE TREVOR REPORT FROM EVIDENCE**

I.    INTRODUCTION

Plaintiff Soverain Software respectfully moves the court to (1) preclude Newegg from offering Alexander Trevor as an expert witness, whether live or through his deposition from the prior Amazon litigation,[1] (2) preclude Newegg's technical expert, Edward R. Tittel, from testifying in accordance with the portions of his expert report on invalidity that rely on Trevor's expert report and expert deposition from the Amazon litigation, and (3) preclude the admission into evidence of Trevor's expert report.

---

[1] *Soverain Software LLC v. Amazon.com, Inc.*, 6:04-cv-14 [hereinafter "Amazon litigation"].

Soverain accuses defendant Newegg of infringing three Soverain U.S. Patents: 5,715,314; 5,909,492; and 7,272,639. The patents relate to conducting e-commerce on the World Wide Web. Newegg alleges that the patents are invalid and, as to the '314 and '492 patents, relies upon certain online services available on CompuServe in the mid-1990s. Prior to this action, Soverain asserted two of those patents ('314 and '492) and a third patent (U.S. Patent 5,708,780) against Amazon.com, Inc. Amazon, like Newegg, relied upon CompuServe prior art.

Alexander Trevor, formerly CTO of CompuServe, was disclosed as an expert witness for defendant Amazon in the Amazon litigation. He submitted an expert report ("Trevor Report") regarding the validity of the '314 and '492 patents. For his expert report, Trevor recreated an alleged prior art system, CompuServe Travelshopper, and compared the recreated system to certain claims of the '314 and '492 patents. Trevor's expert report also included his opinions comparing CompuServe's Eaasy Sabre system to certain claims of the '314 patent. During discovery in the Amazon case, Soverain took Trevor's deposition as an expert. The Amazon litigation settled three days before trial.

In this action, Trevor was not disclosed as a testifying expert under the court's Docket Control Order, the court's Discovery Order, or Fed. R. Civ. P. 26(a)(2). Trevor did not submit an expert report, nor was his deposition taken in this case.

However, Trevor's name does appear on Newegg's trial witness list in this action. It is not clear from the witness list whether Newegg plans to call Trevor as a live witness, or whether it will attempt to use his expert deposition from the Amazon case. (As noted, Trevor's deposition was not taken by either party in this case.) Newegg did not submit a summary of Trevor's expected trial testimony. It is unclear what testimony Newegg intends to elicit from Trevor.

Newegg's technical expert in this case, Edward Tittel, has submitted several expert reports.  In his first report, which discusses alleged prior art to the Soverain patents, Tittel relies upon the Trevor Report.[2]  Tittel notes that "Trevor's expert report illustrates an example of Easy Saabre [sic] in actual use using screenshots captured during a user session, these speak eloquently to the claims."  (Exh. A, Tittel Report p. 5.)  At his deposition, Tittel acknowledged his reliance on the Trevor Report and his acceptance of Trevor's opinions.  (Exh. B, Tittel Dep. 73:4-74:7.)[3]  Tittel admitted that since he could not perform transactions on the Eaasy Sabre and Travelshopper systems today, he relied on the exhibits in the Trevor Report, which purported to demonstrate the steps in transactions for each system.  (*Id.* 71:4-17.)

**II.    ARGUMENT**

    **A.    Newegg Should Be Precluded From Offering Trevor As An Expert Witness At Trial, Live Or Through His Amazon-Litigation Deposition**

Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Newegg failed to identify Trevor as a testifying expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2)(A) and the Docket Control Order, which set the deadline for such disclosures as July 21, 2009.  *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004) ("[T]he expert designation requirement of Rule 26(a)(2)(A) applies to all testifying experts.").  Newegg should be precluded from offering Trevor as a trial expert, or from eliciting any expert opinion testimony from Trevor

---

[2] Portions of the Tittel Report relevant to this motion are submitted herewith as Exhibit A.  (For convenience, page numbers were added by Soverain, as the original report had none.)  Soverain has underlined the most pertinent portions.

[3] Excerpts from the Tittel deposition, dated September 2, 2009, relevant to this motion are submitted herewith as Exhibit B.  Soverain has underlined the most pertinent portions.

at trial.  This includes the opinions concerning CompuServe and the Travelshopper recreation covered by Trevor's expert report or presented in his expert deposition in the Amazon case.

Newegg should also be precluded from designating testimony from Trevor's expert deposition from the Amazon case.  The prior deposition is hearsay.  The hearsay exception of Federal Rule of Evidence 804(b)(1), which allows, in certain circumstances, the admission of former testimony, should not be used to circumvent the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2).[4]

In *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687 (N.D. Ga. 2006), the plaintiff offered the deposition testimony of an expert whose deposition had been taken by the defendant in a prior products liability case involving the same drug.  As here, the expert had not been disclosed.  The *Leathers* court excluded the expert deposition, observing:  "Regardless of whether the testimony is excepted from the rule against hearsay, it still contains expert opinions under FRE 702 and is subject to FRCP 26(a)'s disclosure requirement."  *Id.* at 699-700.

Nor should Newegg be permitted to designate the "factual" portions of Trevor's expert deposition.  Trevor's deposition in the Amazon case was an expert deposition, and the examination focused on the Trevor Report and his recreation of the Travelshopper system that he conducted as a designated expert for Amazon.  Any "facts" presented in Trevor's expert deposition are inextricably part of his expert opinion.

> B.	Tittel Should Be Precluded From Testifying To The Portions Of His Report Relying On Trevor's Expert Report And Deposition

The Trevor Report and deposition are not themselves admissible.  They are hearsay.  *See* Fed. R. Evid. 801, 802.  Nor should Rule 703 of the Federal Rules of Evidence permit their use

---

[4] This exception applies *only* if the witness is "unavailable."  Fed. R. Evid. 804(b).

by Tittel as a basis in forming his opinions.[5] The courts have recognized that an expert's reliance on hearsay reports prepared by third parties without any involvement by the expert must be scrutinized closely and limited when not reasonable.

In *Soden v. Freightliner Corp.*, 714 F.2d 498 (5th Cir. 1983), the defendant's expert offered opinions based upon statistics prepared by another that summarized accidents involving fires with the defendant's trucks. Rejecting the defendant's argument that cross-examination of the expert was the means to test the relevance and reliability of the underlying bases of his opinions, the court in *Soden* held that the expert's testimony based upon the third-party statistics should be excluded. *Id.* at 506-07. The court observed that because the expert had not derived the statistics himself, his testimony was inadmissible hearsay as direct evidence of the truth of the statistics. *Id.* at 506. The court concluded that the expert could not be properly cross-examined about the reliability of the statistics because he had not prepared them or examined the records upon which they were based. *Id.*

Tittel did not know, and could not verify, whether the Trevor Report accurately reflects the underlying operation of CompuServe's Travelshopper system in 1993-94. He had no firsthand knowledge of how the Travelshopper screen shots were created, nor did he interview Trevor. (Exh. B, Tittel Dep. 58:9-11, 71:4-17); *see Soden*, 714 F.3d at 506-07 (affirming exclusion of expert testimony and noting that it was unknown if the analysis relied upon by the expert "actually contained" the data it purported to).

In *Dura Automotive Systems, Inc. v. CTS Corp.*, 285 F.3d 609 (7th Cir. 2002), the plaintiff proffered affidavits of four employees who were responsible for creating certain

---

[5] Federal Rule of Evidence 703 provides in part: "If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted."

mathematical models. The purpose was to support plaintiff's expert's reliance on the models. The district court precluded the affidavits themselves and the expert testimony as to opinions based upon the models. *Id.* at 612. The Seventh Circuit affirmed; regarding precluding the expert testimony, it observed that the contents of the excluded affidavits, on which the testimony relied, were "expert opinions, not recitations of cut-and-dried procedures." *Id.* at 615. As were the affidavits proffered in *Dura*, the Trevor Report is a collection of Trevor's opinions about the operation of Travelshopper. The Trevor Report is not a factual description of Travelshopper. *See Dura*, 285 F.2d at 215. Without verifying Trevor's recreation of Travelshopper, Tittel accepted the Trevor Report and its contentions about Travelshopper. (Exh. B, Tittel Dep. 73:4-74:7.) Tittel admitted he "was no longer able to run those sort of transactions [found in the Trevor Report] [him]self as a user." (*Id.* 71:4-17.) Although Tittel attempted to verify the correctness of Trevor's analysis through Internet searches (*Id.* 64:8-19, 71:18-72:12), his report lacks any explanation of the inner workings of Travelshopper. As was the expert in *Dura,* he should be precluded from testifying to Trevor's opinions.

In *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794 (N.D. Ill. 2005), the court observed that "while Rule 703 was intended to liberalize the rules relating to expert testimony, it was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion." Such hearsay does not fall within the exception of Federal Rule of Evidence 703. *See, e.g., Soden*, 714 F.2d at 502-03; *TK-7 Corp. v. Barbouti*, 993 F.2d 722, 732-733 (10th Cir. 1993) (expert testimony based on another expert's opinion failed to meet the requirements of Rule 703 because the testifying expert was not familiar with the methods and reasons underlying the other expert's opinion, and

failed to demonstrate any basis for concluding that the other expert's opinion was reliable); *Fowler v. U.S.*, 2009 WL 2827958, at *8-9 (W.D. La. 2009) (expert opinion inadmissible where the expert based his report and testimony on a mathematical model that was run by another expert).

        **C.    Newegg Should Be Precluded From Offering The Trevor Report As Evidence**

Even if Tittel's reliance on the Trevor Report were permissible under Rule 703 (which it is not), the Trevor Report itself would still be inadmissible hearsay. In *U.S. v. Tran Trong Cuong*, 18 F.3d 1132 (4th Cir. 1994), the court held that it was improper to allow an expert to bolster his opinion by testifying that another expert agreed with his opinions. The Fourth Circuit observed that such testimony was clearly hearsay and prejudicial. *Id.* at 1143-44. Even if the Trevor Report were proffered for the limited purpose of explaining the basis for Tittel's testimony, the jury would be unable to avoid considering the Trevor Report for other purposes, especially when it is presented to them as coming from another expert. *See Sommerfield v. City of Chicago*, 254 F.R.D. 317, 328 n. 12 (N.D. Ill. 2008) ("In the context of an expert report containing inadmissible evidence on which the expert has based his opinion, a limiting instruction cautioning the jury about the limited purpose for which the otherwise inadmissible evidence is received runs the risk of being an admonition to perform a mental gymnastic beyond its powers."). Any such inappropriate reliance by the jury on Trevor's opinions would be highly prejudicial to Soverain, and therefore the Trevor Report should be excluded. Fed. R. Evid. 403, 703.

**III.    CONCLUSION**

Soverain respectfully requests that the court grant Soverain's motion to (1) preclude Newegg from offering Alexander Trevor as an expert witness, whether live or through his deposition from the Amazon litigation, (2) preclude Newegg's technical expert, Edward Tittel,

from testifying in accordance with the portions of his expert report that rely on the Trevor report and deposition from the Amazon litigation, and (3) preclude the admission of Trevor's expert report.

Dated: September 28, 2009                                              Respectfully submitted,

/s/ Thomas L. Giannetti
Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email:  kradamo@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone:  214-220-3939
Facsimile:  214-969-5100

Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email: tlgiannetti@jonesday.com
Ognian V. Shentov
NY Attorney Reg.  No. 2867737
Email:  ovshentov@jonesday.com
Barry R. Satine
NY Attorney Reg. No. 1450220
Email:  barryrsatine@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone:  212-326-3939
Facsimile:  212-755-7306

Jennifer Seraphine
CA Attorney Reg. No. 245463
Email:  jseraphine@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

    This is to certify that on September 28, a true and correct copy of the foregoing document and accompanying documents, including exhibits, has been served on all counsel of record via the court's ECF system.

                                        /s/ Thomas L. Giannetti
                                        Thomas L. Giannetti

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7, I hereby certify that I, trial counsel for Plaintiff Soverain, conferred telephonically with counsel for Defendant Newegg, Kent E. Baldauf Jr., Esq., regarding this Motion on September 25, 2009.  I provided Mr. Baldauf with details of the relief we are requesting.  After discussing the relief, counsel for the parties could not reach an agreement on Soverain's request that Newegg not offer Alexander Trevor as an expert witness, whether live or through his deposition from the Amazon litigation, that Newegg's technical expert, Edward Tittel, will not offer testimony regarding the portions of his expert report that rely on the Trevor report and deposition from the Amazon litigation, and that Newegg will not offer Trevor's expert report as evidence.

/s/ Thomas L. Giannetti

Thomas L. Giannetti