# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:07-CV-511 |
| CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX, INC., ZAPPOS.COM, INC., TIGER DIRECT, INC., THE SPORTSMAN'S GUIDE, INC., and REDCATS USA LP, | § § § § § § | Hon. Leonard E. Davis |
| Defendants. | | |

## EXPERT REPORT OF EDWARD R. TITTEL

Dated: July 23, 2009

David C. Hanson
Kent E. Baldauf, Jr.
John W. McIlvaine

THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
T: (412) 471-8815
F: (412) 471-4094

Trey Yarbrough
Texas bar No. 22133500
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Tel: (903) 595-3111
Fax: (903) 595-0191
trey@yw-lawfirm.com

Attorneys for Defendant
Newegg Inc.

July 21, 2009

Expert Report: Soverain Software LLC and Patents 5,715,314, 5,909,492 and 7,272,639 with special emphasis on shopping carts, session IDs, and URL query/state passing mechanisms

# Edward R. Tittel

This report outlines finding from analysis of the Soverain patents and other sources listed herein to discuss prior art and obvious technology regarding claims in those patents.

Statement:

I have been retained on behalf of Newegg, Inc., to analyze the Soverain patent and related appendices, and to comment on prior art, obvious technology, and best modes of implementation in the matter of Civil Action No. 6:07-CV-511, Soverain Software LLC v. CDW Corporation, et al. I am currently being remunerated at the rate of $150/hour for my services by The Webb Law Firm when working at home, and at $187.50/hour when working away from home. To date, I have received $4,500.00 in outright compensation from the Webb Law Firm, and another $1,142.08 for reimbursement of travel related expenses.

My background and qualifications are attached to this expert report dated July 21, 2009, as separate documents entitled Ed Tittel Resumé and Ed Tittel Curriculum Vita.

For brevity when referring to patents I will abbreviate to refer to each one by the final three digits of its number, so that Patent 5,714,314 is called the "'314 patent"; Patent 5,909,492 is called the "'492 patent"; and Patent 7,272,639 is called the "'639 patent."

All of the opinions presented in this report are based on the evidence that I have reviewed to date. I have never worked as an expert witness in any legal proceeding before, so I have no prior record to disclose in this regard.

## Acquisition of Sources

The files used in this analysis obtained from counsel are as follows; other sources are cited bibliographically or by inclusion of relevant URLs for access online only in the body of this report.

Treese and Stewart *Designing Systems for Internet Commerce*, 2e, Addison-Wesley, 2003, ISBN: 0201760355 (softcover book).

Pike et al, *Using Mosaic*, Que, 1994, ISBN: 0789700212.

Bowen and Peyton, *How to Get the Most Out of CompuServe*, Revised 4e, Bantam Books, 1989, ISBN: 0553347071.

Viescas, *The Official Guide to the Prodigy Service*, Microsoft Press, 1991, ISBN: 1556153740.

Batini et al, *Conceptual Database Design: An Entity-Relationship Approach*, Benjamin Cummings, 1992, ISBN: 0805302441.

Ellsworth and Ellsworth, *Using CompuServe*, Que, 1994, ISBN: 1565297261.

Appendices A-F of the '314 patent

The Erenkrantz Report (SVN2-005314_001), dated 5/9/05

The Trevor Report SVN2-0012182

The Trevor Deposition (AM-DEP0016573)

The Taylor Preliminary Expert Report (AM-DEP0015173)

SVN2-0003852-003907 (TN-14) Using Tcl to Process HTML Forms

TD0001187 – Payne Memo dated 12/14/93

CNZ0018972 to -0018975 – Netscape Memo re Persistent Client State HTTP Cookies (also appears as document SVN2-0041912-5 in an e-mail communication from the Webb Law firm dated 7/13/2009, but is identical to the lower numbered CNZ document)

CNZ0010931to -0010934 dated 8/30/94 comp.infosystems.www.providers "How to maintain STATE?"

SVN2-002182 to -002185 dated 6/30/94 comp.infosystems.www.providers "How to add state to a form"

CNZ0008947 dated 9/2/94 comp.infosystems.www.providers "How to maintain state: ANSWERS"

SVN2-0044321 to -0044322 dated 12/11/94 comp.infosystems.www.users "Netscape & Cookies" (also appears as document SVN2-0013856-7 in an e-mail communication from the Webb Law firm dated 7/13/2009, but is identical to the higher-numbered document obtained and cited first)

TD0001205 dated 4/19/95 Montulli e-mail entitled "Re: Session Tracking"

SVN2-0002188 and -0002189 dated 12/23/94 www.infosystems.www.users "Cookies.txt file in Netscape"

SVN2-0013862 through -0043872 dated 10/13/94 Andreeson Mosaic 0.9 Beta announcement

SVN2-0025734-36  nph-e3-activate-regular.cgi

SVN2-0025091-101  nph-editprincipal.cgi-rev1.8

SVN2-0024170-72  auth-sd.tcl-rev1.6

SVN2-0024740-43  shoppingcart.tcl-rev1.13

SVN2-0024790-93  smartstatement.tcl-rev1.17

## '314 Patent Appendices

Appendices A-F of the '314 patent were provided to supply additional detail, examples, and information about the claims and language in the patent itself. In my research, Appendix F, a collection of TCL and CGI files intended to illustrate and exemplify the substance of the '314 patent proved particularly relevant. For that reason, I created an index to those files based on order of appearance and manual sequential numbering of the printed microfiche pages provided to me by the Webb Law Firm. This item is attached to this report as "Patent '314 Appendix F Code Map/Index."

## <u>Expert Reports</u>

<u>The Erenkrantz, Trevor, and Taylor expert reports were provided to me for two reasons: first and foremost, to provide examples of structure, layout and flow for my own report; and secondarily, to permit me to review the evidence and information other experts have reviewed and presented in their own reports about the patents in question. There is little overlap between their coverage and contentions and what appears herein.</u>

## Other Documents from the Document Database for Civil Action No. 6:07-CV-511

These were provided to furnish me with evidence to review about common knowledge and prior discussion regarding how state could be maintained in a Web browser session (an essential collection of information to maintain persistent information about Web users or customers wishing to shop or conduct other financial transactions). This discussion also touches on processing of HTML forms and browser cookies, both of which provide mechanisms to establish and maintain state information for an ongoing Web browser session.

## TCL and CGI Source Code from the Open Market Source Control System

These files are dated from May through 10/24/1994, and were obtained from the Open Market files furnished to the Webb Law firm. They provide a complete snapshot of the code for a merchant online store, plus related facilities including a shopping cart, buyer record setup and maintenance, payment processing and more. These items represent what appears to be complete, commercial-grade code and include thorough error-checking and transaction handling elements, unlike the code included in Appendix F of the '314 patent which occasionally uses comments to describe processing that might or could occur in their places, and includes incomplete or no error checking and transaction processing capabilities.

## TCL and CGI Files (code listings near end of list)

These files were captured and stored on or before 10/25/1994 and provide a reasonably complete snapshot of the Open Market merchant store, shopping cart, and payment processing environments at the time the patent was filed. These file also represent a much more professional and commercial coding effort than those files included as Appendix F in the '314 patent. Here, we find complete transaction processing code, with thorough and complete error and payment handling capabilities, including user ID handling, database access and activity, account activation and handling, and more.

## Newegg Inc.'s Supplemental Invalidity Contentions

An analysis of the contested claims' patent language and references is included in the form of individual and group mentions of the specific patents and claims involved, with particular reference to: Shopping Cart Capabilities, Session ID Handling, and URL/Query Composition. My contentions throughout will be that techniques described as innovative and proprietary in the filing were common knowledge and widely used before the related patents were filed, and that tools and techniques involved in implementing a shopping cart and session IDs, and in composing URL strings to transport state information from client to server were already well-understood and widely practiced among competent Web developers at work at the times of their filing.

In addition, I have carefully reviewed the claim charts related prior art and obviousness references to the claim language and am of the opinion that without exception they accurately relate the references to the claim language.

### Patent '314, Claim 34

Network-based sales systems as described in this claim were up and running online well before 1990, particularly on CompuServe. The references cited in the Newegg Supplemental Invalidity Contentions on April 30, 2009 (henceforth designated NSIC) attest to my own personal experience as early as 1988—namely, that it was possible to order, pay for, and check shipment status of one or more purchase items online using CompuServe. Commerce applications were well enough known by 1992, in fact, that conducting commerce on the Internet was viewed in much the same way that other online activities were viewed at the time—namely, as enabling any and all activities that had been possible on Prodigy, CompuServe, or other online venues before the Internet took over as the public networking technology of choice and most popular use.

### Patent '314, Claim 36

See discussion for Patent '314, Claim 34. Ecommerce applications on both Prodigy and CompuServe permitted users to select one or more items, view and manage their selections, and pay for them online in the context of the particular online service in use. <u>Trevor's expert report illustrates an example of Easy Saabre in actual use using screenshots captured during a user session, these speak eloquently to the claims</u> regarding use of databases, access to payment and billing information, statement details, and so forth.

### Patent '314, Claim 39

See discussion for Patent '314, Claim 34. Both on CompuServe and Prodigy, interaction with a database was the most obvious and straightforward way to create an application where multiple buyers could access multiple purchase choices at any given time, and create arbitrary collections of one or more items for purchase and payment. In addition, numerous travel and reservation systems available well before 1990 (Rosalind Resnick described American Airlines Easy Saabre among other online services in an article for Home Computing Magazine[i] from February 1993) also demonstrated an ability to browse, order, and pay for air travel online.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **EXPERT REPORT OF EDWARD R. TITTEL** was served via First Class Mail, Postage pre-paid, this 23rd day of July 2009 upon the following:

> Thomas L. Gianetti, Esq.
> Jones Day
> 222 E. 41st Street
> New York, NY 10017

Attorney for Defendant Newegg Inc.