# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC<br><br>             Plaintiff,<br><br>  vs.<br><br>CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX INC., ZAPPOS.COM, INC., TIGER DIRECT, INC., THE SPORTSMAN'S GUIDE, INC., and REDCATS USA LP<br><br>             Defendants. | CIVIL ACTION NO. 6:07-CV-511<br><br>Hon. Leonard E. Davis |

**PLAINTIFF SOVERAIN'S OPPOSITION TO NEWEGG'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE "SHOPPING CART CLAIMS" IN U.S. PATENTS NO. 5,715,314 AND NO. 5,909,492**

# **TABLE OF CONTENTS**

I. Introduction .................................................................................................................. 1

II. Counterstatement of Issues and Facts .......................................................................... 1

III. Argument ...................................................................................................................... 2

    A. Newegg Has Not Met Its Burden of Proving Obviousness Under the *Graham* Factors ................................................................................................. 2

        1. Newegg's Failure To Address the Level of Ordinary Skill in the Art Precludes Summary Judgment ................................................... 4

        2. The Content and Scope of the Prior Art Weigh Against Summary Judgment ........................................................................... 4

        3. The Differences Between the Prior Art and the Claims at Issue Preclude Summary Judgment ..................................................... 5

        4. Newegg Also Ignores *Graham*'s Secondary Considerations ..................... 8

        5. Newegg's *KSR* and *Muniauction* Obviousness Argument Is Flawed ........ 8

            (a) Newegg Has Misapplied *KSR* ........................................................ 8

            (b) *Muniauction* Is Distinguishable .................................................... 10

    B. Newegg Has Not Met Its Burden of Showing Anticipation by the Prior Art ...... 11

IV. Conclusion .................................................................................................................. 12

i

# TABLE OF AUTHORITIES

**Cases**

*Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*,
   796 F.2d 443 (Fed. Cir. 1986) ................................................................................................ 4

*Civix-DDI, LLC v. Cellco Partnership*,
   387 F. Supp. 2d 869 (N.D. Ill. 2005) ............................................................................. passim

*Connell v. Sears, Roebuck & Co.*,
   722 F.2d 1542 (Fed. Cir. 1983) .............................................................................................. 11

*Continental Can Co. USA v. Monsanto Co.*,
   948 F.2d 1264 (Fed. Cir. 1991) ............................................................................................ 5, 7

*Creative Internet Advertising Corp. v. Yahoo! Inc.*,
   2009 U.S. Dist. LEXIS 65668 (E.D. Tex. 2009) ..................................................................... 8

*Crown Packaging Technology, Inc. v. Ball Metal Beverage Container Corp.*,
   2009 WL 2940070 (S.D. Ohio 2009) ...................................................................................... 4

*Custom Accessories, Inc. v. Jeffrey-Allan Industries, Inc.*,
   807 F.2d 955 (Fed. Cir. 1986) ................................................................................................. 2

*Eisai Co. v. Dr. Reddy's Laboratories, Ltd.*,
   533 F.3d 1353 (Fed. Cir. 2008) ............................................................................................... 8

*Fowler v. Smith*,
   68 F.3d 124 (5th Cir. 1995) ..................................................................................................... 4

*Graham v. John Deere Co.*,
   383 U.S. 1 (1966)........................................................................................................... 1, 2, 3, 8

*Hucker v. City of Beaumont*,
   144 F. Supp. 2d 696 (E.D. Tex. 2001) ..................................................................................... 1

*I.U. Technology Corp. v. Research-Cottrell, Inc.*,
   641 F.2d 298 (5th Cir. 1981) ................................................................................................... 5

*i4i Ltd. Partnership v. Microsoft Corp.*,
   2009 WL 2449024 (E.D. Tex. 2009)....................................................................................... 3

*In re Newell*,
   891 F.2d 899 (Fed. Cir. 1989) ................................................................................................. 7

*Jackson v. U.S. Kids Golf, LLC*,
   2009 WL 585555 (E.D. Tex. 2009) ......................................................................................... 1

*KSR International Co. v. Teleflex Inc.*,
  550 U.S. 398 (2007) ................................................................................................ 1, 2, 3, 8

*Life Technologies, Inc. v. Clontech Laboratories, Inc.*,
  224 F.3d 1320 (Fed. Cir. 2000) ........................................................................................ 10

*Lucent Technologies, Inc. v. Gateway, Inc.*,
  2009 WL 2902044 (Fed. Cir. 2009) ................................................................................ 6, 7

*Muniauction, Inc. v. Thomson Corp.*,
  532 F.3d 1318 (Fed. Cir. 2008) ............................................................................... 1, 10, 11

*Sanofi-Synthelabo v. Apotex, Inc.*,
  550 F.3d 1075 (Fed. Cir. 2008) ................................................................................ 2, 3, 11

*Schumer v. Laboratory Computer Systems, Inc.*,
  308 F.3d 1304 (Fed. Cir. 2002) ................................................................................ 2, 6, 11

*Standard Oil Co. v. American Cyanamid Co.*,
  774 F.2d 448 (Fed. Cir. 1985) ............................................................................................. 4

*Süd-Chemie, Inc. v. Multisorb Technologies, Inc.*,
  554 F.3d 1001 (Fed. Cir. 2009) ........................................................................................... 6

*Toro Co. v. Deere & Co.*,
  355 F.3d 1313 (Fed. Cir. 2004) ........................................................................................... 7

## Statutes

35 U.S.C. § 102 .................................................................................................................. 1, 2, 11

35 U.S.C. § 103 ........................................................................................................................ 1, 2

35 U.S.C. § 282 ........................................................................................................................... 2

## Rules

Eastern District of Texas Local Court Rule CV-56(d) ................................................................ 1

NYI-4221745v2

I.     INTRODUCTION

Newegg seeks summary judgment of patent invalidity under 35 U.S.C. § 103, yet ignores the principal authority on obviousness, *Graham v. John Deere Co.*, 383 U.S. 1 (1966).  Both *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398 (2007), and *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008), the only two cases cited in Newegg's brief, follow *Graham* in determining validity.  The analysis set forth in *Graham* is designed to avoid the risk of falling prey to hindsight bias.  By not applying the *Graham* analysis, Newegg has fallen into the exact trap the courts counsel against:  applying today's familiarity with the Internet to claim that in 1994 anyone could have set up a virtual "shopping cart."  Had Newegg done a correct analysis under the *Graham* factors, as Soverain does herein, it would be apparent that the inventions of the patents-in-suit are not only nonobvious, but were extraordinary inventions in the field at the time.  Nor has Newegg met the even more rigorous standard of proving invalidity by anticipation under 35 U.S.C. § 102.  To obscure its lack of proof Newegg urges an analysis based on hindsight to make its case of invalidity.  But the Supreme Court in *KSR* confirmed the caution against "arguments reliant upon *ex post* reasoning."  550 U.S. at 421.  Newegg's motion is properly denied.

II.    COUNTERSTATEMENT OF ISSUES AND FACTS[1]

Soverain can agree that Open Market was founded by Shikhar Ghosh and Dr. David Gifford, Professor of Computer Science and Engineering at MIT.  (Statement of Genuine Issues ("SGI") ¶ 8.)  Dr. Stewart and Mr. Payne joined Open Market on the same day in April 1994, and were joined a few weeks later by Mr. Treese.  (SGI ¶ 10.)  At the initial meetings of the

---

[1] In direct contravention of Local Court Rule 56, the facts outlined in Newegg's brief are unsupported by any citations to the record evidence.  Local Court Rule 56 requires that "[t]he citations to evidence must be specific, as the district court is not required to 'scour the record' to determine whether the evidence raises a genuine issue of material fact."  *Jackson v. U.S. Kids Golf, LLC*, 2009 WL 585555, at *1 (E.D. Tex. 2009) (citing E.D. Tex. Local Ct. R. CV-56(d)).  This Court has explained that "[w]hile primarily aimed at statements in opposition to summary judgment, *the Court will apply no lower standard to a movant's motion*."  *Hucker v. City of Beaumont*, 144 F. Supp. 2d 696, 700-01 (E.D. Tex. 2001) (emphasis added).

small Open Market technical team, the inventors and Dr. Gifford discussed a complete system that would enable sales over the Internet, something that to their knowledge had never been done before.  (SGI ¶ 14.)  There were a number of proprietary dial-up systems, such as CompuServe.  (SGI ¶ 28.)  The inventors of the '314 and '492 patents did not consider these dial-up systems as model systems because of their many limitations, e.g., the systems were proprietary and thus limited access to members, and the systems were not Internet-based.  (*Id.*)  Each of the inventors has testified unambiguously that although he was aware that CompuServe existed, he neither had used nor was familiar with CompuServe.  (*Id.*)

## III.   ARGUMENT

"A patent shall be presumed valid."  35 U.S.C. § 282.  The patent challenger bears the burden of proving invalidity by clear and convincing evidence.[2]  *Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304, 1315 (Fed. Cir. 2002).  This is the standard of proof for anticipation under 35 U.S.C. § 102.  *Id.*  It is also the standard of proof for obviousness under 35 U.S.C. § 103.  *Sanofi-Synthelabo v. Apotex, Inc.*, 550 F.3d 1075, 1086 (Fed. Cir. 2008).  As Newegg's brief focuses on its obviousness argument, Soverain will address that issue first.  Anticipation is addressed in § III.B, *infra*.

### A.   Newegg Has Not Met Its Burden of Proving Obviousness Under the *Graham* Factors

To prove that a patent is invalid as obvious under § 103, a party must show that "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art."  *Graham*, 383 U.S. at 13.  The *Graham* Court outlined

---

[2] Newegg's burden to prove invalidity is even heavier here because CompuServe was before the Patent Office during reexamination of the '314 and '492 patents.  *See Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.*, 807 F.2d 955, 961 (Fed. Cir. 1986).  While Newegg contends that the patent examiner during the reexamination of the '314 and '492 patents was applying an "outdated TSM test for obviousness at all times" (Br. at 5-7), the examiner made no mention of teaching, suggestion or motivation.  The *KSR* Court itself observed, "There is no necessary inconsistency between the idea underlying the TSM test and the *Graham* analysis."  550 U.S. at 419.

the factual inquiries that are the basis for its obviousness analysis:

> [T]he scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented.

*Id.* at 17–18. Newegg does not establish a single one of these factors to support its motion. A correct analysis of the *Graham* factors shows that the inventions of the patents-in-suit are not obvious in view of the prior art. *See, e.g.*, *Civix-DDI, LLC v. Cellco P'ship*, 387 F. Supp. 2d 869, 895-98 (N.D. Ill. 2005).

*KSR* did not eliminate, and in fact reaffirms, the factual inquiry of *Graham*:

> In *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966), the Court set out a framework for applying the statutory language of § 103 . . . . While the sequence of these [*Graham*] questions might be reordered in any particular case, *the factors continue to define the inquiry that controls.* If a court, or patent examiner, conducts this analysis and concludes the claimed subject matter was obvious, the claim is invalid under § 103.

550 U.S. at 406-07 (emphasis added). The holding in *KSR* was based upon its analysis of the *Graham* factors. *Id.* at 427 (considering (1) the content of the prior art, (2) the scope of the patent claim, and (3) the level of ordinary skill in the art). The Federal Circuit has explained that a *Graham* analysis is still required post-*KSR*: "The ultimate determination is made in the context of the *Graham* factors . . . ." *Sanofi-Synthelabo*, 550 F.3d at 1085-86 (affirming the district court's finding of nonobviousness). And this Court has correctly continued to apply the *Graham* factors post-*KSR* in determining patent validity. *See i4i Ltd. P'ship v. Microsoft Corp.*, 2009 WL 2449024, at *16-17 (E.D. Tex. 2009).

### 1. Newegg's Failure To Address the Level of Ordinary Skill in the Art Precludes Summary Judgment

Newegg's failure to address the level of ordinary skill in the art alone precludes summary judgment in its favor. *See Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corp.*, 2009 WL 2940070, at *23 (S.D. Ohio 2009) ("In the absence of evidence as to the level of ordinary skill in the art, this Court is unable to perform the analysis mandated by the Supreme Court in *Graham* and reaffirmed by that Court in *KSR*, utilized to determine whether a patent is invalid for obviousness.  Since this Court is unable to perform that analysis, it is compelled to overrule the Defendant's Motion for Summary Judgment . . . for obviousness.").

Although Newegg never applies *Graham*, Newegg consistently refers to the inventors' skills (Br. at 12, 17-19), but these are irrelevant:

> The actual inventor's skill is irrelevant to the inquiry, and this is for a very important reason.  The statutory emphasis is on a person of *ordinary* skill.  Inventors, as a class, according to the concepts underlying the Constitution and the statutes that have created the patent system, possess something – call it what you will – which sets them apart from the workers of ordinary skill, and one should not go about determining obviousness under § 103 by inquiring into what *patentees* (i.e., inventors) would have known or would likely have done, faced with the revelations of references.

*Standard Oil Co. v. Am. Cyanamid Co.*, 774 F.2d 448, 454 (Fed. Cir. 1985); *see also Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 446-50 (Fed. Cir. 1986) (vacating and remanding the district court's finding of obviousness based on the court's failure to apply the *Graham* factors and improper focus on what was obvious to the inventors).  This factor does not support Newegg's motion.

### 2. The Content and Scope of the Prior Art Weigh Against Summary Judgment

The three CompuServe Mall references that Newegg cites – the Campbell, Bowen & Peyton, and Ellsworth texts – are hearsay and inadmissible on summary judgment. *See Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995) ("Evidence on summary judgment may be considered to

the extent *not* based on hearsay . . . .") (emphasis added).

These references are user manuals, not technical documents. Such manuals, unsupported by any expert declaration or report, are not sufficient evidence. *See Civix*, 387 F. Supp. 2d at 876, 898 (finding user manuals that did not reveal the identity and exact nature of the alleged prior art could not support summary judgment). The content of these references is directed to users of CompuServe, not those who might be called upon to build such a system, and do not provide the technical details needed to evaluate the system's operation for purposes of determining whether or not they are prior art to the patent claims at issue. *See I.U. Tech. Corp. v. Research-Cottrell, Inc.*, 641 F.2d 298, 303 (5th Cir. 1981) ("With uniformity the cases adhere to the view that it is the problem solver and not the user of the solution who must be the focus of the inquiry."). Beyond the user manuals, Newegg offers no evidence to support its contentions regarding the underlying programming and operation of CompuServe's proprietary system. The scope and content of the prior art thus also weigh against summary judgment for Newegg.

### 3. The Differences Between the Prior Art and the Claims at Issue Preclude Summary Judgment

The only evidence in Newegg's motion relating to the differences between the prior art and the claims at issue are the claim charts prepared by Newegg's trial lawyers in connection with its invalidity contentions. This alone cannot serve as a basis for summary judgment. *See Cont'l Can Co. USA v. Monsanto Co.*, 948 F.2d 1264, 1265 (Fed. Cir. 1991) ("The purpose of the summary judgment process is to avoid a clearly unnecessary trial; it is not designed to substitute lawyers' advocacy for evidence, or affidavits for examination before the fact-finder, when there is a genuine issue for trial.") (citation omitted). Typically, testimony must be "testimony from one skilled in the art and must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference. The testimony is insufficient if it is merely conclusory." *Schumer*, 308

F.3d at 1315-16. Newegg, however, offers no such corroboration for its counsels' assertions regarding the CompuServe Mall.

Newegg's claim charts also fail to show that the CompuServe Mall references render obvious the asserted patent claims because they do not address each and every element and limitation of the patent claim. *See Lucent Techs., Inc. v. Gateway, Inc.*, 2009 WL 2902044, at *3-10 (Fed. Cir. 2009).

For example, Newegg's references are silent as to the limitation of the shopping cart message including a "product identifier."[3] (*See, e.g.*, '314 patent col. 13:3-10; '492 patent col. 14:44-15:14.) (Newegg is aware of this flaw in its invalidity argument, as Soverain's expert Dr. Shamos specifically identified this omission in the exhibit accompanying his Expert Rebuttal Report. (SGI ¶ 40, Ex. H at 3, 10, 17-18, 20-21, 25, 28-29.)) Summary judgment must be denied where the moving party fails to identify *at all* a limitation in its asserted references. *See Süd-Chemie, Inc. v. Multisorb Techs., Inc.*, 554 F.3d 1001, 1004-09 (Fed. Cir. 2009); *Civix*, 387 F. Supp. 2d at 895-98.

Newegg also does not address how the CompuServe Mall system discloses a "buyer computer capable of being programmed." (Br. at 18.) Newegg's reliance on CompuServe's WinCIM program does not address how the user's computer functions after the user enters the CompuServe Mall. (Br. at 18; Newegg Ex. 6 at 240). Newegg's own technical expert, Edward R. Tittel, testified at his deposition that it was likely that the user's computer was not being programmed when dialed into CompuServe systems. (SGI ¶ 25.) Without a buyer computer, then there can be no programming as required by the elements of the claims. (SGI ¶ 40, Ex. G

---

[3] This product identifier limitation is recited in independent claims 34 and 39 of the '314 patent and independent claims 17, 18, 35, and 36 of the '492 patent. Soverain will focus its arguments on some of the common elements and limitations found in the challenged independent claims of the '314 and '492 patents; none of the references cited by Newegg disclose the elements and limitations of the other challenged claims of these patents either. Soverain's position is summarized in the Expert Rebuttal Report of Dr. Michael I. Shamos and its accompanying exhibit. (SGI ¶ 40, Exs. G, H.)

¶ 29, Ex. H at 1-5, 8-11, 15-20, 22-29.)

Newegg also does not show the elements "shopping cart," "shopping cart database," or "shopping cart message" (elements that appear in each of the patent claims at issue) in the prior art. Newegg contends that CompuServe's "personal holding file" was the shopping cart; however the term "shopping cart" is never used in the over 964 pages of references describing the CompuServe system (SGI ¶ 40, Ex. G ¶ 41), and Newegg does not have any fact or expert declaration to explain where it can be found. Newegg likewise does not cite any support for its assertion that the references disclose the "shopping cart database" element found in each of the challenged patent claims. (Br. at 11.) There is, therefore, an issue of fact as to whether CompuServe Mall had a "shopping cart database," and there is also an issue of fact was to whether the alleged shopping cart computer sent "shopping cart messages" to modify the shopping cart in the "shopping cart database." (SGI ¶ 40, Ex. H at 1-14, 16-29.) Newegg's references to its exhibits do not support its contention that this element is "of necessity."

Newegg asks far too much in its motion – it invokes "by necessity" and "inherent disclosures" to cover the gaps of the disclosures of its references. Newegg has the burden of clear and convincing evidence to prove that CompuServe Mall discloses each and every limitation of the patent claims. Inherency is a question of fact. *Toro Co. v. Deere & Co.*, 355 F.3d 1313, 1320 (Fed. Cir. 2004). It may not be established by mere probabilities or possibilities. *Continental Can*, 948 F.2d at 1268-69. Newegg cannot rely on such inherent disclosures to prove obviousness: "That which may be inherent is not necessarily known. Obviousness cannot be predicated on what is unknown." *See In re Newell*, 891 F.2d 899, 901 (Fed. Cir. 1989) (citations and quotations omitted). Newegg cannot shirk its burden by asking the Court to make a series of inferences to cure the lack of proof. *See, e.g.*, *Lucent*, 2009 WL 2902044, at *3-10; *Civix*, 387 F. Supp. 2d at 895-98. This third *Graham* factor thus also cannot support summary judgment of invalidity.

### 4. Newegg Also Ignores *Graham*'s Secondary Considerations

In addition to the above tripartite factual analysis, the *Graham* Court described so-called "secondary" considerations, including "commercial success, long felt but unsolved needs, failure of others." 383 U.S. at 17-18. None of these are addressed in Newegg's motion. Had Newegg done so, the evidence would have favored Soverain. (*See generally* SGI ¶ 40, Ex. G ¶¶ 96-102.) The success of the patented technology was noted in publications such as *The Wall Street Journal* (SGI ¶ 37(a)) and *New York Times* (SGI ¶ 38(b)). Open Market also received the Intranet Excellence Award presented by Networld+Interop. (SGI ¶ 38(c).) Newegg's own technical expert described the products offered by Open Market as the "Cadillac" of ecommerce products. (SGI ¶ 38(d).) The court in *Creative Internet Advertising Corp. v. Yahoo! Inc.*, 2009 U.S. Dist. LEXIS 65668, at *21-22 (E.D. Tex. 2009), cited similar evidence as proof of secondary considerations that weighed in favor of nonobviousness. All of these raise fact questions that preclude summary judgment of invalidity.

### 5. Newegg's *KSR* and *Muniauction* Obviousness Argument Is Flawed

#### (a) Newegg Has Misapplied *KSR*

*KSR* stands for the proposition that the so-called "TSM" (teaching – suggestion – motivation) test for determining whether multiple references properly should be combined in assessing obviousness should not rigidly be applied. 350 U.S. at 421-22. *KSR* does not stand for the proposition that summary judgment of invalidity should be entered without any factual analysis, as Newegg suggests.

When *KSR* discussed obviousness in view of "the design need and market pressure to solve a problem" and "a finite number of predictable solutions," (quotes repeated frequently in Newegg's motion), the Supreme Court did so following a factual inquiry (applying *Graham*), and after making a number of assumptions about the prior art landscape. *Id.* at 422-26; *see Eisai Co. v. Dr. Reddy's Labs., Ltd.*, 533 F.3d 1353, 1359 (Fed. Cir. 2008). No similar inquiry – or

facts to support such an inquiry – is to be found in Newegg's motion.

Newegg's attempt to trivialize the "shopping cart" invention here is negated by the many differences between CompuServe Mall and the over twenty patent claims whose validity Newegg is attacking, including the differences highlighted *supra* § III.A.3, and the others acknowledged by Newegg. (Br. at 8-11, 17-23.) Newegg's assertion that these many differences are "obvious," "simply common sense," and "a matter of common sense" is nothing more than hindsight, unsupported by a proper *Graham* analysis. (For example, Newegg asserts that the invention "was compelled by common sense business standards for electronic commerce transactions." (Br. at 2, 16.) But what common business standard? Where can it be found? Where in this missing business standard are such compelling directions toward the patented invention?)

Similarly unsupported, and indeed contrary to the record, is the charge that the Open Market inventors copied or simply "converted" CompuServe Mall to the Internet. (Br. at 2.) There is no record evidence of any such conduct on their part. To the contrary, the discovery record developed by Newegg establishes while the inventors had heard of CompuServe, they were not CompuServe users and were unfamiliar with the CompuServe Mall.[4] (SGI ¶ 28.)

There are also problems with the factual support that Newegg does include in its motion. For openers, the CompuServe Mall "references" relied on by Newegg (three user manuals) are not admissible evidence, but hearsay. (*See supra* § III.A.2.) Newegg's reference to a 2003 textbook by Open Market patent inventors Treese and Stewart is pure hindsight in respect of their patents filed in 1994. (Br. at 14.) So, too, are the snippets of deposition testimony cited by Newegg. (Br. at 15-17.) They prove nothing about obviousness.[5] *Life Techs., Inc. v. Clontech*

---

[4] An early Open Market document cited by Newegg mentions the CompuServe Mall, but Newegg has not established the source of this reference. In any case, it was not the Open Market inventors. (SGI ¶ 28.)

[5] The reference to the Payne deposition testimony about the selection of Sybase as Open Market's database program

*Labs., Inc.*, 224 F.3d 1320, 1325 (Fed. Cir. 2000) ("Because patentability is assessed from the perspective of the hypothetical person of ordinary skill in the art, information regarding the subjective motivations of inventors is not material.")

Finally, Newegg's arguments about what was "within the grasp" of persons of ordinary skill is supported only by what was known to the inventors. This is not a proper analysis (*see supra* § III.A.1), as the touchstone is not the inventors' knowledge, but the skill of the ordinary artisan (a distinction ignored by Newegg, *see id.*).

### (b) *Muniauction* Is Distinguishable

In *Muniauction*, the Federal Circuit, after citing *Graham* and performing a *Graham* analysis, concluded that the district court should have held the patent in suit invalid under 35 U.S.C. § 103. 532 F.3d at 1324-28. The question, as posed by the Federal Circuit, was whether it would have been obvious to modify a prior art bidding system by adding a web browser. *Id.* at 1325.

Newegg's reliance on *Muniauction* is misplaced. First, in performing its *Graham* analysis, the Federal Circuit recognized that the only difference between the prior art bidding process and the patented bidding method was the browser. *Id.* This is acknowledged in Newegg's brief in discussing *Muniauction*. (Br. at 2, 20.) Here, Newegg has provided no *Graham* analysis for this Court to use as a jumping off point. Second, there is no admissible evidence of how the CompuServe Mall operated at the critical time period. In a similar case involving CompuServe prior art, this was fatal to the defense. *See Civix*, 387 F. Supp. 2d at 895-98. In *Civix*, after considering the prior art (which included two of the same CompuServe user manuals offered here by Newegg), the court concluded that absent expert testimony the defendant had failed to point to any evidence that "a single system, publicly known or used prior

---

(Br. at 17) is likewise immaterial, and does not support Newegg's assertions about common sense business standards.

NYI-4221745v2  10

to the critical date, in fact incorporated each and every limitation." *Id.* at 876, 895-96. Finally, *Muniauction* concerned a 1998 invention; its rationale for obviousness is not applicable to ecommerce inventions made in 1994, when commercial activity on the Internet was just getting started. 532 F.3d at 1325-26. Neither *KSR* nor *Muniauction* supports Newegg's request for entry of summary judgment of invalidity based on the sparse facts presented in its motion.

### B. Newegg Has Not Met Its Burden of Showing Anticipation by the Prior Art

The standard for proving that patent claims are anticipated by the prior art under 35 U.S.C. § 102 is higher than for proving obviousness: "[i]nvalidation on this ground requires that every element and limitation of the claim was previously described in a *single* prior art reference, either expressly or inherently, so as to place a person of ordinary skill in possession of the invention." *Sanofi-Synthelabo*, 550 F.3d at 1082-83 (observing that the anticipating reference must also be enabling to a person of ordinary skill) (emphasis added); *see also Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983) (observing since "'anticipation is the epitome of obviousness,'" "the need to determine obviousness presumes anticipation is lacking"). Proof of anticipation must also meet the clear and convincing standard. *Schumer*, 308 F.3d at 1315. Newegg cannot prove obviousness because, among other reasons, its CompuServe references are not competent evidence and do not disclose each patent claim element. Examples include the product identifier, buyer computer, shopping cart, shopping cart database, and shopping cart message. *See supra* § III.A.3. *Ipso facto*, it cannot show anticipation. *See, e.g.*, *Civix*, 387 F. Supp. 2d. at 895-98 (denying summary judgment for anticipation and obviousness in the absence of clear and convincing evidence that the prior art references disclosed every element of the patent claims).

## IV. CONCLUSION

Newegg has failed to show that there are no disputed issues of material fact. Newegg's Motion for Partial Summary Judgment of Invalidity of the "Shopping Cart Claims" in U.S. Patents No. 5,715,314 and No. 5,909,492 should be denied.

Dated: October 13, 2009

Respectfully submitted,

/s/ Thomas L. Giannetti (with permission)
Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email: kradamo@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100

Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email: tlgiannetti@jonesday.com
Ognian V. Shentov
NY Attorney Reg. No. 2867737
Email: ovshentov@jonesday.com
Barry R. Satine
NY Attorney Reg. No. 1450220
Email: barryrsatine@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone: 212-326-3939
Facsimile: 212-755-7306

Jennifer Seraphine
CA Attorney Reg. No. 245463
Email: jseraphine@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on October 13, 2009, a true and correct copy of the foregoing document and accompanying documents, including exhibits and the Statement of Genuine Issues, have been served on all counsel of record via the court's ECF system.

/s/ Thomas L. Giannetti
Thomas L. Giannetti

NYI-4221745v2