IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC<br><br>       Plaintiff,<br><br>  vs.<br><br>CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX INC., ZAPPOS.COM, INC., TIGER DIRECT, INC., THE SPORTSMAN'S GUIDE, INC., and REDCATS USA LP<br><br>       Defendants. | CIVIL ACTION NO. 6:07-CV-511<br><br>Hon. Leonard E. Davis |

### PLAINTIFF SOVERAIN'S STATEMENT OF GENUINE ISSUES

Pursuant to Local Rule CV-56, the Plaintiff hereby provides its response to the corresponding numbered paragraphs of Defendant Newegg's Statement of Undisputed Material Facts.

1. Not disputed.

2. Not disputed.

3. Not disputed that the United States Patent Office issued "Examination Guidelines for Determining Obviousness under 35 U.S.C. § 103 in view of the Supreme Court Decision in *KSR International Co. v. Teleflex Inc.*" on October 10, 2007.  On May 3, 2007, the USPTO issued interim guidelines for determining obviousness under 35 U.S.C. § 103 in view of KSR.

4. Not disputed that Open Market was the initial assignee of the '314 and '492 patents.  Not disputed that Soverain is the current assignee of the '314 and '492 patents.  Disputed that the '314 and '492 patents were assigned via "intermediate assignments" to Soverain.

5. Not disputed that the '314 patent contains claims 34 and 39.  Disputed that any claims are "exemplary."  Each claim defines a separate invention.  35 U.S.C. § 282.

6. Not disputed that the identified claims refer to a "shopping cart."  Disputed that the Court's Claim Construction Order construes a "shopping cart" as something that "accumulates the

customer's selections until the time of checkout." According to the Court's Claim Construction Order, a shopping cart is construed as "a stored representation of a collection of products." (Ex. 3 at 2.)

7. Not disputed.

8. Not disputed.

9. Not disputed that Dr. Gifford filed a patent application on December 16, 1993, the continuation of which application issued as U.S. Patent No. 5,724,424. Disputed that U.S. Patent No. 5,724,424 was "directed to a system for advertising and sale of goods over the Internet." The 5,724,424 patent was for "[a] complete system for the purchasing of goods or information over a computer network." (Ex. 13 at 1.)

10. Not disputed.

11. Not disputed.

12. Not disputed.

13. Not disputed.

14. Disputed that the cited exhibits (Exs. 16 and 17) establish that "Open Market was formed to take advantage of the rush to electronic commerce made available by Internet access" Disputed that the cited exhibits establish that the Mosaic browser was introduced by the National Center for Supercomputing Applications (NCSA) in late 1993. Not disputed that the inventors and Dr. Gifford discussed a complete ecommerce system that would enable sales over the Internet. (Ex. 17 at 23:1-24:18.)

15. Disputed that the cited exhibits (Exs. 6, 7, and 8) are admissible evidence and that the cited exhibits establish that "CompuServe already supported electronic commerce over dial-up networks." Disputed that Mr. Treese received the document attached as Exhibit 17A. Disputed that Messrs. Payne and Treese and Dr. Stewart[1] had any awareness of CompuServe and/or the CompuServe Mall beyond their existence. (Ex. 17 at 30:6-23; Ex. 19 at 19:18-20, 20:1-6; Ex. A at 33:18-34:7.)

16. Disputed that the cited exhibit (Ex. 8) is admissible evidence and that the cited exhibit establishes "dial-up networks are networks accessible by telephone modem that connect to long distance lines terminating at the server or connected to the server via carrier networks like Tymnet or Telenet, and that CompuServe could be accessed via these dial-up connections."

17. Disputed that the cited exhibit (Ex. 10) is admissible evidence and that the cited exhibit establishes "the Internet is a network accessible by telephone modem that connects to an Internet

---

[1] Excerpts from Dr. Stewart's deposition, dated August 4, 2009, relevant to this Opposition are submitted herewith as Exhibit A. Soverain has underlined the most pertinent portions.

Service Provider (ISP) which, in turn, is connected to a network of computers that is interconnected to pass messages between clients and web servers." Not disputed that Exhibit 11 provides March 25, 1994, as the publication date of Exhibit 10.

18. Not disputed that the Internet had been operative prior to 1992.  Not disputed that the remaining statements in this item accurately reflect the description of the World Wide Web provided by two of the inventors in their 2003 book (Ex. 12).

19. Disputed that the cited exhibit (Ex. 10) is admissible evidence and that the cited exhibits (Exs. 10, 14) establish that "the first browser with a graphical interface was the Mosaic browser released in 1993 by the NCSA."  Disputed that Dr. Shamos's deposition testimony is accurately characterized.  (Ex. 15.)

20. Disputed that the cited exhibits (Exs. 12, 17, and 19) establish that the first browser to support cookies was Netscape Navigator or that cookies were not available in 1994.  Not disputed that Dr. Stewart testified at his deposition "I was not aware of the availability of cookies in 1994."  (Ex. 17 at 108:20-24.)  Not disputed that the quoted text appears in Exhibit 12.

21. Disputed.  Newegg cites no record evidence in support of these assertions.

22. Disputed that the cited exhibits (Exs. 6, 7, and 8) are admissible evidence and that the cited exhibits establish that the CompuServe Mall "allowed multiple merchants to sell their wares to CompuServe's dial-up users" or that "CompuServe users could move electronically from merchant to merchant selecting products for purchase and then check out (make arrangement for payment and shipping)."

23. Disputed that the cited exhibit (Ex. 7 [erroneously identified as Ex. 6 in Newegg's Statement of Undisputed Material Facts]) is admissible evidence and that the cited exhibit establishes that the CompuServe system operated under the Windows DOS Operating System.

24. Disputed that the cited exhibit (Ex. 6 [erroneously identified as Ex. 7 in Newegg's Statement of Undisputed Material Facts]) is admissible evidence and that the cited exhibit establishes that the "Electronic Mall" feature of CompuServe operated under the Windows operating system.

25. Disputed that the cited exhibit (Ex. 8) is admissible evidence and that the cited exhibit establishes that the CompuServe's Electronic Mall operated under the Windows Operating System (WinCIM).  Not disputed that Exhibit 9 provides March 30, 1994, as the publication date of Exhibit 8.  Disputed that the WinCIM program did use a terminal emulation program when the user accessed the CompuServe Mall.[2]  (Ex. B at 135:8-138:12.)

26. Disputed that the cited exhibits (Ex. 6, 7, and 8) are admissible evidence and that the cited exhibits establish that CompuServe Mall customers could select more that one product prior to checkout or that "a system was inherently needed to keep track of multiple product selections

---

[2] Excerpts from the Tittel deposition, dated September 2, 2009, relevant to this Opposition are submitted herewith as Exhibit B.  Soverain has underlined the most pertinent portions.

prior to checkout." Not disputed the quoted text appears in Exhibit 8, but disputed that the meaning of the text is accurately characterized.

27. Not disputed that the Open Marketplace allowed merchants to sell products over the Internet. Not disputed that the Open Market engineering team was being assembled in May 1994. Disputed that Newegg has accurately characterized the Open Marketplace service as "checkout handled by Open Market."

28. Not disputed that Exhibit 17A mentions the CompuServe Mall.  Not disputed that the cited exhibit is an email from Dr. Stewart with his notes of a meeting on May 5, 1994, at EDS.  Not disputed that the cited exhibit lists Dr. Stewart and Messrs. Ghosh and Payne as present. Disputed that any inventor awareness of the existence of the CompuServe Mall influenced that planning of Open Market's products or services.  Not disputed that Mr. Payne was aware that CompuServe was a proprietary system, and had access to limited to members, and the system was not Internet-based.  (Ex. 17 at 30:6-23.)  Disputed that Mr. Payne ever used CompuServe. (*Id.*)  Disputed that Mr. Treese ever used CompuServe.  (Ex. 19 at 19:18-20, 20:1-6.)  Disputed that Dr. Stewart ever used CompuServe.  (Ex. A at 33:18-34:7.)

29. Disputed.  Newegg cites no record evidence in support of these assertions.

30. Disputed that the cited exhibits (Ex. 17 and 19) establish there were only two ways of implementing a shopping cart in 1994.  Disputed that Newegg has accurately characterized Dr. Stewart's and Mr. Treese's deposition testimony in the cited exhibits.

31. Disputed that Newegg has accurately characterized the content of the cited exhibits ('314 and '492 patents).  Not disputed that the '314 and '492 patents describe a preferred embodiment that "is based upon the hypertext conventions of the World Wide Web" and include appendices related the Web.  ('314 patent at col. 10:9-20; '492 patent at col. 10:9-20.)  Not disputed that some claims of the '314 and '492 patents include "shopping cart messages."  (See, e.g., '314 patent at col. 14:7-8; '492 patent at col. 14:7-8.)

32. Disputed that the cited exhibit (Ex. 19) establishes that "[w]eb browsers and web servers were developed and made freely available by NCSA in late 1993 and early 1994" or that the web browsers and web servers were "fully capable of sending, receiving, and assembling shopping cart messages."  Not disputed that Mr. Treese testified at his deposition that Open Market used the NCSA Mosaic Web browser and NCSA Web Server.  (Ex. 19 at 15:2-5, 17:4-7)

33. Disputed that the cited exhibit (Ex. 14) establishes "the choice of where and how to assemble the shopping cart messages in a database was compelled by common sense business standards for electronic commerce transactions."  The cited exhibit is Mr. Payne's deposition testimony regarding Open Market's use of the Sybase database program.  (Ex. 14 at 72:5-15.)

34. Disputed that the Court's Claim Construction Order in this case has construed database as "database is any large collection of structured data stored in a computer system. Database management systems (DBMS) are software packages for managing databases - particularly for storing, manipulating, and retrieving data on a computer system."  Disputed that the cited exhibit

(Ex. 20) is admissible evidence and that the cited exhibit establishes the definition of database. According to the Court's Claim Construction Order, database is construed as "a collection of logically related data stored together in one or more computerized fiels."  (Ex. 3 at 2.)

35. Not disputed that Open Market purchased a license to use the Sybase database program. Disputed that the cited exhibits (Exs. 14 and 19) establish Open Market's use of Sybase as "to store the customer product selection records and to hold them until checkout and to process them at the time of checkout."  Disputed that Newegg accurately characterizes the cited deposition testimony of Messrs. Treese and Payne.  (Exs. 14 and 19.)

36. Not disputed.

37. Not disputed that Open Market released its Open Marketplace service on the Internet in October 1994.

38. Disputed that the cited exhibits (Exs. 14 and 19) establish that "[r]esponding to a design need and market pressure, Open Market employees simply considered the limited number of technical options for implementing shopping carts, chose server-side shopping carts, and implemented them in Sybase, a commercially available database."  The cited exhibits are Mr. Payne's and Mr. Treese's deposition testimony regarding Open Market's choice of the Sybase database program. (Ex. 14 at 71:7-12, 72:5-15; Ex. 19 at 23:5-16.)  Not disputed that the Open Market products experienced commercial success in the marketplace.
   a) The *Wall Street Journal* published an article about Open Market technology.[3] (Ex. C.)
   b) *The New York Times* published an article about Open Market technology.[4] (Ex. D.)
   c) Open Market's OM-Transact product received Networld+Interop's Intranet Excellence Award for Electronic Commerce Tools in 1997.[5]  (Ex. E.)
   d) Edward Tittel praised the Open Market systems in his book, *Building Web Commerce Sites*.[6]  (Ex. F at 79, 157.)  At his deposition, Tittel described the Open Market products as the "Cadillac" of ecommerce products.  (Ex. B at 196:17-199:22.)

39. Not disputed that the named inventors, Dr. Stewart and Messrs. Payne and Treese, had programming experience as a result of their prior education and employment experience. Disputed that the cited exhibits (Exs. 14, 17, and 18) establish that "[t]his activity was well within the skill of those of minimal to ordinary skill in the computer arts."  Disputed that the cited exhibits establish that "the claims do not set forth programming requiring any particular expertise."

---

[3] Article by Jon G. Auerbach, *Open Market Inc. Says It Will Receive Patents for Internet-Commerce Software*, Wall Street J., Mar. 3, 1998, at A1, submitted herewith as Exhibit C.

[4] Article by Glenn Rifkin, *Open Market Hopes It'll Be Next Netscape: Web Software Maker Fast in Transactions*, N.Y. Times, Mar. 4, 1996, submitted herewith as Exhibit D.

[5] Open Market, Inc. Corporate Overview, produced as SOV0088448-51, is submitted herewith as Exhibit E.  Soverain has underlined the most pertinent portions.

[6] Excerpts from Ed Tittel et al., Building Web Commerce Sites, (IDG Books Worldwide, Inc. 1997), relevant to this Opposition are submitted herewith as Exhibit F.  Soverain has underlined the most pertinent portions.

40. Additional facts that create genuine issues of dispute are contained in the Expert Rebuttal Report of Dr. Michael I. Shamos and its accompanying exhibits.  Portions of Dr. Shamos's Expert Rebuttal Report relevant to this Opposition are submitted herewith as Exhibit G.  Portions of Exhibit 3 submitted with Dr. Shamos's Expert Rebuttal Report relevant to this Opposition are submitted herewith as Exhibit H.  Soverain has underlined the most pertinent portions of Exhibits G and H.

Dated: October 13, 2009                                     Respectfully submitted,


                                                            /s/ Thomas L. Giannetti (with permission)
                                                            Kenneth R. Adamo
                                                            State Bar No. 00846960
                                                            Lead Attorney
                                                            Email:  kradamo@jonesday.com
                                                            JONES DAY
                                                            2727 North Harwood Street
                                                            Dallas, Texas 75201-1515
                                                            Telephone:  214-220-3939
                                                            Facsimile:  214-969-5100

                                                            Thomas L. Giannetti
                                                            NY Attorney Reg. No. 1632819
                                                            Email:  tlgiannetti@jonesday.com
                                                            Ognian V. Shentov
                                                            NY Attorney Reg.  No. 2867737
                                                            Email:  ovshentov@jonesday.com
                                                            Barry R. Satine
                                                            NY Attorney Reg. No. 1450220
                                                            Email:  barryrsatine@jonesday.com
                                                            JONES DAY
                                                            222 East 41st Street
                                                            New York, New York 10017-6702
                                                            Telephone:  212-326-3939
                                                            Facsimile:  212-755-7306

                                                            Jennifer Seraphine
                                                            CA Attorney Reg. No. 245463
                                                            Email:  jseraphine@jonesday.com
                                                            JONES DAY
                                                            555 California Street, 26th Floor
                                                            San Francisco, CA 94104

                                                            ATTORNEYS FOR PLAINTIFF