# Exhibit H

| | A | G | J | K |
|---|---|---|---|---|
| 1 | EXHIBIT 3 | | | |
| 2 | REBUTTAL TO INVALIDITY ASSERTIONS IN THE TITTEL REPORT AND THE CONTENTIONS | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | CLAIM | | Contentions re CompuServe | Shamos Rebuttal to CompuServe |
| 6 | | | | |
| 7 | '314 Patent | | | |
| 7 | 34. A network-based sales system, comprising: | | Anticipated by CompuServe, see, e.g., Bowen and Peyton, "How to Get the Most Out of CompuServe, 4th Ed." (Bantam Books, 1989); Ellsworth and Ellsworth, "Using CompuServe" (Que Corporation, March, 1994) and Campbell, "CompuServe CIM Running Start" (Sybex, 1993). | This claim is not anticipated by CompuServe. In any event, it is not proper to combine references in an anticipation argument. See the main body of this report.<br><br>In particular, numerous elements of the claim are missing from the reference. |
| 8 | at least one buyer computer for operation by a user desiring to buy products; | | "Turn on your computer and run your communications program." (Bowen and Peyton, page 16.)<br><br>"WinCIM (another name for CompuServe Information Manager for Windows) is very sophisticated communications software custom designed for working with the CompuServe Information Service. WinCIM operates as a Windows application with the customary Windows appearance and operating methods." (Ellsworth, page 19.) | The fact that a buyer might have used a computer does not make it a "buyer computer" within the meaning of the claims.<br><br>In fact, the quotation, "Turn on your computer and run your communications program" demonstrates that the computer was used only as a dumb terminal and not as a computer at all as construed by the Court. |
| 9 | at least one shopping cart computer; and | | "Today CompuServe, Inc., still headquartered in Columbus, has broadened its scope from the days when it was recognized as a 'timesharing' company .... It employs more than 900 people, and its computer center houses some 40 Digital Equipment Corporation minicomputers." (Bowen and Payton, page 4.) | The fact that CompuServe, Inc. was headquartered in Columbus, Ohio, a very nice town where my wife attended high school, does not establish in any way that its computers were shopping cart computers. |
| 10 | | | | |

1

| | A | G | J | K |
|---|---|---|---|---|
| 11 | a shopping cart database connected to said shopping cart computer; | | A shopping cart database is inherent as there is no other logical way to store customer's selections along with an identification of the customer.<br><br>"A database is any large collection of structured data stored in a computer system." Batini et infra. | The conclusion that a "shopping cart database" is inherent is incorrect. The reference discloses no shopping cart database, and there are several ways to accomplish online shopping as conducted by CompuServe without one. For example, during an online session on one of CompuServe's 40 computers and only written to disk after an order was actually placed, if at all.  This would not teach or suggest a shopping cart database.<br><br>Another possible implementation would be to maintain the list of items to be purchased in the terminal buffer (or buffer of the terminal emulation program) and send it to CompuServe only when an order was placed, making it unnecessary for CompuServe to ever store the selected products in a database.  There is nothing in the reference to suggest that either of these was not in fact the mechanism used.<br><br>The Contentions do not apply the Court's construction of "database" |
| 12 | | | The Order command functions the same way for each store, but merchants may vary in payment and delivery options .... When you find a product that you want to buy, press O for order. Your order will be stored in a personal holding file until you leave that merchant's store." (Ellsworth, page 376). | There is no disclosure in Ellsworth where this personal holding file might be kept.  It could be on the user's PC or at a computer of the merchant.  For example, "You can check the status of your order by contacting the mall merchant from whom you ordered the product(s). Many merchants include direct feedback sections, addresses, and telephone numbers in their on-line stores. In the case of a problem or dispute, contact the mall merchant." (Ellsworth, p. 376.) In any event, Ellsworth is not prior art as to the '314 Patent. |
| 13 | | | "Press R to continue browsing the store in which you just placed the order. You can place as many orders in the store as you want. When you are finished shopping in that store, type checkout. An electronic order form appears." (Ellsworth, page 376) | |
| 14 | said buyer computer and said shopping cart computer being interconnected by a computer network; | | "Currently, CompuServe can be accessed with a local telephone call in more than 500 cities, meaning that about 85 percent of the U.S. population can log on directly. Hundreds more can reach the service through carrier networks like Tymnet, Telenet, DataPac, and others." (Bowen and Peyton, page 4.)<br><br>"In some cities, however, there is no local access number. Does this mean you're out of luck and will be forced to pay for long distance? Not necessarily. You may be able to find a supplemental network for that city-such as SprintNet, Telenet, or Tymnet-so you can connect with savings over long distance charges. You may also want to find out how to gain access to a PDN-Public Data Network." (Ellsworth, Appendix C.) | There is no doubt that CompuServe could be accessed via telephone lines. However, since CompuServe has not been shown to have operated any shopping cart computers, this limitation is not met by CompuServe. |

2

| | A | G | J | K |
|---|---|---|---|---|
| 15 | said buyer computer being programmed to receive a plurality of requests from a user to add a plurality of respective products to a shopping cart in said shopping cart database, and, in response to said requests to add said products to said shopping cart, to send a plurality of respective shopping cart messages to said shopping cart computer each of which comprises a product identifier identifying one of said plurality of products; | | "A database is any large collection of structured data stored in a computer system." Batini et al., infra.<br><br>"If you want to order a product you have read about, simply enter O (that is, capital 'o', not a zero), and the system notes it" (Bowen and Peyton, p. 321)<br><br>"You browse through a single store's database, ordering as many things as you like with the O command." (Bowen and Peyton, p. 321) | The computer of the buyer was not capable of being programmed. It functioned only as a dumb terminal. Therefore this limitation is not met.<br><br>There is no demonstration that any "shopping cart messages" meeting this limitation were sent in CompuServe. Whatever message might have been sent, there is no demonstration that it included a product identifier. There is also no shopping cart computer. There is also no demonstration that any product identifier is sent from the buyer's dumb terminal.<br><br>The Contentions do not apply the Court's construction of "database." |
| 16 | | | "Press R to continue browsing the store in which you just placed the order. You can place as many orders in that store as you want. When you are finished shopping in that store, type checkout. An electronic order form appears." (Ellsworth, page 376.)<br><br>Inherently, with each "O command" the terminal communication program sent a message to the CompuServe computers to add an item to a shopping cart. | The inherency argument is factually erroneous, as explained in the main body of this report. |
| 17 | said shopping cart computer being programmed to receive said plurality of shopping cart messages, to modify said shopping cart in said shopping cart database to reflect said plurality of requests to add said plurality of products to said shopping cart, and to cause a payment message associated with said shopping cart to be created; and | | "You browse through a single store's database, ordering as many things as you like with the O command." [Emphasis added.] (Bowen and Peyton, page 321)<br><br>"There are stopping places all along the way to make corrections to the ordering information and even to cancel the entire order. In other words, the O command isn't a formal commitment, so a slip of the finger won't get you in trouble." (Bowen and Peyton, page 321.) | No shopping cart computer is disclosed in the reference.<br><br>No shopping cart database is disclosed in the reference.<br><br>No shopping cart messages are disclosed in the reference.<br><br>No product identifiers as claimed are disclosed in the reference.<br><br>No product identifiers as required by the Court's construction are disclosed in the reference.<br><br>No payment message associated with a shopping cart is disclosed in the reference. |
| 18 | | | "Press R to continue browsing the store in which you just placed the order. You can place as many orders in that store as you want. When you are finished shopping in that store, type checkout. An electronic order form appears." (Ellsworth, page 376.) | |

3

| | A | G | J | K |
|---|---|---|---|---|
| 19 | said buyer computer being programmed to receive a request from said user to purchase said plurality of products added to said cart and to cause said payment message to be activated to initiate a payment transaction for said plurality of products added to said shopping cart; | | "As you exit the store, you are taken to an order area (the electronic version of the checkout clerk with a cash register) where you are asked for information such as name, address, phone number, and your method of payment (which often is a credit card number but can vary depending on the merchant with which you are dealing)." (Bowen and Peyton, page 321.)<br><br>"During the order completion process, you are asked to specify your name, address, phone number, payment method, and delivery method. Next, you see an order summary; you have the option of changing any of your order at this point. You can cancel the order at any time by typing exit at any prompt on the order form." (Ellsworth, page 376.) | No buyer computer as claimed is disclosed in the reference.<br><br>No shopping cart is disclosed in the reference.<br><br>No payment message as that is activated to initiate a payment transaction is identified as being disclosed in the reference. |
| 20 | | | The activation of the "payment message" in this instance is simply whatever message is sent to CompuServe computers from the buyer computer when the customer exits the store.<br><br>The "payment message" is the "order area" where the customer is asked for information including "method of payment" including "method of payment." | Even if the statement to the left were correct, the "payment message" of the claim must be associated with the shopping cart, and there is no disclosure of any such association in the reference. Further, activation of the alleged payment message does not initiate a payment transaction.<br><br>An "order area" is not a message. |
| 21 | said shopping cart being a stored representation of a collection of products, said shopping cart database being a database of stored representations of collections of products, and said shopping cart computer being a computer that modifies said stored representations of collections of products in said database. | | Whatever computer at the CompuServe computer center stores the customer's selections must inherently include a shopping cart database which, in turn, must store representations of some sort (a product number, for example).<br><br>"A database is any large collection of structured data stored in a computer system." structured data stored in a computer system." Batini et al., infra. | No shopping cart is disclosed in the reference.<br><br>No shopping cart computer is disclosed in the reference.<br><br>No shopping cart database is disclosed in the reference.<br><br>The Contentions do not apply the Court's construction of "database." |
| 22 | 35. A network -based sales system in accordance with claim 34, wherein said shopping cart computer is programmed to cause said payment message to be created before said buyer computer causes said payment message to be activated. | | | [NEITHER THE TITTLE REPORT NOR THE CONTENTIONS ADDRESS CLAIM 35 IN DETAIL WITH RESPECT TO COMPUSERVE, BUT THE CONTENTIONS ASSERT WITHOUT DEMONSTRATION THAT COMPUSERVE RENDERS IT OBVIOUS. HOWEVER, NO REFERENCE IS CITED FOR ANY OBVIOUSNESS COMBINATION.]<br><br>Nevertheless, no payment message associated with a shopping cart is disclosed in the reference, and there is no disclosure of when any message all is created.<br><br>The parent claim has not been shown to be invalid. |

4

| | A | G | J | K |
|---|---|---|---|---|
| 23 | 36. A network-based sales system in accordance with claim 34, wherein said buyer computer is programmed to receive a request from said user to display said plurality of products added to said shopping cart. | | Anticipated in view of CompuServe: "During the order completion process, you are asked to specify your name, address, phone number, payment method, and delivery method. Next, you see an order summary, you have the option of changing any of your order at this point. You can cancel the order at any time by typing exit at any prompt on the order form." (Ellsworth, page 376)<br><br>Finishing the order completion process sends the request to display the order summary. | Parent claim 34 has not been shown to be invalid, so neither has claim 36. |
| 24 | 49. A network-based sales system in accordance with claim 34, wherein the buyer computer activates the payment message by transmitting a message to the shopping cart computer that causes the payment message to be activated. | | Anticipated in view of CompuServe: "As you exit the store, you are taken to an order area (the electronic version of the check-out clerk with a cash register) where you are asked for information such as name, address, phone number, and your method of payment (which often is a credit card number but can vary depending on the merchant with which you are dealing)." (Bowen and Peyton, page 321.)<br><br>"During the order completion process, you are asked to specify your name, address, phone number, payment method, and delivery method. Next, you see an order summary, you have the option of changing any of your order at this point. You can cancel the order at any time by typing exit at any prompt on the order form." (Ellsworth, page 376.) | The parent claim has not been shown to be invalid.<br><br>No payment message associated with a shopping cart is disclosed in the reference.<br><br>No shopping cart computer is disclosed in the reference. |
| 25 | | | The activation of the "payment message" in this instance is simply whatever message is sent to CompuServe computers from the buyer computer when the customer exits the store.<br><br>The "payment message" is "order area" where the customer is asked for information including "method of payment." | |
| 26 | 50. A network-based sales system in accordance with claim 34, wherein the network is a public packet switched network. | | "Currently, CompuServe can be accessed with a local telephone call in more than 500 cities, meaning that about 85 percent of the U.S. population can log on directly. Hundreds more can reach the service through carrier networks like Tymnet, Telenet, DataPac, and others." (Bowen and Peyton, page 4.)<br><br>"In some cities, however, there is no local access number. Does this mean you're out of luck and will be forced to pay for long distance? Not necessarily. You may be able to find a supplemental network for that city-such as SprintNet, Telenet, or Tymnet-so you can connect with savings over long distance charges. You may also want to find out how to gain access to a PDN-Public Data Network." (Ellsworth, Appendix C.) | The parent claim has not been shown to be invalid. |

5

| | A | G | J | K |
|---|---|---|---|---|
| 27 | 51. A network-based sales system in accordance with claim 34, wherein the network is an internet. | | Obvious in view of CompuServe and the World Wide Web (See, NCSA Mosaic (Forms) and NCSA HTTPd (CGI and Authentication) 1993) as disclosed in Gifford U.S. Patent No. 5,724,424 or "Using Mosaic" (Que Corporation, October, 1994) or "Navigating the Internet" (Sams, April, 1994). | The parent claim has not been shown to be invalid.<br><br>No obviousness argument has been given nor any reason to combine this collection of references. |
| 28 | | | | |
| 29 | 60. A network-based sales system in accordance with claim 34, wherein at least one of the requests comprises a shopping cart URL. | | Obvious in view of CompuServe and the World Wide Web (See, NCSA Mosaic (Forms) and NCSA HTTPd (CGI and Authentication) 1993) as disclosed in Gifford U.S. Patent No. 5,724,424 or "Using Mosaic" (Que Corporation, October, 1994) or "Navigating the Internet" (Sams, April, 1994).<br><br>Inherently, every request from a browser to a server includes a URL. | The parent claim has not been shown to be invalid.<br><br>No obviousness argument has been given nor any reason to combine this collection of references.<br><br>No shopping cart URL is disclosed in the references.<br><br>While every Internet request from a browser to a server may include a URL, no shopping cart URL is disclosed. |

6

| | A | G | J | K |
|---|---|---|---|---|
| 30 | 61. A network-based sales system in accordance with claim 60, wherein the shopping cart URL comprises a domain identifier. | | Obvious in view of CompuServe and the World Wide Web (See, NCSA Mosaic (Forms) and NCSA HTTPd (CGI and Authentication) 1993) as disclosed in Gifford U.S. Patent No. 5,724,424 or "Using Mosaic" (Que Corporation, October, 1994) or "Navigating the Internet" (Sams, April, 1994).<br><br>Every URL inherently includes a domain name. | The parent claim has not been shown to be invalid.<br><br>No obviousness argument has been given nor any reason to combine this collection of references.<br><br>No shopping cart URL is disclosed in the reference.<br><br>It is not factually correct that "every URL inherently includes a domain name." Relative URLs do not. |
| 31 | 62. A network -based sales system in accordance with claim 60, wherein the shopping cart URL comprises a merchant identifier. | | Obvious in view of CompuServe and the World Wide Web (See, NCSA Mosaic (Forms) and NCSA HTTPd (CGI and Authentication) 1993) as disclosed in Gifford U.S. Patent No. 5,724,424 or "Using Mosaic" (Que Corporation, October, 1994) or "Navigating the Internet" (Sams, April, 1994).<br><br>Every URL inherently includes a merchant (domain) name. | The parent claim has not been shown to be invalid.<br><br>No obviousness argument has been given nor any reason to combine this collection of references.<br><br>No shopping cart URL is disclosed in the reference.<br><br>It is not factually correct that "every URL inherently includes a merchant (domain) name." Relative URLs do not. |
| 32 | | | | |

7

| | A | G | J | K |
|---|---|---|---|---|
| 33 | 74. A network-based sales system in accordance with claim 34, wherein the buyer computer activates the payment message by transmitting a message to the shopping cart computer that causes the payment message to be activated; | | Anticipated by CompuServe. | The parent claim has not been shown to be invalid. No buyer computer is disclosed in the reference. No payment message associated with a shopping cart is disclosed in the reference. No shopping cart computer is disclosed in the reference. No message causing any payment message to be activated to initiate a payment transaction is disclosed in the reference. |
| 34 | wherein the shopping cart computer transmits a payment confirmation document to the buyer computer. | | "After you indicate that your order is correct and complete, you automatically receive a confirmation number. Use this number if you need to inquire about the order." (Ellsworth, page 376). | No connection between payment and the confirmation number is identified in the Contentions. There is no showing that the confirmation number is a payment confirmation rather than simply an order acknowledgement. |
| 35 | 84. A network-based sales system in accordance with claim 34, wherein the shopping cart computer in response to the plurality of shopping cart messages, causes an account name and password request message to be transmitted to the buyer computer. | | Anticipated by CompuServe: Credit Card payment was permitted. The name and credit card number are equivalent to an account name and password. (Bowen and Peyton, page 321 and Ellsworth, page 377) | The parent claim has not been shown to be invalid. No shopping cart computer is disclosed in the reference. No shopping cart message associated with a shopping cart is disclosed in the reference. No buyer computer is disclosed in the reference. I do not agree that a name and credit card are equivalent to an account name and password.  The Contentions do not demonstrate that CompuServe requests an account name or password in response to a plurality of shopping cart messages.   If CompuServe had an account name and password, these were used to logon to the CompuServe service. |

8

| | A | G | J | K |
|---|---|---|---|---|
| 36 | 39. A method of operating a shopping cart computer in a computer network comprising at least one buyer computer for operation by a user desiring to buy products, at least one shopping cart computer, and a shopping cart database connected to said shopping cart computer, said method comprising the steps of: | | Anticipated in view of CompuServe: "Currently, CompuServe can be accessed with a local telephone call in more than 500 cities, meaning that about 85 percent of the U.S. population can log on directly. Hundreds more can reach the service through carrier networks like Tymnet, Telenet, DataPac, and others." (Bowen and Peyton, page 4.) | There is no concept of "anticipated in view of." The claim is either anticipated by CompuServe or it is not. (It is not.)<br><br>It is not proper to combine references in an anticipation argument. See the main body of this report.<br><br>Numerous steps are missing from the reference. |
| 37 | | | "In some cities, however, there is no local access number. Does this mean you're out of luck and will be forced to pay for long distance? Not necessarily. You may be able to find a supplemental network for that city-such as SprintNet, Telenet, or Tymnet-so you can connect with savings over long distance charges. You may also want to find out how to gain access to a PDN-Public Data Network." (Ellsworth, Appendix C.)<br><br>"Today CompuServe, Inc., still headquartered in Columbus, has broadened its scope from the days when it was recognized as a 'timesharing' company ... it employs more than 900 people, and its computer center houses some 40 Digital Equipment Corporation minicomputers." (Bowen and Payton, page 4.) | No buyer computer is disclosed in the reference.<br><br>No shopping cart computer is disclosed in the reference.<br><br>No shopping cart database is disclosed in the reference. |
| 38 | | | | |

9

| | A | G | J | K |
|---|---|---|---|---|
| 39 | receiving, at said shopping cart computer, a plurality of shopping cart messages sent to said shopping cart computer by said buyer computer in response to receipt of a plurality of requests from a user to add a plurality of respective products to a shopping cart in said shopping cart database, each of said shopping cart messages comprising a product identifier identifying one of said plurality of products; | | "If you want to order a product you have read about, simply enter O (that is, capital 'o', not a zero), and the system notes it." (Bowen and Peyton, page 321)<br><br>"You browse through a single store's database, ordering as many things as you like with the O command." [Emphasis added.] (Bowen and Peyton, page 321.)<br><br>With each "O command" the terminal communication program sent a message to the CompuServe computers to add an item to a selection list.  The shopping cart computer receives the messages. | No shopping cart message is disclosed in the reference.<br><br>There is no demonstration that any "shopping cart messages" as claimed were sent in CompuServe.  Whatever message might have been sent, there is no demonstration that it included a product identifier or a URL.<br><br>The reference does not disclose a shopping cart computer.<br><br>The reference does not disclose that any product identifier is sent from the buyer's dumb terminal. |
| 40 | modifying said shopping cart in said shopping cart database to reflect said plurality of requests to add said plurality of products to said shopping cart, and modifying said shopping cart in said shopping cart database to reflect said plurality of requests to add said plurality of products to said shopping cart; and | | It is inherent that requests to add products could only be stored in a database on the CompuServe servers.<br><br>"A database is any large collection of structured data stored in a computer system." Batini et al, infra | The conclusion that a "shopping cart database" is inherent is incorrect.  The reference discloses no shopping cart database, and there are several ways to accomplish online shopping as conducted by CompuServe without one.  For example, during an online session the items to be purchased could be kept in random access memory on one of CompuServe's 40 computers and only written to disk after an order was actually placed, if at all.  This would not teach or suggest a shopping cart database.<br><br>Another possible implementation would be to maintain the list of items to be purchased in the terminal buffer (or buffer of the terminal emulation program) and send it to CompuServe only when an order was placed, making it unnecessary for CompuServe to ever store the selected products in a database.  There is nothing in the reference to suggest that either of these was not in fact the mechanism used.<br><br>The Contentions do not apply the Court's construction of "database" |
| 41 | | | | No shopping cart is disclosed in the reference.<br><br>No shopping cart database is disclosed in the reference.<br><br>No product identifiers are disclosed in the reference, as required by the construction.<br><br>The Contentions do not apply the Court's construction of "database" |

10

| | A | G | J | K |
|---|---|---|---|---|
| 42 | causing a payment message associated with said shopping cart to be created; | | "As you exit the store, you are taken to an order area (the electronic version of the checkout clerk with a cash register) where you are asked for information such as name, address, phone number, and your method of payment (which often is a credit card number but can vary depending on the merchant with which you are dealing)." (Bowen and Peyton, page 321.) | No payment message associated with a shopping cart as claimed is disclosed in the reference.<br><br>No shopping cart is disclosed in the reference. |
| 43 | | | "During the order completion process, you are asked to specify your name, address, phone number, payment method, and delivery method. Next, you see an order summary; you have the option of changing any of your order at this point. You can cancel the order at any time by typing exit at any prompt on the order form." (Ellsworth, page 376.) | |
| 44 | | | The activation of the "payment message" in this instance is simply whatever message is sent to CompuServe computers from the buyer computer when the customer exits the store.<br><br>The "payment message" is the "order area" where the customer is asked for information including "method of payment" | |
| 45 | said buyer computer being programmed to receive a request from said user to purchase said plurality of products added to said shopping cart and to cause said payment message to be activated to initiate a payment transaction for said plurality of products added to said shopping cart; | | "A database is any large collection of structured data stored in a computer system." Batini et al., infra. | There appears to be no relationship between the claim step and the text at the left.<br><br>Nevertheless, no buyer computer is disclosed in the reference, no shopping cart is disclosed in the reference, no payment message is disclosed in the reference, and no message causing a payment message to be activated is disclosed in the reference.<br><br>The Contentions do not apply the Court's construction of "database." |
| 46 | said shopping cart being a stored representation of a collection of products, said shopping cart database being a database of stored representations of collections of products, and said shopping cart computer being a computer that modifies said stored representations of collections of products in said database. | | Whatever computer at the CompuServe computer center stores the customer's selections must include a shopping cart database which, in turn, must store representations of some sort (a product number, for example).<br><br>"A database is any large collection of structured data stored in a computer system." Batini et al., infra. | No shopping cart is disclosed in the reference.<br><br>No shopping cart computer is disclosed in the reference.<br><br>The Contentions do not apply the Court's construction of "database" |
| 47 | 109. The method of claim 39, wherein the buyer computer activates the payment message by transmitting a message to the shopping cart computer that causes the payment message to be activated. | | As you exit the store, you are taken to an order area (the electronic version of the check-out clerk with a cash register) where you are asked for information such as name, address, phone number, and your method of payment (which often is a credit card number but can vary depending on the merchant with which you are dealing)." (Bowen and Peyton, page 321.)<br><br>"During the order completion process, you are asked to specify your name, address, phone number, payment method, and delivery method. Next, you see an order summary; you have the option of changing any of your order at this point. You can cancel the order at any time by typing exit at any prompt on the order form." (Ellsworth, page 376.) | The parent claim has not been shown to be invalid.<br><br>No buyer computer is disclosed in the reference<br><br>No payment message is disclosed in the reference<br><br>No message causing a payment message to be activated is disclosed in the reference. |

11

| | A | G | J | K |
|---|---|---|---|---|
| 48 | | | The activation of the "payment message" in this instance is simply whatever message is sent to CompuServe computers from the buyer computer when the customer exits the store.<br><br>The "payment message" is the "order area" where the customer is asked for information including "method of payment." | |
| | 110. The method of claim 39, wherein the network is a public packet switched network. | | See, claim 50. | The parent claim has not been shown to be invalid. |
| 49 | 111. The method of claim 39, wherein the network is an internet. | | Obvious in view of CompuServe and the World Wide Web (See, NCSA Mosaic (Forms) and NCSA HTTPd (CGI and Authentication, 1993) as disclosed in Gifford U.S. Patent No. 5,724,424 or "Using Mosaic" (Que Corporation, October, 1994) or "Navigating the Internet" (Sams, April, 1994). | The parent claim has not been shown to be invalid.<br><br>No obviousness argument has been given nor any reason to combine this collection of references. |
| 50 | 120. The method of claim 39, wherein at least one of the requests comprises a shopping cart URL. | | Obvious in view of CompuServe and the World Wide Web (See, NCSA Mosaic (Forms) and NCSA HTTPd (CGI and Authentication, 1993) as disclosed in Gifford U.S. Patent No. 5,724,424 or "Using Mosaic" (Que Corporation, October, 1994) or "Navigating the Internet" (Sams, April, 1994).<br><br>Inherently, every request from a browser to a server includes a URL. | The parent claim has not been shown to be invalid.<br><br>No obviousness argument has been given nor any reason to combine this collection of references.<br><br>No shopping cart URL is disclosed in the references.<br><br>While every internet request from a browser to a server may include a URL, no shopping cart URL is disclosed. |
| 51 | | | | |

12

| | A | G | J | K |
|---|---|---|---|---|
| 52 | 121. The method of claim 120, wherein the shopping cart URL comprises a domain identifier. | | Obvious in view of CompuServe and the World Wide Web (See, NCSA Mosaic (Forms) and NCSA HTTPd (CGI and Authentication, 1993) as disclosed in Gifford U.S. Patent No. 5,724,424 or "Using Mosaic" (Que Corporation, October, 1994) or "Navigating the Internet" (Sams, April, 1994).<br><br>Inherently, every request from a browser to a server includes a domain identifier. | The parent claim has not been shown to be invalid.<br><br>No obviousness argument has been given nor any reason to combine this collection of references.<br><br>No shopping cart URL is disclosed in the reference.<br><br>It is not factually correct that "every URL inherently includes a domain name." Relative URLs do not. |
| 53 | 122. The method of claim 120, wherein the shopping cart URL comprises a merchant identifier. | | Obvious in view of CompuServe and the World Wide Web (See, NCSA Mosaic (Forms) and NCSA HTTPd (CGI and Authentication, 1993) as disclosed in Gifford U.S. Patent No. 5,724,424 or "Using Mosaic" (Que Corporation, October, 1994) or "Navigating the Internet" (Sams, April, 1994).<br><br>Inherently, every request from a browser to a server includes a merchant (domain) identifier. | The parent claim has not been shown to be invalid.<br><br>No obviousness argument has been given nor any reason to combine this collection of references.<br><br>No shopping cart URL is disclosed in the reference.<br><br>It is not factually correct that "every URL inherently includes a merchant (domain) name." Relative URLs do not. |
| 54 | 134. The method of claim 39, wherein the buyer computer activates the payment message by transmitting a message to the shopping cart computer that causes the payment message to be activated; | | Anticipated by CompuServe | The parent claim has not been shown to be invalid.<br><br>No buyer computer is disclosed in the reference<br><br>No payment message is disclosed in the reference<br><br>No message causing a payment message to be activated is disclosed in the reference. |
| 55 | wherein the shopping cart computer transmits a payment confirmation document to the buyer computer. | | "After you indicate that your order is correct and complete, you automatically receive a confirmation number. Use this number if you need to inquire about the order." (Ellsworth, page 376.) | No connection between payment and the confirmation number is identified in the Contentions.  There is no showing that the confirmation number is a payment confirmation rather than simply an order acknowledgement. |

13

| | A | G | J | K |
|---|---|---|---|---|
| 56 | 144. The method of claim 39, wherein the shopping cart computer, in response to the plurality of shopping cart messages, causes an account name and password request message to be transmitted to the buyer computer. | | Anticipated by CompuServe: Credit Card payment was permitted. The name and credit card number are equivalent to an account name and password. (Bowen and Peyton, page 321 and Ellsworth, page 377.) | The parent claim has not been shown to be invalid. No shopping cart computer is disclosed in the reference. No shopping cart message associated with a shopping cart is disclosed in the reference. No buyer computer is disclosed in the reference. I do not agree that a name and credit card are equivalent to an account name and password.  The Contentions do not demonstrate that CompuServe requests an account name or password in response to a plurality of shopping cart messages. .  If CompuServe had an account name and password, these were used to logon to the CompuServe service. |
| 57 | | | | |
| 58 | **492 Patent** 15. A hypertext statement system, comprising: | | Obvious in view of CompuServe (See Bowen and Peyton, "How to Get the Most Out of CompuServe, 4th Ed." (Bantam Books, 1989), Ellsworth and Ellsworth, "Using CompuServe" (Que Corporation, March, 1994); Campbell, "CompuServe CIM Running Start," (Sybex, 1993) and the World Wide Web as disclosed in Gifford U.S. Patent No.5,724,424 or, "Using Mosaic" (Que Corporation, October, 1994) or "Navigating the Internet" (Sams, April,1994." | No indication is given why one of skill in the art would combine any of these references at the time the invention was made. Just because two references are in the same field of art (assuming they are) does not mean it is obvious to combine them. CompuServe was not a hypertext statement system.  It was based on emulation of dumb terminals. |
| 59 | a client computer for operation by a client user; and | | "Turn on your computer and run your communications program." (Bowen and Peyton, page 16.) "WinCIM (another name for CompuServe Information Manager for Windows) is very sophisticated communications software custom designed for working with the CompuServe Information Service. WinCIM operates as a Windows application with the customary Windows appearance and operating methods." (Ellsworth, page 19.) | The quotation, "Turn on your computer and run your communications program" demonstrates that the computer was used only as a dumb terminal and not as a computer at all as construed by the Court. |
| 60 | | | | |

14

| | A | G | J | K |
|---|---|---|---|---|
| 96 | 103. The method of claim 101, wherein the transaction information includes at least one of the following types of information: a merchant telephone number, a merchant address, a merchant FAX number, a merchant e-mail address, a merchant principal name, a merchant home URL, and a merchant country. | | Obvious in view of CompuServe and the World Wide Web (See, NCSA Mosaic (Forms) and NCSA HTTPd (CGI and Authentication) 1993) as disclosed in Gifford U.S. Patent No. 5,724,424 or "Using Mosaic" (Que Corporation, October, 1994) or "Navigating the Internet" (Sams, April, 1994).<br><br>This is typical information gathered for any transaction. (See Gifford '424, col. 6, ll. 19-29.) | The parent claim has not been shown to be invalid.<br><br>No obviousness argument has been given nor any reason to combine this collection of references.<br><br>No transaction detail document with transaction information as claimed is disclosed in the reference.<br><br>I do not agree that the list of information is typically gathered. |
| 97 | 108. The method of claim 16, wherein a digital advertising document is provided to the client computer. | | Obvious in view of CompuServe and the World Wide Web (See, NCSA Mosaic (Forms) and NCSA HTTPd (CGI and Authentication) 1993) as disclosed in Gifford U.S. Patent No. 5,724,424 or "Using Mosaic" (Que Corporation, October, 1994) or "Navigating the Internet" (Sams, April, 1994).<br><br>"Merchant computers on the network maintain databases of digital advertisements that are accessed by buyer computers." (Gifford '424, Abstract.) | The parent claim has not been shown to be invalid.<br><br>No obviousness argument has been given nor any reason to combine this collection of references. |
| 98 | 17. A network-based sales system, comprising: | | Anticipated by CompuServe as disclosed in Bowen and Peyton, "How to Get the Most Out of CompuServe, 4th Ed." (Bantam Books, 1989), and Ellsworth and Ellsworth, "Using CompuServe" (Que Corporation, March 1994), and Campbell, "CompuServe CIM Running Start," (Sybex, 1993) . | This claim is not anticipated by CompuServe. In any event, it is not proper to combine references in an anticipation argument. See the main body of this report.<br><br>In particular, numerous elements of the claim are missing from the reference. |
| 99 | at least one buyer computer for operation by a user desiring to buy products; | | "Turn on your your computer and run your communications program." (Bowen and Peyton, page 16.)<br><br>"WinCIM (another name for CompuServe Information Manager for Windows) is very sophisticated communications software custom designed for working with the CompuServe Information Service. WinCIM operates as a Windows application with the customary Windows appearance and operating methods." (Ellsworth, page 19.) | The fact that a buyer might have used a computer does not make it a "buyer computer" within the meaning of the claims.<br><br>In fact, the quotation, "Turn on your computer and run your communications program" demonstrates that the computer was used only as a dumb terminal and not as a computer at all as construed by the Court. |

15

| | A | G | J | K |
|---|---|---|---|---|
| 100 | at least one shopping cart computer; and | | "Today CompuServe, Inc., still headquartered in Columbus, has broadened its scope from the days when it was recognized as a 'timesharing' company ... It employs more than 900 people, and its computer center houses some 40 Digital Equipment Corporation minicomputers." (Bowen and Payton, page 4.) | The fact that CompuServe, Inc. was headquartered in Columbus, Ohio, a very nice town where my wife attended high school, does not establish in any way that its computers were shopping cart computers. |
| 101 | a shopping cart database connected to the shopping cart computer; | | A shopping cart database is inherent as there is no other logical way to store customer's selections along with an identification of the customer.<br><br>"A database is any large collection of structured data stored in a computer system." Batini et infra. | The conclusion that a "shopping cart database" is inherent is incorrect. The reference discloses no shopping cart database, and there are several ways to accomplish online shopping as conducted by CompuServe without one. For example, during an online session the items to be purchased could be kept in random access memory on one of CompuServe's 40 computers and only written to disk after an order was actually placed, if at all. This would not teach or suggest a shopping cart database.<br><br>Another possible implementation would be to maintain the list of items to be purchased in the terminal buffer (or buffer of the terminal emulation program) and send it to CompuServe only when an order was placed, making it unnecessary for CompuServe to ever store the selected products in a database. There is nothing in the reference to suggest that either of these was not in fact the mechanism used.<br><br>The Contentions do not apply the Court's construction of "database." |
| 102 | | | "Press R to continue browsing the store in which you just placed the order. You can place as many orders in the store as you want. When you are finished shopping in that store, type checkout. An electronic order form appears." (Ellsworth, page 376.) | |
| 103 | the buyer computer and the shopping cart computer being interconnected by a public packet switched computer network; | | "Currently, CompuServe can be accessed with a local telephone call in more than 500 cities, meaning that about 85 percent of the U.S. population can log on directly. Hundreds more can reach the service through carrier networks like Tymnet, Telenet, DataPac, and others." (Bowen and Payton, page 4.)<br><br>"In some cities, however, there is no local access number. Does this mean you're out of luck and will be forced to pay for long distance? Not necessarily. You may be able to find a supplemental network for that city-such as SprintNet, Telenet, or Tymnet-so you may also want to find out how to gain access to a PDN-Public Data Network." (Ellsworth, Appendix C.) | Since CompuServe has not been shown to have buyer computers or shopping cart computers, this limitation is not met by CompuServe. |

16

| A | G | J | K |
|---|---|---|---|
| the buyer computer being programmed to receive a plurality of requests from a user to add a plurality of respective products to a shopping cart in the shopping cart database, and in response to the requests to add the products, to send a plurality of respective shopping cart messages over the network to the shopping cart computer each of which comprises a product identifier identifying one of the plurality of products and at least one of which comprises a universal resource locator; | | "If you want to order a product you have read about, simply enter O (that is, capital 'o', not a zero), and the system notes it." (Bowen and Peyton, page 321.) <br><br> "You browse through a single store's database, ordering as many things as you like with the O command." [Emphasis added.] (Bowen and Peyton, page 321.) <br><br> "Press R to continue browsing the store in which you just placed the order. You can place as many orders in the store as you want. When you are finished shopping in that store, type checkout. An electronic order form appears." (Ellsworth, page 376.) | The computer of the buyer was not capable of being programmed. It functioned only as a dumb terminal. Therefore this limitation is not met. <br><br> There is no demonstration that any "shopping cart messages" as claimed were sent in CompuServe. Whatever message might have been sent, there is no demonstration that it included a product identifier or a URL. There is also no shopping cart computer. There is also no demonstration that any product identifier is sent from the buyer's dumb terminal. <br><br> The Contentions do not apply the Court's construction of "database." |
| 104 | | | |
| | | With each "O command" the terminal communication program sent a message to the CompuServe computers to add an item to a shopping cart. <br><br> "When the user presses the purchase button 15, the contents of the form are transmitted to the merchant computer, at 36, to a specific URL name, using an HTTP request." (Gifford '424, col. 6, ll. 38-41.) | The contention alleges that the claim is anticipated by CompuServe. However, Gifford '424 is also used in the box at left. <br><br> Nevertheless, this citation discloses an order form system in which an entire form, as opposed to individual shopping cart messages, are sent. |
| 105 | | | |
| 106 | | | |

17

| | A | G | J | K |
|---|---|---|---|---|
| 107 | the shopping cart computer being programmed to receive the plurality of shopping cart messages, to modify the shopping cart in the shopping cart database to reflect the plurality of requests to add the plurality of products to the shopping cart, and to cause a payment message associated with the shopping cart to be created; and the payment message comprising a universal resource locator; and | | "You browse through a single store's database, ordering as many things as you like with the O command." [Emphasis added.] (Bowen and Peyton, page 321.)<br><br>"There are stopping places all along the way to make corrections to the ordering information and even to cancel the entire order. In other words, the O command isn't a formal commitment, so a slip of the finger won't get you in trouble." (Bowen and Peyton, page 321.) | No shopping cart computer is disclosed in the reference.<br><br>No shopping cart database is disclosed in the reference.<br><br>No shopping cart messages as claimed are disclosed in the reference.<br><br>No product identifiers as required by the Court's construction are disclosed in the reference.<br><br>No payment message associated with a shopping cart is disclosed in the reference. |
| 108 | | | "Press R to continue browsing the store in which you just placed the order. You can place as many orders in the store as you want. When you are finished browsing in that store, type checkout. An electronic order form appears." (Ellsworth, page 376)<br><br>"When the user presses the purchase button 15, the contents of the form are transmitted to the merchant computer, at 36, to a specific URL name, using an HTTP request." (Gifford '424, col. 6, ll. 38-41.) | The Contentions do not demonstrate that any message comprises a URL. |
| 109 | the buyer computer being programmed to receive a request from the user to purchase the plurality of products added to the shopping cart and to cause the payment message to be activated to initiate a payment transaction for the plurality of products added to the shopping cart; | | "As you exit the store, you are taken to an order area (the electronic version of the checkout clerk with a cash register) where you are asked for information such as name, address, phone number, and your method of payment (which often is a credit card number but can vary depending on the merchant with which you are dealing)." (Bowen and Peyton, page 321.) | No buyer computer as claimed is disclosed in the reference.<br><br>No shopping cart is disclosed in the reference.<br><br>No payment message as that is activated to initiate a payment transaction is identified as being disclosed in the reference. |
| 110 | | | "During the order completion process, you are asked to specify your name, address, phone number, payment method, and delivery method. Next, you see an order summary; you have the option of changing any of your order at this point. You can cancel the order at any time by typing exit at any prompt on the order form." (Ellsworth, page 376.) | |

| | A | G | J | K |
|---|---|---|---|---|
| 111 | the shopping cart being a stored representation of a collection of products, the shopping cart database being a database of stored representations of collections of products, and the shopping cart computer being a computer that modifies the stored representations of collections of products in the database. | | The activation of the "payment message" in this instance is simply whatever message is sent to CompuServe computers from the buyer computer when the customer exits the store.<br><br>The "payment message" is the "order area" where the customer is asked for information including "method of payment."<br><br>Whatever computer at the CompuServe computer center stores the customer's selections must inherently include a shopping cart database which, in turn, must store representations of some sort (a product number, for example). | No shopping cart is disclosed in the reference.<br><br>No shopping cart computer is disclosed in the reference.<br><br>No shopping cart database is disclosed in the reference.<br><br>The Contentions do not apply the Court's construction of "database." |
| 112 | 18. A method of operating a shopping cart computer in a public packet-switched computer network comprising at least one buyer computer for operation by a user desiring to buy products, at least one shopping cart computer, and a shopping cart database connected to the shopping cart computer, the method comprising the steps of: | | Anticipated in view of CompuServe: "Currently, CompuServe can be accessed with a local telephone call in more than 500 cities, meaning that about 85 percent of the U.S. population can log on directly. Hundreds more can reach the service through carrier networks like Tymnet, Telenet, DataPac, and others." (Bowen and Peyton, page 4.) | There is no concept of "anticipated in view of." The claim is either anticipated by CompuServe or it is not. (It is not.)<br><br>It is not proper to combine references in an anticipation argument. See the main body of this report.<br><br>Numerous steps are missing from the reference. |
| 113 | | | | |

19

| A | G | J | K |
|---|---|---|---|
| | | **114** | |
| | | "In some cities, however, there is no local access number. Does this mean you're out of luck and will be forced to pay for long distance? Not necessarily. You may be able to find a supplemental network for that city-such as SprintNet, Telenet, or Tymnet-so you can connect with savings over long distance charges. You may also want to find out how to gain access to a PDN-Public Data Network." (Ellsworth, Appendix C.)<br><br>"Today CompuServe, Inc., still headquartered in Columbus, has broadened its scope from the days when it was recognized as a 'timesharing' company ...it employs more than 900 people, and its computer center houses some 40 Digital Equipment Corporation minicomputers." (Bowen and Payton, page 4.) | No buyer computer is disclosed in the reference.<br><br>No shopping cart computer is disclosed in the reference.<br><br>No shopping cart database is disclosed in the reference. |
| | | **115** | |
| receiving, at the shopping cart computer, a plurality of shopping cart messages sent over the network to the shopping cart computer by the buyer computer in response to receipt of a plurality of requests from a user to add a plurality of respective products to a shopping cart in the shopping cart database, each of the shopping cart messages comprising a product identifier identifying one of the plurality of products and at least one of which comprises a universal resource locator; | | "If you want to order a product you have read about, simply enter O (that is, capital 'o', not a zero), and the system notes it." (Bowen and Payton, page 321.)<br><br>"You browse through a single store's database, ordering as many things as you like with the O command." [Emphasis added.] (Bowen and Payton, page 321.)<br><br>"Press R to continue browsing the store in which you just placed the order. You can place as many orders in the store as you want. When you are finished shopping in that store, type checkout. An electronic order form appears." (Ellsworth, page 376.) | No shopping cart message is disclosed in the reference.<br><br>There is no demonstration that any "shopping cart message" as claimed were sent in CompuServe. Whatever message might have been sent, there is no demonstration that it included a product identifier or a URL.<br><br>The reference does not disclose a shopping cart computer.<br><br>The reference does not disclose that any product identifier is sent from the buyer's dumb terminal. |
| | | **116** | |

20

| | A | G | J | K |
|---|---|---|---|---|
| | | | With each "O command" the terminal communication program sent a message to the CompuServe computers to add an item to a selection list. The shopping cart computer receives the messages. | |
| 117 | | | | |
| 118 | | | | |
| 119 | modifying the shopping cart in the shopping cart database to reflect the plurality of requests to add the plurality of products to the shopping cart; and | | See above | No shopping cart is disclosed in the reference. |
| 120 | | | | No shopping cart database is disclosed in the reference. |
| | | | | No product identifiers are disclosed in the reference, as required by the construction. |
| | | | | The Contentions do not apply the Court's construction of "database" |

21

| # | A | G | J | K |
|---|---|---|---|---|
| 121 | causing a payment message associated with the shopping cart to be created, the payment message comprising a universal resource locator; | | "As you exit the store, you are taken to an order area (the electronic version of the checkout clerk with a cash register) where you are asked for information such as name, address, phone number, and your method of payment (which often is a credit card number but can vary depending on the merchant with which you are dealing)." (Bowen and Peyton, page 321.)<br><br>"During the order completion process, you are asked to specify your name, address, phone number, payment method, and delivery method. Next, you see an order summary; you have the option of changing any of your order at this point. You can cancel the order at any time by typing exit at any prompt on the order form." (Ellsworth, page 376.) | No payment message associated with a shopping cart as claimed is disclosed in the reference.  The Contentions do not demonstrate that any message comprises a URL.<br><br>No shopping cart is disclosed in the reference. |
| 122 | the buyer computer being programmed to receive a request from the user to purchase the plurality of products added to the shopping cart and to cause the payment message to be activated to initiate a payment transaction for the plurality of products added to the shopping cart; | | The activation of the "payment message" in this instance is simply whatever message is sent to CompuServe computers from the buyer computer when the customer exits the store.<br><br>The "payment message" is the "order area" where the customer is asked for information including "method of payment." | No buyer computer is disclosed in the reference.<br><br>No shopping cart is disclosed in the reference.<br><br>No payment message is disclosed in the reference.<br><br>No message causing a payment message to be activated is disclosed in the reference. |
| 123 | the shopping cart being a stored representation of a collection of products, the shopping cart database being a database of stored representations of collections of products, and the shopping cart computer being a computer that modifies the stored representations of collections of products in the database. | | See above | |
| 124 | | | Whatever computer at the CompuServe computer center stores the customer's selections must inherently include a shopping selections must inherently include a shopping cart database which, in turn, must store representations of some sort (a product number, for example). | No shopping cart is disclosed in the reference.<br><br>No shopping cart computer is disclosed in the reference.<br><br>The Contentions do not apply the Court's construction of "database." |

22

| | A | G | J | K |
|---|---|---|---|---|
| 125 | | | | The conclusion that a "shopping cart database" is inherent is incorrect. The reference discloses no shopping cart database, and there are several ways to accomplish online shopping as conducted by CompuServe without one. For example, during an online session the items to be purchased could be kept in random access memory on one of CompuServe's 40 computers and only written to disk after an order was actually placed, if at all. This would not teach or suggest a shopping cart database.<br><br>Another possible implementation would be to maintain the list of items to be purchased in the terminal buffer (or buffer of the terminal emulation program) and send it to CompuServe only when an order was placed, making it unnecessary for CompuServe to ever store the selected products in a database. There is nothing in the reference to suggest that either of these was not in fact the mechanism used.<br><br>The Contentions do not apply the Court's construction of "database" |
| 126 | 35. A network-based sales system, comprising: | | Anticipated by CompuServe as disclosed in Bowen and Peyton, "How to Get the Most Out of CompuServe, 4th Ed." (Bantam Books, 1989), and Ellsworth and Ellsworth, "Using CompuServe" (Que Corporation, March 1994), and Campbell, "CompuServe CIM Running Start," (Sybex, 1993) . | |
| 127 | at least one buyer computer for operation by a user desiring to buy products; | | "Turn on your computer and run your communications program." (Bowen and Peyton, page 16.)<br><br>"WinCIM (another name for CompuServe Information Manager for Windows) is very sophisticated communications software custom designed for working with the CompuServe Information Service. WinCIM operates as a Windows application with the customary Windows appearance and operating methods." (Ellsworth, page 19.) | The fact that a buyer might have used a computer does not make it a "buyer computer" within the meaning of the claims.<br><br>In fact, the quotation "Turn on your computer and run your communications program" demonstrates that the computer was used only as a dumb terminal and not as a computer at all as construed by the Court. |
| 128 | at least one shopping cart computer; and | | "Today CompuServe, Inc., still headquartered in Columbus, has broadened its scope from the days when it was recognized as a 'timesharing' company … It employs more than 900 people, and its computer center houses some 40 Digital Equipment Corporation minicomputers." (Bowen and Payton, page 4.) | The fact that CompuServe, Inc. was headquartered in Columbus, Ohio, a very nice town where my wife attended high school, does not establish in any way that its computers were shopping cart computers. |

23

| | A | G | J | K |
|---|---|---|---|---|
| 129 | a shopping cart database connected to the shopping cart computer; | | A shopping cart database is inherent as there is no other logical way to store customer's selections along with an identification of the customer.<br><br>"A database is any large collection of structured data stored in a computer system."  Batini et infra. | The conclusion that a "shopping cart database" is inherent is incorrect.  The reference discloses no shopping cart database, and there are several ways to accomplish online shopping as conducted by CompuServe without one.  For example, during an online session the items to be purchased could be kept in random access memory on one of CompuServe's 40 computers and only written to disk after an order was actually placed, if at all.  This would not teach or suggest a shopping cart database.<br><br>Another possible implementation would be to maintain the list of items to be purchased in the terminal buffer (or buffer of the terminal emulation program) and send it to CompuServe only when an order was placed, making it unnecessary for CompuServe to ever store the selected products in a database.  There is nothing in the reference to suggest that either of these was not in fact the mechanism used.<br><br>The Contentions do not apply the Court's construction of "database." |
| 130 | | | "Press R to continue browsing the store in which you just placed the order. You can place as many orders in the store as you want. When you are finished shopping in that store, type checkout. An electronic order form appears."  (Ellsworth, page 376.) | |
| 131 | the buyer computer and the shopping cart computer being interconnected by a public packet switched computer network; | | "Currently, CompuServe can be accessed with a local telephone call in more than 500 cities, meaning that about 85 percent of the U.S. population can log on directly. Hundreds more can reach the service through carrier networks like Tymnet, Telenet, DataPac, and others."  (Bowen and Peyton, page 4.)<br><br>"In some cities, however, there is no local access number. Does this mean you're out of luck and will be forced to pay for long distance? Not necessarily. You may be able to find a supplemental network for that city–such as SprintNet, Telenet, or Tymnet–so you can connect with savings over long distance charges. You may also want to find out how to gain access to a PDN–Public Data Network."  (Ellsworth, Appendix C.) | Since CompuServe has not been shown to have buyer computers or shopping cart computers, this limitation is not met by CompuServe. |

24

| | A | G | J | K |
|---|---|---|---|---|
| 132 | the buyer computer being programmed to receive a plurality of requests from a user to add a plurality of respective products to a shopping cart in the shopping cart database, and in response to the requests to add the products, to send a plurality of respective shopping cart messages over the network to the shopping cart computer each of which comprises a product identifier identifying one of the plurality of products; | | "If you want to order a product you have read about, simply enter O (that is, capital 'o', not a zero), and the system notes it" [Bowen and Peyton, p. 321)<br><br>"You browse through a single store's database, ordering as many things as you like with the O command." (Bowen and Peyton, p. 321) | The computer of the buyer was not capable of being programmed. It functioned only as a dumb terminal. Therefore this limitation is not met.<br><br>There is no demonstration that any "shopping cart messages" meeting this limitation were sent in CompuServe. Whatever message might have been sent, there is no demonstration that it included a product identifier. There is also no shopping cart computer. There is also no demonstration that any product identifier is sent from the buyer's dumb terminal.<br><br>The Contentions do not apply the Court's construction of "database." |
| 133 | | | "Press R to continue browsing the store in which you just placed the order. You can place as many orders in the store as you want. When you are finished shopping in that store, type checkout. An electronic order form appears." (Ellsworth, page 376)<br><br>With each "O command" the terminal communication program sent a message to the CompuServe computers to add an item to a shopping cart.<br><br>A shopping cart database is inherent as there is no other logical way to store the customer's selections along with an identification of the customer.<br><br>A database is any large collection of structured data stored in a computer system. Batini et al., infra. | |
| 134 | the shopping cart computer being programmed to receive the plurality of shopping cart messages, and to modify the shopping cart in the shopping cart database to reflect the plurality of requests to add the plurality of products to the shopping cart; and | | "You browse through a single store's database, ordering as many things as you like with the O command." [Emphasis added.] [Bowen and Peyton, page 321)<br><br>"There are stopping places all along the way to make corrections to the ordering information and even to cancel the entire order. In other words, the O command isn't a formal commitment, so a slip of the finger won't get you in trouble." (Bowen and Peyton, page 321.) | |
| 135 | | | | No shopping cart computer is disclosed in the reference.<br><br>No shopping cart database is disclosed in the reference.<br><br>No shopping cart messages as claimed are disclosed in the reference.<br><br>No product identifiers as claimed are required by the Court's construction are disclosed in the reference.<br><br>No payment message associated with a shopping cart is disclosed in the reference. |

25

| | A | G | J | K |
|---|---|---|---|---|
| 136 | the buyer computer being programmed to receive a request from the user to purchase the plurality of products added to the shopping cart and to cause a payment message to be activated to initiate a payment transaction for the plurality of products added to the shopping cart; | | "Press R to continue browsing the store in which you just placed the order. You can place as many orders in the store as you want. When you are finished shopping in that store, type checkout. An electronic order form appears." (Ellsworth, page 376.)<br><br>"As you exit the store, you are taken to an order area (the electronic version of the checkout clerk with a cash register) where you are asked for information such as name, address, phone number, and your method of payment (which often is a credit card number but can vary depending on the merchant with which you are dealing)." (Bowen and Peyton, page 321.)<br><br>"During the order completion process, you are asked to specify your name, address, phone number, payment method, and delivery method. Next, you see an order summary; you have the option of changing any of your order at this point. You can cancel the order at any time by typing exit at any prompt on the order form." (Ellsworth, page 376.) | No buyer computer as claimed is disclosed in the reference.<br><br>No shopping cart is disclosed in the reference.<br><br>No payment message as that is activated to initiate a payment transaction is identified as being disclosed in the reference. |
| 137 | | | The activation of the "payment message" in this instance is simply whatever message is sent to CompuServe computers from the buyer computer when the customer exits the store.<br><br>The "payment message" is the "order area" where the customer is asked for information including "method of payment." | |
| 138 | the shopping cart being a stored representation of a collection of products, the shopping cart database being a database of stored representations of collections of products, and the shopping cart computer being a computer that modifies the stored representations of collections of products in the database. | | Whatever computer at the CompuServe computer center stores the customer's selections must inherently include a shopping selections must inherently include a shopping cart database which, in turn, must store representations of some sort (a product number, for example). | No shopping cart is disclosed in the reference.<br><br>No shopping cart computer is disclosed in the reference.<br><br>No shopping cart database is disclosed in the reference.<br><br>The Contentions do not apply the Court's construction of "database." |
| 139 | | | | |

26

| | A | G | J | K |
|---|---|---|---|---|
| 140 | 36. A method of operating a shopping cart computer in a public packet switched computer network comprising at least one buyer computer for operation by a user desiring to buy products, at least one shopping cart computer, and a shopping cart database connected to the shopping cart computer, the method comprising the steps of: | | Anticipated in view of CompuServe: "Currently, CompuServe can be accessed with a local telephone call in more than 500 cities, meaning that about 85 percent of the U.S. population can log on directly. Hundreds more can reach the service through carrier networks like Tymnet, Telenet, DataPac, and others." (Bowen and Peyton, page 4.)<br><br>"In some cities, however, there is no local access number. Does this mean you're out of luck and will be forced to pay for long distance? Not necessarily. You may be able to find a supplemental network for that city-such as SprintNet, Telenet, or Tymnet-so you can connect with savings over long distance charges. You may also want to find out how to gain access to a PDN-Public Data Network." (Ellsworth, Appendix C.)<br><br>"Today CompuServe, Inc., still headquartered in Columbus, has broadened its scope from the days when it was recognized as a 'timesharing' company ... It employs more than 900 people, and its computer center houses some 40 Digital Equipment Corporation minicomputers." (Bowen and Payton, page 4.) | There is no concept of "anticipated in view of." The claim is either anticipated by CompuServe or it is not. (It is not.)<br><br>It is not proper to combine references in an anticipation argument. See the main body of this report.<br><br>Numerous steps are missing from the reference. |
| 141 | | | A shopping cart database is inherent as there is no other logical way to store the customer's selections along with an identification of the customer. | The Contentions do not apply the Court's construction of "database" |
| 142 | | | A database is any large collection of structured data stored in a computer system. Batini et al., infra. | |

27

| | A | G | J | K |
|---|---|---|---|---|
| 143 | receiving, at the shopping cart computer, a plurality of shopping cart messages sent over the network to the shopping cart computer by the buyer computer in response to receipt of a plurality of requests from a user to add a plurality of respective products to a shopping cart in the shopping cart database, each of the shopping cart messages comprising a product identifier identifying one of the plurality of products; and | | "If you want to order a product you have read about, simply enter O (that is, capital 'o', not a zero), and the system notes t" (Bowen and Peyton, p. 321)  "You browse through a single store's database, ordering as many things as you like with the O command." (Bowen and Peyton, p. 321) | No shopping cart message is disclosed in the reference.  There is no demonstration that any "shopping cart messages" as claimed were sent in CompuServe. Whatever message might have been sent, there is no demonstration that it included a product identifier or a URL.  The reference does not disclose a shopping cart computer.  The reference does not disclose that any product identifier is sent from the buyer's dumb terminal. |
| 144 | | | "Press R to continue browsing the store in which you just placed the order. You can place as many orders in the store as you want. When you are finished shopping in that store, type checkout. An electronic order form appears." (Ellsworth, page 376)  With each "O command" the terminal communication program sent a message to the CompuServe computers to add an item to a shopping cart. | |
| 145 | | | | |

28

| | A | G | J | K |
|---|---|---|---|---|
| 146 | modifying the shopping cart in the shopping cart database to reflect the plurality of requests to add the plurality of products to the shopping cart; | | See above | No shopping cart is disclosed in the reference. No shopping cart database is disclosed in the reference. No product identifiers are disclosed in the reference, as required by the construction. The Contentions do not apply the Court's construction of "database" |
| 147 | the buyer computer being programmed to receive a request from the user to purchase the plurality of products added to the shopping cart and to cause a payment message to be activated to initiate a payment transaction for the plurality of products added to the shopping cart; | | "As you exit the store, you are taken to an order area (the electronic version of the checkout clerk with a cash register) where you are asked for information such as name, address, phone number, and your method of payment (which often is a credit card number but can vary depending on the merchant with which you are dealing)." (Bowen and Peyton, page 321.)<br><br>"During the order completion process, you are asked to specify your name, address, phone number, payment method, and delivery method. Next, you see an order summary; you have the option of changing any of your order at this point. You can cancel the order at any time by typing exit at any prompt on the order form." (Ellsworth, page 376.)<br><br>The activation of the "payment message" in this instance is simply whatever message is sent to CompuServe computers from the buyer computer when the customer exits the store.<br><br>The "payment message" is the "order area" where the customer is asked for information including "method of payment." | No payment message associated with a shopping cart as claimed is disclosed in the reference. No shopping cart is disclosed in the reference. |
| 148 | the shopping cart being a stored representation of a collection of products, the shopping cart database being a database of stored representations of collections of products, and the shopping cart computer being a computer that modifies the stored representations of collections of products in the database. | | Whatever computer at the CompuServe computer center stores the customer's selections must inherently include a shopping selections must inherently include a shopping cart database which, in turn, must store representations of some sort (a product number, for example). | No shopping cart is disclosed in the reference. No shopping cart computer is disclosed in the reference. The Contentions do not apply the Court's construction of "database" |
| 149 | | | | |