# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:07-CV-511 |
| | § | |
| CDW CORPORATION, NEWEGG INC., | § | Hon. Leonard E. Davis |
| REDCATS USA, INC., SYSTEMAX, INC., | § | |
| ZAPPOS.COM, INC., TIGER DIRECT, | § | |
| INC., THE SPORTSMAN'S GUIDE, INC., | § | |
| and REDCATS USA LP, | § | |
| | § | |
| Defendants. | § | |

### RESPONSE TO PLAINTIFF SOVERAIN'S MOTION TO PRECLUDE EXPERT TRIAL TESTIMONY BY ALEXANDER TREVOR, PRECLUDE EDWARD TITTEL FROM OFFERING TESTIMONY BASED ON THE TREVOR REPORT, AND EXLUDE THE TREVOR REPORT FROM EVIDENCE

Soverain has moved the court to (1) preclude Newegg from offering Alexander Trevor as an expert witness, whether live or through his deposition from prior Amazon litigation, (2) preclude Newegg's technical expert, Edward R. Tittel, from testifying in accordance with his [Tittel's] expert report on invalidity that relies on Trevor's expert report and expert deposition for the Amazon litigation, and (3) preclude the admission into evidence of Trevor's expert report.

Newegg will not offer Mr. Trevor as an expert (issue 1), Mr. Tittel will not base any of his testimony on Mr. Trevor's expert report or his deposition (issue 2), nor will Newegg offer into evidence Trevor's expert report (issue 3).

While it is clear that Mr. Tittel as an expert witness is entitled to rely on facts made known to him before the hearing (Fed. R. Evid. 703), his reference to the Trevor report

was very incidental to his opinions.  Hence, to narrow the issue, Mr. Tittel will not rely on the Trevor report or deposition.

It should be noted that Soverain has not moved to exclude Mr. Trevor as a live fact witness nor would such a motion be in order.  Defendant Newegg has complied with the local rule for identifying witnesses.  Mr. Trevor was Chief Technical Officer and Executive Vice President of CompuServe prior to the time Open Market commenced the development work that lead to the applications for the patents-in-suit.  Newegg has long contended that CompuServe anticipates many of the claims of the patents-in-suit and renders obvious other claims.  Soverain has had ample notice of Newegg's contentions.  There can be no justification for excluding Mr. Trevor's testimony setting forth facts as opposed to opinions.  Undoubtedly, Mr. Trevor will be a competent witness with personal knowledge (Fed. R. Evid. 602) and his testimony will be relevant (Fed. R. Evid. 401, 402).)

Respectfully submitted,

Dated:  October 13, 2009

By: /s/ David C. Hanson with permission
by Trey Yarbrough
David C. Hanson
Kent E. Baldauf, Jr.
John W. McIlvaine
THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
T:  (412) 471-8815
F:  (412) 471-4094

Trey Yarbrough
Bar No. 22133500
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Tel: (903) 595-3111
Fax: (903) 595-0191

Counsel for Newegg Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being hereby served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 13, 2009. All other counsel of record will be served via facsimile or first class mail.

/s/ Trey Yarbrough
Trey Yarbrough