# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:07-CV-511 |
| | § | |
| CDW CORPORATION, NEWEGG INC., | § | Hon. Leonard E. Davis |
| REDCATS USA, INC., SYSTEMAX, INC., | § | |
| ZAPPOS.COM, INC., TIGER DIRECT, | § | |
| INC., THE SPORTSMAN'S GUIDE, INC., | § | |
| and REDCATS USA LP, | § | |
| | § | |
| Defendants. | § | |

### NEWEGG'S REPLY TO PLAINTIFF'S RESPONSE TO NEWEGG'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE "SHOPPING CART CLAIMS" IN U.S. PATENTS NO. 5,715,314 AND 5,909,492

Newegg's Motion for Summary Judgment of invalidity of the shopping cart claims should be granted. There are no genuine issues of material fact. The patent claims at issue and the court's construction of those claims is uncontested. The plain and exact language of the manuals describing the use of the CompuServe Mall cannot be contested. The fact that the manuals disclose electronic shopping over a dial-up-network in which the user (customer) could select more than one product prior to checkout and the customers' selection would be maintained in a file until checkout is clear. The design need and market pressure to adapt commerce to the Internet is acknowledged by the inventors' deposition testimony. (Exhibit 17, Stewart Depo., pp. 23-24.) There was only one practical Internet solution to storing customer selections at the time of the Open Market development; namely, a server-side "shopping cart" as acknowledged by the inventors' deposition testimony. (Exhibit 19, Treese Depo., p. 114; Exhibit 17, Stewart Depo., pp. 106-107.) Nothing more than ordinary skill was needed to recognize the available options and make use of the available Internet tools and an off-the-shelf commercial database (see below). These uncontestable facts closely pattern the facts in the *KSR* and *Muniauction* cases finding patent claims invalid.

Soverain's Opposition to Newegg's Motion for Summary Judgment comprises citation of numerous inapplicable prior decisions, much quibbling about wording, and the astonishing claim that the Manuals that described the CompuServe Mall (Exhibits 6, 7, and 8) are inadmissible hearsay. The Manuals are all publications and as such are prior art provided by the Patent Laws in 35 U.S.C. § 102(a) ("printed publication"). The Patent Laws and Federal Rules of Evidence are not inconsistent. Prior art publications are not hearsay. Fed. R. Evid. 801 (c).

The Manuals (Exhibits 6, 7, and 8) describe the CompuServe Mall in ample detail. For any reader, an ecommerce system was described that allowed multiple user selections prior to

checkout and that the user's selections were digitally accumulated prior to checkout. This Court's claim constructions for "shopping cart," "shopping cart database," and "shopping cart computer" are broad. Any digital method of accumulating a customer's selections in a file prior to checkout anticipates these terms. The particular choice by Open Market to tie a known web server to a commercial database system, such as Sybase, to store selections was compelled by the known benefits of such systems for processing and preserving financial transactions. (See Exhibit 14, Payne Depo., p. 72.)

Soverain suggests that Newegg's motion trivializes the "shopping cart" set forth in the claims. The use of the "shopping cart" metaphor for gathering customer selections in a database illustrates the triviality of Soverain's patent claims. The Court can take judicial notice that for many years customers in the supermarket assembled products in the basket of a shopping cart prior to wheeling them up to the checkout counter. No amount of alleged commercial success can make collection of multiple products prior to checkout a patentable invention. *Leapfrog Enterprises, Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157 at 1162 (Fed. Cir. 2007) ("given the strength of the prima facie obviousness showing, the evidence on secondary considerations was inadequate...")

Soverain suggests that Newegg has failed to offer evidence of the level of ordinary skill in the art. To the contrary, Newegg has shown that the Open Market employees had available to them and simply made use of the ordinary techniques for Internet programming (the HTML web page programming language for designing web pages, the HTTP protocol defining transfer of information between browser and server, URLs for making requests of the server, the CGI or common gateway interface for connecting web servers to databases, and the commercial availability of databases.) The availability of these Internet programming tools is acknowledged

in the patents themselves and were also acknowledged in the prior art Gifford patent application. Knowledge of the use of ordinary tools of the trade is the essence of ordinary skill in the art. A patentable improvement must be "more than the predictable use of prior art elements according to their established functions." (*KSR*, 550 U.S. 398 at 417 (2007).)

Soverain's proffered evidence of commercial success, even if not objectionable hearsay, fails to tie any alleged success to "shopping carts." Mr. Tittel's favorable characterization of the Open Market Transact product makes no mention of shopping carts and is clearly related to factors not mentioned in the patent claims at issue. ("One of OM's greatest selling points is the fact that it functions with all types of browsers, all varieties of payment types, and all security profile formats.") See, for example, *Ormco Corporation v. Align Technology, Inc.*, 463 F.3d 1299 (Fed. Cir. 2006) (reversing summary judgment and determining an appeal that patents were obvious, and rejecting argument based on secondary considerations lacking a nexus to the claimed features.)

                                                                Respectfully submitted,

Dated: October 21, 2009                          By: <u>/s/ David C. Hanson with permission</u>
                                                                <u>by Trey Yarbrough</u>
                                                                 David C. Hanson
                                                                Kent E. Baldauf, Jr.
                                                                John W. McIlvaine

                                                               THE WEBB LAW FIRM
                                                               700 Koppers Building
                                                                436 Seventh Avenue
                                                                Pittsburgh, PA 15219
                                                                T: (412) 471-8815
                                                                F: (412) 471-4094

                    Trey Yarbrough
                    Bar No. 22133500
                    YARBROUGH ♦ WILCOX, PLLC
                    100 E. Ferguson St., Ste. 1015
                    Tyler, Texas 75702
                    Tel: (903) 595-3111
                    Fax: (903) 595-0191
                    trey@yw-lawfirm.com

                    Attorneys for Defendant
                    Newegg Inc.

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being hereby served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 21, 2009. All other counsel of record will be served via facsimile or first class mail.


                    /s/ Trey Yarbrough
                    Trey Yarbrough