## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, | ) |
| Plaintiff, | ) |
| vs. | ) |
| CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX INC., ZAPPOS.COM, INC., REDCATS USA, L.P., THE SPORTSMAN'S GUIDE, INC., and TIGERDIRECT, INC., | ) Civil Action No. 6:07-CV-00511-LED |
| Defendants. | ) |

**DEFENDANT NEWEGG INC.'S SURREPLY TO SOVERAIN'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF <u>INFRINGEMENT OF U.S. PATENT NO. 5,909,492</u>**

Soverain is not entitled to partial summary judgment of infringement.  Soverain's first argument in its Reply is that Newegg's multiple actor argument under *MuniAuction* is somehow invalid.  Soverain's arguments concerning this issue are identical to those set forth in Soverain's Opposition (Dkt. No. 262) to Newegg's Motion for Summary Judgment of Noninfringement (Dkt. No. 248).  Because Newegg's Noninfringement Motion addresses all asserted claims of the '492 patent, including those that are the subject of Soverain's present motion, Newegg refers the court to its Reply to Soverain's Opposition to Newegg's Noninfringement Motion, filed herewith, for its response to Soverain's *MuniAuction* arguments.  Based upon *BMC* and *MuniAuction* alone, Soverain's motion must be denied as a matter of law.

Soverain's Reply further fails to show that all limitations in the asserted and properly construed claims are met by the accused system.  "In determining whether there is a genuine issue as to any material fact, all justifiable inferences will be made in the nonmoving party's favor, and [the Court] will not weigh the evidence or evaluate the credibility of witnesses."  *GeoSouthern Energy Corp. v. Chesapeake Operating Inc.*, 274 F.3d 1017, 1020 (5th Cir. 2001).  Soverain fails to meet its burden with regard to disputes of facts that were raised in Newegg's Opposition.  Instead of addressing the raised factual issues, Soverain has merely construed the claims to suit its purposes.  Soverain sets forth the following arguments:

1) Newegg programs client's computers with HTML and JavaScript code;

2) The Internet is a packet switched network;

3) Newegg's server computers record transaction information in a database; and

4) Newegg's server computers respond to activation of hypertext links.

However, each of these arguments relates to a genuine issue of fact.  On these points, Newegg has submitted sworn testimony of its corporate representative or has shown that Soverain's

factual allegations are inaccurate. Therefore, Soverain has not met its burden for summary judgment.

I. **Newegg does not program a client's computer**

Soverain argues that Newegg has "impermissibly read the preferred embodiment out of the claims." Reply at page 6.[1] This is incorrect because the embodiments in the '492 patent support Newegg's position that it does not program client computers. First, the '492 patent's preferred embodiment relies on a web browser installed on a buyer computer for a user to browse. Ex. 25 to Reply, '492 patent, col. 5, l. 27. The '492 patent further provides HTML code passed to a browser. Ex. 25, '492 patent, col. 10, ll. 9-20. As stated previously, HTML pages are lists of commands that are interpreted by a browser. Opp. at 10.[2] Without the browser program, sending HTML code to a client computer provides no utility and is akin to receiving a word processing document. As discussed in Newegg's Opposition Brief, a browser program satisfies the requirements of programming a computer because it is a computer program that operates on a buyer computer to perform a "set of instructions." Programming a computer would require at least a browser operating on a client computer. Therefore, the preferred embodiment of the '492 patent supports Newegg's position that programming a computer encompasses more than mere commands which, in isolation, are useless to a buyer computer.

In isolation, as Soverain has defined the claim in its Reply, the term "program" suggests a very broad coverage. Reply at page 6. However, a person of ordinary skill in the art is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification. *Phillips v. AWH*

---

[1] Plantiff's Reply in Support of its Motion for Partial Summary Judgment of Infringement of U.S. Patent No. 5,909,492 is cited to as "Reply. at page __."
[2] Defendant Newegg Inc.'s Opposition to Soverain's Motion for Partial Summary Judgment of Infringement of U.S. Patent No. 5,909,492 is cited to as "Opp. at __."

2

*Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc). In the context of the preferred embodiment, the claim term appears within a framework that requires interpreting HTML pages on a web browser that is operating on a buyer computer. '492 patent, col. 10, ll. 9-12. This web browser provides the programming functions and capabilities. Since Newegg does not provide programs to clients and does not program client machines, this limitation is not met by Newegg's systems.

## II. The Internet includes a circuit switched computer network

To the extent the Internet includes a public computer network that is not packet switched, it cannot be a public packet switched computer network. Soverain admits that the Internet includes circuit switching. Reply at page 8. Therefore, there is no dispute that the Internet is not a pubic packet switched network and these claims are not infringed.

As Soverain has also pointed out, dependent claim 39 in the '492 patent further limits the network of claim 15 "to an Internet." Reply at page 7. Soverain argues that this dependent claim somehow makes Newegg's arguments illogical. Reply at page 7. However, since the Internet was not included in claim 15, Soverain is applying improper logic because the present question is not whether the Internet is utilized to interconnect Newegg to its customers, but whether Newegg is interconnected to its customers by a public packet switched network, which is clearly much more specific in its scope than the question Soverain has addressed. In addition, the Applicants could have included the claim 39 limitation in claim 15, if its believed an Internet and a public packet switched network were interchangeable. Likewise, if the inventors of the '492 patent believed that the terms were interchangeable, they would not have defined independent claim 15 to operate on a public packet switched network.

Soverain further provides that the court should disregard any expert testimony that Newegg offers concerning this factual dispute. Reply at page 8. Such disregard would be improper because when deciding a motion for summary judgment, the evidence of the nonmoving party is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### III.     Newegg Servers do not cause storage of purchase transaction records

The claim limitation here at issue specifically refers to one server performing two steps: 1) recording information pertaining to purchase transaction records in a database, and 2) transmitting a statement document comprising the purchase transaction records to the client computer over the network. To the extent these functions are performed by Newegg's servers, each function is performed by separate servers.

Soverain's Reply has provided that the accused instrumentalities meet this limitation because a direct-action is not required by Newegg computer servers under the Amazon claim construction. Reply at page 8. However, in the same order, the Court ruled that the server must cause the action to occur. Ex. 3 to Reply, Amazon Claim Construction Order at 20. However, the Newegg server at issue does not cause the action. The Newegg.com website, as previously stated, routes order information from the *SSL server (Ecommerce server)* into a Microsoft message queue, and the message queue becomes responsible for causing the data center to store this information. See Grimes Dec. (Ex. G to Opp.) at paragraph 16. See also Wu Depo. (Ex. H to Opp.) page 21, l. 9-19. Therefore, it is at least a genuine question of fact as to whether the SSL servers cause the transaction records to be stored in the data center.

Even if the SSL servers cause the transaction records to be stored, part 2 of the aforementioned claim limitation is still absent from Newegg's system because the purchase

4

transaction data remains only in the data center, and the Newegg SSL servers query data from a different database having only order history information. Newegg Response to Interrogatories 28 and 29, Ex. I to Opp. At a minimum, this again presents a genuine issue of material fact as to whether Newegg's servers transmit a statement comprising purchase transaction records.

### IV. <u>Newegg does not respond to activation</u>

Again, Soverain is arguing against a direct-action requirement. Soverain has stated intervening steps are irrelevant because the transition word comprising is inclusive. Reply at page 10. However it is precisely the intervening steps, which are missing from the claim, which Newegg servers are programmed to respond to. (See Opp. at p. 17.) Newegg servers respond to HTTP requests which are sent from client computers as admitted by Soverain's Expert. (See Grimes Depo. Ex. J to Opp., p. 182, ll. 7-16.)

### CONCLUSION

Because Plaintiff has failed to establish that it is entitled to judgment as a matter of law, Plaintiff's Motion for Partial Summary Judgment should be denied. Under *MuniAuction,* summary judgment of non-infringement must be granted.

Respectfully submitted,

Dated: October 21, 2009

By: <u>/s/ David C. Hanson with permission by Trey Yarbrough</u>
David C. Hanson
Kent E. Baldauf, Jr.
John W. McIlvaine

THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
T: (412) 471-8815
F: (412) 471-4094

5

Trey Yarbrough
Bar No. 22133500
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Tel: (903) 595-3111
Fax: (903) 595-0191
trey@yw-lawfirm.com

Attorneys for Defendant
Newegg Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being hereby served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 21, 2009.  All other counsel of record will be served via facsimile or first class mail.


/s/ Trey Yarbrough
Trey Yarbrough