# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC<br><br>    Plaintiff,<br><br>  vs.<br><br>CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX INC., ZAPPOS.COM, INC., TIGER DIRECT, INC., THE SPORTSMAN'S GUIDE, INC., and REDCATS USA LP<br><br>    Defendants. | CIVIL ACTION NO. 6:07-CV-511<br><br>Hon. Leonard E. Davis |

**PLAINTIFF SOVERAIN'S REPLY IN SUPPORT OF ITS MOTION TO PRECLUDE EXPERT TRIAL TESTIMONY BY ALEXANDER TREVOR, PRECLUDE EDWARD TITTEL FROM OFFERING TESTIMONY BASED ON THE TREVOR REPORT, AND EXCLUDE THE TREVOR REPORT FROM EVIDENCE**

**I.     INTRODUCTION**

In its Opposition, Newegg now says that it will not offer Mr. Trevor as an expert or offer Trevor's expert report from the Amazon litigation[1] into evidence. (Opp. 1.) Nor will Newegg's technical expert, Mr. Tittel, base any of his testimony on Trevor's report or his deposition. (*Id.*) But Newegg has not offered to stipulate to this.

With a proper stipulation, Soverain will withdraw without prejudice the portions of its motion seeking to preclude Tittel's reliance on the Trevor expert report and Trevor's expert deposition. Soverain will also reserve its right to renew its motion or otherwise object should Tittel rely at trial on Trevor's expert report or deposition.

Newegg does indicate that it intends to offer testimony from Trevor as a fact witness. (*Id.* at 2.) However, Newegg does not address definitively whether it intends to designate portions of Trevor's expert deposition from the Amazon litigation or to call Trevor as a live witness at trial. If the former, Soverain maintains its motion to preclude the designation of Trevor's expert deposition testimony from the Amazon litigation. See *infra* at 1-2. If Newegg intends to call Trevor as a live witness at trial, then Newegg must immediately supplement its witness disclosure with a summary of Trevor's testimony pursuant to the Court's Discovery Order and the Docket Control Order in this case. (Dkt. Nos. 91, 124.)

**II.    ARGUMENT**

**A.     Newegg Should Be Precluded From Designating Trevor's Expert Deposition from the Amazon Litigation**

Federal Rule of Evidence 804 provides a hearsay exception for the former testimony of a declarant if the declarant is unavailable as a witness. Fed. R. Evid. 804(b)(1). Newegg has not met Rule 804's unavailability requirement so as to permit the use of Trevor's deposition at trial.

---

[1] *Soverain Software LLC v. Amazon.com, Inc.*, 6:04-cv-14 [hereinafter "Amazon litigation"].

Fed. R. Evid. 804(a); *see, e.g.*, *U.S. v. Fernandez-Roque*, 703 F.2d 808, 812-13 (5th Cir. 1983) (observing the proponent of hearsay evidence has burden of proving the unavailability of the witness); *U.S. v. Smith*, 2006 WL 1735382, at *2-4 (S.D. Ohio 2006) (excluding designation of witness's deposition testimony for trial when the defendant did not demonstrate the witness was unavailable pursuant to Rule 804(a)(4)).

Newegg should be precluded from using Trevor's deposition in the Amazon litigation for the further reason that Trevor testified there as an expert.  The examination focused on Trevor's expert report on the patents and a recreation of CompuServe's Travelshopper system that Trevor undertook as an expert for Amazon.  In *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687 (N.D. Ga. 2006), the plaintiff offered the deposition testimony of an expert whose deposition had been taken by the defendant in a prior products liability case involving the same drug.  The *Leathers* court excluded the expert deposition, observing:  "Regardless of whether the testimony is excepted from the rule against hearsay, it still contains expert opinions under FRE 702 and is subject to FRCP 26(a)'s disclosure requirement."  *Id.* at 699-700.  Any "facts" within Trevor's Amazon testimony are likewise inadmissible as they are inextricably part of his expert opinions.  The use by Newegg of Trevor's expert deposition from the Amazon litigation should be precluded.

**B.    Newegg Must Provide a Summary of Trevor's Proposed Testimony**

Federal Rule of Civil Procedure 16 and the Discovery Order (Dkt. No. 91) in this case require "witness testimony summaries for any witness a party plans to present at trial but who was not deposed."  (Disc. Order ¶ 6.D.)  Newegg has not complied.  Since Trevor was first identified on Newegg's witness list, over a month ago, no such summary has been provided. Trevor's deposition was not taken in this case.  Trevor's deposition as an expert in the Amazon litigation does not qualify as a fact deposition in this action.

Newegg has not complied with the rules requiring a witness testimony summary for

Trevor.  To the extent that Trevor's proffered testimony is based on his personal knowledge (*see* Federal Rule of Evidence 602), and is *not* hearsay or expert opinion (including any opinions disguised as "lay opinions" under Federal Rule of Evidence 701), Newegg must identify that testimony by providing a summary.

### III.   CONCLUSION

The Court should grant Soverain's motion.

Dated: October 23, 2009                                             Respectfully submitted,


/s/ Thomas L. Giannetti (with permission)
Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email:  kradamo@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone:  214-220-3939
Facsimile:  214-969-5100

4

                Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email:  tlgiannetti@jonesday.com
Ognian V. Shentov
NY Attorney Reg.  No. 2867737
Email:  ovshentov@jonesday.com
Barry R. Satine
NY Attorney Reg. No. 1450220
Email:  barryrsatine@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone:  212-326-3939
Facsimile:  212-755-7306

Jennifer Seraphine
CA Attorney Reg. No. 245463
Email:  jseraphine@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

  This is to certify that on October 23, 2009, a true and correct copy of the foregoing document has been served on all counsel of record via the court's ECF system.

              /s/ Thomas L. Giannetti
              Thomas L. Giannetti

NYI-4223178v4