# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC,      )<br>                             )<br>    Plaintiff,                )<br>                             )<br>    v.                       )<br>                             )<br>CDW CORPORATION,             )<br>NEWEGG INC.,                 )<br>REDCATS USA, INC.            )<br>SYSTEMAX INC.,               )<br>ZAPPOS.COM, INC.,            )<br>REDCATS USA, L.P.,           )<br>THE SPORTSMAN'S GUIDE, INC., )<br>AND                          )<br>TIGERDIRECT, INC.,           )<br>                             )<br>    Defendants.              ) | Case No. 6:07-CV-00511-LED<br><br>Hon. Leonard E. Davis |

## SOVERAIN'S REPLY IN SUPPORT OF ITS DAUBERT MOTION TO EXCLUDE EXPERT TESTIMONY OF EDWARD R. TITTEL

I.      **INTRODUCTION**

Defendant Newegg does not dispute that its technical expert, Edward Tittel, ignored the Court's claim constructions in his three expert reports.  Instead, while Newegg apparently expects that at trial it will call on Tittel to "point out relations [of the prior art and the accused Newegg system] to the elements of the patent claims," in its Opposition ("Opp."), Newegg inexplicably asserts that "subtleties of claim construction do not bear on Mr. Tittel's technical testimony." (Opp. at 2, 5.)  Newegg also argues that Tittel's use of narrower claim interpretations in his infringement analysis as compared with his validity analysis is acceptable, supposedly because Tittel's interpretations were "consistent" with the Court's claim constructions.  (Opp. at 7-8.) Newegg's arguments contradict Supreme Court and Federal Circuit precedent establishing that claim construction, the first step in any validity or infringement analysis, is determined as matter of law by the court and must be applied without variation for all purposes.  Tittel's analysis of the asserted claims – both as it relates to the prior art and the accused Newegg system – is completely unreliable and hence is inadmissible under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579 (1993).

II.     **TITTEL'S CLAIM ANALYSIS IS FUNDAMENTALLY UNRELIABLE**

In its Opposition, Newegg confirms that it expects to offer Tittel's testimony "to assist the trier of fact to understand the prior art and the Newegg system and to point out relations to the elements of the patent claims."  (Opp. at 2.)  In short, Newegg expects Tittel to testify at least in part about the validity and infringement of the asserted claims.  Newegg does not dispute the central role of claim construction in both validity and infringement claim analysis; it also does not dispute that in three separate expert reports, admittedly related to the validity and infringement of Soverain's patents, Tittel ignored the Court's constructions.  (Opp. at 5, 6.)  Instead, in its Opposition, Newegg offers several unavailing excuses.

First, Newegg asserts that the Court's constructions are not relevant to Tittel's testimony: "Subtleties of claim constructions do not bear on Mr. Tittel's technical testimony"; "The relationship between the claims and the prior art or the Newegg system do [sic] not depend on any subtleties of claim interpretations." (Opp. at 5, 6.)  Newegg's inexplicable assertions fail as a matter of law, because for an expert to "relate" the prior art and the accused system to the claims, first he must know what the claims mean.  *See Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448 (Fed. Cir. 1998) (en banc).  The Court's constructions are not mere "subtleties" that can be ignored – they are the law of the case.  *Id.*  In two separate orders (Dkt. 192, 214), the Court construed roughly 70 claim terms and phrases, many of which were disputed by the parties in this and in previous litigation.  There is simply no excuse for Tittel's failing to use these constructions in his claim analysis, or for counsel's failure to instruct him to do so.

Next, Newegg argues that "Mr. Tittel naturally, as a technical author and editor of books pertaining to the very topics to which these patents relate, gave the claim terms 'their ordinary and accustomed meaning as understood by one of ordinary skill in the art.'" (Opp. at 5.)  Newegg further states that "[e]ven a cursory review of [the Court's] constructions will show that they do not deviate from the 'ordinary and accustomed meaning' of the claim terms," suggesting that Tittel should be excused from not using the Court's constructions because they were allegedly not different from his own.  *Id.*  This argument fails as a matter of law, because claim construction is the sole province of the court.  *Cybor*, 138 F.3d at 1455.  Once this Court provided constructions for the claim terms, Tittel's obligation as an expert in this case was to follow the Court's constructions, not make up his own.  Newegg's argument also fails as a matter of fact, because Tittel's claim interpretations are demonstrably different from the proper constructions provided by the Court.  *See* Soverain's Motion at 6-8.  These differences go to what the terms mean and

dramatically affect the scope of the claims. *See, e.g.,* discussion of "database" or "digital advertising." *Id.* Thus, Newegg's reliance on *Innogenetics v. Abbott*, 512 F.3d 1363, 1377 (Fed. Cir. 2008) (Opp. at 6), which discusses differences in semantics but no differences in meaning, is misplaced.

Newegg also argues that "Soverain has not pointed out how Mr. Tittel's testimony will be flawed because he did not rely upon the court's claim constructions." (Opp. at 5.) The argument is disingenuous. Soverain has demonstrated that in his expert reports Tittel used claim interpretations that were different for purposes of validity and infringement. At his deposition, Tittel <u>admitted</u> that when analyzing the prior art he applied "more relaxed" definitions for the claim terms than those he used to find noninfringement of the accused Newegg system. *See* Exh. 6, Dep. Tr. at 75:24-76:18. This discrepancy is a serious methodological flaw in Tittel's claim analysis, one that the Federal Circuit has specifically warned against. *See Amazon.com, Inc., v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("A patent may not, like a 'nose of wax,' be twisted" one way for purposes of validity and another way for infringement."). Newegg's assertion that all of Tittel's interpretations were "consistent" with (i.e., subsumed within) the Court's claim constructions (Opp. at 7-8), even if true, does not explain why they were different in his analysis of validity and infringement.

Finally, Newegg argues that Soverain will have an opportunity to expose any deficiencies of Tittel's claim analysis at trial. (Opp. at 5-6.) The argument completely misses the point that unreliable expert testimony is <u>inadmissible</u>. Rule 702; *Daubert*, 509 U.S. at 597. In *Daubert*, the Supreme Court entrusted the trial judge with the gatekeeping function "of ensuring that an expert's testimony both rests on reliable foundation and is relevant to the task at hand." *Id.* As discussed more fully in Soverain's opening brief, serious methodological flaws permeate Tittel's expert

reports and his deposition testimony, making his analysis of the prior art against the asserted claims, and his comparison of Newegg's accused instrumentalities against these claims, completely unreliable and hence inadmissible at trial.

### III.     ADDITIONAL ADMISSIBILITY CONSIDERATIONS

Newegg offers several additional arguments for admissibility of Tittel's claim analysis, which do not remedy Newegg's fundamental failure to demonstrate that the claim analysis in Tittel's reports is reliable.  *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc) ("[T]he party seeking to … admit expert testimony must demonstrate that the expert's findings and conclusions are … reliable.").

First, Newegg argues that testimony of a technical expert in a patent case may not be excluded "simply because he is not a patent attorney, especially as he has not been offered to give legal opinions." (Opp. at 2.)  The argument is a red herring – Soverain has never stated that a technical expert has to be a patent attorney, only that the expert has to apply basic principles of the substantive law.  An expert must help the jury to understand the evidence or determine a fact in issue. Fed. R. Evid. 702.  To help someone learn how to drive, a driving instructor need not be an expert in traffic law, but must apply the law's interpretation of traffic signs.  Likewise, a technical expert in a patent case need not be a patent attorney to know that he must apply the Court's claim constructions consistently, provide an element-by-element validity analysis, and identify particular combinations of prior art pertinent to a patent claim.  Tittel's claim analysis is unreliable because he did not apply those basic principles, not because he is not a patent attorney.

As anticipated in Soverain's opening brief, Newegg points out that "Mr. Tittel's [July 23] report is careful not to set forth ultimate legal conclusions" (Opp. at 3-4), and asserts that Tittel will not offer any opinions, especially on the ultimate legal issues. (*Id*. at 1-4.)  Newegg also distinguishes several cases cited in Soverain's opening brief (the Fifth Circuit's *Aircrash* and

*Salas* cases and the Federal Circuit's *Innogenetics* decision), where expert testimony was precluded, allegedly because these cases were "principally directed to expert testimony in the form of opinion," while Tittel was not offering "an ultimate legal opinion on the obviousness of the claims." (Opp. at 3). In sum, Newegg argues that as long as Tittel does not state that a particular claim is invalid (an "ultimate legal conclusion") he should be permitted to discuss "obvious technology" in the prior art, and "analyze[] each claim at issue and relate[] the essence of each to the prior art," as he did in his reports. (Opp. at 5.)

Newegg's argument (Opp. at 2), drawing a distinction between rendering an "opinion on ultimate legal issues" and what Tittel is expected to say at trial if called to "point out relations [of the prior art] to the elements of the patent claims," is pure sophistry. Any discussion of "obvious technology" and how the claims relate to the prior art reflects Tittel's opinions. And any such opinion testimony by Tittel would be unreliable because he uses wrong and inconsistent claim constructions, and provides no element-by-element analysis. Newegg's suggestion that Tittel may offer "essence-of-the-claims" analysis is not legally sound, because of the Supreme Court's holding that "there is no legally recognizable or protected 'essential' element, 'gist' or 'heart' of the invention in a combination patent." *See Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 345 (1961). Newegg cannot carry the burden of proving that Tittel's proffered claim analysis testimony complies with Rule 702 and the case law interpreting the Rule.

## IV. CONCLUSION

Mr. Tittel's testimony will not assist the trier of fact either to understand the evidence or to determine a fact in issue with respect to the validity or infringement of the Soverain patents, and in particular the application of the alleged prior art to the asserted claims, or a comparison of these claims to the accused instrumentalities. The Court should grant Soverain's Daubert motion.

Dated: October 23, 2009  Respectfully submitted,

 /s/ Ognian V. Shentov (with permission)
Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email:  kradamo@jonesday.com

JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone:  214-220-3939
Facsimile:  214-969-5100

Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email:  tlgiannetti@jonesday.com

Ognian V. Shentov
NY Attorney Reg.  No. 2867737
Email:  ovshentov@jonesday.com

JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone:  212-326-3939
Facsimile:  212-755-7306

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    This is to certify that on October 23, 2009 a true and correct copy of the foregoing document has been served on Newegg Inc.'s counsel by electronic mail.

                                                      /s/ Ognian V. Shentov
                                                      Ognian V. Shentov