**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, | |
| Plaintiff, | |
| vs. | CIVIL ACTION NO. 6:07-CV-511 |
| CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX INC., ZAPPOS.COM, INC., TIGER DIRECT, INC., THE SPORTSMAN'S GUIDE, INC., and REDCATS USA LP, | Hon. Leonard E. Davis |
| Defendants. | |

**PLAINTIFF SOVERAIN'S SURREPLY ON NEWEGG'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE "SHOPPING CART CLAIMS" IN U.S. PATENTS NO. 5,715,314 AND NO. 5,909,492**

Newegg comes forward with no evidence in its Reply to meet its clear and convincing burden on summary judgment of invalidity. Nor does Newegg address the applicable legal standards on obviousness (*Graham*). Newegg's motion is appropriately denied.

First, the CompuServe manuals are inadmissible hearsay. Newegg has proffered those manuals as descriptions of the CompuServe Mall and therefore for the truth of the matter asserted: "The Manuals . . . describe the CompuServe Mall in ample detail." (Reply at 1.) Newegg's suggestion that the patent laws somehow trump the Federal Rules of Evidence by making all prior art publications (even those offered for the truth) automatically admissible, without regard for hearsay, is wrong. *See Hilgraeve, Inc. v. Symantec Corp.*, 271 F. Supp. 2d 964, 974-75 (E.D. Mich. 2003).

Likewise, Newegg's lawyers' statements as to the "clarity" of the disclosures in the Compuserve manuals ("The fact that the manuals disclose electronic shopping over a dial-up-network . . . is clear" (Reply at 1)) are not competent evidence, and cannot serve as the

basis for summary judgment. *See Cont'l Can Co. USA v. Monsanto Co.*, 948 F.2d 1264, 1265 (Fed. Cir. 1991).

Third, Newegg still does not address the *Graham* factors. *Graham* is not an "inapplicable prior decision[]." (Reply at 1.) Rather, "the [*Graham*] factors continue to define the inquiry that controls" a determination of obviousness. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406-07 (2007). Newegg also continues to represent the inventors as those of ordinary skill in the art, not addressing the legal reality that, under *Graham*, "the actual inventor's skill is irrelevant to the [obviousness] inquiry." *Standard Oil Co. v. Am. Cyanamid Co.*, 774 F.2d 448, 454 (Fed. Cir. 1985). The absence of evidence (in the form of undisputed facts) on this and the other *Graham* factors precludes summary judgment.

Finally, Newegg now resorts to "judicial notice" to make its case, suggesting that the court take judicial notice of the supermarket shopping cart. (Reply at 2.) This suggestion is unavailing, and confirms the inadequacy of Newegg's proofs.

Newegg's motion should be denied.

Dated: October 29, 2009                      Respectfully submitted,

/s/ Thomas L. Giannetti (with permission)
Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email: kradamo@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100

                    Thomas L. Giannetti
                    NY Attorney Reg. No. 1632819
                    Email:  tlgiannetti@jonesday.com
                    Ognian V. Shentov
                    NY Attorney Reg.  No. 2867737
                    Email:  ovshentov@jonesday.com
                    Barry R. Satine
                    NY Attorney Reg. No. 1450220
                    Email:  barryrsatine@jonesday.com
                    JONES DAY
                    222 East 41st Street
                    New York, New York 10017-6702
                    Telephone:  212-326-3939
                    Facsimile:  212-755-7306

                    Jennifer Seraphine
                    CA Attorney Reg. No. 245463
                    Email:  jseraphine@jonesday.com
                    JONES DAY
                    555 California Street, 26th Floor
                    San Francisco, CA 94104

                    ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    This is to certify that on October 29, 2009, a true and correct copy of the foregoing document has been served on all counsel of record via the court's ECF system.

                                                        /s/ Thomas L. Giannetti
                                                         Thomas L. Giannetti