IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX INC., ZAPPOS.COM, INC., REDCATS USA, L.P., THE SPORTSMAN'S GUIDE, INC., and TIGERDIRECT, INC., | ) ) ) ) ) ) ) | Civil Action No. 6:07-CV-00511-LED |
| Defendants. | ) ) | |

### DEFENDANT NEWEGG'S UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

NOW comes Defendant Newegg, Inc. ("Newegg"), who respectfully requests that this Court grant it leave to file the Supplemental Brief Attached hereto as Exhibit A. In support of the present Motion, Newegg sets forth the following:

1. On September 28, 2009, Newegg filed a Motion for Summary Judgment of Noninfringement of the Patents-in-Suit (Dkt. No. 248) under the legal theory of divided infringement set forth in *BMC Resources, Inc. v. Paymentech, LP*, 498 F.3d 1373 (Fed. Cir. 2007) and *MuniAuction, Inc. v. Thomson Corporation*, 532 F.3d 1318 (Fed. Cir 2008). Newegg has argued that it cannot infringe the patents-in-suit as a matter of law because *BMC* and *MuniAuction* provide that one must practice each and every element of the claimed invention (the "all elements rule"). *See Warner-*

*Jenkinson Co., Inc. v. Hilton Davis Corp.*, 520 U.S. 17, 40 (1997) (providing that direct infringement requires a showing that the accused infringer has practiced each and every element of the claimed invention). Here, Newegg has argued that it cannot infringe because, e.g., its customers provide their own computers and perform their own product selections and purchases. Newegg has argued that nothing in logic or existing precedent provides that the all elements rule applies only to method claims, and not system claims.

2. Soverain opposed Newegg's Motion (Dkt. No. 262) on October 13, 2009, relying on *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005), as controverting Newegg's legal theory. *NTP* set forth a definition of "use" of a system claim for purposes of geographical location analysis under 35 U.S.C. § 271(a) (i.e., whether one has "used" a claimed system in the United States), holding that use of part of the system in the United States constitutes a "use" in the United States if the use is beneficial. Soverain relies on *NTP* for the proposition that one can infringe a system claim by using only some of the claimed elements, thereby avoiding compliance with the all elements rule of *Warner-Jenkinson*.

3. As of Newegg's Reply filed on October 21, 2009 (Dkt. No. 265), Newegg was aware of no court that had yet directly analyzed the relationship between the legal holdings and principles in these two lines of case law. The correct resolution of this purely legal question is central to the proper disposition of Newegg's Motion.

4. After Newegg filed its Reply (Dkt. No. 265), the U.S. District Court for the Southern District of Indiana entered a Summary Judgment Order directly addressing the relationship between the *MuniAuction/BMC* precedent and the *NTP* precedent.  A copy of this decision, from *Centillion Data Sys., LLC v. Qwest Communications Int'l, Inc.*, No. 1:04-cv-0073-LJM-DML (S.D. Ind. October 29, 2009), is attached hereto as Exhibit B.

5. Newegg's briefing had concluded by the time this highly pertinent decision came down, and so Newegg was unable to cite this authority to the Court in its original briefing.  Soverain likewise did not cite this authority to the Court.  The decision very recently came to the attention of Newegg.

6. Because it is always in the interests of justice to have the most pertinent legal authority before this Court, Newegg respectfully requests that this Court grant Newegg leave to file the Supplemental Brief attached hereto as Exhibit A.

Respectfully submitted,

Dated: November 12, 2009

By: /s/David C. Hanson by Trey Yarbrough w/ permission
David C. Hanson
Kent E. Baldauf, Jr.
John W. McIlvaine

THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
T:  (412) 471-8815
F:  (412) 471-4094

Trey Yarbrough
Texas Bar No. 22133500
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Tel: (903) 595-3111
Fax: (903) 595-0191
trey@yw-lawfirm.com

Attorneys for Defendant
Newegg Inc.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being hereby served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 12, 2009.  All other counsel of record will be served via facsimile or first class mail.

/s/Trey Yarbrough_____
Trey Yarbrough