# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX INC., ZAPPOS.COM, INC., REDCATS USA, L.P., THE SPORTSMAN'S GUIDE, INC., and TIGERDIRECT, INC.,<br><br>Defendants. | Civil Action No. 6:07-CV-00511-LED |

**DEFENDANT NEWEGG'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT**

The central legal issue raised in the briefs for Newegg's Motion for Summary Judgment of Noninfringement (Dkt. No. 248) is the proper scope of *BMC Resources, Inc. v. Paymentech, LP*, 498 F.3d 1373 (Fed. Cir. 2007) and *MuniAuction, Inc. v. Thomson Corporation*, 532 F.3d 1318 (Fed. Cir 2008), both of which apply the Supreme Court's precedent in *Warner-Jenkinson Co., Inc. v. Hilton Davis Corp.*, 520 U.S. 17, 40 (1997) to rule that patent infringement cannot exist unless a single party practices each and every element of a claim (the "all elements rule"). It is Newegg's position that the *BMC/MuniAuction* precedent applies to both method and system claims, because nothing in logic or existing precedent would restrict the all elements rule to method claims only. Indeed, *Warner-Jenkinson* was not so limited.

Soverain relies on *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005) for the proposition that "use" of any one element of a system claim constitutes infringement of the entire claim, even if one neither provides nor uses other parts of the system, as long as the accused infringer derives a benefit from the system. *NTP*, however, was decided only in the context of whether "use" of a system occurred in the United States for purposes of 35 U.S.C. § 271. In other words, *NTP* decided the location of the alleged "use," but in no way held that such a partial use of a system could be <u>infringing</u> when it involves a single entity using less than all elements of the claimed system.

In *Centillion Data Sys., LLC v. Qwest Communications Int'l, Inc.*, the court was presented with precisely the same legal issue as is raised here. No. 1:04-cv-0073-LJM-DML (S.D. Ind. October 29, 2009) (order "granting Motion for Summary Judgment of Noninfringment). The court expressly rejected the same arguments as are raised by Soverain.

> [T]o the extent that Centillion suggests that under *NTP* the use of some, but not all, of the elements of a system claim is sufficient to find direct infringement if the use is "beneficial," the Court disagrees. "Infringement requires, as it always has, a showing that a defendant has practices [sic] each and every element of the claimed invention."

*Id.* at *23 (quoting and citing *BMC* and *Warner-Jenkinson*).

This pure legal issue is all that the Court must decide in order to enter Summary Judgment of Noninfringement, as the court in *Centillon* did.

                                              Respectfully submitted,

Dated: November ____, 2009            By:_____
                                                   David C. Hanson
                                                   Kent E. Baldauf, Jr.
                                                   John W. McIlvaine

                                                   THE WEBB LAW FIRM
                                                   700 Koppers Building
                                                   436 Seventh Avenue
                                                   Pittsburgh, PA 15219
                                                   T:  (412) 471-8815
                                                   F:  (412) 471-4094

        Trey Yarbrough
        Texas Bar No. 22133500
        YARBROUGH ♦ WILCOX, PLLC
        100 E. Ferguson St., Ste. 1015
        Tyler, Texas 75702
        Tel: (903) 595-3111
        Fax: (903) 595-0191
        trey@yw-lawfirm.com

        Attorneys for Defendant
        Newegg Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being hereby served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November _____, 2009.  All other counsel of record will be served via facsimile or first class mail.

        _____
        Trey Yarbrough