# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC <br><br> Plaintiff, <br><br> vs. <br><br> CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX INC., ZAPPOS.COM, INC., TIGER DIRECT, INC., THE SPORTSMAN'S GUIDE, INC., and REDCATS USA LP <br><br> Defendants. | CIVIL ACTION NO. 6:07-CV-511 <br><br> Hon. Leonard E. Davis |

## PLAINTIFF SOVERAIN'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF ALEXANDER TREVOR AT TRIAL

Jury trial is set in this patent-infringement case for February 8, 2010.  At issue is whether Newegg infringes Soverain's three patents-in-suit relating to Internet commerce.  Newegg asserts that two of the patents are invalid in view of certain services available on CompuServe in the mid-1990s, including the CompuServe Mall (the "Mall").  Newegg now seeks to introduce at trial the fact testimony of Alexander Trevor, former Chief Technology Officer for CompuServe.

Mr. Trevor should be precluded from testifying as a fact witness for three reasons: (1) there is no corroboration for his proffered testimony as to the technical details of the Mall; (2) Newegg failed adequately to identify Trevor or the facts about which Trevor will apparently testify in its initial disclosures or invalidity contentions; and (3) the proffered testimony is expert testimony disguised as fact testimony.

I.      **BACKGROUND**

Newegg served its initial disclosures on March 30, 2008.  Newegg did not identify Alexander Trevor in those disclosures, nor did Newegg subsequently amend its disclosures to add Trevor.  Nor was Trevor disclosed by Newegg to Soverain during the course of discovery.

Newegg provided Soverain with its invalidity contentions on August 20, 2008 and its supplemental and second supplemental invalidity contentions on April 30, 2009 and August 25, 2009, respectively.  Newegg's initial contentions identified the CompuServe Mall as alleged prior art, and its later contentions provided claim charts comparing the Mall to certain asserted claims.  Newegg did not disclose Trevor in relation to the Mall.[1]  In its charts, Newegg relied only on non-technical CompuServe books written for users that do not describe the inner workings of the Mall.  Newegg's contentions cited to no evidence of what was happening inside of CompuServe's system.  Newegg last week produced a brief, unauthenticated video of the Mall, but the video also shows only the screen shots of what a user supposedly would see, and reveals nothing about how the system worked.

On July 23, 2009, Newegg submitted an expert report on invalidity of Edward J. Tittel.  While Mr. Tittel mentioned "CompuServe" and Trevor's deposition and expert report from the *Amazon* litigation, he did not mention the Mall.  At his deposition, he testified that he had no firsthand experience with the technology behind the Mall.

That was the state of affairs when discovery closed.  On September 14, 2009, after the close of discovery, Newegg for the first time identified Mr. Trevor as a potential witness at trial.  Trevor is a professional expert witness and works for a company that specializes in finding prior art for patent cases.  (About Nuvocom, attached hereto as Exhibit 1.)  Trevor was previously

---

[1] In contrast, Newegg did mention Trevor in relation to another CompuServe system (Travelshopper), and made reference to his Amazon-litigation expert report and deposition, none of which had any relation to the Mall.  *See infra* p. 3.

designated as an expert witness by defendant Amazon.com in the prior *Soverain v. Amazon.com* litigation,[2] where he opined about two other CompuServe services (EaasySabre and Travelshopper), but not the Mall. In fact, in his expert deposition in the *Amazon* litigation he specifically said that he was not asked to opine on the Mall.

Surprised by Newegg's late disclosure of Trevor, Soverain filed its now-pending motion seeking to preclude (1) expert testimony by Trevor, (2) the admission of Trevor's expert report from the *Amazon* litigation, and (3) reliance by Newegg's expert Tittel on Trevor's *Amazon*-litigation expert report or deposition testimony at trial. (Dkt. 242.) In its opposition to that motion, Newegg acceded to all three requests by Soverain. (Dkt. 260 at 1.) But Newegg also indicated that it intends to present Trevor as a live fact witness at trial. (*Id.*)

On November 12, 2009, in response to Soverain's request, Newegg provided a witness statement for Trevor's expected trial testimony, listing the following topics:

- "the operation of the CompuServe Mall prior to May 1994, its public availability, and its commercial success"

- "the means by which CompuServe Mall customers could select more than one item during a single visit to a given merchant's online store prior to checkout . . . [, i]n particular, . . . the files that accumulated customer selections at the CompuServe servers prior to checkout"

- "the communications protocols used by CompuServe"

- "the client software running on users' computers while communicating with the CompuServe Mall and transacting purchases"

- "the skills of professional programmers prior to May 1994 including familiarity with Internet protocols"

(Letter from Newegg's attorney, David Hanson, Nov. 12, 2009, attached as Exhibit 2.) Newegg should be precluded from offering this uncorroborated, belatedly-disclosed expert testimony disguised as fact testimony at trial.

---

[2] *Soverain Software LLC v. Amazon.com, Inc.*, 6:04-cv-14 (hereinafter "*Amazon* litigation").

## II. ARGUMENT

### A. Lack Of Corroboration Alone Is A Basis For Precluding Trevor's Testimony At Trial

It is black-letter law that "[c]orroboration is required of any witness whose testimony alone is asserted to invalidate a patent, regardless of his or her level of interest." *Texas Digital Sys. v. Telegenix, Inc.*, 308 F.3d 1193, 1217 (Fed. Cir. 2002) (quoting *Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1369 (Fed. Cir. 1999)). "Documentary or physical evidence that is made contemporaneously with the inventive process provides the most reliable proof that the inventor's testimony has been corroborated." *Id.* at 1218. If proposed testimony is not corroborated, the proper remedy is exclusion. *Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1376 (Fed. Cir. 2009) (affirming exclusion of alleged prior inventor's testimony for lack of corroboration); *Texas Digital*, 308 F.3d at 1218 (affirming exclusion of alleged public-use testimony for lack of corroboration).

Newegg has now for the first time disclosed that Trevor is expected to testify about the inner workings of the Mall, including operations invisible to users such as "the files that accumulated customer selections at the CompuServe servers." (Exh. 2.) But the only documents Newegg has produced related to the Mall are books intended for users, and a short, unauthenticated, promotional video. Essentially user manuals, the books say nothing about the files on the CompuServe servers (and there was no reason for them to do so – users neither need nor want this level of detail). Similarly, the brief promotional video just produced by Newegg only shows screen shots of what a user supposedly would have seen when using the Mall, and reveals nothing about the messages sent between the user and CompuServe or what goes on at CompuServe's servers, the subject of Trevor's proffered testimony.

Trevor's testimony stands completely alone.  Newegg has no corroborating documents or physical evidence, whether contemporaneous or not, of the inner workings of the Mall.  Newegg has no testimonial evidence aside from that of Trevor, as none of its other witnesses have first-hand knowledge of the inner workings of the Mall.  Trevor's proposed testimony about the technical details of the Mall is insufficient as a matter of law to establish invalidity, and should be precluded on this basis alone.

**B.  Newegg's Failure To Timely Disclose Trevor Or His Testimony Is A Further Basis For Precluding His Testimony At Trial**

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to disclose as part of its initial disclosures "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information."  A party has a duty to supplement its Rule 26(a) disclosures in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect.  Fed. R. Civ. P. 26(e)(1).

Newegg did not identify Trevor in its initial disclosures, and never supplemented its disclosures to name him as a witness.  Newegg was also required to identify "the subjects of [the] information" Trevor knows – here, the CompuServe Mall – but Newegg did not do this either.[3]  The appropriate remedy for failing to comply with Rules 26(a) and (e)'s disclosure requirements is exclusion at trial.  Fed. R. Civ. P. 37(c)(1).

---

[3] While Newegg identified "[a]ll persons that testified by deposition in the [*Amazon* litigation]" and "[a]ll persons identified as potential witnesses or disclosed as individuals with knowledge of relevant facts in the [*Amazon* litigation]" (Newegg's Initial Disclosures, relevant portions attached as Exhibit 4, at 11), that is not sufficient disclosure of a trial witness.  There were approximately 75 deponents in the *Amazon* litigation and 55 individuals on Amazon's witness list alone.  Such collective descriptions are insufficient:  "The parties must provide the specific names of the individuals they might use as witnesses.  It is not sufficient to identify them through the use of a collective description, such as 'employees or representatives of the defendant.'"  Moore's Federal Practice 26.22[4][a].  Newegg's generic descriptions of the subject matter known by the individuals falling under those collective descriptions were likewise insufficient to provide notice to Soverain.  (*See* Exh. 4 at 11.)  This is especially true here:  Newegg submitted that the *Amazon*-litigation deponents are "likely to have knowledge of facts

Newegg's disclosure failures extend to its invalidity contentions. P.R. 3-3 requires defendants to identify "each item of prior art that allegedly anticipates each asserted claim or renders it obvious" and provide a "chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found." Newegg, however, did not disclose the subject matter of Trevor's proffered testimony in its invalidity contentions. While Newegg identified the Mall, it only relied upon the books discussed *supra*. Newegg's contentions therefore provide no information about the inner workings of the Mall, about which Newegg now says that Trevor is expected to testify. (*See* Newegg's Second Supplemental Invalidity Contentions, representative portions attached as Exhibit 3, at 29-40.) The proper remedy for failing to comply with the Local Patent Rules is again exclusion of Trevor's testimony at trial. *See Emcore Corp. v. Optium Corp.*, 2009 WL 3381800, Civil Action No. 7-326 (W.D.Pa. Oct. 16, 2009) (excluding at trial testimony and documents based on defendant's failure to disclose prior art in its initial disclosures or invalidity contentions); *see also* Fed. R. Civ. P. 37(c).

Newegg's repeated failure to disclose Trevor or the subject matter of his testimony is neither substantially justified nor harmless. Fed. R. Civ. P. 37(c). There is no legitimate reason for Newegg to have withheld this information until after the close of discovery. In contrast, it is the classic trial by ambush that the Federal Rules and Local Patent Rules are designed to avoid. Newegg, despite submitting initial disclosures, three versions of invalidity contentions, and an expert report on validity, provided no indication of its intention to call any witness or provide any evidence on the topics outlined in its witness statement for Trevor. Soverain, operating under the assumption that Newegg's disclosures were complete, formed its rebuttal case and had no reason to seek any discovery on the undisclosed aspects of the Mall. Given the late stage of

---

relating to the subject matter disclosed in [their] deposition testimony." But Trevor was an expert in the *Amazon* litigation, not a fact witness, and in his expert deposition specifically said that he was not asked to opine on the Mall.

this case, Soverain would be highly prejudiced if Newegg were allowed to call Trevor to testify. Fed. R. Evid. 403. Not only would Soverain need additional discovery from Trevor, but Soverain's validity expert would likely have to revaluate the evidence and potentially need to form additional opinions at this late stage in the case.

### C. Newegg Should Not Be Permitted To Backdoor Expert Testimony By Calling Trevor As A Fact Witness

Newegg's technical expert, Edward Tittel, had no opinions about the inner workings of the Mall in his expert report or at his deposition. Newegg's solution is to backdoor Trevor's expert testimony in by calling Trevor, a professional expert witness, as a fact witness. This attempt should be rejected.

Federal Rule of Evidence 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are . . . not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Rule 701 was specifically amended to "ensure[] that a party will not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26 . . . by simply calling an expert witness in the guise of a layperson." Notes to Fed. R. Evid. 701; *see also Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 712-14 (Fed. Cir. 2005) (affirming exclusion of proffered lay testimony as "improper expert testimony").

By calling Trevor, Newegg is attempting to do exactly that. Newegg now says that Trevor is expected to testify on the inner workings of the Mall, such as the "files that accumulated customer selections" on the CompuServe servers and the "communications protocols used by CompuServe." Trevor would have to testify based on his specialized technical knowledge as someone with a B.S. in physics, M.S. in electrical engineering, and over thirty years of experience in computer engineering. (Exh. 1.) These are not matters understandable by

laypersons without the assistance of someone who, like Trevor, has "scientific, technical, or other specialized knowledge." Trevor similarly cannot testify as to the level of ordinary skill in the art of computer programming in 1994 except based on his specialized knowledge due to his experience in the field. Trevor cannot provide the expected testimony as a lay witness, and his so-called "fact" testimony should be excluded from presentation to the jury at trial. *See* Fed. R. Evid. 701.

### III.     CONCLUSION

Soverain respectfully requests that the Court preclude Alexander Trevor from testifying as a fact witness at trial. A proposed Order granting this motion is attached for the Court's convenience.

Dated: November 20, 2009                               Respectfully submitted,

/s/ Thomas L. Giannetti (with permission)
Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email: kradamo@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100

Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email: tlgiannetti@jonesday.com
Ognian V. Shentov
NY Attorney Reg. No. 2867737
Email: ovshentov@jonesday.com
Barry R. Satine
NY Attorney Reg. No. 1450220
Email: barryrsatine@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone: 212-326-3939
Facsimile: 212-755-7306

Jennifer Seraphine
CA Attorney Reg. No. 245463
Email: jseraphine@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This is to certify that on November 20, 2009, a true and correct copy of the foregoing document has been served on all counsel of record via the court's ECF system.

/s/ Thomas L. Giannetti
Thomas L. Giannetti

**CERTIFICATE OF CONFERENCE**

This is to certify that the parties participated in personal conferences regarding the subject matter of this motion on November 19 and 20, 2009, as required by Local Rule CV-7(h). Counsel for the movant, Thomas Giannetti, and counsel for the non-movant, Kent Baldauf, conferred by telephone. An agreement could not be reached because counsel for the non-movant declined to withdraw Mr. Trevor as a witness. The discussions ended in an impasse, leaving the issue open for the Court to resolve.

/s/ Thomas L. Giannetti
Thomas L. Giannetti

NYI-4231218