**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **SOVERAIN SOFTWARE LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:07-CV-00511-LED** |
| | ) | |
| **CDW CORPORATION,** | ) | |
| **NEWEGG INC.,** | ) | |
| **REDCATS USA, INC.** | ) | |
| **SYSTEMAX INC.,** | ) | |
| **ZAPPOS.COM, INC.,** | ) | |
| **REDCATS USA, L.P.,** | ) | |
| **THE SPORTSMAN'S GUIDE, INC.,** | ) | |
| **AND** | ) | |
| **TIGERDIRECT, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**JOINT PROPOSED PRETRIAL ORDER**

This cause came before the Court for a Pretrial Conference on January 21, 2010, pursuant

to the Court's First Amended Docket Control Order (Docket No. 124), Local Rule CV-16, and

Rule 16 of the Federal Rules of Civil Procedure.  Subject to the other rulings made at the Pretrial

Conference, the Court enters this Order.

A.       **COUNSEL FOR THE PARTIES**

<u>**Plaintiff:**</u>

Kenneth R. Adamo
TX State Bar No. 00846960
Lead Attorney
Email:  kradamo@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone:  214-220-3939
Facsimile:  214-969-5100

Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email: tlgiannetti@jonesday.com
Ognian V. Shentov
NY Attorney Reg.  No. 2867737
Email:  ovshentov@jonesday.com
Barry R. Satine
NY Attorney Reg. No. 1450220
Email:  barryrsatine@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone:  212-326-3939
Facsimile: 212-755-7306

Jennifer Seraphine
CA Attorney Reg. No. 245463
Email:  jseraphine@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104

Carl R. Roth
TX State Bar No. 17312000
Email:  cr@rothfirm.com
THE ROTH LAW FIRM, P.C.
115 North Wellington, Suite 200
Marshall, Texas 75671
Telephone:  903-935-1665
Facsimile:  903-935-1797

Michael Smith
TX State Bar No. 18650410
Email:  michaelsmith@siebman.com
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
713 South Washington Avenue
Marshall, Texas 75670
Telephone:  903-938-8900
Facsimile:  972-767-4670

**Defendant:**

Kent E. Baldauf, Jr.
Lead Attorney
Email:  kbaldaufjr@webblaw.com
David C. Hanson
Email:  dhanson@webblaw.com
John W. McIlvaine
Email:  jmcilvaine@webblaw.com
Daniel H. Brean
Email:  dbrean@webblaw.com
THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone:  412-471-8815
Facsimile:  412-471-4094

Richard A. Sayles
TX State Bar No.  17697500
Email:  dsayles@swtriallaw.com
Mark D. Strachan
TX State Bar No. 19351500
Email:  mstrachan@swtriallaw.com
SAYLES │ WERBNER PC
1201 Elm Street
4400 Renaissance Tower
Dallas, Texas 75270
Telephone: 214- 939-8700
Facsimile: 214-939-8787

Trey Yarbrough
TX State Bar No. 22133500
Email:  trey@yw-lawfirm.com
YARBROUGH♦WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Telephone:  903-595-3111
Facsimile:  903-595-0191

B.      **STATEMENT OF JURISDICTION**

This Court has jurisdiction over the subject matter of this action because the action arises

under the patent laws of the United States of America and jurisdiction is founded on Title 28

United States Code §§ 1331 and 1388(a).  Venue is proper in this district under Title 28 United

States Code §§ 1391(c) and 1400(b).  Jurisdiction is not disputed.

C.      **NATURE OF ACTION**

This is a patent infringement action in which Plaintiff Soverain Software, LLC

("Plaintiff" or "Soverain") alleges that Defendant Newegg, Inc. ("Defendant" or "Newegg")

infringes United States Patent Nos. 5,715,314 (the "'314 patent"), 5,909,492 (the "'492 patent"),

and 7,272,639 (the "'639 patent") (collectively, the "patents-in-suit").  Plaintiff seeks reasonable

royalty damages and a permanent injunction against the Defendant.  Defendant denies infringement, and alleges that the patents-in-suit are invalid for failure to comply with one or more of the requirements for patentability set forth in the Patent Act, 35 U.S.C. §§ 102, 103, and 112.  Defendant also contends that Plaintiff is not entitled to money damages or injunctive relief.

### D.   CONTENTIONS OF THE PARTIES

**Plaintiff:**

Plaintiff contends that Defendant directly infringes one or more claims of the '314 patent, either literally or by the doctrine of equivalents; one or more claims of the '492 patent, either literally or by the doctrine of equivalents; and one or more claims of the '639 patent, either literally or by the doctrine of equivalents.

Plaintiff contends that Defendant actively induces infringement of one or more claims of the '314 patent and one or more claims of the '492 patent.

Plaintiff contends that the patents-in-suit are valid and enforceable.

Plaintiff contends that pursuant to 35 U.S.C. § 287 Defendant was provided with actual notice of its infringement of one or more claims of the '314 patent; one or more claims of the '492 patent; and one or more claims of the '639 patent by the filing of this lawsuit and continued to infringe thereafter.

Plaintiff contends that it is entitled to damages adequate to compensate for the infringement of the '314 patent, the '492 patent, and the '639 patent, but in no event less than a reasonable royalty for the use made of the inventions by the Defendant.

Plaintiff contends that unless enjoined, the Defendant will continue to infringe the patents-in-suit, and an injunction to prevent the Defendant's continued infringement is warranted.[1]

**Defendant:**

Defendant contends that it has not infringed any of the asserted claims of the '314, '492, or '639 patents, whether literally or under the doctrine of equivalents.  Specifically, Defendant contends that its Internet sales process does not meet various limitations of the asserted claims.  Additionally, it is Defendant's position that it cannot infringe the asserted patents because it does not itself satisfy each claim element, as it is the customer and not Defendant that satisfies certain claim elements.

Defendant further contends that each of the asserted claims is invalid under 35 U.S.C. § 102 as anticipated by, or under 35 U.S.C. § 103 as obvious in view of the prior art.  It is Defendant's position that the patents-in-suit are directed to simply taking well known methods of selling products over prior art dial-up systems such as CompuServe and applying them to the Internet.  Defendant also contends that the '639 patent is invalid over prior art patents, publications, and prior sales activity, and that the '639 patent is not entitled to the filing date of the parent '780 patent because the '780 patent fails to satisfy the written description, best mode, and enablement requirements of 35 U.S.C. § 112 to support the claims of the '639 patent.

Defendant denies that Plaintiff is entitled to money damages.  To the extent that damages are awarded, Defendant submits that they cannot be based upon its total sales of products not covered by the patents-in-suit.  Defendant is not a competitor of Plaintiff and Defendant is not

---

[1] Soverain reserves its right to file a post-trial brief regarding whether Soverain is entitled to a permanent injunction and with respect to post-judgment interest if Newegg is found to have infringed any of the patents-in-suit. Soverain further reserves the right to seek post-judgment royalties or other compensation for continued use of the patents by Newegg.

accused of selling infringing software.  As such, Defendant contends that it would be improper to base a damage award on its sales of televisions, computers and other products not covered by the patents-in-suit. Rather, Defendant contends that any reasonable royalty damages should be based on the financial harm allegedly incurred by Plaintiff, such as the cost to license its Transact software, or based on other indications of the value of the technology at issue.

Defendant further denies that Plaintiff is entitled to injunctive relief.  Defendant does not compete with Plaintiff and its alleged use of the claimed subject matter causes no harm to Defendant, financial or otherwise.  Plaintiff is not irreparably harmed by Defendant's alleged infringement, and it is not in the public interest to issue an injunction.

E.      **STIPULATIONS AND UNCONTESTED FACTS**

1.      Soverain is a Delaware limited liability company with its principal place of business at 233 South Wacker Drive, Chicago, Illinois.

2.      Newegg is a Delaware corporation with its principal place of business at 16839 E. Gale Avenue, City of Industry, California.

3.      The '314 patent, entitled "Network Sales System," was issued by the United States Patent and Trademark Office on February 3, 1998.

4.      The '492 patent, entitled "Network Sales System," was issued by the United States Patent and Trademark Office on June 1, 1999.

5.      The '780 patent, entitled "Internet Server Access Control and Monitoring Systems," was issued by the United States Patent and Trademark Office on January 13, 1998.

6.      The '639 patent, entitled "Internet Server Access Control and Monitoring Systems," was issued by the United States Patent and Trademark Office on September 18, 2007.

7.      Andrew C. Payne, Lawrence C. Stewart, and G. Winfield Treese are the named inventors of the '314 patent.

8.      Andrew C. Payne, Lawrence C. Stewart, and G. Winfield Treese are the named inventors of the '492 patent.

9.      Thomas M. Levergood, Lawrence C. Stewart, Stephen J. Morris, Andrew C. Payne, and G. Winfield Treese are the named inventors of the '780 patent.

10.     Thomas M. Levergood, Lawrence C. Stewart, Stephen J. Morris, Andrew C. Payne, and G. Winfield Treese are the named inventors of the '639 patent.

11.     The asserted claims of the '314 patent are claims 35, 49, and 51.

12.     The asserted claims of the '492 patent are claims 17, 41, and 61.

13.     The asserted claims of the '639 patent are claims 60, 66, 68, and 79.

14.     Claims 35, 49, and 51 are dependent claims of claim 34 of the '314 patent.

15.     Claim 17 is an independent claim of the '492 patent.

16.     Claim 41 is a dependent claim of claim 15 of the '492 patent.

17.     Claim 61 is a dependent claim of claim 15 and claim 60 of the '492 patent.

18.     Claim 60 is a dependent claim of claim 1 of the '639 patent.

19.     Claims 66 and 68 are dependent claim of claim 1 and claim 60 of the '639 patent.

20.     Claim 79 is a dependent claim of claim 78 of the '639 patent.

21.     The damages period, if any of the claims of the patents-in-suit are found to be valid and infringed by Newegg, is from the date of the filing of this suit, November 2, 2007, to the date of trial.

22.     Newegg presently provides Internet websites accessible through the domain names newegg.com (the "Newegg Website") and newegg.ca through which it sells products to customers.  Newegg also operates an Internet website accessible through the domain name neweggmall.com, whereby Newegg hosts stores of third party merchants to facilitate sales between those merchants and their third party customers.

23.     The Newegg Server System has multiple SSL servers and each SSL server processes payment information.

24.     A potential Newegg customer communicates with the Newegg Server System by using a computer with a Web browser.  The customer's computer and the Newegg Server System are interconnected by the Internet.

25.     The patents-in-suit were originally assigned from the inventors to Open Market, Inc.

26.     Open Market began selling a software product named Transact in 1996.

27.     The Transact product incorporates or reflects each asserted claim of the patents-in-suit as well as additional functionality.

28.     Open Market's assets were purchased by Divine Inc. in 2001.

29.     Divine declared bankruptcy in 2003.

30.     Soverain has not licensed the Transact product to any licensees that were not first licensed by Open Market.

Stipulation Nos. 31-35 apply to what the parties call the "ASP Version" of the Newegg Website (in use until about October 2008):

31.     When a Newegg customer clicks on the "Order Status" hypertext link on the Newegg Website, the customer's computer sends an HTTP message to one of the SSL servers.  This HTTP message comprises a URL.

32.     Each Newegg SSL server has been programmed to transmit an "Order Status" page in response to that HTTP message.

33.     The "Order Status" page on the Newegg Website is coded using HTML and JavaScript.  The "Order Status" page includes "View" hypertext links that correspond to particular transactions.  When the customer clicks such a link, the customer's computer sends an HTTP message requesting a "View Order" page identified by the link.

34.     Each of the Newegg SSL servers is programmed to respond to that HTTP message by transmitting the "View Order" page to the customer's computer over the network.

35.     Transaction information in the "View Order" page on the Newegg
        Website includes a currency type used (the "$" symbol near the prices), a
        transaction date, a product description, and a transaction amount.

Stipulation Nos. 36-40 apply to what the parties call the "ASPX Version" of the Newegg
Website (in use after about October 2008):

36.     When a Newegg customer clicks on the "Order History/Print Invoice"
        hypertext link, the customer's computer sends an HTTP message to one of
        the Newegg SSL servers.  This HTTP message comprises a URL.

37.     Each Newegg SSL server has been programmed to transmit an "Order
        History" page in response to this HTTP message.

38.     The "Order History" page on the Newegg Website is coded using HTML
        and JavaScript.  A Newegg customer can choose a range of the customer's
        transactions dates displayed on the "Order History" page.  The customer
        can choose to display the customer's transactions for a given month on the
        "Order History" page.

39.     The "Order History" page on the Newegg Website includes hypertext
        links that correspond to particular transactions.  When the customer clicks
        such a link, the customer's computer sends an HTTP message requesting a
        "Invoice Details" page identified by the link.

40.     Each of the Newegg SSL servers is programmed to respond to that HTTP
        message by transmitting the "Invoice Details" page to the customer's
        computer over the network.  Transaction information in the "Invoice

Details" page includes a currency type used (the "$" symbol near the prices), a transaction date, a product description, and a transaction amount.

41.     Newegg advertises its newegg.com website by Sponsored Advertisements on Google and Gizmodo.

42.     Newegg advertises its neweggmall.com website.

43.     Newegg provides help files on its newegg.com website that instruct its customers how to use the website.

44.     Newegg provides help files on its neweggmall.com website that instruct its customers how to use the website.

F.      **CONTESTED ISSUES OF FACT AND LAW**

**Plaintiff**:

1.      Whether Newegg infringes one or more claims of the '314 patent.

2.      Whether Newegg infringes one or more claims of the '492 patent.

3.      Whether Newegg infringes one or more claims of the '639 patent.

4.      Whether Newegg infringes a process patent if it does not perform every step of the claimed method, but it does provide direction and control of the process through software.

5.      Whether Newegg infringes a system patent if Newegg does not own or operate each component of the claimed system.

6.      Whether the effective dates of the alleged prior art relied on by Newegg are prior to the invention dates of the patent claims against which they are asserted.

7.      Whether the alleged prior inventions relied upon by Newegg as prior art are adequately corroborated.

8.      Whether Soverain is entitled to damages for Newegg's alleged infringement, and if so, how much.

9.      Whether Soverain is entitled to attorney fees under 35 U.S.C. § 285 because this is an "exceptional case."

10.     Whether Soverain is entitled to an injunction should Newegg be found to have infringed a valid and enforceable patent.

**Defendant**:

1.      Whether Newegg infringes claims 35, 49, and 51 of the '314 patent.

2.      Whether Newegg infringes claims 17, 41, and 61 of the '492 patent.

3.      Whether Newegg infringes claims 60, 66, 68, and 79 of the '639 patent.

4.      Whether Newegg itself satisfies each element of the asserted claims, or certain elements are satisfied by its customers, so that infringement would not be possible for failure to satisfy the all elements rule.

5.      Whether the all elements rule applies to system claims.

6.      Whether Newegg directs or controls its customers so that it is responsible for the customer's satisfaction of certain claim limitations.

7.      Whether claims 35, 49, and/or 51 of the '314 patent are invalid under 35 U.S.C. § 102 as being anticipated by the prior art and/or under 35 U.S.C. § 103 as being obvious over the prior art.

8.      Whether claims 17, 41, and/or 61 of the '492 patent are invalid under 35 U.S.C. § 102 as being anticipated by the prior art and/or under 35 U.S.C. § 103 as being obvious over the prior art.

9.      Whether claims 60, 66, 68, and/or 79 of the '639 patent are invalid under 35 U.S.C. § 102 as being anticipated by the prior art and/or under 35 U.S.C. § 103 as being obvious over the prior art.

10.     Whether the '639 patent is not entitled to the filing date of the '780 patent because the '780 patent fails to support the claims of the '639 patent under 35 U.S.C. § 112 for lack of written description, lack of enablement, and/or failure to set forth the best mode of practicing the invention.

11.     If patent infringement is found, the amount of money, which would be in the form of a reasonable royalty, that Plaintiff should receive from Defendant for the infringement of the '314, '492, or '639 patents.

12.     Whether Plaintiff's damage claim can be based upon Newegg's total sales of products not covered by the patents-in-suit, or based on total number of

customer transactions, where Newegg does not sell a product accused of infringement.

13.    Whether Plaintiff can establish that the patented subject matter drives the demand for the sale of Newegg's products.

14.    Whether Plaintiff is entitled to injunctive relief when Newegg is not a competitor, does not sell an infringing product, and Plaintiff has not suffered irreparable harm.

G.    **LIST OF WITNESSES**

Plaintiff's Trial Witness List is attached hereto as Attachment 1.  Plaintiff's Deposition Designations are due on December 11, 2009, pursuant to the Court's First Amended Docket Control Order.

Defendant's Trial Witness List is attached hereto as Attachment 2.  Defendant's Deposition Designations are due on December 11, 2009, pursuant to the Court's First Amended Docket Control Order.

H.    **LIST OF EXHIBITS**

The Plaintiff's and Defendant's Exhibit Lists are due on December 11, 2009, pursuant to the Court's Order Granting Joint Motion for Extension of Time for Parties to Exchange Trial Exhibits (Docket No. 285).

## I.  JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

The parties are continuing their negotiations of the Joint Proposed Jury Instructions and
Verdict Form.  Plaintiff's Joint Proposed Jury Instructions is attached hereto as Attachment 3.
Defendant's "blackline" of Plaintiff's Joint Proposed Jury Instructions, which shows sections and
text still subject to negotiation between the parties, is attached hereto as Attachment 4.
Plaintiff's Verdict Form is attached hereto as Attachment 5.  Defendant's "blackline" of
Plaintiff's Verdict Form, which shows sections and text still subject to negotiation between the
parties, is attached hereto as Attachment 6.

## J.  LIST OF ANY PENDING MOTIONS

**Plaintiff's Motions:**

Docket No. 230: Motion for Partial Summary Judgment of Infringement of U.S. Patent
No. 5,909,492

Docket No. 242: Motion To Preclude Expert Trial Testimony by Alexander Trevor,
Preclude Edward Tittel from Offering Testimony Based on the Trevor Report, and Exclude the
Trevor Report from Evidence

Docket No. 243: Motion To Strike Portions of Newegg's Damages Expert Report
Relying on the "Design-Around" Memo, Preclude Testimony on Those Portions, and Preclude
Newegg from Offering the Memo as Evidence

Docket No. 253: Daubert Motion To Exclude Expert Testimony of Edward R. Tittel

Docket No. 254: Daubert Motion To Exclude Certain Opinions of W. Christopher
Bakewell

Docket No. 287: Motion in Limine to Preclude the Testimony of Alexander Trevor at Trial

**Defendant's Motions:**

Docket No. 221: Motion for Summary Judgment That the '639 Patent Is Not Entitled To Claim the Benefit of the Filing Date of Its Parent Application, and That the Asserted Claims of the '639 Patent Are Therefore Invalid

Docket No. 247: Motion for Partial Summary Judgment of Invalidity of the "Shopping Cart Claims" in U.S. Patent No. 5,715,314 and No. 5,909,492

Docket No. 248: Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 7,272,639, 5,715,314, and 5,909,492

Docket No. 252: Motion To Exclude the Expert Report and Testimony of James Nawrocki

### K.    PROBABLE LENGTH OF TRIAL

The probable length of trial is 5 days.

### L.    MANAGEMENT CONFERENCE LIMITATIONS

Each party is limited to three (3) testifying expert witnesses.

### M.    JURY QUESTIONNAIRE

The parties are working together to reach agreement on a Joint Proposed Jury Questionnaire form to be submitted later to the Court.

### N.    CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1.     Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

2.     Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise;

Approved as to form and substance:

/s/ Kenneth R. Adamo (by Michael C. Smith with permission)
Kenneth R. Adamo, Attorney-in-Charge for Plaintiff

/s/ Kent E. Baldauf, Jr.
Kent E. Baldauf, Jr., Attorney-in-Charge for Defendant

This Joint Pre-Trial Order is hereby approved.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this the 24th day of November, 2009.  Any other counsel of record will be served by facsimile transmission and/or first class mail.

/s/ *Michael C. Smith*
Michael C. Smith

NYI-4232410v3