# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CDW CORPORATION, )<br>NEWEGG INC., )<br>REDCATS USA, INC. )<br>SYSTEMAX INC., )<br>ZAPPOS.COM, INC., )<br>REDCATS USA, L.P., )<br>THE SPORTSMAN'S GUIDE, INC., )<br>AND )<br>TIGERDIRECT, INC., )<br>)<br>Defendants. ) | Case No. 6:07-CV-00511-LED<br><br>Hon. Leonard E. Davis |

## SOVERAIN'S RESPONSE TO NEWEGG'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

**I.      INTRODUCTION**

In the Supplemental Brief in Support of Its Motion for Summary Judgment of Noninfringement (Dkt. 282),[1] Newegg alleges that the recent court order in *Centillion Data Sys. v. Qwest Comm. Int'l, Inc.*, No. 1:04-cv-0073, slip. op. (S.D. Ind. Oct. 29, 2009) is the most pertinent authority on the application of the *Muniauction*[2] multiple-actor rationale to system claims, and urges the Court to find noninfringement in this case as did the district court in *Centillion*. (Suppl. Br. at 2.) Newegg's reliance on *Centillion* is misplaced, however. Soverain does not object to Newegg bringing to the Court's attention new case law, but believes that a response is warranted to address Newegg's mischaracterization of Soverain's positions on infringement of system claims and of the import of the new case.

**II.     DISCUSSION**

Newegg relies on *Centillion* for two main propositions: (1) to support its allegation that Soverain's "use" analysis of system claims violates the all-elements rule; and (2) the new test for "use" of system claims under 35 U.S.C. §271(a), in which *Centillion* extended to individual system components the *Muniauction* direct or control rationale applicable to method claims.

   **A.     *Centillion* Does Not Support Any Violation Of The All-Elements Rule**

As in its original Motion, in its Supplemental Brief Newegg alleges repeatedly that failure to follow the *Municaution* multiple-actor rationale for system claims is tantamount to avoiding compliance with the all-elements rule. (Mot. Leave ¶¶ 1, 2; Suppl. Br. at 1-2.) Specifically, Newegg alleges that "Soverain relies on *NTP* for the proposition that one can infringe a system claim by using only some of the claimed elements, thereby avoiding

---

[1] The Court's Order of November 17, 2009 (Dkt. 285) granting Newegg's Motion for Leave to File (Dkt. 282) directed Newegg to file its Supplemental Brief by November 20, 2009. Newegg did not make such a filing. Soverain submits this response in case Newegg's Motion for Leave is deemed to be a proper filing. Newegg's Motion is cited to herein as "Mot. Leave"; the brief attached as Exhibit A is cited to as "Suppl. Br."
[2] *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008).

compliance with the all elements rule of *Warner-Jenkinson*." (Mot. Leave ¶ 2[3]; Suppl. Br. at 2.) Building on this supposed non-compliance, Newegg then cites *Centillion* for the holding that "infringement requires, as it always has, a showing that a defendant has practiced each and every element of the claimed invention." (Suppl. Br. at 2.) Newegg's allegations have no basis.

Soverain does not dispute that the all-elements rule in *Warner-Jenkinson* applies to system claims, and specifically refuted Newegg's accusation in its Surreply. (Dkt. 275, at 2-3.) Soverain has shown that the all-elements rule is satisfied here because all of the claimed elements are present in Newegg's system. Soverain further demonstrated not only that Newegg uses its system as a whole, but also that both Newegg and its customers use each element of the claimed system, including the buyer/client computers. *See* Opposition, Dkt. 262 at 6-9, 22-24; Surreply, Dkt. 275 at 5-6, 9. Accordingly, Newegg's assertion that Soverain has relied on *NTP* to show infringement of a system by using only some of the claimed elements has no basis.

Furthermore, *Centillion* is distinguishable on its facts because, unlike here, the plaintiff in that case appears to have conceded that the accused infringer does not practice all claim elements. *Centillion*, *18 ("Simply put, the parties dispute whether Qwest can be held liable for the "use" of the '270 patent if it did not, by itself, practice each and every element of the '270 patent's system claims."). *Centillion* is, as a result, unavailing in any event to support the allegation that Soverain's "use" analysis of system claims violates the all-elements rule.

### B. Newegg/*Centillion* Offer Unworkable Infringement Analysis for Use of System Claims, Ignoring Applicable Precedent

In its original motion briefing, Newegg dismissed as irrelevant the Federal Circuit decision in *NTP* and this Court's *Renhcol* decision, allegedly because they "related to the

---

[3] Referring to *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005) and *Warner–Jenkinson Co. v. Hilton Davis Chemical Corp.*, 520 U.S. 17 (1997).

geographic location of infringement." (Reply, Dkt. 265 at 1-3.) But *Centillion* expressly rejects Newegg's position. Specifically, with respect to *NTP, Centillion* confirms that "the Federal Circuit defined what constitutes "use" under § 271(a) in *NTP*. … [B]y answering the question of when use occurs within the United States, the *NPT* [sic] court implicitly defined what constitutes "use" under § 271(a)." *Id*. at *22.

In *NTP*, the Federal Circuit explained that a system is used "as a whole": the focus is on "the whole operable assembly." 418 F.3d 1317-18 (relying on the Supreme Court's decision in *Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518 (1972)). The Federal Circuit specifically decided that "the concept of 'use' of a patented method or process is <u>fundamentally different</u> from the use of a patented system or device":

> Because a process is nothing more than the sequence of actions of which it is comprised, the use of a process necessarily involves doing or performing each of the steps recited. This is <u>unlike use of a system as a whole, in which the components are used collectively, not individually</u>.
> *Id.* (emphasis added).

Based on this analytical framework, the *NTP* court concluded that when the defendant's "United States customers send and receive messages by manipulating the handheld devices in their possession in the United States, the location of the use of the communication system as a whole occurs in the United States." *Id*. at 1317. As discussed in Soverain's Surreply, several subsequent district court decisions have applied the same rationale to find infringement of system claims in factual circumstances similar to the present case.[4]

---

[4] Dkt. 275 at 3-6, discussing *Inline Connection Corp. v. AOL Time Warner Inc.*, 472 F. Supp. 2d 598 (D. Del. 2007)("Defendants' argument that in order to directly infringe a system claim, a party must directly use each component of the system, fails."); *Uniloc USA, Inc. v Microsoft Corp.*, 2009 WL 3106555 (D.R.I.) (Sept. 29, 2009)(refusing to extend the *Muniauction* rationale to system claims); and this Court's decision in *Renhcol, Inc. v. Don Best Sports,* 548 F. Supp. 2d 356, 361 (E.D. Tex. 2008) (Davis, J.) ("The Federal Circuit in *NTP* rejected the proposition . . . that in order to 'use' a claimed system, [an accused infringer] must directly use each element of the claim.") (quoting *Civix-DDI, LLC v. Cellco P'ship,* 387 F. Supp. 2d 869, 884 n.13, 886 (N.D. Ill. 2005)).

- 3 -

Newegg ignores the teachings of *NTP* and does not even bother to mention (much less distinguish) the cases cited by Soverain. Instead, Newegg asserts that to show infringement the patentee is required to prove that the accused infringer either provides or directly uses each component part of the accused system. (Suppl. Br. at 2.) For support, Newegg apparently relies on *Centillion*, which articulated the following specific test for system use: "a party is liable for direct infringement for the 'use' of a system claim under § 271(a) if it, by itself or in combination with a third party directed by it, put each and every element of the system claim into service, i.e. <u>exercised control over, and benefited from</u>, the application of each and every element of the system claim." *Id*. at *24 (emphasis added).

The *Centillion* test is wrong and contrary to controlling Federal Circuit precedent. Aside from the fact that it conflicts with the holdings of several cases cited by Soverain, the test is improper and unworkable. First, the requirement to show direction or control of the application of each system element is virtually identical to the corresponding *Muniauction* requirement in the analysis of method claims, and hence contradicts the express statement in *NTP* that use of system and method claims is "fundamentally different."

Furthermore, 35 U.S.C. § 271(a) provides that "whoever without authority . . . uses . . . any patented invention . . . infringes the patent." For method claims, the "patented invention" is the claimed sequence of steps, and to "use" the invention means to perform all individual steps. *NTP*, 418 F.3d at 1388. In this context, the *Muniauction* requirement that to infringe a single party must be shown to direct or control all steps of the claimed method makes sense; liability is straightforward to show, because one can identify a specific actor responsible for performing each step. In the context of system claims, however, the Newegg/*Centillion* test is improper and would not work. This test would require a showing of (1) ownership or direct control over, and (2) beneficial use of <u>each</u> system claim element.

Such requirements are simply not present in the statute, which requires using the "patented invention," which in this case is the claimed collection of physical components; that is, using the system as a whole, all claimed components collectively, not individually. *NTP*, 418 F.3d at 1317-18. Further, as a practical matter, the test proffered by Newegg/*Centillion* makes little sense, as illustrated in the following hypothetical.

Consider a patent claim directed to a car comprising a body, a driver's seat and a passenger seat, where the body is painted. What would it mean to "use" the claimed car? Under *NTP*, an individual driving a car that meets every claim element is "using" the car. Under the Newegg/*Centillion* view, on the other hand, there is no "use" of the car unless the patentee shows that the driver is using, or directing/controlling another to use, each claim element, including the passenger seat and the paint. Can there be infringement if no one sits in the passenger seat? What if the passenger is a stranger? What would it mean to show a direct "use" of the paint?

To avoid infringement in this case, Newegg invites the Court to accept the inevitable and illogical consequences of extending the *Muniauction* rationale to system claims. Neither controlling precedent nor common sense can support this ill-conceived extension.

## III.    CONCLUSION

*Centillion* does not affect the analysis of method claims previously presented by Soverain and also does not affect infringement when Newegg is testing its ecommerce system and directly uses all system components. Soverain respectfully submits that neither *Centillion* nor the arguments in the Supplemental Brief can cure the fundamental defects of Newegg's multiple-actor noninfringement defense against all asserted claims, or rebut the reasons set forth by Soverain as to why Newegg's noninfringement motion should be denied.

- 6 -

| | |
|---|---|
| Dated: November 27, 2009 | Respectfully submitted,<br><br>/s/ Ognian V. Shentov (with permission)<br>Kenneth R. Adamo<br>State Bar No. 00846960<br>Lead Attorney<br>Email:  kradamo@jonesday.com<br><br>JONES DAY<br>2727 North Harwood Street<br>Dallas, Texas 75201-1515<br>Telephone:  214-220-3939<br>Facsimile:  214-969-5100<br><br>Thomas L. Giannetti<br>NY Attorney Reg. No. 1632819<br>Email:  tlgiannetti@jonesday.com<br><br>Ognian V. Shentov<br>NY Attorney Reg. No. 2867737<br>Email:  ovshentov@jonesday.com<br><br>JONES DAY<br>222 East 41st Street<br>New York, New York 10017-6702<br>Telephone:  212-326-3939<br>Facsimile:  212-755-7306<br><br>ATTORNEYS FOR PLAINTIFF |

- 7 -

**CERTIFICATE OF SERVICE**

      This is to certify that on November 27, 2009 a true and correct copy of the foregoing document has been served on all counsel of record via the court's ECF system. .

                                  /s/ Ognian V. Shentov
                                  Ognian V. Shentov

NYI-4232500v1