IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC,<br><br>Plaintiff,<br><br>v.<br><br>CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX INC., ZAPPOS.COM, INC., REDCATS USA, L.P., THE SPORTSMAN'S GUIDE, INC., and TIGERDIRECT, INC.,<br><br>Defendants. | Civil Action No. 6:07-CV-00511-LED |

**NEWEGG'S RESPONSE IN OPPOSITION TO SOVERAIN'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF ALEXANDER TREVOR AT TRIAL**

Newegg desires to call Mr. Alexander Trevor as a fact witness because he was the Chief Technical Officer of CompuServe, Inc. and has personal knowledge of CompuServe and the CompuServe Mall. He is not being called as an expert witness. He will not render any opinions or make any inferences based on his technical knowledge, will not be asked hypothetical questions, and will only testify about facts for which he has personal knowledge. Such fact testimony is absolutely permissible under Federal Rule of Evidence 701. Although Mr. Trevor is competent to testify as to technical matters due to his specialized knowledge, the proper focus for adjudication of the present motion must be on Mr. Trevor's expected testimony, not Mr. Trevor himself. Technical fact testimony is not tantamount to expert testimony.

Mr. Trevor, his relationship to and knowledge of CompuServe, and Newegg's reliance on both Mr. Trevor and the CompuServe Mall were adequately identified by Newegg in both its

Initial Disclosures and Invalidity Contentions.  Further, Newegg complied with this Court's Discovery Order and Docket Control Order to again identify Mr. Trevor as a trial witness and provide a summary of his expected testimony.

Mr. Trevor will testify that he actually used the CompuServe Mall feature of CompuServe to purchase products prior to the time that Open Market began the work in about May of 1994 that led to the patents-in-suit.  He will explain the "three means of access to CompuServe: CIM, specialized access programs and general communications program'' consistent with the descriptions set forth in *CompuServe CIM Running Start* (1993), attached hereto as Exhibit A, at page xvii.  He will describe the capabilities of the user's personal computers needed to run DOS CIM or WinCIM, programs used to access CompuServe, consistent with the description in the Appendix of Exhibit A, at page 240.  He will explain that CompuServe's "computer center house[ed] some 40 Digital Equipment Corporation minicomputers" as noted in *How to Get the Most Out of CompuServe* (March 1994), attached hereto as Exhibit B, at page 4.  He will explain that the user computers connected with CompuServe via "CompuServe's own network, a packet network like Tymnet, Telenet, or DataPac, or a LATA," as set forth in Exhibit B, at page 16.  He will explain that a user of the CompuServe Mall could place "as many orders in the store as you want" as noted in *Using CompuServe* (March 1994), attached hereto as Exhibit C, at page 376.  He will explain how your "order will be stored in a personal holding file until you leave the merchant's store" consistent with Exhibit C, at page 376.  Mr. Trevor's testimony will be commensurate with the scope of the language of the claims at issue.  He need not describe immaterial "technical details" or "inner workings" given the broad language of the shopping cart claims.

Additionally, Mr. Trevor will describe the skills of professional programmers prior to May 1994, including familiarity with Internet protocols. The foregoing is a nonexhaustive list of the particular facts within Mr. Trevor's personal knowledge of which he will testify. Mr. Trevor's testimony will not exceed the scope of Newegg's invalidity contentions or previously provided summary of Mr. Trevor's expected testimony (Ex. 2 to Soverain's Motion).

Soverain urges that that Mr. Trevor's testimony should be precluded for three reasons: it is asserted that (1) there in no corroboration for his proffered testimony as to technical detail of the CompuServe Mall, (2) Newegg failed to adequately identify Trevor or the facts about which Trevor will testify in initial disclosures or invalidity contentions, and (3) the proffered testimony is expert testimony. Newegg will now address each of these arguments individually.

### I.     Mr. Trevor's Expected Testimony is Proper Lay Witness Testimony

Soverain argues that Newegg is attempting to "backdoor Trevor's expert testimony in by calling Trevor, a professional expert witness, as a fact witness." Soverain's Motion, at p. 7. This argument is based on an incorrect reading of the Federal Rules of Evidence, and on the false assumption that Mr. Trevor will be asked to opine and make unlimited inferences relating to the CompuServe Mall at trial.

Soverain suggests that Mr. Trevor's testimony concerning the operation of the CompuServe Mall must be excluded in its entirety because Mr. Trevor possesses "specialized technical knowledge" which enables him to speak to such technical issues. *Id.* If Soverain's position were correct, no inventor of a patent would ever be able to testify in a patent case. Here, all of the inventors of the patents-in-suit would have to be excluded because any comments they make with regard to the patented technology or the prior art would be informed by "specialized technical knowledge." The Federal Rules of Evidence do not mandate such an absurd result that

is obviously contrary to the law. Soverain's Motion confuses the fundamental distinctions between facts and opinions.

Evaluating the admissibility of lay witness testimony under Federal Rule of Evidence 701 places the proper focus on the testimony, not the testifier. *See* Fed. R. Evid. 701 (providing that "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited . . ."). The fact that Mr. Trevor has served as an expert witness is irrelevant. What matters is his testimony, and Rule 701 places limits only on a witness' testimony "in the form of opinions or inferences." Testimony as to facts are explicitly outside the scope of Rule 701. Again, Mr. Trevor is being called by Newegg because he is the former Chief Technical Officer of CompuServe, Inc. and can testify based on his personal knowledge about the facts surrounding the operation of the CompuServe Mall. Mr. Trevor is absolutely permitted to testify as to such facts within his personal knowledge under Rule 701, even though his knowledge of the facts is informed by his specialized knowledge. Only if Mr. Trevor were to offer opinions or inferences based on his technical knowledge would the disclosure and reliability requirements of Rule 701(c) be at issue.

Soverain cites *Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 712-14 (Fed. Cir. 2005) for the proposition that Newegg is simply evading the Rule 26 disclosure requirements by calling Mr. Trevor as an expert witness in the guise of a lay person. The *Air Turbine* case is inapposite, however. There, one of the inventors of the patent-in-suit testified as to the structure and functionality of the accused device. *Id.* at 714. The court excluded his testimony because "the fact that Mr. Bowser may have particularized knowledge and experience as a co-inventor of the claimed invention does not necessarily mean he also has particularized knowledge and experience in the structure and workings of the accused device." *Id.* Thus, the inventor in *Air*

*Turbine* was rendering opinions and inferences with regard to a device based on his technical expertise, not his personal knowledge. Accordingly, his testimony was excluded as improper expert testimony. *Id.*

In contrast to *Air Turbine*, here Mr. Trevor is being called to testify only as to facts within his personal knowledge about the CompuServe Mall. He will not be asked to render any opinions or make any inferences as to how the CompuServe Mall relates to the claims of the patents-in-suit, Newegg's system, or Open Market's software. Such fact testimony is properly given by Mr. Trevor despite the fact that he is competent to give such testimony by virtue of his specialized knowledge.

Courts routinely permit those with technical expertise to testify as to facts they can competently explain because of their expertise. For example, in *Jerden v. Amstutz*, a medical malpractice case, a nurse practitioner was called as a lay witness and testified at trial regarding (1) a diagnosis made about the patient and how that diagnosis affected the surgical procedure, and (2) whether the nurse practitioner believed the results of a brain imaging test indicated that the patient showed signs of brain cancer. 430 F.3d 1231, 1239-40, n. 9 (9th Cir. 2006). The Ninth Circuit held that the nurse practitioner could testify as to the former, which were "fact[s] independent of any personal opinion held by [the nurse practitioner]." *Id.* at n. 9. Regarding the latter, the court explained that "[the witness'] testimony did not merely relate his factual observations of what occurred that was within his competence to describe; instead, he rendered opinions and inferences that he drew from his observations . . . ." *Id.* at 1240. Thus, factual testimony based on personal observation can be admissible, even if it takes considerable technical expertise to competently explain such facts, as long as the witness' testimony is independent of personal opinions or inferences.

As in *Jerden*, here Mr. Trevor will permissibly be asked to explain facts based on his personal knowledge, although informed by his technical expertise. The facts regarding how the CompuServe Mall worked are "independent of any personal opinion held by [Mr. Trevor.]" *Id.* at 1239 n. 9. However, unlike in *Jerden*, Mr. Trevor will not be testifying as to any opinions or inferences based solely on his technical expertise. In these circumstances, there is no basis to exclude Mr. Trevor's testimony under Rule 701(c).

## II. Mr. Trevor's Expected Testimony is Adequately Corroborated

Soverain argues that Mr. Trevor's testimony must be excluded because it is not corroborated by any other evidence. This is plainly not the case. Soverain admits that Newegg has produced books describing the operation of CompuServe. Soverain's Motion, at p. 4. Although Soverain opted not to attach the actual evidence to its Motion, attached hereto as Exhibits A, B, and C are selected pages from the CompuServe books produced by Newegg. Some of the key disclosures in these books, and how they relate to Mr. Trevor's expected testimony, were discussed *supra*.

Soverain repeatedly suggests that Mr. Trevor will testify as to the "inner workings" of the CompuServe Mall as if such testimony is required for Newegg to demonstrate the invalidity of the claims at issue. The '314 and '492 patents are not directed to highly specific and technical "inner workings," but to concepts as defined by the broad qualitative language of the claims in suit.

Newegg concedes that "corroboration is required of any witness whose testimony alone is asserted to invalidate a patent . . . ." *Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1217 (Fed. Cir. 2002). However, "the sufficiency of corroborative evidence is determined by the 'rule of reason.' Accordingly, a tribunal must make a reasonable analysis of all pertinent

evidence to determine whether the [witness'] testimony is credible." *Kridl v. McCormick*, 105 F.3d 1446, 1450 (Fed. Cir. 1997). Under this totality of the circumstances approach, there is no basis to exclude Mr. Trevor in his entirety.

As explained above, the books produced by Newegg adequately corroborate the expected testimony of Mr. Trevor. "The law does not impose an impossible standard of 'independence' on corroborative evidence by requiring that every point [necessary to prove invalidity] be corroborated by evidence having a source totally independent of the inventor; indeed, such a standard is the antithesis of the rule of reason." *Knorr v. Pearson*, 671 F.2d 1368, 1374 (C.C.P.A. 1982). Indeed, "sufficient circumstantial evidence of an independent nature can satisfy the corroboration rule." *Id.* at 1373. In other words, not every word that comes out of Mr. Trevor's mouth must be confirmed by an independent source, as long as his testimony can be reasonably supported by other evidence. Further, internal consistency between testimony and other evidence tends to weigh strongly in favor of finding adequate corroboration, particularly when there is no contrary evidence. *Id.* at 1373-74. Here, the CompuServe books (excerpts of which are attached as Exhibits A, B, and C hereto) are independent corroborating sources of Mr. Trevor's testimony, as they were not authored by Mr. Trevor. The books are also consistent with his expected testimony (as described above), and Soverain has attached no evidence to its Motion to controvert the veracity of Mr. Trevor's expected testimony or of the books.

The authority relied upon by Soverain is inapposite to the present corroboration issues. *Texas Digital Systems* involved the exclusion of a witness' testimony offered to establish public use, where the witness "didn't testify that [the invention] was out in the public anywhere or that any were sold prior to [the critical date]. He just couldn't remember. That's the type of unreliable evidence that is difficult to make a determination of whether or not to admit to a jury."

308 F.3d at 1217.  Thus, the absence of any corroborating evidence caused the Federal Circuit to affirm the exclusion of the testimony in *Texas Digital Systems.*  *Id.*  Soverain has asserted no facts or evidence to suggest that Mr. Trevor's memory or testimony will be so grossly inadequate as the witness' in *Texas Digital Systems.*

*Finnegan Corp. v. Int'l Trade Commission* involved a situation where there was no corroborative evidence whatsoever to support a claim of prior public use of the claimed invention.  180 F.3d 1354, 1369-70 (Fed. Cir. 1999) ("In this case, the sole basis to support a determination of a prior public use was Jefferts' testimony concerning his own work; there was no evidence corroborative of this testimony at all.").  Indeed, the *Finnegan* court explicitly distinguished that situation from the situations as in *Knorr* and *Kridl*, discussed *supra*, which are more apposite authority because they concern the sufficiency of existing corroborating evidence.  *Id.* at 1369.

### III. Mr. Trevor and His Expected Testimony Were Timely and Adequately Disclosed to Soverain

Soverain argues that Newegg failed to identify Mr. Trevor in its initial disclosures, failed to identify the pertinent information known to Mr. Trevor, and failed to adequately identify the CompuServe Mall in its invalidity contentions.  Each of these allegations is unfounded, and Soverain has suffered no prejudice or unfair surprise.  Newegg has more than adequately complied with the disclosure requirements, Local Rules, and specific orders in this case.

Newegg identified Mr. Trevor as a witness with particular knowledge of CompuServe in its initial Invalidity Contentions served on August 20, 2008, a year before discovery closed. CompuServe's TravelShopper service and Electronic Mall service were both explicitly listed as prior art in Newegg's invalidity contentions.  Invalidity Contentions, attached hereto as Exhibit

D, at 34, 41. Officers of CompuServe, including Mr. Trevor by name, were identified as having knowledge of the public use and sale of the CompuServe TravelShopper and Mall services. *Id.* at 34 (specifying that "those persons [with knowledge of the public use and sale of CompuServe TravelShopper] included, at a minimum, Alexander Trevor, and employees, agents, representatives, and/or contractors of CompuServe"); *id.* at 41 (specifying that "those persons [with knowledge of the public use and sale of CompuServe Mall] included, at a minimum, owners agents, employees, representatives, or contractors of CompuServe"). Also, one of the CompuServe books relied upon by Newegg for its disclosure relating to the CompuServe Mall was also listed in the invalidity contentions. *Id.* at 21. Further, Newegg incorporated by reference the invalidity contentions reflected in Mr. Trevor's report in the Amazon litigation, which included invalidity contentions based on CompuServe. *Id.* at 3. In his deposition in the Amazon litigation, Mr. Trevor even testified that he had knowledge of both the CompuServe TravelShopper service and the CompuServe Mall. Deposition of Alexander Trevor, attached as Exhibit E hereto, at 121-22.

Mr. Trevor was also adequately identified in Newegg's initial disclosures, which explicitly designated "[a]ll persons that testified by deposition in the lawsuit Soverain Software LLC v. Amazon.com, Inc., Case No. 6-04CV-14 (E.D. Tex.)." Exhibit 4 to Soverain's Motion, at 11. As Amazon's technical expert in the prior litigation, Mr. Trevor was one of the more prominent deponents in the case. Soverain alleges that Newegg's initial disclosures were incurably imprecise, arguing that they were tantamount to a vague and indeterminate description such as "employees or representatives of the defendant." Soverain's Motion, at 5 n. 3. However, Newegg's initial disclosures were not imprecise, as they identified a finite list of people, all of whom could be immediately identified by name by Soverain because Soverain was involved in

all of the referenced depositions. By virtue of Soverain's involvement in the Amazon litigation, Soverain knew exactly who Mr. Trevor is and what he knew and could know long before the present lawsuit was filed.

In addition to the above disclosures relating to Mr. Trevor and the CompuServe Mall, Newegg also strictly complied with this Court's Discovery Order and Docket Control Order with regard to further identification of Mr. Trevor as a witness Newegg expected to call at trial, and his expected testimony. Newegg was not required to specifically list Mr. Trevor as a trial witness until November 24, 2009, or to summarize his testimony until December 11, 2009. Mr. Trevor was listed as a trial witness in the Joint Pre-Trial Order filed on November 24, 2009. Ex. 2 to Dkt. No. 288. The Discovery Order stated that "[b]y the date provided in the Docket Control Order [for pre-trial disclosures], each party shall provide to every other party . . . . [w]itness summaries for any witness a party plans to present at trial but who was not deposed." Dkt. No. 91, at ¶ 6.D. Newegg provided the required summary of Mr. Trevor's expected testimony on November 12, one month before pre-trial disclosures are due. Ex. 2 to Soverain's Motion; Dkt. No. 122-2.

Soverain cites *Emcore Corp. v. Optium Corp.*, 2009 WL 3381800, Civil Action No. 7-326 (W.D. Pa. Oct 15, 2009) for the proposition that Newegg's alleged failure to comply with this Court's Local Patent Rules should result in Mr. Trevor's testimony being precluded. First, Newegg more than adequately complied with the letter and spirit of the Local Rules by disclosing early on Mr. Trevor, the CompuServe Mall, and Newegg's reliance on both for purposes of its invalidity contentions. By contrast, in *Emcore* the accused infringer failed to disclose any indication whatsoever of its reliance on the public use and sale of a particular product until 31 days before trial. *Id.* at *1-2.

In view of the numerous and timely disclosures by Newegg, Soverain absolutely knew about Mr. Trevor, his personal knowledge of the CompuServe Mall, and Newegg's reliance on CompuServe prior art, including the CompuServe Mall.  There is no "trial by ambush" here.  Nothing has been "withheld" from Soverain, and it cannot be said that Soverain had "no reason to seek any discovery [relating to the CompuServe Mall]."  Soverain's Motion, at 6.  Soverain's own imprudence should not be remedied by precluding Mr. Trevor's testimony.

Nevertheless, Soverain argues that it has been "highly prejudiced," claiming that it would need additional discovery from Mr. Trevor, as well as the opportunity for its validity expert to supplement the opinions in his report.  Although Newegg believes that there has been no prejudice or unfair surprise, as set forth above, to the extent that this court might deem Soverain to have been prejudiced, Newegg is willing to offer Mr. Trevor for deposition before trial.  Newegg would also stipulate to allow a supplemental expert report by Soverain's validity expert, provided that Newegg's technical expert had an opportunity to respond with his own supplemental rebuttal.

## CONCLUSION

For the foregoing reasons, Soverain's Motion in Limine to Preclude the Testimony of Alexander Trevor should be denied.

Respectfully submitted,

Dated: December 3, 2009

By: */s/ David C. Hanson with permission by Trey Yarbrough*
David C. Hanson
Kent E. Baldauf, Jr.
John W. McIlvaine
Daniel H.  Brean

        THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
T:  (412) 471-8815
F:  (412) 471-4094

Trey Yarbrough
Texas Bar No. 22133500
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Tel: (903) 595-3111
Fax: (903) 595-0191
trey@yw-lawfirm.com

Counsel for Newegg Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being hereby served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 3, 2009.  All other counsel of record will be served via facsimile or first class mail.

        /s/ Trey Yarbrough
        Trey Yarbrough