IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC<br><br>        Plaintiff,<br><br>  vs.<br><br>CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX INC., ZAPPOS.COM, INC., TIGER DIRECT, INC., THE SPORTSMAN'S GUIDE, INC., and REDCATS USA LP<br><br>        Defendants. | CIVIL ACTION NO. 6:07-CV-511<br><br>Hon. Leonard E. Davis |

**PLAINTIFF SOVERAIN'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF ALEXANDER TREVOR AT TRIAL**

Newegg acknowledges that testimony regarding prior art must be corroborated to be admissible at trial.  Yet Newegg comes forward with no competent evidence to corroborate the proffered testimony of Alexander Trevor as to the CompuServe Mall (the "Mall") -- the alleged invalidating prior art.  Instead, Newegg submits three books directed to users of the Mall that describe the Mall only in the most general of terms.  But those books are inadmissible hearsay, and in any event contain no technical description of how the Mall system actually worked, let alone technical details corresponding to the elements of the asserted patent claims.  And for Trevor's alleged personal use of the Mall, Newegg cites no corroboration at all.  Absent corroboration in the form of admissible evidence that includes the technical details of the Mall corresponding to elements of the asserted patent claims and Trevor's alleged use, Newegg is properly precluded from introducing Trevor's testimony at trial.

### A.     Newegg's So-Called Corroborating Evidence -- "The Manuals"

There is no question, and Newegg does not dispute, that testimony regarding prior art must be corroborated to be admissible at trial.  *Texas Digital Sys. v. Telegenix, Inc.,* 308 F.3d 1193, 1217 (Fed. Cir. 2002).  Uncorroborated testimony is properly precluded from being heard by the jury.  *Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1375-76 (Fed. Cir. 2009) (affirming preclusion of uncorroborated testimony).

As alleged corroboration Newegg relies on the same three documents as were submitted on summary judgment:[1] *CompuServe® CIM Running Start*, *How To Get the Most out of CompuServe*, and *Using CompuServe* (collectively "the Manuals").  The Manuals are all general user guides to CompuServe services.  Each devotes only a few pages to the Mall, and those pages merely provide basic instructions for how to shop in the Mall.  (Opp. Exs. A-C)  The Manuals contain only general information directed to users of the system, such as examples of

---

[1] Dkt. No. 247, Exs. 6-8.

Mall merchants, the types of products offered by Mall merchants and general navigational commands for the Mall.  The Manuals do not provide any description of the technical details or inner-workings of the Mall.  Even where the Manuals describe particular features of the Mall, they do not describe how those features are performed technically.

### B. The Manuals Are Hearsay And Cannot Corroborate Trevor's Testimony

Newegg's opposition does not rely upon the Manuals as invalidating prior art.  Instead, Newegg relies on the Mall, and offers Trevor's testimony in support.  Newegg then offers the Manuals to corroborate Trevor's testimony about the Mall.

This is an important distinction, because to corroborate Trevor's testimony, the information in the Manuals must be true.[2]  Stated conversely, if the content of the Manuals were not true, then the Manuals would not corroborate Trevor.  As proof of the Mall's features, the Manuals are offered for the truth of the matters asserted therein, and are therefore hearsay. *Hilgraeve, Inc. v. Symantec Corp.*, 271 F. Supp. 2d 964, 974-75 (E.D. Mich. 2003) (user's manual offered to prove public use of the prior art system was hearsay).  Newegg does not dispute that inadmissible evidence, including inadmissible hearsay, cannot be used to corroborate testimony regarding prior art.  *Id.*

### C. The Manuals Do Not Corroborate Trevor's Proffered Testimony

Even if admissible, the Manuals would not corroborate Trevor's proffered testimony. The Manuals cannot corroborate details that they do not contain.  *Finnigan Corp. v. ITC*, 180 F.3d 1354, 1369 (Fed. Cir. 1999).

---

[2] Newegg's anticipated non-hearsay argument, that the Manuals are printed publications, is a red-herring, for Newegg's opposition points to the Manuals as proof of the Mall itself.  In any event, that argument fails: while Newegg has provided a publisher's affidavit that one of the Manuals was printed, there is no evidence that the Manuals were actually available and the documents therefore do not meet the prerequisites for being a printed publication.  *See Carella v. Starlight Archery and Pro Line Co.*, 804 F.2d 135, 139 (Fed. Cir. 1986) ("one who wishes to characterize the information, in whatever form it may be, as a printed publication 'should produce sufficient proof of its dissemination or that it has otherwise been available and accessible to persons concerned with the art to which the document relates and thus most likely to avail themselves of its contents.'").

Newegg has proffered that, at trial, Trevor will: "explain the means by which CompuServe Mall customers could select more than one item during a single visit to a given merchant's online store prior to checkout;" "describe the files that accumulated customer selections at the CompuServe servers prior to checkout;" and "describe the communications protocols used by CompuServe." (Motion Ex. 2) But nowhere in the Manuals are these facts corroborated, and nowhere in its opposition does Newegg point to support in the Manuals for these topics of Trevor's expected testimony.

Instead, Newegg in its opposition now revises its description of Trevor's testimony in an attempt to tailor that testimony to the Manuals. But Newegg is less than candid about what the Manuals can and cannot corroborate. For example, Newegg now says that Trevor will testify as to "**how** your 'order will be stored in a personal holding file until you leave the merchant's store.'" (Opp. at 2, (emphasis added)) But the *Using CompuServe* Manual that Newegg cites does not describe "**how**" an order was stored; it merely states that an "order will be stored." Nor do the Manuals describe the "personal holding file" where the order is stored. These omissions are critical because the asserted patent claims require that orders be stored in a particular way, in a "shopping cart database," "said shopping cart database being a database of stored representations of collections of products, and said shopping cart computer being a computer that modifies said stored representations of collections of products in said database." (U.S. Patent No. 5,715,314 cl. 34) The Manuals are simply not sufficiently detailed to show whether the Mall had any technical features corresponding to these or the other elements of the asserted patent claims.

Newegg cannot now dismiss these facts as the "*immaterial* 'technical details' or 'inner workings'" of the Mall. (Opp. at 2, (emphasis added)) Either Trevor is going to testify in such

generalities that his testimony would not relate to the elements of the asserted patent claims,[3] or he will testify to specifics not corroborated by the Manuals. Invalidity must be proven by clear and convincing evidence. *Finnigan*, 130 F.3d at 1365. Newegg's generalization that "not every word that comes out of Mr. Trevor's mouth must be confirmed by an independent source" (*Id.* at 7) does not excuse Newegg from showing that every element of the asserted claims is met by the prior art. Trevor's proffered testimony as to where the claim elements are supposedly found in the Mall must be corroborated. *Id*. at 1365-70.

While the lack of corroboration here goes much further, oral testimony is insufficient and should be precluded where even a single element of the patent claim is not corroborated. *See Finnigan,* 180 F.3d at 1369-70. Contrary to Newegg's representation (Opp. at 8), the *Finnigan* court *did* consider alleged corroborating evidence (an article) before holding that the witness's testimony was uncorroborated. *Id.* at 1365-69. Distinguishing two of the same cases relied upon by Newegg (Opp. at 6-7), the Court reversed a holding of invalidity because the proffered article did not address one of the elements of the claim. *Id.* It therefore could not corroborate the witness's testimony regarding that element. *Id.* at 1369. Here, the Manuals suffer the very same flaw as the proffered article in *Finnigan* -- they do not disclose each and every claim element in the Mall's purported features -- and consequently they cannot corroborate Trevor's testimony. *Id.* at 1365-70. Indeed, this very same type of evidence about other CompuServe services was held insufficient in *Civix-DDI, LLC v. Cellco P'ship*, 387 F. Supp. 2d 869, 876, 895-96 (E.D. Ill. 2005) (two CompuServe user manuals did not confirm "that a single system, publicly known or used prior to the critical date in fact incorporated each and every limitation").

---

[3] Newegg's revision of Trevor's anticipated testimony in its opposition is a red flag: Newegg now says that that Trevor will *not* testify as to the "technical details" or "inner-workings" of the Mall. (Opp. at 2) Absent such technical details that can correlate the features of the Mall to elements of the asserted claims, however, Trevor's proffered testimony regarding the Mall system would not, as a matter of law, meet the standard of proof necessary to invalidate the patents. *Finnigan*, 180 F.3d at 1369-70.

Trevor's testimony cannot remedy the deficiencies of the Manuals' descriptions. *Gemstar-TV Guide Int'l, Inc. v. ITC*, 383 F.3d 1352, 1382-83 (Fed. Cir. 2004) (a witness's testimony cannot fill in the gaps left by proffered corroborating evidence). And his uncorroborated testimony alone cannot prove invalidity of the patents-in-suit. *Finnigan*, 180 F.3d at 1369-70. Newegg is therefore properly precluded from presenting Trevor's testimony at trial. *Martek*, 579 F.3d at 1375-76 (affirming the district court's preclusion of the witness in the absence of sufficiently corroborating documents).

### D. Newegg's Offer Of A Deposition Does Not Cure Its Failure To Disclose

Newegg's offer of a Trevor deposition does not cure its lack of compliance with the Federal Rules and the Local Patent Rules. Newegg did not disclose Trevor in relation to the Mall, and Newegg offers no explanation for why its invalidity contentions disclosed Trevor in connection with other prior art, yet excluded him for the Mall. (Opp. Ex. D, disclosure of Trevor only in connection with Eaasy Sabre) In any event, Trevor's testimony is uncorroborated, and Newegg should be precluded from presenting his testimony at trial. If, however, the Court permits Trevor's testimony, Soverain requests that it then be afforded the opportunity to take his deposition.

### E. Conclusion

Soverain respectfully requests that the Court preclude Newegg from presenting the testimony of Alexander Trevor at trial.

Dated: December 14, 2009                                   Respectfully submitted,


                                                           /s/ Thomas L. Giannetti (with permission)
                                                           Kenneth R. Adamo
                                                           State Bar No. 00846960
                                                           Lead Attorney
                                                           Email:  kradamo@jonesday.com
                                                           JONES DAY
                                                           2727 North Harwood Street
                                                           Dallas, Texas 75201-1515
                                                           Telephone:  214-220-3939
                                                           Facsimile:  214-969-5100

                                                           Thomas L. Giannetti
                                                           NY Attorney Reg. No. 1632819
                                                           Email:  tlgiannetti@jonesday.com
                                                           Ognian V. Shentov
                                                           NY Attorney Reg.  No. 2867737
                                                           Email:  ovshentov@jonesday.com
                                                           Barry R. Satine
                                                           NY Attorney Reg. No. 1450220
                                                           Email:  barryrsatine@jonesday.com
                                                           JONES DAY
                                                           222 East 41st Street
                                                           New York, New York 10017-6702
                                                           Telephone:  212-326-3939
                                                           Facsimile:  212-755-7306

                                                           Jennifer Seraphine
                                                           CA Attorney Reg. No. 245463
                                                           Email:  jseraphine@jonesday.com
                                                           JONES DAY
                                                           555 California Street, 26th Floor
                                                           San Francisco, CA 94104

                                                           ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

    This is to certify that on December 14, 2009, a true and correct copy of the foregoing document has been served on all counsel of record via the court's ECF system.

                                        /s/ Thomas L. Giannetti