## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:07-CV-00511-LED |
| CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX INC., ZAPPOS.COM, INC., REDCATS USA, L.P., THE SPORTSMAN'S GUIDE, INC., and TIGERDIRECT, INC., | § § § § § § § § | |
| Defendants. | § | |

**NEWEGG'S SURREPLY IN OPPOSITION TO SOVERAIN'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF ALEXANDER TREVOR AT TRIAL**

Soverain's Reply concedes that Mr. Trevor is properly offered as a lay fact witness, remaining silent on that point. Newegg will now address Soverain's remaining arguments.

I. The CompuServe Books Sufficiently Corroborate Mr. Trevor's Expected Testimony

Soverain argues that the CompuServe books (Exhibits A, B, and C to Newegg's Opposition) do not corroborate Mr. Trevor's expected testimony because they do not spell out every technical detail about the CompuServe Mall. Soverain's Reply, at 2-5. However, Soverain seriously confuses the applicable law to impose an improperly high standard of proof.

"The corroboration rule arose from concern over the danger of invalidating a patent based solely on oral testimony." *Combined Sys. v. Def. Tech. Corp. of Am.*, 230 F. Supp. 2d 544, 550 (S.D.N.Y. 2002), *aff'd* 350 F.3d 1207 (Fed. Cir. 2003) (emphasis added) (citing *Juicy Whip, Inc. v. Orange Bang, Inc.*, 292 F.3d 728, 740 (Fed. Cir. 2002) and *The Barbed Wire Patent*, 143 U.S. 275 (1892)). The present case involves testimony from Mr. Trevor, as well as three independent prior art references to corroborate the substance of his testimony. This is well outside the scope of the "solely oral testimony" situations intended to be remedied by the corroboration rule. *See Eibel Process Co. v. Minnesota & Ontario Paper Co.*, 261 U.S. 45, 60 (U.S. 1923) (holding that oral testimony alone was unreliable when there was "not a single written record, letter or specification of prior date . . . that discloses any such discovery by any one"); *Deering v. Winona Harvester Works*, 155 U.S. 286, 300 (U.S. 1894) (explaining that "oral testimony, unsupported by patents or exhibits . . . [is] open to grave suspicion").

As Newegg previously explained in its Opposition, "[t]he law does not impose an impossible standard of 'independence' on corroborative evidence by requiring that every point [necessary to prove invalidity] be corroborated by evidence having a source totally independent of the inventor; indeed, such a standard is the antithesis of the rule of reason." *Knorr v. Pearson*,

671 F.2d 1368, 1374 (C.C.P.A. 1982). Indeed, "sufficient circumstantial evidence of an independent nature can satisfy the corroboration rule." *Id.* at 1373. Reliability of the corroborating evidence is paramount when considering the adequacy of corroboration. *See Juicy Whip v. Orange Bang*, 292 F.3d 728, 743 (Fed. Cir. 2002).

Here, the CompuServe books were not written by CompuServe or Mr. Trevor, but by independent third parties. It strains the imagination to suggest that these books are not independent and reliable sources to corroborate Mr. Trevor's expected testimony. The purpose of these books was to educate users about the CompuServe Mall and how it worked. There would be no reason for such authors write and sell books about a system that was not available for public use. There would be no reason for them to provide inaccurate information about how CompuServe worked. This inherent reliability, combined with the fact that descriptions of CompuServe in these books are consistent with the expected testimony of Mr. Trevor (*see* Newegg's Opposition, at 2), more than demonstrates the adequacy of this corroborative evidence. Corroboration is determined under a "rule of reason" analysis, whereby "[a]n evaluation of all pertinent evidence must be made so that a sound determination of the credibility of [the testimony] may be reached." *Price v. Symsek*, 988 F.2d 1187, 1195 (Fed. Cir. 1993).

From a technical standpoint, the CompuServe books provide substantial description of the operation and usage of the CompuServe Mall. *See* Page 2 and Exhibits A-C to Newegg's Opposition. For any reader of these books, an ecommerce system was described that allowed multiple user selections prior to checkout. The books make clear that the user's selections were digitally accumulated prior to checkout. Although Soverain suggests that more detail is necessary, the claim language at issue as well as this Court's claim constructions for "shopping cart," "shopping cart database," and "shopping cart computer" are broad. Any digital method of

accumulating a customer's selections in a file prior to checkout anticipates these terms, and is therefore more than adequate to corroborate Mr. Trevor's expected testimony. The technical teachings of the CompuServe books have been explained in greater detail in Newegg's Motion for Summary Judgment of Invalidity of the "Shopping Cart Claims" (Dkt. No. 247).

Soverain continues to rely heavily on *Finnigan Corp. v. Int'l Trade Commission*, a case where the court found the evidence alleged to be corroborative provided no support whatsoever for the claim of prior public use because it was silent as to a central claim limitation. 180 F.3d 1354, 1369-70 (Fed. Cir. 1999) (holding that "the sole basis to support a determination of a prior public use was Jefferts' testimony concerning his own work; there was no evidence corroborative of this testimony at all."). By contrast, here Soverain admits that Newegg is prepared to offer not one but three independent books about CompuServe, and these books describe the CompuServe Mall in sufficient detail to invalidate the shopping cart claims. *See* Dkt. No. 247.

Soverain cites *Gemstar-TV Guide Int'l, Inc. v. ITC*, 383 F.3d 1352, 1382-1383 (Fed. Cir. 2004) for the proposition that "a witness's testimony cannot fill in the gaps left by proffered corroborating evidence." Soverain's Reply, at 5. However, the *Gemstar* case involved a witness trying to establish the different issue of prior invention, and attempting to corroborate that invention with product disclosure documents. *Gemstar*, 383 F.3d at 1382-83. The product disclosure documents were insufficient to corroborate the witness' testimony because his name was not even listed on the documents in connection with his supposed inventive contributions. *Id.* In contrast with such an absence of fundamental information, the present CompuServe books provide substantial description of the operation of various aspects of the CompuServe Mall. *See* Page 2 and Exhibits A-C to Newegg's Opposition; Dkt. No. 247.

3

Soverain cites *CIVIX-DDI, L.L.C. v. Cellco P'ship*, 387 F. Supp. 2d 869, 895-896 (N.D. Ill. 2005) for the proposition that other CompuServe manuals were previously found to not adequately corroborate proffered public use testimony. Soverain's Reply, at 4. However, the *CIVIX-DDI* court held no such thing, and Soverain's parenthetical citation is grossly misleading. In holding that the public use argument failed, the *CIVIX-DDI* court discussed only the fact that the accused infringer failed to adequately distinguish between two versions of CompuServe's EAAsy Sabre service. *Id.* at 895-96. No reference to any CompuServe user manuals was made whatsoever. The only corroboration issue in the case dealt with testimony concerning the date of invention. *Id.* at 903-04. Thus, the *CIVIX-DII* case is entirely inapposite.

II.     The CompuServe Books are Not Hearsay

An argument improperly raised for the first time in Soverain's reply brief is Soverain's suggestion that the CompuServe books are hearsay, and therefore cannot corroborate Trevor's testimony. However, as is evidenced by Newegg's Motion for Summary Judgment of Invalidity of the "Shopping Cart Claims" (Dkt. No. 247), Newegg is prepared to offer the CompuServe books at trial as prior art to invalidate the patents. The CompuServe books are all publications and as such are prior art provided by the Patent Laws in 35 U.S.C. § 102(a) ("printed publication"). The Patent Laws and Federal Rules of Evidence are not inconsistent. Prior art publications are not hearsay. Fed. R. Evid. 801 (c). Although these same books which Newegg relies upon as prior art also happen to corroborate the expected testimony of Mr. Trevor concerning public use, that does not render them inadmissible hearsay. Soverain cites *Hilgraeve, Inc. v. Symantec Corp.*, 271 F. Supp. 2d 964 (E.D. Mich. 2003) for the broad proposition that user manuals offered in support of a public use defense are hearsay. However, *Hilgraeve* held only that the copyright or publication date listed on the manuals at issue, "without more," was

4

hearsay when offered to prove public accessibility as of those dates. 271 F. Supp. 2d at 974-75.

Even if the CompuServe books were deemed hearsay, they would nevertheless be admissible under the residual hearsay exception of Federal Rule of Evidence 807. As noted *supra,* the books have "circumstantial guarantees of trustworthiness" because they were written to teach about the operation of CompuServe. Fed. R. Evid. 807. Again, why would independent third parties write and sell such books unless they were accurate? Further, (A) the books are offered as evidence of material facts surrounding the invalidity of the shopping cart claims; (B) they are more probative documentary evidence than other evidence Newegg can procure through reasonable efforts, and (C) the interests of justice favor permitting Mr. Trevor to testify as to his knowledge of the CompuServe Mall so that all pertinent facts are before the Court. *Id.* Soverain will not be prejudiced by admission of the books, about which they have known since at least April of 2009 when Newegg served its Supplemental Invalidity Contentions.

III.     Mr. Trevor was Adequately Disclosed in Connection with the CompuServe Mall

Regarding Newegg's disclosure of Mr. Trevor and his expected testimony, Soverain concedes all of Newegg's points raised in its Opposition, except that Soverain alleges that Mr. Trevor was not disclosed by Newegg in specific relation to the CompuServe Mall. As explained in Newegg's Opposition, Officers of CompuServe generally, including Mr. Trevor by name, were listed in Newegg's invalidity contentions with respect to the CompuServe TravelShopper and Mall services. Ex. D to Newegg's Opposition, at 34, 41. Soverain had known about Mr. Trevor and his knowledge about the Mall for years from his testimony in the Amazon litigation. Exhibit E to Newegg's Opposition, at 121-22. Newegg absolutely complied with the letter and spirit of the disclosure requirements, and Soverain absolutely knew about Mr. Trevor, his knowledge of the Mall, and Newegg's reliance on both. Newegg's Opposition, at pages 8-11.

Respectfully submitted,

Dated:  December  21, 2009                    By: /s/ David C. Hanson with permission
                                                             by Trey Yarbrough
David C. Hanson
Kent E. Baldauf, Jr.
John W. McIlvaine
Daniel H. Brean

THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
T:  (412) 471-8815
F:  (412) 471-4094

Trey Yarbrough
Texas Bar No. 22133500
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Tel: (903) 595-3111
Fax: (903) 595-0191
trey@yw-lawfirm.com

Counsel for Newegg Inc.

6

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being hereby served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 21, 2009.  All other counsel of record will be served via facsimile or first class mail.

<u>/s/ Trey Yarbrough</u>
Trey Yarbrough