**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **SOVERAIN SOFTWARE LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:07-CV-00511-LED** |
| | ) | |
| **CDW CORPORATION,** | ) | |
| **NEWEGG INC.,** | ) | |
| **REDCATS USA, INC.** | ) | |
| **SYSTEMAX INC.,** | ) | |
| **ZAPPOS.COM, INC.,** | ) | |
| **REDCATS USA, L.P.,** | ) | |
| **THE SPORTSMAN'S GUIDE, INC.,** | ) | |
| **AND** | ) | |
| **TIGERDIRECT, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**SOVERAIN'S MOTIONS *IN LIMINE***

**INTRODUCTION**

Plaintiff Soverain Software LLC ("Soverain") hereby moves this Court *in limine* for an

order concerning the following matters[1]:

Soverain requests that defendant Newegg, Inc. ("Newegg"), and its respective attorneys

and witnesses, including expert witnesses, be instructed not to mention or aver to, in the presence

of the jury, either directly or indirectly, upon voir dire, statement of the case, interrogation of the

witnesses, argument, objections before the jury, or in any other means or manner inform the jury

or bring to the jury's attention any of the matters set forth in the memorandum below, unless and

---

[1] Pursuant to the Court's November 9, 2009 Order, Soverain has met and conferred with Newegg before filing these motions.  The motions indicate where agreement was reached.  On January 11, 2010, an agreed motion to extend the page limits for these motions was filed (Docket No. 303) and is waiting approval by the Court.

until such matters have first been called to the Court's attention, out of the presence of the jury, and a favorable ruling received as to the admissibility of those matters.

Soverain further requests that Newegg's attorneys be specifically instructed to inform all of its witnesses, including expert witnesses, not to volunteer, inject, disclose, state or mention in the presence of the jury any of the matters enumerated below, unless specifically questioned thereon and after prior ruling by the Court.

The specific grounds for relief are set forth in the following memorandum.

### MEMORANDUM IN SUPPORT OF SOVERAIN'S MOTIONS IN LIMINE

1. **Acquisition of the Patents-in-Suit**:  Evidence, statements, or arguments relating to the amount paid by plaintiff (and its predecessors-in-interest) to acquire the patents-in-suit and the Transact product line at a U.S. Bankruptcy Court auction should be excluded. *See* Fed. R. Evid. 402, 403.  The amount paid in the Bankruptcy Court auction, occurring two years after the hypothetical negotiation between Soverain (in the form of Open Market, Inc.) and Newegg, is not relevant to a *Georgia-Pacific* reasonable royalty analysis.  *See State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1072-73 (Fed. Cir. 2003); *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1276-77 (Fed. Cir. 1999).  Further, any arguable relevance of such evidence is substantially outweighed by the risks of misleading the jury, confusing the issues, and unfairly prejudicing Soverain.  *See Alpex Computer Corp. v. Nintendo Co.,* 34 U.S.P.Q.2d 1167 1204-05 (S.D.N.Y. Dec. 5, 1994), *overruled in part (as to infringement)*, 102 F.3d 1214 (Fed. Cir. 1996).  In further support, Soverain refers to and incorporates its Daubert Motion to Exclude Certain Opinions of W. Christopher Bakewell (Docket No. 254).

2

2. **Validity of the Patents-In-Suit During Soverain's Direct Case**:  Newegg should be precluded from presenting any evidence, statements, or arguments, or otherwise making any reference to, the alleged invalidity of the patents-in-suit during Soverain's direct case. By statute, issued United States patents are presumed valid (35 U.S.C. § 282), and hence, the question of validity is a matter to be raised by Newegg as part of its defense. Infringement, on the other hand, is Soverain's burden to prove and is a matter addressed in Soverain's direct case.  Courts have recognized that separating infringement and validity inquiries into separate phases of the trial reduces the potential for jury confusion and conserves judicial resources.  *See Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 521 (D. Del. 2002) (by bifurcating infringement and validity inquiries into separate jury trials "the trial will be more efficient and focused").  While Soverain does not seek bifurcation, the same reasoning applies to precluding Newegg from introducing evidence on invalidity during Soverain's direct infringement case.  *See also On Simplifying Patent Trials*, authored by then Chief Judge of the Federal Circuit, Howard T. Markey, 116 F.R.D. 369, 378 (1987) (stating that the plaintiff's case-in-chief in patent infringement cases should be limited to the presentation of evidence on the infringement claim, and evidence of the patent's validity should only be introduced in the defendant's rebuttal case).  Accordingly, Newegg should not be permitted to inject invalidity issues into Soverain's direct case.

3. **[AGREED] Inconsistent Claim Construction**:  Newegg should be precluded from presenting any evidence, statements, or arguments, including expert testimony, inconsistent with, or in addition to, the Court's claim construction.  *Cytologix Corp. v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005) (holding that the district

3

court's decision to allow experts to present their opinions on claim construction to the jury was "improper" and that the district court "should have refused to allow such testimony" because of the risk of jury confusion); *see also Cordis Corp. v. Boston Scientific Corp.*, 561 F.3d 1319, 1337-38 (Fed. Cir. 2009) (affirming the decision of the district court to exclude prosecution-history evidence and inventor testimony related to claim construction).  On May 28, 2009, the Court issued an Order construing the claims of the patents-in-suit.  That Order established as a matter of law the proper construction of those claims.  *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996).  Newegg should not be allowed to take a second bite at the claim construction apple by re-arguing or supplementing the claim construction already decided by the Court.  *Velcro Indus. B.V. v. Taiwan Paiho Ltd.*, No. 04-CV-242-JD, 2005 WL 2573383, at *4-5 (D.N.H. Oct. 12, 2005) (granting plaintiff's motion in limine to exclude evidence and expert testimony inconsistent with the Court's claim construction order).

4.  **Unalleged Prior Art**:  Newegg should be precluded from referring to, introducing, or otherwise relying on any prior art not identified in its Second Supplemental Invalidity Contentions.[2]  Patent Local Rule 3-3 required Newegg to identify "each item of prior art that allegedly anticipates each asserted claim or renders it obvious," and provide a "chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found."  Any prior art that was not so identified in Newegg's Second Supplemental Invalidity Contentions under Patent Local Rule 3-6, should accordingly be

---

[2] Newegg's Second Supplemental Invalidity Contentions contain the entirety of Newegg's invalidity contentions.  Newegg's Unopposed Motion for Leave to Supplement Its Invalidity Contentions (Docket No. 226), at 2 ("[T]his document contains a complete statement of Defendant Newegg Inc.'s invalidity contentions.").

4

excluded.  *See Realtime Data, LLC v. Packeteer, Inc.*, 2009 WL 4782062, *3-4 (E.D. Tex. 2009, Dec. 8, 2009) (granting plaintiff's motion to exclude certain prior art references that were not found in defendant's invalidity contentions); *EZ Dock, Inc. v. Schafer Sys., Inc.*, 2003 WL 1610781, at *13-14 (D. Minn. 2003) (granting motion in limine regarding untimely disclosed prior art).

Newegg should also be precluded from arguing theories as to why Soverain's patents are invalid that were not disclosed in its Second Supplemental Invalidity Contentions.  *See* P.R. 3-3(d) (Invalidity contentions must contain "any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims."); *Realtime*, 2009 WL 4782062, at *3-4 (granting plaintiff's motion to exclude certain invalidity theories that were not found in defendant's invalidity contentions).  To allow Newegg to add new theories at this late date, on the eve of trial, is inconsistent with the Local Rules and governing case law.  Newegg should therefore be precluded from both asserting prior art not identified in its Second Supplemental Invalidity Contentions or expert reports, and also from asserting new invalidity theories at trial.

5.  **[AGREED] Effect of Jury's Answers**:  Attempts by Newegg to inform the jury of the potential legal effect of the jury's answers should be precluded.  This Court is the sole spokesman for the applicable law in this case.  *See Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) ("[O]ur legal system reserves to the trial judge the role of deciding the law for the benefit of the jury.") (citing *Specht v. Jensen*, 853 F.2d 805, 808-09 (10th Cir. 1988)); *CDX Liquidating Trust v. Venrock Associates*, 411 B.R. 571, 584-87 (N.D. Ill. 2009) (precluding testimony about governing law because of the risk of confusing the

jury).  Any attempt by Newegg to inform the jury of the potential legal effect of their answers impinges on the Court's role and is irrelevant and may confuse and unfairly prejudice the jury.  Fed. R. Evid. 402, 403.

6.   **[AGREED] Matters Outside Joint Pre-Trial Order**:  The parties should be precluded from presenting evidence, statements, or arguments relating to an issue not contained in the Joint Pre-Trial Order.  Fed. R. Civ. P. 16(d); *see Martin's Herend Imports, Inc. v. Diamond & Gem Trading USA Co.*, 195 F.3d 765, 775 (5th Cir. 1999) (affirming district court's limiting of witnesses and evidence); *Mankey v. Bennett*, 38 F.3d 353, 356-359 (7th Cir. 1994); *Am. Int'l Trading Group Corp. v. Petroleos Mexicanos*, 835 F.2d 536, 538-39 (5th Cir. 1987); *Keyes v. Lauga*, 635 F.2d 330, 334-35 (5th Cir. 1981).

7.   **[AGREED] Criticism of the Patent Office**:  Evidence, statements, or arguments suggesting that the United States Patent and Trademark Office ("Patent Office") and its examiners are not diligent, prone to error, overworked, negligent, or otherwise discrediting them should be excluded.  Patents are presumed by statute to be valid and enforceable, and to rebut this statutory presumption a defendant must prove invalidity by clear and convincing evidence.  *See* 35 U.S.C. § 282; *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1294-1295 (Fed. Cir. 2009); *Am. Hoist & Derrick Co. v. Sowa & Sons*, 725 F.2d 1350, 1358-60 (Fed. Cir. 1984).  Evidence, statements, or arguments criticizing the Patent Office contravene this statutory presumption and simply are not relevant.  As one court put it in granting a similar motion in limine:  "As for assertions that the PTO and its examiners are not diligent or are prone to error, the Court can find no relevance in either evidence to that effect or argument.  It is Defendants' burden to prove, *by the greater weight of the evidence*, that the '055 patent . . . is either invalid or

6

unenforceable.  Aspersions are not evidence."  *EZ Dock*, 2003 WL 1610781, at *13; *see also Novo Nordisk A/S v. Becton Dickinson & Co.*, 304 F.3d 1216, 1220 (Fed. Cir. 2002) (observing that defendant's arguments and testimony denigrating patent examiners were improper and noting that "[defendant's] presentation of testimony on the subject of examiner qualifications was in contravention of the district court's statement that it did not 'expect to hear . . . about overworked examiners or negligent examiners or anything else.'"); *see also W. Elec. Co., Inc. v. Piezo Tech., Inc.*, 860 F.2d 428, 433 (Fed. Cir. 1988) (observing "questions that might discredit an examiner are irrelevant because it is not the particular examiner's expertise that gives the decisions presumptive correctness but the authority duly vested in him by his appointment as a patent examiner").  This Court should likewise preclude Newegg from denigrating the Patent Office or its Examiners.

8. **Undisclosed Expert Testimony**:  Newegg's technical expert Mr. Tittel should be precluded from testifying as to alleged prior art not included in his expert reports and claims of the patents-in-suit that were not included in his expert reports, e.g., claim 61 of the '492 patent and claims 78 and 79 of the '639 patent.  Fed. R. Civ. P. 26(a)(2), (e), 37(c)(1).

9. **Expert Opinions Regarding Technical Alternatives from Wu**:  Newegg intends to call James Wu, Newegg's chief technical officer, as a fact witness at trial.  Wu was not designated as an expert witness by Newegg, and provided no expert report in this case.  Nonetheless, Soverain anticipates that Newegg will attempt to present expert testimony through fact witness Wu.  Such testimony is properly precluded at trial: Fed. R. Evid. 701 states that "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are . . . not

based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Specifically, Newegg intends to call Wu to testify as to his "knowledge and opinions concerning Newegg's design around options" and matters set forth in the "design-around memo" prepared by Newegg's technical expert, Edward R. Tittel. Newegg's Opposition to Soverain's Motion to Strike "Design-Around" Memo (Docket No. 261).  Testimony that a technical alternative is non-infringing would be expert testimony under Fed. R. Evid. 701, 702.  Any testimony on this subject should be precluded for this reason alone.  Fed. R. Civ. P. 26(a)(2), 37.

Newegg also intends to call Wu to testify regarding time requirements for and the total cost of implementing the technical alternatives outlined in the design-around memo. Estimates of time requirements and the total cost for implementing a given software project are also Rule 702 expert opinion because they require specialized knowledge of coders' efficiencies, the project's scope, and the amount of time required to code and debug.  Again, Wu was not identified as an expert, and his expert testimony should be precluded for this reason alone.  Fed. R. Civ. P. 26(a)(2), 37.  In addition, his testimony would fail to meet the requirements of Rule 702 that (1) the testimony is based upon sufficient facts or data, (2) the testimony is a product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. For Wu's time-requirement and total-cost estimates, none of these conditions are met. Accordingly, Wu should not be permitted to testify about them.

10. **Soverain's Litigation Expenses**:  Evidence, statements, or arguments relating to Soverain's litigation expenses should be excluded.  *See* Fed. R. Evid. 402, 403.  Such evidence, statements, or arguments suggest that Soverain's income is primarily generated

NYI-4243449v5

from patent litigation.  *See Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867, 874 (Fed. Cir. 1988) ("[T]here is nothing improper, illegal or inequitable in filing a patent application for the purpose of obtaining a right to exclude a known competitor's product from the market").  Mention of or reference to such items is irrelevant, will confuse the jury and will unfairly prejudice Soverain.

11. **[AGREED] Reference to Soverain with a Pejorative Term**:  Evidence, statements, or arguments referring to Soverain as a "patent troll" or other pejorative term, or otherwise indicating that Soverain's income is primarily generated from patent litigation should be excluded.  *See* Fed. R. Evid. 402, 403.  Terms such as "patent troll" have derogatory connotations and suggest that a patent owner is abusing the patent system by seeking to enforce its property rights in its patents.  By invoking such inflammatory terms at trial, Newegg would improperly allow the jury to assume that Soverain's actions in bringing this lawsuit are improper, when in fact the Federal Circuit has conclusively held that there is nothing improper about enforcing one's patent rights.  *See Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867, 874 (Fed. Cir. 1988) ("[T]here is nothing improper, illegal or inequitable in filing a patent application for the purpose of obtaining a right to exclude a known competitor's product from the market").  Such prejudicial and derogatory terms have no place at trial and are not relevant to any issue in the case.  *See Cybergym Research, LLC v. Icon Health & Fitness, Inc.*, No. 2:05-cv-527-DF, Docket No. 260, at *2-3, (E.D. Tex. Oct. 7, 2007) (granting plaintiff's motion in limine and noting reference to Plaintiff as a patent troll "has no probative value and would unduly prejudice the Plaintiff").

12. **Reliance on Transact as a Non-Infringing Alternative**:  Any reference to Soverain's Transact product as a "non-infringing alternative" should be precluded in the absence of admissible evidence that Transact was an acceptable "non-infringing alternative" available to Newegg at the time of the hypothetical negotiation.  *See* Fed. R. Evid. 104(a), 403.  In the absence of such evidence, any statements or arguments relying upon Transact as a "non-infringing alternative" would mislead and confuse the jury and would be prejudicial to Soverain.  In further support, Soverain refers to and incorporates its Daubert Motion to Exclude Certain Opinions of W. Christopher Bakewell (Docket No. 254).

13. **Reliance on E-Commerce Software Not Shown To Be Available, Non-Infringing, or Acceptable at the Time of the Hypothetical Negotiation**:  Any reference to e-commerce software products as available "non-infringing alternatives" should be precluded in the absence of admissible evidence that would prove the foundation necessary to establish that any such product was available and was a "non-infringing alternative."  *See* Fed. R. Evid. 104(a), 402, 403.  In the absence of admissible evidence that any of Newegg's proffered e-commerce software products were available, non-infringing, and acceptable at the time of the hypothetical negotiation, any reference to these products is irrelevant.  *See Mars, Inc. v. Coin Acceptors, Inc.,* 527 F.3d 1359, 1372-73 (Fed. Cir. 2008), *modified on unrelated grounds*, 557 F.3d 1377 (Fed. Cir. 2009). Further, reference to e-commerce software that Newegg could not have switched to at the time of the hypothetical negotiation would be prejudicial to Soverain and would confuse and mislead the jury.  In further support, Soverain refers to and incorporates its Daubert Motion to Exclude Certain Opinions of W. Christopher Bakewell (Docket No. 254).

**14. [AGREED in part as to exclusion as evidence of memo and Rebuttal Expert Report on Damages] Reliance on Design Arounds as Non-Infringing Alternatives**:  This Court should exclude: (A) the "design-around memo" prepared by Newegg's technical expert, Edward R. Tittel; (B) those portions of Newegg's Rebuttal Expert Report on Damages, prepared by Newegg's damages expert W. Christopher Bakewell, that rely on the memo, and testimony by Bakewell that is based on those portions of his expert report; and (C) testimony by Newegg's technical expert Tittel and fact witness Wu regarding the subject of the design-around memo.

**A.**      Regarding the design-around memo, Newegg stated that it "has no intention of offering the Memo into evidence."  Newegg's Opposition to Soverain's Motion to Strike "Design-Around" Memo (Docket No. 261).  In further support, Soverain refers to and incorporates its Motion to Strike Portions of Newegg's Damages Expert Report Relying on the "Design-Around" Memo, Preclude Testimony on those Portions, and Preclude Newegg from Offering the Memo as Evidence (Docket No. 243).

**B.**      Regarding Bakewell's report and testimony, Soverain refers to and incorporates its Motion to Strike (Docket No. 243), its Reply in support of that Motion to Strike (Docket No. 270), its Daubert Motion to Exclude Certain Opinions of W. Christopher Bakewell (Docket No. 254), and its Reply in support of that Daubert Motion (Docket No. 269).

**C.**      Regarding testimony by Tittel and Wu on the subject of the design-around memo, because Bakewell cannot reasonably rely on Tittel's and Wu's testimony (*see* Docket Nos. 243, 270) and any testimony by Tittel and Wu on the subject matter of the design-around memo is otherwise irrelevant, and is therefore inadmissible under Fed. R. Evid.

402.  Moreover, the probative value of such testimony is substantially outweighed by the danger of unfair prejudice, namely, that the jury will attempt to draw its own conclusions on damages from the very evidence of alleged design-arounds that is unreliable as a basis for Bakewell's damages testimony.  Tittel's and Wu's testimony is therefore also inadmissible under Fed. R. Evid. 403.

15. **Reliance on E-Commerce Software as Data Points**:  Any reference to e-commerce software products as "data points" should be precluded in the absence of admissible evidence that would prove the foundation necessary to establish that any such product was available and was a "non-infringing alternative."  *See* Fed. R. Evid. 104(a), 402, 403. In the absence of admissible evidence establishing that Newegg's proffered e-commerce software products were "non-infringing alternatives," any reference to these products is irrelevant.  *See Mars, Inc. v. Coin Acceptors, Inc.,* 527 F.3d 1359, 1372-73 (Fed. Cir. 2008), *modified on unrelated grounds*, 557 F.3d 1377 (Fed. Cir. 2009).  Further, reference to e-commerce software products that are not "non-infringing alternatives" would be prejudicial to Soverain and would confuse and mislead the jury.  In further support, Soverain refers to and incorporates its Daubert Motion to Exclude Certain Opinions of W. Christopher Bakewell (Docket No. 254).

16. **Reliance on Fact Witnesses not Properly Disclosed in Discovery**:  Evidence, statements, or arguments relying upon fact witnesses who were not properly disclosed during discovery should be excluded.  Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring a party to disclose as part of its initial disclosures "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information"); Fed. R. Civ. P. 26(e)(1) (A party has a duty to

NYI-4243449v5

supplement its Rule 26(a) disclosures in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect.); Fed. R. Civ. P. 37(c)(1) (The appropriate remedy for failing to comply with Rules 26(a) and (e)'s disclosure requirements is exclusion at trial.).

In particular, evidence, testimony, and statements obtained from Ms. Mira Wolf, Mr. Gary Pokhorn, Mr. Dan Tensfeldt, Mr. Jeff Dyer, and Mr. Alexander Trevor should be excluded.  Mira Wolf is Newegg's senior corporate counsel, Gary Pokhorn is NetSuite's Enterprise Sales Representative, Dan Tensfeldt is Intershop's Business Development Representative, and Jeff Dyer is an Intershop Sales Representative. Newegg's Damages Expert, W. Christopher Bakewell interviewed Wolf and Pokhorn for his Rebuttal Expert Report Regarding Damages dated August 31, 2009, and interviewed Tensfeldt and Dyer for his Supplemental Expert Report Regarding Damages dated September 22, 2009.  Newegg did not identify Wolf, Pokhorn, Tensfedlt, or Dyer in its initial disclosures, and never supplemented its disclosures to name them as witnesses. Wolf, Pokhorn, Tensfeldt, and Dyer should therefore be excluded as fact witnesses.  Fed. R. Civ. P. 26(a) and (b), and 37(c)(1).  Regarding fact testimony by Trevor, Soverain refers to and incorporates its Motion in Limine to Preclude the Testimony of Alexander Trevor at trial (Docket No. 287) and Reply in Support of that Motion (Docket No. 292).

17. **[AGREED] Reexamination Proceedings of 7,191,447 Patent**:  Evidence, statements, or arguments relating to the reexamination proceedings brought by Newegg regarding U.S. Patent No. 7,191,447 should be excluded.  The 7,191,447 patent is not one of the patents-in-suit.  Such evidence is irrelevant, would be unfairly prejudicial to Soverain, and would mislead the jury into resolving this case based on factors other than the evidence and the

law.  *See* Fed. R. Evid. 402, 403.  Further, evidence of incomplete reexamination

proceedings has been properly deemed to be confusing and highly prejudicial to the jury.

*See, e.g.*, *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, at 3 (E.D. Tex. Dec.

30, 2009) (granting motion in limine to exclude evidence of a ongoing reexamination

proceeding as unfairly prejudicial and citing *i4i v. Microsoft Corp.*, No. 6:07-cv-113,

2009 WL 2449024, at *17 (E.D. Tex. Aug. 11, 2009)).

18. **[AGREED] Testimony Defendants' 30(b)(6) Witnesses Were Unable To Provide**:

Defendant's 30(b)(6) witnesses testified that they lacked information on topics for which

they had been designated, specifically, Newegg's financial projections prior to 2005 and

Newegg's budgets prior to 2005.  Newegg should be precluded now from offering

testimony regarding these topics.  *See* Fed. R. Civ. P.  30(b)(6); *Resolution Trust Corp. v.

Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993) ("[Rule 30(b)(6)] places the

burden of identifying responsive witnesses for a corporation on the corporation.").

19. **Selection of the Defendant**:  Any reference to the fact that Soverain elected to file suit

against Newegg rather than other entities that may also infringe the patents-in-suit should

be excluded.  *See* Fed. R. Evid. 402, 403.  Such evidence is irrelevant, would be unfairly

prejudicial to Soverain, and would mislead the jury into resolving this case based on

factors other than the evidence and the law.

20. **Uncorroborated Testimony Regarding Alleged Prior Art**:  Newegg should be

precluded from introducing any uncorroborated testimony by Alexander Trevor

concerning alleged prior art public uses or prior inventions.  In further support, Soverain

refers to and incorporates its separate Brief in Support of its Motion in Limine No. 20 to

Exclude Evidence of Uncorroborated Testimony Regarding Alleged Prior Art, filed concurrently as Attachment 1.

21. **[AGREED] Purported Reconstructed Systems**:  Any evidence, statements, or arguments referring to purported reconstructed prior art systems should be excluded. Newegg's expert, Mr. Tittel, did not identify in his expert reports that he considered or relied upon any reconstructed prior art system as required under Fed. R. Civ. P. 26(a)(2). Without proper disclosure, Tittel cannot testify to such evidence.  Fed. R. Civ. P. 37. Newegg also did not identify any recreations in its Second Supplemental Invalidity Contentions, and therefore such evidence is properly excluded entirely.  Further, such evidence without proof of reliability or accuracy would be highly prejudicial.  Examples of reconstructed systems are those from the prior Amazon litigation, *Soverain Software LLC v. Amazon.com, Inc.*, Case No. 04-cv-14 (LED): the reconstructed Condom Country and Hot Hot Hot websites from the Justin Erenkrantz's Amazon-litigation expert report, and the reconstructed CompuServe Travelshopper service from Alexander Trevor's Amazon-litigation expert report.  Regarding the Erenkrantz and Trevor Amazon-litigation expert reports, in his expert report, Tittel stated that "[t]here is little overlap between their coverage and contentions and what appears herein."  Evidence of recreated systems is properly excluded.

22. **Trewitt Paper Is not Prior Art**:  The Trewitt paper is not prior art to the asserted claims of the '639 patent and any evidence, statements, or arguments relating to the Trewitt paper as prior art should be precluded.  In further support, Soverain refers to and incorporates its separate Brief in Support of its Motion in Limine No. 22 to Preclude Evidence of Trewitt Paper as Prior Art, filed concurrently as Attachment 2.

15

**23. CompuServe Manuals Are Inadmissible as Hearsay**:  The three third-party CompuServe user manuals, *CompuServe® CIM Running Start*, *How To Get the Most out of CompuServe*, and *Using CompuServe* (collectively "the Manuals"), offered by Newegg are properly precluded as evidence of the CompuServe Mall.  These manuals, written by third parties (not by CompuServe), are inadmissible hearsay and do not fall under any established exception to the hearsay rule.  In further support, Soverain refers to and incorporates its separate Brief in Support of its Motion in Limine No. 23 to Exclude the CompuServe Manuals as Prior Art, filed concurrently as Attachment 3.

**24. Expert Trial Testimony by Alexander Trevor, Reliance on Trevor's Expert Report or Deposition, and the Trevor Report Itself**:  Soverain refers to its Motion to Preclude Expert Trial Testimony by Alexander Trevor, Preclude Edward Tittel from Offering Testimony Based on the Trevor Report, and Exclude the Trevor Report from Evidence (Docket No. 242).  Newegg has conceded in response to Soverain's Motion that it "will not offer Mr. Trevor as an expert . . . , Mr. Tittel will not base any of his testimony on Mr. Trevor's expert report or his deposition [from the prior Amazon litigation, *Soverain Software LLC v. Amazon.com, Inc.*, Case No. 04-cv-14 (LED)] . . ., nor will Newegg offer into evidence Trevor's expert report [from the Amazon litigation]."  (Docket No. 260).  This Court should therefore preclude any expert testimony by Alexander Trevor at trial, preclude Tittel from basing any of his testimony on Trevor's expert report and expert deposition from the Amazon litigation (including, for example, the Eaasy Sabre screenshots and discussion thereof in Trevor's expert report), and exclude the Trevor Report from the Amazon litigation as evidence at trial.

16

25. **[AGREED in part as to preclusion of 35 U.S.C. § 112 defenses for the '314 and '492 patents] Evidence Regarding Defenses not Included in the Joint Pre-Trial Order**:

Any evidence, statements, or arguments relating to 35 U.S.C. § 112 defenses for the '314 and '492 patents or any such defenses not included in the Joint Pre-Trial Order should be precluded.  Fed. R. Civ. P. 16(d).  The Fifth Circuit observed: "'It is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial.'"  *Scribner v. Dillard*, 141 Fed. App'x. 240, 244 (5th Cir. 2005) (citations omitted) (affirming defendants' waiver of defense by failure to include it in the joint pretrial order); *see also Beagles & Elliot Enters., LLC v. Florida Aircraft Exch., LLC*, 70 Fed. App'x. 185, 187 (5th Cir. 2003) (holding defendant waived personal jurisdiction defense by abandoning it in pretrial order, even though defendant pled lack of personal jurisdiction in his answer); *Hodges v. U.S.*, 597 F.2d 1014, 1017 (5th Cir. 1979) (holding defendant waived alternative defense by not stating it in the pretrial order).

26. **[AGREED] Evidence on Issues not for the Jury**:  Any evidence, statements, or arguments on issues not for the jury, i.e., inequitable conduct, laches, and estoppel should be precluded.  Fed. R. Evid. 402, 403.  Defenses which are purely equitable in nature do not give rise to the right of trial by jury.  *Afga Corp. v. Creo Prods. Inc.*, 451 F.3d 1366, 1371-75 (Fed. Cir. 2006); *see also Pioneer Hi-Bred Int'l v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 145 (N.D. Iowa 2003) (Such evidence that is "expressly or only directed to such defenses, and express reference to such defenses poses a very real risk of unfair prejudice that outweighs any probative value such evidence might have to matter

properly before the jury, as well as a risk of misleading and confusing the jury.").  Such evidence is properly precluded.

27. **[AGREED] Attorneys' Fee Arrangement Between Soverain and its Attorneys**:  Any reference to Soverain's legal fee arrangement with its attorneys should be precluded.  *See* Fed. R. Evid. 402, 403.  This issue is not relevant to any claim that is to be resolved by the jury.  Such evidence would be unfairly prejudicial to Soverain, and would mislead the jury into resolving the case based on factors other than the evidence and the law.

28. **Printed Publications Without Evidence of Dissemination**:  Any evidence, statements, or arguments relating to alleged "printed publications" without evidence of dissemination should be precluded at trial.  This includes the three CompuServe user manuals: *CompuServe® CIM Running Start*, *How To Get the Most out of CompuServe*, and *Using CompuServe* (collectively "the Manuals").  The Manuals do not qualify as printed publications under 35 U.S.C. § 102(b) because there is no evidence of their dissemination: "One who wishes to characterize the information, in whatever form it may be, as a printed publication 'should produce sufficient proof of its dissemination or that it has otherwise been available and accessible to persons concerned with the art to which the document relates and thus most likely to avail themselves of its contents.'"  *Carella v. Starlight Archery & Pro Line Co.*, 804 F.2d 135, 139 (Fed. Cir. 1986); *see also In re Lister*, 583 F.3d 1307, 1311-17 (Fed. Cir. 2009) (holding that a manuscript did not qualify as a printed publication because defendant failed to establish that the manuscript was publicly accessible).  Newegg has offered no proof that any of the Manuals were actually "printed publications."  *See also* Soverain's Brief in Support of its Motion in Limine No. 23 (Attachment 3) at p.3.  The Manuals are therefore properly excluded from

evidence as printed publications, and Newegg is properly precluded from introducing any

evidence, statements, or arguments relating to the Manuals as printed publications at trial.

29. **Soverain's Income:** Evidence, statements, or arguments relating to Soverain's income

(or lack thereof) from sources other than those related to the licensing of its Transact

software product should be excluded.  *See* Fed. R. Evid. 402, 403.  Such evidence,

statements, or arguments suggest that (1) Soverain's income is primarily generated from

patent litigation; and (2) a reasonable royalty for Newegg's infringement of Soverain's

patents should be determined by reference to Soverain's other income.  *See i4i Ltd.*

*P'ship v. Microsoft Corp.,* 2009 WL 2449024, at *24 (E.D. Tex. Aug. 11, 2009) ("'The

law recognizes no distinction among types of patent owners.  A patent owner may be a

competitor of an accused infringer, but it does not have to be.  The characterization of a

patent lawsuit as good or bad or as misuse of the patent laws based upon the status of the

patent owner is inappropriate and should not play any part [in the jury's] deliberations.'")

(internal citations omitted).  Mention of or reference to Soverain's non-Transact related

income is irrelevant, will confuse the jury and will unfairly prejudice Soverain.

***

Soverain requests that its motions *in limine* 1-29 be granted.  A proposed form of Order is

provided.

19

Dated: January 13, 2010                    Respectfully submitted,


                                           Thomas L. Giannetti (with permission)
                                           Kenneth R. Adamo
                                           State Bar No. 00846960
                                           Lead Attorney
                                           Email:  kradamo@jonesday.com
                                           JONES DAY
                                           2727 North Harwood Street
                                           Dallas, Texas 75201-1515
                                           Telephone:  214-220-3939
                                           Facsimile:  214-969-5100

                                           Thomas L. Giannetti
                                           NY Attorney Reg. No. 1632819
                                           Email:  tlgiannetti@jonesday.com
                                           Ognian V. Shentov
                                           NY Attorney Reg.  No. 2867737
                                           Email:  ovshentov@jonesday.com
                                           Barry R. Satine
                                           NY Attorney Reg. No. 1450220
                                           Email:  barryrsatine@jonesday.com
                                           JONES DAY
                                           222 East 41st Street
                                           New York, New York 10017-6702
                                           Telephone:  212-326-3939
                                           Facsimile:  212-755-7306

                                           Jennifer Seraphine
                                           CA Attorney Reg. No. 245463
                                           Email:  jseraphine@jonesday.com
                                           JONES DAY
                                           555 California Street, 26th Floor
                                           San Francisco, CA 94104

                                           ATTORNEYS FOR PLAINTIFF

20

## CERTIFICATE OF SERVICE

This is to certify that on January 13, 2010, a true and correct copy of the foregoing document, its attachments, and a proposed order has been served on all counsel of record via the court's ECF system.

/s/ Thomas L. Giannetti
Thomas L. Giannetti

## CERTIFICATE OF CONFERENCE

This is to certify that counsel for the parties participated in conferences regarding the subject matter of these motions on January 7, 2010, as required by the Court's Order of November 9, 2009 (Docket No. 281).

Counsel for the movant, Thomas L. Giannetti, Barry R. Satine, Jennifer Seraphine, Clark Craddock, Kenneth S. Canfield, and Debra R. Smith, and counsel for non-movant, Kent E. Baldauf, Jr., Richard A. Sayles, and Daniel H. Brean, conferred by telephone on January 7, 2010. During the January 7th telephone conference, counsel discussed Soverain's and Defendants' proposed motions *in limine*.  After the conference, communications were exchanged providing additional information and attempting to narrow the areas of dispute.  Following those communications, the parties were able to reach agreement on Soverain's proposed motions *in limine*: Nos. 3, 5, 6, 7, 11, 14 (in part), 17, 18, 21, 25 (in part), 26, and 27.  The parties were unable to agree on Soverain's motions *in limine*: Nos. 1, 2, 4, 8, 9, 10, 12, 13, 14 (in part), 15, 16, 19, 20, 22, 23, 24, 25 (in part), 28, and 29.

Accordingly, Soverain seeks this Court's assistance to resolve the parties' outstanding issues.

/s/ Thomas L. Giannetti
Thomas L. Giannetti

NYI-4243449v5