# ATTACHMENT 1

NYI-4242844v2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CDW CORPORATION,<br>NEWEGG INC.,<br>REDCATS USA, INC.<br>SYSTEMAX INC.,<br>ZAPPOS.COM, INC.,<br>REDCATS USA, L.P.,<br>THE SPORTSMAN'S GUIDE, INC.,<br>AND<br>TIGERDIRECT, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 6:07-CV-00511-LED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SOVERAIN'S BRIEF IN SUPPORT OF ITS MOTION IN LIMINE NO. 20
PRECLUSION OF UNCORROBORATED TESTIMONY
REGARDING ALLEGED PRIOR ART**

Plaintiff Soverain moves this Court to preclude defendant Newegg from introducing the uncorroborated testimony of Mr. Alexander Trevor regarding the alleged prior art CompuServe Mall.

Newegg alleges that the prior public knowledge and use of the CompuServe Mall system invalidates the asserted claims of the '314 and '492 patents. Newegg has identified Alexander Trevor, former Chief Technical Officer of CompuServe, as one of its trial witnesses. Newegg has represented that Trevor will testify about the technical workings of the Mall, including "the means by which CompuServe Mall customers could select more than one item during a single visit to a given merchant's online store prior to checkout"; "the files that accumulated customer

selections at the CompuServe servers prior to checkout"; and "the communications protocols used by CompuServe." All of these are operations unseen by users of the Compuserve Mall.

Testimony offered at trial to invalidate a patent, including testimony regarding alleged prior art, must be corroborated. *See Texas Digital Sys. v. Telegenix, Inc.*, 308 F.3d 1193, 1217 (Fed. Cir. 2002) ("Corroboration is required of any witness whose testimony alone is asserted to invalidate a patent, regardless of his or her level of interest."). Newegg relies on three general user guides (D-2, D-3, D-4) to CompuServe services to corroborate Trevor's testimony: *How To Get the Most out of CompuServe*, *CompuServe® CIM Running Start*, and *Using CompuServe* (collectively "the Manuals"). Each Manual devotes only a few pages to the Mall, and those pages merely contain general information directed to users of the system. The Manuals are hearsay, and Soverain has moved to exclude them on that basis.[1] In addition, the Manuals do not provide any description of the technical workings of the Mall, including the means for selecting multiple items, the accumulated files at the CompuServe servers or the communications protocols – all the proffered subject matter of Trevor's trial testimony. The Manuals cannot corroborate Trevor's proffered testimony because they cannot corroborate the details that will be the subject of his testimony according to Newegg. *Finnigan Corp. v. ITC*, 180 F.3d 1354, 1369-70 (Fed. Cir. 1999).

The Manuals are not sufficiently detailed to show whether the Mall had technical features corresponding to every element of the asserted patent claims. *Finnigan*, 180 at 1365-70 (precluding testimony where article proffered as corroborating evidence did not disclose one element of the asserted patent claim). The Manuals do not disclose many of the elements of the claims at issue here, such as the "shopping cart database" *Id.* Nor can Trevor's testimony

---

[1] *See* Soverain's Motion in Limine No. 23, filed concurrently.

remedy the deficiencies of the Manuals' descriptions.  *Gemstar-TV Guide Int'l, Inc. v. ITC*, 383 F.3d 1352, 1382-83 (Fed. Cir. 2004) (a witness's testimony cannot fill in the gaps left by proffered corroborating evidence.).

      The proper remedy for insufficient corroboration is preclusion of the evidence in question.  *Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1375-76 (Fed. Cir. 2009) (affirming preclusion of uncorroborated testimony); *see also Finnigan*, 180 F.3d at 1369-70 (uncorroborated testimony is insufficient as a matter of law to prove invalidity).  Soverain therefore requests that this Court preclude Mr. Trevor's testimony.  In further support of this motion, Soverain refers to and incorporates its previously submitted Motion in Limine to Preclude the Testimony of Alexander Trevor at Trial (Docket No. 287) and its Reply in Support of Its Motion in Limine to Preclude the Testimony of Alexander Trevor at Trial (Docket No. 292).

Dated: January 13, 2010

Respectfully submitted,

/s/ Thomas L. Giannetti (with permission)
Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email:  kradamo@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone:  214-220-3939
Facsimile:  214-969-5100

Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email: tlgiannetti@jonesday.com
Ognian V. Shentov
NY Attorney Reg.  No. 2867737
Email:  ovshentov@jonesday.com
Barry R. Satine
NY Attorney Reg. No. 1450220
Email:  barryrsatine@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone:  212-326-3939
Facsimile:  212-755-7306

Jennifer Seraphine
CA Attorney Reg. No. 245463
Email:  jseraphine@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104

ATTORNEYS FOR PLAINTIFF

NYI-4242844v2