# ATTACHMENT 2

NYI-4243482v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **SOVERAIN SOFTWARE LLC,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **CDW CORPORATION,** ) <br> **NEWEGG INC.,** ) <br> **REDCATS USA, INC.** ) <br> **SYSTEMAX INC.,** ) <br> **ZAPPOS.COM, INC.,** ) <br> **REDCATS USA, L.P.,** ) <br> **THE SPORTSMAN'S GUIDE, INC.,** ) <br> **AND** ) <br> **TIGERDIRECT, INC.,** ) <br> ) <br> **Defendants.** ) | Case No. 6:07-CV-00511-LED |

**SOVERAIN'S BRIEF IN SUPPORT OF ITS MOTION IN LIMINE NO. 22
TREWITT PAPER IS NOT PRIOR ART**

Plaintiff Soverain moves this Court to preclude defendant Newegg from using a paper authored by Glenn Trewitt entitled "Technical Note TN-14: Using Tcl to Process HTML Forms" (D-26) as prior art. The Trewitt Paper is not prior art to the asserted claims of the '639 patent. Newegg alleges that the Trewitt Paper is prior art under 35 U.S.C. § 102(f) and (g).[1] (Newegg's Second Supplemental Invalidity Contentions, at 109.)

To establish a derivation defense under 35 U.S.C. § 102(f), Newegg must prove by clear and convincing evidence "both prior conception of the invention by another and communication

---

[1] During reexamination of the '780 patent (the parent to the '639 patent), the Patent Office agreed that the Trewitt Paper was not a prior-art printed publication under § 102(a)/(b) prior to June 1994. It is therefore no surprise that Newegg is now relying upon 35 U.S.C. § 102(f) (derivation) and § 102(g) (prior invention).

of that conception to the patentee." *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1576 (Fed. Cir. 1997) (reversing holding of invalidity based on derivation).  Newegg alleges the Trewitt Paper was communicated to Win Treese, a named inventor on the '639 patent, by the end of May 1994.  But Newegg has provided no evidence of such a communication to Treese prior to the relevant invention dates.

Even if Newegg had evidence of such a communication, it would be unavailing, for Mr. Treese is *not* an inventor of the claims of the '639 patent (claims 60 and 79) asserted in this action or the claims on which they depend.  Any communication to Treese cannot, therefore, satisfy Newegg's burden to show communication to an inventor.  The Trewitt Paper is not § 102(f) prior art to the asserted '639 patent claims.

To succeed on its 35 U.S.C. § 102(g) prior invention defense, Newegg must establish that Trewitt actually reduced the invention to practice.  *Z4 Techs, Inc. v. Microsoft Corp.*, 507 F.3d 1340,  1352 (Fed. Cir. 2007); *Kimberly-Clark v. Johnson & Johnson*, 745 F.2d 1437, 1444-46 (Fed. Cir. 1984).  Newegg has not and cannot do so.  In the only section of the Trewitt Paper relied upon by Newegg for the session-management elements present in the asserted '639 patent claims (Newegg's Second Supplemental Invalidity Contentions, at 109-11), the paper states: "This mechanism, if it is adopted and when it is deployed . . . ." and "*The status of this proposal is unknown.*"  (D-26, § 6.5 (italics original).)  The Trewitt Paper thus makes it clear that the "Session-Id" proposal was just that – a proposal, which was never actually reduced to practice by building and testing.  The Trewitt Paper therefore is not § 102(g) prior art either.

Newegg should not be permitted to rely on the Trewitt Paper as prior art to the '639 patent.

Dated: January 13, 2010                            Respectfully submitted,


                          /s/ Thomas L. Giannetti (with permission)
                          Kenneth R. Adamo
                          State Bar No. 00846960
                          Lead Attorney
                          Email:  kradamo@jonesday.com
                          JONES DAY
                          2727 North Harwood Street
                          Dallas, Texas 75201-1515
                          Telephone:  214-220-3939
                          Facsimile:  214-969-5100

                          Thomas L. Giannetti
                          NY Attorney Reg. No. 1632819
                          Email:  tlgiannetti@jonesday.com
                          Ognian V. Shentov
                          NY Attorney Reg.  No. 2867737
                          Email:  ovshentov@jonesday.com
                          Barry R. Satine
                          NY Attorney Reg. No. 1450220
                          Email:  barryrsatine@jonesday.com
                          JONES DAY
                          222 East 41st Street
                          New York, New York 10017-6702
                          Telephone:  212-326-3939
                          Facsimile:  212-755-7306

                          Jennifer Seraphine
                          CA Attorney Reg. No. 245463
                          Email:  jseraphine@jonesday.com
                          JONES DAY
                          555 California Street, 26th Floor
                          San Francisco, CA 94104

                          ATTORNEYS FOR PLAINTIFF

NYI-4243482v1