# ATTACHMENT 3

NYI-4243478v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **SOVERAIN SOFTWARE LLC,**  )<br>)<br>   **Plaintiff,**  )<br>)<br>   v.  )<br>)<br>**CDW CORPORATION,**  )<br>**NEWEGG INC.,**  )<br>**REDCATS USA, INC.**  )<br>**SYSTEMAX INC.,**  )<br>**ZAPPOS.COM, INC.,**  )<br>**REDCATS USA, L.P.,**  )<br>**THE SPORTSMAN'S GUIDE, INC.,**  )<br>**AND**  )<br>**TIGERDIRECT, INC.,**  )<br>)<br>   **Defendants.**  ) | Case No. 6:07-CV-00511-LED |

**SOVERAIN'S BRIEF IN SUPPORT OF ITS MOTION IN LIMINE NO. 23
COMPUSERVE MANUALS ARE INADMISSIBLE**

Plaintiff Soverain moves this Court to preclude defendant Newegg from offering three third-party CompuServe user manuals as evidence. If being offered for the truth (*e.g.*, as corroboration), the manuals are inadmissible hearsay and do not fall under any established exception to the hearsay rule. If the manuals are being offered as printed publications under 35 U.S.C. § 102(b), Newegg has not established that they were disseminated, a prerequisite to their admission as prior art.

Newegg has identified as trial exhibits (D-2, D-3, D-4) three general user guides to CompuServe services written by third parties (not by CompuServe): *How To Get the Most out of CompuServe*, *CompuServe® CIM Running Start*, and *Using CompuServe* (collectively "the

Manuals"). Newegg relies upon the Manuals to describe features of its alleged prior art CompuServe Mall (the "Mall"), and to corroborate the testimony of Alexander Trevor.[1]

As corroboration for Trevor, the Manuals constitute inadmissible hearsay evidence. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Newegg offers the Manuals as descriptions of the CompuServe Mall: "The Manuals . . . describe the CompuServe Mall in ample detail."[2] In this context, Newegg is offering the Manuals for the truth of the matters that they assert, and the hearsay rule therefore applies. *See Square Liner 360o, Inc. v. Chisum*, 691 F.2d 362, 369-70 (8th Cir. 1982) (statements offered in support of the defense of obviousness were offered to prove the truth of the matter asserted under Rule 801(c) and that no hearsay exception applied); *Hilgraeve, Inc. v. Symantec Corp.*, 271 F. Supp. 2d 964, 974 (E.D. Mich. 2003) (dates published on documents offered to prove prior public use were hearsay because they would be used to prove the truth of the matter asserted).

None of the established exceptions to the hearsay rule apply to the Manuals. Nor does the so-called residual hearsay exception (Fed. R. Evid. 807) help Newegg. The Fifth Circuit has made clear that the proponent must meet a heavy burden to gain admission of a statement using the residual hearsay exception. *U.S. v. Phillips*, 219 F.3d 404, 419 n.23 (5th Cir. 2000) ("The exception is to be 'used only rarely, in truly exceptional cases.' *U.S. v. Thevis*, 665 F.2d 616, 629 (5th Cir. 1982). '[T]he proponent of the statement bears a heavy burden to come forward with indicia of both trustworthiness and probative force.' *U.S. v. Washington*, 106 F.3d 983, 1001-02 (D.C. Cir. 1997)."). Newegg does not meet that burden.

---

[1] The Manuals do not corroborate Trevor's proffered testimony. See Soverain's Motion in Limine No. 20, filed concurrently.

[2] Newegg's Reply to Plaintiff's Response to Newegg's Motion for Summary Judgment of Invalidity (Docket No. 266).

Nor has Newegg established that the Manuals are admissible as printed publications under 35 U.S.C. § 102(b).  *Carella v. Starlight Archery & Pro Line Co.*, 804 F.2d 135, 139 (Fed. Cir. 1986) (the party proffering a document as a printed publication must provide sufficient proof of its dissemination or availability).  The proffered Boger declaration (D-6), at best, shows that one of the Manuals (D-4) was printed.  It says nothing about whether any of the Manuals were disseminated  The Manuals therefore are not prior art.

In further support of this motion, Soverain refers to and incorporates its previously submitted Motion in Limine to Preclude the Testimony of Alexander Trevor at Trial (Docket No. 287) and its Reply in Support of Its Motion in Limine to Preclude the Testimony of Alexander Trevor at Trial (Docket No. 292).

The Manuals are inadmissible and are properly excluded from evidence at trial.  *See* Fed. R. Evid. 802, 805.

Dated: January 13, 2010                          Respectfully submitted,


                                                 /s/ Thomas L. Giannetti (with permission)
                                                 Kenneth R. Adamo
                                                 State Bar No. 00846960
                                                 Lead Attorney
                                                 Email:  kradamo@jonesday.com
                                                 JONES DAY
                                                 2727 North Harwood Street
                                                 Dallas, Texas 75201-1515
                                                 Telephone:  214-220-3939
                                                 Facsimile:  214-969-5100

                                                 Thomas L. Giannetti
                                                 NY Attorney Reg. No. 1632819
                                                 Email:  tlgiannetti@jonesday.com
                                                 Ognian V. Shentov
                                                 NY Attorney Reg.  No. 2867737
                                                 Email:  ovshentov@jonesday.com
                                                 Barry R. Satine
                                                 NY Attorney Reg. No. 1450220
                                                 Email:  barryrsatine@jonesday.com
                                                 JONES DAY
                                                 222 East 41st Street
                                                 New York, New York 10017-6702
                                                 Telephone:  212-326-3939
                                                 Facsimile:  212-755-7306

                                                 Jennifer Seraphine
                                                 CA Attorney Reg. No. 245463
                                                 Email:  jseraphine@jonesday.com
                                                 JONES DAY
                                                 555 California Street, 26th Floor
                                                 San Francisco, CA 94104

                                                 ATTORNEYS FOR PLAINTIFF