**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **SOVERAIN SOFTWARE LLC,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **CDW CORPORATION,** <br> **NEWEGG INC.,** <br> **REDCATS USA, INC.** <br> **SYSTEMAX INC.,** <br> **ZAPPOS.COM, INC.,** <br> **REDCATS USA, L.P.,** <br> **THE SPORTSMAN'S GUIDE, INC.,** <br> **AND** <br> **TIGERDIRECT, INC.,** <br><br> **Defendants.** | ) | **Case No. 6:07-CV-00511-LED** |

**[PROPOSED] ORDER GRANTING SOVERAIN'S MOTIONS IN LIMINE**

Before the court is Plaintiff Soverain Software LLC's omnibus Motions in Limine, filed January 13, 2010. The Court has reviewed Soverain's motions in limine and makes the following rulings:

Defendant Newegg, Inc., and its respective attorneys and witnesses, including expert witnesses, are instructed not to mention or aver to, in the presence of the jury, either directly or indirectly, upon voir dire, statement of the case, interrogation of the witnesses, argument, objections before the jury, or in any other means or manner inform the jury or bring to the jury's attention any of the matters set forth below, unless and until such matters have first been called to the Court's attention, out of the presence of the jury, and a favorable ruling received as to the admissibility of those matters.

Newegg's attorneys are specifically instructed to inform all of Newegg's witnesses, including expert witnesses, not to volunteer, inject, disclose, state or mention in the presence of the jury any of the matters enumerated below, unless specifically questioned thereon and after prior ruling by the Court.

1. **Acquisition of the Patents-in-Suit**: Evidence, statements, or arguments relating to the amount paid by plaintiff (and its predecessors-in-interest) to acquire the patents-in-suit and the Transact product line at a U.S. Bankruptcy Court auction are excluded.

   GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

   ________________________________________________________________________

   ________________________________________________________________________

2. **Validity of the Patents-In-Suit During Soverain's Direct Case**: Newegg is precluded from presenting any evidence, statements, or arguments, or otherwise making any reference to, the alleged invalidity of the patents-in-suit during Soverain's direct case.

   GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

   ________________________________________________________________________

   ________________________________________________________________________

3. **[AGREED] Inconsistent Claim Construction**: Newegg is precluded from presenting any evidence, statements, or arguments, including expert testimony, inconsistent with, or in addition to, the Court's claim construction.

   GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

   ________________________________________________________________________

   ________________________________________________________________________

4. **Unalleged Prior Art**: Newegg is precluded from referring to, introducing, or otherwise relying on any prior art not identified in its Second Supplemental Invalidity Contentions.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

5. **[AGREED] Effect of Jury's Answers**: Newegg is precluded from informing the jury of the potential legal effect of the jury's answers.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

6. **[AGREED] Matters Outside Joint Pre-Trial Order**: The parties are precluded from presenting any evidence, statements, or arguments relating to an issue not contained in the Joint Pre-Trial Order.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

7. **[AGREED] Criticism of the Patent Office**: Newegg is precluded from presenting any evidence, statements, or arguments suggesting that the United States Patent and Trademark Office and its examiners are not diligent, prone to error, overworked, negligent, or otherwise discrediting them.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

8. **Undisclosed Expert Testimony**: Newegg's technical expert Mr. Tittel is precluded from testifying as to alleged prior art not included in his expert reports and claims of the patents-in-suit that were not included in his expert reports.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

________________________________________________________________________

________________________________________________________________________

9. **Expert Opinions Regarding Technical Alternatives from Wu**: Newegg is precluded from offering expert opinions through its chief technical officer, James Wu.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

________________________________________________________________________

________________________________________________________________________

10. **Soverain's Litigation Expenses**: Evidence, statements, or arguments relating to Soverain's litigation expenses are excluded.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

________________________________________________________________________

________________________________________________________________________

11. **[AGREED] Reference to Soverain with a Pejorative Term**: Evidence, statements, or arguments referring to Soverain as a "patent troll" or other pejorative term, or otherwise indicating that Soverain's income is primarily generated from patent litigation are excluded.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

________________________________________________________________________

________________________________________________________________________

12. **Reliance on Transact as a Non-Infringing Alternative**: Newegg is precluded from making any reference to Soverain's Transact product as a "non-infringing alternative" in the absence of admissible evidence that Transact was an acceptable "non-infringing alternative" available to Newegg at the time of the hypothetical negotiation.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

________________________________________________________________________

________________________________________________________________________

13. **Reliance on E-Commerce Software not Shown To Be Available, Non-Infringing, or Acceptable at the Time of the Hypothetical Negotiation**: Newegg is precluded from making any reference to e-commerce software products as available "non-infringing alternatives" in the absence of admissible evidence that would prove the foundation necessary to establish that any such product was available and was a "non-infringing alternative."

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

________________________________________________________________________

________________________________________________________________________

14. **[AGREED in part as to exclusion as evidence of memo and Rebuttal Expert Report on Damages] Reliance on Design Arounds as Non-Infringing Alternatives**: This Court:

(A) excludes the "design-around memo" prepared by Newegg's technical expert, Edward R. Tittel.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

(B) excludes those portions of Newegg's Rebuttal Expert Report on Damages, prepared by Newegg's damages expert W. Christopher Bakewell, that rely on the memo, and precludes testimony by Bakewell that is based on those portions of his expert report.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

(C) precludes testimony by Newegg's technical expert Tittel and fact witness Wu regarding the subject of the design-around memo.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

15. **Reliance on E-Commerce Software as Data Points**: Newegg is precluded from making any reference to e-commerce software products as available "data points" in the absence of admissible evidence that would prove the foundation necessary to establish that any such product was available and was a "non-infringing alternative."

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

16. **Reliance on Fact Witnesses not Properly Disclosed in Discovery**: Evidence, statements, or arguments relying upon fact witnesses Ms. Mira Wolf, Mr. Gary Pokhorn, Mr. Dan Tensfeldt, Mr. Jeff Dyer, and Mr. Alexander Trevor who were not properly

disclosed during discovery are excluded.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

17. **[AGREED] Reexamination Proceedings of 7,191,447 Patent**: Evidence, statements, or arguments relating to the reexamination proceedings brought by Newegg regarding U.S. Patent No. 7,191,447 are excluded.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

18. **[AGREED] Testimony Defendants' 30(b)(6) Witnesses Were Unable To Provide**: Newegg is precluded from presenting any testimony that Newegg's 30(b)(6) witnesses were unable to provide at deposition regarding Newegg's financial projections prior to 2005 and Newegg's budget prior to 2005.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

19. **Selection of the Defendant**: Any reference to the fact that Soverain elected to file suit against Newegg rather than other entities that may also infringe the patents-in-suit is excluded.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

20. **Uncorroborated Testimony Regarding Alleged Prior Art**: Newegg is precluded from introducing any uncorroborated testimony by Alexander Trevor concerning alleged prior art public uses or prior inventions.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

21. **[AGREED] Purported Reconstructed Systems**: Any evidence, statements, or arguments referring to purported reconstructed prior art systems are excluded.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

22. **Trewitt Paper Is not Prior Art**: Newegg is precluded from presenting any evidence, statements, or arguments relating to the Trewitt paper as prior art to the asserted claims of the ’639 patent.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

23. **CompuServe Manuals Are Inadmissible as Hearsay**: The three CompuServe user manuals, *CompuServe® CIM Running Start, How To Get the Most out of CompuServe*, and *Using CompuServe* (collectively “the Manuals”), offered by Newegg are precluded as inadmissible hearsay.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

24. **Expert Trial Testimony by Alexander Trevor, Reliance on Trevor's Expert Report or Deposition, and the Trevor Report Itself**: Any expert testimony by Alexander Trevor at trial is precluded, Edward Tittel is precluded from basing any of his testimony on Trevor's expert report and expert deposition from the Amazon litigation (including, for example, the Eaasy Sabre screenshots and discussion thereof in Trevor's expert report), and the Trevor Report from the Amazon litigation is excluded.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

25. **[AGREED in part as to preclusion of 35 U.S.C. § 112 defenses for the '314 and '491 patents] Evidence Regarding Defenses not Included in the Joint Pre-Trial Order**: Newegg is precluded from presenting any evidence, statements, or arguments relating to 35 U.S.C. § 112 defenses for the '314 and '492 patents or any such defenses not included in the Joint Pre-Trial Order.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

26. **[AGREED] Evidence on Issues not for the Jury**: Newegg is precluded from presenting any evidence, statements, or arguments on issues not for the jury, i.e., inequitable conduct, laches, and estoppel.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

27. **[AGREED] Attorneys' Fee Arrangement Between Soverain and its Attorneys**: Newegg is precluded from making any reference to Soverain's legal fee arrangement with its attorneys.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

28. **Printed Publications Without Evidence of Dissemination**: Newegg is precluded from presenting any evidence, statements, or arguments relating to alleged "printed publications" without evidence of dissemination.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________

29. **Soverain's Income:** Evidence, statements, or arguments relating to Soverain's income (or lack thereof) from sources other than those related to the licensing of its Transact software product are excluded.

GRANTED:_________GRANTED AS MODIFIED:__________DENIED: __________

______________________________________________________________________

______________________________________________________________________