# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 6:07-CV-00511-LED |
| CDW CORPORATION, | ) |
| NEWEGG INC., | ) |
| REDCATS USA, INC. | ) |
| SYSTEMAX INC., | ) |
| ZAPPOS.COM, INC., | ) |
| REDCATS USA, L.P., | ) |
| THE SPORTSMAN'S GUIDE, INC., AND | ) |
| TIGERDIRECT, INC., | ) |
| | ) |
| Defendants. | ) |

## JOINT CERTIFICATE OF CONFERENCE

Counsel for Plaintiff Soverain Software LLC ("Soverain") and Defendant Newegg Inc. ("Newegg") have complied with the Court's January 25, 2009 Order (Dkt. No. 315) to meet and confer on the parties' motions in limine.  A meet and confer was conducted over the telephone on January 27, 2010 between counsel for Soverain (Ken Adamo, Michael Smith, and Ken Canfield) and counsel for Newegg (Richard Sayles, Kent Baldauf, and Mark Strachan).  A follow-up telephone conference was held on January 28, 2010 between counsel for Soverain (Barry Satine and Ken Canfield) and counsel for Newegg (Kent Baldauf and Daniel Brean).

The parties were unable to reach agreement on the following motions in limine and seek the Court's assistance to resolve the parties' outstanding issues as to these motions:

        Soverain's motions in limine nos. 1, 8, 9, 12, 13, 14, and 15
        Newegg's motion in limine no. 2

The following tables provide the status of each of the parties' motions in limine.  Nothing in the tables below waives either party's right to object to any evidence, statements, or arguments at trial.

| **Soverain's Motion in Limine** | **Status** |
|---|---|
| 1.   Acquisition (Purchase price) of the Patents-in-Suit | No agreement reached; argument requested |
| 2.   Validity of the Patents-In-Suit During Soverain's Direct Case | Agreed, subject to the understanding that Soverain may introduce evidence, statements, or arguments during its direct case related to (1) facts to the effect that the '314 and '492 patents were reexamined, and that certain prior art asserted by Newegg was considered during reexamination, and (2) facts relating to the development, background, and advantages of the inventions of the patents-in-suit.  This motion in limine does not apply to the opening argument of either party. |
| 3.   Inconsistent Claim Construction | Agreed |
| 4.   Unalleged Prior Art | Agreed |
| 5.   Effect of Jury's Answers | Agreed (to be applied to both parties) |
| 6.   Matters Outside Joint Pre-Trial Order | Agreed |
| 7.   Criticism of the Patent Office | Agreed, subject to the understanding that Newegg will challenge the validity of the patents-in-suit and is entitled to introduce evidence, statements, and arguments to the effect that the PTO did make mistakes in issuing those patents |
| 8.   Undisclosed Expert Testimony | No agreement reached; argument requested |
| 9.   Expert Opinions Regarding Technical Alternatives from Wu | No agreement reached; argument requested |
| 10. Soverain's Litigation Expenses | Agreed, subject to the understanding that Newegg is entitled to introduce evidence, statements, or arguments regarding Soverain's business expenses/losses related to sources other than litigation |
| 11. Reference to Soverain with a Pejorative Term | Agreed, subject to the understanding that Newegg is entitled to introduce evidence, statements, or arguments that Soverain's Transact product is not commercially successful |
| 12. Reliance on Transact as a Non-Infringing Alternative | No agreement reached; argument requested |
| 13. Reliance on E-Commerce Software Not Shown To Be Available, Non-Infringing, | No agreement reached; argument requested |

| | |
|---|---|
| or Acceptable at the Time of the Hypothetical Negotiation | |
| 14. Reliance on Design Arounds as Non-Infringing Alternatives | No agreement reached; argument requested |
| 15. Reliance on E-Commerce Software as Data Points | No agreement reached; argument requested |
| 16. Reliance on Fact Witnesses not Properly Disclosed in Discovery | Withdrawn |
| 17. Reexamination Proceedings of 7,191,447 Patent | Agreed |
| 18. Testimony Defendants' 30(b)(6) Witnesses Were Unable To Provide | Agreed |
| 19. Selection of the Defendant | Agreed |
| 20. Uncorroborated Testimony Regarding Alleged Prior Art | Granted in part as to Trevor's uncorroborated testimony (Dkt. No. 315) |
| 21. Purported Reconstructed Systems | Agreed |
| 22. Trewitt Paper Is not Prior Art | Agreed |
| 23. CompuServe Manuals Are Inadmissible as Hearsay | Denied (Dkt. No. 315) |
| 24. Expert Trial Testimony by Alexander Trevor, Reliance on Trevor's Expert Report or Deposition, and the Trevor Report Itself | Seeks same relief as Soverain's Motion to Preclude Expert Trial Testimony by Alexander Trevor, Preclude Edward Tittel from Offering Testimony Based on the Trevor Report, and Exclude the Trevor Report from Evidence (Dkt. No. 242), which was denied as moot (Dkt. No. 315) given Newegg's representation that it would not offer such evidence |
| 25. Evidence Regarding Defenses not Included in the Joint Pre-Trial Order | Agreed |
| 26. Evidence on Issues not for the Jury | Agreed |
| 27. Attorneys' Fee Arrangement Between Soverain and its Attorneys | Agreed |
| 28. Printed Publications Without Evidence of Dissemination | Denied (Dkt. No. 315) |
| 29. Soverain's Income | Agreed: Newegg agrees not to introduce evidence, statements, or arguments regarding income sources other than those related to Soverain's Transact software product. |

| Newegg's Motion in Limine | Status |
|---|---|
| 1. Preclusion of Evidence, Statements, and Arguments Relating to Newegg's Total Sales Revenues and Profits | Withdrawn |
| 2. Preclusion of Evidence, Statements, and Arguments Referring or Relating to | No agreement reached; argument requested |

| | |
|---|---|
| Licenses or Licensees of the Patents-in-suit, where such Licenses were Entered into in Settlement of Litigation | |
| 3.  Preclusion of Testimony by Michael Shamos which Purports to Explain Legal Principles or Provide Legal Instruction for Analyzing the Validity of the Asserted Claims | Agreed, subject to the understanding that Dr. Shamos may testify as to the legal basis for his analysis, the steps he took in his analysis, and his understanding of the law as he applied it in carrying out his analysis, and further subject to Newegg's right, if it believes it to be necessary after Dr. Shamos's testimony, to seek a curative jury instruction |
| 4.   Preclusion of Soverain from Offering Arguments and Witness Statements Related to the Reexaminations of the '314 and '492 Patents, Wherein such Arguments or Statements Suggest that the Patents are Somehow Entitled to a Heightened or Strengthened Presumption of Validity by Virtue of having undergone Reexamination | Agreed, subject to the understanding that Soverain may introduce evidence, statements, or arguments that the '314 and '492 patents were reexamined, and that certain prior art asserted by Newegg was considered during reexamination |

Dated:     January 28, 2010              Respectfully submitted,


/s/ Barry R. Satine (with permission)
Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email: kradamo@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100

Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email: tlgiannetti@jonesday.com
Ognian V. Shentov
NY Attorney Reg. No. 2867737
Email: ovshentov@jonesday.com
Barry R. Satine
NY Attorney Reg. No. 1450220
Email: barryrsatine@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017-6702

- 4 -

NYI-4249201

Telephone: 212-326-3939
Facsimile: 212-755-7306

ATTORNEYS FOR PLAINTIFF


/s/ Daniel H. Brean (with permission)
Richard A. Sayles
Texas State Bar No. 17697500
Mark D. Strachan
Texas State Bar No. 19351500
SAYLES │WERBNER
A Professional Corporation
1201 Elm Street
4400 Renaissance Tower
Dallas, Texas  75270
Telephone: 214-939-8700
Facsimile: 214-939-8787

David C. Hanson
Kent E. Baldauf, Jr.
John W. McIlvaine
Daniel H. Brean

THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, Pennsylvania  15219
Telephone: 412-471-8815
Facsimile: 412-471-4094

Trey Yarbrough
Texas State Bar No. 22133500
YARBROUGH ♦WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas  75702
Telephone:  903-595-3111
Facsimile: 903-595-0191
trey@yw-lawfirm.com

ATTORNEYS FOR DEFENDANT

- 5 -

**CERTIFICATE OF SERVICE**

    This is to certify that on January 28, 2010, a true and correct copy of the foregoing document has been served on all counsel of record via the Court's ECF system.

                                                                   /s/ Barry R. Satine_____
                                                                   Barry R. Satine
                                                                   Attorney for Plaintiff