IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 6:07-CV-00511-LED |
| CDW CORPORATION, NEWEGG INC., REDCATS USA, INC. SYSTEMAX INC., ZAPPOS.COM, INC., REDCATS USA, L.P., THE SPORTSMAN'S GUIDE, INC., AND TIGERDIRECT, INC., | ) |
| Defendants. | ) |

**SOVERAIN'S MOTION TO EXCLUDE
THE BELATEDLY-PRODUCED COMPUSERVE DOCUMENTS,
THE COMPUSERVE MANUALS AS CORROBORATING EVIDENCE,
AND TREVOR'S UNCORROBORATED TESTIMONY**

Newegg intends to offer at trial the testimony of Alexander Trevor, former Chief Technology Officer of CompuServe. His expected testimony relates to the CompuServe Mall, alleged prior art to Soverain's '314 and '492 patents. Absent corroboration, his testimony cannot be presented at trial. (Order, Dkt. 315 (granting in part, as to Alexander Trevor's uncorroborated testimony, Soverain's motion *in limine* #20 to preclude Newegg from offering uncorroborated testimony regarding alleged prior art).)

On January 21, 2010, recognizing it was a "close call" as to whether Trevor should testify, the Court granted Soverain leave to take his deposition. On the eve of the February 23rd deposition, Newegg produced new documents purportedly relating to the Mall, including source code. On March 1, Newegg served Soverain with its Second Supplemental Trial Exhibit List,

- 1 -

NYI-4256198

listing these documents.  This prejudicial, inexcusably late production should be excluded.

Trevor's deposition confirmed Soverain's position that the book excerpts ("Manuals") relied upon by Newegg for corroboration of his testimony are missing key claim elements, and are therefore insufficient as a matter of law.  The Manuals should be excluded as corroborating evidence.  Even if not excluded entirely as untimely produced, the February 22nd documents are similarly insufficient corroboration, and therefore should be excluded at least for that purpose.

As nothing remains to corroborate Trevor, Soverain renews its motion to exclude his testimony.

## I.  BACKGROUND

Unfortunately, Soverain is forced again to seek relief for Newegg's continued failure to timely disclose its trial plans for Trevor and the CompuServe Mall.  Soverain previously asked the Court to exclude Trevor's testimony because he was not properly disclosed and his expected testimony is not corroborated by the three CompuServe Manuals[1] on which Newegg until now has relied.  (Dkt. Nos. 287 (Soverain's Motion), 292 (Soverain's Reply).)  Soverain further moved *in limine* to preclude Newegg from offering uncorroborated testimony on alleged prior art.  (Dkt. No. 305 at #20 & Attach. 1.)  Acknowledging it was a "close call," this Court, without prejudice, denied Soverain's motion to exclude Trevor, deciding to take up the matter of whether the Manuals are sufficient corroboration at trial.  (*Id.*; Jan. 21, 2010 Pretrial Conf. Tr. 41.)  But the Court granted in part Soverain's motion *in limine* as to Trevor's uncorroborated testimony (Order, Dkt. No. 315), and granted Soverain leave to take his deposition (Pretrial Conf. Tr. 41).

At about 9 p.m. on February 22, the night before Trevor's deposition, Newegg produced

---

[1] *How To Get the Most out of CompuServe* (by Bowen and Peyton), *CompuServe*® *CIM Running Start* (by Campbell), and *Using CompuServe* (by Ellsworth) (D-002, D-003, D-004).

new Mall documents, including source code. While Newegg's counsel received the documents from Trevor that day, that was counsel's doing: Despite knowing of Trevor's Mall knowledge as early as March 2008 (when it claims it disclosed Trevor and the Mall in its initial disclosures (Dkt. 291)), Newegg waited more than a year, until summer 2009, to contact Trevor, and then delayed again, until early February 2010 – a mere week before trial was originally to begin – to discuss with him searching his expansive archives. At the deposition, Trevor confirmed the Manuals are legally insufficient corroboration for his testimony, admitting they are missing key claim elements such as shopping cart messages with product identifiers and viewing previous orders.

## II.      ARGUMENT

### A.      The Belatedly-Produced Documents Should Be Excluded For All Purposes

Newegg has no excuse for its belated production of CompuServe Mall documents on the eve of Trevor's deposition, five-and-a-half months after discovery closed. Fully aware of Trevor and his alleged expertise on the Mall as early as March 2008, Newegg waited to contact Trevor until summer 2009 (Trevor Tr. 21:2-7). And then it waited again, until early February 2010, well after the close of discovery, to give Trevor the go ahead to search his archives for the Mall. (*Id*. 92:3-13.) Meanwhile, it let multiple disclosure deadlines pass, making several submissions without requesting the information it could have obtained two years ago. In particular, Newegg provided three versions of invalidity contentions, an expert report on invalidity, a summary judgment motion on invalidity, briefing in response to Soverain's motions to exclude and *in limine* (Dkt. 291, 296, 310), original and first supplemental trial exhibit lists, and, as late as January 23, 2010, a Notice of Compliance with 35 U.S.C. § 282 pointing to its latest invalidity contentions as its § 282 statement (Dkt. 314). Throughout these submissions, when it came to the Mall, Newegg focused predominantly on the Manuals. Newegg waited two-and-a-half

- 3 -

NYI-4256198

months after Soverain filed its first motion on the inadequacy of the Manuals (Dkt. 287, Nov. 20, 2009) to even ask Trevor to search his files.

With discovery closed and trial only two months away, Soverain has neither the opportunity nor time to properly consider the new documents, especially the code, when it should be focusing on trial preparation. The Local Patent Rules and the Docket Control Order provide for early disclosure of invalidity contentions to avoid the very prejudice Soverain now faces due to Newegg conducting its invalidity case by ambush. Newegg has all along focused on the Manuals, admitted by Trevor to be documents for users, not system programmers. (Trevor Tr. 62:22-63:1 (Campbell), 67:3-9 (Bowen & Peyton), 80:3-8 (Ellsworth).) Nothing Newegg previously provided on the Mall contains source code or other "under-the-covers" technical detail, so Soverain had no reason to take such discovery. Newegg's belated production evades its disclosure obligation, leaving Soverain guessing as to how Newegg will use the new documents and code.

Newegg's belated production is especially prejudicial given the difficulty Soverain faces in considering the new documents. Trevor did not produce all of the Mall documents he found, let alone all that may be in his archive, but only those that he himself deemed relevant and, likely, advantageous to the position Newegg wants to advance in this case. (Trevor Tr. 26:12-14, 97:19-98:2.) It is possible that documents favorable to Soverain exist but were not produced, or even found. And as Newegg knows, Soverain's validity expert is in Hong Kong until March 10 on a teaching obligation (Dkt. 317, Shamos Decl), so he is substantially unavailable.

The proper remedy here is exclusion of all of the new documents, as Newegg should not be permitted to take advantage of its failure to prepare its case timely by springing new documents – including complex source code – on Soverain so close to trial. *See Paz v. Brush*

NYI-4256198

*Eng'd Materials, Inc.*, 555 F.3d 383, 390-91 (5th Cir. 2009) (excluding belatedly produced evidence); *Innogenetics, N.V. v. Abbott Labs*, 512 F.3d 1363, 1375-76 & n.4 (Fed. Cir. 2008) (excluding prior-art patent disclosed on last day of discovery: "[e]xclusion and forfeiture are appropriate consequences to avoid repeated occurrences of such manipulation of the litigation process"); *Texas Instr., Inc. v. Hyundai Elecs. Indus.*, 50 F. Supp. 2d 619, 629 (E.D. Tex. 1999) (excluding belatedly disclosed prior art: "[t]he net result of Hyundai's last-minute ambush with the [prior-art] system has been the simultaneous deprivation of critical discovery *and* valuable trial preparation time"). A continuance would not cure the prejudice to Soverain, but increase it, by delaying Soverain's day in court and causing further expense to Soverain, through no fault of its own. *Paz*, 555 F.3d at 390; *Texas Instr.*, 50 F. Supp. 2d at 630 n.21.

### B.    Legally Insufficient Alleged Corroboration, And Trevor's Uncorroborated Testimony, Should Be Excluded

As the Court recognized in granting in part Soverain's motion *in limine*, testimony offered to invalidate a patent must be corroborated. *E.g.*, *Washburn & Moen Mfg. v. Beat 'Em All Barbed-Wire Co.*, 143 U.S. 275, 284-85 (1892). This requirement is grounded in the "doubt that testimonial evidence alone in the special context of proving patent invalidity can meet the clear and convincing evidentiary standard to invalidate a patent." *Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1368 (Fed. Cir. 1999). Insufficiently corroborated evidence should be precluded. *Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1374-76 (Fed. Cir. 2009) (excluding uncorroborated testimony regarding an alleged invalidating prior invention).

Under Federal Circuit precedent, Trevor's testimony on the Mall as alleged prior art to the claimed invention must be fully corroborated, i.e., corroborating evidence must **unambiguously confirm each claim element allegedly present in the Mall**. *E.g.*, *Finnigan*, 180 F.3d at 1369; *Juicy Whip v. Orange Bang*, 292 F.3d 728, 742-43 (Fed. Cir. 2002). In

*Finnigan*, the Federal Circuit reversed a finding that claims were anticipated based on a third party's testimony on an alleged public use, purportedly corroborated by an article he authored. 180 F.3d at 1369.  The court found the testimony "was not corroborated by other evidence . . . because . . . [the] article is **ambiguous at best** concerning the claimed use of nonresonance ejection [one of the limitations of the asserted claims]." (bold added) *Id.* (rejecting also other testimony as unable to corroborate the alleged "*use of the claimed invention*").  There being nothing more than uncorroborated testimony to correlate the alleged use to the claimed invention, the court held "[s]uch evidence is insufficient as a matter of law to establish invalidity of the patent." *Id.* at 1370.[2]

If Trevor's testimony is not corroborated as to a particular claim element on which he testifies, it is insufficient to establish the presence of that element in the Mall as a matter of law.  Under such circumstances, both the legally insufficient allegedly corroborative evidence and Trevor's uncorroborated testimony should be excluded.  This is indeed the case for elements of each asserted claim of the '314 and '492 patents, elements for which Newegg relies solely on CompuServe, whether for anticipation or as part of an obviousness defense.

---

[2] Other cases confirm that Newegg's inability to corroborate Trevor's testimony as to certain claim elements is fatal to its invalidity defenses.  *Juicy Whip*, 292 F.3d at 742-43 (reversing denial of JMOL of no anticipation, holding that substantial evidence did not support jury verdict that claims were invalid as having been in prior public use, because oral testimony was insufficiently corroborated where the allegedly corroborating evidence failed to corroborate a particular claim element); *Lacks Indus., Inc. v. McKechnie Vehicle Components USA, Inc.*, 322 F.3d 1335, 1351-52 (Fed. Cir. 2003) (affirming finding of no public-use or on-sale bar because documentation was "incomplete, ambiguous, or contradictory" regarding particular claim limitation and could not corroborate oral testimony so as to establish a "correlation with the *claimed invention* by clear and convincing evidence" (citation omitted)); *Rosco, Inc. v. Mirror Lite Co.*, 120 Fed. Appx. 832, 836-37 (Fed. Cir. 2005) (reversing finding of invalidity because there was insufficient corroboration of oral testimony regarding the presence of a particular claim element in the prior art); *Zimmer Tech. v. Howmedica Osteonics Corp.*, 476 F. Supp. 2d 1024, 1041 (N.D. Ind. 2007) (holding notebook was insufficient corroborating evidence for conception because it was not shown that it corroborated all claim elements).

### 1. The Manuals Are Legally Insufficient Corroboration And Should Be Excluded As Corroborating Evidence

#### a. The Manuals Fail To Provide Adequate Corroboration

At his deposition, Trevor confirmed Soverain's position that the Manuals are insufficient corroboration. The Manuals are guides to using CompuServe written by third parties, not by CompuServe or Trevor. (Trevor Tr. 58:23-59:1.) They devote just a few pages to the Mall. They are meant for customers or potential customers of the Mall, not system programmers. (*Id*. 62:22-63:1, 67:3-9, 80:3-8.) They do not provide technical details about the way the Mall supposedly worked. They are from different dates and discuss different versions of the Mall, and do not together describe the Mall as it existed in total at any particular point in time. Trevor is unable to associate the Mall as described in the Manuals with particular versions of software for the Mall. (Trevor Tr. 122:6-20 (Bowen & Peyton), 124:13-25 (Ellsworth).) Indeed, Trevor testified that there were at least a hundred releases of server software (for one of two major version categories alone) as well as dozens of releases of client software. (*Id.* 50:5-52:4 (server); 53:2-53:3, 56:17-57:17 (client).) *See Civix-DDI, LLC v. Cellco P'ship*, 387 F. Supp. 2d 869, 895-96 (N.D. Ill. 2005) (denying summary judgment of invalidity over the Eaasy Sabre CompuServe service where defendant, relying on Trevor as a witness, "fail[ed] to point to any evidence to confirm that the difference between . . . two versions [of Eaasy Sabre] [did] not impact whether the prior art reference contained each and every element of the asserted claims").

It is plain, now confirmed by Trevor's testimony, that these excerpts do not disclose several elements of the claims, such as shopping cart messages comprising product identifiers[3]

---

[3] An element of '314 patent claim 34, on which all asserted '314 patent claims depend, and of '492 patent claim 17.

and hypertext statements with information on previously placed orders.[4]  As for the former, Trevor confirmed the Manuals do not disclose such messages (Trevor Tr. 72:24-73:3 (in Bowen & Peyton, an "O"-plus-carriage-return is sent), 82:22-83:3 (Ellsworth is silent on message content)) – and, in fact, that there was no reason for the messages sent upon product selection to contain product identifiers, because the server already knew the identity of the product (*id*. 87:15-88:1).  As for the latter, he conceded the Manuals do not describe any way for a customer to view information about his previous orders online, and that the Ellsworth manual instead suggests contacting the merchant (not CompuServe) directly, such as by email or over the phone.  (*Id*. 75:25-76:13 (Bowen & Peyton), 76:14-16 (Campbell), 82:11-21 (Ellsworth).)

There is no longer a need to wait until trial to determine whether the Manuals are potentially sufficient corroboration, and valuable trial time can be saved by an earlier ruling.  Fed. R. Evid. 403.  As is clear from *Finnigan*, *Rosco*, *Juicy Whip*, and *Zimmer*, silence or ambiguity on a claim term means the corroborating evidence is inadequate as a matter of law.  The Manuals are inadequate corroborating evidence and should be precluded from being offered for that purpose.

      b. <u>As Corroboration, The Manuals Are Inadmissible Regardless Of What They Disclose</u>

Further, not only do the Manuals fail to corroborate Trevor's expected testimony, they are inadmissible hearsay, and therefore are not even legally acceptable potential corroborating evidence in the first place.  That provides an independent basis for excluding the Manuals as corroborative evidence.  "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

---

[4] An element of '492 patent claim 15, on which the remaining asserted '492 patent claims depend.

Fed. R. Evid. 801(c). As books describing CompuServe written by third-party authors not affiliated with CompuServe (Trevor Tr. 58:24-59:1), the Manuals are double hearsay because they contain (1) the authors' out-of-court statements purporting to describe the Mall, and (2) statements written by third-parties not affiliated with CompuServe, originating from other sources (*see id.* 59:2-25 (Bowen and Peyton "had access to people within CompuServe," but Trevor could not say whom)).

Despite Newegg's argument to the contrary,[5] as alleged corroboration for Trevor, **the Manuals must be used for their truth**: to prove the Mall operated according to Trevor's testimony. *See*, *e.g.*, *Chen v. Bouchard*, 347 F.3d 1299, 1308 (Fed. Cir. 2003), where the Federal Circuit affirmed the exclusion of a third party's notebooks on hearsay grounds where the notebooks were offered as alleged corroboration of an inventor's claim of priority. Similarly, in *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1172 n.10 (Fed. Cir. 2006), the Federal Circuit warned that a non-inventor notebook used as corroborating evidence "is likely to be hearsay." When offered to corroborate Trevor's testimony, the Manuals are either true, i.e., accurately describe the Mall, or they are not relevant and are inadmissible. Fed. R. Evid. 402.[6]

---

[5] Although the Court denied Soverain's motion *in limine* #23, Soverain respectfully restates its position on hearsay here, as the motion may have been denied based on the representation by Newegg's lawyer at the January 21, 2010 final pretrial conference that Newegg is not seeking to admit the Manuals for their truth as to the actual structural characteristics of the Mall. (Pretrial Conf. Tr. 49:8-13, 50:3-7.) To the extent Newegg still intends to use the Manuals as corroborating evidence, Newegg necessarily will be seeking to admit the Manuals for their truth.

[6] Other sources confirm hearsay is inadmissible as corroboration. *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 1995 WL 811944, at *10 (N.D. Tex. Aug. 28, 1995) (rejecting accused infringer's attempt to corroborate oral testimony with hearsay testimony, noting that "[d]efendants have not cited a single case in which hearsay, alone, was sufficient to establish corroboration"); Patents and the Federal Circuit, 9th Ed., § 13.1 ("[W]hen an inventor attempts to offer into evidence the notebook of a noninventor as evidence of corroboration, evidentiary issues might be implicated. For example, where the noninventor does not testify, the notebook is likely to be hearsay . . . ."); *see also* Patent Litigation Strategies Handbook, 2d. Ed. (2005), § 21.VII.B.1., p. 837 (explaining that while inventor notebooks "are invaluable for proof of inventorship, confirming dates and helping the jury understand the complexity of the problems solved by the invention of the patent-in-suit[, ] [t]he use of inventor notebooks, however, is typically to prove the truth of what is contained therein. . . . They thus contain hearsay."); *Hilgraeve, Inc. v. Symantec Corp.*, 271 F. Supp. 2d 964, 974 (E.D. Mich. 2003) (dates published on documents offered to prove prior public knowledge or use are hearsay because they would be used to prove the truth of the matter asserted).

None of the exceptions to the hearsay rule apply to the Manuals. The residual hearsay exception of Federal Rule of Evidence 807 pointed to by Newegg (Dkt. 310) in opposing Soverain's motion *in limine* #23 does not apply. The Fifth Circuit has made clear that the proponent must meet a heavy burden to gain admission of a statement using the residual exception. *United States v. Phillips*, 219 F.3d 404, 419 n.23 (5th Cir. 2000) ("The exception is to be 'used only rarely, in truly exceptional cases.' . . . '[T]he proponent of the statement bears a heavy burden to come forward with indicia of both trustworthiness and probative force.'" (citations omitted)). In *Chen*, the Federal Circuit rejected the application of the residual hearsay exception to notebooks offered as corroborating evidence where the offering party offered no evidence of "circumstantial guarantees of trustworthiness" other than the hearsay documents themselves. 347 F.3d at 1308 & n.3. In so concluding, the court noted that the author of the allegedly corroborating documents was not called to testify. *Id.* Newegg has not listed any of the authors of the Manuals on its witness list and points only to the Manuals themselves as evidence of their own trustworthiness. Newegg cannot meet its burden to come forth with "indicia of both trustworthiness and probative force." *Phillips*, 219 F.3d at 419 n.23. The residual exception does not apply.

For the manual by Bowen and Peyton (D-002), Newegg further argued in its opposition that the ancient-document hearsay exception (Fed. R. Evid. 803(16)) applies, because the book bears a copyright date of 1989. Rule 803(16) applies to "[s]tatements in a document in existence twenty years or more the authenticity of which is established." Newegg has established neither that the manual has existed for more than 20 years nor that it is authentic. Regarding the manual's existence, a copyright date alone is insufficient to establish that the manual was published as of that date. *See In re Lister*, 583 F.3d 1307, 1311-17 (Fed. Cir. 2009) (copyright

registration was not sufficient to prove public accessibility). In fact, the date is hearsay when used for the purpose of showing that the manual existed as of that date. *See Hilgraeve*, 271 F. Supp. 2d at 974. Even if the manual did exist in 1989, Newegg has not established its authenticity: it has not shown that the manual as produced today has the same contents as whatever existed in 1989. And Rule 803(16) applies only to the ancient document itself: "if the [ancient] document contains more than one level of hearsay, an appropriate exception must be found for each level." *Emhart Indus., Inc. v. Home Ins. Co.*, 515 F. Supp. 2d 228, 268 (D. R.I. 2007) (alteration in original, citation omitted); *see also* Fed. R. Evid. 805. As explained, this manual is double hearsay. Even if the ancient-document exception did apply to the first level of hearsay, because Newegg cannot point to an exception for the second level of hearsay, the manual is still inadmissible when offered to corroborate Trevor's testimony.

### 2. The Belatedly-Produced Documents Are Legally Insufficient Corroboration And Should Be Excluded As Corroborating Evidence

The Federal Circuit has held that a witness's own documents alone are **in**adequate to corroborate testimony as to an allegedly invalidating prior invention. *Martek*, 569 F.3d 1363, 1375 (explaining that an alleged prior inventor "must provide **independent** corroborating evidence **in addition to his own statements and documents**" (quoting *Hahn v. Wong*, 892 F.2d 1028, 1032 (Fed. Cir. 1989)) (emphasis added)). Establishing prior knowledge or use, as Newegg plans to attempt, is no different. *See id.* n.4 ("[T]he corroboration requirement applies whether the witness claims to be a prior inventor under § 102(g) or a prior user under § 102(a) or § 102(b)."). The new February 22nd documents came from Trevor's personal archive of CompuServe documents, or, in the case of the code, from Trevor's personal copy (on his personal computer) of a database of America Online materials. (Trevor Tr. 92:14-16, 94:9-95:24.) Trevor created the so-called "America Online" database, and has personal possession

- 11 -

and control of his copy of it.  (*Id*. 94:9-95:24)  Trevor could have changed the contents of the code at any time.  Standing alone, with no supporting testimony from an independent witness or documents not coming from Trevor, the new documents cannot corroborate Trevor as a matter of law.  *Martek*, 579 F.3d at 1374-76.

Like the Manuals, the new February 22nd documents are missing elements of each asserted claim, including the same shopping cart messages and statement documents.  Even if the code did show every claim element, it would still be insufficient to show that a system incorporating those elements was **known or used**, as Newegg must do for the Mall.  The Federal Circuit has explained, for example, that "a notebook page may well show that an inventor *conceived* what he wrote on the page, whereas it may not show that the experiments were *actually performed*, as required for a reduction to practice."  *Martek*, 579 F.3d at 1376 (citation omitted).  Similarly, the code (if authenticated) can at most show that its authors had certain ideas; it cannot show that the code was implemented in a system that performed in accordance with the code, and that was publicly known or used.

### 3. Trevor's Uncorroborated Testimony Should Be Excluded, Or Newegg Should Be Required to Proffer Corroborating Evidence Before Trial

Absent corroboration, Trevor's testimony is inadmissible, and it should be ruled out now, as per the Court's Order on Soverain's motion *in limine*.  (Order, Dkt. 315); *Martek*, 579 F.3d at 1374-76.  As both the Manuals and the belatedly-produced documents are insufficient corroboration, Newegg lacks corroborating evidence for elements of each asserted claim of the '314 and '492-patents.  This makes anticipation of all of these claims by the Mall impossible.  While Newegg has alleged that certain of these claims are obvious, Newegg relies solely on CompuServe for the uncorroborated claim elements discussed in this motion, among others.  It is thus also impossible for Newegg to establish obviousness over CompuServe.  Trevor's testimony

- 12 -

should therefore be excluded in its entirety.  By excluding the testimony now, before trial, trial time can be saved, and juror confusion and prejudice to Soverain can be prevented by eliminating the possibility that the jury hears Trevor's testimony, only to have it later excluded. Fed. R. Evid. 403.

Alternatively, to ensure Trevor will testify only to the extent his testimony is adequately corroborated with legally-correct evidence, Soverain requests that, pursuant to Federal Rule of Evidence 104(b), Newegg be required to proffer legally admissible corroborating evidence for Trevor's testimony for each claim element that he will testify about prior to offering his testimony.  Rule 104(b) provides that "[w]hen the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."  Trevor's testimony is only relevant (and admissible) if it is corroborated.  Testimony on uncorroborated elements is irrelevant and should be excluded.  Fed. R. Evid. 104(b), 402; *United States v. Almonte*, 956 F.2d 27, 29-30 (2nd Cir. 1992) (affirming exclusion of evidence under Rule 104(b) because offering party failed to establish fact on which relevance of evidence was conditioned); *Tate v. Robbins & Myers, Inc.*, 790 F.2d 10, 11-12 (1st Cir. 1986) (same).

Soverain suggests the proffer should be in the form of an element-by-element identification of the corroborating evidence in one or more of the three Manuals (or the new documents, but only if they are not excluded as untimely produced).  The proffer should occur outside the presence of the jury, so that the jury does not hear testimony if the Court decides to preclude it as uncorroborated.  *See Almonte*, 956 F.2d at 29 (noting that the district court excluded evidence after hearing testimony regarding its admissibility outside the presence of the jury).  It would be unfair, prejudicial, and confusing to the jury to allow it to hear legally

insufficient and irrelevant evidence relating to the alleged invalidity of Soverain's patents.  Fed. R. Evid. 403.  In order to not waste trial time and the jury's time, and to narrow issues for trial, the proffer should occur well prior to trial.  *Id.*  Any uncorroborated testimony should be precluded as per the Court's Order on Soverain's motion *in limine* before the trial opens.

### III. CONCLUSION

The February 22nd belatedly-produced documents should be excluded.  Newegg should be precluded from offering the Manuals as corroborating evidence.  Additionally, Trevor's testimony should be excluded; in the alternative, Newegg should be required to proffer evidence of corroboration as to each claim element on which it intends to have Trevor testify, and if Newegg cannot offer such evidence for a given element, testimony on that element should be precluded.

Dated:   March 4, 2010                    Respectfully submitted,

/s/ Kenneth R. Adamo
(by Thomas L. Giannetti w/ permission)
Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email: kradamo@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100

Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email: tlgiannetti@jonesday.com
Ognian V. Shentov
NY Attorney Reg. No. 2867737
Email: ovshentov@jonesday.com
Barry R. Satine
NY Attorney Reg. No. 1450220

- 15 -

        Email: barryrsatine@jonesday.com
        JONES DAY
        222 East 41st Street
        New York, New York 10017-6702
        Telephone: 212-326-3939
        Facsimile: 212-755-7306


        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      This is to certify that on March 4, 2010, a true and correct copy of the foregoing document has been served on all counsel of record via the court's ECF system.

      /s/ Thomas L. Giannetti
      Thomas L. Giannetti

## CERTIFICATE OF CONFERENCE

      This is to certify that the parties participated in personal conferences regarding the subject matter of this motion on March 4, 2010, as required by Local Rule CV-7(h). Counsel for the movant, Tom Giannetti and Ken Canfield, and counsel for the non-movant, Kent Baldauf, conferred by telephone. An agreement could not be reached because counsel for the non-movant declined to withdraw the documents and testimony at issue. The discussions ended in an impasse, leaving the issue open for the Court to resolve.

      /s/ Thomas L. Giannetti
      Thomas L. Giannetti

NYI-4256198