IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **SOVERAIN SOFTWARE LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 6:07-CV-00511-LED |
| | ) |
| **CDW CORPORATION,** | ) |
| **NEWEGG INC.,** | ) |
| **REDCATS USA, INC.** | ) |
| **SYSTEMAX INC.,** | ) |
| **ZAPPOS.COM, INC.,** | ) |
| **REDCATS USA, L.P.,** | ) |
| **THE SPORTSMAN'S GUIDE, INC.,** | ) |
| **AND** | ) |
| **TIGERDIRECT, INC.,** | ) |
| | ) |
| Defendants. | ) |

**SOVERAIN'S MEMORANDUM IN SUPPORT OF ADMITTING SUMMARY CHARTS
AND SLIDES PREPARED BY SOVERAIN'S EXPERT JACK GRIMES**

This memorandum is submitted by Plaintiff Soverain in support of its offer into evidence of certain exhibits prepared by Soverain's infringement expert, Dr. Jack Grimes, identified as trial exhibits P-54 and P-244. These exhibits are slides that were used by Dr. Grimes in his direct testimony.[1] The basis for this submission is Rules 703 and 1006 of the Federal Rules of Evidence.

The exhibits at issue are based on admissible evidence including, but not limited to, Defendant Newegg's own documents (P-8, P-14) and thousands of pages relating to purchase examples analyzed by Dr. Grimes (P-10, P-12, P-29), all of which have already been admitted into evidence. In putting together P-54 and P-244, Dr. Grimes also relied on the deposition

---

[1] *See generally* Trial Tr. 11:8-167:13 (Apr. 26, 2010 PM).

testimony of James Wu, Newegg's Chief Technology Officer.[2] Dr. Grimes attended Mr. Wu's deposition, and relevant portions of the deposition are in evidence as lengthy exhibits P-62A, P-62B. Many of the slides in P-244 contain page and line citations to the Wu transcript portions[3] and other exhibits[4] admitted into evidence, allowing those voluminous exhibits to be more easily navigated by the jury.

Mr. Wu's video deposition was taken by Soverain as both a Rule 30(b)(6) witness on technical issues and a Rule 30(b)(1) witness. Because he is both a 30(b)(6) witness and a Newegg corporate officer, his deposition can be used at trial by Soverain for any purpose. *See* Fed. R. Civ. P. 32(a)(3). Courts have interpreted Rule 32(a)(3) to permit the use of deposition summaries. *C.R. Bard, Inc. v. M3 Sys., Inc.*, 866 F. Supp. 362, 363 (N.D. Ill. 1994) (allowing patentee to introduce deposition summaries of accused infringer's 30(b)(6) witnesses pursuant to Fed. R. Civ. P. 32(a)(2) (now Fed. R. Civ. P. 32(a)(3)) in lieu of live testimony).

Under Rule 1006 of the Federal Rules of Evidence, "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." Fed. R. Evid. 1006. Rule 1006 has been held to be applicable to summaries used by expert witnesses. *United States v. Williams*,

---

[2] Under Rule 703, an expert can rely upon depositions ("The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing."); 4-703 Weinstein's Federal Evid. § 703.02 (2009) ("[E]xpert witnesses need not attend the trial or hearing to obtain information concerning the testimony of other witnesses. They may review transcripts of the testimony, summaries of the trial record, *or deposition transcripts instead*." (emphasis added)). The Fifth Circuit has held that experts may disclose the underlying factual basis of their testimony under Rule 703 if it is based on evidence "known to [the expert] at or before the hearing." *Carter v. Massey-Ferguson, Inc.*, 716 F.2d 344, 349-350, 350 n.10 (5th Cir. 1983) (quoting Fed. R. Evid. 703).

[3] Dr. Grimes explained at various points during his testimony that he relied on Mr. Wu's deposition testimony. *E.g.*, Trial Tr. 42:18-45:14, 63:15-65:22, 67:11-68:4, 68:11-21, 70:3-15, 80:10-22, 81:1-14, 82:6-11, 89:15-23, 92:9-22, 94:2-11, 104:10-16, 110:7-13, 117:4-11, 118:13-17, 135:15-136:4, 140:3-15, 154:20-155:4, 160:17-161:5 (Apr. 26, 2010 PM).

[4] In addition to his reliance on Mr. Wu's deposition, Dr. Grimes testified to other bases for his summary exhibits. *E.g.*, Trial Tr. 11:18-12:18, 42:18-45:3, 55:21-57:13, 63:15-64:22, 72:19-73:11, 87:24-88:2, 107:4-11, 110:25-112:19, 140:3-15 (Apr. 26, 2010 PM).

264 F.3d 561, 575 (5th Cir. 2001) (district court did not err by admitting a chart created by a witness summarizing phone records in a conspiracy case under Rule 1006); *United States v. Gorel*, 622 F.2d 100, 105-106 (5th Cir. 1979) (district court's admission of an edited surveillance tape two hours long and corresponding transcript, where the original tapes were twenty hours long, was not erroneous).  The Fifth Circuit has explained that "[s]ummary charts in particular are admissible when (1) they are based on competent evidence already before the jury, (2) the primary evidence used to construct the charts is available to the other side for comparison so that the correctness of the summary may be tested, (3) the chart preparer is available for cross-examination, and (4) the jury is properly instructed concerning the use of the chart."  *United States v. Bishop*, 264 F.3d 535, 547-48 (5th Cir. 2001).  As the primary evidence on which P-54 and P-244 are based is already in evidence, and Dr. Grimes was available for cross-examination, the first three points are met, and the Court can give any necessary instruction to satisfy the remaining point.  Exhibits P-54 and P-244 are admissible under Rule 1006.

Rule 703 also supports the admission of summary charts containing the facts or data underlying an expert's opinion.  The First Circuit held in *United States v. DeSimone* that "Rule 703 allows a court to provide the jury, in appropriate circumstances, with the 'facts or data' underlying an expert's opinion, and such material may be presented in the form of a summary chart."  488 F.3d 561, 576 (1st Cir. 2007).  In *DeSimone*, everything in the chart was already admitted into evidence.  *Id.* at 577.  The Fifth Circuit has held that experts may disclose the underlying factual basis of their testimony if it is based on evidence "known to [the expert] at or before the hearing."  *Carter v. Massey-Ferguson, Inc.*, 716 F.2d 344, 349-350, 350 n.10 (5th Cir. 1983) (quoting Fed. R. Evid. 703).  The Second Circuit has also permitted an expert to testify about trial testimony already given.  *In re Air Disaster at Lockerbie Scotland*, 37 F.3d 804, 825-

NYI-4244398v5

826 (2d Cir. 1994).  The summary charts prepared by Dr. Grimes are based on admitted evidence that provides the jury with the facts and data underlying his opinion.

Trial exhibits P-54 and P-244 should be admitted into evidence.

Dated:     April 28, 2010

Respectfully submitted,

/s/  Kenneth R. Adamo_____
Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email: kradamo@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100

Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email: tlgiannetti@jonesday.com
Ognian V. Shentov
NY Attorney Reg. No. 2867737
Email: ovshentov@jonesday.com
Barry R. Satine
NY Attorney Reg. No. 1450220
Email: barryrsatine@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone: 212-326-3939
Facsimile: 212-755-7306

ATTORNEYS FOR PLAINTIFF

- 5 -

## CERTIFICATE OF SERVICE

    This is to certify that on April 28, 2010, a true and correct copy of the foregoing document has been served on all counsel of record via the Court's ECF system.

                                              /s/  Kenneth R. Adamo
                                              Attorney for Plaintiff

NYI-4244398v5