IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **SOVERAIN SOFTWARE LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 6:07-CV-00511-LED |
| | ) |
| **CDW CORPORATION,** | ) |
| **NEWEGG INC.,** | ) |
| **REDCATS USA, INC.** | ) |
| **SYSTEMAX INC.,** | ) |
| **ZAPPOS.COM, INC.,** | ) |
| **REDCATS USA, L.P.,** | ) |
| **THE SPORTSMAN'S GUIDE, INC.,** | ) |
| **AND** | ) |
| **TIGERDIRECT, INC.,** | ) |
| | ) |
| Defendants. | ) |

## SOVERAIN'S MOTION TO STRIKE THE TREVOR TRIAL TESTIMONY

Pursuant to Fed. R. Evid. 104(b), Soverain Software LLC ("Soverain") moves to strike the trial testimony of Alexander Trevor.  (Trial Tr. 25:22-91:2, Apr. 28, 2010, afternoon session). The ground for this motion is that Mr. Trevor's testimony regarding the CompuServe Electronic Mall as alleged prior art to the patents in suit was not sufficiently corroborated.

## I.     BACKGROUND

Alexander Trevor, former CTO of CompuServe, was proffered by defendant Newegg as a witness at trial.  The subject of Trevor's testimony was the CompuServe Electronic Mall (the "CompuServe Mall" or "Mall"), alleged prior art to the '314 and '492 patents in suit under 35 U.S.C. §§ 102(g) and (a).  Expecting that there would be corroboration issues regarding Trevor's testimony, Soverain filed a motion in limine to exclude Trevor's uncorroborated testimony.

NYI-4274500v1

(Dkt. 326). The motion was granted in part (Dkt. 357, 358), the Court ruling that Trevor would be permitted to testify, but only to the extent his testimony regarding Mall was corroborated.

Just prior to Trevor's trial testimony, counsel for Soverain requested the Court to take Trevor's trial testimony under Fed. R. Evid. 104(b). (Trial Tr. 8:22-9:3).

> (b) **Relevancy conditioned on fact**. When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

Counsel for Soverain advised the Court that Soverain would move to strike Trevor's testimony if it was not corroborated. (Trial Tr. 9:4-11). Counsel for Newegg assured the Court that Trevor's testimony would be corroborated by excerpts from three books about CompuServe that included user-level information about the CompuServe Mall (D-002, D-003, D-004). These books, published by third parties (not CompuServe), were not directed to programmers but to users or potential users of CompuServe. (Trial Tr. 75:15-76:25).

On direct examination, Trevor provided some historical detail about the CompuServe Mall. (Trial Tr. 31:5-32:6). However, he also discussed the operation of the Mall. It was in this testimony that he mentioned such alleged features of the CompuServe Mall as the "personal holding file" (which he equated to a shopping cart) and a database. (Tr. 33:7-35:6, 39:3-10, 42:13-18) On cross, however, Trevor was unable to find descriptions of these and other features of the Mall in the books. For example, Trevor was unable to point to any descriptions of the following:

1. The term "shopping cart" (Tr. 77:6-17);
2. How to implement the shopping cart (Tr. 77:18-78:22);
3. What messages go from the client to the server when the order button is pressed (Tr. 78:24-79:18);
4. How to implement a database (Tr. 79:19-80:16); and

    5. How to implement a "personal holding file" (Tr. 84:19-85:6).

In short, Newegg failed to establish the required corroboration for Trevor's testimony about the technical details of the Mall, prompting this motion to strike.

## II. TREVOR'S TESTIMONY SHOULD BE STRICKEN

  Fed. R. Evid. 104(b) provides:

> (b) **Relevancy conditioned on fact**. When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

Under this Rule, the Court "acts as a gatekeeper." *Blake v. Pelleggrino*, 329 F.3d 43, 48 (1st Cir. 2003). As stated in the 1975 notes to the Rule:

> If after all the evidence on the issue is in, pro and con, the jury could reasonably conclude that fulfillment of the condition is not established, the issue is for them. If the evidence is not such as to allow a finding, the judge withdraws the matter from their consideration. (citations omitted)

  Newegg has failed to meet the burden imposed by the patent laws of providing corroboration for testimony regarding prior art under 35 U.S.C. § 102(a) or (g). *See, e.g.*, *Washburn & Moen Mfg. v. Beat 'Em All Barbed-Wire Co.*, 143 U.S. 275, 284-85 (1892). This requirement is grounded in the "doubt that testimonial evidence alone in the special context of proving patent invalidity can meet the clear and convincing evidentiary standard to invalidate a patent." *Finnigan Corp. v. ITC*, 180 F.3d 1354, 1368 (Fed. Cir. 1999). Insufficiently corroborated evidence should be precluded. *Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1374-76 (Fed. Cir. 2009) (excluding uncorroborated testimony regarding an alleged invalidating prior invention).

  Under Federal Circuit precedent, Trevor's testimony on the Mall as alleged prior art to the claimed invention must be fully corroborated, i.e., corroborating evidence must

unambiguously confirm each claim element allegedly present in the Mall. *See, e.g.*, *Finnigan*, 180 F.3d at 1369; *Juicy Whip v. Orange Bang*, 292 F.3d 728, 742-43 (Fed. Cir. 2002). In *Finnigan*, the Federal Circuit reversed a finding that claims were anticipated based on a third party's testimony on an alleged public use, purportedly corroborated by an article he authored. 180 F.3d at 1369. The court found the testimony "was not corroborated by other evidence . . . because . . . [the] article is ambiguous at best concerning the claimed use of nonresonance ejection [one of the limitations of the asserted claims]." *Id.* (rejecting also other testimony as unable to corroborate the alleged "use of the claimed invention"). There being nothing more than uncorroborated testimony to correlate the alleged use to the claimed invention, the court held "[s]uch evidence is insufficient as a matter of law to establish invalidity of the patent." *Id.* at 1370.[1]

Trevor testified to the Mall as alleged prior art, using terms such as "shopping cart," "database" and "personal holding file" to describe how the Mall functions. The three books that Newegg introduced completely failed to corroborate Trevor's testimony, as they contained no mention of the Mall features described by Trevor. Because Newegg failed to meet its burden of corroborating Trevor's testimony regarding the Mall as alleged prior art, Trevor's testimony should be stricken. Fed. R. Evid. 104(b).

---

[1] Other cases confirm that Newegg's inability to corroborate Trevor's testimony as to certain claim elements is fatal to its invalidity defenses. *See Juicy Whip*, 292 F.3d at 742-43 (reversing denial of JMOL of no anticipation, holding that substantial evidence did not support jury verdict that claims were invalid as having been in prior public use, because oral testimony was insufficiently corroborated where the allegedly corroborating evidence failed to corroborate a particular claim element); *Lacks Indus., Inc. v. McKechnie Vehicle Components USA, Inc.*, 322 F.3d 1335, 1351-52 (Fed. Cir. 2003) (affirming finding of no public-use or on-sale bar because documentation was "incomplete, ambiguous, or contradictory" regarding particular claim limitation and could not corroborate oral testimony so as to establish a "correlation with the *claimed invention* by clear and convincing evidence" (citation omitted)); *Rosco, Inc. v. Mirror Lite Co.*, 120 Fed. Appx. 832, 836-37 (Fed. Cir. 2005) (reversing finding of invalidity because there was insufficient corroboration of oral testimony regarding the presence of a particular claim element in the prior art); *Zimmer Tech. v. Howmedica Osteonics Corp.*, 476 F. Supp. 2d 1024, 1041 (N.D. Ind. 2007) (holding notebook was insufficient corroborating evidence for conception because it was not shown that it corroborated all claim elements).

Newegg's anticipated reliance on the "rule of reason" (Newegg's Surreply in Opposition to Soverain's Motion To Exclude CompuServe Documents, the CompuServe Books as Corroborating Evidence, and Trevor's Related Testimony, Dkt. 351) is unavailing.  Under the rule of reason, "an evaluation of all pertinent evidence must be made so that a sound determination of the credibility of the [witness's] story may be reached."  *Finnigan*, 180 F.3d at 1369 n. 11 (citing *Price v. Symsek*, 988 F.2d 1187, 1195 (Fed. Cir. 1993)).  The rule provides that not every single statement of a witness need be corroborated.  *Id*. at 1368-69.  However, there must still be admissible corroborating evidence as to each claim element.  *Id*.

### III. CONCLUSION

Soverain's motion should be granted and Trevor's testimony regarding the CompuServe Electronic Mall (Tr. 25:22-91:2) should be stricken.

Dated:    April 29, 2010

Respectfully submitted,

/s/  Kenneth R. Adamo
Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email: kradamo@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100

Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email: tlgiannetti@jonesday.com
Ognian V. Shentov
NY Attorney Reg. No. 2867737
Email: ovshentov@jonesday.com
Barry R. Satine
NY Attorney Reg. No. 1450220
Email: barryrsatine@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone: 212-326-3939
Facsimile: 212-755-7306

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      This is to certify that on April 28, 2010, a true and correct copy of the foregoing document has been served on all counsel of record via the Court's ECF system.

                                               /s/  Kenneth R. Adamo
                                             Attorney for Plaintiff

NYI-4244398v5