IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, | ) |
| Plaintiff, | ) |
| vs. | ) |
| CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX INC., ZAPPOS.COM, INC., REDCATS USA, L.P., THE SPORTSMAN'S GUIDE, INC., and TIGERDIRECT, INC., | ) Civil Action No. 6:07-CV-00511-LED |
| Defendants. | ) |

**Newegg's Response to Soverain's Bench Memo regarding Non-Infringing Alternatives**

The present case involves an unusual situation: the date of the hypothetical negotiation is several years before the beginning of the damages period.  Moreover, nine months after the hypothetical negotiation, a software product (Intershop) became a licensed, non-infringing alternative.  In such circumstances, the book of wisdom allows a jury to consider the availability of Intershop during the hypothetical negotiation, at least when the damages period (as here) does not even begin until several years *after* Intershop became a licensed, non-infringing alternative:

> "factual developments occurring after the date of the hypothetical negotiation can inform the damages calculation: '[A] different situation is presented if years have gone by [between issuance of the patent and trial] before the evidence is offered. Experience is then available to correct uncertain prophecy. Here is a book of wisdom that courts may not neglect. We find no rule of law that sets a clasp upon its pages, and forbids us to look within.' "

*Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1333 (Fed. Cir. 2009) (quoting *Sinclair Refining Co. v. Jenkins Petroleum Process Co.*, 289 U.S. 689, 698 (1933)).

The cases cited by Soverain are distinguishable. As to *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1373 (Fed. Cir. 2008), the language Soverain cites is dicta. In particular, the Court there never had an occasion to address the admissibility of non-infringing alternatives that arose after the date of hypothetical negotiation for the simple reason that the district court found no non-infringing alternatives in the first place.

*Pall Corp. v. Micron Separations, Inc.*, 66 F.3d 1211, 1222-23 (Fed. Cir. 1995), stands for the proposition that a settlement license does not transform an infringing product into a non-infringing alternative as to the time period <u>before</u> the license. But that principle is not at issue here because the entire damages period is after – not before – the licensing of Intershop. Rather, what is determinative is the fact that Intershop was licensed before and during the entirety of the damages period. *See id.* (once a competitor is licensed, that competitor's "presence in the marketplace [can] not be ignored").

Finally, to the extent that *Panduit Corp. v. Stahlin Bros. Fiber Works, Inc.*, 575 F.2d 1152, 1162 (6th Cir. 1978), is inconsistent with the Federal Circuit's book of wisdom principle, it is not determinative of this issue of patent law, where Federal Circuit authority provides the controlling precedents.

                                                        Respectfully submitted,

Dated: April 26, 2010         By:        /s/ Mark D. Strachan
                                                        Mark D. Strachan
                                                        Texas State Bar No. 19351500
                                                        Richard A. Sayles
                                                        Texas State Bar No. 17697500

                                                        SAYLES | WERBNER
                                                        1201 Elm Street
                                                        4400 Renaissance Tower
                                                        Dallas, Texas 75270
                                                        Telephone: (214) 939-8700
                                                        Facsimile: (214) 939-8787

David C. Hanson
Kent E. Baldauf, Jr.
Daniel H. Brean

THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
T:  (412) 471-8815
F:  (412) 471-4094

Trey Yarbrough
Texas Bar No. 22133500

YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Tel: (903) 595-3111
Fax: (903) 595-0191
trey@yw-lawfirm.com

Attorneys for Defendant Newegg Inc.

**Certificate of Service**

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being hereby served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 29, 2010, or will be served via electronic mail.  All other counsel of record will be served via facsimile or first class mail.

                                                  /s/ Mark Strachan
                                                     Mark Strachan