## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **SOVERAIN SOFTWARE LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 6:07-CV-00511-LED** |
| | ) | |
| **CDW CORPORATION,** | ) | |
| **NEWEGG INC.,** | ) | |
| **REDCATS USA, INC.** | ) | |
| **SYSTEMAX INC.,** | ) | |
| **ZAPPOS.COM, INC.,** | ) | |
| **REDCATS USA, L.P.,** | ) | |
| **THE SPORTSMAN'S GUIDE, INC.,** | ) | |
| **AND** | ) | |
| **TIGERDIRECT, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### SOVERAIN'S MOTION FOR JUDGMENT AS A MATTER OF LAW

## <u>TABLE OF CONTENTS</u>

I.      LEGAL STANDARD FOR JUDGMENT AS A MATTER OF LAW ........................................ 1

II.     NEWEGG HAS FAILED TO PROVE INVALIDITY BY CLEAR AND CONVINCING
        EVIDENCE ....................................................................................................................... 1

        A.      Newegg Has Presented No Sufficient Evidence Of Invalidity By An
                Anticipating Reference ........................................................................................... 1

        B.      Newegg Has Presented No Sufficient Evidence Of Invalidity Based On
                Obviousness ........................................................................................................... 2

        C.      Newegg Conceded The Validity Of '639 Patent Claims 60, 78, And 79 At
                Trial ....................................................................................................................... 3

        D.      Newegg's Expert Could Not Identify The "Shopping Cart Database"
                Limitation Of Claims 34, 35, and 51 Of The '314 Patent And Claim 17 Of
                The '492 Patent In The Prior Art And Admitted It Was Not Inherently
                Present ................................................................................................................... 3

        E.      Newegg's Expert Could Not Identify The "Transaction Database,"
                "Statement Document," and "Transaction Detail Document" Limitations
                Of Claim 15 Of The '492 Patent In The Prior Art ................................................. 4

        F.      Newegg Offered No Evidence Of The "Product Identifier" Limitation Of
                Claims 34, 35 and 51 of the '314 Patent and Claim 17 of the '492 Patent
                In The Prior Art ..................................................................................................... 4

        G.      Newegg Offered No Evidence Of The "Given Month" Limitation Of
                Claims 60 and 61 Of The '492 Patent In The Prior Art ......................................... 5

        H.      Newegg Has Not Presented Clear And Convincing Evidence That The
                '639 Patent Is Invalid Based On Newegg's Priority Date Theory .......................... 5

                1.      Newegg Cannot Meet Its Clear And Convincing Burden With
                        Documents Alone ....................................................................................... 6

                2.      Newegg Has Failed To Prove Invalidity Based On A Failure To
                        Meet The Disclosure Requirements Of 35 U.S.C. § 112 .......................... 7

        I.      Newegg Cannot Prove Invalidity Based On The Expert Testimony of
                Edward Tittel ......................................................................................................... 9

        J.      Newegg Cannot Prove Invalidity Based On The Uncorroborated Fact
                Testimony Of Alexander Trevor ........................................................................... 10

III.    SOVERAIN HAS ESTABLISHED INFRINGEMENT BY A PREPONDERANCE OF THE
        EVIDENCE ..................................................................................................................... 11

        A.      Soverain Has Met Its Burden Of Proving Infringement On Each Asserted
                Patent Claim ........................................................................................................ 11

        B.      Newegg Did Not Rebut Soverain's Evidence Establishing Infringement
                By The www.neweggmall.com Website ............................................................... 12

C.      Newegg Did Not Rebut Soverain's Evidence Establishing Infringement
        Under The Doctrine Of Equivalents ................................................................ 13

D.      Newegg's Multiple-Actor Argument Under *Muniauction* Fails As A
        Matter of Law ................................................................................................... 13

E.      Newegg's Defense To Infringement Of Claims 35 and 51 of the '314
        Patent and Claim 17 Of The '492 Patent Fails As A Matter of Law .................. 14

F.      Newegg's Defense To Infringement Of Claim 17 Of The '492 Patent, And
        Claims 34, 35 And 51 Of The '314 Patent Also Fails As A Matter Of Law ....... 16

IV.     CONCLUSION ............................................................................................................ 17

Soverain Software LLC ("Soverain") hereby moves pursuant to Federal Rule of Civil Procedure 50(a) for judgment as a matter of law.  Newegg has now been fully heard at trial. Soverain brings this motion because: (a) there has been a failure of proof on Newegg's invalidity defenses, on which Newegg has the burden of proof by clear and convincing evidence; and (b) Soverain has established, by a preponderance of the evidence, infringement of its patents, and Newegg has not adequately rebutted that evidence.  Accordingly, judgment as a matter of law of no invalidity and infringement for Soverain is appropriate.

## I.    LEGAL STANDARD FOR JUDGMENT AS A MATTER OF LAW

Judgment as a matter of law is available during a trial by jury if a "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue."  Fed. R. Civ. P. 50(a).  Judgment should be granted if the evidence is such that no reasonable jury could find in favor of the non-movant.  *See Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1369 (Fed. Cir. 2009).

## II.    NEWEGG HAS FAILED TO PROVE INVALIDITY BY CLEAR AND CONVINCING EVIDENCE

"A patent shall be presumed valid."  35 U.S.C. § 282.  Newegg bears the burden of proving invalidity by clear and convincing evidence.  *Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304, 1315 (Fed. Cir. 2002).  Newegg having failed to offer clear and convincing evidence of invalidity, judgment is appropriate as a matter of law.  *See Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, 308 F.3d 1167, 1188-89 (Fed. Cir. 2002).

### A.    Newegg Has Presented No Sufficient Evidence Of Invalidity By An Anticipating Reference

Newegg contends that patents-in-suit are anticipated by the prior art, and therefore invalid under 35 U.S.C. § 102.  To succeed on its anticipation defense, Newegg must prove by clear and convincing evidence that every limitation of Soverain's asserted patent claims is

contained, either expressly or inherently, in a *single prior art reference*.  *See Union Carbide*, 308

F.3d at 1188 (citing *Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.*, 246 F.3d 1368, 1374

(Fed. Cir. 2001)).  "In other words, [Newegg bears] the burden of demonstrating that there were

no differences between [Soverain's] claimed invention and at least one of [Newegg's] asserted

prior art references."  *Id.*  Newegg has presented **no** evidence that **any single prior art reference**

contains each and every limitation of Soverain's seven (7) asserted patent claims, and judgment

as a matter of law is therefore appropriately entered in Soverain's favor on Newegg's invalidity

defense of anticipation.  The issue should not go to the jury.  *Id.* at 1188-89 (affirming grant of

JMOL of no anticipation where none of the relevant references disclosed "every limitation of

[the] asserted claims").  Newegg having failed to identify all claim limitations in the prior art,

judgment as a matter of law on anticipation of these claims is clearly required.

> **B.     Newegg Has Presented No Sufficient Evidence Of Invalidity Based On
> Obviousness**

Newegg also offered testimony directed to invalidity over combinations of references,

apparently in an attempt to show invalidity under 35 U.S.C. § 103 despite its expert not being

able to testify as to obviousness.  To succeed on this obviousness defense, Newegg must prove

by clear and convincing evidence that the teachings of the prior art would have suggested the

claimed subject matter to one of ordinary skill in the art.  *See Innogenetics, N.V. v. Abbott Labs.*,

512 F.3d 1363 (Fed. Cir. 2008).  However, none of the prior art references asserted by Newegg,

individually or in combination, teach or suggest the inventions of the patents-in-suit, and

therefore cannot support Newegg's invalidity defense.  Newegg's expert, Mr. Edward Tittel, did

not provide any opinions on obviousness.  He did not conduct a proper *Graham* analysis.

Whether a reference allegedly "matches up" with claim elements is not the test for obviousness.

He did not testify to any reason to combine Newegg's asserted prior art references, nor did Mr.

Tittel analyze additional (secondary) considerations of non-obviousness.  Absent such evidence, Newegg's invalidity defense under section 103 fails as a matter of law.  *See Innogenetics*, 512 F.3d at 1373-74 (affirming the preclusion of "vague and conclusory obviousness testimony" of an invalidity expert where his proffered testimony was insufficient to prove obviousness as a matter of law since "'there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness.'  *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006); *see also KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1741, 167 L. Ed. 2d 705 (2007) ('To facilitate review, this analysis should be made explicit.')").

### C.      Newegg Conceded The Validity Of '639 Patent Claims 60, 78, And 79 At Trial

Newegg did not offer any expert testimony as to the invalidity of elements appearing only in claims 60, 78, and 79 of the '639 patent.  In particular, Newegg's expert Mr. Tittel failed to provide any testimony on the elements added to independent claim 1 by dependent claim 60 (for example, the "purchase request," "associated user identifier," and "accessing … user information."  He also failed to provide any testimony on the "validating" step of claim 78 (on which claim 79 depends) in the prior art.  Accordingly, for these claims, judgment of validity for Soverain is appropriate, and the issue should not go to the jury.  *See Union Carbide*, 308 F.3d at 1188.

### D.      Newegg's Expert Could Not Identify The "Shopping Cart Database" Limitation Of Claims 34, 35, and 51 Of The '314 Patent And Claim 17 Of The '492 Patent In The Prior Art And Admitted It Was Not Inherently Present

Claims 34, 35, and 51 of the '314 patent and claim 17 of the '492 patent include the "shopping cart database" limitation.  ('314 patent at 13:66, 14:5-6, 14:13, 14:24 and 14:29-33; '314 patent reexamination certificate at 1:28-29; '492 patent at 14:49, 14:56-57, 14:65 and 15:11.) Newegg's expert Mr. Tittel, however, admitted that this claim limitation is not expressly present

in the alleged CompuServe prior art, and further admitted that it is not inherent in the CompuServe art, testifying that there were possible alternative implementations other than a database.  Newegg having failed to show this limitation of these claims in the prior art, judgment of no invalidity on these claims is appropriate.

### E.   Newegg's Expert Could Not Identify The "Transaction Database," "Statement Document," and "Transaction Detail Document" Limitations Of Claim 15 Of The '492 Patent In The Prior Art

Claim 15 of the '492 patent includes the following limitations:  "at least one of the server computers being programmed to record information pertaining to purchase transaction records in a database, and to transmit a statement document comprising the purchase transaction records to the client over the network," and "… transmitting the transaction details to the client computer over the network as a transaction detail document."  ('492 patent at 14:1-5; 16-18.)  Newegg's expert Mr. Tittel could not point to anything in the CompuServe art disclosing the "transaction database," "statement document" and "transaction detail document" limitations of this claim are found nowhere in the prior art.  The most he could point to was that a CompuServe user received a confirmation number upon completing an order.  A confirmation number does not disclose, expressly or inherently, or make obvious, the above claim elements.  Accordingly, judgment of validity on this claim for Soverain is appropriate, and the issue should not go to the jury.  *See Union Carbide*, 308 F.3d at 1188.

### F.   Newegg Offered No Evidence Of The "Product Identifier" Limitation Of Claims 34, 35 and 51 of the '314 Patent and Claim 17 of the '492 Patent In The Prior Art

Claims 34, 35, and 51 of the '314 patent, and claim 17 of the '492 patent, each include the following limitation:  "shopping cart messages ... each of which [comprising/comprises] a *product identifier* identifying one of [said/the] plurality of products."  ('314 patent at 14:7-10; '492 patent at 14:58-61.)  Newegg's witness Mr. Alexander  Trevor admitted that CompuServe

(Newegg's only reference against this claim element) did not have product identifiers in messages.  "Q: So the message that goes from the client to the host or the server, in each case, when an order is placed by either clicking on the button or entering the O, *did not contain an identification of the product in either system*; isn't that right? A: *That's correct*."  (Afternoon 04-28-10 at 83:18-23) (emphasis added.)  Mr. Tittel did not even address this claim element.  Newegg having offered *no* evidence of this "product identifier" limitation in the prior art, judgment as a matter of law for Soverain of the validity of these patent claims is appropriate.

### G.    Newegg Offered No Evidence Of The "Given Month" Limitation Of Claims 60 and 61 Of The '492 Patent In The Prior Art

Claim 60, and its dependent claim 61, of the '492 patent, each include the following limitation: "wherein the statement document includes information on transactions by the user that took place in a given month." ('492 patent reexamination certificate at 3:27-28.)  Newegg having offered *no* evidence of this "given month" limitation in the prior art, judgment for Soverain of the validity of this claim is appropriate.  These claims also depend upon claim 15 of the '492 patent, which was not shown to be invalid for the reasons provided above.

### H.    Newegg Has Not Presented Clear And Convincing Evidence That The '639 Patent Is Invalid Based On Newegg's Priority Date Theory

Newegg contends that the '639 patent is invalid because it is not entitled to the priority date of its parent patent, the '780 patent, and is therefore invalid over prior art that post-dates the filing date of the '780 patent application (June 7, 1995), but pre-dates the filing date of the '639 patent application (January 12, 1998).  Specifically, Newegg contends that the '639 patent is not entitled to the earlier priority date because the '780 patent specification does not meet the enablement, written description, and best mode requirements of 35 U.S.C. § 112.  A continuation patent is presumptively entitled to the priority date of its parent, and Newegg bears the burden of proving that the '639 patent is not entitled to the earlier priority date by clear and convincing

evidence.  *See Martek*, 579 F.3d at 1369-1372.  Newegg expert did not testify on any section 112 issues at trial.  Newegg has not met its burden on this issue.

### 1.    Newegg Cannot Meet Its Clear And Convincing Burden With Documents Alone

Newegg has submitted no testimony – including no expert testimony – on the issue of whether the '639 patent is entitled to the earlier priority date of the '780 patent.  Instead, Newegg relies exclusively on documents and, apparently, later attorney argument during closing.  But the Federal Circuit has consistently held that complex patent and technical issues require supporting explanatory expert testimony before they can be properly submitted to the jury.  *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1300 (Fed. Cir. 2009) (explaining that specific claim limitations *must* not only be disclosed in a reference submitted into evidence, but the party asserting invalidity bears the "burden to clearly disclose, discuss, and identify for the jury the supporting evidence upon which it was relying to prove that the claim limitation was present in the prior art");  *Centricut, LLC v. The Esab Group, Inc.*, 390 F.3d 1361, 1370 (Fed. Cir. 2004) ("[I]n a case involving complex technology … the patentee cannot satisfy its burden of proof by relying only on testimony from those who are admittedly not expert in the field.");  *Koito Mfg. Co., Ltd. v. Turn-Key-Tech, LLC*, 381 F.3d 1142, 1151-52 (Fed. Cir. 2004) (explaining that "General and conclusory testimony, such as that provided by Dr. Kazmer in this case, does not suffice as substantial evidence of invalidity.  *This is so even when the reference has been submitted into evidence before the jury*") (emphasis added); *Hearing Components, Inc. v. Shure, Inc.*, Civil Action No. 9:07-CV-104, 2009 WL 593836, at * 3 (E.D. Tex. Mar. 6, 2009) (finding it disingenuous for counsel to rely on portions of a document not addressed by expert witness testimony to prove invalidity, and that "[d]istrict judges have long been counseled to avoid such absurdities, especially in complicated cases …").

Supporting expert testimony is also necessarily required here, where the jury is called upon to determine whether a patent meets the disclosure requirements of 35 U.S.C. § 112, discussed in detail below.  Absent such testimony, Newegg has not met its burden of proof on invalidity, and judgment in Soverain's favor is appropriate.

> ### 2. Newegg Has Failed To Prove Invalidity Based On A Failure To Meet The Disclosure Requirements Of 35 U.S.C. § 112

Even if documents were enough, Newegg has also not met its burden of presenting clear and convincing evidence that the '780 patent specification does not meet section 112's enablement, written description, and best mode requirements sufficient to support the '639 patent claims.

A "decision on the issue of enablement requires determination of whether a person skilled in the pertinent art, using the knowledge available to such a person and the disclosure in the patent document, could make and use the invention without undue experimentation." *Northern Telecom, Inc. v. Datapoint Corp.*, 908 F.2d 931, 941 (Fed. Cir. 1990).  Likewise, analysis of whether section 112's written description has been met is made in the context of one skilled in relevant art:  for software-related inventions, "[d]isclosing . . . function[ality] is sufficient to satisfy the requirement of section 112, first paragraph, when one skilled in the relevant art would understand what is intended and know how to carry it out."  *In re Hayes Microcomputer Prods. Patent Litig.*, 982 F.2d 1527, 1534 (Fed. Cir. 1992).

Newegg has presented *no* evidence that a person of ordinary skill in the art would not have been able to make and use the inventions claimed in the '639 patent, or to understand what is intended and know how to carry it out, based on the disclosure in the '780 specification. "Without any basis in th[e] record to determine that one of skill in the art could not make and use [the patented invention] with th[e] disclosure," a nonenablement conclusion, or determination

that the written description requirement has not been met, cannot be sustained.  *See Callicrate v. Wadsworth Mfg., Inc.*,  427 F.3d 1361, 1375 (Fed. Cir. 2005); *see also Trading Technologies Int'l, Inc. v. ESpeed, Inc.*, 595 F.3d 1340, 1360-61 (Fed. Cir. 2010).

Newegg has also failed to meet its clear and convincing evidentiary burden with regard to the best mode requirement of § 112.  Whether the best mode request is satisfied is a two pronged test, consisting of a subjective element and an objective element: (1) whether the inventor, at the time of filing the patent application, had contemplated a best mode for practicing the claimed invention and (2) whether the inventor's subjective best mode was not disclosed in sufficient detail to enable a person of ordinary skill in the art to practice it.  *See Robotic Vision Sys., Inc. v. View Eng'g, Inc.*, 112 F.3d 1163, 1165 (Fed. Cir. 1997).  The subjective prong of the best mode analysis for the '639 patent relates to the inventors' understanding of the best mode of the invention at the time the '780 parent application was filed.  *See Transco Prods. Inc. v. Performance Contracting, Inc.*, 38 F.3d 551, 558-59 (Fed. Cir. 1994).  The only trial witness to address the issue at all was Dr. Stewart, inventor on the three patents-in-suit, in deposition testimony read to the jury.  Dr. Stewart testified regarding the problems with cookies, and specifically that they were not universally applicable: "Q. Why are cookies not universally applicable? A. Oh, the key problem is people turn them off. The -- there was a lot of trouble about privacy and the implications of cookies in -- in the time period from '95 to -- well, to current day."  (Afternoon 4-28-10, pp. 125:22-126:2).   Newegg having failed to meet its clear and convincing burden to prove invalidity of the '639 patent based on a failure to meet the disclosure requirements of 35 U.S.C. § 112, judgment in Soverain's favor is appropriate.

I.    **Newegg Cannot Prove Invalidity Based On The Expert Testimony of Edward Tittel**

The expert testimony presented by Newegg's expert witness Mr. Tittel is entitled to no weight because Mr. Tittel: (a) did not address the every element of the claims on an element by element; and (b) failed to apply this Court's claim constructions to all construed terms.

To be sufficient evidence of invalidity, expert testimony must address the asserted patent claims on an element by element basis. *See Koito Mfg.*, 381 F.3d at 1152 (explaining that "testimony concerning anticipation must be testimony from one skilled in the art and must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference. The testimony is insufficient if it is merely conclusory... General and conclusory testimony...does not suffice as substantial evidence of invalidity.") (internal citations omitted)*; see also Hearing Components,* 2008 U.S. Dist. LEXIS 109142 (precluding testimony of an invalidity expert who, like Mr. Tittel, did not perform an in-depth analysis on the validity of the asserted claims). Mr. Tittel did **not** do so in his expert report or at trial; as explained above, Mr. Tittel failed to testify about several claim elements. Mr. Tittel's testimony is properly disregarded for this reason. *Id.*

Further, an expert giving opinion testimony with respect to either validity or infringement *must* apply the Court's claim interpretation. *See Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc); *Medichem*, 353 F.3d at 933. Tittel did not. For example, Tittel did not pay attention to the Court's construction of "session" when alleging that the credential identifier of Johnson is a "session identifier" as claimed in the '639 patent. Tittel's failure to apply the Court's claim constructions renders his testimony completely unreliable. Newegg cannot therefore prove invalidity based on Tittel's expert testimony. *See Trueposition, Inc. v. Andrew Corp.*, Civ. No. 05-747-SLR, 2007 U.S. Dist. LEXIS 62705, *3 (D. Del. 2007)

(excluding testimony of an invalidity expert in part because he "failed to construe the limitations…[o]r refer to the claim construction of others").

> **J.      Newegg Cannot Prove Invalidity Based On The Uncorroborated Fact Testimony Of Alexander Trevor**

Newegg contends that the '314 and '492 patents are invalid, either by anticipation or obviousness, over the prior public use of the CompuServe Mall.  The CompuServe Mall was before the Patent Office during reexamination of the '314 and '492 patents, which are entitled to a presumption of validity.  In support of its contention, Newegg offers the fact testimony of Alexander Trevor.  Newegg's evidence fails as a matter of law because Mr. Trevor's testimony is inadequately corroborated.  Judgment as a matter of law is the appropriate remedy when testimony regarding prior public use is insufficiently corroborated.  *Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, 308 F.3d 1167, 1189 (Fed. Cir. 2002).

To be sufficient, testimony regarding alleged prior art to the claimed invention must be *fully* corroborated, i.e., corroborating evidence must unambiguously confirm each claim element of each claim-in-suit allegedly present in the Mall.  *See Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1369 (Fed. Cir. 1999); *Juicy Whip, Inc. v. Orange Bang, Inc.*, 292 F.3d 728, 742-43 (Fed. Cir. 2002).

In an attempt to corroborate Trevor's proffered testimony, Newegg points to excerpts from three Compuserve manuals (the "Manuals").  The Manuals are guides to using CompuServe written by third parties, not by CompuServe or Trevor.  They devote just a few pages to the Mall.  The Manuals are meant for customers of the Mall, and do not provide technical details about the way the Mall supposedly worked.  The Manuals are from different dates and discuss different versions of the Mall, so they do not together describe the Mall as it existed at any particular point in time.  *Civix-DDI, LLC v. Cellco P'ship*, 387 F. Supp. 2d 869,

895-96 (N.D. Ill. 2005) (denying summary judgment of invalidity over the Eaasy Sabre

CompuServe service where defendant, relying on Trevor as a witness, "fail[ed] to point to any

evidence to confirm that the difference between . . . two versions [of Eaasy Sabre] [did] not

impact whether the prior art reference contained each and every element of the asserted claims").

The Manuals plainly do not disclose several elements of the claims, including "a

shopping cart database," "shopping cart messages comprising product identifiers," and a

"statement document."  Mr. Trevor *admitted* under cross-examination that these elements do not

appear in the Manuals.  (4-28-10 Afternoon, Tr. 77:6-85:6.)  As is clear from *Finnigan*, *Rosco*,

*Juicy Whip*, *and Union Carbide,* silence or ambiguity on a claim term means the corroborating

evidence is inadequate as a matter of law.  *See, e.g., Finnigan*, 180 F.3d at 1369; *Rosco, Inc. v.

Mirror Lite Co.*, 120 Fed.Appx. 832, 835-37 (Fed. Cir. 2005); *Juicy Whip*, 292 F.3d at 742-43;

*Union Carbide*, 308 F.3d at 1189 (Fed. Cir. 2002).

Newegg having failed to prove invalidity of the '314, '492 or '639 patents-in-suit, by

clear and convincing evidence, judgment of validity as a matter of law for Soverain is

appropriate.

**III.   SOVERAIN HAS ESTABLISHED INFRINGEMENT BY A PREPONDERANCE OF THE
EVIDENCE**

   **A.   Soverain Has Met Its Burden Of Proving Infringement On Each Asserted
   Patent Claim**

Soverain's expert, Dr. Jack Grimes, testified that each limitation of claims 34, 35, and 51

of the '314 patent[1], claims 15, 17, 41 , 60, and 61 of the '492 patent[2] and claims 1, 60, 78, and 79

_____

[1] All citations are to the Trial Transcript of Dr. Jack Grimes (dated Apr. 26, 2010):
'314 Patent Claim 34:  60:18-104:20; Claim 35:  60:18-62:5 and 104:21-106:13; Claim 51:  106:14-107:20.

[2] '492 Patent Claim 15:  113:18-121:15; Claim 17:  109:3-113:17; Claim 41:  121:16-123:13; Claim 60:
123:14-125:16; Claim 61:  125:17-127:4.

of the '639 patent[3] are met in Newegg's system.[4]  Accordingly, Soverain has established, by a preponderance of the evidence, infringement of its patents.  *General Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 981 (Fed. Cir. 1997) ("[l]iteral infringement requires that every limitation of the patent claim be found in the accused infringing device."); *Creative Internet Adver. Corp. v. Yahoo! Inc.*, 2009 U.S. Dist. LEXIS 65669, *6 (E.D. Tex. July 30, 2009) ("[p]laintiff [has] the burden of proving infringement at trial by the preponderance of the evidence").

**B.      Newegg Did Not Rebut Soverain's Evidence Establishing Infringement By The www.neweggmall.com Website**

In particular, Dr. Grimes also testified that each limitation of claim 34 of the '314 patent[5], claim 15 of the '492 patent[6] and claims 1 and 78 of the '639 patent[7] are met by the www.neweggmall.com website.[8]  As discussed below, Newegg has not rebutted Soverain's evidence of infringement, and specifically Newegg has not rebutted Soverain's evidence of infringement by www.neweggmall.com.  In fact, none of the Newegg witnesses even discussed the operation of the www.neweggmall.com website.  With evidence of infringement unrebutted, Soverain is entitled to judgment of infringement as a matter of law.  *See Cummins-Allison Corp. v. SBM Co.*, 2009 WL 4017160, *3-4, *7 (E.D. Tex. Nov. 13, 2009).

---

[3] '639 Patent Claim 1:  137:22-150:24; Claim 60:  150:25-157:13; Claim 78:  157:22-162:23; Claim 79: 162:24-165:14.

[4] Summary of infringement of '314, '492 and '639 Patent claims:  127:11-18; 165:15-22 and 166:21-167:13.

[5] All citations are to the Trial Transcript of Dr. Jack Grimes (dated Apr. 26, 2010): '314 Patent Claim 34: 104:4-20.

[6] '492 Patent Claim 15: 123:6-13.

[7] '639 Patent Claim 1: 137:22-150:24; Claim 78: 162:8-10.

[8] 48:23-49:23, 167:6-13.

### C.   Newegg Did Not Rebut Soverain's Evidence Establishing Infringement Under The Doctrine Of Equivalents

Dr. Grimes also testified that the asserted patent claims of the '314, '492 and '639 patents are infringed under the doctrine of equivalents. (Afternoon, 04-26-10 at 25:18-26:9; 51:7-55:20; 93:16-97:17).  *See Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997).  Newegg however, did not rebut this evidence at trial.  Judgement of infringement for Soverain is therefore appropriate.

### D.   Newegg's Multiple-Actor Argument Under *Muniauction* Fails As A Matter of Law

Newegg's principal non-infringement argument is that it does not have control over its clients visiting the Newegg website.  Newegg's "multiple-actor" argument is based on the Federal Circuit cases *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008), and *BMC Resources Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007).  Newegg's argument fails as a matter of law as to the '314 and '492 patents because the asserted claims are system claims.

Direct infringement requires a party to perform or use each and every element of a claim. *See Warner–Jenkinson Co., v. Hilton Davis Chem. Corp.*, 520 U.S. 17 (1997).  In its *Muniauction* and *BMC* cases, the Federal Circuit specifically addressed infringement standards for *method* claims, holding that each step of a claimed method must be performed under the direction or control of one party.  *Muniauction,* 532 F.3d at 1329 ("In *BMC Resources*, this court clarified the proper standard for whether a *method claim is directly infringed* by the combined actions of multiple parties." (emphasis added)); *BMC*, 498 F.3d at 1380-81.  By contrast, the Federal Circuit has expressly stated that the infringement analysis for use of claimed *systems*, such as those in Soverain's Motion, is "fundamentally different." *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1317 (Fed. Cir. 2005).

Under *NTP*, "an alleged infringer uses a claimed *system* when the alleged infringer exercises control over the *system* and obtains beneficial use of the *system*." *Renhcol Inc. v. Don Best Sports*, 548 F.Supp.2d 356, 360 (E.D. Tex. 2008) (Davis, J.) (emphasis added) (quoting *Civix-DDI, LLC v. Cellco P'ship*, 387 F.Supp.2d 869, 884 (N.D. Ill. 2005)).  As Soverain's asserted patent claims of the '314 and '492 patents are all system claims, Newegg cannot, as a matter of law, avoid infringement under *Muniauction*.

Newegg's argument also fails as a matter of fact, as the evidence shows that Newegg has control over actions by the client computer.  Soverain's expert Dr. Grimes testified that Newegg has complete control over the client's computer:  "Q. … does Newegg program the buyer computer to do this? A.  Yes.  By virtue of sending the html code to the buyer computer, Newegg -- what it's doing is controlling the buyer computer and what actions can be taking place -- can take place on the buyer computer."  (4-26-10 Afternoon, 87:13-18; see also 4-27-10 Morning, 49:11-50:10, 50:19-24.)  Newegg's expert Mr. Tittel further confirmed at trial that *Newegg's server* uses the "set-cookie" command, indicating direction and control of the user's computer by Newegg.  Tittel further *admitted* that the steps that are performed on the client happen as a result of Newegg's actions and instructions.

Finally, for independent claim 78, and its dependent claim 79, of the '639 patent, the patent claims do not require any action by the client or user computer.  Therefore, Newegg cannot defend itself against Soverain's proof of infringement with its *Muniauction,* multiple-actor theory.

### E.   Newegg's Defense To Infringement Of Claims 35 and 51 of the '314 Patent and Claim 17 Of The '492 Patent Fails As A Matter of Law

Independent claim 34, and its dependent claims 35 and 51 of the '314 patent, as well as independent claim 17 of the '492 patent, each require that a shopping cart computer be

"programmed" to modify the shopping cart in the shopping cart database.  ('314 patent at 14:11-15 and 14:29-33; '314 patent reexamination certificate at 1:28-29; '492 patent at 14:63-67.)

Soverain's expert Dr. Grimes's testimony demonstrates that Newegg's shopping cart computer is programmed modify the shopping cart in the shopping cart database:

> A. ... And here this shopping cart computer has to be programmed to modify the shopping cart in the shopping cart database, and the modification in the database has to reflect these plurality of requests to add products to the shopping cart.
>
> Q. All right. Is the Newegg shopping cart computer programmed in that fashion?
>
> A. Yes, it does. It is programmed to do that.  It's shown in this diagram here, along with the supporting testimony from Mr. Wu. And the Court's construction about modify I wrote here because it's very important to this, showing that the Newegg system meets this claim element. Modify means to change an instance of a shopping cart in a shopping cart database.

(4-26-10 Afternoon, 89:10-23.)

Newegg contends that it does not infringe these patent claims because HTML is allegedly not "programming."  At the same time, Newegg admits that its server computers provide HTML code to the client computer, and that the browser on the client computer interprets the instructions in this code to display a web page.  And at trial Mr. Tittel admitted that no web pages would be displayed to the user without HTML and, in fact, that computers do not do anything unless instructed to do so.  Mr. Tittel further admitted that the HTML code provides instructions to the client computer.  The plain meaning of programming is providing a set of instructions.  *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1313, 1323 (Fed. Cir. 2005) (en banc) (emphasizing that "the words of a claim 'are generally given their ordinary and customary meaning,'" unless the inventors give the words a special definition).  Mr. Tittel's attempted

distinction between programming and instruction fails.  *See* Grimes testimony (4-26-10 Afternoon, 82:24-85:8.)

The only evidence for Newegg's proposed construction is a conclusory, unsupported opinion by Newegg's expert, which is not sufficient to rebut Soverain's evidence establishing infringement.  *Phillips,* 415 F.3d at 1318.  Judgment of infringement in Soverain's favor is appropriate.

F.    **Newegg's Defense To Infringement Of Claim 17 Of The '492 Patent, And Claims 34, 35 And 51 Of The '314 Patent Also Fails As A Matter Of Law**

Claim 17 of the '492 patent, and independent claim 34 and its dependent claims 35 and 51 of the '314 patent, each require a "shopping cart computer" to modify a shopping cart in the database to reflect the addition of a "plurality of products." ('492 patent at 14:64-67; '314 patent at 14:12-15, 14:29-33 and '314 patent reexamination certificate at 1:29-30.)  Soverain's expert Dr. Grimes's testimony demonstrates that Newegg's shopping cart computer is programmed to modify to reflect the addition of a plurality of products.

Newegg contends that it does not infringe this patent claim because in its system the shopping cart computer does not modify the shopping cart each and every time that a user adds a new product – in other words, it requires a "product by product" modification of the shopping cart.  But nothing in the claim requires the shopping cart computer to modify the shopping cart in the database *each and every time* that a user wants to add a new product; rather, the plain meaning of the "modifying" step encompasses modifying the database only once to reflect the plurality of added products.  Mr. Tittel's focus on the word "respective" fails to support Newegg's view of the claim.  The word respective only means that there is a correspondence between requests to add products and products.

Further, the specification of the '314 patent does not support Newegg's contention that claim 34 is limited to a "product-by-product" modification of the shopping cart database, and the '314 patent applicants never disavowed an embodiment where the shopping cart database is updated only once to reflect several products added to the cart.  *See Voda v. Cordis, Corp.,* 536 F.3d 1311, 1321 (Fed. Cir. 2008) (citation omitted) ("[I]n order to disavow claim scope during prosecution 'a patent applicant must clearly and unambiguously express surrender of subject matter.'").

Newegg has failed to rebut Soverain's evidence that it infringes these claims of the asserted patents.  Judgment of infringement in Soverain's favor is therefore appropriate.

## IV.  CONCLUSION

Newegg having failed to meet its burden of clear and convincing evidence on its invalidity defense, and having failed to rebut Soverain's evidence proving, by a preponderance of the evidence, that Newegg infringes Soverain's patents, judgment of validity and infringement as a matter of law is appropriate.

Dated:      April 29, 2010                        Respectfully submitted,


                                                  /s/  Kenneth R. Adamo
                                                  Kenneth R. Adamo
                                                  State Bar No. 00846960
                                                  Lead Attorney
                                                  Email: kradamo@jonesday.com
                                                  JONES DAY
                                                  2727 North Harwood Street
                                                  Dallas, Texas 75201-1515
                                                  Telephone: 214-220-3939
                                                  Facsimile: 214-969-5100


                                                  Thomas L. Giannetti
                                                  NY Attorney Reg. No. 1632819
                                                  Email: tlgiannetti@jonesday.com
                                                  Ognian V. Shentov
                                                  NY Attorney Reg. No. 2867737
                                                  Email: ovshentov@jonesday.com
                                                  Barry R. Satine
                                                  NY Attorney Reg. No. 1450220
                                                  Email: barryrsatine@jonesday.com
                                                  JONES DAY
                                                  222 East 41st Street
                                                  New York, New York 10017-6702
                                                  Telephone: 212-326-3939
                                                  Facsimile: 212-755-7306


                                                  ATTORNEYS FOR PLAINTIFF



## CERTIFICATE OF SERVICE

        This is to certify that on April 29, 2010, a true and correct copy of the foregoing
document has been served on all counsel of record via the Court's ECF system.

                                                  /s/  Kenneth R. Adamo
                                                  Attorney for Plaintiff