# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CDW CORPORATION, NEWEGG | ) | Civil Action No. 6:07-CV-00511-LED |
| INC., REDCATS USA, INC., | ) | |
| SYSTEMAX INC., ZAPPOS.COM, | ) | |
| INC., REDCATS USA, L.P., THE | ) | |
| SPORTSMAN'S GUIDE, INC., and | ) | |
| TIGERDIRECT, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Newegg's Rule 50(a) Motion for Judgment as a Matter of Law on Invalidity**

### TABLE OF CONTENTS

I.      The JMOL Standard ..................................................................................................... 1

II.     Standards for Invalidity ............................................................................................... 2

        A.      Anticipation ...................................................................................................... 2

        B.      Obviousness ...................................................................................................... 3

III.    Bases for Judgment as a Matter of Law ....................................................................... 6

IV.     Conclusion ...................................................................................................................... 8

Defendant, Newegg, Inc. moves for judgment as a matter of law (JMOL) on invalidity under Fed. R. Civ. P. Rule 50(a).[1]  Based on the evidence, a reasonable jury could only conclude that the patents in suit are invalid.[2]  Therefore, the Court should rule that Soverain's patents in suit are invalid as a matter of law.

I.      **The JMOL Standard**

Rule 50(a)(1) of the Federal Rules of Civil Procedure provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may determine the issue against that party; and may grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Judgment as a matter of law is appropriate when "there is no legally sufficient evidentiary basis for a reasonable jury to find for [the non-moving] party on that issue."  FED. R. CIV. P. 50(a); *see Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 149-50 (2000); *Adams v. Groesbeck I.S.D*., 475 F.3d 688 (5th Cir. 2007); *Bryant v. Compass Group USA Inc*., 413 F.3d 471 (5th Cir. 2005).[3]

Under the law of the Fifth Circuit, entry of a judgment as a matter of law is appropriate if evidence supporting the movant is "uncontradicted and unimpeached [or] if the facts and

---

[1]  The testimony cited or described herein is exemplary only since the majority was unavailable by transcript for preparing this motion given the Court's schedule, which had the parties close evidence, rest, and argue the charge on April 29, 2010 before submitting the case to the jury April 30, 2010.  When Newegg files any Rule 50(b) motions, it will supplement the cited/described testimony herein, as appropriate, and correct any inadvertent citation or other errors that may have arisen.

[2]  To the extent applicable, Newegg incorporates and re-urges its previously-filed motion for partial summary judgment of invalidity of the asserted shopping cart claims of the '314 and '492 patents (Docket No. 247).

[3]  Rule 50 motions are governed by "the law of the regional circuit where the appeal from the district court normally would lie." *Z4 Techs., Inc. v. Microsoft Corp*., 507 F.3d 1340, 1346 (Fed. Cir. 2007). Accordingly, the law of the Fifth Circuit applies to the "evidentiary" principles governing judgment as a matter of law under Rule 50. *Id.*

inferences point so strongly and overwhelmingly in favor of one party that the Court believes that [a] reasonable [jury] could not arrive at a contrary verdict." *Med. Care Am., Inc. v. Nat'l Union Fire Ins. Co*., 341 F.3d 415, 420 (5th Cir. 2003).  In resolving a JMOL motion, the court "must first excise inadmissible evidence."  *Hodges v. Mack Trucks, Inc*., 474 F.3d 188, 193 (5th Cir. 2006).  Inferences that are "mere speculation and conjecture" are "not sufficient to support a jury's verdict." *Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005) (internal quotation marks omitted).  Conclusory expert testimony does not qualify as substantial evidence. *Iovate Health Sciences, Inc. v. Vio-Engineered Supplements & Nutrition, Inc*., 586 F.3d 1376, 1381-82 (Fed. Cir. 2009) (applying Fifth Circuit law). Similarly, "when an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict." *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993); *accord*, *Guile*, 422 F.3d at 227 ("contradictions" in expert's testimony "coupled with the lack of support for the statements take them out of the realm of substantive evidence"); *Smith v. Louisville Ladder Co*., 237 F.3d 515, 519-21 (5th Cir. 2001) (failure of expert witness to support proof of necessary case elements warrants judgment as a matter of law).

Pursuant to Federal Rule of Civil Procedure 50(a), defendant Newegg Inc. ("Newegg") asks the court to render judgment in its favor as to the invalidity of all asserted patent claims.

## II.     Standards for Invalidity

### A.     *Anticipation*

Under the Patent Act, a person is not entitled to a patent if

> (a)     the invention was known or used by others in this country, or patented or described in a printed publication in this . . . country, before the invention thereof by the applicant for patent, or

2

> (b)    the invention was patented or described in a printed publication in this . . . country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States, or
>
> (e)    the invention was described in . . . a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent.

35 U.S.C. § 102.  Under § 102, "[a] patent is invalid for anticipation if a single prior art reference discloses each and every limitation of the claimed invention."  *Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003).  In addition, "a prior art reference may anticipate without disclosing a feature of the claimed invention if that missing characteristic is necessarily present, or inherent, in the single anticipating reference."  *Id.*

Anticipation is the mirror-image of infringement.  "It is axiomatic that that which would literally infringe if later anticipates if earlier."  *Iovate Health Scis., Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, 586 F.3d 1376, 1382 (Fed. Cir. 2009) (internal quotation marks omitted).  The Federal Circuit has held that anticipation, like other invalidity defenses, must be proved by clear and convincing evidence. *Id.* at 1378.

The issue of anticipation may in appropriate circumstances be decided as a matter of law. *Atlanta Attachment Co. v. Leggett & Platt, Inc.*, 516 F.3d 1361 (Fed. Cir. 2008) (reversing the district court's summary judgment of no invalidity and entering judgment as a matter of law that the claims were barred by a prior offer for sale); *Akamai Techs. v. Cable & Wireless Internet Servs.*, 344 F.3d 1186, 1192-95 (Fed. Cir. 2005) (reversing the district court's denial of a Rule 50 motion and entering judgment as a matter of law that the claims were anticipated by a prior art patent).

## B.    Obviousness

A patent may not be obtained "if the differences between the subject matter sought to be

3

patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a). The analysis involves an examination of the scope and content of the prior art, the differences between the prior art and the claims at issue, and the level of ordinary skill in the pertinent art.  *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406-07 (2007) (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966)).

In *KSR*, the Supreme Court particularly emphasized "the need for caution in granting a patent based on the combination of elements found in the prior art." *Id*. at 415. The Supreme Court explained that "[t]he combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." *Id*. at 416. Indeed, the Supreme Court pointed to precedent for the principle that "when a patent simply arranges old elements with each performing the same function it had been known to perform and yields no more than one would expect from such an arrangement, the combination is obvious." *Id*. at 417 (internal quotations omitted).

When determining the obviousness of a combination of known elements, the operative question is whether the combination is merely "the predictable use of prior art elements according to their established functions." *Id.* The Supreme Court in *KSR* also pointed to precedent for the principle that "if a technique has been used to improve one device, and a person of ordinary skill in the art would recognize that it would improve similar devices in the same way, using the technique is obvious unless its actual application is beyond his or her skill." *Id*. Thus, one rationale for finding obviousness is if there has been "the mere application of a known technique to a piece of prior art ready for improvement." *Id*. The Supreme Court in *KSR* also recognized that "[w]hen there is a design need or market pressure to solve a problem and there

4

are a finite number of identified, predictable solutions, a person of ordinary skill has good reason to pursue the known options within his or her technical grasp," and that "[i]f this leads to the anticipated success, it is likely the product not of innovation but of ordinary skill and common sense." *Id.* at 421.

In addition to the above rationales, another rationale for supporting a conclusion of obviousness is if there is a teaching, suggestion, or motivation in the prior art that would have led one of ordinary skill to combine prior art reference teachings to arrive at the claimed invention. *DyStar Textilfarben GmbH & Co. Deutschland KG v. C.H. Patrick Co.*, 464 F.3d 1356, 1360 (Fed. Cir. 2006). In such a case, the "evidence of a motivation to combine need not be found in the prior art references themselves, but rather may be found in the knowledge of one of ordinary skill in the art, or, in some cases, from the nature of the problem to be solved." *Id.* at 1366 (internal quotation omitted). The Supreme Court in *KSR* emphasized that the teaching, suggestion, or motivation (TSM) test is only one of many rationales for supporting a conclusion of obviousness, and that the obviousness analysis should not be constrained by only that test. *KSR*, 550 U.S. at 419.

Despite the underlying factual issues involved, obviousness is ultimately a legal issue and may be decided on a motion for judgment as a matter of law.  *See, e.g.*, *Boston Scientific Scimed, Inc. v. Cordis Corp.*, 554 F.3d 982, 992 (Fed. Cir. 2009) (reversing the district court's denial of judgment as a matter of law that the patent was obvious); *Agrizap, Inc. v. Woodstream Corp.*, 520 F.3d 1337, 1339 (Fed. Cir. 2008) (same); *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1358 (Fed. Cir. 2000) (same); *Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 769 (Fed. Cir. 1988) (affirming the district court's grant of directed verdict of obviousness). "Where … the content of the prior art, the scope of the patent claim, and the level of ordinary

skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors, summary judgment [and therefore JMOL] is appropriate." *Boston Scientific*, 554 F.3d at 992.

### III.   Bases for Judgment as a Matter of Law

At trial, Newegg presented substantial evidence of the invalidity of all asserted patent claims through the testimony and accompanying exhibits of Messrs. Treese, Trevor, and Tittel, including Defendant's Exhibits 2, 4, 12 (U.S. Patent 5,724,424 to Gifford), and 27 (U.S. Patent 5,560,008 to Johnson). *See also Proveris Sci. Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1267 (Fed. Cir. 2008) (indicating that expert testimony on anticipation and obviousness is unnecessary where subject matter is not so complex as to fall beyond the grasp of ordinary layperson).

Based on the record evidence, no reasonable juror could find for Soverain as to the invalidity of any asserted claim.  In particular, the record evidence demonstrated the following by clear and convincing evidence as a matter of law:

That claims 1, 60, 78, and 79 of the '639 patent are anticipated by the Johnson patent and/or rendered obvious by the Johnson patent, including the knowledge of one of ordinary skill in the art.

That claims 1, 60, 78, and 79 of the '639 patent are rendered obvious by the combination of the Johnson and Gifford patent, including the knowledge of one of ordinary skill in the art.

That claims 34, 35, and 51 of the '314 patent are anticipated by Defendant's Exhibit 2 and/or rendered obvious by Defendant's Exhibit 2, including the knowledge of one of ordinary skill in the art.

That claims 34, 35, and 51 of the '314 patent are anticipated by Defendant's Exhibit 4 and/or rendered obvious by Defendant's Exhibit 4, including the knowledge of one of ordinary skill in the art.

That claims 34, 35, and 51 of the '314 patent are anticipated by the CompuServe Mall and/or rendered obvious by the CompuServe Mall, including the knowledge of one of ordinary skill in the art.

That claim 17 of the '492 patent is anticipated by Defendant's Exhibit 2 and/or rendered obvious by Defendant's Exhibit 2, including the knowledge of one of ordinary skill in the art.

That claim 17 of the '492 patent is rendered obvious by the combination of Defendant's Exhibit 2 and the Gifford patent, including its teachings on URLs, as well as the knowledge of one of ordinary skill in the art.

That claim 17 of the '492 patent is anticipated by Defendant's Exhibit 4 and/or rendered obvious by Defendant's Exhibit 4, including the knowledge of one of ordinary skill in the art.

That claim 17 of the '492 patent is rendered obvious by the combination of Defendant's Exhibit 4 and the Gifford patent, including its teachings on URLs, as well as the knowledge of one of ordinary skill in the art.

That claim 17 of the '492 patent is anticipated by the CompuServe Mall and/or rendered obvious by the CompuServe Mall, including the knowledge of one of ordinary skill in the art.

That claim 17 of the '492 patent is rendered obvious by the combination of the CompuServe Mall and the Gifford patent, including its teachings on URLs, as well as the knowledge of one of ordinary skill in the art.

That claims 15, 41, and 61 of the '492 patent are anticipated by Defendant's Exhibit 2 and/or rendered obvious by Defendant's Exhibit 2, including the knowledge of one of ordinary skill in the art.

That claims 15, 41, and 61 of the '492 patent are rendered obvious by the combination of Defendant's Exhibit 2 and the Gifford patent, including its teachings on hypertext links, as well

as the knowledge of one of ordinary skill in the art.

That claims 15, 41, and 61 of the '492 patent are anticipated by Defendant's Exhibit 4 and/or rendered obvious by Defendant's Exhibit 4, including the knowledge of one of ordinary skill in the art.

That claims 15, 41, and 61 of the '492 patent are rendered obvious by the combination of Defendant's Exhibit 2 and the Gifford patent, including its teachings on hypertext links, as well as the knowledge of one of ordinary skill in the art.

That claims 15, 41, and 61 of the '492 patent are anticipated by the CompuServe Mall and/or rendered obvious by the CompuServe Mall, including the knowledge of one of ordinary skill in the art.

That claims 15, 41, and 61 of the '492 patent are rendered obvious by the combination of Defendant's Exhibit 2 and the Gifford patent, including its teachings on hypertext links, as well as the knowledge of one of ordinary skill in the art.

For these reasons, the Court should grant judgment as a matter of law that all of the asserted claims are invalid.

## IV.    Conclusion

For the foregoing reasons, Newegg asks the Court to render judgment as a matter of law in favor of Newegg on the issue of invalidity.

Respectfully submitted,

Dated: April 29, 2010            By:      /s/ Mark D. Strachan
                                          Mark D. Strachan
                                          Texas State Bar No. 19351500
                                          Richard A. Sayles
                                          Texas State Bar No. 17697500
                                          SAYLES | WERBNER
                                          1201 Elm Street
                                          4400 Renaissance Tower
                                          Dallas, Texas 75270

Telephone: (214) 939-8700
Facsimile: (214) 939-8787


David C. Hanson
Kent E. Baldauf, Jr.
Daniel H. Brean
THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
T:  (412) 471-8815
F:  (412) 471-4094


Trey Yarbrough
Texas Bar No. 22133500
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Tel: (903) 595-3111
Fax: (903) 595-0191
trey@yw-lawfirm.com

Attorneys for Defendant Newegg Inc.

**Certificate of Service**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being hereby served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 29, 2010, or will be served via electronic mail.  All other counsel of record will be served via facsimile or first class mail.

/s/ Mark D. Strachan
Mark D. Strachan
