# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **SOVERAIN SOFTWARE LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 6:07-CV-00511-LED** |
| | ) | |
| **CDW CORPORATION,** | ) | |
| **NEWEGG INC.,** | ) | |
| **REDCATS USA, INC.** | ) | |
| **SYSTEMAX INC.,** | ) | |
| **ZAPPOS.COM, INC.,** | ) | |
| **REDCATS USA, L.P.,** | ) | |
| **THE SPORTSMAN'S GUIDE, INC.,** | ) | |
| **AND** | ) | |
| **TIGERDIRECT, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## SOVERAIN'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW

Newegg has failed to present expert or any particularized testimony in support of its invalidity defenses of anticipation and obviousness.  Because such testimony is required to establish both defenses, Soverain should be granted judgment as a matter of law of no invalidity.

The Federal Circuit has upheld judgment as a matter of law of no invalidity due to a failure of a defendant to provide the requisite expert testimony, as is supported by one of the cases Newegg relies upon.  *Proveris Sci. Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1267-68 (Fed. Cir. 2008) ("We thus are not prepared to say the district court abused its discretion in **requiring Innova to present expert testimony in order to establish invalidity**.") (emphasis added).  It is not sufficient for a defendant to simply put references into evidence without providing **testimony that explains the references to the jury**.  *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1300 (Fed. Cir. 2009) (explaining that specific claim limitations must not only be disclosed in a reference submitted into evidence, but the party asserting invalidity bears the "**burden to clearly disclose, discuss, and identify for the jury the supporting evidence** upon which it was relying to prove that the claim limitation was present in the prior art") (emphasis added); *Hearing Components, Inc. v. Shure, Inc.*, Civil Action No. 9:07-CV-104, 2009 WL 593836, at * 3 (E.D. Tex. Mar. 6, 2009) (finding it disingenuous for counsel to rely on portions of a document not addressed by expert witness testimony to prove invalidity, and that "[d]istrict judges have long been counseled to avoid such absurdities, especially in complicated cases …").

The Federal Circuit has followed this reasoning for both anticipation and obviousness. For example, in the case of anticipation, the Federal Circuit explained that "**testimony concerning anticipation must be testimony from one skilled in the art** and must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how

each claim element is disclosed in the prior art reference. The testimony is insufficient if it is merely conclusory... General and conclusory testimony...does not suffice as substantial evidence of invalidity." *Koito Mfg. Co., Ltd. v. Turn-Key-Tech, LLC*, 381 F.3d 1142, 1152 (Fed. Cir. 2004) (emphasis added).  Newegg's citation to *Blackboard* is distinguishable, because in addition to documents, the defendant had the testimony of the plaintiff's own witnesses. *Blackboard, Inc. v. Desire2learn Inc.*, 574 F.3d 1371, 1381-82 (Fed. Cir. 2009).

A similar standard applies for obviousness.  The Federal Circuit requires "articulated reasoning with some rational underpinning to support the legal conclusion of obviousness." *See Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1373-74 (Fed. Cir. 2008) (affirming the preclusion of "vague and conclusory obviousness testimony" of an invalidity expert where his proffered testimony was insufficient to prove obviousness as a matter of law since "'there must be **some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness.**' *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006); *see also KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1741, 167 L. Ed. 2d 705 (2007) ('To facilitate review, this analysis should be made explicit.')") (emphasis added).

Mr. Tittel's testimony falls short for both defenses.  As for anticipation, Mr. Tittel completely ignored numerous claim elements across all seven asserted claims, including:

- "shopping cart messages ... each of which [comprising/comprises] a product identifier identifying one of [said/the] plurality of products" of claims 34 of the '314 patent (on which asserted claims 35 and 51 depend) and asserted claim 17 of the '492 patent;
- "statement document" and "transaction detail document" of claim 15 of the '492 patent (on which asserted claims 41 and 61 depend); as for claim 61, he did not even testify as to its additional limitations, and was in fact precluded from doing so by a prior ruling by the Court on a motion in limine; and
- "purchase request," "associated user identifier," and "accessing … user information" of asserted claim 60 of the '639 patent (Mr. Tittel did not testify at all about this claim)
- "validating" of asserted claim 78 of the '639 patent (on which asserted claim 79 depends); in fact, Mr. Tittel was precluded from testifying on this element pursuant to the Court's ruling on the motion in limine.

With respect to obviousness, none of the prior art references relied upon by Mr. Tittel, individually or in combination, teach or suggest the inventions of the patents-in-suit, and therefore cannot support Newegg's invalidity defense.  In fact, Mr. Tittel did not even provide any opinions on obviousness.  He did not conduct a proper *Graham* analysis.  Whether a reference allegedly "matches up" with claim elements is not the test for obviousness.  He did not testify to any reason to combine Newegg's asserted prior art references, nor did he analyze additional (secondary) considerations of non-obviousness.  Absent such testimony, Newegg's obviousness defense fails as a matter of law.

Soverain should be granted judgment as a matter of law on Newegg's defenses of anticipation and obviousness.

Dated:      April 29, 2010                     Respectfully submitted,


                                               _/s/ Kenneth R. Adamo_____
                                               Kenneth R. Adamo
                                               State Bar No. 00846960
                                               Lead Attorney
                                               Email: kradamo@jonesday.com
                                               JONES DAY
                                               2727 North Harwood Street
                                               Dallas, Texas 75201-1515
                                               Telephone: 214-220-3939
                                               Facsimile: 214-969-5100


                                               Thomas L. Giannetti
                                               NY Attorney Reg. No. 1632819
                                               Email: tlgiannetti@jonesday.com
                                               Ognian V. Shentov
                                               NY Attorney Reg. No. 2867737
                                               Email: ovshentov@jonesday.com
                                               Barry R. Satine
                                               NY Attorney Reg. No. 1450220
                                               Email: barryrsatine@jonesday.com
                                               JONES DAY
                                               222 East 41st Street
                                               New York, New York 10017-6702
                                               Telephone: 212-326-3939
                                               Facsimile: 212-755-7306


                                               ATTORNEYS FOR PLAINTIFF

NYI-4274847v1

**CERTIFICATE OF SERVICE**

This is to certify that on April 29, 2010, a true and correct copy of the foregoing document has been served on all counsel of record via the Court's ECF system.

/s/  Kenneth R. Adamo
Attorney for Plaintiff