IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> NEWEGG, INC., ) </br> ) </br> ) </br> Defendant. ) | Case No. 6:07-CV-00511-LED |

**EMERGENCY MOTION OF SOVERAIN TO STRIKE NEWEGG'S
SUPPLEMENTAL SUBMISSION OF DEMONSTRATIVE EVIDENCE**

Pursuant to Local Rule CV-7 and Fed. R. Evid. 403, Soverain moves to strike Newegg's supplemental submission of demonstrative evidence and declaration testimony of its damages expert, W. Christopher Bakewell (Dkt. 425). Newegg's unauthorized submission seeks to present testimony of Mr. Bakewell while denying Soverain the opportunity either to cross-examine Mr. Bakewell or present rebuttal testimony.

**I.     BACKGROUND**

On June 29, 2010, this Court heard oral argument on post-trial motions, including Soverain's Motion for Permanent Injunction, or in the Alternative, Ongoing Royalties. Briefing with respect to that motion included Newegg's opposition (Dkt. 412) and surreply (Dkt. 424). With its opposition, Newegg submitted a thirty-three page declaration of its damages expert, Mr. Bakewell, accompanied by fourteen exhibits of another thirty pages. (Dkt. 412, Ex. 1.) Notably, Newegg's surreply—the "last word" in the briefing—did not include a supplemental Bakewell declaration or any additional exhibits regarding an ongoing royalty.

NYI-4290868

Prior to the June 29th hearing, Newegg failed to alert Soverain of its intent to present witness testimony.  Newegg nonetheless brought Mr. Bakewell, and a number of its other witnesses, to testify at the hearing.  Soverain argued that Newegg was trying to sandbag Soverain, in that Soverain had not brought its witnesses nor come to the hearing prepared to cross-examine Newegg's witnesses.  Newegg did not offer Mr. Bakewell as a witness or incorporate his demonstratives in oral argument.  Prior to the conclusion of the hearing, with respect to Soverain's motion, Newegg confirmed that it had no further argument or evidence to submit.  Argument concluded and the motion is sub judice.

Now, in violation of the Local Rules, Newegg supplemented the record following the conclusion of the briefing (and even following the hearing) on the grounds that "the Court did not hear any live testimony at the hearing."  (Dkt. 425 at 1.)  But Newegg offers no explanation as to why any supplemental submission may now be submitted, why Mr. Bakewell's testimony was not included with Newegg's prior submissions, or why Newegg failed to use the new demonstratives in its argument at the post-trial motions hearing.

## II. **NEWEGG'S SUPPLEMENTAL SUBMISSION OF DEMONSTRATIVE EVIDENCE SHOULD BE STRICKEN**

Newegg's supplemental submission is a bold-faced attempt to circumvent the Local Rules of this Court and the Federal Rules of Evidence in order to sandbag Soverain with testimony and evidence of Newegg's damages expert.

### A. **Newegg's Submission Does Not Comply With Local Court Rule CV-7 And Is Properly Stricken.**

Newegg has not complied with Local Rule CV-7(f).  After a surreply has been filed, "[a]bsent leave of the court, no further submissions on the motion are allowed."  Local Court Rule CV-7(f).  Newegg's supplemental submission, which is submitted after its surreply and after argument on Soverain's motion, should be stricken for Newegg's failure to seek leave of

the Court.  *See, e.g.*, *Hovanas v. Am. Eagle Airlines, Inc.*, No. 3:09-CV-0209-B, 2010 WL 1993271, at *1 n.1 (N.D. Tex. 2010) (striking three exhibits filed without leave of the court and refusing to consider the exhibits in its ruling).  Newegg's submission is all the more egregious as it was filed after the conclusion of the post-trial motions hearing, preventing Soverain from addressing the new evidence at the hearing.

Newegg failed to comply with Local Rule CV-7(h) and its submission should be stricken on that basis.  Rule CV-7(h) clearly sets out the purpose of the meet and confer requirement—to permit the parties "to discuss meaningfully the dispute, . . . and faithfulness to one's obligation to secure information without court intervention."  Newegg's failure to conduct a meet and confer deprived Soverain of the opportunity to know of Newegg's plans ahead of time, and to alert the Court that Newegg's attempt to sandbag Soverain was coming and that Soverain intended to respond with a motion to strike.

**B.     Soverain Is Unfairly Prejudiced By Newegg's Supplemental Submission.**

As Soverain will be unfairly prejudiced by the admission and consideration of evidence after the conclusion of the post-trial motions hearing, Newegg's supplemental submission should be stricken pursuant to Fed. R. Evid. 403.  Newegg's submission deprives Soverain of its right either to cross-examine Mr. Bakewell on these supplemental demonstratives and his "explanations" and "summaries" of them or to present any rebuttal evidence and testimony.

Newegg had multiple opportunities to present this evidence and did not do so.  Newegg could have submitted Bakewell's new declaration and demonstratives as part of his prior declaration.  Newegg could have submitted the new Bakewell declaration and demonstratives with its surreply.  Newegg could have alerted Soverain that Newegg intended to offer witness testimony at the hearing.  Newegg could have offered Mr. Bakewell at the hearing over Soverain's objection. Had Newegg taken any of these routes, Soverain would have had the

opportunity to respond with rebuttal evidence or, at minimum, cross-examination of Bakewell at the hearing. Yet Newegg decided on a post-hearing ambush, leaving Soverain with no way to respond.

Newegg claims that Bakewell's testimony and exhibits will "assist the Court in the adjudication of these matters." (Dkt. 425 at 1.) However, Newegg's untimely submission denies the Court of its right to set meaningful scheduling requirements for post-trial motions and of the opportunity to hear Soverain's argument regarding these exhibits and Bakewell's testimony. Newegg's attempt to place evidence before the Court without allowing Soverain to rebut it is unfairly prejudicial.

## III.     CONCLUSION

What Newegg could have done during its earlier briefing or by live testimony, Newegg now tries to do by a post-hearing written declaration. There is a time when briefing and arguments come to an end, and that time came at the hearing when the Court asked if there was anything else and the parties each said no. Soverain's motion should be granted and Newegg's supplemental submission of demonstrative evidence (Dkt. 425) should be stricken.

Dated: July 1, 2010

Respectfully submitted,

*Kenneth R. Adamo*

Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email: kradamo@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100

Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email: tlgiannetti@jonesday.com
Ognian V. Shentov
NY Attorney Reg. No. 2867737
Email: ovshentov@jonesday.com
Barry R. Satine
NY Attorney Reg. No. 1450220
Email: barryrsatine@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone: 212-326-3939
Facsimile: 212-755-7306

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on July 1, 2010, a true and correct copy of the foregoing document has been served on all counsel of record via the Court's ECF system.

/s/ Kenneth R. Adamo  
Kenneth R. Adamo

## CERTIFICATE OF CONFERENCE

This is to certify that the parties participated in a personal conference regarding the subject matter of this motion, as required by Local Rule CV-7(h).  The meet and confer was conducted over the telephone on July 1, 2010, between counsel for Soverain (Barry R. Satine and Clark Craddock) and counsel for Newegg (Daniel H. Brean).  An agreement could not be reached.

/s/ Kenneth R. Adamo  
Kenneth R. Adamo
