# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| CDW CORPORATION, NEWEGG INC., REDCATS USA, INC., SYSTEMAX INC., ZAPPOS.COM, INC., REDCATS USA, L.P., THE SPORTSMAN'S GUIDE, INC., and TIGERDIRECT, INC., | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 6:07-CV-00511-LED

## DEFENDANT NEWEGG'S OPPOSITION TO SOVERAIN'S EMERGENCY MOTION TO STRIKE NEWEGG'S SUPPLEMENTAL SUBMISSION OF DEMONSTRATIVE EVIDENCE

Newegg strongly disagrees with Soverain's characterization of the circumstances surrounding Newegg's supplemental submission of Mr. Bakewell's demonstrative visual aids (Dkt. No. 425).

There are no additional facts, data, evidence, or analysis in Mr. Bakewell's supplemental declaration that were not present in his original declaration of June 7, 2010 (Exhibit 1 to Dkt. No. 412). The supplemental declaration merely provides the Court with demonstratives that depict certain aspects of Mr. Bakewell's original declaration, to the extent that their value as visual aids will be helpful to the Court.  Newegg expressly directed the Court's attention to Mr. Bakewell's original declaration on several occasions during the post-trial hearing, and provided these demonstratives for their efficacy in communicating the substance of Mr. Bakewell's expert analysis therein.

In view of the above, Newegg's supplemental submission was certainly not "a bold-faced attempt to circumvent the Local Rules of this Court and the Federal Rules of Evidence in order to sandbag Soverain with testimony and evidence of Newegg's damages expert."  Soverain's Motion to Strike, Dkt. No. 426, at 2.  Indeed, Soverain already had at least two opportunities to respond to Mr. Bakewell's original declaration: once in its reply brief, and again at the post-trial hearing.[1]

To the extent any leave of Court is required for Newegg's supplemental submission to be considered by the Court, it is hereby respectfully requested.

Respectfully submitted,

Dated: July 2, 2010                By:   /s/ Kent E. Baldauf, Jr._____
                                         Richard A. Sayles
                                         Texas State Bar No. 17697500
                                         Mark D. Strachan
                                         Texas State Bar No. 19351500
                                         SAYLES | WERBNER
                                         1201 Elm Street
                                         4400 Renaissance Tower
                                         Dallas, Texas 75270
                                         Telephone: (214) 939-8700
                                         Facsimile: (214) 939-8787

                                         David C. Hanson
                                         Kent E. Baldauf, Jr.
                                         Daniel H. Brean
                                         THE WEBB LAW FIRM
                                         700 Koppers Building
                                         436 Seventh Avenue
                                         Pittsburgh, PA 15219
                                         Telephone: (412) 471-8815
                                         Facsimile: (412) 471-4094

                                         Trey Yarbrough

---

[1] Soverain further could have cross-examined Mr. Bakewell at the post-trial hearing, where Newegg sought to offer testimony in accordance with his original declaration, but instead Soverain objected to his being permitted to testify at all.

Texas Bar No. 22133500
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Telephone: (903) 595-3111
Facsimile: (903) 595-0191
trey@yw-lawfirm.com

Claudia Wilson Frost
Christopher J. Richart
Pillsbury Winthrop Shaw Pittman LLP
909 Fannin, Suite 2000
Houston, TX 77010
Telephone: (713) 276-7600
Facsimile: (713) 276-7673

Attorneys for Defendant Newegg Inc.

**Certificate of Service**

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being hereby served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 2, 2010, or will be served via electronic mail.  All other counsel of record will be served via facsimile or first class mail.

                                      /s/   Kent E. Baldauf, Jr.
                                          Kent E. Baldauf, Jr.