IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 6:07-CV-00511-LED |
| NEWEGG INC., | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF SOVERAIN SOFTWARE LLC'S AGREED BILL OF COSTS**

NYI-4301356

The Court having entered judgment in favor of plaintiff Soverain Software LLC ("Soverain") and against defendant Newegg Inc. ("Newegg") (Dkt. No. 435), Soverain hereby moves the Clerk for the taxation of costs as set forth in the Bill of Costs. Pursuant to 28 U.S.C. § 1920, the detailed costs are set forth below.

The costs itemized below constitute taxable costs which were reasonably and necessarily incurred by Soverain in this case. Plaintiff's AO 133 Agreed Bill of Costs is attached hereto as Appendix A. A declaration in support of the correctness and necessity of these costs is attached hereto as Appendix B. Exhibits 1-6 to that declaration contain true and correct copies of the documents and invoices substantiating these costs. Newegg agrees to Soverain's Bill of Costs in all parts.

I.  PLAINTIFF'S ITEMIZED COSTS

Table 1: Fees of the Clerk

| Description | Fee |
|---|---|
| Filing Fees | $350.00 |
| **Subtotal** | **$350.00** |

Table 2: Fees for printed or electronically recorded hearing transcripts necessarily obtained for use in the case

| Description | Fee |
|---|---|
| Transcript of *Daubert* and Summary Judgment Motions Hearing (1/21/10) | $378.25 |
| Daily Trial Transcripts (4/26 – 4/30/10) | $13,025.00 |
| Post-Trial Hearing Transcript (6/29/10) | $392.85 |
| **Subtotal** | **$13,796.10** |

NYI-4301356

**Table 3: Fees for printed or electronically recorded deposition transcripts necessarily obtained for use in the case**

| Description | Fee |
|---|---:|
| Transcript of Deposition of Christopher Bakewell (9/25/09) | $3,484.25 |
| Transcript of Deposition of Lee Cheng (7/15/09) | $557.50 |
| Transcript of Deposition of Shikhar Ghosh (8/25/09) | $425.60 |
| Transcript of Deposition of Jack Grimes (9/10/09) | $891.00 |
| Transcript of Deposition of Lucy Huo (8/14/09) | $174.38 |
| Transcript of Deposition of Thomas Levergood (8/14/09) | $272.60 |
| Transcript of Deposition of James Nawrocki (9/24/09) | $1,878.50 |
| Transcript of Deposition of Andrew Payne (7/30/09) | $355.45 |
| Transcript of Deposition of Richard Quiroga (7/15/09) | $883.75 |
| Transcript of Deposition of Michael Shamos (8/25/09) | $521.50 |
| Transcript of Deposition of Lawrence Stewart (8/4/09) | $419.35 |
| Transcript of Deposition of Edward Tittel (invalidity) (9/2/09) | $982.00 |
| Transcript of Deposition of Edward Tittel (infringement vol. I) (9/2/09) | $171.50 |
| Transcript of Deposition of Edward Tittel (infringement vol. II) (9/3/09) | $818.00 |
| Transcript of Deposition of Winfield Treese (7/24/09) | $422.50 |
| Transcript of Deposition of Alexander Trevor (2/23/10) | $1,968.00 |
| Transcript of Deposition of Katharine Wolanyk (8/20/09) | $554.90 |
| Transcript of Deposition of James Wu – 30(b)(6) (7/8/09) | $1,179.87 |
| Transcript of Deposition of James Wu – 30(b)(6) (7/9/09) | $454.37 |
| Transcript of Deposition of James Wu – 30(b)(1) (7/9/09) | $236.75 |
| **Subtotal** | **$16,651.77** |

NYI-4301356

**Table 4: Fees for Witnesses**

| Description | Fee |
|---|---:|
| Jack Grimes | $1,166.40 |
| Winfield Treese | $1,116.29 |
| James Nawrocki | $884.00 |
| Michael Shamos | $1,322.00 |
| **Subtotal** | **$4,488.69** |

**Table 5: Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case**

| Description | Fee |
|---|---:|
| One copy of defendant's trial exhibits | $2,324.14 |
| One copy of plaintiff's trial exhibits | $1,388.88 |
| Four sets of witness binders | $3,722.29 |
| **Subtotal** | **$7,435.31** |

**Table 6: Fees for one trial technician**

| Description | Fee |
|---|---:|
| Trial technician fees | $11,025.00 |
| **Subtotal** | **$11,025.00** |

NYI-4301356

**Table 7: Fees for court appointed experts**

| Description | Fee |
|---|---:|
| Fee of Michael T. McLemore | 12,500.00 |
| **Subtotal** | **$12,500.00** |

## II. APPLICABLE LAW

Under 35 U.S.C. § 284, a prevailing plaintiff in a patent infringement case is entitled to costs. The costs that a court may properly award are limited by 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons Inc.*, 482 U.S. 437, 441-42 (1987). The prevailing party must demonstrate that the costs it seeks are recoverable under controlling precedent.

### A. 28 U.S.C. § 1920(1) – Fees of the clerk and marshal

A prevailing party may recover the fees of the clerk for filing the complaint under 28 U.S.C. § 1920(1).

The costs enumerated in Table 1 were incurred by Soverain and are properly recoverable under 28 U.S.C. § 1920(1).

### B. 28 U.S.C. § 1920(2) – Fees for printed or electronically recorded transcripts necessarily obtained for use in the case

Section 1920(2) "authorizes recovery for [f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." *West v. Perry*, 2009 WL 2225579, at *1 (E.D. Tex. Jul. 23, 2009). Whether a transcript of a deposition was necessarily obtained for use in the case is a factual determination for the district court. *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1984). The cost of a deposition is recoverable "if the taking of the deposition is shown to have been reasonably necessary in light of the facts known

to counsel at the time it was taken." *West*, 2009 WL 222579, at *1 (citations omitted). Whether a transcript was ultimately used at trial or in connection with a motion is not determinative of whether the cost of such deposition is recoverable. *Id*. The costs of deposition exhibits are also recoverable costs.[1] *Blackboard Inc. v. Desire2Learn Inc.*, No. 9:06-cv-155, slip op. at 8-9 (E.D. Tex. July 17, 2008) (finding that the costs of deposition exhibits were recoverable and citing *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530, 1553 (5th Cir. 1984)).

Costs associated with transcribing court hearings are similarly recoverable under this section, where the hearing transcripts were necessarily obtained for use in the case. *See Harris Corp. v. Sanyo N. Am. Corp.*, 2002 WL 356755 (N.D. Tex. Mar. 4, 2002) ("Transcripts of [*Markman* and *Daubert* hearings] were clearly necessary for counsel to determine whether to seek review of any adverse rulings.").

The transcripts enumerated in Tables 2 and 3 were necessarily obtained by Soverain for use in this litigation and are properly recoverable under 28 U.S.C. § 1920(2). *See* App. B, ¶¶ 4-65.

### 1. Expedited Deposition Transcripts

Costs ancillary to the taking of a deposition, including expedited delivery charges, are generally not recoverable costs. *See Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 687 (E.D. Tex. 2007). In order for a party to recover such costs, that party must show that the extra expense was necessary. *Id*. Necessity is determined at the time the deposition was taken. *Id*.

The deposition transcript of Christopher Bakewell was necessarily obtained on an

---

[1] The costs for copying deposition exhibits are properly recoverable under 28 U.S.C. § 1920(4). Because the costs for the exhibits are included in the invoices for the court reporter attending the deposition, Soverain has grouped the costs for the deposition exhibits together with the costs for the court reporter.

expedited basis. The costs for expedited service are properly recoverable under the law because the deadline for *Daubert* motions was less than a week after his deposition. *See* App. B, ¶¶ 12-16. Similarly, the deposition transcript of Alexander Trevor was necessarily obtained on an expedited basis in order for Soverain to file an evidentiary motion shortly after the date of Mr. Trevor's deposition. *Id.*, ¶¶ 55-58. Soverain requests no other ancillary deposition costs.

### 2. Expedited Daily Trial Transcripts

The Eastern District has held that in complex patent cases, costs for expedited daily trial transcripts are recoverable if shown to be necessary. *See Blackboard Inc.*, No. 9:06-cv-155, slip op. at 4. Where the parties both request daily trial transcripts, as here, it is an overt admission that daily transcripts are necessary. *Id.* (noting parties agreed to split the costs of the expedited transcripts and citing *Tellus Operating Group, LLC v. R&D Pite Co.*, 2006 U.S. Dist. LEXIS 90204, at *7-8 (S.D. Miss. Dec. 13, 2006)).

The costs for daily trial transcripts were necessarily obtained on an expedited basis and are properly recoverable under the law. *See* App. B, ¶¶ 7-9.

### C.    28 U.S.C. § 1920(3) – Fees and disbursements for printing and witnesses

Necessary expenses for witnesses who appear at trial, including fees and travel expenses, are recoverable costs in the Fifth Circuit. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 65 (5th Cir. 1994). A court "may assess costs for journeys of more than 100 miles if there are special circumstances justifying the presence of the witness at trial." *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.3d 1530, 1551-52 (5th Cir. 1984). Under Section 1821(c)(1), "[a] witness who travels by common carrier shall be paid for the actual expenses of travel …. Such a witness shall utilize a common carrier at the most economical rate reasonably available."

The costs enumerated in Table 4 were incurred by Soverain and are properly recoverable

under 28 U.S.C. § 1920(3). *See* App. B, ¶¶ 66-84.

### D. 28 U.S.C. § 1920(4) – Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case

For a party to recover costs under § 1920(4), the prevailing party must establish that the incurred costs "were necessarily obtained for use in the litigation." *Holmes*, 11 F.3d at 64 (internal quotations and citations omitted). While the prevailing party must make "some demonstration that the reproduction costs necessarily result from the litigation," that party need not "identify every xerox copy made in the course of legal proceedings." *Fogleman*, 920 F.2d at 286.

#### 1. Witness Binder Materials

Costs associated with preparing witness binders are costs necessary to litigation. Where the parties agree in advance to provide each other and the Court with binders of exhibits to be used with each witness, the costs of preparing those binders are recoverable. *Blackboard*, No. 9:06-cv-155, slip op. at 10.

The costs enumerated in Table 5 were necessarily obtained by Soverain for use in the litigation and are properly recoverable under 28 U.S.C. § 1920(4). *See* App. B, ¶¶ 85-88.

#### 2. Fees for a Professional Trial Technician

In complex litigations, "costs for [one] professional trial technician[] to present … the case [are] recoverable costs." *Blackboard*, No. 9:06-cv-155, slip op. at 12-13 (citing *Finisar Corp. v. DirecTV Group Inc.*, 2006 WL 2699732, at *2 (E.D. Tex. Aug. 4, 2006)).

The costs enumerated in Table 6 were necessarily obtained by Soverain for use in the litigation and are properly recoverable under 28 U.S.C. § 1920(4). *See* App. B, ¶¶ 85, 89.

NYI-4301356

**E. 28 U.S.C. § 1920(6) – Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title**

The Court appointed Michael McLemore as the technical advisor in the case. Dkt. No. 197. The Court ordered Mr. McLemore's fee of $25,000 to be split equally among the parties. Dkt. Nos. 197, 213. Soverain's $12,500 share of Mr. McLemore's fee is a recoverable cost under 28 U.S.C. § 1920(6). *See* App. B, ¶¶ 90-91.

### III. CONCLUSION

Soverain respectfully requests that the Court grant costs in the amount of $66,246.87, as summarized below.

| | |
|---|---:|
| Fees of the clerk and marshal | $350.00 |
| Fees of the court reporter - hearings | $13,796.10 |
| Fees of the court reporter - depositions | $16,651.77 |
| Fees for witnesses | $4,488.69 |
| Fees for exemplification and copies | $7,435.31 |
| Trial technician fees | $11,025.00 |
| Compensation for court appointed expert | $12,500 |
| **Total** | **$66,246.87** |

NYI-4301356

Dated:  August 25, 2010                             Respectfully submitted,


                                                    /s/ Barry R. Satine (with permission)
                                                    Kenneth R. Adamo
                                                    State Bar No. 00846960
                                                    Lead Attorney
                                                    Email:  kradamo@jonesday.com
                                                    JONES DAY
                                                    2727 North Harwood Street
                                                    Dallas, Texas 75201-1515
                                                    Telephone:  214-220-3939
                                                    Facsimile:  214-969-5100

                                                    Thomas L. Giannetti
                                                    NY Attorney Reg. No. 1632819
                                                    Email:  tlgiannetti@jonesday.com
                                                    Ognian V. Shentov
                                                    NY Attorney Reg.  No. 2867737
                                                    Email:  ovshentov@jonesday.com
                                                    Barry R. Satine
                                                    NY Attorney Reg. No. 1450220
                                                    Email:  barryrsatine@jonesday.com
                                                    JONES DAY
                                                    222 East 41st Street
                                                    New York, New York 10017-6702
                                                    Telephone:  212-326-3939
                                                    Facsimile:  212-755-7306

                                                    Jennifer Seraphine
                                                    CA Attorney Reg. No. 245463
                                                    Email:  jseraphine@jonesday.com
                                                    JONES DAY
                                                    555 California Street, 26th Floor
                                                    San Francisco, CA 94104

                                                    ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This is to certify that on August 25, 2010, a true and correct copy of the foregoing document has been served on all counsel of record via the Court's ECF system.

/s/ Debra R. Smith
Debra R. Smith

**CERTIFICATE OF CONFERENCE**

This is to certify that the parties participated in a personal conference regarding the subject matter of this motion, as required by Local Rule CV-7(h) and Judge Davis's June 20, 2007, Standing Order Regarding Bills of Costs.  The meet and confer was conducted over the telephone on August 23 and 24, 2010 between counsel for Soverain (Clark Craddock and Debra R. Smith) and counsel for Newegg (Kent E. Baldauf, Jr. and Daniel H. Brean). The parties were able to reach full agreement.

/s/ Debra R. Smith
Debra R. Smith

NYI-4301356