## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

## TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Case No. 6:07-CV-00511-LED |
| NEWEGG INC., | ) ) | |
| Defendant. | ) ) ) | |

## DECLARATION OF CLARK CRADDOCK

I, Clark Craddock, declare as follows:

1.      I am counsel for plaintiff Soverain Software LLC ("Soverain").  I submit this declaration in support of Soverain's Agreed Bill of Costs in accordance with 28 U.S.C. § 1924.  I have personal knowledge of the matters set forth in this declaration.

2.      On August 11, 2010, Judgment was entered in favor of Soverain and against defendant Newegg Inc. ("Newegg").  A copy of the Judgment is appended hereto as Exhibit 1. The costs enumerated in Soverain's Bill of Costs and detailed below are allowed by law, are correctly stated, and were necessarily incurred in the case.  The services for which fees have been charged were actually and necessarily performed.

NYI-4301411

Fees of the Clerk
28 U.S.C. § 1920(1)

**A.     Fee for Filing Complaint ($350.00)**

3.     Soverain requests the statutory amount required for the filing of a complaint in the Eastern District of Texas.

Fees of the Court Reporter for All or Any Part of
the Stenographic Transcript Necessarily Obtained for Use in the Case
28 U.S.C. § 1920(2)

4.     Exhibit 2 to the Bill of Costs contains charts detailing the costs recoverable under this section and true and correct copies of the supporting documentation.  Soverain seeks to recover the costs of the items highlighted in yellow, or as otherwise indicated, on the supporting documentation.

**B.     *Daubert* and Summary Judgment Motions Hearing Transcript ($378.25)**

5.     A hearing on pending *Daubert* and Summary Judgment Motions was held in this action on January 21, 2010.

6.     The transcript of the hearing was necessarily obtained for use in the case.  In particular, the transcript was used to determine whether Soverain needed to appeal any of the decisions made by the Court that day and to keep an accurate record of the arguments made by both sides related to motions that the Court did not rule on at that time.

**C.     Trial Transcript ($13,025.00)**

7.     The trial in this action commenced on April 26, 2010 and concluded on April 30, 2010.

8.     Daily trial transcripts were necessarily obtained for use in the case, and both parties requested expedited transcripts.  Portions of the trial transcript were cited by Soverain in its pre-verdict motion for JMOL under Fed. R. Civ. P. 50(a) (filed on April 29, 2010) (Dkt. No.

2

366), Soverain's post-verdict renewed motions for JMOL under Fed. R. Civ. P. 50(b) (Dkt. Nos. 402, 416), Soverain's motions for injunctive relief and reply in support of the same (Dkt. Nos. 403, 418), and in Soverain's briefs in opposition to Newegg's various pre- and post-verdict motions for JMOL (Dkt. Nos. 409, 410, 422, 423).  The transcripts were also reviewed by plaintiff's technical and damages experts in connection with their post-trial declarations.

9.      The trial transcripts were needed on an expedited basis in order for Soverain to have an accurate record of the exhibits offered into evidence, to ensure that it had made its prima facie case, to have an accurate record of this Court's decisions at various bench conferences, to file its pre- and post-verdict motions for JMOL, and to prepare for Newegg's various motions for JMOL, new trial, and remittitur.  Because the invoice for the daily trial transcripts was not itemized, Soverain seeks $13,025 for the costs of the expedited transcripts.

**D.      Post-Trial Hearing Transcript ($392.85)**

10.     A post-trial hearing in this action took place on June 29, 2010.

11.     The post-trial hearing transcript was necessarily obtained for use in this case.  In particular, the transcript was used to determine whether Soverain needed to appeal any decisions encompassed in the Court's Final Judgment and Order.

**E.      Deposition Transcript – W. Christopher Bakewell ($3,484.25)**

12.     On September 25, 2009, Soverain conducted the deposition of Mr. W. Christopher Bakewell.

13.     Mr. Bakewell's deposition transcript was reviewed by Soverain's damages expert in connection with his supplemental expert report of October 5, 2009.

14.     Mr. Bakewell testified at trial on April 29, 2010.  Mr. Bakewell's deposition transcript was used to prepare for his cross-examination at trial.

NYI-4301411

15.     Soverain seeks to recover the fees for expedited delivery of Mr. Bakewell's deposition transcript.  The deadline for depositions of damages experts in this case was September 25, 2009.  Because of scheduling conflicts, Mr. Bakewell's deposition could not be taken before that day.  The expedited service was necessary because the deadline for *Daubert* motions was three days after Mr. Bakewell's deposition.  Portions of Mr. Bakewell's deposition transcript were cited in support of Soverain's Daubert Motion to Exclude Certain Opinions of W. Christopher Bakewell (Dkt. Nos. 244, 254), and in opposition to Newegg's Daubert Motion to Exclude the Opinions of James Nawrocki (Dkt. No. 264).

16.     The exhibits used at Mr. Bakewell's deposition were also necessarily obtained for use in the above pre- and post-trial activities.

**F.     Deposition Transcript – Lee Cheng ($557.00)**

17.     On July 15, 2009, Soverain conducted the deposition of Newegg's 30(b)(6) witness, Mr. Lee Cheng.

18.     Mr. Cheng testified at trial on April 28, 2010.  Mr. Cheng's deposition transcript was used to prepare for his cross-examination at trial.

19.     The invoice for Mr. Cheng's deposition was not itemized, so Soverain seeks half of the amount billed by the vendor.

**G.     Deposition Transcript – Shikhar Ghosh ($425.60)**

20.     On August 25, 2009, Newegg conducted the deposition of Mr. Shikhar Ghosh.

21.     On April 29, 2010, Newegg introduced portions of Mr. Ghosh's deposition testimony at trial and Soverain counter-designated portions of Mr. Ghosh's testimony to be presented at trial.

22.     Mr. Ghosh's testimony was relied upon by Soverain in its opposition to Newegg's

4

Daubert Motion to Exclude the Opinions of James Nawrocki (Dkt. No. 264), was cited by

Soverain's damages expert in support of his Supplemental Expert Report of October 5, 2009, and

was relied upon by both parties in their post-trial motions.

24.     The exhibits used at Mr. Ghosh's deposition were necessarily obtained for use in

the above mentioned trial activities.

**H.      Deposition Transcript – Jack Grimes ($891.00)**

24.     On September 10, 2009, Newegg conducted the deposition of Dr. Jack Grimes.

25.     Dr. Grimes testified at trial on April 26, 2010.  Dr. Grimes's deposition transcript

was used to prepare for his testimony at trial.

26.     The exhibits used at Dr. Grimes's deposition were necessarily obtained for use in

preparing for Dr. Grimes's trial testimony.

**I.      Deposition Transcript – Lucy Huo ($174.38)**

27.     On July 9, 2009, Soverain conducted the deposition of Lucy Huo.

28.     Ms. Huo's deposition was taken because Newegg identified her on its initial

disclosures as "[l]ikely to have knowledge of facts relating to design of Newegg website" and

because she appeared on various technical documents produced by Newegg.

29.     The invoice for Ms. Huo's deposition was not itemized, so Soverain seeks half of

the amount billed by the vendor.

**J.      Deposition Transcript – Thomas M. Levergood ($272.60)**

30.     On August 14, 2009, Newegg conducted the deposition of Mr. Thomas M.

Levergood.

31.     Newegg designated testimony of Mr. Levergood for use at trial.  Soverain used

the transcript of Mr. Levergood's deposition to prepare for trial and counter-designate deposition

testimony.

32.     The exhibits used at Mr. Levergood's deposition were necessarily obtained for

use in preparing for trial.

**K.      Deposition Transcript – James Nawrocki ($1,878.50)**

33.     On September 24, 2009, Newegg conducted the deposition of Mr. James

Nawrocki.

34.     Mr. Nawrocki testified at trial on April 27, 2010.  The transcript of his deposition

testimony was used in preparation of his trial testimony.

35.     Mr. Nawrocki's deposition testimony was relied upon by both parties to support

their respective *Daubert* motions and was necessary to address Newegg's challenges to the

admissibility of Mr. Nawrocki's testimony.

36.     The exhibits used at Mr. Nawrocki's deposition were also necessarily obtained for

use in the above pre- and post-trial activities.  Soverain seeks half of the costs billed by the

vendor for scanning the deposition exhibits.

**L.      Deposition Transcript – Andrew C. Payne ($355.45)**

37.     On July 30, 2009, Newegg conducted the deposition of Mr. Andrew C. Payne.

38.     Newegg designated excerpts of Mr. Payne's deposition for use at trial.

39.     Mr. Payne's deposition transcript and the exhibits used at his deposition were

used to prepare for trial.

**M.      Deposition Transcript – Richard Quiroga ($883.75)**

40.     On July 15, 2009, Soverain conducted the deposition of Newegg's 30(b)(6)

witness, Mr. Richard Quiroga.

41.     Newegg designated Mr. Quiroga in its initial disclosures as "[l]ikely to have

NYI-4301411

knowledge of facts relating to finances, revenues, costs, and profits associated with Newegg website."

42.     The invoice for Mr. Quiroga's deposition was not itemized, so Soverain seeks half of the amount billed by the vendor.

**N.     Deposition Transcript – Michael I. Shamos ($521.50)**

43.     On September 1, 2009, Newegg conducted the deposition of Dr. Michael I. Shamos.

44.     Newegg cited Dr. Shamos's deposition transcript in support of its Motion for Summary Judgment of Invalidity of the "Shopping Cart Claims" in U.S. Patent Nos. 5,715,314 and 5,909,492 (Dkt. No. 247), and therefore Soverain needed the transcript to oppose the same.

45.     Dr. Shamos testified at trial on April 29, 2010.  Dr. Shamos's deposition transcript and the exhibits used at his deposition were used to prepare for his testimony at trial.

**O.     Deposition Transcript – Lawrence C. Stewart ($419.35)**

46.     On August 4, 2009, Newegg conducted the deposition of Dr. Lawrence C. Stewart.

47.     Newegg designated excerpts of Dr. Stewart's deposition for use at trial.

48.     Dr. Stewart's deposition transcript and the exhibits used at his deposition were used to prepare for trial.

**P.     Deposition Transcript – Edward R. Tittel ($1,971.50)**

49.     On September 2 and 3, 2009, Soverain conducted the deposition of Mr. Edward R. Tittel.

50.     Mr. Tittel's deposition testimony was used to support Plaintiff Soverain's Daubert Motion to Exclude Expert Testimony of Edward R. Tittel (Dkt. No. 246), Soverain's Motion for

NYI-4301411

Partial Summary Judgment of Infringement of U.S. Patent No. 5,909,492 (Dkt. No. 230), Soverain's Reply in Support of its Motion for Partial Summary Judgment of Infringement of U.S. Patent No. 5,909,492 (Dkt. No. 258), Soverain's Opposition to Newegg's Motion for Summary Judgment of Noninfringement (Dkt. No. 262), and Soverain's Opposition to Newegg's Motion for Summary Judgment of Invalidity of the "Shopping Cart Claims" in U.S. Patent Nos. 5,715,314 and 5,909,492 (Dkt. No. 257).

51.     Mr. Tittel testified at trial on April 29, 2010. Mr. Tittel's deposition transcript and the exhibits used at his deposition were used to prepare for his cross-examination at trial. Mr. Tittel's deposition transcript was also used to prepare for the trial testimony of Soverain's technical experts, Dr. Jack Grimes and Dr. Michael I. Shamos.

**Q.     Deposition Transcript – G. Winfield Treese ($422.50)**

52.     On July 24, 2009, Newegg conducted the deposition of Mr. G. Winfield Treese.

53.     Mr. Treese was called to testify by Soverain on April 27 and by Newegg on April 28, 2010.

54.     Mr. Treese's deposition transcript and the exhibits used at his deposition were used to prepare for testimony at trial.

**R.     Deposition Transcript – Alexander Trevor ($1,968.00)**

55.     On February 23, 2010, Soverain conducted the deposition of Mr. Alexander Trevor.

56.     Newegg called Mr. Trevor to testify at trial on April 28, 2010. Mr. Trevor's deposition transcript and the exhibits used at his deposition were used to prepare for his cross-examination at trial. Mr. Trevor's deposition transcript was also used to prepare Soverain's validity expert, Dr. Michael Shamos, for his testimony at trial.

NYI-4301411

57.    Mr. Trevor's deposition testimony was relied upon by Soverain to support Soverain's Motion to Exclude the Belatedly-Produced CompuServe Documents, the CompuServe Manuals as Corroborating Evidence, and Trevor's Uncorroborated Testimony (Dkt. No. 326) and Soverain's Reply in Support of Its Motion to Exclude the Belatedly-Produced CompuServe Documents, the CompuServe Manuals as Corroborating Evidence, and Trevor's Uncorroborated Testimony (Dkt. No. 350).

58.    Soverain seeks to recover the fees for expedited delivery of Mr. Trevor's deposition transcript.  The expedited service was necessary in order for Soverain to file the above referenced motion on March 3, 2010, less than ten days after Mr. Trevor's deposition was taken.

**S.     Deposition Transcript – Katharine A. Wolanyk ($554.90)**

59.    On August 20, 2009, Newegg conducted the deposition of Ms. Katharine A. Wolanyk.

60.    Newegg relied upon Ms. Wolanyk's deposition testimony in support of its Daubert Motion to Exclude James Nawrocki (Dkt. No. 245) and the transcript was reviewed by Soverain's attorneys in preparation of Soverain's opposition to such motion.

61.    Ms. Wolanyk testified at trial on April 28, 2010.  Ms. Wolanyk's deposition transcript and the exhibits used at her deposition were used to prepare for her trial testimony.

**T.     Deposition Transcript – James Wu ($1,870.99)**

62.    On July 8 and 9, 2009, Soverain conducted the deposition of Newegg's 30(b)(1) and 30(b)(6) witness, Mr. James Wu.

63.    Mr. Wu's deposition testimony was used by Soverain's infringement expert, Dr. Jack Grimes, in support of his expert report, and by Dr. Grimes in his declaration in support of Soverain's Motion for Partial Summary Judgment of Infringement of U.S. Patent No. 5,909,492

9

NYI-4301411

(Dkt. No. 230).

64.     Mr. Wu testified at trial on April 28, 2010.  Mr. Wu's deposition transcript was used to prepare for his cross-examination at trial.  Mr. Wu's deposition transcript was also used to prepare for the trial testimony of Dr. Grimes.

65.     The invoices for Mr. Wu's deposition were not itemized, so Soverain seeks half of the amount billed by the vendor.

Fees for Witnesses
28 U.S.C. § 1920(3)

66.     Exhibit 3 to the Bill of Costs contains a chart detailing the costs recoverable under this section and true and correct copies of the supporting documentation.

**U.      James Nawrocki ($884)**

67.     On April 27, 2010, Mr. Nawrocki testified on behalf of Soverain.  Mr. Nawrocki resides in Sugarland, Texas.  Mr. Nawrocki is not an employee of Soverain.

68.     Mr. Nawrocki traveled approximately 200 miles from Houston, Texas to Tyler, Texas by private vehicle in order to attend the trial in this case.

69.     Evidence was presented in this case during the first four days of trial.  Mr. Nawrocki attended trial on each of these four days.  As a testifying expert, this was necessary so that Mr. Nawrocki could hear the testimony of other fact and expert witnesses.

70.     Soverain seeks to recover the costs for four nights that Mr. Nawrocki stayed in a hotel while attending the trial.

**V.      Jack Grimes ($1,166.40)**

71.     On April 26-27, 2010, Dr. Grimes testified on behalf of Soverain.  Dr. Grimes resides in Sparks, Nevada. Dr. Grimes is not an employee of Soverain.

10

72.     Dr. Grimes flew by common carrier from Atlanta, Georgia to Tyler, Texas to attend the trial in this case.

73.     Dr. Grimes attended the first four days of trial.  As a testifying expert, this was necessary so that Dr. Grimes could hear the testimony of other fact and expert witnesses.

74.     Soverain seeks to recover the costs for four nights that Dr. Grimes stayed in a hotel while attending the trial.

**W.     Michael I. Shamos ($1,322.00)**

75.     On April 29, 2010, Dr. Shamos testified on behalf of Soverain.  Dr. Shamos resides in Pittsburgh, Pennsylvania.  Dr. Shamos is not an employee of Soverain.

76.     Dr. Shamos flew by common carrier from Pittsburgh, Pennsylvania to Dallas, Texas to attend the trial in this case.

77.     Dr. Shamos attended the first four days of trial.  As a testifying expert, this was necessary so that Dr. Shamos could hear the testimony of other fact and expert witnesses.

78.     Soverain seeks to recover the costs for four nights that Dr. Shamos stayed in a hotel while attending the trial.

79.     Dr. Shamos rented a car for use in traveling to and from the Dallas airport and to and from court for the four days he attended trial.  Soverain seeks to recover for the mileage driven by Dr. Shamos at a rate of $0.50 per mile.

**X.     G. Winfield Treese ($1,116.29)**

80.      On April 27, 2010, Mr. Treese testified on behalf of Soverain.  Mr. Treese resides in Wayland, Massachusetts.  Mr. Treese is not an employee of Soverain.

81.     Mr. Treese flew from Boston, Massachusetts to Dallas, Texas.

82.     On April 28, 2010, Mr. Treese was called to testify on behalf of Newegg.

11

NYI-4301411

83.     Mr. Treese also attended trial on the first day in order to be sworn in by the Court.

84.     Soverain seeks to recover the costs for three nights that Mr. Treese stayed in a

hotel while attending the trial.

Fees for Exemplification and Copies of Papers
Necessarily Obtained for Use in the Case
28 U.S.C. § 1920(4)

85.     Exhibits 4 and 5 to the Bill of Costs contain charts detailing the costs recoverable

under this section and true and correct copies of the supporting documentation.

**Y.     Copies of Trial Exhibits ($3,713.02)**

86.     Soverain obtained two Bates-stamped copies of defendant's trial exhibits.

Soverain seeks recovery of the costs for one set.

87.     Soverain obtained two Bates-stamped copies of plaintiff's trial exhibits.  Soverain

seeks recovery of the costs for one set.

**Z.     Witness Binders ($3,722.29)**

88.     Soverain and Newegg agreed to exchange three copies of all witness binders at

trial.  Soverain seeks to recover costs for four copies of each witness binder (three copies

provided to defendant and one copy provided to each witness).

**AA.    Trial Technician Fee ($11,025.00)**

89.     Soverain retained two trial technicians to assist in preparing demonstratives for

trial and providing in-court support during the trial.  Soverain seeks to recover the cost of one

trial technician for his fees while in the court room for five days of trial.

Compensation of Court Appointed Experts
28 U.S.C. § 1920(6)

90.     Exhibit 6 to the Bill of Costs contains a chart detailing the costs recoverable under

12

NYI-4301411

this section and true and correct copies of the supporting documentation.

**BB.    Fees of Court Appointed Expert Michael McLemore ($12,500)**

91.    The Court appointed Michael McLemore as the technical advisor in the case.

(Dkt. No. 197.)  The Court ordered Mr. McLemore's fee of $25,000 to be split equally among

the parties. (Dkt. Nos. 197, 213.)  Soverain paid $12,500 in fees for Mr. McLemore.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 25, 2010, in New York, New York.

_____
Clark Craddock

13

NYI-4301411