IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:07-CV-00511-LED |
| ) | |
| NEWEGG INC., ) | |
| ) | |
| Defendant. ) | |

### SOVERAIN'S OPPOSITION TO NEWEGG'S "RENEWED" POST-JUDGMENT MOTIONS

**I.      INTRODUCTION**

Newegg's latest round of JMOL and new trial motions (Dkts. 442 and 443) should be stricken or, alternatively, summarily denied without further briefing or a hearing. These motions are not timely. They violate the Court's order setting May 24, 2010, as the deadline for "all" post-verdict motions. Moreover, they are nearly word-for-word identical to the motions previously considered and denied by the Court in its August 11, 2010 Memorandum Opinion and Order. Why they were filed at all remains a mystery to Soverain, for they are superfluous. Despite Newegg's stated (but unsupported by any proffered authority) objective of preserving its positions for appeal, these motions are not necessary for Newegg to preserve any arguments properly presented in its first set of "renewed" motions.

The motions are also detrimental to the "just, speedy and inexpensive determination" of this action. Fed. R. Civ. P. 1. Newegg's motions, if not stricken, will undeniably delay the case, as the time for appeal is tolled by their pendency. Fed. R. App. P. 4(a)(4). Moreover, they are an imposition on the Court and Soverain, for they raise issues that have already been fully briefed,

NYI-4307471v1

argued, and decided adversely to Newegg. The Court should strike the motions, or alternatively, deny them summarily.

## II. FACTS

On April 30, 2010, the jury returned a verdict of infringement by Newegg of two Soverain patents and awarded Soverain $2.5 million in damages. (Dkt. 376.) On May 6, 2010, the Court entered an order setting forth the schedule for post-trial issues, including motions for JMOL and new trial. (Dkt. 382, copy provided as Exhibit 1.) The Court required "all" post-verdict motions to be filed by May 24, 2010. (*Id.*) The Court also set strict page limits for such motions: collectively, a party's motions were not to exceed 40 pages. (*Id.*)

On May 24, 2010, Newegg filed a "renewed" motion for JMOL of non-infringement and invalidity of the asserted patent claims and alternative motions for new trial (Dkt. 407) and a "renewed" motion for JMOL on damages and alternative motion for a new trial or remittitur (Dkt. 406).

On June 29, 2010, a hearing was held on Newegg's pending motions (Dkts. 406 and 407) and the Court, in an August 11, 2010 memorandum opinion, denied both (Dkt. 434). On the same day, the Court entered Final Judgment (Dkt. 435), thus starting the time period to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A).

On September 7, 2010, three days before the notice of appeal would be due, Newegg filed two more "renewed" post-judgment motions (Dkts. 442 and 443). These newly filed motions are nearly word-for-word identical to the "renewed" JMOL motions filed on May 24th (Dkts. 406 and 407) and denied on August 11th. In both of its most recent "renewed" motions, Newegg explicitly says it does not seek reconsideration of the Court's prior rulings: "Newegg . . . does not expect the Court to revisit the merits of all the matters decided in the Court's Memorandum Opinion and Order . . . ." (Dkt. 442 at 1; Dkt. 443 at 1.) Instead, Newegg's stated reason for filing the motions

is "to preserve [Newegg's] positions with respect to its previously filed pre-judgment motion." (Dkt. 442 at 1; Dkt. 443 at 1.)

### III. ARGUMENT

#### A. Newegg Motions Should Be Stricken as Untimely and Excessive

Under the Federal Rules of Civil Procedure, renewed motions for JMOL and new trial under Rules 50(b) and 59(b) must be filed no *later* than 28 days after entry of judgment. Consistent with the Federal Rules, the Court's May 6, 2010 order set May 24, 2010, as the deadline for filing of "all" post-verdict motions. (Ex. 1, Dkt. 382.) The Court stated a preference for resolving "all" post-trial issues before entering a final judgment. (*Id.*) The setting of such deadlines and procedures is well within the discretionary power of the Court. *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 848 (E.D. Tex. 2004) (Davis, J.) ("It is beyond question that district courts have broad power to control their dockets and enforce their orders."). The Court also set a limit of 40 pages "collectively" for a party's motions for JMOL and new trial, a limit reached by Newegg's May 24th motions. (Ex. 1, Dkt. 382.) Newegg's filings on September 7th are over three months past the Court's deadline for such motions, and put Newegg 45 pages over the Court's collective limit for post-trial motions.[1]

Newegg points to the request in its prior post-verdict motions that the Court's rulings on those motions be "without prejudice" to their being refiled. (Dkt. 406 at 1 n.2; Dkt. 407 at 1 n.2.) But this request is of no moment here. The Court's August 11th memorandum opinion nowhere says that the rulings therein are "without prejudice" as requested by Newegg. And the Final Judgment and Memorandum Opinion make clear that all requests not specifically granted are

---

[1] This point on page limits is not inconsequential. When Soverain requested extra pages for one of its post-verdict briefs, the request was denied by the Court with the admonition that page limits are to be taken seriously: "Even small extensions combine to greatly increase the number of pages of briefs the Court must digest." (Dkt. 401, May 21, 2010 Order.)

denied. (Dkt. 435 at 2; Dkt. 434 at 32.)

Newegg's latest post-verdict motions are untimely, excessive, and should be stricken for violating the Court's order of May 6th.

### B. Alternatively, Newegg's Motions Should Be Summarily Denied

Newegg claims that it does not seek to "revisit" the Court's previous rulings. *See supra* p. 2. And the motions themselves make no new arguments and present no new authorities. It is surprising to Soverain that Newegg filed them at all, for while Newegg has several times pointed to the perceived need to "preserve its positions," Newegg has never cited an authority supporting this practice or justifying the burden to the Court and Soverain imposed by these duplicative filings.

In any event, there is no need here to rebrief and reargue motions that have already been denied once, especially in view of Newegg's denial that it seeks to revisit the merits of its case.

Moreover, the tolling of the deadline for appeal under Fed. R. App. P. 4(a)(4)(A) and the consequential delay are additional reasons to dispose of these motions summarily, rather than after a lengthy briefing schedule and, possibly, oral argument. Better yet, striking the motions would eliminate the tolling problem altogether, and thus is the preferred relief sought by Soverain.

### IV. CONCLUSION

Newegg's latest motions for JMOL and new trial should be stricken. In the alternative they should be summarily denied without additional briefing or argument.

Dated: September 9, 2010                  Respectfully submitted,

                                                    /s/ Thomas L. Giannetti (with permission)
Kenneth R. Adamo
State Bar No. 00846960
Lead Attorney
Email: kradamo@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100

Thomas L. Giannetti
NY Attorney Reg. No. 1632819
Email: tlgiannetti@jonesday.com
Ognian V. Shentov
NY Attorney Reg. No. 2867737
Email: ovshentov@jonesday.com
Barry R. Satine
NY Attorney Reg. No. 1450220
Email: barryrsatine@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone: 212-326-3939
Facsimile: 212-755-7306

Jennifer Seraphine
CA Attorney Reg. No. 245463
Email: jseraphine@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104


ATTORNEYS FOR PLAINTIFF

NYI-4307471v1

**CERTIFICATE OF SERVICE**

This is to certify that on September 9, 2010, a true and correct copy of the foregoing document has been served on all counsel of record via the court's ECF system.

                                              /s/ Thomas L. Giannetti
                                              Thomas L. Giannetti

NYI-4307471v1