## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE, LLC,    ) | |
| ) | Civil Action No. 6:07-cv-00511-LED |
| Plaintiff,    ) | |
| ) | Judge Leonard Davis |
| v.    ) | |
| ) | |
| NEWEGG INC.,    ) | |
| ) | |
| Defendant.    ) | |

### MOTION OF JONES DAY TO WITHDRAW
### AS COUNSEL FOR SOVERAIN SOFTWARE, LLC

Pursuant to Local Rule AT-2 and the Rules Governing the State Bar of Texas, Jones Day hereby moves to withdraw as counsel for plaintiff Soverain Software, LLC ("Soverain") in this matter.  As set forth in the accompanying memorandum, the motion should be granted because Soverain has failed to substantially fulfill its payment obligations to Jones Day, despite repeated demands in which Jones Day has warned Soverain that withdrawal would result.

Moreover, the withdrawal will not have a material adverse effect on Soverain's interests. Soverain prevailed in the trial before this Court and the case currently is on appeal to the Federal Circuit.  Soverain's brief is not due until mid-January at the earliest, and any subsequent proceedings before this Court are many months off.  Soverain already is represented by another national law firm in another case pending before this Court that involves the same patents and issues as in this case.  Consequently, Soverain has sufficient time to retain new counsel.

- 2 -

Jones Day's motion to withdraw should be granted.

Dated: November 19, 2010                    Respectfully submitted,

  /s/  Kenneth R. Adamo
Kenneth R. Adamo
(State Bar No. 00846960)
Lead Attorney
Email: kradamo@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SOVERAIN SOFTWARE, LLC,  ) | |
| ) | Civil Action No. 6:07-cv-00511-LED |
| Plaintiff,  ) | |
| ) | Judge Leonard Davis |
| v.  ) | |
| ) | |
| NEWEGG INC.,  ) | |
| ) | |
| Defendant.  ) | |

**MEMORANDUM IN SUPPORT OF MOTION OF JONES DAY
TO WITHDRAW AS COUNSEL FOR SOVERAIN SOFTWARE, LLC**

Jones Day's motion to withdraw as counsel to Soverain Software, LLC ("Soverain") in this matter should be granted. Rule 1.15(b) of the Texas Disciplinary Rules for Professional Conduct, which governs this motion, provides that withdrawal is permitted if the client fails to substantially fulfill an obligation to the lawyer. The engagement letter between Soverain and Jones Day also expressly provides that Jones Day may terminate its representation if Soverain breaches its payment or other obligations to Jones Day.

Soverain has refused to fulfill its significant financial obligations to Jones Day despite repeated requests to do so. Jones Day has initiated the dispute resolution mechanism provided in the engagement letter, which has rendered its ongoing relationship with Soverain unreasonably difficult. Soverain's failure to fulfill its payment obligations merits withdrawal under Rule 1.15(b).

Moreover, withdrawal will not cause a material adverse effect on Soverain's interests in this litigation. Soverain prevailed at trial before this Court, and defendant Newegg Inc. has filed an appeal with the Court of Appeals for the Federal Circuit. Soverain's brief is not due until

mid-January at the earliest. Any subsequent proceedings before this Court are many months off. Soverain has another lawsuit pending before this Court involving the same patents and issues in which it is represented by another national law firm. Soverain has adequate time to retain new appellate counsel,[1] and certainly has time to retain new counsel for any future proceedings before this Court. Soverain will not be prejudiced by the withdrawal of Jones Day.

Argument

A.   The Standard for Withdrawal.

This Court has adopted the Texas Disciplinary Rules of Professional Conduct. *See* Local Rule AT-2. Rule 1.15(b) of the Texas Disciplinary Rules of Professional Conduct provides specific situations in which a lawyer has good cause to voluntarily withdraw from representation. *See* Tex. Disciplinary Rules of Prof'l Conduct 1.15(b). Rule 1.15(b) provides that an attorney may withdraw if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> * * *
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

Tex. Disciplinary Rules of Prof'l Conduct 1.15(b).

The subsections of Rule 1.15(b) are stated in the disjunctive. Thus, "withdrawal is permitted under subsection (b)(2) through (b)(7) 'even though the withdrawal may have a

---

[1] Jones Day also is filing a motion to withdraw in the appellate action.

CLI-1852560v2

material adverse effect upon the interests of the client.'" *In re Daniels*, 138 S.W.3d 31, 35 (Tex. Ct. App. 2004) (quoting Tex. Disciplinary Rules of Prof'l Conduct 1.15, cmt. 8).

Jones Day should be permitted to withdraw because Soverain has failed to substantially fulfill its obligation to pay its legal fees. Moreover, withdrawal will not have a material adverse effect on Soverain.

B.   Soverain Has Failed To Fulfill Its Obligations To Jones Day.

While Soverain and Jones Day disagree on the precise amount presently owed, there is no dispute that Soverain has failed to fulfill its obligations to pay Jones Day for its legal services. The engagement letter provides that certain deferred fees presently are owed to Jones Day. In August, Jones Day met with Soverain and advised it that if the deferred fees were not paid, Jones Day would have to withdraw. Jones Day has had multiple subsequent phone discussions and face to face meetings with Soverain regarding the non-payment of fees, yet Soverain refuses to pay Jones Day according to the terms of the engagement letter. Jones Day has provided Soverain with repeated notice that its failure to pay deferred fees will cause Jones Day to withdraw.

By failing to pay Jones Day the deferred legal fees, Soverain has failed substantially to fulfill its obligations to Jones Day, entitling Jones Day to withdraw pursuant to Rule 1.15(b)(5). *See Top Sales, Inc. v. Designer Vans, Inc.*, No. Civ. A. 3:96-CV-0721, 1997 WL 786254, at *1 (N.D. Tex. Dec. 11, 1997) (withdrawal granted for nonpayment of fees); *In re Daniels*, 138 S.W.3d at 33 (same). "A lawyer may withdraw if the client refuses, after being duly warned, to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation." Tex. Disciplinary Rules of Prof'l Conduct 1.15, cmt. 7.

- 4 -

Moreover, the terms of Soverain's Agreement with Jones Day specify that Jones Day may terminate its representation if Soverain breaches its terms. The engagement letter also provides for a dispute resolution process to resolve fee disputes through mediation. Jones Day has invoked this process and provided a list of mediators to Soverain. Pursuant to both Rule 1.15(b)(5) of the Texas Rules of Professional Conduct and the terms of the parties' Agreement, Jones Day should be permitted to withdraw due to Soverain's failure to pay Jones Day's legal fees.

In addition, Rule 1.15(b)(6) also applies. Jones Day has performed a significant amount of work for which it has not been paid. Soverain wants Jones Day to continue to work without pay, with the unspecific promise of payment at some point in the future. Forcing Jones Day to do so would result in an unreasonable financial burden. In addition, the relationship with Soverain has deteriorated such that the representation has been "rendered unreasonably difficult" by Soverain. For all of these reasons, Jones Day's motion to withdraw should be granted.

C.   Withdrawal Will Not Have A Material Adverse Effect On Soverain's Interests.

Jones Day also is entitled to withdraw pursuant to Rule 1.15(b)(1) because it will not have a material adverse effect on Soverain's interests. Soverain already has another national law firm representing it in another action pending before this Court that involves the same patents and claims at issue in this case. *Soverain Software, LLC v. J.C. Penny Corporation, Inc., et al.*, Case No. 6:09-cv-00274-LED. Soverain's brief in the Newegg appeal in the Federal Circuit is not due until mid-January at the earliest, and any future proceedings in this Court will not occur for months. Soverain has ample time to retain replacement counsel for purposes of the appeal and certainly for any subsequent proceedings before this Court. Soverain may choose its

- 5 -

existing counsel to replace Jones Day due to its familiarity with the subject matter, or it may choose another. Soverain will not be adversely impacted by Jones Day's withdrawal.

## Conclusion

For the foregoing reasons, Jones Day's motion to withdraw should be granted.

Dated: November 19, 2010				Respectfully submitted,

					 /s/ Kenneth R. Adamo
					Kenneth R. Adamo
					State Bar No. 00846960
					Lead Attorney
					Email: kradamo@jonesday.com
					JONES DAY
					2727 North Harwood Street
					Dallas, Texas 75201-1515
					Telephone: 214-220-3939
					Facsimile: 214-969-5100

\- 6 -

## Certificate of Service

This is to certify that on November 19, 2010, a copy of the foregoing was served on all counsel of record via the Court's ECF system. Also on November 19, 2010, a copy of the foregoing was sent via electronic mail and via overnight mail to the following:

Ms. Katharine A. Wolanyk, Esq.
Soverain Software LLC
233 S. Wacker Drive, Suite 9425
Chicago, Illinois  60606
wolanyk@soverain.com

Counsel for Soverain Software, LLC

/s/ Kenneth R. Adamo

CLI-1852560v2