## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE, LLC, | ) | |
| | ) | Civil Action No. 6:07-cv-00511-LED |
| Plaintiff, | ) | |
| | ) | Judge Leonard Davis |
| v. | ) | |
| | ) | |
| NEWEGG INC., | ) | |
| | ) | |
| Defendant. | ) | |

### REPLY MEMORANDUM IN SUPPORT OF MOTION OF JONES DAY
### TO WITHDRAW AS COUNSEL FOR SOVERAIN SOFTWARE, LLC

Jones Day's motion to withdraw should be granted.  The opposition filed by defendant Newegg Inc. is based upon a series of plainly incorrect assumptions.  Newegg apparently assumes that this case is pending in New York or California and not in Texas.  Newegg's brief cites authority from courts in those states and does not cite the applicable Texas Disciplinary Rule, nor does it even cite the related ABA Model Rule.  Newegg also simply assumes it has standing to oppose Jones Day's motion.  The Texas and ABA rules, however, consider prejudice to the client.  That is Soverain, and not Newegg.

Newegg wrongly assumes it will be prejudiced due to a purported delay in proceedings before this Court.  Newegg's argument, however, only mentions the Federal Circuit appeal, which has no bearing on this motion.  Newegg does not even argue that granting Jones Day's motion will cause it any delay or other prejudice in future proceedings before this Court, which may not occur for months.  Newegg finally assumes that Jones Day will not be prejudiced if its motion is denied.  The reasons cited by Newegg have no legal merit.  For all of these reasons, Newegg's arguments fail.  Jones Day's motion to withdraw should be granted.

1. <u>Newegg relies on inapposite authority, which actually supports granting Jones Day's Motion</u>.

Newegg relies upon four cases, which are from New York and California.  (Opp. at 2, 4.) None are based upon Texas Disciplinary Rule 1.15(b), which governs this motion.  None even rely upon ABA Model Rule 1.16(b), which is substantially similar to the Texas Rule.  Rather, these cases and the law they cite are based upon local rules of court that differ from the applicable Texas rule, or are based upon disciplinary rules in New York and California. Newegg's authority is inapposite.

To the extent the Court considers the cases that Newegg cites, they actually support granting Jones Day's motion.  In *Whiting v. Lacara*, 187 F.3d 317, 322 (2d Cir. 1999), the Court of Appeals for the Second Circuit reversed the trial court's denial of the motion to withdraw. *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708 (S.D. Cal. Feb. 2, 2010) (Opp. at 2), was decided under the California district court's local rule and the California Rules of Professional Conduct.  The court also granted the motion to withdraw, holding that the client's refusal to pay attorneys' fees constituted good cause.  *Id*. at *2.

The court in *Rophaiel v. Alken Murray Corp*., No. 94 CIV. 9064 (CSH), 1996 WL 306457, at *1 (S.D.N.Y. June 7, 1996) (Opp. at 2), similarly held under the applicable New York law that deliberate refusal to pay attorneys' fees is sufficient grounds to permit withdrawal. Withdrawal was not permitted because the court held that the lawyer had not shown that the client was unwilling or unable to pay.  *In re Albert*, 277 B.R. 38, 43, 48 (Bankr. S.D.N.Y. 2002) (Opp. at 2-3), is distinguishable for much the same reason that the client did not deliberately refuse to pay, but expressed his intent to pay.  In this case, however, Soverain has repeatedly refused to pay Jones Day.

- 2 -

Newegg steadfastly ignores Texas Rule 1.15(b) because the rule does not provide it with standing to oppose Jones Day's motion.  Rule 1.15(b)(1) only considers whether withdrawal will have a "materially adverse effect on the interests of the client."  Soverain is Jones Day's client, and it has not yet filed any opposition to this motion.[1]  Rule 1.15(b) expresses no concern with the interests of the opposing party, such as Newegg, nor does any other subsection of Rule 1.15(b).  Newegg's purported authority expressing concern for other litigants or delay in resolving the case comes from courts outside of Texas.  Consideration of those factors in this Court is secondary at best.

2.  Newegg is wrong to claim that there will be any delay in proceedings in this Court.

Newegg claims without any basis that it will be prejudiced if Jones Day withdraws because there will be an "unjustified delay."  (Opp. at 2.)  Newegg only cites to the appellate briefing deadlines, which might be relevant to whether the Court of Appeals for the Federal Circuit should permit Jones Day to withdraw.  That is the subject of a separate motion and not relevant to the motion filed with this Court.  Newegg has not cited any theoretical concern for delay in proceedings before this Court, which may not occur for some time.

Newegg quotes the concern raised by the court in *Whiting v. Lacara*, of granting withdrawal for nonpayment of fees "on the eve of trial."  187 F.3d at 321 (Opp. at 4).  It is not the eve of trial in this case.  The trial occurred long ago.  Newegg lost and recently has filed its appeal.  Newegg also ignores that Soverain is represented by another national law firm in another patent lawsuit before this Court involving the same patent issues.  Newegg has no credible basis to claim delay or prejudice.

---

[1] Per Local Rule CV-7(e), Soverain's opposition is due by December 6, 2010.

For the same reason, Newegg's reliance on Soverain's opposition to Newegg's failed motion to exclude Jones Day (ECF No. 327) is meritless.  (Opp. at 3.)  Newegg claimed a conflict based upon Jones Day's hiring of a partner in California from another firm.  In opposing that motion, Soverain rightly argued that disqualifying Jones Day on the eve of trial would cause prejudice.  That trial is over and the judgment is on appeal to the Federal Circuit.  Newegg's arguments based upon its motion to disqualify are irrelevant.  That motion is useful only because it demonstrates that Newegg correctly relied on the Texas disciplinary rules and the ABA Model Rules.  ECF No. 324 at 5-11.  The same apply equally to this motion, notwithstanding Newegg's exclusive reliance on irrelevant California and New York law.

3.  <u>Jones Day will be prejudiced absent withdrawal</u>.

Unlike Newegg, Jones Day will be prejudiced if its motion is not granted.  Newegg complains about the adequacy of Jones Day's motion, citing only to New York authority in which litigants failed to provide evidence specifically requested by those courts.  Soverain has not as yet opposed Jones Day's motion.  If the Court requires additional evidence, it will be provided.

Newegg's arguments about the lack of prejudice to Jones Day also are invalid.  The funds previously paid to Jones Day (Opp. at 5) are irrelevant to whether Soverain has wrongfully refused to pay Jones Day a significant amount of money.  Also irrelevant are the gross fees Jones Day supposedly earned as a firm in 2009.  (*Id.*)  The only issue under Texas Rule 1.15(b)(5) is that Soverain has failed to fulfill its obligations to Jones Day.  The rule does not provide that large law firms are required to work for free, but small law firms are not.

Newegg also is wrong that the Texas cases cited by Jones Day permitted withdrawal only if nonpayment of fees is "coupled with other aggravating factors."  (Opp. at 5.)  Texas Rule

1.15(b)(5) is clear that a client's failure to fulfill its obligations is a ground for withdrawal.  In *Top Sales, Inc. v. Designer Vans, Inc*., No. Civ. A. 3:96-CV-0721, 1997 WL 786254, at *1 (N.D Tex. Dec. 11, 1997), the Court's holding was explicit:  "Because DVI did not substantially fulfill its obligation to pay Hill's fee as agreed, and has been given reasonable warning that Hill will withdraw unless the obligation is fulfilled, the court holds that Hill's motion should be granted."  No "aggravating factor" was required.

Nor does the court's reference to additional grounds for withdrawal in *Daniels* establish that multiple grounds are needed.  Rule 1.15(b) is worded in the disjunctive; withdrawal is permitted if one is met.  138 S.W.3d 31, 35 (Tex. Ct. App. 2004).  In this case, Jones Day should be permitted to withdraw both because its withdrawal will not have a material adverse effect on Soverain's interests, and because Soverain has breached its obligations to Jones Day.

<u>Conclusion</u>

For the foregoing reasons, Jones Day's motion to withdraw should be granted.

Dated: December 6, 2010                                   Respectfully submitted,

                                            <u>/s/ Kenneth R. Adamo</u>
                                            Kenneth R. Adamo
                                            State Bar No. 00846960
                                            Lead Attorney
                                            Email: kradamo@jonesday.com
                                            JONES DAY
                                            2727 North Harwood Street
                                            Dallas, Texas 75201-1515
                                            Telephone: 214-220-3939
                                            Facsimile: 214-969-5100

CLI-1855445v1

**<u>Certificate of Service</u>**

This is to certify that on December 6, 2010, a copy of the foregoing was served on all counsel of record via the Court's ECF system.  Also on December 6, 2010, a copy of the foregoing was sent via electronic mail and via overnight mail to the following:

Ms. Katharine A. Wolanyk, Esq.
Soverain Software LLC
233 South Wacker Drive, Suite 9425
Chicago, Illinois  60606
wolanyk@soverain.com

Counsel for Soverain Software, LLC

/s/ Kenneth R. Adamo

CLI-1855445v1