UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, | ) |
| Plaintiff, | ) Civil Action No. 6:07-cv-00511-LED |
| v. | ) Hon. Leonard E. Davis |
| NEWEGG INC., | ) |
| Defendant. | ) |

**Opposition of Soverain Software LLC, *Pro Se*,
To Jones Day's Motion To Withdraw As Its Counsel**

Contrary to Jones Day's statements in its motion to withdraw as Soverain Software LLC's ("Soverain") counsel, Soverain has not breached its payment or any other obligation to Jones Day under the parties' retainer agreement. Soverain has paid all amounts currently owed to Jones Day to date under their retainer agreement and for other work they have performed. During their 7-year attorney-client relationship, Soverain has paid many millions to Jones Day.

Jones Day and Soverain disagree over the interpretation of the retainer agreement and whether any additional amounts are *now* due thereunder. Because of the disagreement, the parties have initiated the dispute resolution process as provided under their retainer agreement. However, rather than continue their representation of Soverain, Jones Day requests permission to abandon Soverain before a recommendation has been made by the mediator as to how the parties should resolve their disagreement.

Jones Day contends that their withdrawal will not materially harm Soverain because another national law firm represents its interests in a similar matter pending in the Eastern District of Texas. On the contrary, Jones Day's withdrawal will have a material adverse

effect on Soverain. The *Newegg* litigation has been pending for three (3) years and the trial lasted five (5) days. While Soverain has other counsel in a patent infringement case involving other defendants using different technologies, new counsel could not represent Soverain's interests on this appeal as timely and cost-effectively as Jones Day.

The *Newegg* litigation is complex, the record is voluminous and many materials are under seal and subject to confidentiality restraints. As our counsel for the past seven years, Jones Day best knows Soverain's business and patented technology. Further, as Newegg notes in its opposition to Jones Day's motion to withdraw, Jones Day has previously and accurately stated that Soverain would be prejudiced if they no longer represented Soverain. Jones Day knows the record, the facts, and the trial proceedings as no new counsel could realistically hope to achieve, even with many months of review and at substantial cost to Soverain. This prejudice is compounded in light of the fact that the case is due to return to this Court for a new trial on damages for Newegg's infringement of the '639 patent. Without the benefit of counsel that actually tried the case the first time, Soverain will need to spend significantly more time and money to get new counsel up to speed on facts and issues that Jones Day is intimately familiar with and knowledgeable about.

Jones Day's motion to withdraw was a surprise. Until November 19, the day the motion was filed, Soverain was actively trying to resolve the disagreement over the interpretation of the retainer agreement. Soverain maintains that Jones Day has not demonstrated good cause to withdraw and does *not* meet any of the provisions for withdrawal under Rule 1.15(b) of the Texas Disciplinary Rules of Professional Conduct. Soverain and Jones Day are pursuing mediation in a further effort to resolve their disagreement, as provided under the retainer agreement.

## Conclusion

Jones Day will not be harmed by continuing to represent Soverain in this matter. In contrast, both Soverain and Newegg will be harmed if Jones Day were allowed to withdraw. Accordingly, Soverain asks the Court to deny their motion.

Dated: December 6, 2010

                                          SOVERAIN SOFTWARE LLC
                                        *Pro Se*

By: _____
                         Katharine Wolanyk

President & Chief Legal Officer
233 S. Wacker Drive, Suite 9425
Chicago, Illinois 60606
Telephone: 312-258-8101
Facsimile: 312-253-4909
Email: wolanyk@soverain.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being hereby served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3), or via e-mail, on December 6, 1010.  All other counsel of record will be served via facsimile or first class mail.

*[signature]*