**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| SOVERAIN SOFTWARE, LLC, | ) | |
| | ) | Civil Action No. 6:07-cv-00511-LED |
| Plaintiff, | ) | |
| | ) | Judge Leonard Davis |
| v. | ) | |
| | ) | |
| NEWEGG INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF JONES DAY**
**TO WITHDRAW AS COUNSEL FOR SOVERAIN SOFTWARE, LLC**

Jones Day's motion to withdraw should be granted. The opposition filed by Soverain Software, LLC ("Soverain") (ECF No. 455) cites no legal authority and simply parrots the opposition previously filed by defendant Newegg Inc. (ECF No. 453.) Soverain's arguments are as equally without merit as those raised by Newegg.

Soverain argues that it has not breached its agreement with Jones Day and points to the parties' dispute resolution process. (ECF No. 455 at 1.) Soverain is wrong. It has not paid Jones Day the fees owed, nor does it dispute that it has not paid Jones Day, claiming instead that money is not "currently owed." *Id.* That Soverain has paid Jones Day some of the money owed for work done during the past seven years is irrelevant. Soverain has refused to pay Jones Day and has failed to substantially fulfill its obligations to Jones Day.

There is no basis for Soverain to argue that this Court need to first wait for a "recommendation . . . by the mediator as to how the parties should resolve their disagreement." *Id.* The mediation may result in a resolution, or the dispute may proceed to arbitration, but that process is no reason to delay this Court ruling on Jones Day's motion to withdraw.

CLI-1859643v1

The dispute resolution process cited by Soverain is significant, however, because it demonstrates that another provision of Texas Disciplinary Rules of Professional Conduct 1.15(b) applies.  As evidenced by the adversary proceedings, Jones Day's relationship with Soverain has deteriorated such that the representation has been "rendered unreasonably difficult" by Soverain. Tex. Disciplinary Rules of Prof'l Conduct 1.15(b)(6).  Soverain does not dispute that the Rule 1.15(b) applies, or that it is worded in the disjunctive.  Thus, if any one of its provisions applies, the Court can grant Jones Day's motion.  *In re Daniels*, 138 S.W.3d 31, 35 (Tex. Ct. App. 2004). Withdrawal is proper under both because Soverain has not fulfilled its obligations to Jones Day, and because the representation has been rendered unreasonably difficult.

Withdrawal also is proper under Rule 1.15(b)(1), because it will not have a materially adverse effect on Soverain.  As did Newegg, Soverain points to the appeal in the Federal Circuit as its evidence of prejudice.  (ECF No. 455 at 2.)  That is the subject of a separate motion and not relevant to the motion filed with this Court.  Soverain argues only that the other national law firm representing it in a patent matter before this Court cannot represent it in its appeal "as timely and cost-effectively as Jones Day."  Any future proceedings before this Court may not occur for "many months," as Soverain seems to admit, and thus timeliness is not a concern.  Soverain does not contend that its other national law firm cannot learn the facts and issues, only that because the record is "complex" and "voluminous", it will cost Soverain "more time and money to get new counsel up to speed."  *Id*.  It likely is true that Soverain actually will have to pay replacement counsel, which undoubtedly will not be as "cost effective" has having Jones Day work for free.  Paying for services rendered, however, hardly constitutes "prejudice" to Soverain.

Soverain's repetition of Newegg's citation to Soverain's opposition to Newegg's failed motion to exclude Jones Day (ECF No. 327) is meritless.  (ECF No. 455 at 2.)  In opposing the

motion to exclude, Soverain rightly argued that disqualifying Jones Day on the eve of trial would cause it prejudice.  That trial is over and the judgment is on appeal to the Federal Circuit.  Any arguments based upon the motion to disqualify are irrelevant.

Soverain's final argument that Jones Day's motion "was a surprise" is a fabrication. Jones Day has communicated with Soverain for months and demanded payment, which Soverain refused.  As far back as August, Jones Day advised Soverain that if it did not pay, Jones Day would have to withdraw.  Soverain does not dispute the chronology provided by Jones Day, because it cannot.

Conclusion

For the foregoing reasons, Jones Day's motion to withdraw should be granted.

Dated: December 14, 2010                          Respectfully submitted,

                                                   /s/ Kenneth R. Adamo
                                                  Kenneth R. Adamo
                                                  State Bar No. 00846960
                                                  Lead Attorney
                                                  Email: kradamo@jonesday.com
                                                  JONES DAY
                                                  2727 North Harwood Street
                                                  Dallas, Texas 75201-1515
                                                  Telephone: 214-220-3939
                                                  Facsimile: 214-969-5100

CLI-1859643v1

**<u>Certificate of Service</u>**

This is to certify that on December 14, 2010, a copy of the foregoing was served on all counsel of record via the Court's ECF system.  Also on December 14, 2010, a copy of the foregoing was sent via electronic mail and via overnight mail to the following:

Ms. Katharine A. Wolanyk, Esq.
Soverain Software LLC
233 South Wacker Drive, Suite 9425
Chicago, Illinois  60606
wolanyk@soverain.com

Counsel for Soverain Software, LLC

/s/ Kenneth R. Adamo

CLI-1859643v1