# United States Court of Appeals
# for the Federal Circuit

———————————————

**SOVERAIN SOFTWARE LLC,**
*Plaintiff-Appellee,*

**v.**

**NEWEGG INC.,**
*Defendant-Appellant.*

———————————————

2011-1009

———————————————

Appeal from the United States District Court for the Eastern District of Texas in case no. 07-CV-0511, Judge Leonard Davis.

———————————————

Decided: September 4, 2013

———————————————

SETH P. WAXMAN, Wilmer Cutler Pickering Hale and Dorr LLP, of Washington, DC, filed a combined petition for panel rehearing and rehearing en banc and a supplemental brief for plaintiff-appellee.  With him on the petition and supplemental brief were THOMAS SAUNDERS and MEGAN BARBERO; DAVID NELSON and ROBERT B. WILSON, Quinn Emanuel Urquhart & Sullivan, LLP, of New York, New York; DANIEL H. BROMBERG, of Redwood Shores, California; ROBERT GREENE STERNE, JON E. WRIGHT, and SALVADOR M. BEZOS, Sterne, Kessler, Goldstein & Fox, of Washington, DC.

EDWARD R. REINES, Weil Gotshal & Manges LLP, of Redwood Shores, California, filed a response to the combined petition for rehearing and a supplemental brief for defendant-appellant.  With him on the response and supplemental brief were KEVIN M. FONG, Pillsbury Winthrop Shaw Pittman, LLP, of San Francisco, California; KENT E. BALDAUF, JR. and DAVID C. HANSON, The Webb Law Firm, of Pittsburgh, Pennsylvania.

———————————

## ON PETITION FOR REHEARING

———————————

Before NEWMAN, PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

Rehearing is granted for the purpose of clarification of the court's rulings with respect to claims 34 and 35 of Patent No. 5,715,314.  At *Soverain Software LLC v. Newegg, Inc.*, 705 F.3d 1333, 1337 (Fed. Cir. 2013), the court held that claim 34 was representative of the "shopping cart" claims in litigation.  The parties requested rehearing, pointing out that although claim 34 was the subject of litigation of the shopping cart claims, the district court's judgment referred to claim 35, not claim 34.  This court granted rehearing, to assure that the claims at issue in this litigation were adequately and fairly assessed at trial and on appeal.  Since claim 35 had not been briefed or argued on the appeal, we requested supplemental briefing on the following two aspects:

1.  The treatment at trial of the additional limitation in claim 35.

2.  Whether claim 34 was treated as, or is properly deemed "representative" of the shopping cart claims including claim 35.

*Soverain Software LLC v. Newegg Inc.,* 2011-1009, 2013 WL 2631445 (Fed. Cir. June 13, 2013).  The court received briefs from each of Soverain and Newegg on June 24, 2013, and responses on July 9, 2013.  We have considered the issues with respect to claim 35, based on the parties' initial briefing and arguments and in light of the supplemental briefing.

## DISCUSSION

The claims at issue are as follows:

34. A network-based sales system, comprising:

at least one buyer computer for operation by a user desiring to buy products;

at least one shopping cart computer; and

a shopping cart database connected to said shopping cart computer;

said buyer computer and said shopping cart computer being interconnected by a computer network;

said buyer computer being programmed to receive a plurality of requests from a user to add a plurality of respective products to a shopping cart in said shopping cart database, and, in response to said requests to add said products, to send a plurality of respective shopping cart messages to said shopping cart computer each of which comprises a product identifier identifying one of said plurality of products;

said shopping cart computer being programmed to receive said plurality of shopping cart messages, to modify said shopping cart in said shopping cart database to reflect said plurality of requests to add said plurality of products to said shopping cart, and to cause a payment

message associated with said shopping cart to be created; and

said buyer computer being programmed to receive a request from said user to purchase said plurality of products added to said shopping cart and to cause said payment message to be activated to initiate a payment transaction for said plurality of products added to said shopping cart;

said shopping cart database being a database of stored representations of collections of products, and said shopping cart computer being a computer that modifies said stored representations of collections of products in said database.

35. A network-based sales system in accordance with claim 34, wherein said shopping cart computer is programmed to cause said payment message to be created before said buyer computer causes said payment message to be activated.

The district court, criticizing Newegg's evidence on the issue of obviousness, removed that issue from the jury and decided it as a matter of law. The district court directed its substantive analysis to limitations in claim 34; *e.g.*, *Soverain Software LLC v. Newegg Inc.*, 836 F. Supp. 2d 463, 478–79 (E.D. Tex. 2010) (discussing expert testimony on limitations of claim 34); and discussed the issue of infringement with respect to limitations in claim 34, *e.g., id.* at 468 ("Newegg first argues that there was no legally sufficient evidence from which a reasonable jury could conclude that the accused Newegg system meets all the limitations of independent claim 34 of the '314 patent . . . ."). The district court did not mention any limitation of claim 35 in its discussion of either validity or infringement.

SOVERAIN SOFTWARE v. NEWEGG                    5

On the appeal, the parties again focused their presentations and argument solely on claim 34. Newegg's brief stated that Soverain "asserted" claim 34, and also that claim 34 is "representative of the shopping cart claims." Newegg Br. 6. Soverain neither objected to nor corrected this recitation. The parties cited the evidentiary record, discussed the prior art (primarily the CompuServe Mall system) and argued the district court's decision to remove the question of obviousness from the jury. Claim 35 was not briefed on this appeal, and was not mentioned in the argument of the appeal. Soverain's brief stated that claim 35 was in suit, but did not discuss the specific limitation in that claim, while extensively discussing the limitations of claim 34. At oral argument the parties argued claim 34, and did not mention claim 35. This court treated claim 34 as "representative" of the shopping cart claims in suit, and held claim 34 invalid on the ground of obviousness.

Both sides requested rehearing to resolve any confusion as to the status of these claims. We invited the parties to provide information beyond that which they had previously presented. In their supplemental briefs the parties discuss the testimony of Newegg's expert witness Mr. Tittel on the CompuServe Mall prior art with respect to the "payment" limitation of claim 35:

Q. Was this screen [summarizing the customer's payment selections] created by the server before it was displayed?

A. Of course it was.

Q. After it was displayed, could it be accepted or activated?

A. Yes.

Trial Tr. 66 ll.7–12, ECF No. 394 (brackets in Soverain's Br.).

Soverain states that this evidence is inadequate to impart invalidity to claim 35.  Newegg responds that there was no cross-examination on this aspect, and points out that in its supplemental briefing Soverain does not provide additional relevant citations or argument. Newegg states that no issue distinguishing the obviousness of claim 35 from that of claim 34 was presented at the district court or on this appeal, citing *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1359 (Fed. Cir. 2000) (issues not raised with respect to dependent claims are deemed waived).

On the question of whether the payment step of claim 35 was embodied in the prior art CompuServe Mall, no contrary argument is here proffered.  Soverain devotes most of its supplemental briefing to reargument of issues resolved in the court's prior opinion, especially relating to the terms "product identifier" and "shopping cart database."  We discern no basis for departing from the court's analysis in its prior opinion.  *See, e.g.*, 705 F.3d at 1339 ("The distinction proposed by Dr. Shamos and advanced by Soverain is not embodied in the claims and not reflected in the claim construction.").

In its supplemental briefing Soverain does not direct attention to any evidence in contradiction to the testimony of Newegg's expert as to the content of claim 35.  There was no genuine factual dispute that the payment element, set forth in claim 35, is present in the prior art CompuServe Mall.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (factual dispute only "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party).

Claim 35 was not separately argued to the district court.  When a dependent claim and the independent claim it incorporates are not separately argued, precedent guides that absent some effort at distinction, the claims rise or fall together.  *See, Gardner v. TEC Sys., Inc.*, 725 F.2d 1338, 1350 (Fed. Cir. 1984) (en banc) ("Gardner has

not argued the validity of the remaining claims in suit, claims 3, 4, and 8, apart from the validity of claim 1, from which they depend.  We cannot discern for ourselves any independent basis for their validity.  We therefore affirm the holding of invalidity of these claims as well."); *see also SIBIA Neurosciences*, 225 F.3d at 1359 ("in this appeal, SIBIA has failed to argue the validity of the dependent claims separately from the validity of claim 1.  Thus, these claims do not stand on their own, and given our determination that claim 1 is invalid, the remaining dependent claims must fall as well.").

On this rehearing, Soverain has not provided any new information concerning the specific limitation of claim 35. The inclusion of an additional known element from a similar system, as set forth in claim 35, is subject to review on established principles, as summarized in *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398, 417 (2007) (an unobvious combination must be "more than the predictable use of prior art elements according to their established functions").  The supplemental briefing reinforces the absence of dispute that that the element in claim 35 is in the CompuServe Mall prior art.

On consideration of the additional briefing and arguments, we confirm that claim 34 is representative of the "shopping cart" claims, including claim 35, and conclude that dependent claim 35 is invalid on the ground of obviousness.  The court's judgment is amended accordingly.

**REHEARING GRANTED; JUDGMENT AMENDED**