## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **SOVERAIN SOFTWARE LLC,**<br>  Plaintiff<br><br>v.<br><br>**NEWEGG INC.,**<br>**Defendant** | **CASE NO. 6:07-CV-511-LED**<br><br>**JURY DEMANDED**<br><br>**Electronically filed** |

## DEFENDANT NEWEGG INC.'S AGREED MOTION FOR BILL OF COSTS

The Court of Appeals for the Federal Circuit having entered judgment in favor of Defendant Newegg, Inc. ("Newegg") and against plaintiff Soverain Software LLC. ("Soverain") on January 22, 2013, *Soverain Software LLC v. Newegg Inc.*, 705 F.3d 1333 (Fed. Cir. 2013) and September 4, 2013, *Soverain Software LLC v. Newegg Inc.*, 2011-1009, 2013 WL 4733819 (Fed. Cir. Sept. 4, 2013), with a mandate issued on September 11, 2013 (Docket 462), and the Supreme Court of the United States having denied Sovereins petition for writ of *certiorari*, *Soverain Software LLC v. Newegg Inc.*, 13-477, 2014 WL 102440 (U.S. Jan. 13, 2014), Newegg hereby moves the Clerk for the taxation of costs as set forth in the Bill of Costs. Newegg has met and conferred with Soverain concerning this Bill of Costs, and Soverain agrees to Newegg's Bill of Costs in all parts.

The costs itemized below constitute taxable costs which were reasonably and necessarily incurred by Newegg in this case. Newegg's AO 133 Bill of Costs is attached hereto as Exhibit A. A declaration in support of the correctness and necessity of these costs is attached hereto as Exhibit B. Exhibits B1-B5 to that declaration contain true and correct copies of the documents and invoices substantiating these costs.

### I.     APPLICABLE LAW

Under Federal Rule of Civil Procedure 54(d), costs are to be awarded to the prevailing party. The Federal Circuit having entered judgment in favor of Newegg and the Supreme Court of the United States having denied Soverain's petition for *certiorari*, Newegg is the prevailing party. Under 28 U.S.C. § 1920, a court may tax the following as "costs": (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5)

docket fees; and (6) compensation of court appointed experts. See 28 U.S.C. § 1920. Moreover, 28 U.S.C. § 1821(b) provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance." Additionally, "[a] subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance . . . ." 28 U.S.C. § 1821(d)(1).

## II. CONCLUSION

Accordingly, Newegg respectfully requests taxation of $60,507.32 in costs against Soverain. Soverain has agreed to this Bill of Costs in all parts.

Dated: February 10, 2014

Respectfully submitted,

THE WEBB LAW FIRM

By: *s/ Kent. E. Baldauf, Jr.*
David C. Hanson
Kent E. Baldauf, Jr.
John W. McIlvaine

One Gateway Center
420 Ft. Duquesne Boulevard
Suite 1200
Pittsburgh, PA 15222
T: (412) 471-8815
F: (412) 471-4094

Trey Yarbrough
Texas Bar No. 22133500
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Tel: (903) 595-3111
Fax: (903) 595-0191

**ATTORNEYS FOR NEWEGG INC.**

## CERTIFICATE OF SERVICE

This is to certify that on February 10, 2014, a true and correct copy of the foregoing document was served on all counsel of record via the Court's ECF system.

*s/ Kent. E. Baldauf, Jr.*
Attorney for Newegg Inc.

## CERTIFICATE OF CONFERENCE

This is to certify that the parties have met and conferred regarding the subject matter of this motion as required by Local Rule CV-7(h), Local Rule CV-54, and this Court's Standing Order Regarding Bills of Costs. An agreement was reached and the parties have agreed to the above-described Motion for Agreed Bill of Costs.

*s/ Kent. E. Baldauf, Jr.*
Attorney for Newegg Inc.
